Andrew G. Deiss (USB 7184)
David Ferguson (USB 16043)
Corey Riley (USB 16935)
DEISS LAW, P.C.
10 W 100 S Suite 700,
Salt Lake City, UT 84101
Tel: (801) 433-0226
deiss@deisslaw.com
dferguson@deisslaw.com
criley@deisslaw.com
*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE STATE OF UTAH**

| | |
|---|---|
| ROBERT RYAN JOHNSON, as Executor and Representative of the Estate of Terrence Blair Hunter,<br><br>**Plaintiff,**<br><br>v.<br><br>STANDARD REGISTRAR & TRANSFER COMPANY, INC., a Utah Corporation;<br><br>**Defendants.** | **COMPLAINT**<br><br>Case No. 2:22-cv-591-DAO<br><br>Magistrate Judge Daphne A. Oberg |

Pursuant to Rule 17(a)(1) of the Federal Rules of Civil procedure, Plaintiff Robert Ryan Johnson ("Johnson"), as the executor and representative of the Estate of Terrence Blair Hunter ("Estate"), through Plaintiff's counsel of record, DEISS LAW, P.C., hereby complains against Defendant Standard Registrar and Transfer Company, Inc. ("SRTC") as follows.

**NATURE OF THE DISPUTE**

1. By this action, the Estate, seeks to recover damages from Defendant's improper and unauthorized transfer of Terrance Blair Hunter's ("Hunter") millions of shares of Rainforest

1

Resources, Inc. ("Rainforest Resources") that belonged to Hunter and/or were held in trust for Hunter's benefit.

2. Between 2016 and September of 2019, including days before Hunter's death, SRTC executed transactions transferring millions of Hunter's shares in Rainforest Resources to other parties without proper right or authorization. Because SRTC was at all relevant times the transfer agent responsible for executing and recording Rainforest Resources stock transactions, SRTC is now liable to pay damages fully compensating the Estate for these transactions.

## PARTIES

3. Plaintiff Robert Ryan Johnson is Canadian citizen who resides in Vancouver, British Columbia, Canada. Plaintiff is the executor of the Estate.

4. Standard Registrar & Transfer Company, Inc. is a transfer agent and a Utah corporation based in Salt Lake City, Utah.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this matter, based in diversity, under 28 U.S. Code § 1332.

   a. Under §1332(a)(2), a citizen of a foreign state may bring a suit against the citizen of a State. Johnson is domiciled in British Columbia, Canada.

      i. The Estate of Terrence Hunter is, for purposes of federal actions, domiciled in Mexico where Hunter was a resident when he died.

      ii. SRTC is incorporated in Utah and has its principal place of business in Salt Lake County, Utah.

   b. The amount in controversy is greater than $75,000.

6. Venue is appropriate under 28 U.S. Code § 1391 because Defendant SRTC is a corporation and has its principal office and a place of business within Salt Lake County

## GENERAL ALLEGATIONS
### Plaintiff's Authority as Executor

7. Johnson and Hunter were close friends who developed a business relationship with each other and overtime began to think of each other as family.

8. While Johnson lived in Canada, and Hunter lived in Mexico the two friends stayed in close contact and would frequently visit each other.

9. In August of 2017, Hunter's health began to deteriorate.

10. Hunter's health continued to greatly decline into August of 2019. In late-August 2019 Hunter traveled from Mexico to Vancouver, Canada, for the purpose of securing medical assistance in dying, a practice that is illegal in Mexico but allowed under Canadian law and the law of the Province of British Columbia.

11. Soon after arriving, Hunter was taken to a local hospital in Richmond, British Columbia.

12. On September 1, 2019, Hunter executed a will, which was duly witnessed and notarized, appointing Johnson as the sole executor and beneficiary of the Estate. A true and correct copy of this will is attached hereto as **Exhibit A**.

13. Hunter died two days later, on September 3, 2019.

14. On August 7, 2020, Johnson probated Hunter's will appointing Johnson as the executor of Hunter's estate in Quintana Roo, Mexico. A true and correct copy of the Mexican probate documentation translated by the Mexican authorities into English is attached hereto as **Exhibit B**.

15. Subsequently, on October 26, 2021, Johnson obtained a probate order from the Supreme Court of British Columbia, Canada, granting Johnson powers as the administrator of the Estate as to any properties located in British Columbia, Canada. A true and correct copy of the relevant Canadian probate order is attached hereto as **Exhibit C**.

16. On November 22, 2021, Hunter's will was informally probated in Utah by court order, appointing Johnson as the estate's personal representative under Utah law. A true and correct copy of this court order is attached hereto as **Exhibit D.**

### Hunter's Stock Interests and SRTC's Wrongful Transfers

17. Hunter owned more than 15,000,000 shares of Rainforest Resources, Inc. common stock as of the beginning of 2016.

18. Hunter did not sell these shares during the remainder of his life, nor did Hunter receive any pecuniary benefit for relinquishing any of Hunter's shares in Rainforest Resources.

19. Nevertheless, between May of 2016 and September of 2019 (mere days before or after Hunter's death), SRTC registered transfers of more than 15 million shares of Hunter's common stock to other people.

20. These transfers were not done by Hunter or authorized by Hunter.

21. Moreover, in around August and September of 2019, after Hunter had been admitted to a hospital in Richmond, British Columbia, and around the time of Hunter's death, 630,000 shares of Hunter's Rainforest Resources stock were transferred without authorization from Mexico.

22. After Hunter's passing, while managing Hunter's estate in preparation for probate, Johnson discovered that these unauthorized transfers had occurred.

**SRTC's Refusal to Relinquish Relevant Transfer Documentation to Johnson**

23. Johnson requested SRTC to provide Johnson (as executor of Hunter's estate) with any information and documentation in SRTC's possession, custody, or control reflecting Hunter's Rainforest Resources historical stock interests and any transfers of Hunter's Rainforest Resources stock shares.

24. SRTC refused to provide such information and documentation.

25. Rainforest Resources, through John Dolkart, sent SRTC an email requesting that SRTC provide Johnson, as executor of Hunter's estate, with the any records concerning Hunter's Rainforest Resources stock interests and any transfer of those interests.

26. SRTC again refused to provide such information and documentation.

27. Rainforest Resources, through Christopher Penderok, sent a follow up email to SRTC authorizing SRTC to release "information about Terry Hunter's shares which were potential fraudulent transfers."

28. SRTC again refused to provide such information and documentation.

29. Subsequent demands from Johnson's legal counsel met the same result; SRTC stonewalled and refused to provide the requested information.

30. To date, SRTC continues to refuse Johnson's requests for complete information and documentation as to Hunter's stock interests, including the relevant transfer requests, instructions, and authorizations (apparently made on Hunter's purported behalf, but absent Hunter's actual authorization). SRTC has continued to maintain that Johnson is not the lawful executor of the Estate, notwithstanding the fact that Hunter's will providing Johnson with this

authority has now been probated in Mexico (where Hunter had lived for decades prior to his death), British Columbia, and Utah. Moreover, Rainforest Resources—the company for which SRTC acted as transfer agent—has expressly authorized SRTC to release such information and documentation to Johnson.

## FIRST CAUSE OF ACTION
### Violation of Utah Code §§ 70A-8-404 & 70A-8-407

31. Plaintiff incorporates all paragraphs above as if fully set forth herein.

32. SRTC unlawfully transferred Hunter's shares (including shares held by trusts and other entities owned by Hunter) of Rainforest Resources pursuant to an ineffective indorsement or instruction, in violation of Utah Code §§ 70A-8-404 and 70A-8-407.

33. Plaintiff, as the executor of the Estate, is accordingly entitled to an award of damages in an amount to be proven at trial, the value of which exceed $75,000, along with fees and punitive damages as allowed by law.

## SECOND CAUSE OF ACTION
### Negligence

34. Plaintiff incorporates all paragraphs above as if fully set forth herein.

35. SRTC owed a duty to Hunter of reasonable care, defined pursuant to industry standards, in processing any transfer of Hunter's Rainforest Resources shares pursuant to transfer instructions on Hunter's purported behalf.

36. SRTC also owed Hunter a duty of reasonable care as expressed in statute under Utah Code §§ 70A-8-401, *et seq.*, in processing any transfer of Hunter's Rainforest Resources shares pursuant to transfer instructions on Hunter's purported behalf.

37. On information and belief, SRTC failed to discharge its duty to act with reasonable care, and negligently accepted forged and defective transfer instructions resulting in the unauthorized transfer of over 15 million of Hunter's Rainforest Resources common stock shares.

38. Hunter was proximately harmed by SRTC's negligence and suffered damages in an amount to be proven at trial. Johnson, as the executor of Hunter's estate, is entitled to recover these damages on behalf of Hunter's estate.

### THIRD CAUSE OF ACTION
### Gross Negligence

39. Plaintiff incorporates all paragraphs above as if fully set forth herein.

40. SRTC owed a duty to Hunter of reasonable care, defined pursuant to industry standards as well as in Utah Code §§ 70A-8-401, *et seq*, in processing any transfer of Hunter's Rainforest Resources shares pursuant to transfer instructions on Hunter's purported behalf.

41. On information and belief, SRTC failed to discharge its duty to act with reasonable care, and negligently accepted forged and defective transfer instructions resulting in the unauthorized transfer of over 15 million of Hunter's Rainforest Resources common stock shares.

42. SRTC's failure to discharge its duty by following industry standards and their own quality guarantees was careless (and also reckless) to the degree that it showed utter indifference to protecting Hunter's interest in his stocks.

43. Hunter was proximately harmed by SRTC's gross negligence and suffered damages in an amount to be proven at trial. Johnson, as the executor of Hunter's estate, is

entitled to recover these damages on behalf of Hunter's estate, along with fees and punitive damages as allowed by law.

## FOURTH CAUSE OF ACTION
### Breach of Fiduciary Duties

44. Plaintiff incorporates all paragraphs above as if fully set forth herein.

45. SRTC owed Hunter fiduciary duties as recognized by industry standards as well as Utah Code §§ 70A-8-401, *et seq.*, by being the transfer agent who is responsible to ensure that adequate safeguards have been followed to minimize the risk of an illegal transfer.

46. On information and belief, SRTC failed to discharge its duties, accepting forged and defective transfer instructions resulting in the unauthorized transfer of over 15 million of Hunter's Rainforest Resources common stock shares.

47. Hunter was harmed by SRTC's breach and suffered damages in an amount to be proven at trial. Johnson, as the executor of Hunter's estate, is entitled to recover these damages on behalf of Hunter's estate. along with fees and punitive damages as allowed by law.

## FIFTH CAUSE OF ACTION
### Trespass to Chattels and Conversion

48. Plaintiff incorporates all paragraphs above as if fully set forth herein.

49. Hunter did not consent to SRTC transferring his Rainforest Resources common stock shares.

50. On information and belief, SRTC was aware of its obligations to ensure that the requested transfers actually came from Hunter and did not follow those standards.

51. On information and belief, SRTC intentionally transferred the stocks based on the request of an imposter without taking adequate steps to verify the legitimacy of the request.

52. The transfer deprived Hunter of his possession of the Rainforest Resources common stocks.

53. Moreover, the trespass and conversion were reckless because SRTC failed to follow industry standards that SRTC purports to follow in making this transfer occur.

54. Hunter was proximately harmed by SRTC's unlawful trespass and conversion and suffered damages in an amount to be proven at trial. Johnson, as the executor of Hunter's estate, is entitled to recover these damages on behalf of Hunter's estate, along with fees and punitive damages as allowed by law.

## SIXTH CAUSE OF ACTION
### Unjust Enrichment

55. Plaintiff incorporates all paragraphs above as if fully set forth herein.

56. SRTC acquires fees for transferring stocks between parties, obtaining this benefit by virtue of being the agent to transfer stocks on behalf of a person.

57. Because SRTC unlawfully transferred Hunter's stocks, it should not retain fees that were obtained through that illegal and unauthorized transfer.

58. Because Hunter was harmed by SRTC's unlawful transfer, the unjustly received gains should be disgorged to Hunter. Johnson, as the executor of Hunter's estate, is entitled to recover these damages on behalf of Hunter's estate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

1. Judgment in favor of Plaintiff and against Defendant on all causes of action in an amount to be proven at trial.

2. Money damages in an amount to be proven at trial;

3. Pre- and post-judgment interest;

4. Punitive damages;

5. Attorney fees as allowed by law;

6. For such other and further relief as the Court deems just and appropriate.

DATED this Monday, September 12, 2022.

                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                               DEISS LAW, P.C.

                                                  _/s/ David Ferguson_
                                                  Andrew G. Deiss
David Ferguson
Corey Riley

*Attorneys for Plaintiff*

10