# Plaintiff's Exhibit D

| | |
|---|---|
| The Order of the Court is stated below: | |
| Dated: November 22, 2021<br>11:17:50 AM | At the direction of:<br>/s/ ROBERT FAUST<br>District Court Judge |
| by | /s/ KATIE JOHNSON<br>District Court Clerk |

Mark Woodbury (14373)
PO Box 671
American Fork, Utah 84003
(801) 692-3606
Mark.a.woodbury@gmail.com

## IN THE THIRD JUDICIAL DISTRICT COURT,

## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| IN THE MATTER OF<br>THE ESTATE OF: TERRENCE HUNTER<br>aka Terrence Blair Hunter aka Terry Hunter<br><br>Decedent | ) <br> ) <br> ) <br> ) **STATEMENT OF INFORMAL PROBATE OF WILL AND INFORMAL APPOINTMENT OF PERSONAL REPRESENTATIVE** <br> ) <br> ) <br> ) Case No. 213902711 <br> ) <br> ) Judge: Robert Faust |

Upon consideration of the Application for Informal Probate of Will and Informal Appointment of Personal Representative filed by Robert Ryan Johnson on November 19, 2021, the Court finds that:

1. The application is complete

2. Applicant has made oath or affirmation that the statements contained in the application are true to the best of applicant's knowledge and belief

3. Applicant appears from the application to be an interested person as defined by the Utah Uniform Probate Code.

November 22, 2021 11:17 AM                                                                                                                1 of 3

4. The decedent, Terrence Hunter, aka Terrence Blair Hunter aka Terry Hunter, died on September 3, 2019, at the age of 72 years.
5. On the basis of the statements in the application, venue is proper.
6. An duly executed, and apparently unrevoked will, dated September 1, 2019, is in the Registrar's possession.
7. Any required notice has been given or waived.
8. On the basis of the statements in the application, the will to which the application relates is not part of a known series of testamentary instruments (other than wills or codicils), the latest of which does not expressly revoke the former.
9. On the basis of the statements in the application: No personal representative has been appointed in this state, but a personal representative has been appointed in the state of the decedent's domicile, and: Applicant is the decedent's domiciliary personal representative.
10. On the basis of the statements in the application, neither the will to which the application relates nor any other will of the decedent has been the subject of a previous probate order in this state.
11. It appears from the application that the time limit for informal probate and appointment has not expired.
12. The application does not indicate the existence of a possible unrevoked testamentary instrument which may related to property subject to the laws of this state, and which is not filed for probate in this Court.

13. Based on the statements in the application, the person whose appointment as personal representative is sought is qualified to act as personal representative and has priority entitled said person to the appointment.

14. Bond is not required.

15. The applicable time period within which no action can be taken on an application for informal probate and appointment has elapsed.

Therefore:

16. The will of the decedent, dated September 1, 2019, is hereby informally probated.

17. Robert Ryan Johnson is hereby appointed personal representative of the estate of the decedent, to act:Without bond.

18. Upon qualification and acceptance, letters testamentary shall be issued.

The signature of the court appears atop this document.