MABEY & COOMBS, L.C.
J. Michael Coombs (Bar No. 3639)
Highland Ridge
4568 So. Highland Drive, Suite 290
Salt Lake City, UT  84117-4237
Telephone: (801) 467-2779
Facsimile: (801) 812-8469
Email address:  jmcoombs77@gmail.com

*Attorneys for Defendant Standard Registrar & Transfer Co., Inc.*

## IN AND BEFORE THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT RYAN JOHNSON, as Executor and Trustee of the Estate of Terrence Blair Hunter,<br><br>        Plaintiff,<br><br>vs.<br><br>STANDARD REGISTRAR & TRANSFER COMPANY, INC., a Utah corporation,<br><br>        Defendant. | **DECLARATION OF COUNSEL IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND FOR OTHER RELIEF**<br><br>Case No. 2:22-cv-591-DAO<br><br>Magistrate Judge Daphne A. Oberg |

**J. MICHAEL COOMBS**, being first put on his oath, deposes and says as follows:

1.    I am counsel to Defendant Standard Registrar & Transfer Co., Inc. ("Defendant" or "SRTC") in the above matter.  I have personal and direct knowledge of that set forth herein.  If called to testify, I can testify directly about such matters.

2.    Having represented SRTC for several years as its litigation counsel, I can attest that it is a Utah corporation and a professional stock transfer agent.

3. A stock transfer agent is defined as a trust company, bank, or similar institution hired by a corporation to maintain and track its shareholders' stock account balances. A transfer agent records transactions, cancels and issues certificates, processes investor mailings, and handles a host of other investor problems, including reissuing lost or stolen stock certificates. This is what SRTC does and has done for many years.

4. In 2012, I defended Action Stock Transfer ("Action"), a Utah stock transfer agent much like SRTC, in a case brought in Utah's Third Judicial District Court before Judge Sandra Peuler, which was eerily similar to this case. *See Qubed Capital, Ltd. and Quintus Eight Capital Ltd. v. Action Stock Transfer*, Third Jud. Dist. Court Case No. 2098465 ("the Action Case").

5. The Action Case involved it receiving transfer instructions via fax from Canada. Action followed the instructions and transferred plaintiffs' shares of a public company called Vega Biofuels to a fellow in Michigan named Randy Hamdan, mailing the stock certificate to him. The Qubed Capital Plaintiffs then turned around and sued Action for $700,000, claiming the faxed instructions from Canada were forged and that the transfers to Hamdan were wrongful under Article 8 the Utah Uniform Commercial Code (UUCC) on Investment Securities. As Action's counsel, I was able to locate Mr. Hamdan and he provided an Affidavit in which he attested, contrary to plaintiffs' Complaint, that he bought and paid for the Vega Biofuels stock he acquired from plaintiffs' principals. Therein, Hamdan specifically identified "Robert Ryan Johnson" by name as one of plaintiffs' principals who got $5,000 out of him in exchange for his purchase of the Vega Biofuels stock, the very same "Robert Ryan Johnson" as the "personal representative" herein. In other words, Johnson fraudulently claimed in the Action lawsuit that

2

Action wrongfully transferred shares to third-party, Hamdan, when it turned out that Johnson had actually sold the shares to Hamdan. Johnson concealed this fact from Judge Peuler.

6. When the Complaint against Action was filed back in 2012, I spoke with Johnson's counsel many times and was asked and encouraged to turn Johnson's claim in on Action's E & O Insurance Policy. This made me realize that Johnson's lawsuit against Action was solely about turning an insurance claim in on the Action's E&O Insurance and expecting that the insurance company would cave in and hand Johnson a bunch of money.

7. On July 1, 2021, some-9 years later, the same Canadian citizen, Robert Ryan Johnson, brought a lawsuit here in Third Judicial District Court in his own name as Plaintiff in which he, as the alleged personal representative of the Estate of Terrence Hunter, a Canadian, sued SRTC for an astonishing $200 MILLION for transferring stock of the Deceased, Terrence Hunter, without effective or proper endorsements. *See Robert Ryan Johnson v. Standard Registrar & Transfer Co., Inc.*, Case No. 210903485, assigned to Judge Barry Lawrence, a copy of the Docket Sheet and Complaint of which are attached to Defendant SRTC's Motion to Dismiss as **Exhibit A**.

8. Because Johnson produced and filed no legitimate or reliable documentation to demonstrate his legal authority to act on behalf of the Estate of Terrence Hunter, SRTC responded with a Motion to Dismiss on standing and other grounds. After briefing and oral argument, Judge Lawrence issued a Ruling and Order as recently as September 20, 2021, in which he held:

> 2. The Motion for a Cost Bond is GRANTED. Plaintiff [Robert Ryan Johnson] must file a cost bond in the amount of $5,000 within fourteen (14) days.
>
> 3. The Court imposes the following ORDER upon the plaintiff, in order to demonstrate that the plaintiff has

3

> the appropriate power and authority to legally act on behalf of the Estate and bring these claims. Within 90 days (or a reasonable time thereafter if 90 days is not feasible), Plaintiff must file a brief with the Court supporting Mr. Johnson's power and authority to act on behalf of the Estate. Ideally, that would include an Order from a Court (in Mexico or Canada) providing the basis for that authority. If, for whatever reason, that is not possible, then Plaintiff must file a reasonable substitute which should include either: i) opinion letters from law firms in Canada or Mexico upon which this Court may rely, and/or ii) a legal brief with argument and citation to Canadian, Mexican and/or international law reflecting Mr. Johnson's authority to act under these circumstances.

A copy of Judge Lawrence's September 20, 2021, Ruling and Order is attached to the accompanying Motion as **Exhibit B**.

9.  Thereafter, Johnson ignored Judge Lawrence's Ruling and Order quoted above and because he never posted the $5,000 cash costs bond that Judge Lawrence ordered him to post within 14 days, Judge Lawrence, on November 10, 2021, dismissed Johnson's lawsuit against SRTC, a copy of the Dismissal Order being attached to the accompanying Motion as **Exhibit C**.

10. Determined to create a claim against SRTC, Johnson hired a Utah probate lawyer and initiated an Informal Probate action in Third Judicial District Probate Court, *In re: Estate of Terence Hunter*, Utah Third Jud. Dist. Court Probate No. 213902711, in which he sought to get himself formally appointed personal representative of the Hunter Estate, in Utah, by a Utah judge. Thereafter, on December 2, 2021, Johnson's probate counsel caused a subpoena duces tecum to be served on SRTC. The subpoena sought copies of all records that SRTC has relating to past stock transfers undertaken years ago by Canadian decedent, Terrence Hunter, including stock transfers by numerous companies it identifies in the subpoena as purportedly having been

4

affiliated with him. As one can see from **Exhibit A**, the Complaint in the Judge Lawrence matter, stock transfer records are what Johnson needs in order to allege that endorsements are indeed forgeries and thereby create claims against SRTC. SRTC objected to the probate court subpoena and Johnson did nothing to resist it. In fact, no effort whatsoever was made by him to enforce it as required of him under Rule 45. *See* **Exhibit D**, Defendant SRTC's Motion to Dismiss.

11. SRTC has advised me that it holds no property that ever belonged to the deceased, Terrence Hunter, or any of entities allegedly affiliated with him that are identified in the Johnson Subpoena. If SRTC ever did hold stock belonging to the deceased, it was several years ago, and it was only for a brief time, such as a few days at best, while it effectuated a transfer of the shares into another registered owner's name and delivered the shares out.

12. **Exhibit E** to Defendant's Motion to Dismiss is a copy of the Death Certificate of Terrence Hunter, the deceased. It was obtained in the Judge Lawrence litigation. It does not show that Hunter had any connection to Mexico and in fact, it says he resided in Vancouver.

13. In the past, I have searched the Internet to investigate who Robert Ryan Johnson is and what he does for a living. He has held himself out in the past as an artist and a film producer. He does not appear to have a visible means of income. More recently, there is next to nothing about him on the Internet other than a person with his exact name resides in Vancouver, BC. It is my belief that Robert Ryan Johnson, to put it charitably, is an imposter who has a pattern of bringing lawsuits in which he claims damages from stock transfer agents like SRTC and Action for allegedly transferring stock on the basis of alleged forged endorsements, disputes that he likely orchestrates. He then seeks to make claims on their E&O Insurance Policies. This may well be what he does for a living. It is also logical and likely that he has a stable of handwriting

experts at his disposal who assist him in this regard so he can defeat summary judgment motions by defendant stock transfer agents. As a securities lawyer with substantial experience in this area, I can attest that it is easier for Canadians and Mexicans to perpetrate stock endorsement frauds than Americans. This is because Medallion Signature Guarantees on the reverse sides of stock certificates and stock powers, which are required in the United States, are not done or required in Canada or Mexico, and therefore, Canadians and Mexicans seeking to transfer stock here in the US rely on mere notarizations. This anomaly enables foreigners to more easily claim that signatures to stock certificates and stock powers are forgeries in connection with stock transfers whereas US citizens have a more difficult time doing so due to the requirement of Medallion Signature Guarantees that are only issued by US banks and US-based securities brokerage firms who keep meticulous records of the signatories and their identities. Unlike notaries, individuals do not get authority to issue Medallion Guarantees other than as employees of large banks or securities brokerage firms. This anomaly also makes it expensive to defend one of Johnson's lawsuits because the notary who notarized a Canadian or Mexican endorsement that Johnson will claim is a forgery resides in Canada or Mexico where the notarization on the stock certificate or stock power allegedly took place, assuming one can find that person or he or she is still alive.

    14.    As contemplated in the Utah Declaration statute, I declare under criminal penalty of the State of Utah that the foregoing is true and correct to the best of my knowledge, information, and belief.

    **FURTHER SAYETH AFFIANT NAUGHT.**

    DATED this <u>20th</u> day of October, 2022.

<u>s/ J. Michael Coombs</u>
J. Michael Coombs
