MABEY & COOMBS, L.C.
J. Michael Coombs (Bar No. 3639)
Highland Ridge
4568 So. Highland Drive, Suite 290
Salt Lake City, UT  84117-4237
Telephone: (801) 467-2779
Facsimile: (801) 812-8469
Email address:  jmcoombs77@gmail.com

*Attorneys for Defendant Standard Registrar &
Transfer Co., Inc.*

## IN AND BEFORE THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT RYAN JOHNSON, as Executor and Trustee of the Estate of Terrence Blair Hunter,<br><br>     Plaintiff,<br><br>vs.<br><br>STANDARD REGISTRAR & TRANSFER COMPANY, INC., a Utah corporation,<br><br>     Defendant. | **REPLY TO DEFENDANT'S MOTION FOR SANCTIONS AND FEES**<br><br><br>Case No. 2:22-cv-591-JNP<br><br>Judge Jill N. Parrish |

Defendant Standard Registrar & Transfer Co., Inc. ("Defendant" or "SRTC"), a Utah corporation, hereby replies to its motion for Rule 11 sanctions and for §1927 costs and fees.

### Summary of Reply

Plaintiff Johnson's Opposition reveals that he has no excuse for filing this third Utah lawsuit against or involving SRTC without first having complied with Utah Judge Barry Lawrence's September 20, 2021, Ruling and Order (R&C).  Johnson's principal defense is that he

has a right to ignore Judge Lawrence's R&O. Yet Judge Lawrence, a Utah judge, told Johnson what he needed to do *to act* as the personal representative of the Hunter estate *in Utah*. Still, Johnson ignored the R&O and proceeded to shop for another Utah judge. While Johnson claims that a Utah probate order he subsequently obtained from Utah Probate Judge Faust is somehow valid, the same was procured by fraud due to Johnson's concealment of what Judge Lawrence had previously ordered him to do. The fact is that Utah has no jurisdictional connection to the deceased, a Canadian national who, for all we know, never set foot in Utah, with no assets here, no debtors here, and who died in Vancouver, British Columbia, Canada, over two years ago, not Utah or Mexico. Accordingly, even without the R&O, Johnson's initiating an original probate action here in regard to a deceased Canadian having no connection to this jurisdiction is a fraud on the Utah probate court.[1]

      Johnson claims Canadian counsel advised him to probate the Hunter estate in Mexico, but Johnson never did. All he did was go to a Mexican notary and have him publicize in a Mexican newspaper what Johnson claimed, also listing documents Johnson took with him from Canada to Mexico. *See* Ex. 5, Opp.; Ex. B, Pl's Compl. More importantly, there is no evidence in the record that the deceased was in fact a resident of Mexico—let alone a permanent resident. To the contrary, as evidenced by Hunter's own death certificate (Exhibit E, Def's Motion), the deceased was a resident of Vancouver, BC, Canada, at time of death. At the same time, Johnson's Mexican counsel acknowledges that Hunter had no assets in Mexico and that that the "succession" could not be lawfully processed in Mexico by a Mexican notary. *See* **Exhibit A** hereto, a copy of a February 5, 2020, email from Johnson's Mexican counsel that Johnson attached in the Judge

---

[1] *See Utah Uniform Probate Code*, Utah Code Ann. § 75-1-101 *et seq.* (requiring a jurisdictional connection to Utah to initiate a probate here).

Lawrence case but did not produce here. Nonetheless, Johnson persists in relying on the Mexican notary document, a mere *announcement* in a Mexican newspaper, as his authority to sue a Utah resident for as much as $200 MILLION—a document Judge Lawrence held fell short of what is required *to act* as a personal representative in Utah. See R&O, Ex. B to Def's Motion. In short, Johnson's claimed reliance on foreign counsel, and when that counsel has obviously not been told the truth, is not a defense to this motion.[2]

The foregoing is well known to Johnson and his third Utah lawyer. Why Johnson and counsel refused to do what Judge Lawrence ordered him to do long ago is a mystery and confirms not only why this motion should be granted but that Johnson is but a brazen "forum shopper."

**JOHNSON'S OPPOSITION FAILS TO REBUT HE AND HIS COUNSEL'S VIOLATION OF RULE 11 AND § 1927 WHEN THEY BROUGHT THIS THIRD LAWSUIT.**

A. **<u>Johnson circumvented Judge Lawrence's R&O, thereby bringing this third action in violation of Rule 11 and § 1927</u>**. Johnson's principal argument (Opp., pp. 2-8) is that SRTC misrepresented Judge Lawrence's R&O in its motion and that act somehow excuses Johnson's violation of Rule 11 and 28 USC §1927. Specifically, Johnson contends that SRTC falsely represents to this Court that Judge Lawrence *permanently* denied Johnson standing. Pp. 4-5, Opp. But SRTC represented nothing of the kind. To the contrary, SRTC states clearly in its Rule 11 motion that Judge Lawrence denied Johnson standing *to act* as personal representative of the Hunter estate going forward unless and until Johnson first posted a $5,000 cash costs bond and then complied with international and Canadian law. Def's Motion, p. 2 and Ex. B thereto. That is quite different than saying Johnson could never be personal representative of the Hunter

---

[2] Johnson's additional argument that SRTC's motion is "merely rhetoric and posturing," is "hollow," and was "not filed in good faith" (Opp., pp. 1-2 and 8-10) is also not a defense to a violation of Rule 11 and § 1927.

3

estate.[3]  To be sure, SRTC's motion before Judge Lawrence did not seek a dismissal of the action *with prejudice* on account of Johnson's questionable standing.  That would not be something Judge Lawrence could have done as a matter of law under Rule 12(b)(6).  Instead, because the Mexican notary document Johnson relied on is so obviously self-serving and incapable of having extraterritorial legal effect in Utah, SRTC sought to have Johnson prove his alleged status through Canadian and international law.  Judge Lawrence agreed.

While Judge Lawrence ordered Johnson to do certain things if he wanted to proceed with the case and *act* as the lawful personal representative, Johnson ignored Judge Lawrence's R&O, let the case get dismissed for failure to post the required costs bond, and then fraudulently initiated an original Utah probate action (failing to disclose Judge Lawrence's previous R&O) when he knew a Utah probate court has no conceivable jurisdiction to initiate a probate of the deceased Canadian's estate.  Arguing that SRTC somehow misrepresented to this Court what Judge Lawrence held is not a defense to Johnson knowingly circumventing Judge Lawrence's R&C and his failures to mention it in the fraudulent Utah probate action *and* this action.  This is not to ignore that Johnson's argument that his initiating an original probate action in Utah probate court was following Judge Lawrence's R&O (Opp., pp. 2 and 6) could not be more disingenuous.  Nowhere does the R&O mention anything about Johnson getting appointed personal representative via a Utah probate action, particularly when Utah has no connection to Hunter, his death, his heirs, his residence, or his property.  This argument is not asserted in good faith.

---

[3] Johnson even goes further and falsely alleges that Defendant SRTC purposely took a portion of Judge Lawrence's R&O out of context and concealed the remainder of the R&O, thereby deceiving the Court. Opp., p. 5.  But this too is not true.  SRTC's Rule 11 motion cites to and attaches a full copy of Judge Lawrence's R&O as Ex. B.

The crux of SRTC's motion is not just that Judge Lawrence's R&C has been ignored but that the Mexican notary document that Johnson repeatedly relied on in 3 lawsuits now does not lawfully confer any rights on Johnson in the United States, let alone Utah.  This is what Judge Lawrence concluded.  ***The document is but an announcement, in Mexico, of what Johnson claimed there and nothing more.***  Let us examine what it says:  In heading One, p. 1, it recites who the deceased, Terrence Hunter, purportedly appointed as his executor in his Last Will & Testament.  In heading Two, p. 1, it recites that the deceased had an address in Quintana Roo, Mexico, but acknowledges he died in Richmond, Vancouver, Canada.  In heading Three, p. 2, it recites that the Last Will & Testament purportedly signed by Hunter was registered in Mexico "at the request of Robert Ryan Johnson."  In heading Four, p. 2, it recites that there is no testamentary provision [on file] in the Mexican county registry in the name of Terrence Hunter.  In heading Five, p. 2, it recites that the Public Registry of Property and Commerce in Cancun, Mexico, has no last will and testament of Terrence Hunter [on file].  Page 2 then contains a clause stating that Johnson agreed to act as executor and that the notary shall publish what is provided "in two press releases that shall be published in the main newspaper of the State of Quintana Roo."  The bottom of p. 2 contains personal contact information of Johnson.  Pages 3-4 are the notary's certifications, part of which list documents provided by Johnson.  P. 5 is a certification of the prior certifications.  P. 6 is a copy of what was published about Johnson's claims in a Mexican journal or newspaper called NOVEDADES.  P. 7 is a copy of the second newspaper publication notice.  P. 8 is an authentication of the foregoing with various stamps and seals to look official.  In sum, the Mexican notary announcement means nothing and has no lawful application in Utah.  By its own language, it has no extra-territorial effect outside of Quintana Roo, Mexico.  Still,

Johnson calls it "weird" that SRTC considers the use of this document a "hokey" effort on his part to get standing in Utah. Opp., p. 6. But Johnson's efforts *are* hokey. If there is a burden of proof here, it is Johnson's burden to show that this mere announcement in a foreign country of what was published in a foreign country newspaper has international, extra-territorial legal effect, not only in the United States under a valid international treaty, but specifically in Utah under Utah law. Johnson has abjectly failed to carry his burden in derogation of Judge Lawrence's R&O, preferring instead to continue to shop for a third judge.[4]

    B. **<u>Like Johnson ignored Judge Lawrence, Johnson exhorts this Court to similarly ignore this motion, not because the motion lacks merit but because it is "just posturing" and "rhetoric." Johnson, a Canadian national, has ignored Utah rulings and orders and has taken advantage of our legal system; he should be held to account.</u>** On pp. 8-11 of is Opposition, Johnson criticizes the doubts raised in SRTC's motion about the highly suspicious 2-day lag time between Hunter's testamentary disposition and his subsequent death. Yet all of this is indeed dubious. It is undisputed that Hunter was in a Vancouver hospital in August 2019, was dying of cancer, was surely on morphine or other heavy narcotics at such time as he executed the Last Will and Testament on September 1, 2019, only to die less than 48 hours later. If this timing is not suspicious, then it is difficult to know what would be. This is not to ignore that the witnesses' signatures on the Last Will and Testament are not dated, not legible, and are in fact just initials at the bottom of the page. We do not even know who they are. *See* Ex.

---

[4] All of this is further not to ignore that Johnson's own Mexican counsel opined that a Mexican notary lacked the power to order a "succession" in this case under Mexican law. *See* Exhibit A hereto, also cited above.

A, Pl's Comp.  These and other circumstances cast substantial doubt on the legitimacy of the testamentary disposition and clearly support the rationale underlying the R&O.

As to the prior lawsuit Johnson bought some-9 years ago here in Utah against another Utah stock transfer agent, Action Stock Transfer, Johnson re-tells the story in an effort to cast doubt on Johnson's then-stock purchaser, Randy Hamdan.  Regardless of how the case was eventually resolved, the fact is that Hamdan's Affidavit contains a copy of Hamdan's bank wire transfer to Johnson proving that Hamdan did indeed buy Johnson's stock for $5,000 and that the stock was not fraudulently transferred to another party as Johnson falsely alleged in his lawsuit before Utah Third District Court Judge Sandra Peuler.

Johnson proceeds on pp. 9-10 of his Opposition to claim that the decedent's stocks were stolen[5] while he was alive but, having discovered no records from SRTC or anyone else, it is a mystery as to why Johnson can honestly believe this is so.  Worse, in the Judge Lawrence case, Johnson sued SRTC for an astonishing $200 MILLION in alleged damages, damages for which he lacks any evidence.  How can this not be a strike suit?  How could Johnson possibly know that Hunter's stocks were allegedly stolen?  Or their value?  On what basis?  We are not told.[6]

   C. **<u>Johnson filing three Utah lawsuits in 1½ years, the last two of which are dishonest about the litigation commenced before them, is impermissible forum shopping.</u>**

Johnson acknowledges that improper forum shopping occurs when a party chooses a forum it

---

[5] Johnson alleges no facts to support this statement.  He produces no Vancouver, Canada, police report.

[6] Johnson, in his footnote 1, p. 10, seeks to impugn SRTC's motivation in filing the Rule 11 motion.  This statement is taken out of context.  The statement was made in SRTC's motion to contrast that SRTC must rigorously defend itself against the serious charges in the complaint while Johnson, a Canadian resident, can simply disappear off the face of the earth if he chooses, never to be heard from again.  Johnson is not subject to a Utah court's jurisdiction and without putting up a substantial costs bond, he has nothing to lose by bringing each of the three Utah lawsuits he has brought against SRTC within in the last 1½ years.

considers more favorable without any factual or legal basis for doing so.  And yet that is exactly what occurred here.  Absent compliance with Judge Lawrence's R&O, Johnson had no legal or other basis to commence this diversity action here in Utah federal district court.  Judge Lawrence gave Johnson time in his R&O to do what had to be done to get standing and if he could not get it done within the 90 days given, he could have asked for more time.  But he did not want to.  While he cites Eighth Circuit authority for the proposition that there must be a proper explanation for a prior dismissal, Johnson does not provide one.  Judge Lawrence ordered him to post a $5,000 cash costs bond within 14 days, but he refused to do so.  Johnson claims that his lawyer was given the $5,000 but neglected to post it.  Opp., p. 12, top.  But that is not true.  Counsel talked to Johnson's then-counsel, Brody Valerga, and was told that Johnson thought it unfair that Judge Lawrence ordered him to post a $5,000 cash bond and therefore, he was not going to post it.  He was instead going to let the case get dismissed.  He thus viewed Judge Lawrence's R&O as an opportunity to get a different judge.  That is forum shopping.  So Johnson let the Judge Lawrence case get dismissed and then shopped for Probate Judge Faust and when that did not work because SRTC strenuously objected to the probate court subpoena, he jettisoned that case too and brought this third lawsuit.  Just more forum shopping.  The fact is that SRTC has been prejudiced by Johnson's failure to abide by the R&O, the result of which has forced it to defend two new and wholly unnecessary lawsuits.  If what Johnson has done is not impermissible forum shopping, it is difficult to understand what would be.

   D. **<u>Johnson's Opposition does not rebut why 28 USC § 1927 fees and costs should not be awarded to SRTC.</u>**  As set forth in SRTC's motion, 28 USC § 1927 titled **Counsel's liability for excessive costs**, provides that an attorney who multiplies the proceedings in any case

unreasonably and vexatiously may be required to pay the opposing party's excess costs, expenses, and attorney's fees reasonably incurred because of such conduct. *See* Def's Motion, pp. 14-15. Johnson and his counsel make no case why their conduct here does not unreasonably and vexatiously multiply proceedings in connection with the initial Judge Lawrence case, all of which has been totally unnecessary if not malicious and vindictive. Counsel knew about the previous Utah probate case and that would have led him to the Judge Lawrence case, assuming he did not know about it. Accordingly, SRTC's fees and costs fighting the Utah Probate Court subpoena before Judge Faust and defending this third lawsuit should be awarded to SRTC.

## **CONCLUSION**

Judge Lawrence never ruled as a matter of law under Rule 12(b)(6) that Johnson could never have standing, nor did SRTC ever argue that Judge Lawrence did so rule. What Judge Lawrence did was order Johnson to do certain things so he could lawfully *act* as the executor of the Hunter estate *in Utah*. Surely, that distinction is simple enough. But Johnson refused, electing instead to try and shop his "Mexican newspaper announcement document" to two other Utah judges. He is now on his third Utah lawyer and his third Utah judge for such purpose—all in 1½ years.

Rule 11 requires that a lawyer, among other things, file and sign off on pleadings and filings after having reasonably investigated the law and the facts. Johnson and his counsel make no argument in their 13-page Opposition that they did that. They do not rebut any averment in counsel's supporting Declaration. Nor do they strike the reader as even trying. Why not just do what Judge Lawrence ordered Johnson to do as opposed to repeatedly bringing Utah lawsuits in reliance on a foreign document Judge Lawrence flatly rejected as deficient? But no, everything

9

that has occurred is apparently SRTC's fault for not just going along with Johnson's demands. From Johnson's allegation that SRTC mischaracterized Judge Lawrence's R&O to his allegation that SRTC's Rule 11 motion should not be taken seriously, nothing is Johnson's fault or doing. The fact is that Johnson, a Canadian national who does not live here and has no connection to Utah, should be made responsible for his disregard and repeated abuse of our U.S. legal system, including his abuse of SRTC.  That is why Judge Lawrence ordered a higher-than-usual cash costs bond, another requirement of the R&O that Johnson also ignored.  Granting this motion would go a long way towards holding Johnson accountable for his actions that have cost SRTC significant money, time, and resources to defend, none of which is its fault.  Johnson's actions have also unnecessarily burdened the Utah court system.  Johnson and his counsel should be held to account and SRTC's motion granted.

        DATED this <u>22nd</u> day of November, 2022.

                                            MABEY & COOMBS, L.C.

                                            <u>/s/ *J. Michael Coombs*</u>
                                            J. Michael Coombs
                                            *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 22nd day of November, 2022, the undersigned caused a true and correct copy of the foregoing REPLY MEMO, including its Exhibit A, to be served on those identified below via email as per the court's electronic filing system:

*Andrew G. Deiss*
*David Ferguson*
*Corey Riley*
*DEISS LAW, P.C.*
*10 West 100 South, Suite 700*
*Salt Lake City, Utah 84101*
*deiss@deisslaw.com*
*dferguson@deisslaw.com*
*criley@deisslaw.com*

                                                                       */s/ J. Michael Coombs*
                                                                       *J. Michael Coombs*