Exhibit "B"

# CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO

Última reforma publicada en el Periódico Oficial del Estado el 31 de mayo de 2023

## CÓDIGO CIVIL
## PARA EL ESTADO DE QUINTANA ROO

### TÍTULO PRELIMINAR
### Disposiciones sobre la Ley en General

**Artículo 1.-** Las disposiciones de este título, salvo precepto expreso en contrario, son comunes a todo el Derecho Positivo del Estado de Quintana Roo, y las de este Código son supletorias, en lo conducente, de las demás leyes quintanarroenses.

Las disposiciones de este Código que se refieran a la familia son de orden público, de observancia obligatoria y de carácter social y tutelares fundamentales de la mujer, de las niñas, niños y adolescentes, de las personas con discapacidad y de las personas adultas mayores.

*Párrafo adicionado POE 10-12-2010. Reformado POE 04-07-2017, 31-05-2023*

**Artículo 2.-** Las leyes del Estado se aplicarán a todos los habitantes de Quintana Roo sin distinción de personas cualquiera sea su sexo, o nacionalidad, estén domiciliadas en el Estado o se hallen en él de paso.

Las leyes que establecen excepciones a las reglas generales, no son aplicables a caso alguno que no esté expresamente especificado en las mismas leyes.

El hombre y la mujer son iguales ante la ley; en consecuencia, la mujer no queda sometida, por razón de su sexo, a restricción alguna en la adquisición y ejercicio de sus derechos civiles.

*Párrafo adicionado POE 04-07-2017*

Se tendrán como principios rectores del presente Código, la perspectiva de género, la igualdad y el interés superior de la niñez.

*Párrafo adicionado POE 04-07-2017*

**Artículo 3.-** Las leyes, reglamentos, o cualesquiera otras disposiciones de observancia general, obligan y surten sus efectos simultáneamente en todo el territorio del Estado tres días después de su publicación en el Periódico Oficial.

Si la ley, reglamento, o disposición de observancia general fija el día en que debe comenzar a regir, obliga desde ese día.

**Artículo 4.-** El Gobernador del Estado podrá disponer a su juicio, que mediante la prensa, la radio y la televisión se expliquen al pueblo, y con la reiteración que estime conveniente, los alcances de los ordenamientos que se publiquen en el Periódico Oficial.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 5.-** La ley sólo queda abrogada o derogada por otra posterior que así lo declare expresamente, o que contenga disposiciones total o parcialmente incompatibles con la anterior.

**Artículo 6.-** Contra la observancia de la ley no puede alegarse desuso, costumbre o práctica en contrario.

**Artículo 7.-** La costumbre es norma jurídica general únicamente cuando la ley expresamente remita a ella.

**Artículo 8.-** Salvo que se trate de normas dispositivas, la voluntad de los particulares no puede eximir de la observancia de la ley, ni alterada, ni modificarla.

**Articulo 9.-** Sólo pueden renunciarse los derechos privados que no afecten directamente al interés público, cuando la renuncia no perjudique derechos de terceros.

**Artículo 10.-** Para que la renuncia surta efectos se requiere que no quede duda acerca de cuál es el derecho que se renuncia; y que se haga en términos claros y precisos.

**Artículo 11.-** Cuando la renuncia se hace en las cláusulas de un contrato, deberá transcribirse literalmente en éstas el texto del precepto legal que consigne el derecho renunciado.

**Artículo 12.-** A ninguna ley o disposición gubernativa se dará efecto retroactivo en perjuicio de persona alguna.

**Artículo 13.-** Los negocios jurídicos celebrados contra el tenor de las leyes prohibitivas o de interés público, o contra la moral y las buenas costumbres, serán nulos.

**Artículo 14.-** Las sucesiones por causa de muerte de mexicano, sean o no quintanarroenses, que al ocurrir su defunción estén domiciliados en Quintana Roo, se regirán por este Código en lo que se refiere a la institución y substitución de herederos y legatarios, al derecho y orden de suceder, a la cuantía de las porciones hereditarias, a la validez intrínseca, ineficacia e inoficiosidad de los testamentos y en general a toda cuestión de fondo concerniente a tales sucesiones, sean testamentarias o legítimas.

**Artículo 15.-** Los efectos de los negocios jurídicos celebrados en el extranjero que deban ser ejecutados en el territorio del Estado, se regirán por las leyes federales.

**Artículo 16.-** Los efectos jurídicos de los negocios o contratos celebrados en cualquier parte de la República que deban ejecutarse en el Estado, se regirán por las disposiciones de este Código.

**Artículo 17.-** Los bienes inmuebles ubicados en el Estado de Quintana Roo y los muebles que se encuentren en él, se rigen por las disposiciones de este Código, aun cuando sus dueños estén domiciliados fuera de la Entidad.

**Artículo 18.-** Los negocios jurídicos, en todo lo relativo a su forma, se regirán por las leyes del lugar donde pasen. Sin embargo, los mexicanos domiciliados fuera del Estado, quedan en libertad para sujetarse a las formas prescritas por este Código, cuando el negocio jurídico haya de ejecutarse en Quintana Roo.

**Articulo 19.-** No puede un juzgador negarse a fallar bajo el pretexto de silencio, obscuridad o insuficiencia de la ley.

**Artículo 20.-** Las controversias judiciales del orden civil deberán resolverse conforme a la letra de la ley y a su interpretación jurídica y a falta de ley se resolverán conforme a los principios generales de derecho.

**Artículo 21.-** Cuando haya conflicto de derechos, a falta de ley expresa que sea aplicable, la controversia se decidirá a favor del que trate de evitarse perjuicios y no a favor del que pretenda obtener lucro. Si el conflicto fuere entre derechos iguales o de la misma especie, se decidirá en favor de la parte que cultural, económica o socialmente sea la más débil, y sólo cuando las partes se encuentren en iguales o similares circunstancias, se resolverá observándose la mayor igualdad posible entre los interesados.

**Artículo 22.-** La ignorancia de las leyes no excusa su cumplimiento y a nadie aprovecha; pero los jueces, teniendo en cuenta el notorio atraso intelectual de los interesados, su apartamiento de las vías de comunicación o su miserable situación económica, podrán, oyendo en todo caso el parecer del Ministerio Público, eximirlos de las sanciones en que hubieren incurrido por la falta de cumplimiento de la ley que ignoraban o, de ser posible, concederles un plazo para que la cumplan, instruyéndoles previamente sobre los deberes que dicha ley impone y que dejaron de cumplir, siempre que no se trate de leyes que afecten directamente al interés público.

**Artículo 23.-** Es de orden público la protección legal y judicial de los económica, social o culturalmente débiles frente a quienes se hallan en la situación contraria.

**Artículo 24.-** Son nulos los negocios jurídicos en los que una de las partes, abusando de la extrema ignorancia de otra, de su notoria inexperiencia o de su aflictivo estado de necesidad, obtiene de ella ventajas o provechos notoriamente injustos.

**Artículo 25.-** Son también nulos los actos o negocios jurídicos que se convienen abusando de las circunstancias personales, ignorancia, inexperiencia y aflicción mencionadas en el artículo anterior y que normalmente no se habrían celebrado de no existir ese abuso.

**Artículo 26.-** La nulidad establecida en los dos artículos anteriores está sometida a las siguientes reglas:

**a)** Es imprescriptible;

**b)** Compete solamente al perjudicado y a sus herederos;

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**c)** Puede hacerse valer como acción o como excepción;

**d)** No desaparece ni por convalidación ni por el cumplimiento voluntario;

**e)** Será tomada en consideración por los jueces o tribunales supliendo la deficiencia de demanda o contestación, en su caso, formuladas por la parte perjudicada;

**f)** Se presumirá el abuso salvo prueba en contrario, cuando la parte lesionada sea un indígena analfabeto, que no hable español;

**g)** El demandado puede detener el curso de la acción de nulidad ofreciendo un aumento equitativo de lo que él por su parte se ha obligado, o proponiendo, en su caso, una reducción, también equitativa, de la obligación del actor;

**h)** El juez, oyendo el parecer del Ministerio Público. aprobará el convenio a que lleguen los interesados, si no lesiona los intereses del que fue perjudicado;

**i)** En todos los casos, la desproporción de prestaciones deberá referirse al momento de la celebración del negocio perjudicial y no al del ejercicio de la acción.

**Artículo 27.-** Si mediante la nulidad no se obtiene la restitución de las prestaciones, el perjudicado podrá pedir, o bien la reducción equitativa de su obligación, o bien el aumento, también equitativo, de la obligación de la otra parte.

**Artículo 28.-** Habrá también lesión cuando alguien, sin mediar la suma ignorancia, la notoria inexperiencia o el aflictivo estado de necesidad de otro, obtiene de éste un lucro que sea evidentemente desproporcionado a lo que él por su parte se obliga; pero la acción prescribe en dos años a partir del día siguiente de la celebración del contrato.

**Artículo 29.-** Los habitantes del Estado de Quintana Roo tienen la obligación de ejercer sus actividades y de usar y disponer de sus bienes, no sólo en forma que no perjudique a la colectividad o a terceros, sino también de manera que redunde en beneficio social.

También tienen la obligación de ejercer sus derechos y de usar y disponer de sus bienes, cuando por el no ejercicio, uso o disposición, se cause un perjuicio general o se impida un beneficio colectivo.

**Artículo 30.-** Cuando los particulares no cumplan lo dispuesto en el segundo párrafo del artículo anterior, los tribunales señalarán la manera y términos en que el Estado o terceros pueden ejercitar esos derechos y usar o disponer de esos bienes, el tiempo de ese ejercicio, uso o disposición y la indemnización que deben pagar el Estado o los individuos beneficiarios con la función social de esos derechos al titular de los mismos.

**Artículo 31.-** Las leyes, reglamentos, u otras disposiciones de observancia general, se aplicarán de buena fe por las autoridades y los particulares las observarán y cumplirán también de buena fe.

**Artículo 32.-** El uso abusivo que hagan las autoridades de sus atribuciones legales y todo abuso que de su derecho realicen los particulares es causa de responsabilidad civil.

**Artículo 33.-** El derecho para reclamar los daños y perjuicios a que se refiere el artículo anterior, dura un año contado a partir del día en que el ofendido tenga conocimiento del hecho abusivo.

## LIBRO PRIMERO

## PARTE GENERAL
### De los Hechos, Actos y Negocios Jurídicos

## TÍTULO PRIMERO
### Disposiciones Preliminares

**Artículo 34.-** Supuesto jurídico es la hipótesis prevista por la ley, de cuya realización depende el nacimiento. la modificación, la transmisión o la extinción de derechos y obligaciones o de situaciones jurídicas concretas.

**Artículo 35.-** Cuando el supuesto se realiza sin intervenir la voluntad del hombre ni en tal realización ni en la producción de sus consecuencias de derecho, el acontecimiento se llama hecho jurídico.

**Artículo 36.-** Cuando el hecho es realizado voluntariamente por su autor, sin intención de producir ninguno de los efectos jurídicos que menciona el artículo 34, no obstante lo cual se producen, se llama acto jurídico.

**Artículo 37.-** Cuando el acto es lícito y se realiza con el propósito de producir cualquiera de las consecuencias a que se refiere el artículo 34, se llama negocio jurídico.

**Artículo 38.-** Los actos que no constituyen negocios jurídicos, pueden ser:

**I.-** Lícitos; o

**II.-** Ilícitos, pudiendo éstos ser, a su vez, ilícitos penales o delitos, o ilícitos civiles.

**Artículo 39.-** Es ilícito el acto que es contrario a las leyes de orden público o a las buenas costumbres.

**Artículo 40.-** Para los efectos específicos del capítulo quinto del título segundo de este libro, es ilícito todo hecho del hombre realizado con dolo, culpa o negligencia, que cause daño a otro en su persona o en sus bienes.

**Artículo 41.-** Según que consistan en una acción o en una omisión, serán positivos o negativos los actos jurídicos, y según que los mismos puedan o no realizarse, serán posibles o imposibles.

**Artículo 42.-** Es imposible el hecho que no puede existir porque es incompatible con una ley de la naturaleza o con una norma jurídica que deba regirlo necesariamente y que constituye un obstáculo insuperable para su realización.

**Artículo 43.-** No se considerará imposible el hecho que no pueda ejecutarse por el obligado, pero sí por otra persona en lugar de él.

## TÍTULO SEGUNDO
### De los Actos Jurídicos Nominados que Generan Obligaciones

### CAPÍTULO PRIMERO
### De la Gestión de los Negocios Ajenos

**Artículo 44.-** El que oficiosamente, esto es, sin contrato previo y sin estar obligado a ello por la ley, se encarga de un asunto de otro, debe:

**I.-** Obrar conforme a los intereses del dueño del negocio;

**II.-** Dar aviso de la gestión, tan pronto como sea posible, al dueño del negocio y esperar su decisión, a menos que haya peligro en la demora; pero si no fuese posible dar este aviso, el gestor debe continuar la gestión hasta que concluya el asunto;

**III.-** Desempeñar la gestión con la diligencia que emplea en negocios propios.

**Artículo 45.-** Si el dueño del negocio aprovecha los servicios del gestor, debe indemnizado de conformidad con lo establecido por este Código en materia de enriquecimiento ilegítimo.

**Artículo 46.-** El gestor responde de los daños y perjuicios que por su culpa, negligencia o dolo se irroguen al dueño de los bienes o negocios que gestione.

**Artículo 47.-** Si la gestión tiene por objeto evitar un daño inminente al dueño, el gestor responde únicamente por culpa o negligencia graves y por dolo.

**Artículo 48.-** Si la gestión se ejecuta contra la voluntad real o presunta dcl dueño, el gestor debe reparar los daños y perjuicios que resulten a aquél de la gestión, cualquiera que sea la causa de aquéllos.

**Artículo 49.-** El gestor responde del caso fortuito si hiciere operaciones arriesgadas, aunque el dueño del negocio tuviere costumbre de hacerlas.

**Artículo 50.-** Si el gestor delegare en otra persona todos o algunos de los deberes de su cargo, responderá de los actos del delegado, sin perjuicio de la obligación directa de éste para con el propietario del negocio.

**Artículo 51.-** La responsabilidad de los gestores, cuando fueren dos o más, será solidaria.

**Artículo 52.-** El dueño de un asunto que hubiere sido útilmente gestionado, debe cumplir las obligaciones contraídas con terceros por el gestor.

**Artículo 53.-** En el caso del artículo anterior, el dueño del negocio, debe pagar al gestor los gastos necesarios que hubiere hecho en el ejercicio de su cargo, así como los intereses legales correspondientes.

**Artículo 54.-** Cuando la gestión hubiere tenido por objeto cumplir por el dueño del negocio, con un deber impuesto en interés público, el dueño debe pagar al gestor los gastos necesarios que haya hecho en la gestión, más los intereses legales, aunque aquél no ratifique la gestión.

**Artículo 55.-** La ratificación pura y simple del dueño del negocio produce todos los efectos de un mandato, los cuales se retrotraen al día en que se inició la gestión.

**Artículo 56.-** Cuando sin consentimiento del obligado a prestar alimentos los diese un extraño, éste tendrá derecho a reclamar de aquél su importe, a no ser que conste que los dió0 con ánimo de hacer un acto de liberalidad.

**Artículo 57.-** Los gastos funerarios proporcionados a la condición de los familiares del difunto y a los usos de la localidad, deberán ser satisfechos al que los haga, aunque el difunto no hubiese dejado bienes, por aquéllos que hubieren tenido la obligación de alimentarlo en vida.

**Artículo 58.-** Las acciones derivadas de la gestión de negocios prescriben en un año, contado a partir del día que tuvo conocimiento de ella el dueño del negocio o su representante legítimo; pero prescriben en dos años, contados desde el día en que termine la gestión, si antes no tuvieron conocimiento de ella el dueño del negocio o, en su caso, el representante legítimo de éste.

**Artículo 59.-** En cuanto a los alimentos a que se refiere el artículo 56, si el gestor los presta periódicamente, la prescripción de la acción que de ellos di. mane se realizará de manera escalonada, según lo establece este Código para la prescripción de las prestaciones periódicas.

## CAPÍTULO SEGUNDO
### Del Enriquecimiento Ilegítimo

**Artículo 60.-** Hay enriquecimiento ilegítimo cuando alguien, sin tener derecho para ello, aumenta su patrimonio en detrimento de otro.

**Artículo 61.-** Si el enriquecimiento es igual al empobrecimiento o menor que éste, el enriquecido debe indemnizar al empobrecido en la medida del enriquecimiento.

**Artículo 62.-** Si el enriquecimiento es mayor que el empobrecimiento, el enriquecido debe indemnizar al empobrecido en la medida del empobrecimiento; pero si aquél es de mala fe, el excedente se dividirá entre ambos.

**Artículo 63.-** Habrá obligación de restituir lo recibido por una causa que resulte errónea o inexistente.

**Artículo 64.-** Quien hubiera hecho un acto de liberalidad no puede, so pretexto de enriquecimiento ilegítimo, exigir indemnización.

**Artículo 65.-** No se considera como obligaciones nacidas de un enriquecimiento sin causa, las que tengan su origen en un reconocimiento o en una promesa abstractos de deuda.

**Artículo 66.-** Cuando por actos de una o varias personas se beneficiaren otra u otras, por aumentar el valor de sus propiedades o posesiones, y dicho beneficio sea consecuencia del que también obtengan la persona o personas que hayan realizado o mandado realizar tales actos, no habrá lugar a exigir indemnización alguna, no obstante las obras realizadas y consiguientes erogaciones hechas al respecto por estas últimas.

## CAPÍTULO TERCERO
### Del pago de lo indebido

**Artículo 67.-** Cuando se reciba alguna cosa que no se tenía derecho de exigir y que por error ha sido indebidamente pagada, se tiene obligación de restituirla.

**Artículo 68.-** En el caso del artículo anterior el error puede recaer sobre la persona del acreedor o del deudor, o sobre la existencia de la deuda.

**Artículo 69.-** Habrá error sobre la persona del acreedor, cuando el pago se haga a quien no tenga tal carácter, en el falso concepto de que sí lo tenía.

**Artículo 70.-** Habrá error sobre la persona del deudor, cuando el pago se haga por quien falsamente se estime deudor.

**Artículo 71.-** Habrá error sobre la existencia de la deuda. cuando se pague una obligación que no ha existido o que habiendo existido ya esté extinguida.

**Artículo 72.-** También habrá error sobre la existencia de la deuda, cuando se paga una obligación nula ignorando el que hace el pago el vicio o motivo de la nulidad.

**Artículo 73.-** Quien acepta una prestación de hacer a sabiendas de no ser debida debe restituir, a elección del acreedor, el precio que la prestación tenía al tiempo en que se realizó o el que tenga al tiempo en que se restituya, con el pago de los respectivos intereses en uno y otro caso.

**Artículo 74.-** En el caso de la prestación a que se refiere el artículo anterior, si quien la aceptó es de buena fe, sólo debe restituir lo equivalente a su enriquecimiento.

**Artículo 75.-** Quien de mala fe reciba un pago indebido deberá:

**I.-** Si la prestación pagada es de hacer, pagar a elección del acreedor, el precio que la prestación tenía al tiempo que se realizó o el que tenga al tiempo que se restituya, con sus respectivos intereses.

**II.-** Si se trata de capitales, deberá restituir lo recibido, más los intereses legales.

**III.-** Si el bien pagado produce frutos, deberá abonar los percibidos y los dejados de percibir.

**Artículo 76.-** Además de lo dispuesto en el artículo anterior, quien de mala fe reciba un pago indebido, responderá de los menoscabos que el bien haya sufrido por cualquier causa y de los perjuicios que se irrogaren al que lo entregó, hasta que lo recobre; pero no responderá del caso fortuito cuando éste hubiere podido afectar del mismo modo al bien hallándose en poder de quien lo entregó.

**Artículo 77.-** Si quien recibió el bien con mala fe, lo hubiere enajenado gratuita u onerosamente a un tercero que tuviera también mala fe, podrá el dueño reivindicado y cobrar de uno y otro los datos y perjuicios; pero si el tercero adquiere el bien de buena fe, no se le podrá exigir el pago de éstos al demandarle la reivindicación.

**Artículo 78.-** El que de buena fe hubiere aceptado un pago indebido de bien cierto y determinado, sólo responderá de los menoscabos o pérdida de éste y de sus accesiones en cuanto por ello se hubiere enriquecido.

**Artículo 79.-** En el caso del artículo anterior, si quien aceptó en pago el bien cierto y determinado, lo hubiere donado, el dueño podrá reivindicarlo en los términos del artículo 77; pero si lo hubiere enajenado a título oneroso, solamente restituirá el precio o le cederá la acción para hacerlo efectivo.

**Artículo 80.-** El que de buena fe hubiere aceptado un pago indebido, tiene derecho a que se le abonen los gastos necesarios hechos con motivo de ese bien y a retirar las mejoras útiles, si con la separación no sufre aquel detrimento. Si lo sufre, tiene derecho a que se le pague una cantidad equivalente al aumento de valer que recibió el bien con la mejora hecha.

**Artículo 81.-** Queda libre de la obligación de restituir el que, creyendo de buena fe que se hacía el pago por cuenta de un crédito legítimo y subsistente, hubiese inutilizado el título, dejado prescribir la acción, abandonado las prendas o cancelado las garantías de su derecho. El que paga indebidamente sólo podrá dirigirse contra el verdadero deudor o los fiadores respecto de los cuales la acción estuviese viva.

**Artículo 82.-** La prueba del pago incumbe al que pretende haberlo hecho. También corre a su cargo la del error con que lo realizó, a menos que el demandado negare haber recibido el bien que se reclama. En este caso, justificada la entrega por el demandante, queda relevado de toda otra prueba. Esto no limita el derecho del demandado para acreditar que le era debido lo que recibió.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 83.-** Se presume que hubo error en el pago, cuando se entrega un bien que no se debía o que ya estaba pagado; pero aquél a quien se pide la devolución puede probar que la entrega se hizo a título de liberalidad o por cualquiera otra causa justa.

**Artículo 84.-** La acción para repetir lo pagado indebidamente prescribe en un año contado desde que se conoció el error que originó el pago. El solo transcurso de cinco años contados desde el pago indebido extingue el derecho para reclamado.

**Artículo 85.-** Lo que se hubiere entregado para la realización de un fin que sea ilícito, no quedará en poder del que lo recibió, sino que íntegramente se aplicará a la Asistencia Pública del Estado, El Ministerio Público cuidará del exacto cumplimiento de esta disposición y deberá continuar la acción que iniciada por quien hizo el pago, la abandone posteriormente; ejercitará también dicha acción cuando el interesado no lo haga.

**Artículo 86.-** El que ha pagado para cumplir una deuda prescrita, un deber moral o cualquiera otra obligación natural, no tiene derecho de repetir.

## CAPÍTULO CUARTO
### De los Ilícitos Civiles

## SECCIÓN PRIMERA
### De la Responsabilidad por Hechos Propios

**Artículo 87.-** Todo hecho del hombre, que no constituya delito, ejecutado por culpa o negligencia, sean éstas simples o dolosas, que causen daño a otro en su persona o en sus bienes, obliga a su autor a la reparación del daño y a la indemnización de los perjuicios de acuerdo con las disposiciones de este Código.

**Articulo 88.-** El incapaz que cause daño debe repararlo salvo que la reparación recaiga en las personas a que se refiere el artículo 92.

**Artículo 89.-** Cuando sin culpa ni negligencia, dos ó más personas se causen daños, cada una soportará los que hubiere recibido, sin derecho a reparación ni indemnización alguna.

**Artículo 90.-** Las personas que causen en común un daño son responsables solidariamente por la reparación de aquél y la indemnización de los perjuicios.

**Artículo 91.-** Cuando al ejercitar un derecho se cause daño a otro, hay obligación de indemnizarlo si se demuestra que el derecho sólo se ejerció para causar el daño, sin utilidad para el titular del derecho.

## SECCIÓN SEGUNDA
### De la Responsabilidad por Hechos Ajenos

**Artículo 92.-** Los que ejerzan la patria potestad, o la tutela, tienen obligación de responder de los daños y perjuicios causados por los actos de los incapaces, que estén bajo su poder y su cuidado y que habiten con ellos.

**Articulo 93.-** Cesa la responsabilidad a que se refiere el artículo anterior, cuando los menores o mayores incapaces ejecuten los actos que dan origen a ella encontrándose bajo la vigilancia y la autoridad de otras personas.

**Artículo 94.-** Los directores de internados, de colegios, de talleres, los maestros de aquéllos y éstos y los directores de hospitales y manicomios, son responsables de los daños y perjuicios que causen los menores o mayores incapaces, que estén bajo su cuidado y mientras dure éste.

**Artículo 95.-** Los maestros artesanos son responsables de los daños y perjuicios causados por sus peanes, operarios y aprendices, en la ejecución de los trabajos que les encomienden.

**Artículo 96.-** Los patrones y los dueños de establecimientos industriales o mercantiles o de cualquier medio de transporte, están obligados a responder de los daños y perjuicios causados por sus obreros o dependientes en el ejercicio de su trabajo.

**Artículo 97.-** Los jefes de casa y los dueños de hoteles o casas de hospedaje están obligados a responder de los daños y perjuicios causados por sus sirvientes en el ejercicio de su encargo.

**Artículo 98.-** Las personas que ejercen profesiones técnicas o liberales, están obligadas a responder de los daños y perjuicios causados en el desempeño de su encargo, por sus auxiliares, ayudantes, colaboradores, pasantes, enfermos o empleados.

**Artículo 99.-** En los casos previstos por los cuatro artículos anteriores, el que sufre el daño puede exigir la reparación directamente del responsable, en los términos de este capítulo.

**Artículo 100.-** Las personas morales son responsables de los daños y perjuicios que causen sus representantes legales en el ejercicio de sus funciones.

**Artículo 101.-** El Estado y los municipios tienen obligación de responder de los daños causados por sus obreros, empleados o funcionarios en el ejercicio de las actividades o labores que les estén encomendadas.

**Artículo 102.-** La responsabilidad a que se refiere el artículo anterior, es subsidiaria y sólo podrá hacerse efectiva contra el Estado o los municipios cuando el directamente responsable no tenga bienes, o los que tenga no sean suficientes para responder del daño causado; pero la excusión de bienes queda a cargo del Estado o de los municipios en su caso.

**Artículo 103.-** El que paga el daño causado por sus sirvientes, obreros, empleados o funcionarios, puede repetir de ellos lo que hubiere pagado.

## SECCIÓN TERCERA
### De la Responsabilidad por Causa de los Bienes

**Artículo 104.-** El propietario de un edificio es responsable de los daños que resulten de la ruina de todo o parte de él, si ésta sobreviene por falta de reparaciones necesarias o por vicios de construcción.

**Artículo 105.-** El propietario a que se refiere el artículo anterior, es también responsable de los daños que el edificio cause a las propiedades contiguas, por vicios de construcción o falta de solidez del terreno no obstante que se trate de un edificio nuevo o de uno en que no exista ruina o deterioro por falta de reparaciones, y no obstante también que aquél adquiera el edificio ya construido y no sea él quien haya ordenado la construcción.

**Articulo 106.-** De los daños causados a las propiedades vecinas, por la hincadura de pilotes subterráneos, y de los causados por las excavaciones realizadas en un predio, que hagan perder el sostén necesario al suelo y a las construcciones limítrofes, responderá el dueño del terreno en que se realicen dichas hincaduras y excavaciones.

**Artículo 107.-** Las obligaciones que al propietario imponen los artículos anteriores pasan a todo adquirente posterior del inmueble.

**Artículo 108.-** La responsabilidad que al propietario imponen los mismos artículos anteriores, no cesa con la transmisión de su dominio sobre el bien.

**Artículo 109.-** La responsabilidad de los enajenantes y de los adquirentes sucesivos, reglamentada en los dos artículos anteriores, de reparar e indemnizar, es solidaria e incluye la de los daños que el edificio dañante siga causando, hasta su total y definitivo asentamiento, a las propiedades vecinas.

**Artículo 110.-** En el caso de responsabilidad por daños y perjuicios causados por un edificio, será Juez competente el del lugar de la ubicación de la propiedad o edificio dañados.

**Artículo 111.-** Los jefes de familia que habiten una casa o parte de ella, serán responsables de los daños causados por las cosas que se arrojaren o cayeren de la misma, salvo que la caída se deba a caso fortuito o fuerza mayor o a hechos de un tercero extraño a los habitantes de la casa y al personal doméstico al ser, vicio de éstos en cuyo último caso la. responsabilidad será del tercero.

**Artículo 112.-** En la misma forma establecida en el artículo anterior, responderán los jefes de familia por los daños que cause la caída de los árboles plantados en los patios o jardines de la casa que habiten. por las filtraciones y escurrimientos de agua y por las explosiones ocurridas en su casa o departamento.

**Artículo 113.-** El dueño de un animal pagará el daño causado por éste, si no probare alguna de estas circunstancias:

**I.-** Que lo guardaba y vigilaba con el cuidado necesario;

**II.-** Que el animal fue provocado;

**III.-** Que hubo imprudencia por parte del ofendido; y

**IV.-** Que el hecho resulte de caso fortuito o de fuerza mayor.

**Artículo 114.-** Si el animal que hubiere causado el dueña o poseedora originaria, o derivada, de máquinas, es de éste y no del dueño del animal.

## CAPÍTULO QUINTO
### De la Responsabilidad Objetiva o Riesgo Creado

**Artículo 115.-** Cuando una persona hace uso, como dueño o poseedora originaria, o derivada, de máquinas, calderas, substancias, mecanismos, instrumentos o aparatos peligrosos por sí mismos, por la velocidad que desarrollen, por su naturaleza explosiva o inflamable, por la energía de la corriente eléctrica que conduzcan o por otras causas análogas, está obligada a responder del daño que cause aunque no exista culpa o negligencia de su parte.

**Artículo 116.-** No existe responsabilidad, en el caso del artículo anterior, si el daño se debe a culpa o negligencia inexcusable de la víctima o a culpa de un tercero.

**Artículo 117.-** Si el poseedor derivado responsable conforme al artículo 115, carece de bienes, o los que tiene son insuficientes para cubrir la responsabilidad, ésta podrá exigirse, subsidiariamente, al dueño. o poseedor originario y la excusión de bienes es a cargo de éste.

**Artículo 118.-** Habrá también responsabilidad, en los términos del artículo 115, si el daño se produce por el solo hecho de que al explotar o inflamarse el bien y causarse el daño, una persona lo esté poseyendo o custodiando.

**Artículo 119.-** Habrá asimismo responsabilidad en los términos de este capítulo, por los daños que se causen:

**I.-** Por la radioactividad en perjuicio de personas o de bienes, producida por el uso de la energía nuclear;

**II.-** Por los efectos molestos o peligrosos para la salud de las personas, originados por ruidos o sonidos estridentes, con infracción de los reglamentos correspondientes;

**III.-** Por el humo o gases que sean nocivos a las personas o. a. los bienes;

**IV.-** Por las emanaciones de cloacas o depósitos de materias infectantes;

**V.-** Por los depósitos de agua que humedezcan la pared del vecino o se derramen sobre la propiedad de éste;

**VI.-** Por el peso o movimiento de las máquinas;

**VII.-** Por las aglomeraciones de materias o animales nocivos a la salud; y

**VIII.-** Por cualquiera causa producida, aun sin culpa o negligencia del poseedor originario o derivado del bien que la origina, que dañe a las personas o a los bienes.

**Artículo 120.-** No existirá la responsabilidad a que se refiere este capítulo cuando el daño se cause por caso fortuito o fuerza mayor.

## CAPÍTULO SEXTO
### De la cuantificación del daño

**Artículo 121.-** Para cuantificar la responsabilidad a que se refieren los artículos anteriores, se entiende por daño la pérdida o menoscabo sufrido en el patrimonio; y se reputa perjuicio la privación de cualquier ganancia lícita que pudiera haberse obtenido.

**Artículo 122.-** La reparación del daño causado a los bienes debe consistir, en el restablecimiento de éstos al Estado en que se encontraban antes de que aquél se produjera.

**Artículo 123.-** Cuando el restablecimiento ordenado en el artículo anterior sea imposible, la reparación consistirá en el pago en dinero de los daños y perjuicios consiguientes, entendiéndose por daños, para este efecto, los menoscabos y deterioros causados materialmente en el bien, y por perjuicios lo que deje de ganarse lícitamente por el no uso del bien, durante todo el tiempo que transcurra desde la producción del daño hasta su total reparación.

**Artículo 124.-** Cuando el daño se cause a las personas y le produzca incapacidad total temporal o parcial temporal, la reparación del daño material consistirá en el pago de los servicios profesionales médicos, medicinas, hospitalización y otros, que sean necesarios para la curación de la víctima y, la indemnización de los perjuicios pagando todo lo que el lesionado deje de percibir por su trabajo personal, durante todo el tiempo que transcurra desde que haya sido lesionado, hasta que pueda trabajar.

**Artículo reformado POE 15-03-2002**

**Artículo 125.-** Si no existe una percepción fija, la indemnización se calculará por peritos, quienes a este fin tomarán en cuenta las capacidades y aptitudes de la víctima en relación con su profesión, arte, oficio, trabajo o actividad a la que normalmente se dedique; pero si los elementos de que en el caso dispongan los peritos resultaren insuficientes para emitir un dictamen debidamente fundado, lo mismo en el caso de que la víctima no disfrute de ninguna percepción o no desarrolle ninguna actividad productiva, la

indemnización de los perjuicios se calculará sobre la base del salario mínimo legalmente vigente en la época o épocas en que el lesionado deje de trabajar.

**Artículo 126.-** Si el daño origina la muerte, la reparación del daño material consistirá en el pago de los gastos mortuorios y de todos los que en su caso se hubieren hecho con el fin de curar a la víctima de las lesiones que le hayan causado la muerte.

Si el daño origina la incapacidad total permanente o parcial permanente, la reparación del daño material consistirá en el pago de los servicios profesionales médicos, medicinas, hospitalización y otros que se hayan realizado con motivo del daño causado.

*Artículo reformado POE 15-03-2002*

**Artículo 127.-** La indemnización económica consistirá en el pago del importe de ochocientos días del salario que percibía la víctima; pero si este salario excede cuatro tantos del mínimo más alto en el Estado, se tomará como tope esa cantidad.

**Artículo 128.-** Si la victima tenia ingresos variables o no percibía ingreso alguno, se calculará la indemnización, según dispone el artículo anterior, a razón de ochocientos días del salario mínimo de la zona económica.

**Artículo 129.-** Tendrán derecho al pago de los gastos mortuorios y de curación, en su caso, quienes justifiquen haberlos hecho; y al pago de la indemnización de los perjuicios, las personas que dependían económicamente de la víctima y en su defecto aquellas con quienes vivía familiarmente o las personas de quienes la víctima dependía pecuniariamente. A falta de todos ellos, el derecho pasará a los herederos del occiso.

**Artículo 130.-** Si el deudor fuere económicamente incapaz de pagar en una sola exhibición la cantidad a que se refiere el artículo anterior, podrá el Juez permitirle que la pague en abonos y con plazos de gracia, fijando el mismo Juez el monto de los abonos y la extensión de los plazos, según las condiciones de las partes.

**Artículo 131.-** Daño moral es el que se causa en términos del artículo 2299 de este Código.

Cuando un hecho u omisión produzcan un daño moral, el responsable del mismo tendrá la obligación de repararlo mediante un pago en dinero, con independencia de que se hayan causado daños materiales y perjuicios.

La acción de reparación del daño moral no es transmisible a terceros por acto entre vivos y sólo pasa a los herederos de la víctima cuando ésta haya intentado la acción en vida

*Artículo reformado POE 15-03-2002*

**Artículo 132.-** Se considerará invariablemente la existencia de daño moral, siempre que el daño se cause a las personas y produzca la muerte, incapacidad total permanente, parcial permanente, total temporal o parcial temporal. En estos casos, para la determinación de la reparación del daño moral el juez tomará como referencia los

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

parámetros de indemnización considerados para los diversos grados de lesión o la muerte, previstos en la Ley Federal del Trabajo.

Además de lo dispuesto en el párrafo anterior, el Juez podrá acordar a favor de la víctima, un incremento de hasta el ochenta por ciento del monto que se fije en los parámetros de lesiones o de muerte previstos en la Ley Federal del Trabajo, atendiendo a las circunstancias del caso.

*Artículo reformado POE 15-03-2002*

**Artículo 133.-** En otros casos donde exista daño moral, el Juez determinará el monto de la reparación de éste tomando en cuenta los derechos lesionados, el grado de responsabilidad, la situación económica del responsable y la de la víctima, así como las demás circunstancias del caso.

*Párrafo reformado POE 18-04-2007*

Independientemente de lo anterior, cuando el daño moral haya afectado a la víctima en su decoro, honor, reputación o consideración, el Juez ordenará, a petición de ésta y con cargo al responsable, la publicación de un extracto de la sentencia que refleje adecuadamente la naturaleza y alcance de la misma, a través de los medios informativos que considere convenientes. En los casos en que el daño derive de un acto que haya tenido difusión en los medios informativos, el Juez ordenará que los mismos den publicidad al extracto de la sentencia, con la misma relevancia que hubiere tenido la difusión original.

*Artículo reformado POE 15-03-2002*

**Artículo 134.-** La acción para exigir la responsabilidad civil, prescribe en dos años contados desde que se causaron los daños o perjuicios.

### TÍTULO TERCERO
### De los negocios jurídicos

### CAPÍTULO PRIMERO
### Disposiciones preliminares

**Artículo 135.-** Son elementos esenciales del negocio jurídico:

**I.-** La voluntad;

**II.-** El objeto;

**III.-** La licitud; y

**IV.-** La solemnidad.

**Artículo 136.-** El objeto directo del negocio jurídico consiste en la creación, transmisión, modificación o extinción de derechos y obligaciones o de situaciones jurídicas concretas.

**Artículo 137.-** Es lícito el negocio jurídico cuando no está expresa o tácitamente prohibido por la ley y ésta reconoce como efectos de él los deseados por el autor o por las partes.

**Artículo 138.-** La solemnidad es elemento esencial cuando expresamente la requiera la ley.

**Artículo 139.-** Son elementos de validez del negocio jurídico:

**I.-** La capacidad de ejercicio del autor o de las partes;

**II.-** La voluntad no viciada;

**III.-** La licitud en el objeto indirecto. en el motivo o fin o en la condición del negocio; y

**IV.-** La forma.

**Artículo 140.-** Cuando un negocio jurídico es realizado por una sola persona, a ésta se le designa con el nombre de autor, y si en la celebración concurren dos o más voluntades, se les llama partes.

**Artículo 141.-** Las personas que en el acto jurídico no intervengan como autor o partes son terceros.

**Artículo 142.-** No son terceros el representante en todo caso ni el causahabiente cuando lo disponga la ley.

**Artículo 143.-** Los efectos del negocio jurídico obligan exclusivamente a su autor y a las partes.

**Artículo 144.-** Puede prometerse a una persona que otra celebrará con ella determinado negocio jurídico, pudiéndose fijar una pena convencional para el caso de que el promitente no obtenga el consentimiento del tercero para esa celebración.

**Artículo 145.-** La persona que substituye al autor o a cualquiera de las partes en un negocio jurídico, adquiere la situación jurídica concreta, en su favor y en su contra, que adquirió con motivo de ese negocio el sustituido.

**Artículo 146.-** La persona que sustituye se llama causahabiente, y la substituida causante.

**Artículo 147.-** El causahabiente es a título universal cuando substituye al causante en todo su patrimonio o en una parte alícuota de éste; y es a título particular cuando la substitución se refiere sólo a bienes o derechos determinados en forma específica.

**Artículo 148.-** Hecha excepción de los negocios formales y de los solemnes, todos los demás se perfeccionan, si son bilaterales. por el solo consentimiento y si son unilaterales, por la sola manifestación de la voluntad del autor.

**Artículo 149.-** Desde que los negocios se perfeccionan obligan a sus autores y a las partes no sólo al cumplimiento de lo expresamente estipulado, sino también a las consecuencias que, según su naturaleza, son conformes a la buena fe, a la costumbre o a la ley.

**Artículo 150.-** La validez y el cumplimiento de los negocios jurídicos no pueden dejarse al arbitrio de una de las partes. si son bilaterales, o de su autor si son unilaterales, hecha excepción de los casos expresamente señalados en la ley.

**Artículo 151.-** Los negocios jurídicos que no estén especialmente reglamentados en este Código, se regirán Por las reglas generales de aquéllos, por las estipulaciones de sus autores o de las partes en su caso, y en lo que la ley, las partes o los autores fueren omisos, por las disposiciones del negocio jurídico con el que tengan más analogía, de los reglamentados en este ordenamiento.

## CAPÍTULO SEGUNDO
### De los elementos esenciales del negocio jurídico

### SECCIÓN PRIMERA
### De la voluntad

### SUBSECCIÓN PRIMERA
### De la validez de la voluntad y de la formación del consentimiento

**Artículo 152.-** Para que la voluntad obligue debe:

**I.-** Ser expresada por persona capaz; y

**II.-** No estar viciada.

**Artículo 153.-** La declaración de voluntad debe emitirse con la real y positiva intención de obligarse.

**Artículo 154.-** La voluntad puede ser expresa o tácita. Es expresa cuando se manifiesta verbalmente, por escrito o por signos inequívocos. La tácita resultará de hechos o de actos que la presupongan o que autoricen a presumirla.

**Artículo 155.-** Toda persona que propone a otra la celebración de un negocio jurídico fijándole un plazo para aceptar, queda ligada por su oferta hasta la expiración del plazo.

**Artículo 156.-** Cuando la oferta se haga a una persona presente, sin fijación del plazo para aceptarla, el autor de la oferta queda desligado si la aceptación no se hace inmediatamente.

**Artículo 157.-** La misma regla establecida en el artículo anterior se aplicará a la oferta hecha por teléfono o por radiotelefonía.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 158.-** Cuando la oferta se haga sin fijación de plazo a una persona no presente, el autor de la oferta quedará ligado durante tres días, además del tiempo necesario para la ida y vuelta regular del correo público, o del que se juzgue bastante, no habiendo correo público, según las distancias y la facilidad o la dificultad de las comunicaciones.

**Artículo 159.-** El negocio jurídico entre no presentes se perfecciona en el momento en que es aceptado; pero si surge alguna controversia al respecto, se tendrá como fecha cierta de la aceptación la del sello de la oficina postal o telegráfica en que se haya depositado, para ser enviado a su destino, la carta o telegrama de aceptación, en la inteligencia de que si para el envió de la aceptación fueren utilizados los servicios de un propio, se tendrá como tal fecha cierta la de la entrega de la carta de aceptación al propio.

**Artículo 160.-** La oferta se considerará como no hecha si la retira su autor y el destinatario recibe la retractación antes que la oferta. La misma regla se aplica al caso en que se retire la aceptación.

**Artículo 161.-** Si al tiempo de la aceptación hubiere fallecido el proponente, sin que el aceptante fuere sabedor de su muerte, quedarán los herederos de aquél obligados a sostener la oferta.

**Artículo 162.-** El proponente quedará libre de su oferta cuando la respuesta que reciba no sea una aceptación lisa y llana, sino que importe modificación de la primera y en este caso la respuesta se considerará como nueva proposición, que se regirá por lo dispuesto en los artículos anteriores.

**Artículo 163.-** La propuesta y la aceptación por telégrafo o por radiotelegrafía son obligatorias si los contratantes, con anterioridad habían estipulado, por escrito, esas maneras de contratar y si los originales de los telegramas o radiotelegramas están firmados por el proponente, o por el aceptante, en sus respectivos casos.

## SUBSECCIÓN SEGUNDA
### De la interpretación de la Voluntad

**Artículo 164.-** Si los términos de un negocio jurídico son claros y no dejan duda sobre la intención de quienes lo celebran, se estará al sentido literal de sus cláusulas.

**Artículo 165.-** Si las palabras parecieren contrarias a la intención evidente de los celebrantes, prevalecerá ésta sobre aquéllas.

**Artículo 166.-** Cualquiera que sea la generalidad de los términos de un negocio jurídico, no deberán entenderse comprendidos en él, bienes distintos y casos diferentes de aquéllos sobre los que los interesados se propusieron contratar o el autor se propuso obligarse por su declaración unilateral de voluntad.

**Artículo 167.-** Si alguna cláusula admitiere diversos sentidos, deberá entenderse en el más adecuado para que el negocio produzca efecto.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 168.-** Las cláusulas deben interpretarse las unas por las otras, atribuyendo a las dudosas el sentido que resulta del conjunto de todas.

**Artículo 169.-** Las palabras que puedan tener distintas acepciones serán entendidas en aquélla que sea más conforme a la naturaleza y objeto del negocio jurídico de que se trate.

**Artículo 170.-** El uso o la costumbre del país se tendrán en cuenta para interpretar las ambigüedades de los negocios jurídicos.

**Artículo 171.-** Las cláusulas insertas en las condiciones generales del contrato o en machotes, formas o esqueletos dispuestos por uno de los contratantes por sí, o con aprobación de la autoridad respectiva, para normal de modo uniforme determinadas relaciones contractuales, se interpretarán, en casos de duda, en favor del otro contratante y la misma regla se observará a favor de la parte económica o culturalmente más débil.

**Artículo 172.-** Tratándose de los machotes, esqueletos o formas para contratos que expendan las papelerías o cualquier otro establecimiento mercantil, las cláusulas insertas en ellos se interpretarán también en favor de la parte económica o culturalmente más débil.

**Artículo 173.-** En todo caso las cláusulas agregadas a las formas o esqueletos de que hablan los dos articulas anteriores prevalecerán sobre las de éstos cuando fueren total o parcialmente incompatibles con las del machote, aunque estas últimas no hubiesen sido canceladas.

**Artículo 174.-** La causa o motivo determinante de la voluntad en los negocios jurídicos se tomará en consideración, para precisar los alcance y efectos de todas aquellas cláusulas y estipulaciones que no sean claras y se contradigan.

**Artículo 175.-** Cuando fuere absolutamente imposible resolver las dudas por las reglas establecidas en los artículos precedentes, si aquéllas recaen sobre las circunstancias accidentales del negocio jurídico y éste fuere gratuito, se resolverán en favor de la menor transmisión de derechos e intereses; si fuere oneroso, se resolverá la duda en favor de la parte más débil económica o socialmente y sólo que las partes sean económica o socialmente iguales, la duda se resolverá en favor de la mayor reciprocidad de intereses.

**Artículo 176.-** Sí las dudas de cuya resolución se trata en el artículo anterior recayesen sobre el objeto principal del negocio, de suerte que no pueda venirse en conocimiento de cuál fue la intención o la voluntad de los celebrantes, el negocio será nulo.

**Artículo 177.-** Si al interpretar el negocio jurídico no es posible establecer la concordancia entre la voluntad y la declaración, y se prueba que esa discordancia es imputable a dolo del autor de la declaración, ignorándolo la otra parte, aquélla es responsable civilmente por el resarcimiento de los daños y perjuicios ocasionados al destinatario de la declaración.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 178.-** El dolo o la mala fe del destinatario de la declaración impide el nacimiento de la responsabilidad civil.

## SECCIÓN SEGUNDA
### Del objeto de los Negocios Jurídicos

**Artículo 179.-** Son objeto indirecto de los negocios jurídicos:

**I.-** El bien que el obligado debe prestar; y

**II.-** El hecho que el obligado debe hacer o no hacer.

**Artículo 180.-** El bien objeto del negocio debe:

**I.-** Existir en la naturaleza;

**II.-** Ser determinado o determinable en cuanto a su especie; y

**III.-** Estar en el comercio.

**Artículo 181.-** Los bienes futuros pueden ser objeto de un negocio jurídico. Sin embargo, no puede serlo la herencia de una persona viva, aun cuando ésta presente su consentimiento.

**Artículo 182.-** El hecho positivo o negativo, objeto del negocio, debe ser:

**I.-** Posible; y

**II.-** Lícito.

## SECCIÓN TERCERA
### De la Ilicitud de los Negocios Jurídicos Considerados en sí mismos

**Artículo 183.-** La ilicitud en el negocio jurídico impide que éste produzca los efectos que le serian propios; pero en virtud de él, su autor o autores incurren en las sanciones establecidas por la ley.

## SECCIÓN CUARTA
### De la Solemnidad

**Artículo 184.-** Los efectos jurídicos deseados por los interesados en materia del estado civil de las personas, no podrán producirse si falta el elemento esencial de la solemnidad requerida en su caso por la ley; pero si se producirán si solamente falta una simple formalidad

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 185.-** Fuera del caso señalado en el artículo anterior, la falta de solemnidad sólo afecta al acto jurídico en los casos que la ley lo establezca expresamente, los cuales no podrán aplicarse por analogía.

## CAPÍTULO TERCERO
### De los Elementos de Validez del Negocio Jurídico

### SECCIÓN PRIMERA
### De la Capacidad y la Representación

**Artículo 186.-** Son hábiles para la celebración de los negocios jurídicos, todas las personas no exceptuadas por la ley.

**Artículo 187.-** La incapacidad de una de las partes no puede ser invocada por la contraparte en su provecho, salvo que sea indivisible el objeto del derecho o de la obligación común.

**Artículo 188.-** El que tiene capacidad para celebrar un negocio jurídico, puede hacerlo por sí o por medio de otro legalmente autorizado.

**Artículo 189.-** Ninguno puede comprometerse a nombre de otro sin estar autorizado por él o por la ley.

**Artículo 190.-** Los negocios jurídicos celebrados a nombre de otro por quien no sea su legítimo representante serán nulos, a no ser que la persona a cuyo nombre fueron celebrados, los ratifique antes de que se retracten por la otra parte. La ratificación debe ser hecha con las mismas formalidades que para el negocio de que se trate exige la ley.

**Artículo 191.-** El cumplimiento voluntario surte efectos de ratificación sin necesidad de formalidad alguna, a no ser que ésta haya sido establecida en beneficio de terceros.

**Artículo 192.-** Si no se obtiene la ratificación. la contraparte tendrá derecho de exigir daños y perjuicios a quien indebidamente celebró con ella el negocio.

### SECCIÓN SEGUNDA
### De los Vicios de la Voluntad

**Artículo 193.-** La voluntad no es válida si ha sido dada por error, por miedo o por dolo.

**Artículo 194.-** El error sobre la naturaleza del negocio jurídico lo anula, si creyendo una de las partes que ha celebrado determinado contrato, la otra parte cree que el celebrado es otro negocio distinto.

**Artículo 195.-** También anula el negocio el error que recae por discrepancia, sobre la identidad del bien materia de aquél, o sobre la identidad de la persona con quien se contrata siempre que haya sido determinante del consentimiento.

**Artículo 196.-** El error de hecho invalida el negocio cuando recae sobre la causa o motivo determinante de la voluntad de cualquiera de las partes o de su autor, si en el acto de la celebración se declara ese motivo o si se prueba por las circunstancias del mismo negocio que éste se celebró en el falso supuesto que lo motivó y no por otra causa. En cualquier otro caso el error será indiferente y no producirá la nulidad.

La misma regla de la invalidez se aplicará si el error es de derecho, salvo que se trate de leyes de orden público, en cuyo caso no podrá alegarse válidamente la nulidad.

**Artículo 197.-** El error de cálculo no da lugar a la nulidad sino sólo a la rectificación, salvo que, consistiendo en un error sobre la cantidad, haya sido de. terminante del consentimiento.

**Artículo 198.-** Se entiende por dolo en los negocios jurídicos, cualquiera maquinación o artificio que se emplee para inducir a error o mantener en él a alguno de los que lo celebran y por mala fe, la disimulación del error de uno de éstos una vez conocido.

**Artículo 199.-** El dolo o la mala fe de una de las partes y el dolo que proviene de un tercero sabiéndolo aquélla, anulan el negocio jurídico si ha sido la causa determinante de éste.

**Artículo 200.-** Si ambas partes proceden con dolo, ninguna de ellas puede alegar la nulidad del negocio o reclamarse indemnizaciones.

**Artículo 201.-** El dolo incidental no afectará la validez del negocio: pero el que lo cometa debe satisfacer cualquier daño que cause al respecto.

**Artículo 202.-** Es dolo incidental el que no fue causa determinante del negocio jurídico.

**Artículo 203.-** La ignorancia o ausencia de conocimientos respecto al asunto materia del negocio, es causa de nulidad de éste, cuando induce a error a quien la padece.

**Artículo 204.-** También es causa de nulidad la reticencia si induce a error.

**Artículo 205.-** La reticencia es el silencio voluntariamente guardado por una de las partes, acerca de un hecho o circunstancia que la otra tendría interés en conocer para estar en aptitud consciente de celebrar el negocio.

**Artículo 206.-** Es nulo el negocio jurídico celebrado por miedo originado en la violencia, ya provenga ésta de alguno de los contratantes, ya de un tercero interesado o no en el negocio.

**Artículo 207.-** Hay violencia cuando se emplea tormento o cualquiera otra fuerza física o amenazas que importen peligro de perder la vida, la honra, la libertad, la salud o una parte considerable de los bienes del que contrate o realice un negocio unilateral, de la persona con quien haga vida marital, sin estar casado, de sus ascendientes, de sus

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

descendientes o de sus parientes colaterales dentro del segundo grado, o de persona unida a él por lazos familiares o de afecto.

La amenaza de hacer valer un derecho podrá fiel causa de anulación del contrato solamente cuando fuese dirigida a conseguir ventajas injustas.

**Artículo 208.-** Si la violencia o el dolo empleados por un tercero fueron sabidos por la parte a cuyo favor se emplearon, ésta y el tercero son solidariamente responsables para con la parte violentada o engañada, de la responsabilidad civil; pero si fueron ignorados por aquélla, el tercero será el único responsable.

**Artículo 209.-** El temor reverencial, esto es, el solo temor de desagradar a las personas a quienes se debe sumisión y respeto, no basta para viciar el consentimiento.

**Artículo 210.-** Las consideraciones generales que los contratantes expusieron sobre los provechos y perjuicios que naturalmente pueden resultar de la celebración o no celebración del negocio y que no importen engaño o amenaza a alguna de las partes, no serán tomadas en cuenta al calificar el dolo o la violencia.

**Artículo 211.-** No es lícito renunciar para lo futuro la nulidad que resulte del dolo, de la mala fe, reticencia o de la violencia.

**Artículo 212.-** Si habiendo cesado la violencia o siendo conocido el dolo o la mala fe, el que sufrió aquélla o padeció el engaño ratifica el negocio, no puede reclamar en lo sucesivo por tales vicios.

## SECCIÓN TERCERA
### De la Licitud, el Motivo o Causa de los Negocios Jurídicos

**Artículo 213.-** El objeto, el fin, el motivo o causa y la condición del negocio jurídico, deben ser lícitos. Para determinar la clase de nulidad que se origina al respecto, se estará a lo dispuesto en el artículo 386.

**Artículo 214.-** Para los efectos legales se entiende por causa del negocio jurídico, el motivo determinante de la voluntad de su autor o de las partes, si en el acto de la celebración se declara ese motivo o si se prueba o se deduce fundamentadamente de las circunstancias del mismo negocio que éste se celebró por ese motivo y no por otro.

## SECCIÓN CUARTA
### De la Forma

**Artículo 215.-** En los negocios civiles cada uno se obliga en la forma y términos que aparezca que quiso obligarse, sin que para la validez de aquéllos se requieran formalidades determinadas, fuera de los casos expresamente designados por la ley.

**Artículo 216.-** Cuando la ley exija determinada forma para un negocio jurídico, mientras que éste no revista esa forma no será válido, salvo disposición legal en contrario; pero si

la voluntad de las partes para celebrarlo consta de manera fehaciente, cualquiera de ellas puede exigir que se dé al negocio la forma legal omitida.

**Artículo 217.-** No será necesario el requisito de la forma cuando medie cumplimiento voluntario y la falta de formalidad no perjudique a terceros.

**Artículo 218.-** Cuando se exija la forma escrita para el negocio jurídico, los documentos relativos deben ser firmados por todas las personas a las cuales se imponga esa obligación.

**Artículo 219.-** Si alguna de las personas que deban firmar el documento no puede o no sabe firmar, lo hará otra a su ruego y en su nombre ante dos testigos, imprimiéndose en el documento la huella digital del interesado que no firmó.

**Artículo 220.-** Siempre que por requerirlo la ley o por voluntad de los interesados, un documento privado sea ratificado ante Notario, Registrador, Juez de Primera Instancia, Menor, de Paz o autoridad administrativa, éstos, en sus respectivos casos, deben cerciorarse de la identidad de las partes, de su capacidad y de la autenticidad de las firmas.

## CAPÍTULO CUARTO
## De la Clasificación de los Negocios Jurídicos

**Artículo 221.-** Los negocios jurídicos son unilaterales, cuando basta para realizarlos la voluntad de una sola persona y bilaterales o plurilaterales, cuando requieren para su formación el consentimiento de dos o más partes.

**Artículo 222.-** Son negocios jurídicos consensuales, los que se perfeccionan por la sola voluntad del autor o el mero consentimiento de las partes.

**Artículo 223.-** Son negocios jurídicos formales, los que requieren para su validez que la voluntad o el consentimiento se expresen por escrito, bien en un instrumento público o bien en un documento privado.

**Artículo 224.-** Si la omisión de la formalidad impide que el negocio surja a la vida jurídica, será solemne.

**Artículo 225.-** Los negocios jurídicos son reales cuando se perfeccionan con la entrega del bien sobre el cual recaen.

**Artículo 226.-** Los negocios jurídicos son de tracto sucesivo, cuando se van realizando de momento a momento durante el tiempo de su vigencia.

**Artículo 227.-** Los negocios jurídicos son de ejecución diferida, cuando su ejecución se deja para una época o épocas posteriores, según que el cumplimiento tenga que realizarse, totalmente en un solo acto, o parcialmente mediante prestaciones periódicas. sucesivas.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 228.-** Los negocios jurídicos son instantáneos o de tracto momentáneo, cuando las prestaciones correspondientes se realizan inmediatamente.

**Artículo 229.-** Convenio es el negocio jurídico por el cual dos o más personas crean, transfieren, modifican, conservan o extinguen obligaciones o derechos.

**Artículo 230.-** Los convenios que producen o transfieren derechos y obligaciones se llaman contratos.

**Artículo 231.-** El contrato es unilateral o bilateral por cuanto hace no a las partes, sino a las obligaciones que crea.

**Artículo 232.-** El contrato es bilateral o sinalagmático cuando las partes se obligan recíprocamente, y es unilateral cuando una sola de las partes se obliga en favor de la otra sin que ésta le quede obligada.

**Artículo 233.-** El contrato unilateral que en el momento de su celebración sólo produce obligaciones a cargo de uno de los contratantes, pero que hechos posteriores realizados durante su vigencia hacen nacer obligaciones a cargo de la parte, se denomina sinalagmático imperfecto.

**Artículo 234.-** Es contrato oneroso aquél en que se estipulan provechos y gravámenes recíprocos y gratuito aquél en que el provecho es solamente para una de las partes.

**Artículo 235.-** El contrato oneroso puede ser conmutativo o aleatorio.

**Artículo 236.-** Es conmutativo el contrato cuando las prestaciones que se deban las partes son ciertas desde que se celebra el contrato.

**Artículo 237.-** Es aleatorio el contrato cuando la prestación debida depende de un acontecimiento incierto que hace que no sea posible la valoración de la ganancia o pérdida hasta que este acontecimiento se realice.

**Artículo 238.-** Es principal el contrato cuando no depende de otro para poder subsistir y accesorio, cuando le es necesaria tal dependencia.

<div align="center">

**CAPÍTULO QUINTO**
**De los Negocios Jurídicos Unilaterales**

**SECCIÓN PRIMERA**
**Disposiciones Generales**

</div>

**Artículo 239.-** Toda persona capaz puede obligarse por su sola declaración unilateral de voluntad, siempre que se trate de una obligación lícita y posible.

**Artículo 240.-** Las disposiciones legales sobre los negocios jurídicos en general, son aplicables a los casos innominados de declaración unilateral de voluntad.

## SECCIÓN SEGUNDA
### De la Oferta a Personas Indeterminadas

**Artículo 241.-** La oferta hecha mediante declaración unilateral de voluntad para obligarse a favor de personas indeterminadas, puede referirse a todo tipo de contrato y obliga al oferente a celebrar éste de acuerdo con lo ofrecido, a menos que la oferta haya sido revocada.

**Artículo 242.-** Cuando la oferta se haga del conocimiento público por cualquier medio de publicidad, el escrito que la contenga deberá depositarse, debidamente firmado por el oferente, en las oficinas de la empresa publicitaria, si el autor del ofrecimiento no sabe o no puede firmar, lo hará otro a su ruego y en su nombre, imprimiéndose en el documento la correspondiente huella digital del autor del ofrecimiento.

**Artículo 243.-** La falta del documento a que se refiere el artículo anterior, hace responsable a la empresa publicitaria de los daños y perjuicios que se causen a quien acepte la oferta, si el oferente la niega y no se llega a probar la autenticidad de la oferta publicada.

**Artículo 244.-** Si la oferta es de venta, el solo hecho de exhibir al público la cosa con la indicación del precio, obliga al oferente a sostener éste.

## SECCIÓN TERCERA
### De la Promesa de Recompensa

**Artículo 245.-** El que por anuncios u ofrecimientos hechos al público se compromete a alguna prestación por vía de recompensa, en favor de quien llene determinada condición o desempeñe cierto servicio, contrae la obligación de cumplir lo prometido.

**Artículo 246.-** Quien ejecutare el servicio pedido o llenare la condición a que se refiere el artículo anterior, podrá exigir la recompensa ofrecida.

**Artículo 247.-** Antes de que se haya prestado el servicio o cumplido la condición, podrá el promitente revocar su oferta, siempre que la revocación se haga con la misma publicidad que el ofrecimiento.

**Artículo 248.-** En el caso de revocación de la oferta quien pruebe que ha hecho erogaciones para prestar el servicio o cumplir la condición por la que se había ofrecido recompensa, tiene derecho a que se le reembolse el importe de esas erogaciones.

**Artículo 249.-** Si se hubiere señalado plazo para el desempeño del servicio o para llenar la condición, no podrá el promitente revocar su ofrecimiento mientras no esté vencido el plazo.

**Artículo 250.-** Si la condición fuere satisfecha o el servicio señalado por el promitente fuere realizado por más de un individuo, tendrán derecho a la recompensa:

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**I.-** El que primero ejecutare el servicio o cumpliere la condición;

**II.-** Si la ejecución fuere simultánea o varios llenaren al mismo tiempo la condición, se repartirá la recompensa por partes iguales; y

**III.-** Si la recompensa no fuere divisible se sorteará entre los interesados.

## SECCIÓN CUARTA
### Del Concurso con Promesa de Recompensa

**Artículo 251.-** En los concursos en que haya promesa de recompensa para quienes llenaren ciertas, condiciones, es requisito esencial que se fije un plazo.

**Artículo 252.-** El promitente tiene derecho a designar a la persona o personas que deban decidir. de acuerdo con los términos de la convocatoria respectiva, a quién o a quiénes de los concursantes se otorga la recompensa.

## SECCIÓN QUINTA
### De la Estipulación a Favor de Tercero

**Artículo 253.-** La declaración unilateral de voluntad del promitente es la fuente obligacional de la estipulación hecha en un contrato a favor de un tercero.

**Artículo 254.-** El tercero en cuyo favor se realice una estipulación, tiene el derecho de exigir del promitente la prestación a que se ha obligado, sin perjuicio de que el estipulante pueda también exigida, a menos que expresamente se pacte en el contrato que sólo el terceto podrá hacerlo.

**Artículo 255.-** Los contratantes pueden sujetar la estipulación a un plazo o a una condición.

**Artículo 256.-** Si el tercero rehúsa la estipulación a su favor se extingue la obligación del estipulan te.

**Artículo 257.-** La estipulación puede ser revocada mientras que el tercero no haya manifestado su voluntad de querer aprovecharla.

**Artículo 258.-** El promitente podrá, salvo pacto en contrario, oponer al tercero las excepciones derivadas del contrato, independientemente de las personales que tenga en su contra.

## SECCIÓN SEXTA
### De la Expedición de Documentos Civiles a la Orden o al Portador

**Artículo 259.-** Puede una persona obligarse por su sola voluntad, otorgando documentos civiles a la orden o al portador.

**Artículo 260.-** La cláusula "a la orden" se entiende implícita en los documentos nominativos, salvo mención en el documento de las palabras "no negociable" o "no endosable" o de cualquiera otra expresión similar.

**Artículo 261.-** Los documentos a que se refiere esta sección se pueden expedir expresándose en ellos el origen de la obligación o sin esta expresión.

**Artículo 262.-** El objeto de la obligación contraída en estos documentos puede consistir en prestaciones de hacer, de no hacer o de dar, de carácter patrimonial, con excepción de sumas de dinero.

**Artículo 263.-** Para la validez de la obligación contraída en estos documentos, no se requieren términos o enunciaciones literales o expresas, pudiendo el subscriptor obligarse libremente en la forma y términos que mejor le parezcan.

**Artículo 264.-** Estos documentos no son necesarios para ejercitar el derecho que en ellos se consigna, y en los casos de pérdida, robo o destrucción, podrá acreditarse el derecho por todos los medios legales de prueba.

**Artículo 265.-** En caso de robo o extravió de un documento al portador, si el obligado opusiere la excepción de haberlo adquirido ilícitamente el tenedor, corresponde a éste la prueba en contrario.

**Artículo 266.-** La propiedad de los documentos de carácter civil que se extienden a la orden. se transfieren por cesión ordinaria o por simple endoso, el que expresará el concepto, el lugar y la fecha en que se hace, el nombre de la persona a cuya orden se otorgue y la firma del endosante.

**Artículo 267.-** El endoso sólo puede hacerse en propiedad o en procuración; pero si en él se omite el concepto en que se hace, se entenderá que es en propiedad.

**Artículo 268.-** Todos los que endosen en propiedad un documento quedan obligados solidariamente frente al tenedor del mismo.

**Artículo 269.-** Puede hacerse el endoso sin la responsabilidad solidaria del endosante, siempre que éste así lo haga constar expresamente al extenderIo.

**Artículo 270.-** La propiedad de los documentos civiles que sean al portador se transfiere por la simple entrega del título, y la de los nominativos que no sean negociables o endosables, no podrán transferirse ni aun por cesión ordinaria.

**Artículo 271.-** El deudor está obligado a pagar a cualquiera que le presente y entregue un documento al portador, a menos de que haya recibido orden judicial para no hacerlo.

**Artículo 272.-** Está obligado también el deudor a pagar al primitivo beneficiario que plenamente le justifique que extravió el documento o que le fue robado.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 273.-** El subscriptor de los documentos civiles mencionados en esta sección, puede oponer, además de las excepciones que se deriven del texto de los mismos y de las personales que tenga contra el demandante, todas las que conforme a derecho sean procedentes, incluyendo las de nulidad por incapacidad, vicios de la voluntad o ilicitud en el objeto, motivo o fin del acto jurídico unilateral que dio origen a los citados documentos.

**Artículo 274.-** La persona que haya sido despose ida injustificadamente de documentos al portador, puede, mediante orden judicial que se notificará con apercibimiento de doble pago en caso de contravención, impedir que aquéllos se paguen al detentador que los presente al cobro.

**Artículo 275.-** Puede el acreedor en el caso del artículo anterior, informar al deudor antes de que éste pague, el hecho del robo o extravió y puede el deudor depositar judicialmente el objeto de su obligación u ofrecer en pago el hecho, a quien resulte ser el legítimo poseedor del documento.

**Artículo 276.-** Si no obstante la orden judicial de detener el pago o del informe hecho por el acreedor al deudor, éste paga a quien le presente el documento, se expondrá a doble pago en el caso de que en el juicio que le promoviere el acreedor desposeído, éste justificare plenamente que fue víctima de robo o desposesión indebida de los citados documentos y que oportunamente notificó y comprobó tales hechos al deudor.

## SECCIÓN SEPTIMA
### De la Donación por Acto Unilateral de la Voluntad

**Artículo 277.-** Toda persona capaz puede, por su sola voluntad unilateral, transmitir gratuitamente a otra la propiedad de bienes muebles.

**Artículo 278.-** Cuando el beneficiario se negare a recibir el bien, o lo devolviere una vez realizada la entrega, quedará sin efecto el acto dispositivo.

**Artículo 279.-** El acto dispositivo es irrevocable salvo lo dispuesto por este Código sobre la nulidad del negocio jurídico y lo prevenido en el artículo anterior.

**Artículo 280.-** El acreedor de quien se niegue a recibir el bien objeto del acto dispositivo o devuelva ese bien, puede, mediante la acción oblicua, aceptarlo y en caso de prosperar la acción, se valuarán pericialmente los bienes para imputar su valor al pago del crédito.

**Artículo 281.-** Si un acreedor del autor del acto dispositivo se cree perjudicado por éste, podrá ejercitar la acción pauliana.

**Artículo 282.-** El autor y el beneficiario podrán impedir el curso de la actividad procesal de los acreedores, pagando los créditos o garantizando suficientemente el pago.

## CAPÍTULO SEXTO
### De las Estipulaciones y Cláusulas que pueden
### Establecerse en los Negocios Jurídicos

**Artículo 283.-** El autor o las partes de un negocio jurídico, pueden establecer las cláusulas que crean convenientes y no sean contrarias a las buenas costumbres, a la moral o al orden público; pero se tendrán por puestas, aunque no se expresen:

**I.-** Las que se refieran a los requisitos esenciales del negocio y sin las cuales éste no puede existir; y

**II.-** Las que no siendo de la esencia del negocio, pero si consecuencia de su naturaleza ordinaria, se sobreentienden en éste, salvo que el autor o las partes las renuncien en los casos y términos permitidos por la ley.

**Artículo 284.-** A las cláusulas a que alude el artículo anterior se les llama, respectivamente, esenciales y naturales, y a las que por no estar ni en la esencia ni en la naturaleza del negocio, el autor o las partes las agregan por una estipulación especial, se les llama accidentales.

**Artículo 285.-** Pueden los contratantes estipular cierta prestación como pena, para el caso de que la obligación no se cumpla, se retarde su cumplimiento o éste no se efectúe de la manera convenida.

**Artículo 286.-** La cuantía de la pena puede exceder del monto de la obligación principal.

**Artículo 287.-** Si se pacta la pena, no se puede reclamar además, daños y perjuicios.

**Artículo 288.-** No podrá el acreedor exigir, conjuntamente, el cumplimiento de la obligación y el pago de la pena. a menos que se haya estipulado la pena por el simple retardo en el cumplimiento de la obligación, o porque ésta no se preste de la manera convenida.

**Artículo 289.-** La nulidad del negocio importa la de la cláusula penal, pero la nulidad de ésta no acarrea la de aquél.

**Artículo 290.-** Al exigir el pago de la pena, el acreedor no está obligado a probar que ha sufrido daños o perjuicios, ni el deudor podrá eximirse de dicho pago probando que el acreedor no ha sufrido daño o perjuicio alguno.

**Artículo 291.-** La pena podrá ser disminuida proporcionalmente por el Juez, si la obligación hubiera sido ejecutada en parte o equitativamente, si el monto, de la pena fuese manifiestamente excesivo. En este segundo caso el Juez tendrá en cuenta el interés del acreedor en el cumplimiento, así como la naturaleza y demás circunstancias de la obligación.

**Artículo 292.-** En las obligaciones solidarias Con cláusula penal, bastará la contravención de uno de los deudores para que se incurra en la pena.

**Artículo 293.-** Bastará también la contravención de uno de los herederos del deudor, para que se incurra en la pena.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 294.-** En los casos previstos en los dos artículos anteriores, quien haga el pago pago subrogará en los derechos del acreedor para reclamar de los demás coherederos la parte que les corresponda.

**Artículo 295.-** No podrá hacerse efectiva la pena cuando el obligado a ella no haya podido cumplir el contrato por hecho del acreedor, caso fortuito o fuerza mayor.

**Artículo 296.-** Se puede pactar en un contrato la entrega de una suma de dinero, a título de arras, confirmatorias, y en este caso se observarán las reglas siguientes:

**I.-** Si el contrato se cumple, las arras deberán ser restituidas o imputadas, en su caso, a la prestación debida;

**II.-** Si la parte que hubiere dado las arras no cumpliere, la contraparte, mediante aviso dado por escrito a aquélla, podrá por sí y ante sí dar por rescindido el contrato y conservar las arras;

**III.-** Si la parte que recibió las arras es la que no cumple, la otra podrá demandar, a la vez, la rescisión o el cumplimiento del contrato y la devolución de las arras más otro tanto, y además el pago de los daños y perjuicios correspondientes.

**Artículo 297.-** En los contratos de tracto sucesivo se puede pactar la entrega de arras como seña penitencial y, en ese caso cualquiera de las partes puede dar por terminado el contrato, por su sola voluntad y con sólo hacer saber su determinación a su contraparte.

**Articulo 298.-** Si quien entregó las arras dio por terminado el contrato perderá éstas en beneficio de quien las recibió; pero si este dió por terminado el contrato devolverá lo recibido, más un tanto más.

**Artículo 299.-** En el caso del artículo anterior no habrá responsabilidad por daños y perjuicios.

## CAPÍTULO SÉPTIMO
### De los Negocios Jurídicos celebrados en Fraude de los Acreedores

**Artículo 300.-** Los negocios jurídicos celebrados por un deudor en perjuicio de su acreedor, pueden anularse, a petición de éste, si de ellos resultase la insolvencia del deudor y el crédito en virtud del cual se intenta la acción es anterior a tales negocios.

**Artículo 301.-** Hay insolvencia cuando la suma de los bienes y créditos cobrables del deudor, estimados en su justo precio, no iguala al importe de sus deudas exigibles.

**Artículo 302.-** Se presume fraudulento el negocio que después de contraída una deuda celebra el deudor:

**I.-** Enajenando sus bienes;

**II.-** Renunciando derechos constituidos a su favor, que no sean de exclusivo goce personal;

**III.-** Renunciando facultades por cuyo ejercicio pudiere mejorar el estado de su fortuna;

**IV.-** Pagando deudas antes del vencimiento del plazo; y

**V.-** Celebrando, dentro de los treinta días anteriores a la declaración judicial de concurso, convenios que tuvieren por objeto dar a un crédito ya existente una preferencia que no tiene.

**Artículo 303.-** Si la enajenación mencionada en la fracción I fuere onerosa, la nulidad sólo podrá tener lugar cuando haya mala fe tanto por parte del deudor, como del tercero que contrató con él.

**Artículo 304.-** La mala fe consiste en el conocimiento del déficit constitutivo de la insolvencia.

**Artículo 305.-** Si la enajenación fuere gratuita, tendrá lugar la nulidad aun cuando haya habido buena fe por ambas partes.

**Artículo 306.-** En el caso de la fracción III del artículo 302 los acreedores pueden hacer revocar la renuncia del deudor y usar de las facultades renunciadas.

**Artículo 307.-** En el caso de la fracción V del artículo 302, la nulidad no importa la pérdida del derecho sino la de la preferencia.

**Artículo 308.-** La acción concedida al acreedor en los artículos anteriores contra el primer adquirente, no procede contra tercer poseedor sino cuando éste ha adquirido de mala fe.

**Artículo 309.-** La acción de nulidad mencionada en el artículo 300 cesará luego que el deudor satisfaga su deuda, dé garantía bastante para pagarla, adquiera bienes suficientes o demuestre tener los necesarios para poder cubrir dicha deuda.

**Artículo 310.-** El tercero a quien hubiesen pasado los bienes del deudor, puede hacer cesar la acción de los acreedores satisfaciendo los créditos de los que se hubiesen presentado, o dando garantía suficiente sobre el pago íntegro de esos créditos si los bienes del deudor no alcanzaren a satisfacerlos.

**Artículo 311.-** Se presumen fraudulentas las enajenaciones a título oneroso hechas por aquellas personas contra quienes se hubiese pronunciado antes sentencia condenatoria en cualquiera instancia o expedido mandamiento de embargo de bienes, cuando tales enajenaciones perjudican los derechos de sus acreedores.

**Artículo 312.-** Anulado el negocio jurídico fraudulento, volverán las propiedades enajenadas a la masa de los bienes del deudor, en beneficio preferente de los acreedores

que hubiesen pedido la nulidad, debiendo responder solidariamente el adquirente con el enajenante de los daños y perjuicios que sufrieren dichos acreedores.

**Artículo 313.-** El tercero con quien el deudor celebró el negocio anulado, podrá ejercitar los derechos que tenga contra éste sin que ello perjudique al acreedor' que obtuvo la nulidad.

## CAPÍTULO OCTAVO
### De la Simulación de los Negocios Jurídicos

**Artículo 314.-** Es simulado el negocio jurídico en que las partes declaran o confiesan falsamente lo que en realidad no. ha pasado o no se ha convenido entre ellas. También es simulado el negocio celebrado por interpósita persona para ocultar al verdadero interesado.

**Artículo 315.-** La simulación es absoluta cuando el acto simulado nada tiene de real y sólo en apariencia produce efectos.

**Artículo 316.-** La simulación es relativa cuando a un negocio jurídico se le da una falsa apariencia que oculta su verdadero carácter.

**Artículo 317.-** Descubierto el negocio jurídico real que oculta la simulación relativa, no será nulo si no hay ley que así lo declare.

**Artículo 318.-** Puede pedir la nulidad del negocio simulado, quien tenga interés legítimo en hacerla valer; pero quienes realizaron la simulación no podrán oponerla como excepción, contra los terceros a quienes pretendieron perjudicar al llevarla a cabo.

**Artículo 319.-** Pronunciada ejecutoriadamente por los tribunales la nulidad, se restituirá la cosa o derecho a quien pertenezca, con sus frutos e intereses, si los hubiere; pero si la cosa o derecho ha pasado a título oneroso a un tercero de buena fe, no habrá lugar a la restitución y subsistirán en todo caso los gravámenes impuestos a favor de tercero de buena fe.

**Artículo 320.-** Cuando la simulación se cometa en transgresión de una ley de interés social o de orden público, será el Ministerio Público el encargado de pedir la nulidad.

**Artículo 321.-** Se puede declarar la nulidad de una o más cláusulas simuladas de un negocio jurídico y dejar subsistentes las que no lo sean.

## CAPÍTULO NOVENO
### De las Modalidades de los Negocios Jurídicos

### SECCIÓN PRIMERA
### Del Plazo

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 322.-** El negocio jurídico está sujeto a plazo cuando de la realización de un acontecimiento futuro y cierto depende, que el negocio produzca plenamente sus efectos, o bien que éstos queden extinguidos. En el primer caso el plazo es suspensivo y extintivo en el segundo.

El vencimiento del plazo no produce efectos retroactivos, salvo pacto en contrario.

**Artículo 323.-** El plazo suspensivo o extintivo puede ser preciso o impreciso. Es preciso cuando consiste en un día determinado, e impreciso cuando consiste en un acontecimiento que necesariamente debe realizarse, pero cuya fecha se ignora.

**Artículo 324.-** Cualesquiera que sean las expresiones empleadas en un negocio jurídico, se entenderá que hay plazo y no condición, siempre que el futuro fuere de realización necesaria, aunque el día de esa realización sea impreciso, y se entenderá que hay condición y no plazo, cuando el hecho futuro fuere incierto.

**Artículo 325.-** Salvo que la ley disponga otra cosa, el plazo se contará de acuerdo con las reglas siguientes:

**I.-** Los días se entenderán de veinticuatro horas naturales contadas de las cero a las veinticuatro horas, en tanto que los meses y los años se computarán por el número de días que les correspondan según el calendario común; y

**II.-** El día en que comienza el plazo se contará siempre entero aunque no lo sea, pero aquél en que termina debe ser completo; y si este último es inhábil, cori suspensión de labores, el plazo no se tendrá por vencido sino hasta el primer día hábil que siga.

**Artículo 326.-** Salvo lo dispuesto en la última parte de la fracción II del artículo anterior, no serán excluidos del cómputo del plazo los días inhábiles.

**Artículo 327.-** Lo que se hubiere pagado anticipadamente no puede repetirse.

**Artículo 328.-** Si el que paga ignoraba, cuando lo hizo, la existencia del plazo, tendrá derecho a reclamar del acreedor los intereses o los frutos que éste hubiese percibido de la cosa.

**Artículo 329.-** El plazo se presume establecido en favor del deudor, a menos que resulte de la estipulación o de las circunstancias, que ha sido establecido en favor del acreedor o de ambas partes.

**Artículo 330.-** Perderá el deudor todo derecho a utilizar el plazo:

**I.-** Cuando después de celebrado el negocio jurídico resultare en estado de insolvencia o estuviere en peligro de quedar insolvente, salvo que garantice la deuda;

**II.-** Cuando no otorgue al acreedor las garantías a que estuviese comprometido;

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**III.-** Cuando por actos propios hubiese disminuido las garantías después de establecidas, y cuando por caso fortuito desaparecieren, a menos que sean inmediatamente substituidas por otras igualmente seguras.

**Artículo 331.-** Si fueren varios los deudores y éstos fueren solidarios, lo dispuesto en el artículo anterior sólo comprenderá al que se hallare en alguno de los casos que en dicho artículo se designan.

**Artículo 332.-** El plazo suspensivo, mientras no se cumpla, impide el curso de la prescripción, así como la exigibilidad de la obligación y la posibilidad jurídica del ejercicio del derecho concomitante.

**Artículo 333.-** El simple transcurso del plazo esencial sin que el obligado cumpla la prestación a que se comprometió, opera de pleno derecho la resolución, aunque no se haya pactado expresamente esta forma de resolución.

**Artículo 334.-** Se entiende por plazo esencial el que se fija a una de las partes, para que cumpla su obligación precisamente dentro de él, extinguiéndose, al transcurso del mismo plazo, el interés del acreedor por el cumplimiento posterior de la obligación.

**Artículo 335.-** Los negocios jurídicos que consten en documentos privados no producirán efectos contra terceros sino desde que su fecha deba tenerse por cierta, conforme a las reglas siguientes:

**I.-** Desde la fecha de su inscripción en el Registro Público de la Propiedad;

**II.-** Desde la fecha que se entregue a un funcionario público por razón de su oficio y éste haga constar la entrega;

**III.-** Desde la muerte de cualquiera de quienes lo firmaron como otorgantes o testigos.

## SECCIÓN SEGUNDA
### De la Condición

**Artículo 336.-** El negocio jurídico es condicional cuando la plena producción de sus efectos, o su resolución, dependen de un acontecimiento futuro e incierto.

**Artículo 337.-** Solo tratándose de negocios jurídicos formados por una declaración unilateral de la voluntad, la condición puede consistir también en un hecho presente o pasado, pero desconocido del autor.

**Artículo 338.-** La condición es suspensiva cuando de su cumplimiento depende el nacimiento del efecto jurídico querido, o de la obligación sujeta a esa modalidad.

**Artículo 339.-** El deudor puede repetir lo que hubiere pagado antes del cumplimiento de la condición.

**Artículo 340.-** Los derechos y las obligaciones de los contrayentes que fallecen antes del cumplimiento de la condición pasan a sus herederos.

**Artículo 341.-** Pendiente la condición suspensiva, el deudor debe abstenerse de todo acto que impida que la obligación condicionada pueda cumplirse en su oportunidad.

**Artículo 342.-** El acreedor puede, antes de que la condición se cumpla, ejercitar todos los actos lícitos necesarios conservatorios de su derecho.

**Artículo 343.-** La condición es resolutoria, cuando cumplida, extingue el negocio volviendo las cosas al estado que tenían antes de su celebración, salvo imposibilidad material o pacto en contrario.

**Artículo 344.-** Realizada la condición suspensiva o resolutoria, sus efectos se retrotraen al tiempo en que se hubiere celebrado el negocio jurídico, a menos que tales efectos, por voluntad de las partes o por la naturaleza del negocio, deban ser referidos a fecha diferente.

**Artículo 345.-** Las condiciones imposibles de dar o hacer, así como las prohibidas por la ley o que sean contra la moral o las buenas costumbres, anulan el negocio jurídico sujeto a ellas.

**Artículo 346.-** La condición de no hacer algo física o legalmente imposible se tiene por no puesta.

**Artículo 347.-** Cuando el cumplimiento de la condición dependa de la exclusiva voluntad del deudor, el negocio jurídico condicional será nulo.

**Articulo 348.-** Se tendrá por cumplida la condición cuando el obligado impidiese voluntariamente su cumplimiento.

**Artículo 349.-** La obligación contraída bajo la condición de que un acontecimiento suceda en un tiempo fijo, caduca si pasa el término sin que aquél se realice, o desde que sea indudable que la condición no puede cumplirse.

**Artículo 350.-** La obligación contraída bajo la condición de que un acontecimiento no se verifique en un tiempo fijo, será exigible si pasa el tiempo sin realizarse el acontecimiento.

**Artículo 351.-** Si en la condición a que se refiere el artículo anterior no se hubiere fijado tiempo, la condición deberá reputarse cumplida transcurrido el que verosímilmente se hubiere querido señalar, atenta la naturaleza de la obligación.

**Artículo 352.-** Cuando la condición resolutoria a la que se sujetó la vigencia de un negocio jurídico, no llega a realizarse dentro del plazo fijado o se tiene la certeza de que no podrá cumplirse, el negocio se convierte en puro y simple.

**Artículo 353.-** Cuando las obligaciones se hayan contraído bajo condición suspensiva y pendiente ésta, se perdiere, deteriorare o se mejorare el bien que fue objeto del contrato, se observarán las disposiciones siguientes:

**I.-** Si el bien se pierde sin culpa del deudor, por caso fortuito o fuerza mayor, o por culpa del acreedor, quedará extinguida la obligación;

**II.-** Si el bien se pierde por culpa del deudor, éste queda obligado al resarcimiento de los daños y perjuicios;

**III.-** Cuando el bien se deteriore sin culpa del deudor, éste cumple su obligación entregándolo al acreedor en el estado en que se encuentre al cumplirse la condición;

**IV.-** Deteriorándose por culpa del deudor, el acreedor podrá optar entre la resolución de la obligación o su cumplimiento, con el resarcimiento de daños y perjuicios en ambos casos;

**V.-** Si el bien se mejora por su naturaleza o por el tiempo, las mejoras quedarán en favor del acreedor;

**VI.-** Si el bien se mejora a expensas del deudor, no tendrá éste otro derecho que el concedido al usufructuario.

**Artículo 354.-** El bien se pierde:

**I.-** Cuando perece o se destruye totalmente;

**II.-** Cuando queda fuera del comercio;

**III.-** Cuando desaparece de manera que no se tenga noticia de él; o

**IV.-** Cuando aunque se tengan noticias de él no pueda recobrarse física o legalmente.

**Artículo 355.-** La facultad de cualquiera de las partes para resolver los negocios jurídicos por si y ante si y por ello sin necesidad de recurrir a los tribunales, se entiende implícita en los contratos bilaterales para el caso de que la otra parte no cumpliere lo que le incumbe y no haya ningún principio o comienzo de ejecución.

**Artículo 356.-** La parte que decida hacer uso de la facultad consignada en el artículo anterior, lo hará saber así fehacientemente a su contraparte.

**Artículo 357.-** Cuando existe un principio o inicio de ejecución del negocio. ninguna de las partes podrá operar el pacto comisorio establecido en el artículo 355; pero sí podrá demandar judicialmente a su contraparte por el total cumplimiento del negocio o por la resolución del mismo, con el resarcimiento de daños y perjuicios en ambos casos.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 358.-** Elegida la vía del cumplimiento, podrá el interesado, si tal cumplimiento resultare imposible, demandar después la resolución; pero no podrá exigir el cumplimiento después de haber optado por la resolución.

**Artículo 359.-** La resolución del negocio jurídico, fundada en la falta de pago por parte del adquirente de la propiedad de bienes inmuebles, u otro derecho real sobre los mismos, no surtirá efectos contra tercero de buena fe, si no se ha estipulado expresamente y la estipulación ha sido inscrita en el Registro Público en la forma prevenida por la ley.

**Artículo 360.-** Respecto de bienes muebles no tendrá lugar la resolución, salvo lo previsto para las ventas en las que se faculta al comprador a pagar el precio en abonos.

### SECCIÓN TERCERA
### Del Modo

**Artículo 361.-** El modo o condición modal es una declaración accesoria de la voluntad, por la que el autor de una liberalidad le impone al agraciado con ella una carga, que puede consistir en usar de determinada manera el bien objeto del negocio jurídico sujeto a modo, o en darle un destino señalado.

**Artículo 362.-** La carga en el modo puede también consistir en una prestación por parte del beneficiario con la liberalidad, a favor del autor de ésta o de un tercero.

**Artículo 363.-** La obligación consistente en la carga a que se refiere el artículo anterior nace, salvo acuerdo en contrario, desde que se celebra el negocio, si éste es contractual, o desde que el testamento produce efectos, si la carga es testamentaria.

**Artículo 364.-** El incumplimiento de la obligación modal da derecho a quien la impuso, y en su caso a sus herederos, para demandar la revocación de la liberalidad.

**Artículo 365.-** Todo interesado puede exigir el cumplimiento de la carga y también puede exigirlo el Ministerio Público si el modo extraña un interés social.

### CAPÍTULO DÉCIMO
### De la Rescisión de los Negocios Jurídicos

### SECCIÓN PRIMERA
### Disposiciones Generales

**Artículo 366.-** No pueden rescindirse más que los negocios jurídicos que en si mismos son válidos.

**Artículo 367.-** Hay rescisión:

**I.-** Por mutuo consentimiento;

**II.-** Por incumplimiento imputable a alguna de las partes;

**III.-** Por la realización de la condición resolutoria a que este sujeto el negocio; y

**IV.-** En todos los demás casos establecidos expresamente por la ley.

**Artículo 368.-** Los casos a que se refieren las fracciones II a IV del artículo anterior, admiten también la rescisión por mutuo consentimiento.

**Artículo 369.-** Si la rescisión de un negocio jurídico se dejare a la decisión o dependiera de un tercero y éste lo rescindiere injustificadamente, o fuere dolosamente inducido a rescindido, se tendrá por no rescindido.

**Artículo 370.-** La acción para pedir la rescisión prescribe en dos años.

**Artículo 371.-** La rescisión producirá sus efectos retroactivamente, salvo pacto en contrario o imposibilidad material; pero si el negocio es de tracto sucesivo o de ejecuciones periódicas, tal efecto retroactivo no se extenderá a las prestaciones ya realizadas.

**Artículo 372.-** Para la devolución recíproca de las prestaciones en la rescisión, se estará a lo que para la nulidad se dispone al respecto en el capítulo siguiente.

## SECCIÓN SEGUNDA
### De la Imposibilidad Sobreviniente

**Artículo 373.-** La imposibilidad sobreviniente de ejecutar la prestación debida por una de las partes en un negocio jurídico con prestaciones recíprocas, es causa de la rescisión de éste; pero la parte liberada por tal imposibilidad no podrá exigir la contraprestación y deberá restituir la que en todo o en parte ya hubiere recibido.

**Artículo 374.-** Cuando la prestación de una de las partes hubiese llegado a ser sólo parcialmente imposible, la otra podrá escoger entre la reducción equitativa de su obligación o la rescisión del negocio.

**Artículo 375.-** Tratándose de contratos por cuyo mero efecto se haya trasladado el dominio de una cosa cierta y determinada, si la imposibilidad de entregar esa cosa sobreviene por un caso fortuito o de fuerza mayor que haga que la cosa se destruya o perezca estando todavía en poder de enajenante, no libera al adquirente de ejecutar la contraprestación que le corresponde.

**Artículo 376.-** El adquirente no queda liberado de cumplir con su contraprestación, si siendo el objeto de la adquisición alguna especie indeterminada, ésta, al ocurrir la pérdida en las circunstancias indicadas en el artículo anterior, ya estuviere determinada por el enajenante con conocimiento del adquirente.

**Artículo 377.-** Dejarán de aplicarse las disposiciones de este precepto, si la destrucción o perecimiento del bien ocurre estando el enajenante en mora.

## SECCIÓN TERCERA
### De la Excesiva Onerosidad Sobreviniente

**Artículo 378.-** Cuando en cualquier momento de la ejecución de un contrato bilateral de cumplimiento continuo. periódico. o diferido, la prestación de una' de las partes hubiere llegado a ser excesivamente onerosa por acontecimientos extraordinarios que no pudieron razonablemente preverse en el momento de la celebración, la parte que deba tal prestación podrá demandar, bien la rescisión del negocio o bien una modificación equitativa en la forma y modalidades de la ejecución, pero si el negocio es de ejecución continuada o periódica, la rescisión no se extenderá a las prestaciones ya realizadas.

**Artículo 379.-** Si de los medios mencionados en el artículo anterior el interesado opta por la rescisión, el demandado podrá oponerse a ella proponiendo modificaciones al contrato suficientes para reducirlo a la equidad.

**Artículo 380.-** Cuando la excesiva onerosidad por los acontecimientos extraordinarios a que se alude en el artículo 378 se presente en negocios en que una sola de las partes hubiere asumido obligaciones, la misma podrá pedir, o bien una reducción equitativa de su prestación, o bien una modificación, también equitativa, de las modalidades de ejecución.

**Artículo 381.-** No son aplicables las disposiciones de esta sección a los contratos aleatorios en que la sobrevenida onerosidad excesiva quede comprendida en la incertidumbre normal de los mismos.

## CAPÍTULO UNDÉCIMO
### De la Invalidez, Convalidación, Conversión y
### Conservación de los Negocios Jurídicos

## SECCIÓN PRIMERA
### De las Nulidades

**Artículo 382.-** Ningún acto del hombre produce efecto legal alguno como negocio jurídico, si falta cualquiera de los requisitos esenciales enumerados en el artículo 135.

**Artículo 383.-** La manifestación de la voluntad no existe si quien la emite es:

**a)** Un niño menor de siete años de edad;

**b)** Una persona privada de inteligencia por locura, idiotez o imbecilidad, aunque tenga intervalos lúcidos, salvo en este último caso, disposición de la ley;

**c)** Un sordomudo que no sepa leer ni escribir, ni darse a entender mediante intérprete por el lenguaje escrito o mímico en que se imparte instrucción escolar a los de su clase;

**d)** Las personas que no sepan leer ni escribir, ni conozcan el idioma en que pudiera aparecer haber contratado.

**Artículo 384.-** La falta de cualquiera de los requisitos que menciona el artículo 135 produce la nulidad absoluta del acto, la que operaría de pleno derecho si no hay un principio o inicio de ejecución.

**Artículo 385.-** Si hay un principio de ejecución, la nulidad absoluta debe ser necesariamente declarada en juicio.

**Artículo 386.-** La ilicitud en el objeto, en el motivo o fin o en la condición del negocio jurídico, produce la nulidad absoluta de éste; pero tal nulidad es relativa cuando por disposición de una ley no reúne todos los caracteres enumerados en el artículo 388.

**Artículo 387.-** La nulidad relativa del negocio jurídico también se produce:

**I.-** Por incapacidad legal del autor o de una de las partes, siempre que no se trate de las personas enumeradas en el artículo 383.

**II.-** Por vicios de la voluntad;

**III.-** Porque ésta no se haya manifestado en la forma que la ley establece; y

**IV.-** Por lesión.

**Artículo 388.-** La nulidad absoluta puede ser invocada por quien tenga interés ilegítimo en hacerla valer; es imprescriptible; no se extingue por renuncia expresa o tácita ni por confirmación o ratificación, y los tribunales, aun de oficio, pueden tomarla en consideración.

**Artículo 389.-** Hay nulidad relativa cuando uno o más de los caracteres enumerados en el artículo anterior para la nulidad absoluta, sea sustituido en la ley o por el o los caracteres opuestos.

**Artículo 390.-** La nulidad absoluta se produce de pleno derecho y por el solo hecho de que se cometa la infracción.

**Artículo 391.-** No obstante lo dispuesto en el artículo anterior, cuando exista un principio o inicio de ejecución del negocio y se estén ya produciendo determinados efectos, será necesario que judicialmente se declare la nulidad para que los efectos del negocio provisionalmente producidos queden destruidos retroactivamente al tiempo de la celebración de aquél, salvo imposibilidad material o disposición expresa de la ley en contrario.

**Artículo 392.-** La nulidad relativa siempre permite que el acto produzca provisionalmente sus efectos, los cuales serán destruidos en los términos de la parte final del artículo anterior, cuando se pronuncie ejecutoriamente la nulidad.

**Artículo 393.-** La acción de nulidad por falta de forma compete a todos los interesados. Se extingue tanto por la prescripción de dos años contados a partir de la celebración del negocio, cuanto por la confirmación de éste hecha en la forma omitida, o por el cumplimiento voluntario de las obligaciones originadas en el propio negocio, salvo que la ley disponga otra cosa, o que la falta de forma perjudique a tercero.

**Artículo 394.-** La nulidad por vicios de la voluntad, lesión o incapacidad que no sea absoluta, sólo puede invocarse por el que ha sufrido esos vicios, se ha perjudicado por la lesión o es el incapaz.

**Artículo 395.-** La acción de nulidad que resulte de la incapacidad que no sea absoluta prescribe en dos años, contados desde que el representante legal del incapaz tenga conocimiento del acto anulable, y a falta de este conocimiento desde que el incapaz, si es mayor, salga legalmente del estado de interdicción, y si es menor, desde que adquiera la mayoridad.

**Artículo 396.-** Los menores de edad no pueden, invocando su incapacidad, alegar válidamente la nulidad de los negocios jurídicos que hayan celebrado sobre materias propias de la profesión, arte u oficio en que sean peritos.

**Artículo 397.-** Tampoco pueden alegar esa nulidad si han presentado certificados falsos del Registro Civil para hacerse pasar como mayores, o han manifestado dolosamente que lo eran.

**Artículo 398.-** La acción de nulidad fundada en error prescribe en el lapso de dos años, a no ser que el que incurrió en él lo conozca antes de que expire ese término, pues en este caso la acción prescribe a los noventa días contados desde aquél en que el error fue conocido.

**Artículo 399.-** La acción para pedir la nulidad de un negocio jurídico hecho por violencia, prescribe a los seis meses contados desde que cese ese vicio de la voluntad.

**Artículo 400.-** La acción de nulidad sólo prescribe en los casos y por los plazos que especifica y expresamente señale la ley al respecto.

**Artículo 401.-** El negocio jurídico viciado de nulidad sólo en parte, no es totalmente nulo si sus partes integrantes pueden legalmente subsistir separadas, a menos que se demuestre que al celebrarse el negocio se quiso que sólo íntegramente subsistiera.

**Artículo 402.-** La anulación del negocio jurídico obliga a las partes a restituirse mutuamente lo que han recibido o percibido en virtud o por consecuencia del negocio anulado.

**Artículo 403.-** El efecto restitutorio de la nulidad no se produce cuando sea imposible materialmente la devolución recíproca de las prestaciones, o sólo una de las partes pueda devolver todo lo que recibió y la otra no.

**Artículo 404.-** Si la imposibilidad de devolución es sólo parcial, para ambos contratantes o para uno solo de ellos, el Juez resolverá equitativamente evitando el enriquecimiento ilegítimo del uno o del otro.

**Artículo 405.-** Si el negocio jurídico fuere bilateral y las obligaciones correlativas consisten ambas en sumas de dinero o en bienes productivos de frutos, no se hará la restitución respectiva de intereses o los frutos sino el día de la demanda de nulidad y los intereses y los frutos percibidos hasta esa época se compensan entre sí.

**Artículo 406.-** Si de las prestaciones que forman la materia del negocio bilateral, una sola de ellas consiste en una suma de dinero o en un bien productivo de frutos, la restitución de los intereses o de los frutos debe hacerse, desde el día en que la suma de dinero fue pagada o fue entregado el bien productivo de frutos.

**Artículo 407.-** En tanto que una de las partes no cumpla con la devolución de aquello que en virtud de la declaración de nulidad del negocio está obligada a restituir, no puede ser compelida la otra a devolver lo que hubiere recibido.

**Artículo 408.-** La disposición contenida en el artículo anterior no es aplicable en el caso de nulidad pronunciada en virtud de la acción pauliana.

**Artículo 409.-** Todos los derechos reales o personales, transmitidos a tercero, sobre un inmueble, por una persona que fue su propietaria aparente en virtud del negocio anulado, quedan sin ningún valor.

**Artículo 410.-** El inmueble a que se refiere el artículo anterior, puede ser reclamado, por quien obtuvo la nulidad, directamente de cualquier poseedor mientras no se consume la usucapión.

**Artículo 411.-** El tercer adquiriente de buena fe, que por virtud de la nulidad decretada pierda la posesión, tendrá los derechos que para el caso de la evicción establece este Código, en favor de quien sufra la reivindicación, según que el enajenante sea de buena o de mala fe.

**Artículo 412.-** Independientemente de la destrucción retroactiva de los efectos provisionalmente producidos por el negocio anulado, las partes que lo celebraron quedan sujetas a la responsabilidad derivada de actos ilícitos.

**Artículo 413.-** Las disposiciones legales relativas a la nulidad son de interpretación estricta.

## SECCIÓN SEGUNDA
### De la convalidación

**Artículo 414.-** La convalidación o confirmación es el negocio jurídico por el cual el titular de la acción de anulación, renuncia a impugnar el negocio afectado de nulidad relativa.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 415.-** Cuando el negocio jurídico es nulo por incapacidad que no sea absoluta, violencia o error, puede ser convalidado cuando cese el vicio o motivo de nulidad, siempre que no concurra otra causa que invalide la confirmación.

**Artículo 416.-** El representante legítimo del incapaz puede, mientras subsista la incapacidad y previo el cumplimiento de los requisitos legales correspondientes, convalidar el negocio anulable celebrado por su representado.

**Artículo 417.-** La nulidad de un negocio jurídico por falta de forma establecida por la ley, se extingue por la confirmación del negocio, hecha en la forma omitida, o por el cumplimiento voluntario en los términos de los artículos 393 y 419.

**Artículo 418.-** La convalidación puede ser expresa o tácita y el documento en que conste la expresa debe contener, bajo pena de nulidad:

**I.-** La especificación del negocio que se quiera confirmar;

**II.-** La expresión del vicio de que adolecía; y

**III.-** La manifestación de la intención de convalidarlo.

La convalidación debe hacerse con las mismas formalidades y requisitos que señala la ley para el negocio que se confirma.

**Artículo 419.-** El cumplimiento voluntario por medio del pago, novación o por cualquier otro medio, se tiene por ratificación tácita y extingue la acción de nulidad, sin necesidad de formalidad alguna, a no ser que la falta de ésta perjudique a tercero.

**Artículo 420.-** La convalidación, sea expresa o tácita. no exige el concurso de la parte a cuyo favor se hace, salvo que se trate de la falta de forma en contratos en que la ley la requiera.

**Artículo 421.-** La convalidación se retrotrae al día en que se celebró el negocio nulo; pero este efecto retroactivo no perjudicará derechos de tercero.

## SECCIÓN TERCERA
### De la conversión

**Artículo 422.-** Por la conversión un negocio jurídico nulo podrá producir efectos de otro distinto, pero valido, si concurren los siguientes requisitos:

**I.-** Que el negocio jurídico nulo reúna los elementos legales de fondo y de forma para ser considerado como otro diverso; pero válido; y

**II.-** Que fundamente pueda admitirse que el autor o las partes, de haber conocido la invalidez del negocio que después resultó nulo, no lo habrían celebrado, sino que optarían

por el que les permitiera lograr el propósito práctico perseguido y no logrado con el negocio nulo.

**Artículo 423.-** La total ejecución voluntaria del negocio válido se tendrá por conversión tácita del nulo.

## SECCIÓN CUARTA
### De la conservación

**Artículo 424.-** No sólo en el caso del artículo 167, sino cuando un negocio jurídico, en la totalidad de sus cláusulas o en una parte de ellas provoque dudas o ambigüedades en su interpretación, ésta debe hacerse en el sentido de que el negocio produzca efectos y no en el sentido de que no los produzca, salvo que ello sea imposible y en este caso se estará a lo dispuesto en el artículo 176.

**Artículo 425.-** Cualquiera que haya sido la denominación que los celebrantes le hayan dado a un determinado negocio jurídico, éste producirá los efectos que correspondan a su esencia y que el autor o las partes desearon al celebrarlo.

## PRIMERA PARTE ESPECIAL
### Del Derecho de las Personas

## TÍTULO PRIMERO
### De la Personalidad Jurídica

**Artículo 426.-** Son personas físicas o naturales todos los seres humanos.

**Artículo 427.-** La personalidad jurídica comienza con el nacimiento y se extingue con la muerte.

**Artículo 428.-** La persona física es protegida por la ley desde que es concebida y puede. desde ese momento, adquirir derechos y obligaciones; pero si no nace viva se destruyen retroactivamente los derechos y obligaciones que haya adquirido.

## TÍTULO SEGUNDO
### De las Personas Jurídicas o Morales

## CAPÍTULO PRIMERO
### Disposiciones Generales

**Artículo 429.-** Son personas jurídicas o morales:

**I.-** El Estado de Quintana Roo.

**II.-** Los Municipios del Estado de Quintana Roo.

**III.-** Los organismos descentralizados y las demás entidades de carácter público creadas o reconocidas por las leyes del Estado.

**IV.-** Los partidos políticos constituidos, reconocidos y registrados legalmente, conforme a las leyes del Estado.

**V.-** Las sociedades civiles.

**VI.-** Las asociaciones civiles.

**VII.-** Las fundaciones.

**VIII.-** Las entidades de carácter privado a las que la ley atribuya o reconozca expresamente personalidad.

**IX.-** El Régimen de Propiedad en Condominio.

*Fracción adicionada POE 12-11-2021*

**Artículo 430.-** En el Estado de Quintana Roo se reconocerá la personalidad de todos los sujetos de derecho, creados por leyes federales o por leyes de los demás Estados de la República Mexicana y extranjeras, si estas últimas personas cumplen con las disposiciones federales aplicables.

**Artículo 431.-** Las personas morales obran y se obligan por medio de los órganos que las representan, sea por disposición de la ley o conforme a las disposiciones relativas de sus escrituras constitutivas y de sus estatutos, y pueden ejercitar todos los derechos que directa o indirectamente sean necesarios para realizar el objeto de su institución.

## CAPÍTULO SEGUNDO
### De las Asociaciones

**Artículo 432.-** Cuando varios individuos convinieren en reunirse, de manera que no sea enteramente transitoria, para realizar un fin común que no esté prohibido por la ley y que no tenga carácter preponderantemente económico, constituyen una asociación civil con patrimonio y personalidad jurídica propios.

**Artículo 433.-** El negocio jurídico por el que se constituye una asociación civil debe constar en escritura pública o privada, a elección de los asociados; pero deberá hacerse en escritura pública cuando algún asociado transfiera a la asociación bienes cuya enajenación deba hacerse en esa forma.

**Artículo 434.-** El documento en que conste el negocio jurídico constitutivo de la asociación o en su caso el testimonio del mismo y los estatutos de la propia asociación, deben inscribirse simultáneamente en el Registro Público para que la asociación goce de personalidad jurídica propia.

**Artículo 435.-** Si la asociación no se hace constar por escrito, o si habiendo cumplido con este requisito, no se hizo el registro y sus miembros, sean o no integrantes de los órganos de dirección o representación de ella, contraen a nombre de la misma obligaciones frente a terceros, la asociación será considerada irregular y deberá cumplir esas obligaciones de las que responderán también solidariamente los asociados que las hubieran contraído a nombre de la misma.

**Artículo 436.-** En el caso del artículo anterior ni la asociación ni los asociados pueden oponer a quienes contrataron con ellos, las excepciones de falta de forma o de registro.

**Artículo 437.-** Es aplicable a las asociaciones el artículo 456.

**Artículo 438.-** El poder supremo de las asociaciones reside en la asamblea general y los directivos de ellas tendrán las facultades que los estatutos y la asamblea general les concedan.

**Artículo 439.-** La asamblea general tendrá el carácter de ordinaria si se reúne en la época fijada en los estatutos, y de extraordinaria cuando sea convocada por la directiva. Esta deberá citar a asamblea cuando para ello fuere requerida, cuando menos por el cinco por ciento de los asociados.

**Artículo 440.-** Si la directiva no cita a asamblea, cuando deba hacerla, en su lugar lo hará el Juez de lo Civil a petición, cuando menos del cinco por ciento de los asociados.

**Artículo 441.-** La asamblea general resolverá:

**I.-** Sobre la admisión y exclusión de los asociados;

**II.-** Sobre la disolución anticipada de la asociación, o sobre su prórroga por más tiempo del fijado en los estatutos;

**III.-** Sobre el nombramiento de los miembros de la mesa directiva cuando no hayan sido designados en la escritura constitutiva;

**IV.-** Sobre la revocación de los nombramientos hechos;

**V.-** Sobre los demás asuntos que le encomienden los estatutos.

**Artículo 442.-** Las asambleas generales, bajo pena de nulidad, sólo se ocuparán de los asuntos contenidos en el orden del día fijado en la convocatoria; sus decisiones serán tomadas a mayoría de votos de los miembros presentes y cada asociado gozará en ellas de un voto.

**Artículo 443.-** El asociado no votará las decisiones en que se encuentren directamente interesados él y sus familiares.

**Artículo 444.-** Los miembros de la asociación tendrán derecho de separarse voluntaria y libremente de ella, previo aviso dado con dos meses de anticipación a la directiva, y sólo podrán ser separados y excluidos de la asociación, por la asamblea general, por las causas que señalen los estatutos y previa audiencia.

**Artículo 445.-** Los asociados que voluntariamente se separen o que fueren excluidos, perderán todo derecho al haber social.

**Artículo 446.-** Los asociados tienen derecho de vigilar que las cuotas se dediquen al fin que se propone la asociación, y con ese objeto pueden examinar los libros de contabilidad y demás papeles de ésta.

**Artículo 447.-** La calidad de asociado es intransferible.

**Artículo 448.-** Las asociaciones, además de las causas previstas en los estatutos, se extinguen:

**I.-** Por acuerdo de la asamblea general;

**II.-** Por haber concluido el término fijado para su duración o por haber conseguido totalmente el objeto de su constitución;

**III.-** Por haberse vuelto incapaces de realizar el fin para el que fueron fundadas;

**IV.-** Por resolución dictada por autoridad competente.

**Artículo 449.-** En caso de disolución, los bienes de la asociación se aplicarán conforme a lo que ordenen los estatutos y a falta de disposición de éstos, según lo que decida la asamblea general. En este caso la asamblea sólo podrá atribuir a los asociados la parte del activo social que equivalga a sus aportaciones. Los demás bienes se aplicarán a otra asociación o fundación de objeto similar a la extinguida.

**Artículo 450.-** Las asociaciones de beneficencia se regirán por las leyes correspondientes.

### CAPÍTULO TERCERO
### De las Sociedades

### SECCIÓN PRIMERA
### Disposiciones Generales

**Artículo 451.-** Cuando vados individuos se obligan mutuamente a combinar sus recursos o sus esfuerzos para la realización de un fin común de carácter preponderantemente económico, pero que no constituya una especulación comercial, crean una sociedad civil que estará dotada de patrimonio y personalidad jurídica propios y estará sujeta a las prescripciones de este capítulo.

**Artículo 452.-** Si la sociedad toma cualquiera de las formas que puede revestir una sociedad mercantil, no se rige por este Código.

**Artículo 453.-** La aportación de los socios puede consistir en una cantidad de dinero u otros bienes, o en su industria. La aportación de bienes implica la transmisión de su dominio a la sociedad, salvo que expresamente se pacte otra cosa.

**Artículo 454.-** El negocio constitutivo de sociedad debe constar en escritura privada, que será notarial cuando algún socio transfiera a la sociedad bienes cuya enajenación deba hacerse en escritura pública; pero no será sino hasta la inscripción de la escritura constitutiva, en el Registro, cuando la sociedad surja plenamente a la vida jurídica con capacidad bastante y con personalidad propia distinta a la de los socios.

**Artículo 455.-** Si no obstante carecer la sociedad del registro o de la escritura constitutiva o de ambos, sus miembros, sean o no integrantes de sus órganos de dirección o representación, contraen a nombre de ella obligaciones frente a terceros, la sociedad será irregular.

**Artículo 456.-** En las sociedades irregulares cualquiera de los socios puede pedir, en cualquier tiempo, la liquidación de la sociedad conforme a lo convenido o conforme a las prescripciones de la sección quinta de este Título.

**Articulo 457.-** Si se formare una sociedad para un objeto ilícito, a solicitud de cualquiera de los socios o de un tercero interesado, se declarará la nulidad de la sociedad, la cual se pondrá en liquidación.

Después de pagadas las deudas sociales conforme a la ley, a los socios se les reembolsará lo que hubieren llevado a la sociedad.

Las utilidades se destinarán a los establecimientos de beneficencia pública del lugar del domicilio de la sociedad.

**Artículo 458.-** El instrumento en que se haga constar el acto constitutivo de la sociedad debe contener:

**I.-** Los nombres y apellidos de los otorgantes, que no podrán sedo si no son capaces de obligarse;

**II.-** La razón social, después de la cual se agregarán las palabras Sociedad Civil o las iniciales S. C.;

**III.-** El objeto de la sociedad; y

**IV.-** El importe del capital social y la aportación con que cada socio debe contribuir.
Si falta alguno de estos requisitos. se estará a 10 dispuesto en el artículo 456.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 459.-** Será nula la sociedad en que se estipule que todos los provechos pertenezcan exclusivamente a alguno de los socios y todas las pérdidas a otro u otros.

**Artículo 460.-** Será también nula la estipulación por la que .se disponga que a los socios capitalistas se les. debe restituir su. aporte con una cantidad adicional, haya o' no ganancias.

**Artículo 461.-** El negocio constitutivo de la sociedad no puede modificarse sino por el consentimiento unánime de los socios.

## SECCIÓN SEGUNDA
### De los Socios

**Artículo 462.-** Cada socio. estará obligado al saneamiento para el caso. de evicción de los bienes que aporte a la sociedad, como corresponde a todo enajenante, y a indemnizar por los defectos de esos bienes, como lo está el vendedor respecto del comprador; más si lo que prometió fue el aprovechamiento de bienes determinados, responderá por ellos según los principios que rigen las obligaciones entre el arrendador y el arrendatario.

**Artículo 463.-** A menos que lo establezca el negocio constitutivo de la sociedad, no puede obligarse a los socios, a hacer una nueva aportación para ensanchar los negocios sociales.

**Artículo 464.-** Cuando el aumento del capital social sea acordado por la mayoría, los socios que no estén conformes pueden separarse de la sociedad, con devolución de lo que oportunamente aportaron.

**Artículo 465.-** Las obligaciones sociales estarán garantizadas subsidiariamente por la responsabilidad ilimitada y solidaria de los socios que administren; los demás socios, salvo convenio en contrario, sólo estarán obligados con su aportación.

**Artículo 466.-** Los socios no pueden ceder sus derechos sin el consentimiento previo y unánime de los demás coasociados, y sin él tampoco pueden admitirse nuevos socios, salvo pacto en contrario en uno y en otro caso.

**Artículo 467.-** Los socios gozarán del derecho del tanto y si varios socios quieren hacer uso de él, les competerá éste en la proporción que representen, siendo el plazo para hacer uso del derecho de tanto de ocho días, contados desde que reciban aviso del que pretende enajenar.

**Artículo 468.-** Ningún socio puede ser excluido de la sociedad sino por el acuerdo unánime de los demás socios y por causa grave prevista en los estatutos.

**Artículo 469.-** El socio excluido es responsable de la parte de pérdidas que le corresponda, pudiendo los otros socios retener el capital y las utilidades de aquél hasta concluir las operaciones pendientes al tiempo de la exclusión, para proceder después a la correspondiente liquidación.

## SECCIÓN TERCERA
### De la Administración de las Sociedades

**Artículo 470.-** La administración de la sociedad puede conferirse a uno o más socios y habiendo socios especialmente encargados de la administración, los demás no podrán ni entorpecer las gestiones de aquéllos, ni impedir sus efectos.

**Artículo 471.-** El nombramiento de los socios administradores no priva a los demás socios del derecho de examinar el estado de los negocios sociales y de exigir a este fin la presentación de libros, documentos y papeles, con el objeto de que puedan hacerse las reclamaciones que estimen convenientes. No es válida la renuncia del derecho consignado en este artículo.

**Artículo 472.-** El nombramiento de los socios administradores hecho en la escritura de sociedad, no podrá revocarse sin el consentimiento de todos los socios, a no ser judicialmente por dolo, culpa o inhabilidad.

**Artículo 473.-** El nombramiento de administradores hecho después de constituida la sociedad, es revocable por mayoría de votos.

**Artículo 474.-** Los socios administradores ejercerán las facultades que fueren necesarias al giro y desarrollo de los negocios que forman el objeto de la sociedad; pero salvo convenio en contrario, necesitan autorización expresa de todos los otros socios:

**I.-** Para enajenar los bienes de la sociedad, si ésta no se ha constituido con ese objeto;

**II.-** Para empeñarlos, hipotecarlos o gravados con cualquier otro derecho real; y

**III.-** Para tomar capitales prestados.

**Artículo 475.-** Las facultades que no se hayan concedido a los administradores, serán ejercitadas por todos los socios, resolviéndose los asuntos por mayoría de votos. La mayoría se computará por cantidades; pero cuando una sola persona represente un mayor interés y se trate de sociedades de más de tres socios, se necesita por lo menos el voto de la tercera parte de los socios.

**Artículo 476.-** Siendo varios los socios encargados indistintamente de la administración sin declaración de que deberán proceder de acuerdo, podrá cada uno de ellos practicar separadamente los actos administrativos que crea oportunos.

**Artículo 477.-** Si se ha convenido en que un administrador nada pueda practicar sin concurso de otro, solamente podrá proceder de otra manera en caso de que pueda resultar perjuicio grave e irreparable a la sociedad.

**Artículo 478.-** Los compromisos contraídos por los socios administradores en nombre de la sociedad excediéndose de sus facultades, si no son ratificados por ésta, sólo obligan a la sociedad en razón del beneficio recibido.

**Artículo 479.-** Las obligaciones que se contraigan por la mayoría de los socios administradores sin conocimiento de la minoría, o contra su voluntad expresa, serán válidas; pero quienes las hayan contraído serán personalmente responsables a la sociedad de los perjuicios que por ellas se causen.

**Artículo 480.-** El socio o socios administradores están obligados a rendir cuentas siempre que lo pida la mayoría de los socios, aun cuando no sea la época fijada en el contrato de sociedad.

**Artículo 481.-** Cuando no se haya nombrado socios administradores, todos tendrán derecho de concurrir a la dirección y manejo de los negocios comunes.

## SECCIÓN CUARTA
### De la Disolución de las Sociedades

**Artículo 482.-** La sociedad se disuelve:

**I.-** Por consentimiento unánime de los socios;

**II.-** Por haberse cumplido el plazo prefijado en el contrato de sociedad;

**III.-** Por la realización completa del fin social; o por haberse vuelto Imposible la consecución del objeto de la sociedad;

**IV.-** Por la muerte o incapacidad de uno de los socios que tenga responsabilidad ilimitada por los compromisos sociales, salvo que en la escritura constitutiva se haya pactado que la sociedad continúe con los sobrevivientes o con los herederos de aquél;

**V.-** Por la muerte del socio industrial, siempre que su industria haya dado nacimiento a la sociedad;

**VI.-** Por la renuncia de uno de los socios, cuando se trate de sociedades de duración indeterminada y los otros socios no deseen continuar asociados, siempre que esa renuncia no sea maliciosa ni extemporánea;

**VII.-** Por resolución judicial.

Para que la disolución de la sociedad surta efectos, es necesario que se haga constar en el Registro Público.

**Artículo 483.-** Pasado el término por el cual fue constituida la sociedad, si ésta continúa funcionando, se entenderá prorrogada su duración por tiempo indeterminado sin necesidad de nueva escritura social, y su existencia puede demostrarse por todos los medios de prueba.

**Artículo 484.-** En el caso de que a la muerte de un socio la sociedad hubiere de continuar con los supervivientes, se procederá a la liquidación de la parte que corresponda al socio

difunto para entregarla a su sucesión. Los herederos tendrán derecho al capital y a las utilidades que al finado correspondían en el momento de su fallecimiento y, en lo sucesivo, sólo tendrán parte en lo que dependa necesariamente de los derechos adquiridos o de las obligaciones contraídas por su causante.

**Artículo 485.-** Para los efectos de la fracción VI del artículo 482, la renuncia se considera maliciosa cuando el socio que la hace se propone aprovecharse exclusivamente de los beneficios o evitarse las pérdidas que los socios deberían de recibir o soportar en común con arreglo al negocio que constituyó la sociedad y se considera extemporánea la renuncia, si al hacerla las cosas no se hallan en estado íntegro y la sociedad puede ser perjudicada con la disolución que originaría la renuncia.

**Artículo 486.-** La disolución de la sociedad no modifica los compromisos contraídos con terceros.

## SECCIÓN QUINTA
## De la Liquidación de las Sociedades

**Artículo 487.-** Disuelta la sociedad, se pondrá in. mediatamente en liquidación, la cual se practicará dentro del plazo de seis meses, salvo pacto en contrario.

**Artículo 488.-** Cuando la sociedad se ponga en liquidación, debe agregarse a su nombre las palabras en liquidación.

**Artículo 489.-** La liquidación debe hacerse por todos los socios, salvo que convengan en nombrar liquidadores o que ya estuvieren nombrados en la escritura social.

**Artículo 490.-** Ni el capital social ni las utilidades pueden repetirse sino después de la disolución de la sociedad y previa la liquidación respectiva, salvo lo que al respecto se hubiera pactado en la escritura constitutiva.

**Artículo 491.-** Si cubiertos los compromisos sociales y devueltas sus aportaciones a los socios quedaren algunos bienes, se considerarán utilidades y se repartirán entre aquéllos en la forma convenida y si no hubo convenio se repartirán proporcionalmente a sus aportaciones.

**Artículo 492.-** Si al liquidarse la sociedad no quedaren bienes suficientes para cubrir los compromisos sociales y devolver sus aportes a los socios, el déficit se considerará pérdida y se repartirá entre los socios en la forma establecida en el artículo anterior.

**Artículo 493.-** Sí sólo se hubiere pactado lo que debe corresponder a los socios por utilidades, en la misma proporción responderán de las pérdidas.

**Artículo 494.-** Si alguno de los socios contribuye sólo con su industria, sin que ésta se hubiere estimado, ni se hubiere designado cuota que por ella debiera recibir, se observarán las reglas siguientes:

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**I.-** Si el trabajo del industrial pudiera hacerse por otro, su cuota será la que corresponda por razón de sueldos u honorarios. Lo mismo se observará si son varios los socios industriales;

**II.-** Si el trabajo no pudiere ser hecho por otro, su cuota será igual a la del socio capitalista que tenga más;

**III.-** Si sólo hubiere un socio industrial y otro capitalista, se dividirán entre sí por partes iguales las ganancias;

**IV.-** Si son varios los socios industriales y están en el caso de la fracción II, llevarán entre todos la mitad de las ganancias y la dividirán entre sí por convenio y, a falta de éste, por decisión arbitral.

**Artículo 495.-** Sí el socio industrial hubiere contribuido también con cierto capital, se considerarán éste y la industria separadamente.

**Artículo 496.-** Si al terminar la sociedad en que hubiere socios capitalistas e industriales, resultare que no hubo ganancias, todo el capital se distribuirá entre los socios capitalistas.

**Artículo 497.-** Salvo pacto en contrario. los socios industriales no responderán de las pérdidas.

## SECCIÓN SEXTA
## De las Sociedades Extranjeras

**Artículo 498.-** Para que las sociedades extranjeras de carácter civil puedan ejercer sus actividades en el Estado de Quintana Roo, se estará a lo que sobre el particular disponen las leyes federales.

## CAPÍTULO CUARTO
## De las Fundaciones

**Artículo 499.-** Las fundaciones son personas jurídicas que se constituyen mediante la afectación de bienes de propiedad particular a fines asistenciales, educativos o culturales.

**Artículo 500.-** Las fundaciones pueden constituirse en escritura pública en vida del fundador o por disposición testamentaria para después de la muerte de éste; pero no adquieren personalidad jurídica sino hasta que se inscriba en el Registro Público de la Propiedad la declaratoria que haga el Estado a través del órgano administrativo correspondiente, de que la fundación ha quedado legalmente constituida.

**Artículo 501.-** Las inscripciones registrales de los bienes afectados serán anotadas marginalmente, para los fines legales que correspondan, pero la omisión de estas anotaciones en nada afecta a la personalidad de la fundación.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 502.-** Mientras no se haga la declaración gubernativa de constitución, la persona que afecte todos o parte de sus bienes para constituir una fundación, puede revocar o reducir tal afectación de bienes y esta facultad no se transmite a los herederos.

**Artículo 503.-** No se admitirá demanda de nulidad por defectos de un testamento, en que se ordene la constitución de una fundación.

**Artículo 504.-** La falta de cumplimiento por el Estado, de la voluntad del testador en cuanto al fin que se propuso al afectar sus bienes, da derecho a sus herederos para promover a su favor la reversión de dichos bienes.

**Artículo 505.-** El mismo derecho de reversión corresponde al fundador, cuando la fundación haya sido constituida en vida de éste y la voluntad del mismo fundador no haya sido observada por el Estado.

**Artículo 506.-** Las fundaciones respecto de las cuales esté en trámite la declaración gubernativa de constitución están capacitadas para recibir bienes por donación o testamento.

**Artículo 507.-** La administración de la fundación estará a cargo de una junta directiva, cuyas decisiones serán tomadas por mayoría de votos de sus integrantes.

**Artículo 508.-** Los integrantes de la junta directiva de la fundación no podrán tomar posesión de su cargo, si previamente no caucionan su manejo a satisfacción del Estado.

**Artículo 509.-** Cuando el fundador ejerza el cargo de miembro de la junta de referencia, no necesita caucionar su manejo.

**Artículo 510.-** Es facultad del fundador determinar la clase de servicios que habrá de prestar la fundación, y a qué clase de personas debe prestárseles.

**Artículo 511.-** Mientras el fundador viva, está facultado para nombrar y remover a los miembros de la junta directiva y este derecho puede renunciarlo el fundador y no se transmite a sus herederos.

**Artículo 512.-** La junta directiva tendrá las siguientes facultades:

**I.-** Cumplir y hacer que se cumpla la voluntad del fundador;

**II.-** Conservar y mejorar los bienes de la fundación;

**III.-** Ejercitar, por conducto de su presidente, las acciones y defensas que le correspondan a la fundación;

**IV.-** Acatar la voluntad del fundado!' en lo relativo al nombramiento de empleados y funcionarios de la fundación;

**V.-** Exigir garantía a los funcionarios y empleados de la fundación que manejen fondos, quienes no podrán entrar al ejercicio de sus cargos si previamente no otorgan aquélla;

**VI.-** Enajenar o gravar los bienes de la fundación cuando esto sea de evidente utilidad o absoluta necesidad y previa la autorización del órgano administrativo estatal correspondiente;

**VII.-** Arrendar los inmuebles de la institución, pero necesita la autorización del órgano administrativo estatal correspondiente para arrendar esos bienes por más de cinco años o recibir rentas anticipadas por más de dos; y

**VIII.-** Las demás que establezca la ley.

**Artículo 513.-** El presidente de la junta directiva es el representante legal de la fundación.

**Artículo 514.-** Las disposiciones de este Capítulo son aplicables a las fundaciones salvo lo que dispongan las leyes administrativas correspondientes.

## TÍTULO TERCERO
### De los Atributos de la Personalidad y de las
### Instituciones relacionadas con algunos de ellos

## CAPÍTULO PRIMERO
### De la Capacidad

**Artículo 515.-** La capacidad es atributo de la personalidad.

**Artículo 516.-** La capacidad de goce es la aptitud para ser titular de derechos y obligaciones.

**Artículo 517.-** La capacidad de ejercicio es la aptitud para ejercitar derechos y cumplir obligaciones.

**Artículo 518.-**Tienen capacidad de ejercicio:

**I.** Las personas mayores de edad no sujetas a interdicción;

<div align="right">

**Fracción reformada POE 31-05-2023**

</div>

**II.** Las o los adolescentes emancipados, y

<div align="right">

**Fracción reformada POE 31-05-2023**

</div>

**III.-** Las personas jurídicas.

**Artículo 519.** Los negocios de familia que este Código reglamenta pueden ser celebrados personalmente por las y los adolescentes que hayan cumplido dieciséis años con autorización de sus legítimos representantes o de quien pueda suplir legalmente dicha autorización.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

Artículo reformado POE 31-05-2023

**Artículo 520.-** La capacidad para testar se rige por las reglas especiales consignadas al respecto en la última parte especial de este Código.

**Artículo 521.-** Las incapacidades establecidas por la ley son simples restricciones a la personalidad jurídica, y los incapaces pueden por mediación de sus legítimos representantes, ejercitar sus derechos, cumplir sus obligaciones, celebrar negocios jurídicos y comparecer en juicio.

**Artículo 522.-** La mayor edad de las personas físicas comienza a los dieciocho años cumplidos.

**Artículo 523.-** Quienes estando en pleno uso de sus facultades psíquicas y mentales adquieren la mayoridad, pueden disponer libremente de su persona y de sus bienes sin más limitaciones que las establecidas en la ley.

**Artículo 524.-** La capacidad jurídica de las personas morales la atribuye la ley atendiendo a la naturaleza, objeto y fines de dichas personas y la propia ley establece los casos, forma y terminación de aquélla.

## CAPÍTULO SEGUNDO
### De la Emancipación

**Artículo 525.-** El emancipado tiene capacidad de ejercicio para la libre administración de su patrimonio y para la libre disposición de sus bienes muebles.

**Artículo 526.-** El emancipado necesita durante su minoría de edad, autorización judicial para la enajenación, gravamen o hipoteca de sus bienes raíces, y de un tutor especial para sus negocios judiciales.

**Artículo 527.-** Son nulos los negocios jurídicos celebrados por los menores emancipados con infracción del artículo anterior; pero sólo el emancipado puede demandar esa nulidad y la acción correspondiente prescribe en un año a partir' del inicio de su mayoridad.

**Artículo 528.- Derogado.**

Artículo derogado POE 19-12-2014

## CAPÍTULO TERCERO
### De la Incapacidad

**Artículo 529.** Son incapaces:

**I.** Las niñas, niños y adolescentes;

**II.** Las personas mayores de edad enumeradas en los siguientes incisos de esta fracción;

**a)** Que por causa de enfermedad reversible, o por su estado particular de incapacidad, ya sea de carácter físico, sensorial, intelectual, emocional, mental o varias de ellas a la vez, no puedan gobernarse, obligarse o manifestar su voluntad, por sí mismas o por algún medio que la supla, y

**b)** Las personas sordomudas que no sepan darse a entender por escrito o, mediante intérprete, por el lenguaje mímico en que se imparte instrucción escolar a las personas de su clase, y

**III.** Las personas ebrias consuetudinarias y las que habitualmente hacen uso no terapéutico de enervantes, estupefacientes, psicotrópicos o de cualquiera otra sustancia que altere la conducta y produzca farmacodependencia.

*Artículo reformado POE 31-05-2023*

**Artículo 530.** Son nulos los actos y negocios jurídicos que realicen las niñas, niños o adolescentes por sí mismos cuando estén sujetos a patria potestad.

*Artículo reformado POE 31-05-2023*

**Artículo 531.** Son nulos los actos y negocios jurídicos realizados por las niñas, niños o adolescentes no sujetos a patria potestad y por las personas mayores con incapacidad legal, antes del nombramiento de la persona tutora, si la minoridad o la causa de la incapacidad eran patentes y notorias al momento de realizarse el acto o negocio.

*Artículo reformado POE 31-05-2023*

**Artículo 532.** Después del nombramiento de persona tutora de la niña, niño o adolescente no sujeto a patria potestad, o del mayor incapacitado, son nulos todos los actos o negocios jurídicos realizados por ellos, aún cuando la minoridad o la causa de la incapacidad no sean patentes y notorias al realizarse el acto de administración o de dominio.

*Artículo reformado POE 31-05-2023*

**Artículo 533.** No son nulos los actos o negocios jurídicos realizados por la niña, niño o adolescente sujeto a patria potestad o a tutela, antes o después del nombramiento de la persona tutora:

**I.** Cuando la niña, niño o adolescente es perita en la clase de negocios o actos de que se trate, y

**II.** Cuando la niña, niño o adolescente se hizo aparecer dolosamente como mayor o presentó certificados falsos del Registro Civil.

*Artículo reformado POE 31-05-2023*

**Artículo 534.** La o el adolescente se considera emancipada para los actos de administración de los bienes que obtenga con su trabajo.

*Artículo reformado POE 31-05-2023*

**Artículo 535.-** La nulidad de los actos o negocios jurídicos de los incapaces solo puede ser pedida por el mismo incapaz o por su representante legal.

**Artículo 536.-** La acción de nulidad por incapacidad de una de las partes, prescribe en dos años contados en la siguiente forma:

**I.-** Desde el día en que el incapaz llegue a ser mayor de edad, cuando al realizar el acto o negocio jurídico, no estuviese sujeto a patria potestad ni tuviese tutor;

**II.-** Desde el día que el mayor incapaz que no tuviese tutor recobre la capacidad;

**III.-** Desde el día en que llegue al conocimiento del representante legal del incapaz, el acto o negocio impugnado, cuando al realizar éste el incapaz tuviese ya ese representante.

## CAPÍTULO CUARTO
### Del Nombre

**Artículo 537.-** El nombre de las personas físicas o naturales se forma con el nombre propio y los apellidos.

**Artículo 538.** El nombre de las personas físicas se conforma con el nombre propio y los apellidos que de común acuerdo determinen las personas progenitoras, ya sean simples o compuestos. Cada persona progenitora podrá elegir otorgar su primer o segundo apellido.

El orden de los apellidos acordado entre las personas progenitoras, será el mismo que se asentará para todos los hijos o las hijas de la misma filiación.

En caso de no existir acuerdo entre las personas progenitoras, se registrarán los apellidos de las personas progenitoras en el orden en el que determine la persona progenitora que presente a la niña, niño o adolescente.

Si no se sabe quiénes son las personas progenitoras, el registro filial será realizado por la Procuraduría de Protección de Niñas, Niños, Adolescentes y la Familia del Estado de Quintana Roo o a las Delegaciones de las Procuradurías de Protección de Niñas, Niños, Adolescentes y la Familia de los Sistemas para el Desarrollo Integral de la Familia Municipales, en términos de la legislación aplicable.

*Artículo reformado POE 16-01-2020, 31-05-2023*

**Artículo 539.-** La persona casada podrá agregar a su nombre de soltera el apellido de su cónyuge, que podrá conservar en caso de viudez, pero no en los de divorcio o nulidad del matrimonio.

**Artículo 540.-** No se emplearán como nombres propios los que puedan ser ridículos.

**Artículo 541.-** Las personas jurídicas de carácter público llevarán el nombre que las leyes les asignen.

**Artículo 542.-** El nombre de las personas jurídicas de carácter privado estará constituido por la denominación o la razón social que se les dé de acuerdo con el acto que las constituyó o con sus estatutos.

**Articulo 543.-** Todas las personas, sean naturales o jurídicas, tienen derecho al uso de su nombre, pudiendo por lo tanto oponerse a que un tercero use el mismo nombre cuando dicho tercero no tenga derecho conforme a este Código a usar ese nombre.

**Artículo 544.-** La protección establecida en el artículo anterior se da también para el pseudónimo.

**Artículo 545.-** El derecho de controvertir judicialmente el uso indebido por otra persona de un nombre o de un pseudónimo se trasmite a los herederos del afectado, para continuar la acción; pero no para ejercitarla si el afectado no lo hizo en vida.

**Artículo 546.-** Procede la modificación y en su caso el cambio del nombre con que una persona física está inscrita en el Registro Civil:

**I.-** Cuando se demuestre fehacientemente, con documentos indubitables e inobjetables, adminiculados en su caso con cualquiera otra prueba, que en forma invariable y constante una persona ha usado en su vida social y jurídica otro nombre distinto al de su registro;

**II.-** Cuando el nombre registrado expone a la persona al ridículo; y

**III.-** En el caso de homonimia, si el solicitante demuestra que el uso del homónimo le causa perjuicio moral o económico.

**Artículo 547.-** Procede la enmienda del nombre por rectificación del acta, cuando en ésta se ha cometido algún error en la atribución de los apellidos, o simplemente en la ortografía de los mismos o en la del nombre propio.

**Artículo 548.-** Las sentencias ejecutoriadas que desconozcan o establezcan la paternidad o la maternidad producirán respectivamente el efecto de privar u otorgar a la persona de cuya filiación se trate, el derecho al uso del apellido correspondiente.

La sentencia que declare la paternidad o maternidad, deberá ordenar al oficial del Registro Civil la inscripción del nombre del menor, privilegiando el orden de los apellidos que haya sido propuesto por la parte actora desde la demanda o en su caso, el que haya sido determinado de común acuerdo por las partes durante el transcurso del juicio.

*Párrafo adicionado POE 16-01-2020*

**Artículo 549.-** Para cumplir con lo dispuesto en el artículo anterior la misma sentencia ordenará se envíen copias certificadas de los puntos resolutivos de la misma al oficial del Registro Civil que corresponda, para que anote marginalmente el sentido del fallo, en el acta de nacimiento del afectado y, en su caso, en la de su matrimonio.

**Artículo 550.-** La modificación o el cambio de nombre podrá ser ordenado por la autoridad judicial mediante sentencia formal dictada en juicio, instruyendo la rectificación en el acta de registro civil respectiva; la modificación del nombre podrá ser ordenada vía rectificación del acta determinada por la Dirección General del Registro Civil del Estado, mediante resolución administrativa que dicte su titular; en ambos casos, se deberá atender al procedimiento instaurado en este Código, así como por lo dispuesto en el Reglamento del Registro Civil para el Estado Libre y Soberano de Quintana Roo.

**Artículo reformado POE 13-12-2010**

**Artículo 551.-** La enmienda, la modificación y el cambio de nombre de una persona, no liberan ni eximen a ésta de las obligaciones y responsabilidades que haya contraído con el nombre anterior.

## CAPÍTULO QUINTO
### Del Domicilio

**Artículo 552.-** El domicilio de una persona física es el lugar donde reside con el propósito de establecerse en él; a falta de éste, el lugar en que tiene el principal asiento de sus negocios; y a falta de uno y otro, el lugar en que se halle.

**Artículo 553.-** Se presume el propósito de establecerse en un lugar, cuando se reside por más de seis meses en él. Transcurrido el mencionado tiempo, el que no quiera que nazca la presunción de que se acaba de hablar, declarará, dentro del término de quince días, tanto a la autoridad municipal de su anterior domicilio, como a la autoridad municipal de su nueva residencia, que no desea perder su antiguo domicilio y adquirir uno nuevo. La declaración no producirá efectos si se hace en perjuicio de tercero.

**Artículo 554.-** Carecerá también de efectos la declaración que haga una persona de su propósito de adquirir determinado domicilio, si su residencia habitual estuviere en otro sitio.

**Artículo 555.-** El domicilio legal de una persona es el lugar donde la ley le fija su residencia para el ejercicio de sus derechos y el cumplimiento de sus obligaciones, aunque de hecho no esté allí presente.

**Artículo 556.-** Se reputa domicilio legal:

**I.-** Del menor de edad no emancipado, el de la persona a cuya patria potestad está sujeto;

**II.-** Del menor de edad que no esté bajo la patria potestad y del mayor incapacitado, el de su tutor;

**III.-** De los militares en servicio activo, el lugar en que están destinados;

**IV.-** De los empleados públicos, el lugar donde desempeñan sus funciones por más de seis meses. Los que por tiempo menor desempeñen alguna comisión no adquirirán domicilio en el lugar donde la cumplen, sino que conservarán su domicilio anterior; y

**V.-** De los sentenciados a sufrir una pena privativa de la libertad por más de seis meses, la población en que la extingan, por lo que toca a las relaciones jurídicas posteriores a la condena. En cuanto a las relaciones anteriores, los sentenciados conservarán el último domicilio que hayan tenido.

**Artículo 557.-** Las personas morales tienen su domicilio en el lugar donde se halle establecida su administración.

**Articulo 558.-** Las personas morales que tengan su administración fuera del Estado, pero que celebren negocios jurídicos dentro de él, se considerarán domiciliadas, en todo lo que a esos negocios se refiera, en el lugar en que los hayan celebrado.

**Artículo 559.-** Las sucursales que operen en lugares distintos de donde radica la casa matriz, tendrán su domicilio en esos lugares para el cumplimiento de las obligaciones contraídas por las mismas sucursales.

**Artículo 560.-** Además del domicilio real y del legal, la ley reconoce el derecho que toda persona tiene para designar un domicilio voluntario. Este será convencional cuando la designación se haga en un contrato para el cumplimiento de las obligaciones surgidas en él, y será de elección cuando el interesado lo elija libremente para cumplir obligaciones que surjan de su sola declaración unilateral de voluntad, o cuando en un juicio lo señale, sin ser el suyo, para recibir notificaciones y toda clase de citaciones.

<div align="center">

**CAPÍTULO SEXTO**
**De los Ausentes e Ignorados**

**SECCIÓN PRIMERA**
**De la Ausencia**

</div>

**Artículo 561.-** Cuando una persona, sin dejar apoderado, ha desaparecido por más de un año tanto de su domicilio, cuanto, en su caso, de su residencia, se carezca de noticias de ella y se ignore su paradero, a petición de cualquier interesado o del Ministerio Público, se abrirá el procedimiento de ausencia conforme a las prescripciones de este capítulo.

**Artículo 562.-** En el caso de que el ausente haya dejado apoderado general para la administración de sus bienes y para pleitos y cobranzas, no podrá iniciarse el procedimiento de ausencia sino pasados tres años, que se contarán desde la desaparición del ausente si en este período no se tuvieren noticias suyas, o desde la fecha en que se hayan tenido las últimas.

**Artículo 563.-** Lo dispuesto en el artículo anterior se observará aun cuando el poder se hubiere conferido por más de tres años.

**Artículo 564.-** El Juez, en el mismo auto por el que abra el procedimiento, mandará requerir al solicitante para que mediante la declaración de dos testigos, justifique los extremos del articulo 561 y rendida esta prueba, el Juez dictará sentencia en la que declare la ausencia, nombre administrador de los bienes del ausente el cual además de

custodiar éstos, representará al ausente en juicio y fuera de él, y mande publicar los puntos resolutivos de la misma sentencia, por tres veces de siete en siete días, en uno de los diarios de mayor circulación de la capital de la República y en otro de la capital del Estado.

**Artículo 565.-** El representante ausente será su cónyuge; pero a falta de éste o si está impedido, el Juez elegirá de entre los hijos mayores del ausente al que estime más apto, o en su defecto a alguno de los presuntos herederos, y sí no hubiere ninguno conocido nombrará a una persona domiciliada en el lugar del juicio que llene los requisitos que este Código exige para los tutores.

**Artículo 566.-** Son aplicables por analogía al representante, las disposiciones que este Código establece para los tutores

## SECCIÓN SEGUNDA
### De los Efectos de la Declaración de Ausencia

**Artículo 567.-** Declarada la ausencia, si hubiere testamento público u ológrafo, la persona en cuyo poder se encuentre lo presentará al Juez, dentro de quince días, contados desde la última publicación de que habla el artículo 564.

**Artículo 568.-** El Juez, de oficio o a instancia de cualquiera que se crea interesado en el testamento ológrafo, abrirá éste en presencia del representante del ausente, con citación de los que promovieron la declaración de ausencia y con las demás solemnidades prescritas para la apertura de esta clase de testamento.

**Artículo 569.-** Los herederos testamentarios. y en su defecto, los que fueren legítimos al tiempo de la desaparición de un ausente, o al tiempo en que se hayan recibido las últimas noticias, si tienen capacidad legal para administrar, serán puestos en la posesión provisional de los bienes, dando fianza que asegure las resultas de la administración. Si estuvieren bajo la patria potestad o tutela, se procederá conforme a derecho.

**Artículo 570.-** Si son varios los herederos y los bienes admiten cómoda división, cada uno administrará la parte que le corresponda.

**Artículo 571.-** Si los bienes no admiten cómoda división, los herederos elegirán de entre ellos mismos un administrador general, y si no se pusieren de acuerdo, el Juez lo nombrará, escogiéndole de entre los mismos herederos.

**Artículo 572.-** Si una parte de los bienes fuere cómodamente divisible y otra no, respecto de ésta se nombrará el administrador general.

**Artículo 573.-** Los herederos que no administren podrán nombrar un interventor, que tendrá la obligación de vigilar la conducta del o de los administradores y de poner en conocimiento del Juez todo aquello que considere que puede dañar al ausente.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 574.-** El que entre en la posesión provisional tendrá, respecto de los bienes, las mismas obligaciones, facultades y restricciones que los tutores.

**Artículo 575.-** En el caso del artículo 570, cada heredero dará garantía que corresponda a la parte de bienes que administre.

**Artículo 576.-** En el caso del artículo 571, el administrador general, será quien dé la garantía legal.

**Artículo 577.-** Los legatarios, los donatarios y todos los que tengan sobre los bienes del ausente derechos que dependan de la muerte o presencia de éste, podrán ejercitarlos, dando la garantía que corresponda, según el artículo 575.

**Artículo 578.-** Los que tengan con relación al ausente obligaciones que deben cesar a la muerte de éste, podrán también suspender su cumplimiento bajo la misma garantía.

**Artículo 579.-** Si no pudiere darse la garantía prevenida en los artículos anteriores, el Juez según las circunstancias de las personas y de los bienes, podrá disminuir el importe de aquélla, pero de modo que no baje de la tercera parte de los valores señalados.

**Artículo 580.-** Mientras no se dé la expresada garantía, no cesará la administración del representante.

**Artículo 581.-** No están obligados a dar garantía:

**I.-** El cónyuge, o quien vivía con el ausente como si fuese su cónyuge, los descendientes y los ascendientes que como herederos entren en la posesión de los bienes del ausente, por la parte que en ellos les corresponda;

**II.-** El ascendiente que en ejercicio de la patria potestad administre bienes que como herederos del ausente correspondan a sus descendientes.

Si hubiere legatarios, el cónyuge, o quien vivía como tal con el ausente, los descendientes y ascendientes darán la garantía legal por la parte de bienes que corresponda a los legatarios, si no hubiere división, ni administrador general.

**Artículo 582.-** Los que entren en la posesión provisional tienen derecho de pedir cuentas al representante del ausente y éste entregará los bienes y dará las cuentas en los términos prevenidos en este Código para los tutores.

**Artículo 583.-** Si hecha la declaración de ausencia no se presentaren herederos del ausente, el Ministerio Público pedirá, o la continuación del representante, o la elección de otro que en nombre de la hacienda pública entre en la posesión provisional conforme a los artículos que anteceden.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 584.-** Muerto el que haya obtenido la posesión provisional, le sucederán sus herederos en la parte que le haya correspondido, bajo las mismas condiciones y con iguales garantías.

**Artículo 585.-** La declaración de ausencia interrumpe la sociedad conyugal de bienes.

## SECCIÓN TERCERA
### De la Presunción de Muerte

**Artículo 586.-** Pasados tres años de la declaración de ausencia, el Juez, a petición de parte interesada o del Ministerio Público, y siempre que no hubiere noticias del ausente u oposición fundada de algún interesado, declarará en forma la presunción de muerte.

**Artículo 587.-** La sentencia ejecutoriada que declare la presunción de muerte produce los siguientes efectos:

**I.-** Disuelve de pleno derecho el matrimonio del ausente;

**II.-** Abre la sucesión del ausente;

**III.-** Termina con las funciones del representante.

**Artículo 588.-** El Juez enviará copia certificada de la sentencia que declare la presunción de muerte al oficial del Registro Civil, quien inmediatamente anotará el acta de matrimonio en el sentido de haber quedado disuelto por esa declaración judicial.

**Artículo 589.-** Ejecutoriada la sentencia que declare la presunción de muerte del ausente, el representante entregará los bienes de aquél al albacea nombrado y si éste no es el cónyuge se respetarán los derechos de posesión y administración de los bienes de la sociedad conyugal que le correspondan. mientras no se liquide ésta.

**Artículo 590.-** En ningún caso la falta de presentación o de aprobación de las cuentas que el representante debe rendir al respeto, podrá aplazar o suspender la entrega de los bienes.

**Artículo 591.-** Si el ausente se presenta después de la declaración de ausencia, pero antes de la declaración de presunción de muerte, recobrará sus bienes 'con todos sus frutos y el precio de los que se hubieren enajenado.

**Artículo 592.-** Los mismos derechos tendrá si su regreso acontece después de ser declarado presuntamente fallecido, salvo el de reclamar los frutos.

**Artículo 593.-** En todo caso el ausente deberá estar a las resoluciones judiciales dictadas sobre las rendiciones de cuentas del representante y del albacea en su caso.

**Artículo 594.-** Respecto a los individuos que hayan desaparecido al tomar parte en una guerra, encontrándose a bordo de un buque que haya naufragado, de una aeronave que

se haya perdido o destruido, o al verificarse una explosión, incendio, terremoto o maremoto, inundación u otro siniestro semejante, bastará el transcurso de seis meses contados desde la desaparición para que pueda iniciarse el procedimiento, y de un año a partir de la declaración de ausencia para que pueda declararse la presunción de muerte.

**Artículo 595.-** Por causa de ausencia no se suspenden los plazos que fija la ley para la prescripción.

**Artículo 596.-** El Ministerio Público velará por los intereses del ausente y será parte necesaria en todos los procedimientos establecidos en este capítulo.

## CAPÍTULO SÉPTIMO
### Del Patrimonio

**Artículo 597.-** El patrimonio es económico o moral.

**Artículo 598.-** Patrimonio económico es el conjunto de derechos, bienes y obligaciones, valorables en dinero, y que constituyen una universalidad.

**Artículo 599.-** El deudor responde del cumplimiento de sus obligaciones con todo su patrimonio económico, con excepción de los bienes que conforme a la ley son inalienables e inembargables.

**Artículo 600.-** Patrimonio moral es el conjunto de los derechos de la personalidad.

## CAPÍTULO OCTAVO
### Del Estado Civil

**Artículo 601.-** La ley protege, en los términos de este capítulo, no sólo el estado civil, sino también la posesión del estado civil.

**Artículo 602.-** Se entiende por estado civil de una persona su situación jurídica concreta que la misma guarda en relación con la familia, como miembro de ésta.

**Artículo 602 Bis.-** La familia es una institución social, permanente, compuesta por un conjunto de personas unidas entre sí a partir del vínculo jurídico del matrimonio o por el estado jurídico del concubinato; por el parentesco de consanguinidad y afinidad, o por una relación de hecho, donde sus miembros gocen de una autonomía e independencia personal.

*Artículo adicionado POE 10-12-2010. Reformado POE 30-05-2016*

**Artículo 602 Ter.-** El Estado de Quintana Roo reconoce a la familia como fundamento primordial de la sociedad y garantiza la protección de la misma en su constitución y autoridad, como la base necesaria del orden social, indispensable para el desarrollo y bienestar del Estado, fomentando un ambiente democrático, de respeto y libre de violencia.

*Artículo adicionado POE 10-12-2010*

**Artículo 603.-** Posesión de estado es la ostentación que pública y constantemente hace una persona de un estado civil que puede o no pertenecerle.

**Artículo 604.-** Para apreciar la posesión de estado se atenderá al nombre usado, por el poseedor y al trato que éste recibe al respecto en el seno de la familia correspondiente y a la fama de que sobre el particular goce esa misma persona, en el medio social de ella y de la familia.

**Artículo 605.-** El Juez, al estimar la posesión de estado civil, puede tenerla por probada con uno solo de los elementos a que se refiere el artículo anterior.

**Artículo 606.-** Para la tutela jurídica de su estado civil, las personas disponen de las acciones de reclamación y de impugnación o contradicción, según que pretendan el reconocimiento de un determinado estado civil a que crean tener derecho, o el desconocimiento de algún estado que estimen que indebidamente se les atribuye.

**Artículo 607.-** La posesión de estado no puede perderse sino por sentencia firme, dictada en juicio ordinario en el que se admitan todos los recursos que la ley establece para los juicios de mayor cuantía.

**Artículo 608.-** El interesado podrá además ejercitar las acciones que establece el Código de Procedimientos Civiles, para que se le restituya o se le ampare en el disfrute de la posesión, contra cualquier despojo o perturbación que sufra al respecto sin que preceda sentencia firme.

**Artículo 609.-** El estado civil sólo se comprueba con las constancias relativas del Registro.

**Artículo 610.-** Cuando no hayan existido registros, se hayan perdido o destruido, estén ilegibles los existentes o falten los folios en que se pueda suponer que se encontraba asentada el acta, se podrá recibir prueba del acto por instrumentos o testigos, pero si uno solo de los registros se ha inutilizado y existe el otro ejemplar de éste deberá tomarse la prueba, sin admitirla de otra clase.

**Artículo 611.-** Cuando el estado civil se establezca por resolución judicial, y se haya omitido enviar al oficial del Registro la constancia correspondiente para el levantamiento del acta, será bastante la prueba de dicha resolución para acreditar el estado civil.

**Artículo 612.-** Cuando el reconocimiento de un hijo se haga por escritura ante notario, por testamento o por confesión judicial directa y expresa y no se haya levantado aún el acta en el registro, bastará la prueba del reconocimiento para probar el estado civil del hijo.

**Artículo 613.-** En los casos previstos en los dos artículos anteriores, la autoridad ante la que se presentó la resolución judicial o el reconocimiento enviará copia certificada de aquella o de esta al oficial del Registro Civil, para que levante el acta.

**Artículo 614.-** Fuera de lo preceptuado en los artículos anteriores ningún otro medio de prueba es admisible para comprobar el estado civil.

## CAPÍTULO NOVENO
### Del Registro Civil

## SECCIÓN PRIMERA
### Disposiciones Generales

*Sección modificada POE 31-01-1982*

**Artículo 615.-** El Registro Civil es una institución de carácter público y de interés social, por medio del cual el Estado inscribe y da publicidad a los actos constitutivos o modificativos del Estado Civil de las personas.

*Artículo modificado POE 31-01-1982*

**ARTICULO 616.-** El Registro Civil para su funcionamiento contará con una Oficina Central y el número de Oficialías, Delegaciones o Subdelegaciones necesarias para el cumplimiento de su objetivo.

*Artículo modificado POE 31-01-1982*

**ARTICULO 617.-** En la Capital del Estado tendrá su asiento la Oficina Central del Registro Civil, al frente de la cual estará un Funcionamiento nombrado por el Ejecutivo y que se denominará Oficial Central del Registro Civil.

*Artículo modificado POE 31-01-1982*

**ARTICULO 618.-** Corresponde a la Oficina Central del Registro Civil:

**I.-** Vigilar que los Oficiales, Delegados y Subdelegados del Registro Civil desempeñen sus funciones cumpliendo con lo establecido por la Ley y sus Reglamentos.

**II.-** Emitir, previo acuerdo de la Secretaría de Gobierno, las formas especiales de actas del Registro Civil que deban ser utilizadas en el Estado.

**III.-** Llevar el archivo general del Registro Civil que deban ser utilizadas en el Estado.

**IV.-** Expedir copias certificadas de las Constancias del Registro Civil que obren en su archivo general.

*Artículo modificado POE 31-01-1982*

**V.** Llevar el Registro de Deudores Alimentarios Morosos del Estado de Quintana Roo, en el cual se inscribirá a las personas que hayan dejado de cumplir injustificadamente por más de sesenta días sus obligaciones alimenticias, ordenadas por los jueces y tribunales o establecidas por convenio judicial.

El Registro Civil expedirá un Certificado que informe si un deudor alimentario se encuentra inscrito en el Registro de Deudores Alimentarios Morosos del Estado de Quintana Roo.

El Registro Civil, una vez hecha la inscripción a que se refiere el párrafo anterior, formulará solicitud al Registro Público de la Propiedad y del Comercio del Estado a efecto de que se anote el Certificado respectivo en los folios reales de que sea propietario el Deudor Alimentario Moroso. El Registro Público de la Propiedad y del Comercio del Estado informará al Registro Civil sobre las anotaciones antes mencionadas o, en su caso, la inexistencia de folios reales de propiedades del Deudor Alimentario Moroso.

**Fracción adicionada POE 09-08-2019**

**ARTICULO 619.-** Las oficinas del Registro Civil estarán a cargo de los Ayuntamientos donde tenga su asiento, pero en todo caso se ajustarán sus procedimientos a lo establecido por esta Ley y Reglamento respectivo.

**Artículo modificado POE 31-01-1982**

**ARTICULO 620.-** En cada Municipio habrá cuando menos una Oficina encargada del Registro Civil al frente de la cual estará un funcionario que se denominará Oficial del Registro Civil, auxiliado por el número de empleados que señale el Presupuesto de Egresos del Municipio que corresponda.

**Artículo modificado POE 31-01-1982**

**ARTICULO 621.-** Los Oficiales del Registro Civil serán nombrados y removidos por el Presidente Municipal del lugar.

**Artículo modificado POE 31-01-1982**

**ARTICULO 622.-** Los Oficiales del Registro Civil deberán asentar las actas del Estado Civil de las personas en las formas especiales únicas que para la Entidad se establezcan.

**Artículo modificado POE 31-01-1982**

**ARTICULO 623.-** Los Delegados y Subdelegados Municipales podrán fungir como Delegados y Subdelegados del Registro Civil cuando así lo autorice el Presidente Municipal del lugar, actuarán con carácter de receptor, y levantarán actas de nacimiento y matrimonio en las formas previstas por el Artículo siguiente.

**Artículo modificado POE 31-01-1982**

**ARTICULO 624.-** Las actas del Registro Civil se asentarán en formas especiales y el Reglamento respectivo establecerá su formato, las inscripciones se harán mecanográficamente por cuadriplicado. La infracción de está disposición producirá la nulidad del acta.

**Artículo modificado POE 31-01-1982**

**ARTICULO 625.-** El Oficial Central del Registro Civil cuidará que siempre que se pierda o destruya alguna de las actas del Registro Civil se reponga inmediatamente, elaborando copia de los otros ejemplares, bajo su propia responsabilidad, del Oficial, Delegado o Subdelegado del Registro Civil, y al efecto; el funcionario titular del lugar donde ocurra la pérdida dará aviso a los demás en la forma que establezca el reglamento respectivo.

**Artículo modificado POE 31-01-1982**

**ARTICULO 626.-** Las formas del Registro Civil serán distribuidas por el Oficial Central del Registro Civil, se encuadernarán por año y los Oficiales del Registro Civil remitirán mensualmente dos ejemplares de las formas utilizadas a la Oficina Central del Registro

Civil, un ejemplar al interesado y el otro quedará en el archivo de la Oficialía, en igual forma procederán los Delegados y Subdelegados del Registro Civil.

Artículo modificado POE 31-01-1982

**ARTICULO 627.-** Con las formas del Registro Civil se integrará asimismo el apéndice respectivo y estará constituido por todos los documentos relacionados con el acta que se asienta. Los documentos del apéndice estarán anotados y relacionados con las formas respectivas al igual que las formas lo estarán con éste.

Artículo modificado POE 31-01-1982

**ARTICULO 628.-** No podrá asentarse en las actas, ni aun por vía de nota o advertencia si no lo que deba ser declarado para el acto preciso a que ellas se refieren y lo que esté expresamente prevenido en la Ley.

Artículo modificado POE 31-01-1982

**ARTICULO 629.-** Cuando los interesados no puedan concurrir personalmente ante el Oficial, Delegado o Subdelegado del Registro Civil, podrán solicitar que esté acuda al lugar donde se encuentra o podrán hacerse representar mediante mandatario especial para el acto pero el mandato se otorgará mediante escritura pública.

Artículo modificado POE 31-01-1982

**ARTICULO 630.-** Los testigos que intervengan en las actas del Registro Civil deberán ser mayores de edad y se preferirán a los parientes y a los que designen los interesados, asentándose en el acta su nombre, edad, domicilio y nacionalidad.

Artículo modificado POE 31-01-1982

**ARTICULO 631.-** La falsificación de actas y la inserción de ellas de circunstancias y declaraciones prohibidas por la Ley causarán la destitución del Oficial, Delegado o Subdelegado del Registro Civil, sin perjuicio de las penas que la Ley señale para el delito de falsedad y de la indemnización de daños y perjuicios.

Artículo modificado POE 31-01-1982

**ARTICULO 632.-** Los vicios o defectos que se hayan en las actas, sujetan al Oficial, Delegado o Subdelegado del registro Civil a las correcciones que señale el Reglamento respectivo, pero cuando no sean sustanciales no producirán nulidad del acta a menos que judicialmente se pruebe la falsedad de ésta.

Artículo modificado POE 31-01-1982

**ARTICULO 633.-** El Oficial Central del Registro Civil supervisará las actuaciones de los Oficiales, Delegados y Subdelegados del Registro Civil, ejerciendo las facultades que le señale el Reglamento del Registro Civil.

Artículo modificado POE 31-01-1982

**ARTICULO 634.-** Toda persona puede solicitar copia certificada de las actas del Registro Civil y los Oficiales están obligados a expedirlas junto con la copia certificada de los documentos relativos del apéndice.

Artículo modificado POE 31-01-1982

**ARTICULO 635.-** Las actas del Registro Civil extendidas conforme a las disposiciones que preceden hacen prueba plena en todo lo que el Oficial, Delegado y Subdelegado del

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

Registro Civil, en el desempeño de sus funciones, da testimonio de haber pasado en su presencia, sin perjuicio de que el acta pueda ser redarguida de falsa.

<div align="right">Artículo modificado POE 31-01-1982</div>

**ARTICULO 636.-** Las declaraciones de los comparecientes hechas en cumplimiento de lo mandado por la Ley hacen fe hasta que se puede lo contrario. Lo que sea extraño al acta no tiene valor ninguno.

<div align="right">Artículo modificado POE 31-01-1982</div>

**ARTICULO 637.-** Las actas del Registro Civil relativas al Oficial, Delegado o Subdelegado del Registro Civil, a su consorte, a la persona que viva con él como si fuera su cónyuge y a los ascendientes y descendientes de cualquiera de ellos, no podrán autorizarse por los mismos, pero se asentarán en las formas correspondientes a las Oficinas a su cargo y se autorizarán por el Oficial Central del Registro Civil.

<div align="right">Artículo modificado POE 31-01-1982</div>

**ARTICULO 638.-** El registro de cualquier acto del estado civil, es absolutamente gratuito, salvo que los interesados soliciten que dicho registro sea a domicilio, en cuyo caso se cubrirán previamente en la respectiva Recaudación de Rentas, los derechos correspondientes.

<div align="right">Artículo modificado POE 31-01-1982</div>

<div align="center">

**SECCIÓN SEGUNDA**
**De las Actas de Nacimiento**

</div>

**Artículo 639.** El acta de nacimiento se levantará con asistencia de dos personas testigas y contendrá:

<div align="right">Párrafo reformado POE 31-05-2023</div>

**I.-** Día, lugar y hora del nacimiento.

**II.** Sexo de la niña o niño presentada o presentado;

<div align="right">Fracción reformado POE 31-05-2023</div>

**III.-** Nombre y apellidos que le correspondan.

**IV.** Si se presenta con o sin vida la niña o niño;

<div align="right">Fracción reformado POE 31-05-2023</div>

**V.-** La impresión digital.

**VI.** El nombre y nacionalidad de las personas progenitoras. Para el caso del ejercicio de comaternidad o copaternidad por inexistencia de vínculo jurídico filiatorio, se asentará el nombre y nacionalidad de la persona que expresa su voluntad procreacional.

<div align="right">Fracción reformada POE 31-01-1982, 31-05-2023</div>

**VII.-** El nombre de los abuelos paternos y maternos; y

<div align="right">Fracción reformada POE 31-01-1982</div>

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

VIII. El domicilio de las personas progenitoras.

Fracción reformada POE 31-05-2023

# SECCIÓN TERCERA
## De las Actas de Matrimonio

**Artículo 640.-** El acta de matrimonio se extenderá haciéndose constar:

**I.-** Los nombres, apellidos, edad, ocupación, domicilio, nacionalidad y lugar del nacimiento de los contrayentes;

Fracción reformada POE 31-01-1982

**II.-** Los nombres, apellidos, nacionalidad y domicilio de los padres;

Fracción reformada POE 31-01-1982

**III.-** El consentimiento de los contrayentes;

Fracción reformada POE 19-12-2014

**IV.-** Que no hubo impedimento para el matrimonio o que éste se dispensó;

**V.-** La declaración de los pretendientes de ser su voluntad unirse en matrimonio, y la de haber quedado unidos que hará el oficial en nombre de la ley y de la sociedad;

**VI.-** La manifestación de los cónyuges de que contraen matrimonio bajo el régimen de comunidad de bienes o de separación de éstos;

**VII.-** Los nombres, apellidos, edad y domicilio de los testigos, y

Fracción reformada POE 31-01-1982

**VIII.-** Que se satisficieron los trámites señalados al respecto por la ley.

# SECCIÓN CUARTA
## De las Actas de Divorcio Administrativo

**Artículo 641.-** El acta de divorcio administrativo expresará:

**I.-** Nombre, apellidos, edad y domicilio de los solicitantes;

Fracción reformada POE 31-01-1982

**II.-** Fecha y lugar de la oficina en que celebraron su matrimonio;

**III.-** Número de la partida correspondiente;

**IV.-** Manifestación, bajo protesta de decir verdad, de no tener hijos o de que éstos son mayores de edad;

**V.-** Manifestación terminante y explícita de su voluntad de divorciarse;

**VI.-** Ratificación de la manifestación anterior;

**VII.-** Nombres, apellidos, edad y domicilio de los testigos;

Fracción reformada POE 31-01-1982

**VIII.-** Declaración de la disolución del vínculo matrimonial.

## SECCIÓN QUINTA
### De las Actas de Defunción

**Artículo 642.-** En el acta de fallecimiento, que será firmada por dos testigos, de preferencia si son parientes del finado, se expresará:

**I.-** El nombre, apellidos, edad y domicilio que tuvo el difunto;

Fracción reformada POE 31-01-1982

**II.-** El estado civil de éste, y, si era casado o viudo, el nombre y apellido de su cónyuge;

**III.-** Los nombres, apellidos, edad y nacionalidad de los testigos, y si fueren parientes del difunto, el grado en que lo hayan sido;

Fracción reformada POE 31-01-1982

**IV.-** Los nombres de los padres del difunto si se supieren;

**V.-** La clase de enfermedad o causa que determinó la muerte; todos los informes que se tengan en caso de muerte violenta, anotando si se trata de violencia familiar o feminicidio, previa valoración judicial; el día y hora del fallecimiento si se supiere, y

Fracción reformada POE 04-07-2017

**VI.-** El panteón en que se sepultará el cadáver.

**Artículo 643.-** Los dueños o habitantes de la casa en que ocurra el fallecimiento; los directores o administradores de los establecimientos de reclusión, hospitales, colegios u otra cualquiera casa de comunidad; los dueños y administradores de los mesones y hoteles y los caseros de las casas de vecindad, tienen obligación de dar aviso del fallecimiento al Oficial del Registro Civil tan pronto como tengan conocimiento de la muerte ocurrida en su establecimiento.

El incumplimiento de lo dispuesto en el párrafo anterior se castigará con multa equivalente a cinco días del salario mínimo que impondrá al oficial del Registro y hará efectiva el Recaudador de Rentas del lugar.

**Artículo 644.-** Si el fallecimiento ocurriere en un lugar o población en donde no haya oficina del Registro, el agente municipal extenderá la constancia respectiva que remitirá al oficial del Registro Civil que corresponda, para que asiente el acta.

**Artículo 645.-** Cuando el oficial del Registro Civil sospeche que la muerte fue violenta dará parte al Ministerio Público, comunicándole todos los informes que tenga, para que

proceda a la averiguación conforme a derecho. Cuando el Ministerio Público averigüe un fallecimiento, dará parte al oficial del Registro Civil para que asiente el acta respectiva. Si se ignora el nombre del difunto, se asentarán las señas de éste, las de los vestidos y objetos que con él se hubieren encontrado y, en general, todo lo que pueda conducir a identificar a la persona y cuando se adquieran mayores datos se comunicarán al oficial del Registro para que los anote al margen del acta.

**Artículo 646.-** En los casos de inundación, naufragio, incendio o cualquier otro siniestro en que no sea fácil reconocer el cadáver, se formará el acta con los datos que ministren los que lo recogieron, expresando, en cuanto fuere posible, las señas del mismo y de los vestidos u objetos que con él se hayan encontrado.

**Artículo 647.-** Si no parece el cadáver, pero hay certeza de que alguna persona ha sucumbido en determinado desastre, el acta contendrá el nombre de las personas que hayan conocido a la que no parece y las demás noticias que sobre el suceso puedan adquirirse.

**Artículo 648.-** En el caso de muerte en el mar, a bordo de una embarcación nacional, el acta de la defunción que conforme a la Ley levante el capitán o patrón del barco y entregue al Oficial del Registro Civil del puerto Quintanarroense al que arribe, será transcrita por éste en el acta que a su vez levante, y, hecho esto, se archivará en la forma que corresponda

<div align="right">*Artículo reformado POE 31-01-1982*</div>

**Artículo 649.-** Cuando alguno falleciere en un lugar que no sea el de su domicilio, se remitirá al oficial del Registro Civil de éste copia certificada del acta para que se asiente en el libro respectivo, anotándose la remisión al margen del acta original.

**Artículo 650.-** El jefe de cualquier cuerpo o destacamento militar, militarizado o policiaco, tiene obligación de dar parte al oficial del Registro Civil de los muertos que haya habido en servicio, especificándose la filiación. El oficial del Registro Civil observará en este caso lo dispuesto en el artículo anterior.

**Artículo 651.-** En todos los casos de muerte en establecimiento de reclusión o en casas de detención, no se hará en los registros mención de esta circunstancia y las actas solamente contendrán los demás requisitos que prescribe el artículo 642.

**Artículo 652.-** Los oficiales del Registro Civil que levanten un acta de defunción, deberán enviar copia de dicha acta dentro de las setenta y dos horas siguientes, a las Oficinas del Registro Civil donde tengan conocimiento que se haya inscrito el nacimiento y el matrimonio del difunto dentro de la República. Los Oficiales del Registro Civil dentro del Estado, al recibir la citada copia, harán las anotaciones correspondientes en los registros de nacimiento y de matrimonio.

**Artículo 653.-** Ninguna inhumación se hará sin autorización escrita dada por el oficial del Registro Civil, quien se asegurará suficientemente del fallecimiento. No se procederá a

la inhumación sino hasta después de que transcurran veinticuatro horas del fallecimiento, excepto en los casos en que se ordene otra cosa por la autoridad que corresponda.

## SECCIÓN SEXTA
### De la Nulidad, Rectificación y Reposición de las Actas del Registro Civil

**Artículo 654.-** Las inscripciones del Registro Civil sólo podrán ser anuladas o en su caso, rectificadas mediante sentencia formal dictada en juicio en el que se demande conjuntamente al Oficial Central del Registro Civil del Estado y al Oficial del Registro que corresponda; de igual forma las inscripciones del Registro Civil podrán ser rectificadas mediante resolución administrativa que emita la Dirección General del Registro Civil en los supuestos establecidos  en el Reglamento del Registro Civil para el Estado Libre y Soberano de Quintana Roo.

*Artículo reformado POE 13-12-2010*

**Artículo 655.-** Pueden pedir la nulidad o rectificación:

**I.-** Las personas de cuyo estado se trata;

**II.-** Las que se mencionan en el acta como relacionadas con el estado civil de alguno;

**III.-** Los herederos de las personas comprendidas en las dos anteriores fracciones;

**IV.-** Las personas a quienes expresamente conceda la leyese derecho.

**Artículo 656.-** El Ministerio Público puede pedir la nulidad de una acta.

**Articulo 657.-** Ha lugar a la nulidad de las actas del Registro Civil:

**I.-** Cuando éstas se asienten en hojas separadas de los libros del Registro; y

**II.-** Cuando el suceso registrado no haya ocurrido.

**Artículo 658.-** Cuando una acta se asiente en hojas separadas del libro del Registro, el responsable además de ser destituido responderá de los daños y perjuicios que cause.

**Artículo 659.-** Cuando el acta se extienda en un libro del Registro que no corresponda a la materia del suceso que se registra, el acta no será nula. pero se transcribirá íntegramente dicha acta en el libro correspondiente y mencionando los datos de localización del acta transcrita, en la que se anotarán al margen los datos de la nueva acta.

**Artículo 660.-** Cuando el suceso registrado ocurrió realmente, pero con posterioridad es declarado nulo, el acta sólo será anotada marginalmente con la mención de la declaración judicial de nulidad.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 661.-** La reposición de una acta del Registro Civil tendrá lugar cuando la misma haya sido alterada después de asentada.

**Artículo 662.-** Comprobada la alteración, el Juez o, en su caso, el Director General del Registro Civil, ordenará la restitución del acta a su texto literal, mediante la anotación que se haga marginalmente a ésta, de lo que al respecto se ordene en sentencia judicial o resolución administrativa, respectivamente.

<span style="color:blue">*Artículo reformado POE 13-12-2010*</span>

**Artículo 663.-** El juicio de reposición puede ser promovido por quien tenga interés en el acta y por el Ministerio Público y la demanda deberá dirigirse también contra el jefe del Archivo General del Registro Civil y el oficial del Registro Civil en cuya oficina se haya extendido el acta alterada.

**Artículo 664.-** Ha lugar a la rectificación del acta:

**I.-** Cuando errónea o ilegalmente se haya asentado u omitido en ella algún dato o circunstancia esencial o accidental;

**II.-** En los casos de cambio o variación de nombre a que se refieren los artículos 546 y 547; y

**III.-** En los casos de cambio de régimen patrimonial del matrimonio.

**Artículo 664 Bis.-** El procedimiento administrativo mediante el cual, la Dirección General del Registro Civil emitirá la resolución administrativa que ordene la rectificación de un acta del Registro Civil, se sustentará en una solicitud que tenga como finalidad la aclaración del acta que corresponda para corregir en ella, errores de tipo mecanográficos, ortográficos, numéricos, modificación de nombre  o de estado civil, corrección de vicios o defectos, o, cuando se trate de complementar o ampliar los datos contenidos en la misma, siempre que las circunstancias que originen la aclaración, aparezcan en el contenido del propio instrumento, y no sean modificados sus elementos esenciales.

El procedimiento administrativo ante la Dirección General del Registro Civil, se sujetará a las siguientes reglas:

**I.-** Se iniciará con la sola comparecencia del interesado de manera verbal o por escrito, la cual se hará constar ante la Dirección General del Registro Civil o, ante la Oficialía de Partes del Registro Civil que corresponda, para lo cual será necesario exhibir el acta del estado civil respectiva, así como cualquier documental pública que se encuentre vinculada al acta del estado civil que se presume estar revestida de errores y que auxilie en la rectificación de sus datos; las documentales públicas se presentarán en original y copia simple, para su compulsa, devolviéndose las originales al interesado en la misma fecha de su presentación; se hará constar la concurrencia del interesado;

**II.-** En caso de que el interesado comparezca ante la Oficialía, a que se refiere la fracción anterior, ésta sin más trámite remitirá a la Dirección General del Registro Civil, a la mayor

brevedad posible dependiendo de la facilidad de las comunicaciones, la constancia de comparecencia del interesado junto con el acta cuya rectificación, se solicita;

**III.-** Recibida la solicitud, la Dirección General del Registro Civil resolverá lo que proceda dentro de un plazo de diez días hábiles, comunicándola de inmediato al Oficial del Registro Civil que corresponda para que realice las anotaciones marginales a que haya lugar dentro de los tres días hábiles siguientes y notifique al interesado;

**IV.-** Si la resolución es negativa, el interesado deberá demandar la rectificación mediante juicio que se instaure ante el Juez competente;

**V.-** Las demás que le confiera este Código y el Reglamento respectivo.

*Artículo adicionado POE 13-12-2010*

**Artículo 665.-** La sentencia ejecutoriada dictada en cualquiera de los juicios a que se refiere este capítulo, se anotará marginalmente en el acta de que se trate, y la anotación se hará cualquiera que sea el sentido de la sentencia.

## SECCIÓN SÉPTIMA
### Del levantamiento de acta por reconocimiento de identidad de género.

*Sección Adicionada POE 30-11-2020*

**Artículo 665 Bis.** Cualquier persona podrá solicitar el levantamiento de una nueva acta de nacimiento, para el reconocimiento de su identidad de género.
Se entenderá por identidad de género, la convicción personal con que cada persona se asume así misma, la cual puede corresponder o no, al sexo asignado en el acta originalmente expedida.

Los efectos jurídicos de la nueva acta de nacimiento por identidad de género, serán oponibles a terceros desde su levantamiento.

Los derechos y obligaciones que con anterioridad a la expedición de la nueva acta se hubiesen adquirido, permanecerán con los mismos efectos jurídicos con que se hubiese celebrado cualquier acto.

El reconocimiento se llevará ante el Oficial del Registro Civil del Estado de Quintana Roo que corresponda, procediéndose en su oportunidad a efectuar las anotaciones respectivas en el acta original, la cual, quedará debidamente resguardada y reservada, y únicamente podrá expedirse constancia del acta original, cuando exista mandamiento de autoridad judicial o ministerial.

*Artículo adicionado POE 30-11-2020*

**Artículo 665 Ter.-** Para el levantamiento del acta correspondiente, se deberá cumplir con los siguientes requisitos:

**I.-** Solicitud en la que se haga constar:

**a)** Ser de nacionalidad mexicana;

**b)** Tener 18 años de edad cumplidos;

**c)** Señalar el nombre completo y los datos registrales asentados en el acta original, y

**d)** Señalar el género solicitado y, en su caso, el nombre sin apellidos.

**II.-** Copia certificada del acta de nacimiento original para efecto de que se haga la reserva correspondiente;

**III.-** Copia fotostática de su identificación oficial con fotografía, y la original para cotejo;

**IV.-** Comprobante de domicilio, y

**V.-** La Clave Única de Registro de Población.

*Artículo adicionado POE 30-11-2020*

**Artículo 665 Quáter.-** El procedimiento para expedir la nueva acta por identidad de género se realizará conforme a lo establecido en el Reglamento del Registro Civil para el Estado Libre y Soberano de Quintana Roo.

El Reglamento del Registro Civil para el Estado Libre y Soberano de Quintana Roo, deberá garantizar que:

**I.-** El procedimiento para el reconocimiento de la identidad de género, se base únicamente en el consentimiento libre e informado de la persona solicitante, sin que se exijan requisitos como las certificaciones médicas o psicológicas, acreditar intervención quirúrgica alguna, terapias u otro diagnóstico y/o procedimiento, o cualquier modificación corporal, u otros que puedan resultar irrazonables o patologizantes;

**II.-** El cambio de nombre y género, no libera ni exime de las obligaciones o responsabilidades contraídas con la identidad anterior; por lo que tal protección se debe garantizar por medio de distintos mecanismos legales que no impliquen, permitan o tengan como consecuencia el menoscabo, la lesión o el sacrificio de los derechos fundamentales de las personas que solicitan la adecuación de la identidad de género, y

**III.-** Los trámites relacionados con el proceso registral deben tender a ser lo menos gravosos posible, sobre todo si la persona que lo solicita se encuentra en situación de pobreza y/o vulnerabilidad.

*Artículo adicionado POE 30-11-2020*

## CAPÍTULO DÉCIMO
### Derechos de la Personalidad

**Artículo 666.-** Los derechos de la personalidad son inalienables, imprescriptibles, irrenunciables, ingravables y pueden oponerse a toda persona, sea autoridad o particular.

**Artículo 667.-** Con relación a las personas físicas son ilícitos los hechos o actos que:

**I.-** Dañen o puedan dañar la vida de ellas;

**II.-** Restrinjan o puedan restringir, fuera de los casos permitidos por la ley, su libertad;

**III.-** Afecten o puedan afectar la integridad física de las mismas;

**IV.-** Lastimen el afecto, cualquiera que sea la causa de éste. que tengan ellas por otras personas o por un bien.

**Artículo 668.-** Toda persona tiene derecho a que se respete:

**I.-** Su honor o reputación; y, en su caso, el título profesional que haya adquirido;

**II.-** Su presencia estética;

**III.-** El secreto epistolar, telefónico, profesional, testamentario y de su vida privada.

**Artículo 669.-** Sin consentimiento de una persona, no pueden revelarse los secretos de ésta, a menos que la revelación deba realizarse por un interés legítimo de quien la haga o en cumplimiento de un deber legal.

**Artículo 670.-** La ley determina quiénes no están exentos del deber de revelar un secreto.

**Artículo 671.-** La protección del derecho a la individualidad o identidad personal por medio del nombre se rige por lo dispuesto al respecto por este Código.

**Artículo 672.-** Toda persona capaz tiene derecho a disponer parcialmente de su cuerpo, en beneficio terapéutico de otra, siempre que tal disposición no ocasione una disminución permanente de la integridad corporal del disponente ni ponga en peligro su vida.

**Artículo 673.-** Puede igualmente disponerse por testamento, total o parcialmente del cuerpo del propio testador y para después de la muerte de éste.

**Artículo 674.-** Cuando la imagen de una persona o de su cónyuge, o persona que viva con ella como si fuera su cónyuge, sin serlo, sus ascendientes, descendientes ó colaterales dentro del cuarto grado se reproduzca o exponga sin un fin lícito, la autoridad judicial ordenará suspender la reproducción o exhibición, sin perjuicio de la responsabilidad del autor o autores de la reproducción o exhibición.

**Artículo 675.-** Los habitantes del Estado tienen derecho a que las autoridades y los demás habitanten; de la comunidad que habiten, respeten los derechos de convivencia por medio de los cuales se protege las relaciones interpersonales. Enunciativamente se consideran derechos de convivencia, protegidos por la ley, los siguientes:

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**a).-** Derecho de asistencia o ayuda en caso de accidente. sin perjuicio de lo que disponga el Código Penal;

**b).-** Derecho al libre acceso a su casa habitación, sin que se lo impidan vehículos u objetos estacionados o colocados a la entrada de la misma, aunque no haya anuncio de prohibición en ese sentido;

**c).-** Derecho a que no se deposite basura o desperdicios en el frente, o a los lados de su casa-habitación, aunque no haya señal o prohibición en este sentido;

**d).-** Derecho a no ser perturbado por les vecinos con sonidos estridentes o estruendos o por la luz temporal de lámparas que moleste su reposo.

**Artículo 676.-** El honor, el respeto al secreto y a la imagen de los difuntos se protegen en beneficio de los deudos de éstos.

**Artículo 677.-** La violación de los derechos de la personalidad puede producir daño moral y daño económico.

**Artículo 678.-** La violación a los derechos de la personalidad, por actos de un particular o de una autoridad, es causa de responsabilidad civil tanto por lo que hace al daño moral como al económico, de acuerdo con lo dispuesto en este Código, independientemente de cualquiera otra sanción que corresponda al autor de la violación.

**Artículo 679.-** Puede ocurrirse a los tribunales para que decreten las medidas que procedan, según el Código de Procedimientos Civiles, a fin de evitar que se realice una amenaza de violación a los derechos de la personalidad o que cese la que se esté realizando, si se efectúa por actos de tracto sucesivo.

<div align="center">

**LIBRO TERCERO**
**SEGUNDA PARTE ESPECIAL**
**Del Derecho de Familia**

**TÍTULO PRIMERO**
**Del Matrimonio**

**CAPÍTULO PRIMERO**
**De los Requisitos Formales para contraer Matrimonio**

</div>

**Artículo 680.** Las personas que pretendan contraer matrimonio presentarán un escrito a la persona Oficial del Registro Civil, ante la cual celebrarán el contrato respectivo, que exprese:

<div align="right">

*Párrafo reformado POE 31-05-2023*

</div>

**I.** Los nombres, apellidos, edad, ocupación, nacionalidad y domicilio, tanto de las personas pretendientes como de sus personas progenitoras, si éstas fueren conocidas. Cuando alguna de las personas pretendientes o ambas hayan sido casadas, se

expresará también el nombre de la persona con quien se celebró el anterior matrimonio, la causa de su disolución y la fecha de ésta;

*Fracción reformada POE 31-05-2023*

**II.-** Que no tienen impedimento legal para casarse; y

**III.-** Qué es su voluntad unirse en matrimonio.

Presentado el escrito señalado en el primer párrafo de este artículo, la persona Juzgadora del Registro Civil hará la búsqueda de quienes lo suscriben en el Registro de Deudores Alimentarios Morosos del Estado de Quintana Roo, e informará a las personas pretendientes de inmediato y por escrito, si alguna de ellas se encuentra inscrita en dicho registro.

*Párrafo adicionado POE 09-08-2019. Reformado POE 31-05-2023*
*Artículo reformado POE 14-11-2008*

**Artículo 681.** El escrito a que se refiere el artículo anterior, deberá ser firmado por las personas solicitantes, y si alguna no pudiere o no supiere hacerlo, a su ruego, lo hará por ella otra persona de su confianza mayor de edad, cerciorándose la persona Juzgadora del registro civil, que sea la libre voluntad de las personas contrayentes, quienes plasmaran su huella digital en el escrito, ante su presencia.

*Artículo reformado POE 31-05-2023*

**Artículo 682.-** Al escrito a que se refiere el Artículo anterior se acompañará:

**I.** El acta de nacimiento, identificación oficial o pasaporte de cada una de las personas contrayentes, así como la cédula única de registro poblacional;

*Fracción adicionada POE 14-11-2008. Reformada POE 31-05-2023*

**II.** Un certificado médico por cada persona contrayente, en el que asegure que no padece enfermedad crónica o incurable que además sea contagiosa y/o hereditaria.

Para las personas en situación de calle tienen obligación de expedir gratuitamente este certificado las personas médicas encargadas de los servicios de sanidad de carácter oficial, y

*Fracción recorrida (antes I) POE 14-11-2008. Reformada POE 02-07-2013, 19-12-2014, 31-05-2023*

**III.-** Copia de la dispensa de impedimentos, si los hubo.

*Fracción recorrida (antes II) POE 14-11-2008*

**Artículo 683.-** El matrimonio se celebrará dentro de los ocho días siguientes, en el lugar, día y hora que señale el oficial del Registro Civil.

Será obligación del Oficial del Registro Civil el informar a las personas que pretenden contraer matrimonio, de los alcances y efectos de dicho contrato, de manera previa a la celebración del mismo.

*Párrafo adicionado POE 15-07-2004*

**Artículo 684.-** En el lugar, día y hora designados para la celebración del matrimonio deberán estar presentes, ante el oficial del Registro Civil, los pretendientes o, en su caso

uno de éstos y el apoderado del otro y dos testigos por cada uno de los pretensos que acrediten la identidad de éstos.

**Artículo 685.-** El oficial del Registro Civil leerá en voz alta la solicitud de matrimonio, los documentos que con ella se hayan presentado, e interrogará a los testigos acerca de si los pretendientes son las mismas personas a que se refiere la solicitud y en caso afirmativo, preguntará a cada uno de los dos pretendientes si es su voluntad unirse en matrimonio y, si están conformes, los declarará unidos en nombre de la ley y de la sociedad.

**Artículo 686.-** Se levantará luego el acta de matrimonio, que será firmada por el oficial del Registro Civil, los contrayentes, los testigos y las demás personas que hubieren intervenido, si supieren y pudieren hacerla y al margen del acta se imprimirán las huellas digitales de los contrayentes.

**Artículo 687.-** El oficial del Registro Civil que tenga conocimiento de que los pretendientes tienen impedimento para contraer matrimonio, levantará un acta, ante dos testigos, en la que hará constar los datos que le hagan suponer que existe el impedimento.

**Artículo 688.-** Cuando haya denuncia, en el acta a que se refiere el artículo anterior se expresará el nombre, edad, ocupación, estado civil y domicilio del denunciante, insertándose al pie de la letra la denuncia.

**Artículo 689.-** El acta firmada por los que en ella intervinieren será remitida al Juez de Primera Instancia que corresponda, para que, previa audiencia de los directamente interesados, haga la calificación del impedimento.

**Artículo 690.-** Las denuncias de impedimento pueden hacerse por cualquiera persona; pero las que sean falsas sujetan al denunciante a las penas establecidas para el falso testimonio y siempre que se declare no haber impedimento, el denunciante será condenado al pago de las costas, daños y perjuicios.

**Artículo 691.-** Antes de remitir el acta al Juez de Primera Instancia. el oficial del Registro Civil hará saber a los pretendientes el impedimento demandado, aunque sea relativo solamente a uno de ellos, absteniéndose de todo procedimiento ulterior hasta que la sentencia que decida el impedimento cause ejecutoria.

**Artículo 692.-** Las denuncias anónimas y las hechas por cualquier otro medio, si no se presentare personalmente el denunciante, sólo serán admitidas cuando estén comprobadas y en este caso, el oficial del Registro Civil turnará de inmediato la denuncia al juez de Primera Instancia que corresponda, suspendiendo todo procedimiento hasta que se resuelva ejecutoriadamente el asunto.

**Artículo 693.-** Denunciado el impedimento, el matrimonio no podrá celebrarse, aunque el denunciante desista, mientras no recaiga sentencia judicial que se declare ejecutoriadamente su existencia o se obtenga dispensa de él.

**Artículo 694.-** El oficial del Registro Civil que autorice un matrimonio teniendo conocimiento de que hay impedimento legal o de que éste se ha denunciado, será castigado con la destitución de su cargo, sin perjuicio de la responsabilidad que establezca el Código Penal.

**Artículo 695.-** Los oficiales del Registro Civil sólo podrán negarse a autorizar un matrimonio, cuando por los términos de la solicitud, por el conocimiento de los interesados o por denuncia en forma, tuvieren noticia de que alguno de los pretendientes o los dos carecen de aptitud legal para celebrar el matrimonio.

El oficial del Registro Civil que sin motivo justificado retarde la celebración de un matrimonio, será castigado, por la primera vez, con una multa cuyo monto sea el importe de dos días de salario mínimo, y en caso de reincidencia, con la destitución de su cargo.

**Artículo 696.-** El oficial del Registro Civil que reciba una solicitud de matrimonio está plenamente autorizado para exigir de los pretendientes, bajo protesta de decir verdad, todas las declaraciones que estime convenientes a fin de asegurarse de su identidad y de su aptitud para contraer matrimonio.

También podrá exigir declaración bajo protesta a los testigos que los interesados presenten; a las personas que figuren como padres o tutores de los pretendientes, y al médico que suscriba el certificado.

## CAPÍTULO SEGUNDO
### De los Requisitos de Fondo para contraer Matrimonio

**Artículo 697.** Para contraer matrimonio es necesario que ambas personas contrayentes sean mayores de edad, quedando prohibida la dispensa de este requisito, por cualquier causa.

*Artículo reformado POE 26-06-2009, 31-05-2023*

**Artículo 698.- Derogado.**

*Artículo reformado POE 26-07-2009. Derogado POE 19-12-2014*

**Artículo 699.- Derogado.**

*Artículo reformado POE 26-06-2009. Derogado POE 19-12-2014*

**Artículo 700.-** Son impedimentos para celebrar el contrato de matrimonio:

**I.-** El parentesco de consanguinidad sin limitación de grado en la línea recta. En la línea colateral igual, el impedimento se extiende a los hermanos y medios hermanos. En la colateral desigual, el impedimento se extiende solamente a los tíos y sobrinos, siempre que estén en el tercer grado y no hayan obtenido dispensa;

**II.-** El parentesco de afinidad en línea recta, sin limitación alguna;

**III.-** El atentado contra la vida de alguno de los casados para contraer matrimonio con el que quede libre;

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**IV.-** El miedo grave. En caso de rapto, subsistirá el impedimento entre el raptor y la raptada, mientras ésta no sea restituida a lugar seguro donde libremente pueda manifestar su voluntad;

**V.-** La embriaguez habitual;

**VI.-** El uso no terapéutico de enervantes, estupefacientes o psicotrópicos o de cualquier otra sustancia que altere la conducta y produzca dependencia;

**VII.-** La impotencia por causa física para entrar en el estado matrimonial siempre que sea incurable;

**VIII.-** Cualquiera otra enfermedad crónica o incurable que sea además contagiosa y/o hereditaria;

**IX.-** La locura, el idiotismo y la imbecilidad, y

**X.-** El matrimonio subsistente con persona distinta de aquélla con quien se pretenda contraer, o subsistente con ésta.

En el caso a que se refiere la fracción II del Artículo 682 en relación a la fracción VIII de este artículo, el certificado médico será dispensable cuando ambos contrayentes acrediten por escrito, su consentimiento, estando informados de la enfermedad de que se trate, y signado por ambos para contraer matrimonio.

*Artículo reformado POE 04-07-2017*

**Artículo 701.-** El adoptante, los ascendientes y los descendientes de éste no pueden contraer matrimonio con el adoptado o sus descendientes.

**Artículo 702.- Derogado.**

*Artículo derogado POE 29-02-2016*

**Artículo 703.** La persona tutora y sus descendientes no pueden contraer matrimonio con la persona que ha estado o está bajo su guarda, a no ser que se obtenga dispensa de la persona Juzgadora de lo familiar de la residencia que corresponda, tratándose de las personas mayores sujetos a interdicción en términos de la fracción II artículo 1025 de este Código.

La persona Juzgadora de lo familiar deberá cerciorarse que las personas mayores interdictas comprenden y entienden el acto del matrimonio, además de las implicaciones de contraerlo con la persona que haya ejercido su tutela, así como observar el interés de estas personas en las capitulaciones matrimoniales, en aras de proteger a las personas incapaces contrayentes.

Si el matrimonio se celebrare en contravención de lo dispuesto en el artículo anterior, será nulo y la persona Juzgadora de lo familiar nombrará inmediatamente a una persona

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

tutora interina que reciba los bienes y los administre mientras se nombra a la persona definitiva.

Artículo reformado POE 26-06-2009, 31-05-2023

**Artículo 704.-** El matrimonio celebrado fuera del Estado de Quintana Roa, pero dentro de la República y que sea válido con arreglo a las leyes del lugar en que se celebró, surte todos los efectos civiles en el Estado de Quintana Roo.

## CAPÍTULO TERCERO
### De los efectos del matrimonio con relación a las personas de los cónyuges y a sus hijos

**Artículo 705.-** Los cónyuges tendrán en el hogar autoridad y consideraciones iguales y conjuntamente deben regular los asuntos domésticos y proveer a la educación de los hijos, en los mismos niveles de igualdad de actividades, asimismo procurarán en todo momento un ambiente de respeto y bienestar, evitando cualquier acto de violencia familiar.

Artículo reformado POE 10-12-2010

**Artículo 706.-** Los cónyuges deben vivir juntos en el domicilio conyugal, siempre y cuando no exista ningún tipo de violencia y están obligados a respetarse en su integridad física, psicoemocional, sexual, y económica, y a contribuir cada uno a los fines del matrimonio.

Artículo reformado POE 10-12-2010

**Artículo 707.-** Los cónyuges de común acuerdo y de manera libre, responsable e informada decidirán el número de sus hijos, y la diferencia de edad entre ellos.

**Artículo 708.-** Los cónyuges contribuirán económicamente al sostenimiento del hogar, a su alimentación y a la de sus hijos, así como a la educación de éstos en los términos que la ley establece, sin perjuicio de distribuirse la carga en la forma y proporción que acuerden para este efecto, según sus posibilidades, libre de patrones de género estereotipados. A lo anterior no está obligado el que se encuentre imposibilitado para trabajar y careciere de bienes propios, en cuyo caso, el otro atenderá íntegramente a esos gastos.

Los derechos y obligaciones que nacen del matrimonio serán siempre iguales para los cónyuges e independientes de su aportación económica al sostenimiento del hogar, considerando que el trabajo doméstico es igual a cualquier aportación en numerario.

Artículo reformado POE 10-12-2010

**Artículo 708 Bis.-** Los cónyuges podrán desempeñar cualquier empleo, ejercer una profesión, industria, oficio o comercio, que tutelen un ambiente de respeto, de desarrollo y bienestar del núcleo familiar y personal de los individuos que la componen.

Sólo puede oponerse uno de los cónyuges a que el otro realice la actividad que desempeñe, cuando ésta dañe manifiesta y claramente a la familia o la ponga en peligro o riesgo inminente.

*Artículo adicionado POE 10-12-2010*

**Artículo 708 Ter.-** El trabajo realizado en el domicilio conyugal, por cualquiera de los cónyuges en su caso, tendrá el valor equivalente de lo que en dinero entregue como gasto diario el otro cónyuge, lo cual se considerará como aportación en numerario al sostenimiento de la familia.

*Artículo adicionado POE 10-12-2010*

**Artículo 709.-** Si uno de los cónyuges está imposibilitado para trabajar y carece de bienes, el otro cónyuge sufragará todos los gastos del hogar y de la educación de los hijos.

*Artículo reformado POE 10-12-2010*

**Artículo 710.-** Los cónyuges tienen capacidad para administrar, contratar o disponer de sus bienes propios y ejercitar las acciones u oponer las excepciones que les correspondan, sin que para tal objeto necesite uno de los cónyuges del consentimiento del otro, salvo que sean bienes de la sociedad.

*Artículo reformado POE 10-12-2010, 19-12-2014*

**Artículo 711.- Derogado.**

*Artículo reformado POE 10-12-2010, 19-12-2014*

**Artículo 712.-** Los cónyuges requieren autorización judicial para contratar entre ellos, excepto cu8.J1doel contrato sea el de asociación civil o el de mandato para pleitos y cobranzas o para actos de administración.

**Artículo 713.-** También se requiere autorización judicial para que el Cónyuge sea fiador de su consorte o se obligue solidariamente con él en asuntos que sean de interés exclusivo de éste, salvo cuando se trate dc caución para que el otro obtenga su libertad personal.

**Artículo 714.-** La autorización, a que se refieren los artículos anteriores, no se concederá cuando resulten perjudicados los intereses de la familia o de uno de los cónyuges.

**Artículo 715.-** El contrato de compraventa sólo puede celebrarse entre los cónyuges cuando el matrimonio esté sujeto al régimen de separación de bienes.

**Artículo 716.-** Los cónyuges, durante el matrimonio, no podrán ejercitar los derechos y acciones que tengan el uno en contra del otro; pero la prescripción entre ellos no corre mientras dure el matrimonio.

*Artículo reformado POE 10-12-2010*

**Artículo 717.-** Cualquier disensión que surja entre los cónyuges con motivo del ejercicio de los derechos a que se refieren los artículos 705 y 706 o en cualquiera otra situación similar, la persona juzgadora de primera instancia del lugar del domicilio conyugal, con excepción de los casos de violencia familiar y/o violencia vicaria, deberá remitir la controversia al Centro de Justicia Alternativa, en observancia a lo dispuesto por el capítulo primero del título sexto del Código de Procedimientos Civiles para el Estado

Libre y Soberano de Quintana Roo. En este caso, se dará vista de inmediato al Ministerio Público.

En ningún caso se favorecerá que existan prácticas de sumisión y dependencia de un género hacia otro, o prácticas de obediencia entre los cónyuges, y sí existiera violencia familiar y/o violencia vicaria, deberá, de manera inmediata, y a más tardar en un plazo no mayor de 24 horas contados a partir de que tome conocimiento de la petición, dictar las medidas precautorias y órdenes de protección que correspondan.

*Artículo reformado POE 10-12-2010, 04-07-2017, 07-09-2022*

**Artículo 718.-** Si el Juez consigue el avenimiento no se procederá al levantamiento del acta.

### CAPÍTULO CUARTO
**De los efectos del matrimonio con relación a los bienes de quienes lo contraen**

### SECCIÓN PRIMERA
**Disposiciones Generales**

**Artículo 719.-** Las personas que vayan a contraer matrimonio deben manifestar, en el acto de la celebración de éste, si optan por el régimen de separación de bienes o por el de comunidad de los mismos, en la inteligencia de que si omiten hacerlo, se les tendrá por casados bajo el régimen de separación de bienes.

*Artículo reformado POE 10-12-2010*

**Artículo 720.-** El acta de matrimonio debe inscribirse en el Registro Público de la Propiedad, por cuanto hace al régimen patrimonial de aquél.

**Artículo 721.-** Los cónyuges después de celebrado el matrimonio pueden con autorización judicial, cambiar el régimen de comunidad de bienes por el de separación y viceversa.

**Artículo 722.-** Si la casa en que se establezca el hogar conyugal no constituye patrimonio de familia o si es bien propio de uno de los cónyuges o pertenece a ambos en copropiedad o es propiedad de la comunidad conyugal no puede enajenarse sino con el consentimiento de los dos consortes.

**Artículo 723.-** La casa a que se refiere el artículo anterior, sólo puede hipotecarse, cuando el crédito garantizado con la hipoteca sea para mejorarla y con consentimiento de ambos consortes y autorización judicial.

**Artículo 724.-** Los muebles del hogar conyugal, sean propios de los cónyuges o de la comunidad conyugal o pertenezcan a ambos cónyuges en copropiedad no pueden enajenarse sin consentimiento de ambos consortes.

**Artículo 725.** Los actos y negocios jurídicos realizados en contravención a lo dispuesto en los cuatro artículos anteriores están afectados de nulidad absoluta, si hay niñas, niños o adolescentes en el hogar conyugal.

*Artículo reformado POE 31-05-2023*

**Artículo 726.** Los actos y negocios jurídicos a que se refiere el artículo anterior solo estarán afectados de nulidad relativa si no hay niñas, niños o adolescentes en el hogar conyugal.

*Artículo reformado POE 31-05-2023*

**Artículo 727.-** La casa en que se constituya el hogar conyugal y los muebles de éste son inembargables, salvo que el crédito que se cobre se origine en el precio de los muebles o en la hipoteca mencionada en el artículo 723.

## SECCIÓN SEGUNDA
### De la Comunidad de Bienes

**Artículo 728.-** El régimen de comunidad de bienes consiste en la formación y administración de un patrimonio común, diferente de los patrimonios propios de los consortes.

**Artículo 729.-** La comunidad de bienes es una persona jurídica cuya capacidad nace desde la celebración del matrimonio.

**Artículo 730.-** La comunidad de bienes termina con la disolución del matrimonio, o antes de ésta, por convenio, a petición expresa de los cónyuges o por resolución judicial.

*Artículo reformado POE 10-12-2010*

**Artículo 731.-** La comunidad de bienes termina también con la presunción de muerte en caso de ausencia.

**Artículo 732.-** La comunidad de bienes se rige por las disposiciones de esta sección y en lo no previsto en ella por las reglas relativas a la sociedad civil.

**Artículo 733.-** La administración de la comunidad conyugal corresponde a ambos consortes y éstos pueden convenir que uno de ellos sea el administrador. Los actos de dominio solo podrán realizarse por ambos cónyuges de común acuerdo.

**Artículo 734.-** Si el cónyuge administrador por negligencia o administración torpe, amenaza arruinar a la comunidad conyugal o disminuir considerablemente los bienes de ella, puede el otro cónyuge pedir judicialmente la administración de la comunidad o la terminación de ésta.

**Artículo 735.-** Son propios de cada cónyuge los bienes de que se es dueño al celebrarse el matrimonio, y los que se posee antes de éste, aunque no fuera dueño de ellos, si los adquiere por usucapión durante la comunidad.

**Artículo 736.-** Son bienes propios de cada cónyuge, los bienes adquiridos por efecto de una condición, cuyo cumplimiento se realiza durante el matrimonio, pero estipulada antes.

**Artículo 737.-** Son bienes propios también los que durante el matrimonio adquiera cada cónyuge por donación, fortuna, herencia o legado constituido a favor de uno solo de ellos; pero si la donación es onerosa, las cargas serán por cuenta exclusiva del donatario.

<div align="right">**Artículo reformado POE 10-12-2010**</div>

**Artículo 738.-** Son propios los bienes adquiridos a título oneroso, con dinero proveniente de la enajenación de un bien propio de uno de los cónyuges o por permuta con uno de éstos. En este caso el bien adquirido es propio del cónyuge que era propietario del bien enajenado.

**Artículo 739.-** Si se enajena un bien propio de uno de los cónyuges, y el dinero obtenido con la enajenación no se emplea para adquirir otro bien cierto y determinado, al liquidarse la comunidad se considerará el importe de la enajenación como un crédito a cargo de ésta y a favor del cónyuge que fue propietario del bien enajenado.

**Artículo 740.-** Son bienes propios de cada cónyuge también las pensiones que se venzan durante el matrimonio, derivadas de una renta vitalicia constituida antes de él.

Asimismo, son bienes propios los de uso personal y los instrumentos necesarios para el ejercicio de la profesión, arte u oficio, salvo cuando éstos integren o pertenezcan a un establecimiento o explotación de carácter común.

<div align="right">**Artículo reformado POE 10-12-2010**</div>

**Artículo 741.-** Salvo los bienes que los artículos anteriores consideran propios de cada uno de los cónyuges, todos los que éstos adquieran, conjunta o separadamente, después del matrimonio y hasta la disolución de la comunidad conyugal, pertenecen a ésta.

**Artículo 742.-** Para que puedan realizarse actos de dominio a nombre de la comunidad conyugal, se requiere el consentimiento de ambos cónyuges, aun en el caso de que el administrador sea uno solo de ellos.

**Artículo 743.-** Los cónyuges no pueden repudiar ni aceptar la herencia común sin el consentimiento expreso de ambos.

**Artículo 744.-** Las deudas contraídas durante el matrimonio por ambos consortes, o por uno solo de ellos, son a cargo de la comunidad conyugal.

**Artículo 745.-** Las deudas anteriores al matrimonio, cuando el cónyuge deudor no tenga bienes con que pagadas, sólo podrán ser pagadas con los gananciales que le correspondan, después de disuelta la comunidad conyugal, sin perjuicio de las acciones del acreedor para pedir la separación de los bienes del deudor.

**Artículo 746.-** Siempre que los dos cónyuges deban realizar juntos un acto de administración o disposición, en caso de disenso el Juez resolverá lo procedente.

**Artículo 747.-** Todos los bienes que existan en poder de cualquiera de los cónyuges al terminar la comunidad conyugal se presumen propiedad de ésta, salvo prueba en contrario.

**Artículo 748.-** Ni la declaración de uno de los cónyuges que afirme ser suyo un bien ni la confesión del otro ni ambas juntas son pruebas suficientes, aunque se haya hecho en juicio; pero la confesión se considerará como donación, que no quedará confirmada sino por la muerte del donante.

**Artículo 749.-** Disuelta la sociedad se procederá a formar inventario, en el cual no se incluirán el lecho, los vestidos ordinarios y los objetos de uso personal de los consortes, que serán de éstos o de sus herederos; se pagarán los créditos que hubieren contra la comunidad conyugal; se devolverá a cada cónyuge lo que llevó al matrimonio y el sobrante, si lo hubiere se dividirá por partes iguales entre los dos consortes.

**Artículo 750.-** En caso de que hubiere pérdidas el importe de éstas se deducirá del haber de cada cónyuge, en proporción al monto de cada uno de sus haberes y si solo uno llevó capital de éste se deducirá la pérdida total.

**Artículo 751.-** Muerto uno de los cónyuges, continuará el que sobrevive en la posesión y administración de la comunidad conyugal, con intervención del representante de la sucesión, mientras no se verifique la partición.

## SECCIÓN TERCERA
### De la Separación de Bienes

**Artículo 752.-** En el régimen de separación de bienes, los cónyuges conservarán la propiedad y administración de los bienes que respectivamente les pertenecen y, por consiguiente, todos los frutos y accesiones de dichos bienes no serán comunes, sino del dominio exclusivo del dueño de ellos.

**Artículo 753.-** Serán también propios de cada uno de los consortes los salarios, sueldos, emolumentos y ganancias que obtuvieren por servicios personales, por el desempeño de un empleo o por el ejercicio de una profesión, comercio o industria.

**Artículo 754.-** Los bienes que los cónyuges adquieran en común por donación, herencia, legado, por cualquier otro título gratuito o por don de la fortuna, entre tanto se hace la división, serán administrados por ambos o por uno de ellos con acuerdo del otro; pero en ese caso el que administre será considerado como mandatario.

**Artículo 755.-** En ninguno de los regímenes patrimoniales del matrimonio, los cónyuges podrán cobrarse, retribución u honorario alguno por los servicios personales que le prestare o por los consejos y asistencia que le diere; pero si uno de los cónyuges, por causa de ausencia o impedimento del otro, no originado por enfermedad, se encargare temporalmente de la administración de los bienes del impedido, tendrá derecho a que se le retribuya por este servicio en proporción a su importancia y al resultado que produjere.
<span style="float:right">Artículo reformado POE 10-12-2010</span>

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 756.** Entre cónyuges se responden mutuamente de los daños y perjuicios que se causen por dolo, culpa o negligencia.

*Artículo reformado POE 31-05-2023*

## SECCIÓN CUARTA
### De las Donaciones Antenupciales

**Artículo 757.-** Se llaman antenupciales las donaciones que antes del matrimonio hace un esposo al otro, cualquiera que sea el nombre que la costumbre les haya dado.

**Artículo 758.-** Son también donaciones antenupciales las que un extraño hace a alguno de los esposos. o a ambos, en consideración al matrimonio.

**Artículo 759.-** Las donaciones antenupciales entre esposos, aunque fueren varias, no podrán exceder, reunidas, de la sexta parte de los bienes del donante y en el exceso la donación será inoficiosa.

**Artículo 760.-** Las donaciones antenupciales hechas por un extraño serán inoficiosas en los términos en que lo fueren las comunes.

**Artículo 761.-** Para calcular si es inoficiosa una donación antenupcial, tienen el esposo donatario y sus herederos la facultad de elegir entre la época en que se hizo la donación y la del fallecimiento del donador; pero si al hacerse la donación no se formó inventario de los bienes del donador, no podrá elegirse la época en que aquélla se otorgó.

**Artículo 762.-** Las donaciones antenupciales no necesitan para su validez de aceptación expresa.

**Artículo 763.-** Las donaciones antenupciales no podrán ser revocadas por sobrevenir hijos al donante, ni por ingratitud, a no ser que el donante fuere un extraño, que la donación haya sido hecha a ambos esposos y que los dos sean ingratos.

**Artículo 764.-** Las donaciones antenupciales son revocables:

**I.-** Por el adulterio o el abandono injustificado del domicilio conyugal por parte del donatario, cuando el donante fuere el otro cónyuge; y

**II.-** Porque el matrimonio dejase de efectuarse.

**Artículo 765.- Derogado.**

*Artículo derogado POE 19-12-2014*

**Artículo 766.-** Son aplicables a las donaciones antenupciales las reglas de las donaciones comunes en todo lo que no fueren contrarias a esta sección.

## SECCIÓN QUINTA
### De las Donaciones entre Consortes

**Artículo 767.-** Los consortes pueden hacerse donaciones, pero sólo se confirman con la muerte del donante y siempre que no perjudiquen el derecho de los ascendientes o descendientes a recibir alimentos.

**Artículo 768.-** Las donaciones entre consortes pueden ser revocadas libremente y en todo tiempo por los donantes, sin forma de juicio ni autorización judicial y no son revocables por la superviviencia de hijos; pero se reducirán cuando sean inoficiosas, en los mismos términos que las comunes.

## CAPÍTULO QUINTO
### De los Matrimonios Nulos

**Artículo 769.-** Habrá nulidad absoluta del matrimonio:

**I.-** Cuando el matrimonio no se celebre ante el oficial del Registro Civil;

**II.-** Cuando el acta se extienda en hojas sueltas;

**III.-** Cuando se celebre entre parientes consanguíneos sin limitación de grado en la línea recta, o hasta el segundo grado en la colateral;

**IV.-** Cuando se celebre entre parientes por afinidad en la línea recta sin limitación de grado;

**V.-** Cuando se celebre entre parientes por adopción en la línea recta sin limitación de grado y en la colateral en el segundo grado;

**VI.-** Cuando se celebre subsistiendo el matrimonio anterior, no disuelto de uno de los contrayentes.

**Artículo 770.-** Habrá nulidad relativa del matrimonio:

**I.-** Por error cuando entendiendo un cónyuge celebrar su matrimonio con determinada persona lo contrae con otra;

**II.-** Cuando se haya celebrado concurriendo alguno de los impedimentos enumerados en las fracciones III, IV, V, VI, VII, VIII, IX, del artículo 700;

*Fracción adicionada POE 19-12-2014. Reformada POE 04-07-2017*

**III.-** Cuando se haya celebrado sin. observar las formalidades señaladas en los artículos 685 y 688.

**Artículo 771.-** En el caso de la fracción III del artículo anterior, no procederá la nulidad por falta de formalidades, si a la existencia del acta se une la posesión de estado matrimonial.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 772.-** La acción de nulidad que nace del error sólo puede deducirse por el cónyuge engañado; pero si éste no denuncia el error inmediatamente que lo advierta y no demanda la nulidad dentro de los treinta días siguientes a dicha denuncia, se tiene por ratificado su consentimiento y queda subsistente el matrimonio, a no ser que exista algún otro impedimento que lo anule.

**Artículo 773.- Derogado.**

**Artículo 774.- Derogado.**

**Artículo 775.- Derogado.**

**Artículo 776.- Derogado.**

Artículo derogado POE 19-12-2014

Artículo derogado POE 19-12-2014

Artículo derogado POE 19-12-2014

Artículo derogado POE 19-12-2014

**Artículo 777.-** La acción de nulidad proveniente del atentado contra la. vida de alguno de los cónyuges para casarse con el que quede libre, puede ser deducida por los hijos del cónyuge víctima del atentado, o por el Ministerio Público, dentro del término de seis meses, contado desde que se celebró el nuevo matrimonio.

**Artículo 778.-** El miedo y la violencia física o moral serán causa de nulidad del matrimonio si concurren las circunstancias siguientes:

**I.-** Que la violencia física o moral productora del miedo importe peligro de perder la vida, la honra, la libertad, la salud o una parte considerable de los bienes;

**II.-** Que el miedo haya sido causado por violencia física o moral hecha al contrayente o a la persona o personas que lo tienen bajo su tutela al celebrarse el matrimonio; a sus demás ascendientes, a sus descendientes, hermanos o colaterales hasta el cuarto grado, y

Fracción reformada POE 19-12-2014

**III.-** Que uno u otra hayan subsistido al tiempo de celebrarse el matrimonio.

La acción que nace de esta causa de nulidad sólo puede deducirse por el cónyuge agraviado, dentro de los sesenta días contados a partir de la fecha en que cesó la violencia o intimidación.

Artículo reformado POE 10-12-2010

**Artículo 779.-** La nulidad que se funde en alguna de las causas expresadas en las fracciones V a VIII del artículo 700, sólo puede ser pedida por cualquiera de los cónyuges, dentro del término de sesenta días contados desde que se celebró el matrimonio.

Artículo reformado POE 04-07-2017

**Artículo 780.-** Tiene derecho de pedir la nulidad que se funde en la fracción IX del artículo 700, el otro cónyuge o el tutor del incapacitado.

Artículo reformado POE 04-07-2017

**Artículo 781.-** La nulidad que se funde en la falta de las formalidades legales a que alude la fracción III del artículo 770, puede alegarse por quienquiera de los cónyuges y por cualquiera que tenga interés legítimo en probar que no hay matrimonio. También podrá declararse esta nulidad a instancia del Ministerio Público.

**Artículo 782.-** El derecho para demandar la nulidad relativa del matrimonio corresponde a quienes la ley lo concede expresamente, y no es trasmisible por herencia ni de ninguna otra manera; pero los herederos podrán continuar la demanda de nulidad entablada por aquél a quien heredan.

**Artículo 783.-** Ejecutoriada la sentencia que declare la nulidad, el Juez del conocimiento, de oficio, enviará copia certificada de ella al oficial del Registro Civil ante quien se celebró el matrimonio, para que al margen del acta matrimonial ponga nota circunstanciada en que conste la parte resolutiva de la sentencia, su fecha, el tribunal que la pronunció, el número no sólo del expediente sino también aquél con el que marque la copia, la cual será depositada en el archivo.

**Artículo 784.-** El matrimonio tiene a su favor la presunción de Ser válido y sólo se considerará nulo cuando así lo declare una sentencia que cause ejecutoria.

**Artículo 785.-** Los cónyuges no pueden celebrar transacción ni compromiso en árbitros acerca de la nulidad del matrimonio.

**Artículo 786.-** El matrimonio contraído de buena fe por parte de ambos cónyuges, produce a favor de éstos todos sus efectos mientras dure; y en todo tiempo en favor de los hijos nacidos antes de la celebración del matrimonio, durante él y dentro de los trescientos días después de la declaración de nulidad, si no se hubieren separado los consortes, o desde su separación en caso contrario.

**Artículo 787.-** Si ha habido buena fe de parte de uno solo de los cónyuges, el matrimonio produce efectos únicamente respecto de él y de los hijos.

**Artículo 788.-** Si ha habido mala fe de parte de ambos consortes, el matrimonio produce efectos solamente respecto de los hijos.

**Artículo 789.-** La buena fe se presume; para destruir esta precisión se requiere prueba plena.

**Artículo 790.-** Si la demanda de nulidad fuere entablada por uno solo de los cónyuges, desde luego se dictarán las medidas provisionales que establece el artículo 814.

**Artículo 791.-** Luego que la sentencia sobre nulidad cause ejecutoría, el padre y la madre propondrán la forma y términos del cuidado y la custodia de los hijos y el Juez resolverá de acuerdo con las circunstancias del caso.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 792.-** El Juez en todo tiempo podrá modificar la determinación a' que se refiere el párrafo anterior, atendiendo a las nuevas circunstancias que en el caso se lleguen a presentar y mirando en todo por el bien de los hijos.

**Artículo 793.-** Declarada la nulidad del matrimonio, se procederá a la liquidación de la comunidad conyugal. Los productos repartibles, si los dos cónyuges hubieren procedido de buena fe, se dividirán entre ellos en la forma establecida en el artículo 749. Si sólo hubo buena fe por parte de uno de los cónyuges, a éste se aplicarán íntegramente esos productos. Si hubo mala fe de parte de ambos, los productos se aplicarán a favor de los hijos.

**Artículo 794.-** Declarada la nulidad del matrimonio, se observarán respecto de las donaciones antenupciales, las reglas siguientes:

**I.-** Las hechas por un tercero a los cónyuges podrán ser revocadas;

**II.-** Las que hizo el cónyuge que obró de buena fe al que obró de mala fe, quedarán sin efecto y las cosas que fueron objeto de ellas, se devolverán al donante con todos sus productos;

**III.-** Las hechas al cónyuge que obró de buena fe por el cónyuge que obró de mala fe, quedarán subsistentes;

**IV.-** Si los dos cónyuges procedieron de mala fe, las donaciones que se hayan hecho quedarán en favor de sus hijos y si no los tienen, no podrán hacer los donantes reclamación alguna con motivo de la liberalidad.

*Artículo reformado POE 10-12-2010*

**Artículo 795.-** Si al declararse la nulidad del matrimonio la mujer estuviere embarazada, se tomarán las precauciones que este Código señala en materia de Derecho Sucesorio cuando la viuda quede encinta.

**CAPÍTULO SEXTO**
**De los Matrimonios Ilícitos**

**Artículo 796.-** Es ilícito, pero no nulo, el matrimonio:

**I.-** Cuando se ha contraído estando pendiente la decisión de un impedimento que sea susceptible de dispensa;

**II.-** Cuando no se ha otorgado la previa dispensa que requiere el artículo 703;

**III.- Derogada.**

*Fracción derogada POE 29-02-2016*

**Artículo 797.-** Los que infrinjan el artículo anterior, y los que con conocimiento de causa, autoricen esos matrimonios, incurrirán en la sanción que señala el Código Penal del Estado.

<div align="right">Artículo reformado POE 19-12-2014</div>

## CAPÍTULO SÉPTIMO
### Del Divorcio

**Artículo 798.-** El divorcio disuelve el vínculo del matrimonio y deja a los cónyuges en aptitud de contraer otro. Podrá ser promovido de cualquiera de las siguientes formas:

**I.-** Podrá demandarse por uno de los cónyuges cuando cualquiera de ellos lo reclame de manera unilateral ante la autoridad judicial, manifestando su voluntad de no querer continuar con el matrimonio, sin que se requiera señalar el motivo por el que se solicita;

**II.-** Podrá solicitarse por mutuo consentimiento por los cónyuges, bajo los términos establecidos en este Código.

La demanda o solicitud de divorcio se presentará siempre, junto con una copia certificada del acta de matrimonio y una copia certificada de las actas de nacimiento de los hijos menores de edad o mayores incapaces, si los hay.

En ambos casos, solo se decretará el divorcio cuando se cumplan los requisitos exigidos para cada uno de ellos.

<div align="right">Artículo reformado POE 04-07-2017</div>

**Artículo 799.** La persona cónyuge que desee promover el juicio de divorcio deberá acompañar a su demanda una propuesta de convenio para regular las consecuencias inherentes a la disolución del vínculo matrimonial.

<div align="right">Párrafo reformado POE 31-05-2023</div>

En caso de tratarse de divorcio por mutuo consentimiento, se deberá presentar de igual modo el documento que regule las consecuencias de la disolución del vínculo matrimonial, pero en este caso deberá ser presentado como convenio suscrito por ambos solicitantes.

Tanto la propuesta de convenio, como en su caso el convenio, deberá contener los siguientes requisitos:

**I.** La designación de la persona que tendrá la guarda y custodia de las niñas, niños, adolescentes o incapaces;

<div align="right">Fracción reformada POE 31-05-2023</div>

**II.** Las modalidades bajo las cuales la persona progenitora, que no tenga la guarda y custodia, ejercerá el derecho de visitas, respetando los horarios de comidas, descanso y estudio de las niñas, niños y adolescentes, lo anterior tanto mientras dure el procedimiento como después de ejecutoriado. En su caso, deberá establecerse dicho derecho, en favor de los demás parientes de la niña, niño o adolescente, así como de

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

aquellas personas que, sin encontrarse vinculadas familiarmente, resulten significativas para la niña, niño o adolescente;

<div align="right"><em>Fracción reformada POE 23-03-2022, 31-05-2023</em></div>

**III.** El modo de atender las necesidades de las niñas, niños y adolescentes y, en su caso, del cónyuge a quien deba darse alimentos, especificando la forma, lugar y fecha de pago de la obligación alimentaria, así como la garantía para asegurar su debido cumplimiento;

<div align="right"><em>Fracción reformada POE 31-05-2023</em></div>

**IV.-** Designación del cónyuge al que corresponderá el uso del domicilio conyugal, en caso de que se hubiese establecido dicho domicilio, y del menaje;

**V.-** La designación de los domicilios donde habitarán los cónyuges, tanto durante como después de ejecutoriado el divorcio;

**VI.-** La manera de administrar los bienes de la sociedad conyugal durante el procedimiento y hasta que se liquide, así como la forma de liquidarla, exhibiendo para ese efecto, en su caso, las capitulaciones matrimoniales, el inventario, avalúo y el proyecto de partición, y

**VII.-** En el caso de que los cónyuges hayan celebrado el matrimonio bajo el régimen de separación de bienes, deberá señalarse la compensación, en los términos del artículo 822 de este Código.

<div align="right"><em>Artículo reformado POE 10-12-2010, 04-07-2017</em></div>

**Artículo 800.-** Cuando ambos consortes convengan en divorciarse, la cónyuge no se encuentra embarazada, no tengan hijos, o si los tuviesen no fueran menores de edad y de común acuerdo hubieran liquidado su comunidad de bienes si bajo este régimen se casaron, se presentarán personalmente ante el Oficial del Registro Civil o ante el Notario Público del lugar del domicilio conyugal; comprobarán con las copias certificadas respectivas que son casados y que, si tienen hijos éstos son mayores de edad; y manifestarán terminante y explícita su voluntad de divorciarse.

<div align="right"><em>Párrafo reformado POE 19-12-2014, 04-07-2017</em></div>

La liquidación de bienes a que se refiere el presente artículo, podrá realizarse ante el Juez o ante el Notario Público del conocimiento.

Para el caso de que opten por realizar el trámite de divorcio ante el Notario Público, deberá inscribirse en el Registro Civil de la Jurisdicción donde hayan celebrado el contrato matrimonial, el acta al efecto se levante.

<div align="right"><em>Artículo reformado POE 26-06-2007</em></div>

**Artículo 801.-** El Oficial del Registro Civil, o en su caso, el Notario Público, previa identificación de los consortes y haciéndoles saber el contenido del Artículo 802, levantará un acta en que hará constar la solicitud de divorcio y la ratificación de la misma, en consecuencia, ya sea el Oficial del Registro Civil o el Notario Público, declarará la disolución del vínculo matrimonial, y solicitará se haga la anotación correspondiente en el Libro de Registro.

<div align="right"><em>Artículo reformado POE 26-06-2007, 28-09-2007, 15-10-2007</em></div>

**Artículo 802.-** El divorcio obtenido conforme a los dos artículos anteriores, será nulo absolutamente si se comprueba que la cónyuge se encuentra embarazada, los cónyuges tienen hijos menores de edad o que no han liquidado su comunidad conyugal.

*Artículo reformado POE 19-12-2014, 04-07-2017*

**Artículo 803.- Derogado.**

*Artículo derogado POE 04-07-2017*

**Artículo 804.- Derogado.**

*Artículo derogado POE 04-07-2017*

**Artículo 805.- Derogado.**

*Artículo derogado POE 04-07-2017*

**Artículo 806.- Derogado.**

*Artículo derogado POE 04-07-2017*

**Artículo 807.-** Los cónyuges que hayan solicitado el divorcio por mutuo consentimiento, podrán reunirse de común acuerdo en cualquier tiempo, con tal de que el divorcio no hubiere sido decretado.

*Artículo reformado POE 04-07-2017*

**Artículo 808.-** El cónyuge que no quiera pedir el divorcio podrá, sin embargo, solicitar que se suspenda su obligación de cohabitar con el otro cónyuge, cuando éste se encuentre en alguno de los siguientes casos:

**I.-** Padezca cualquier enfermedad incurable que sea, además, contagiosa o hereditaria, o

**II.-** Padezca trastorno mental incurable, previa declaración de interdicción que se haga respecto del cónyuge enfermo.

En estos casos, el Juez, con conocimiento de causa, podrá decretar esa suspensión; quedando subsistentes las demás obligaciones creadas por el matrimonio.

*Artículo reformado POE 04-07-2017*

**Artículo 809.- Derogado.**

*Artículo derogado POE 04-07-2017*

**Artículo 810.- Derogado.**

*Artículo reformado POE 10-12-2010. Derogado POE 04-07-2017*

**Artículo 811.- Derogado.**

*Artículo reformado POE 10-12-2010. Derogado POE 04-07-2017*

**Artículo 812.-** La reconciliación de los cónyuges pone fin al juicio de divorcio en cualquier estado en que se encuentre, si aún no hubiere sentencia ejecutoriada y en este caso, los interesados deberán denunciar su reconciliación al Juez, sin que la omisión de esta denuncia destruya los efectos producidos por la reconciliación.

**Artículo 813.-** El cónyuge que haya recibido violencia familiar y/o violencia vicaria, podrá acreditarla mediante el ofrecimiento de las denominadas pruebas preconstituidas que se

encuentran en su poder, o bien aquellas que obren en instrumentales públicas de instituciones o dependencias que hayan atendido dicha problemática con antelación, para ser tomadas en cuenta por el Juzgador, en los términos del artículo 287 del Código Procedimental de la materia.

<span style="color:blue">Artículo reformado POE 10-12-2010, 04-07-2017, 07-09-2022</span>

**Artículo 813 Bis.- Derogado.**

<span style="color:blue">Artículo adicionado POE 10-12-2010. Derogado POE 04-07-2017</span>

**Artículo 814.-** Al admitirse la demanda de divorcio, se dictarán, sin necesidad de audiencia previa o vista a las partes, las medidas provisionales pertinentes, mismas que subsistirán sólo mientras dure el juicio, conforme a las disposiciones siguientes:

**I.** Separar a los cónyuges en todo caso. Para este efecto, la persona juzgadora tendrá en cuenta el interés familiar, la posible existencia de violencia familiar y/o violencia vicaria y lo que más convenga a los hijos o hijas, cuál de los cónyuges continuará en el uso de la vivienda familiar y asimismo, previo inventario, de los bienes y enseres que continúen en ésta y ordenará se le entregue su ropa y los bienes que sean necesarios para el ejercicio de la profesión, arte u oficio a que está dedicado. Deberá el cónyuge informar a la persona juzgadora el lugar de su residencia. Si sobre esto se suscitare controversia la persona juzgadora decidirá sumariamente oyendo a ambos cónyuges;

<span style="color:blue">Fracción reformada POE 07-09-2022</span>

**II.-** Sólo a solicitud de la mujer se le autorizará a separarse del hogar conyugal. Deberá la mujer informar al Juez el lugar de su residencia y el Juez ordenará se le entreguen su ropa y los bienes que sean necesarios para el ejercicio de la profesión, arte u oficio a que esté dedicada;

**III.-** Prevenir a ambos cónyuges que no se molesten uno a otro en ninguna forma;

**IV.** Señalar y asegurar los alimentos que debe dar el deudor alimentario al cónyuge acreedor y a las niñas, niños y adolescentes;

<span style="color:blue">Fracción reformada POE 31-05-2023</span>

**V.-** Dictar las medidas que se estimen convenientes para que los cónyuges no se causen perjuicios en sus respectivos bienes ni en los de la comunidad conyugal, en su caso, asimismo se decretará la prohibición a los cónyuges de enajenar o hipotecar bienes de su propiedad cuando se trate del domicilio conyugal y en cualquier caso cuando se trate de bienes de la sociedad conyugal. Asimismo, ordenar cuando existan bienes que puedan pertenecer a ambos cónyuges, la anotación preventiva de la demanda en el Registro Público de la Propiedad y el Comercio del Estado de Quintana Roo y de aquellos lugares en que se conozca que tienen bienes;

**VI.-** Dictar, en su caso, las medidas precautorias que la ley establece respecto a la mujer que quede embarazada;

**VII.** Poner a las niñas, niños y adolescentes, al cuidado de la persona que de común acuerdo designen los cónyuges, debiendo ser uno de éstos y pudiéndose compartir la

custodia, respetando en todo momento las disposiciones de este Código al respecto. A falta de acuerdo, la persona Juzgadora de lo familiar resolverá lo conducente, atendiendo a los elementos de prueba que obren en el sumario y considerando las necesidades de las niñas, niños y adolescentes a la luz del interés superior de la niñez y del principio de igualdad; además de establecer las modalidades del derecho de visita o convivencia con sus progenitores y, en su caso, con sus demás parientes, así como de aquellas personas que, sin encontrarse vinculadas familiarmente, resulten significativas para las niñas, niños y adolescentes, de conformidad con los artículos 997-bis y 1024 Bis de este Código, el cumplimiento de las obligaciones de crianza, tomando en cuenta la opinión de la niña, niño o adolescente, quien podrá ser asistido por el representante en suplencia, adscrito a la Procuraduría de Protección de Niñas, Niños, Adolescentes y la Familia del Estado de Quintana Roo o a las Delegaciones de las Procuradurías de Protección de Niñas, Niños, Adolescentes y la Familia de los Sistemas para el Desarrollo Integral de la Familia Municipales. La persona Juzgadora, en cualquier tiempo y antes que termine ejecutoriadamente el juicio, podrá prudentemente modificar sus determinaciones, estableciendo las modalidades y medidas que estime necesarias en beneficio de las niñas, niños y adolescentes y de los bienes de éstos, sin más limitación que este mismo beneficio, pudiendo confiar la custodia de las niñas, niños y adolescentes a un tercero o institución educativa y confiar la administración de los bienes a una institución fiduciaria;
**Fracción reformada POE 23-03-2022, 31-05-2023**

**VIII.** En los casos en que se alegue la violencia familiar y/o violencia vicaria, la persona juzgadora podrá decretar, atendiendo a las evidencias y con el fin de salvaguardar la integridad y seguridad de las personas interesadas, las medidas precautorias siguientes:
**Fracción reformada POE 07-09-2022**

**a)** Ordenar la salida del cónyuge demandado de la vivienda donde habita el grupo familiar.

**b)** Prohibición al cónyuge demandado de ir a lugar determinado, tales como el domicilio o el lugar donde trabajan o estudian los agraviados.

**c)** Suspender la custodia y la patria potestad a la persona cónyuge presuntamente agresora y prohibir que ésta se acerque a las personas agraviadas a la distancia que la propia persona Juzgadora considere pertinente, dejando a salvo los derechos de convivencia del resto de sus parientes, así como de aquellas personas que, sin encontrarse vinculadas familiarmente, resulten significativas para las niñas, niños y adolescentes, salvo en los casos que estas, hubieren participado en los presuntos actos de violencia. Esta suspensión será independiente del cumplimiento de la persona presunta agresora de las obligaciones referidas a la pensión alimenticia;
**Inciso reformado POE 23-03-2022, 31-05-2023**

**IX.-** Requerirá a ambos cónyuges para que le exhiban, bajo protesta de decir verdad, un inventario de sus bienes y derechos, así como de los que se encuentren bajo el régimen de comunidad conyugal, en su caso, especificando además el título bajo el cual se adquirieron o poseen, el valor que estime que tienen, las capitulaciones matrimoniales y un proyecto de partición, y

**X.-** Las demás que considere necesarias.

Durante el procedimiento, la persona Juzgadora recabará la información complementaria y comprobación de datos que en su caso precise, pudiéndolo hacer incluso de oficio.
*Párrafo reformado POE 31-05-2023*

En caso de que las personas menores de doce años sean sujetos de violencia familiar, éstos deberán quedar al cuidado de la madre, excepto cuando sea ésta quien la origine. No será obstáculo para la preferencia maternal en la custodia, el hecho de que la madre carezca de recursos económicos.

La persona juzgadora podrá ordenar cualquier otra medida de protección de emergencia, preventiva o de naturaleza civil de conformidad con la Ley de Acceso de las Mujeres a una Vida Libre de Violencia del Estado de Quintana Roo, la Ley de Asistencia y Prevención de la Violencia Familiar del Estado de Quintana Roo, así como la Ley de los Derechos de Niñas, Niños y Adolescentes del Estado de Quintana Roo, sin menoscabo de lo establecido en otras disposiciones normativas aplicables, los tratados internacionales vigentes en la materia, privilegiando siempre y en todo momento, el interés superior de la niñez.
*Párrafo reformado POE 23-03-2022, 07-09-2022*
*Artículo reformado POE 10-12-2010, 04-07-2017*

**Artículo 815.** La sentencia de divorcio que se pronuncie en definitiva, fijará la situación de los hijos, para lo cual la persona Juzgadora de lo familiar deberá resolver todo lo relativo a los derechos y deberes inherentes a la patria potestad, su pérdida, suspensión, limitación o recuperación, según el caso y en especial a la custodia y cuidado de las niñas, niños y adolescentes, así como las obligaciones de crianza. Además, la sentencia deberá incluir el régimen establecido para las visitas de convivencia, según lo previsto en los artículos 997-bis y 1024 Bis de este Código, incluyendo, en su caso, a los demás parientes de la niña niño o adolescente, así como de aquellas personas que, sin encontrarse vinculadas familiarmente, resulten significativas para la niña, niño o adolescente.

Asimismo, la sentencia deberá contener:

**I.** Todas las medidas necesarias para proteger a las niñas, niños o adolescentes de actos de violencia familiar, violencia vicaria, o cualquier otra circunstancia que lastime u obstaculice su desarrollo armónico y pleno;

**II.** Las medidas necesarias para garantizar la convivencia de las niñas, niños y adolescentes con sus progenitores y, en su caso, con sus demás parientes, así como de aquellas personas que, sin encontrarse vinculadas familiarmente, resulten significativas para las niñas, niños o adolescentes, misma que solo deberá ser limitada o suspendida cuando exista cualquier posibilidad de riesgo para las niñas, niños o adolescentes;

**III.** Para el caso de las niñas, niños o adolescentes, incapaces, sujetos a la tutela de alguno de los excónyuges, en la sentencia de divorcio deberán establecerse las medidas a que se refiere este artículo para su protección, y

**IV.** Las demás que sean necesarias para garantizar el bienestar, el desarrollo, la protección y el interés superior de las niñas, niños y adolescentes, de conformidad a lo establecido en la Ley de los Derechos de Niñas, Niños y Adolescentes del Estado de Quintana Roo, sin menoscabo de lo establecido en otras disposiciones normativas aplicables, así como en los tratados internacionales vigentes en la materia.

Las medidas de protección para las niñas, niños y adolescentes podrán incluir también las medidas de seguridad, seguimiento para el demandado y su asistencia a terapias reeducativas dirigidas a evitar y corregir los actos de violencia familiar, las cuales podrán ser suspendidas o modificadas, según se trate el caso y de conformidad con lo dispuesto por el Código de Procedimientos Civiles para el Estado Libre y Soberano de Quintana Roo.

Una vez ejecutoriado el divorcio, la persona Juzgadora, podrá modificar sus determinaciones, a petición de parte interesada, privilegiando siempre y en todo momento, el interés superior de la niñez.

*Artículo reformado POE 27-11-2007, 10-12-2010, 31-05-2023*

**Artículo 816.** Para cumplir con lo dispuesto en el artículo anterior, la persona Juzgadora durante el procedimiento deberá de oficio o a petición de parte interesada, allegarse de los elementos necesarios y tendrá que:

**I.** Oír al Ministerio Público, a un tutor que la persona Juzgadora nombre a las niñas, niños y adolescentes, a los parientes, y en general a las personas que, por cualquier motivo, razón o circunstancia, puedan informar a la persona Juzgadora respecto a la forma mejor de la custodia de las niñas, niños o adolescentes, así como el régimen de convivencia aplicable, o cualquier otra cuestión relacionada con el caso del que se trate;

**II.** Oír a las niñas, niños o adolescentes si éstos pueden expresarse, debidamente asistidos por la persona Oficial de niñas, niños y adolescentes, adscrito a Procuraduría de Protección de Niñas Niños, Adolescentes y la Familia del Estado de Quintana Roo o a la Delegación de las Procuradurías de Protección de Niñas, Niños, Adolescentes y la Familia de los Sistema para el Desarrollo Integral de la Familia Municipales, y

**III.** Asegurar a las niñas, niños y adolescentes los alimentos y en todo momento pueden ser modificadas por la persona Juzgadora las resoluciones que a este respecto dicte, mientras las niñas, niños y adolescentes no lleguen a la mayoría.

Para efectos del presente artículo, se entenderá por parte interesada, no solo a las personas progenitoras de las niñas, niños o adolescentes, sino también, a las personas a las que se refiere la fracción I de éste numeral.

*Artículo reformado POE 10-12-2010, 04-07-2017, 31-05-2023*

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 816 Bis.-** En el caso de que los padres hayan acordado la guarda y custodia conjuntamente en términos de lo establecido en la fracción VII del artículo 814, el Juez, en la sentencia de divorcio, deberá garantizar que los divorciantes cumplan con las obligaciones de crianza, sin que ello implique un riesgo en la vida cotidiana para los hijos.

*Artículo adicionado POE 10-12-2010*

**Artículo 817.- Derogado.**

*Artículo reformado POE 10-12-2010. Derogado POE 04-07-2017*

**Artículo 818.-** El Juez fijará en la sentencia que decrete el divorcio, tomando en consideración en su caso, los datos recabados en términos de la fracción IX del artículo 814 de este ordenamiento lo relativo a la división de los bienes.

*Párrafo reformado POE 04-07-2017*

Ejecutoriado el divorcio, se procederá desde luego a la división de los bienes de la comunidad conyugal y se tomarán las precauciones necesarias, para asegurar las obligaciones que queden pendientes entre los cónyuges o con relación a los hijos. Los consortes divorciados tendrán obligación de contribuir, en proporción a sus bienes e ingresos, a las necesidades, subsistencia y educación de sus hijos y para proporcionarles algún oficio, arte o profesión honesta y adecuada a sus circunstancias personales, y a su elección sin ninguna acción por pertenecer a un género determinado.

*Artículo reformado POE 10-12-2010*

**Artículo 819.-** En caso de divorcio, el Juez resolverá en sentencia definitiva sobre el pago de alimentos a favor del cónyuge que, teniendo la necesidad de recibirlos, durante el matrimonio se haya dedicado preponderantemente a las labores del hogar, al cuidado de los hijos, esté imposibilitado para trabajar, o carezca de bienes, tomando en cuenta las siguientes circunstancias:

**I.-** La edad y el estado de salud de los cónyuges;

**II.-** Su calificación profesional y posibilidad de acceso a un empleo;

**III.-** Duración del matrimonio y dedicación pasada;

**IV.-** El apoyo con las actividades propias del hogar y el cuidado de los hijos, que hayan permitido al otro cónyuge, el desarrollo de actividades económicas en beneficio de la familia conformada desde el matrimonio;

**V.-** Medios económicos de uno y otro cónyuge, así como de sus necesidades, y

**VI.-** Las demás obligaciones que tenga el cónyuge deudor.

En la resolución se fijarán las bases para actualizar la pensión y las garantías para su efectividad.

El derecho a los alimentos a que se refiere este artículo, se extingue cuando el acreedor contraiga nuevas nupcias o se una en concubinato, o viva maritalmente en forma permanente y estable por un periodo mínimo de dos años con otra persona impedida

legalmente para contraer matrimonio, o haya transcurrido un término igual a la duración del matrimonio.

En caso de que exista un cónyuge que durante el matrimonio, no haya sido generador de violencia familiar y/o violencia vicaria, y se encuentre imposibilitado para trabajar por dolencia de una discapacidad o enfermedad tendrá derecho a alimentos hasta por el tiempo que dure el padecimiento o de manera vitalicia.

**Párrafo reformado POE 07-09-2022**
**Artículo reformado POE 14-05-2010, 10-12-2010, 04-07-2017**

**Artículo 820.- Derogado.**

**Artículo reformado POE 14-05-2010; POE 10-12-2010. Derogado POE 04-07-2017**

**Artículo 821.- Derogado.**

**Artículo derogado POE 04-07-2017**

**Artículo 822.-** En la demanda de divorcio, los cónyuges podrán demandar del otro, una indemnización de hasta el 50% del valor de los bienes que hubiere adquirido durante el matrimonio, siempre que, hubieren estado casados bajo el régimen de separación de bienes, el demandante se haya dedicado en el lapso que duró el matrimonio, preponderantemente al desempeño del trabajo del hogar y, en su caso, al cuidado de los hijos y que durante el matrimonio, el demandante no haya adquirido bienes propios o habiéndolos adquirido, sean notoriamente menores a los de la contraparte.

El Juez de lo Familiar resolverá en la sentencia de divorcio, previa valoración de cada caso. No podrán considerarse para efectos de cuantificar la indemnización, bienes del cónyuge obtenidos por herencia, donación o suerte de la fortuna, aún en los casos en que se hayan recibido durante el matrimonio.

**Artículo reformado POE 14-05-2010, 04-07-2017**

**Artículo 822 Bis.- Derogado.**

**Artículo adicionado POE 14-05-2010. Derogado POE 04-07-2017**

**Artículo 823.-** En virtud del divorcio, los cónyuges recobrarán su entera capacidad para contraer nuevo matrimonio.

**Artículo 824.-** Los cónyuges divorciados uno del otro pueden volver a casarse uno con otro en cualquier momento.

**Artículo 825.-** La muerte de uno de los cónyuges pone fin al juicio de divorcio, y los herederos del muerto tienen los mismos derechos y obligaciones que tendrían si no hubiese existido dicho juicio.

## CAPÍTULO VIII
## Del Concubinato

**Capítulo adicionado POE 27-11-2007**

**Artículo 825 Bis.-** El concubinato es la unión de dos personas con derechos y obligaciones recíprocos, siempre que sin impedimentos legales para contraer

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

matrimonio, han vivido en común en forma constante y permanente por un período mínimo de dos años que precedan inmediatamente a la generación de derechos y obligaciones a los que alude este Capítulo.

<div align="right"><em>Párrafo reformado POE 22-10-2021</em></div>

No es necesario el transcurso del período mencionado cuando, reunidos los demás requisitos, tengan un hijo en común.

Si con una misma persona se establecen varias uniones del tipo antes descrito, en ninguna se reputará concubinato. Quien haya actuado de buena fe podrá demandar del otro, una indemnización por daños y perjuicios.

<div align="right"><em>Artículo adicionado POE 27-11-2007</em></div>

**Artículo 825 Ter.-** Regirán al concubinato todos los derechos y obligaciones inherentes a la familia, en lo que le fueren aplicables.

El concubinato genera entre los concubinos derechos alimentarios y sucesorios, independientemente de los demás derechos y obligaciones reconocidos en este código o en otras leyes.

<div align="right"><em>Artículo adicionado POE 27-11-2007</em></div>

**Artículo 825 Quáter.-** Al cesar el concubinato, quien carezca de ingresos o bienes suficientes para su sostenimiento, tiene derecho a una pensión alimenticia por un tiempo igual al que haya durado el concubinato. No podrá reclamar alimentos quien tenga medios propios de supervivencia, o viva en concubinato o contraiga matrimonio.

<div align="right"><em>Párrafo reformado POE 22-10-2021</em></div>

El derecho que otorga este artículo podrá ejercitarse por un tiempo igual al que haya durado el concubinato, contado a partir del día siguiente en que haya cesado el mismo, salvo que se actualice diversa causal de extinción dispuesta en el artículo 819 del presente Código.

<div align="right"><em>Párrafo reformado POE 31-05-2023</em><br><em>Artículo adicionado POE 27-11-2007</em></div>

## TÍTULO SEGUNDO
### Del Parentesco y de los Alimentos

## CAPÍTULO PRIMERO
### Del Parentesco

**Artículo 826.-** La ley no reconoce más parentesco que los de consanguinidad y afinidad.

<div align="right"><em>Artículo reformado POE 30-05-2016</em></div>

**Artículo 827.-** El parentesco de consanguinidad es el que existe entre personas que descienden de un mismo progenitor.

En el caso de la adopción plena, se equiparará al parentesco por consanguinidad aquél que existe entre el adoptado, el adoptante, los parientes de éste y los descendientes de aquél, como si el adoptado fuera hijo consanguíneo.

*Artículo reformado POE 30-05-2016*

**Artículo 828.** Afinidad es el parentesco que se adquiere por el matrimonio entre las personas contrayentes y sus respectivos parientes.

La misma calidad opera tratándose del concubinato y sus respectivos parientes.

Disuelto el matrimonio o concubinato desaparece el parentesco por afinidad en la línea colateral; pero subsiste en la línea recta, en todos los casos en que esta ley se refiere a tal parentesco.

*Artículo reformado POE 31-05-2023*

**Artículo 829.** Se asimila al parentesco por afinidad el que se contrae entre los concubinos y los parientes de aquél, en los casos siguientes:

*Párrafo reformado POE 22-10-2021*

**I.** Cuando entre los concubinos hay la posesión de estado de casados sin serlo y no exista ningún impedimento para contraer matrimonio;

*fracción reformada POE 22-10-2021*

**II.-** Cuando la unión sexual sea accidental, no exista entre ellos impedimento para el matrimonio y por virtud de ella tenga la mujer un hijo; y

**III.-** Cuando siendo accidental la unión sexual, tenga la mujer por virtud de ella un hijo y exista entre ésta y el varón algún impedimento para contraer matrimonio.

**Artículo 830.-** La asimilación a que se refiere el artículo anterior sólo comprende a los parientes consanguíneos en línea recta ascendente o descendente, sin limitación de grado y su único efecto es constituir un impedimento para el matrimonio como lo dispone el artículo 700 fracción II.

*Artículo reformado POE 30-05-2016, 04-07-2017*

**Artículo 831.- Derogado.**

*Artículo derogado POE 30-05-2016*

**Artículo 832.-** Cada generación forma un grado y la serie de grados constituye lo que se llama línea del parentesco.

**Artículo 833.-** La línea es recta o transversal. La recta se compone de la serie de grados entre personas que descienden unas de otras; la transversal, llamada también colateral. se compone de la serie de grados entre personas que, sin descender unas de otras, proceden de un progenitor o tronco común.

**Artículo 834.-** La línea recta es ascendente o descendente. Ascendente es la que liga a una persona con su progenitor o tronco de que procede; descendente es la que liga al

progenitor con quienes de él proceden. La misma línea es ascendente o descendente, según el punto de vista desde el cual se contempla la relación.

**Artículo 835.-** En la línea recta los grados se cuentan por el número de generaciones, o por el de las personas excluyendo al progenitor.

**Artículo 836.-** En la línea transversal los grados se cuentan por el número de generaciones, subiendo por una de las líneas y descendiendo por la otra, o por el número de personas que hay de uno a otro de los extremos que se consideran, excluyendo al progenitor o tronco común.

**Artículo 836 Bis.** Solamente por resolución judicial, podrá impedirse la convivencia de los menores de edad, con sus parientes, así como de aquellas personas que, sin encontrarse vinculadas familiarmente, resulten significativas para los menores, quienes podrán, en todo momento, exigir este derecho, de quien ejerza la patria potestad.

Artículo adicionado POE 23-03-2022

## CAPÍTULO SEGUNDO
### De los Alimentos

**Artículo 837.-** La obligación de dar alimentos es recíproca. El que los da tiene a su vez el derecho de pedirlos.

**Artículo 838.-** Los cónyuges están obligados a proporcionarse alimentos. La obligación alimentaria entre los cónyuges subsiste en los casos de divorcio o de nulidad del matrimonio cuando la ley lo establece.

El concubinario y la concubina también están obligados, en igual forma que los cónyuges, a darse alimentos.

Artículo reformado POE 27-11-2007

**Artículo 839.-** Los padres están obligados a dar alimentos a sus hijos. A falta o por imposibilidad de los padres, la obligación recae en los demás ascendientes por cualquiera de ambas líneas que estuvieren más próximos en grado.

Los hijos al adquirir la mayoría de edad tendrán derecho a recibir los alimentos siempre y cuando estén estudiando con la finalidad de adquirir un oficio, arte o profesión, pero lo será hasta la conclusión de los estudios correspondientes, cuando los lleven a cabo sin interrupción y no rebasen los 25 años de edad, salvo que no sean concluidos por causa suficiente que lo justifique.

En caso de que el acreedor alimentista sea un hijo, se encuentre imposibilitado para adquirir por sus propios medios algún trabajo con motivo de ser una persona con discapacidad o enfermo terminal, tendrá derecho a recibir los alimentos hasta por el tiempo que dure el padecimiento o de manera vitalicia, previa valoración que haga el Juez respecto de las condiciones especiales, tanto del acreedor como del deudor alimentario.

Artículo reformado POE 04-07-2017

**Artículo 840.-** Los hijos están obligados a dar alimentos a los padres. A falta o por imposibilidad de los hijos, lo están los descendientes más próximos en grado.

**Artículo 841.-** A falta o por imposibilidad de los ascendientes o descendientes, la obligación recae en los hermanos de padre y madre; en defecto de éstos, en los que fueren de madre solamente, y en defecto de ellos, en los que fueren sólo de padre.

**Artículo 842.-** Faltando los parientes a que se refieren los tres artículos anteriores, tienen obligación de ministrar alimentos los parientes colaterales dentro del cuarto grado.

**Artículo 843.-** Los hermanos y demás parientes colaterales a que se refiere el artículo anterior, tienen obligación de dar alimentos a los menores, mientras éstos llegan a la edad de dieciocho años. También deben alimentar a sus parientes mayores de edad, dentro del grado mencionado, que fueren incapaces.

**Artículo 844.-** La obligación de darse alimentos la tienen el adoptante y el adoptado en los casos en que la tienen el padre y el hijo.

**Artículo 845.** La obligación alimentaria consiste en la efectivización del derecho fundamental a acceder a un nivel de vida adecuado de la persona acreedora alimentaria integrante de la familia que permita se encuentren cubiertas todas las necesidades básicas, y comprenden, entre otros:

*Párrafo reformado POE 31-05-2023*

**I.** La alimentación, el vestido, la habitación de acuerdo con la edad y la asistencia médica preventiva, así como lo requerido para la conservación de la integridad física que permita el desarrollo biopsicosocial de la persona acreedora alimentaria, y, en caso de enfermedad, lo requerido para la recuperación de la salud de éste; y en caso de fallecimiento del acreedor alimentario, los gastos funerarios;

*Fracción adicionada POE 31-05-2023*

**II.** En el caso de las personas gestantes, comprenderán los gastos que se generen durante el embarazo, en el parto y después de este hasta la total recuperación de la madre;

*Fracción adicionada POE 31-05-2023*

**III.** En el caso de las niñas, niños y adolescentes, comprenderá además los gastos necesarios para su preparación académica y para proporcionarle algún oficio, arte o profesión y adecuada a sus circunstancias personales.

Para el caso que las personas acreedoras alimentarias adquieran la mayoría de edad, se estará a lo dispuesto en el artículo 839 segundo párrafo, sin que ello, implique la obligación de suministrar recurso económico adicional alguno orientado al establecimiento y desarrollo de su oficio, arte o profesión.

Tratándose de las personas adultas mayores, aún y cuando estén pensionadas, si su pensión es insuficiente para tener una vida digna en términos de la fracción I de este artículo, y

<div align="right">Fracción adicionada POE 31-05-2023</div>

**IV.** Lo que se requiera para la atención, habilitación, rehabilitación o permita el desarrollo de la persona acreedora alimentaria que se encuentra o le haya sobrevenido alguna discapacidad o se le ha declarado en estado de interdicción.

<div align="right">Fracción adicionada POE 31-05-2023<br>Artículo reformado POE 14-05-2010, 30-10-2012</div>

**Artículo 845 Bis.-** Toda persona que tenga conocimiento sobre la necesidad de otro a recibir alimentos y pueda aportar los datos de quienes estén obligados a proporcionarlos, podrá solicitar únicamente la intervención del Ministerio Publico, de la Procuraduría adscrita al Sistema para el Desarrollo Integral de la Familia o el Juez de lo Familiar de manera indistinta, a efecto de que dichos funcionarios, en uso de sus facultades resuelvan lo que en derecho corresponda, pudiendo incluso los jueces actuar en uso de las atribuciones que al efecto le fue instituido en los artículos 880 y 881 del Código de Procedimientos Civiles del Estado.

<div align="right">Artículo adicionado POE 14-05-2010, 30-10-2012</div>

**Artículo 846.-** El obligado a dar alimentos cumple la obligación asignando una pensión competente al acreedor alimentario o incorporándolo a la familia.

**Artículo 847.-** Si el acreedor se opone a ser incorporado, compete al Juez, según las circunstancias, fijar la manera de ministrar los alimentos.

**Artículo 848.-** El deudor alimentista no podrá pedir que se incorpore a su familia al que debe recibir los alimentos, cuando se trate de un cónyuge divorciado que reciba alimentos del otro, y cuando haya inconveniente legal para hacer esa incorporación.

**Artículo 849.-** Los alimentos han de ser proporcionados a la posibilidad del que debe darlos y a la necesidad del que debe recibirlos.

Determinados por convenio o sentencia, de manera exclusiva los alimentos que hayan sido fijados teniendo como base para su cuantificación, un porcentaje determinado, tendrán un incremento automático mínimo equivalente al aumento porcentual del salario mínimo general diario vigente, salvo que el deudor alimentario demuestre que sus ingresos no aumentaron en igual proporción. En este caso, el incremento en los alimentos se ajustará al que realmente hubiese obtenido el deudor. Estas prevenciones deberán expresarse siempre en las sentencias o convenio correspondiente.

<div align="right">Párrafo adicionado POE 14-05-2010. Reformado POE 04-07-2017</div>

**Artículo 849 Bis.** Las niñas, niños y adolescentes, las personas con alguna discapacidad que le impida adquirir por sus propios medios algún trabajo, las personas sujetas a estado de interdicción y la persona cónyuge que se dedique al hogar gozan de la presunción de necesitar alimentos. Salvo que se demuestre lo contrario.

<div align="right">Artículo adicionado POE 14-05-2010; Reformado POE 30-10-2012, 31-05-2023</div>

**Artículo 849 Ter.-** Cuando no sean comprobables el salario o los ingresos del deudor alimentario, el juez de lo familiar resolverá en la definitiva con base en su capacidad económica de riqueza o la capacidad para desempeñar algún trabajo y nivel de vida que el deudor y sus acreedores alimentarios hayan llevado en los dos últimos años. En el caso de no contar con los elementos necesarios para fijar objetivamente el monto de la pensión, conforme a los artículos 880, 881 y 882 del Código de Procedimientos Civiles para el Estado, están obligados a recabar oficiosamente los elementos que le permitan establecer los estatus antes citados, y una vez hecho lo anterior, realizar un estimado del ingreso mensual del deudor alimentario, respecto del cual fijará un porcentaje como monto de la pensión alimenticia, al resolver el fondo del asunto.

*Artículo adicionado POE 14-05-2010. Reformado POE 30-10-2012*

**Artículo 849 Quáter.-** Los acreedores alimentarios tendrán derecho preferente sobre los ingresos y bienes de quien tenga dicha obligación, respecto de otra calidad de acreedores.

*Artículo adicionado POE 14-05-2010*

**Artículo 850.-** Si fueren varios los que deben dar los alimentos y todos tuvieren posibilidad para hacerlo, el Juez repartirá el importe entre ellos en proporción a sus haberes.

**Artículo 851.-** Si sólo algunos tuvieren esa posibilidad, entre ellos se repartirán el importe de los alimentos, y si sólo uno la tuviere él cumplirá únicamente la obligación.

**Artículo 852.-** Tienen acción para pedir aseguramiento de los alimentos:

**I.-** El acreedor alimentario;

**II.-** El ascendiente que lo tenga bajo su patria potestad;

**III.-** El tutor;

**IV.-** Los hermanos y demás parientes colaterales dentro del cuarto grado;

**V.-** El Ministerio Público.

**VI.-** La Procuraduría adscrita al Sistema para el Desarrollo Integral de la Familia, de acuerdo a las facultades establecidas en la Ley Orgánica del Sistema para el Desarrollo Integral de la Familia del Estado de Quintana Roo.

*Fracción adicionada POE 30-10-2012*

**Artículo 853.-** Si las personas a que se refieren las fracciones II, III y IV del artículo anterior no pueden representar al acreedor alimentario en el juicio en que se pida el aseguramiento de los alimentos, se nombrará por el Juez un tutor interino.

**Artículo 854.-** El derecho de recibir alimentos no es renunciable ni puede ser objeto de transacción.

**Artículo 855.-** Cesa la obligación de dar alimentos:

**I.-** Cuando el que la tiene le sobrevenga alguna incapacidad física o mental que le impida cumplir con la obligación alimentaria o carezca de medios para cumplirla;

*Fracción reformada POE 30-10-2012*

**II.-** Cuando el alimentista deja de necesitar los alimentos;

**III.-** En caso de violencia familiar, violencia vicaria, injuria, falta o daños graves inferidos intencionalmente por el alimentista contra quien debe prestarlos;

*Fracción reformada POE 07-09-2022*

**IV. -** Cuando la necesidad de los alimentos dependa de la conducta viciosa o de la falta de aplicación al trabajo del alimentista, mientras subsisten estas causas;

*Fracción reformada POE 04-07-2017*

**V.-** Cuando el alimentista mayor de edad, sin consentimiento del que debe dar los alimentos, abandona la casa de éste por causas injustificables, y

*Fracción reformada POE 30-10-2012, 04-07-2017*

**VI.-** Cuando el alimentista mayor de edad se encuentra cursando estudios acordes a su edad, pero no vive honestamente, contrae matrimonio, vive en concubinato o le sobreviene un hijo producto de una relación.

*Fracción adicionada POE 04-07-2017*
*Artículo reformado POE 10-12-2010*

**Artículo 856.-** Cuando el deudor alimentado no estuviere presente o estándolo rehusare entregar lo necesario para los alimentos de los miembros de la familia con derecho a recibidos, será responsable de las deudas que éstos contraigan para cubrir esta exigencia, pero sólo en la cuantía estrictamente necesaria para ese objeto y siempre que no se trate de gastos de lujo.

**Artículo 857.** La persona cónyuge o concubina que sin culpa suya se vea obligada a vivir separado de su consorte, si no está en el caso del artículo 709, podrá pedir a la persona Juzgadora de su domicilio que obligue al responsable de la separación a ministrar los alimentos a quien se ha separado y de las niñas, niños y adolescentes por el tiempo que dure la separación y que además satisfaga los adeudos contraídos como dispone el artículo anterior. La persona Juzgadora, según el caso, fijará la suma que la persona separante debe ministrar mensualmente, dictando las medidas necesarias para que dicha cantidad sea debidamente asegurada y para que esta persona pague los gastos que la persona separada haya tenido que obtener en préstamo con tal motivo.

*Artículo reformado POE 31-05-2023*

**Artículo 858.-** Para la fijación, el aseguramiento y el pago de las pensiones alimenticias, el Juez procederá según su prudente arbitrio, estando facultado para fijar de plano el monto de la pensión cuando sea provisional.

Una vez fijada la pensión provisional el juez requerirá a la acreedora alimentaria para que presente ante el fondo de mejoramiento para la impartición de justicia, o Institución bancaria, copia de su identificación oficial así como su comprobante de domicilio, con el objetivo que de inmediato se inicie el trámite ante la institución bancaria respectiva, debiéndosele expedir su tarjeta de débito, y así estar en aptitud de hacer su cobro correspondiente; de igual manera, en el mismo acuerdo se le hará saber al deudor alimentista que, a partir de su próxima consignación, ésta deberá de depositarse directamente ante el banco, a la cuenta existente para tal efecto; quedando obligado el citado Fondo a informar al Juez si el consignante dejó de realizar sus depósitos.

**Párrafo adicionado POE 24-07-2015**

Una vez hecho lo anterior, el Juez concluirá el expediente y ordenará archivarlo.

**Párrafo adicionado POE 24-07-2015**

**Artículo 859.-** En materia de alimentos, las resoluciones judiciales, provisionales o no, pueden modificarse cuando cambien las circunstancias de la situación de hecho que las determinaron.

**Artículo 860.-** Los alimentos deberán asegurarse mediante hipoteca; prenda; fideicomiso o fianza para cubrirlos de cuando menos un año; secuestro de bienes o frutos; títulos de crédito avalados por persona solvente; embargo de sueldos, salarios, participaciones o comisiones; y depósito en efectivo ante el Fondo de Mejoramiento de la Administración de Justicia; debiéndose elegir el que en cada caso resulte más adecuado.

**Artículo reformado POE 30-10-2012**

**Artículo 861.-** Si no fuere posible el aseguramiento por alguno de los medios enumerados en el artículo anterior, el Juez, oyendo a las partes, dictará las medidas que juzgue pertinentes.

**Artículo 862.-** El injustificado incumplimiento de las obligaciones alimenticias, así como el disimulo, la ocultación de bienes o cualquier fraude para eludirlo se sancionará como señale la ley de la materia.

La persona que incumpla injustificadamente con sus obligaciones alimenticias por un periodo de sesenta días se constituirá en deudor alimentario moroso. El Juez de lo Familiar ordenará al Registro Civil su inscripción en el Registro de Deudores Alimentarios Morosos.

El deudor alimentario moroso que acredite ante el Juez que han sido pagados en su totalidad los adeudos a que se refiere el párrafo anterior, podrá solicitar al mismo la cancelación de la inscripción.

El Registro Civil cancelará las inscripciones a que se refiere el segundo párrafo previa orden judicial.

**Artículo reformado POE 09-08-2019**

**Artículo 863.-** Los patrones, administradores, gerentes de empresas, directores y jefes de oficinas y, en general, todas aquellas personas a quienes por razón de su cargo

público o privado estén en condiciones de proporcionar informes sobre la capacidad económica de los deudores alimentistas, están obligados a suministrar los datos exactos que al respecto se les pidan, y de no hacerlo serán sancionados por el Juez que pidió los informes con multa cuyo importe será el de 20 a 100 días de salario mínimo, que se duplicará en caso de reincidencia, independientemente de la sanción penal en que pudieran incurrir.

**Artículo 864.-** Las personas a que se refiere el artículo anterior responderán, además, solidariamente con los obligados directos, de los daños y perjuicios que causen al alimentista por sus informes falsos o por sus omisiones.

**Artículo 865.-** Incurren en las mismas sanciones establecidas en los dos artículos anteriores, quienes se resistan a acatar en tiempo y forma las correspondientes órdenes judiciales de descuento, que deben depositarse ante el fondo de mejoramiento de administración de justicia del poder judicial, o auxilien al obligado a ocultar, o a disimular sus bienes o a eludir de cualquier otro modo el cumplimiento de las obligaciones alimenticias.

*Artículo reformado POE 30-10-2012*

## CAPÍTULO PRIMERO
### De la Filiación

**Artículo 866.** La filiación es la relación que se establece por su origen biológico, voluntario, por presunción legal o por determinación judicial formando el núcleo familiar primario por quienes ejercerán la patria potestad y las personas potestadas.

*Artículo reformado POE 31-05-2023*

**Artículo 866 Bis.** La filiación se establece:

**I.** Por nacimiento; cuando así lo acrediten las personas progenitoras con el documento indubitable expedido por la institución médica en donde nació el producto de la concepción y, en su caso, con el ADN filiatorio de identidad expedido por institución oficial o perito certificado;

**II.** Por reconocimiento; la manifestación de la voluntad procreacional de quien desea ejercer junto a quien tenga probada la maternidad o la paternidad biológica;

Esta voluntad se ha de manifestar ante la persona Juzgadora del Registro Civil al momento de registrar el nacimiento de la niña o el niño o por vía judicial con posterioridad a este.

**III.** Por presunción legal, en los términos dispuestos por el artículo 867;

**IV.** Por adopción, y

**V.** Por sentencia que la declare.

*Artículo adicionado POE 31-05-2023*

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 867.-** Se presumen hijos de los cónyuges:

**I.-** Los hijos nacidos dentro de los ciento ochenta días, contados desde la celebración del matrimonio;

**II.-** Los hijos nacidos después de ciento ochenta días, contados desde la celebración del matrimonio;

**III.-** Los hijos nacidos dentro de los trescientos días siguientes a la disolución del matrimonio;

**IV.-** Los hijos nacidos después de los trescientos días de disuelto el matrimonio.

**Artículo 868.-** El marido no puede desconocer a los hijos comprendidos en la fracción I del artículo anterior:

**I.-** Si se probare que supo antes de casarse el embarazo de su futura consorte;

**II.-** Si asistió al acta de nacimiento y si ésta fue firmada por él, o contiene su declaración de no saber firmar;

**III.-** Si ha reconocido expresamente por suyo al hijo de su mujer.

**Artículo 869.-** Contra las presunciones establecidas por las fracciones II y III del Artículo 867, se admite como prueba la de haber sido físicamente imposible al marido tener relaciones sexuales con la mujer, en los primeros ciento veinte días de los trescientos que han precedido al nacimiento. Así como aquellos medios de convicción que el avance de los conocimientos científicos pudiera ofrecer.

Artículo reformado POE 10-12-2010

**Artículo 870.-** El marido no podrá desconocer a los hijos favorecidos por las presunciones establecidas en las fracciones II y III del artículo 867, alegando adulterio de la madre, aunque ésta declare contra la paternidad de aquél a no ser que el nacimiento se le haya ocultado o que estando separada del marido viva maritalmente con otro varón y éste reconozca como suyo al hijo de aquélla.

**Artículo 871.-** Salvo en el último caso previsto en el artículo anterior no basta el dicho de la madre para excluir de la paternidad al marido.

**Artículo 872.-** El marido podrá desconocer al hijo nacido después de trescientos días contados desde que, judicialmente y de hecho tuvo lugar la separación provisional prescrita para los casos de divorcio y nulidad; pero la mujer, el hijo o el tutor de éste, pueden sostener en tales casos la paternidad del marido.

El Juez competente ordenará, en su caso que se practique la prueba genética que corresponda a efecto de que se determine la paternidad respectiva, y se ordene el consecuente registro y reconocimiento de la persona menor de edad.

*Artículo reformado POE 10-12-2010*

**Artículo 873.-** Mientras el marido viva únicamente él podrá reclamar contra la filiación del hijo favorecido por las presunciones establecidas por las fracciones I a III del artículo 867.

**Artículo 874.-** Los herederos del marido no podrán contradecir la paternidad de un hijo de éste, que se beneficie con las presunciones establecidas en las tres primeras fracciones del artículo 867; pero podrán continuar el juicio iniciado por su causante si éste muere después de contestada la demanda.

**Artículo 875.-** Las cuestiones relativas a la paternidad del hijo nacido después de trescientos días de la disolución del matrimonio, podrán promoverse en cualquier tiempo por la persona a quien perjudique esa paternidad.

**Artículo 876.-** Si la viuda, la divorciada o la señora cuyo matrimonio fuere declarado nulo, contrajera segundas nupcias dentro de los trescientos días siguientes de la disolución de su anterior matrimonio, la filiación del hijo que naciere, celebrado el segundo matrimonio, se establecerá conforme a las reglas siguientes:

*Párrafo reformado POE 29-02-2016*

**I.-** Se presume que el hijo es del primer marido, si nace dentro de los trescientos días siguientes a la disolución del primer matrimonio; y antes de ciento ochenta días de la celebración del segundo;

**II.-** Se presume que es hijo del segundo marido, si nació después de ciento ochenta días de la celebración del segundo matrimonio, aunque el nacimiento acaezca dentro de los trescientos posteriores a la disolución del primer matrimonio;

**III.-** Si nace después de los trescientos días siguientes a la disolución del primer matrimonio y antes de los ciento ochenta días contados desde la celebración del segundo matrimonio, la ley no establece presunción alguna de paternidad.

**Artículo 877.-** El marido que negare cualquiera de las presunciones establecidas por las fracciones I y II del artículo 876, sea para contradecir la paternidad que se le atribuye a él, sea para contradecir la que se atribuye al otro marido deberá probar plenamente la imposibilidad física de que el hijo sea del marido a quien se atribuye.

**Artículo 878.-** En todos los casos en que el marido tenga derecho de contradecir la paternidad del hijo, deberá deducir su acción dentro de los sesenta días contados desde el nacimiento, si está presente, desde el día en que llegó al lugar sí no se encontraba en el y desde el día en que descubra el engaño si se le ocultó el nacimiento.

**Artículo 879.-** Si el marido está en tutela por causa de demencia, incapacidad u otro motivo que le prive de la inteligencia podrá contradecir la paternidad en el plazo antes señalado y se contará desde el día en que legalmente se declare haber cesado la tutela.

*Artículo reformado POE 10-12-2010*

**Artículo 880.-** Si el hijo no nace vivo, nadie puede entablar demanda sobre la paternidad.

**Artículo 881.** En el juicio de contradicción de la paternidad serán oídos, la madre, la niña, niño o adolescente a quien se le nombrará tutor si es persona menor de edad o incapaz, será asistido por la persona Representante en Suplencia adscrita a la Procuraduría de Protección de Niñas, Niños, Adolescentes y la Familia del Sistema para el Desarrollo Integral de la Familia Estatal o a las Delegaciones de las Procuradurías de Protección de Niñas, Niños, Adolescentes y la Familia de los Sistemas para el Desarrollo Integral de la Familia Municipales y el Ministerio Público.

*Artículo reformado POE 10-12-2010, 31-05-2023*

**Artículo 882.-** Se presumen hijos del hombre y de la mujer que viven juntos como si fueran casados y sin haber algún impedimento para contraer matrimonio:

**I.-** Los nacidos dentro de los ciento ochenta días de haberse iniciado la vida común.

**II.-** Los nacidos después de ciento ochenta días contados desde que empezó la vida común,

**III.-** Los nacidos dentro de los trescientos días siguientes a la terminación de la vida común.

**Artículo 883.-** En los casos establecidos en el artículo anterior, son aplicables por analogía los articulas 868, 869, 870, menos la última excepción establecida por éste, 873, 874, 878 y 879.

**Artículo 884.-** No puede haber sobre la filiación resultante de las presunciones legales establecidas en este capítulo, ni transacción ni compromiso en árbitros; pero sí puede haber transacción o arbitramento sobre los derechos pecuniarios que de la filiación legalmente adquirida pudieran deducirse.

**Artículo 885.-** La filiación de los hijos favorecidos por las presunciones establecidas en los artículos 867 y 876 se prueba con la partida de nacimiento de aquellos y el acta de matrimonio de sus padres.

**Artículo 886.-** La filiación de los hijos favorecidos por las presunciones establecidas en el artículo 882 se demuestra con el acta de nacimiento de aquellos y con la prueba de la fecha en que comenzó la vida común de sus padres.

**Artículo 887.-** En el caso de los dos artículos anteriores, a falta dc actas o si éstas fueren defectuosas, incompletas o si hubiere en ellas omisión en cuanto a los nombres y apellidos o fueren judicialmente declaradas falsas la filiación puede probarse con la

posesión de estado de hijo de las personas a quienes se señalan como padres, la cual se justificará como dispone el artículo 920.

**Artículo 888.-** En defecto de esa posesión de estado son admisibles todos los medios ordinarios de prueba que la ley establece o cualquier medio lícito, incluyendo aquellas que el avance de los conocimientos científicos ofrecen, siempre que haya un principio de prueba escrita, proveniente de ambos padres, conjunta o separadamente o indicios o presunciones resultantes de hechos ciertos que se consideren graves para determinar su admisión.

Si uno solo de los registros faltare o estuviera inutilizado y existe el duplicado, de éste deberá tomarse la prueba, sin admitir la de otra clase.

*Artículo reformado POE 10-12-2010*

**Artículo 889.-** Si hubiere hijos nacidos de dos personas que han vivido públicamente como marido y mujer y ambos hubieren fallecido o por ausencia, no presencia o enfermedad les fuere imposible manifestar el lugar en que se casaron, no puede disputarse a los hijos su filiación por la sola falta de presentación de las actas de nacimiento o de matrimonio, siempre que se pruebe esa filiación conforme a los dos artículos anteriores.

**Artículo 890.-** La filiación de los hijos que no se benefician de las presunciones establecidas del artículo 867, 876 y 882, resulta con relación a la madre del solo hecho del nacimiento y para justificar este hecho son admisibles todos los medios de prueba pudiendo en los juicios de intestado o de alimentos probarse la filiación respecto a la madre dentro del mismo procedimiento.

**Artículo 890 Bis.** La filiación por reconocimiento es la expresión libre mediante la cual las personas manifiestan su voluntad parental de ejercer junto a quien tenga probada la maternidad o la paternidad biológica, la voluntad procreacional.

*Artículo adicionado POE 31-05-2023*

**Artículo 891.** Respecto de la persona que reconozca su voluntad procreacional, además del reconocimiento, la filiación se establece por sentencia que declare la paternidad; pero en el caso del artículo 882, se podrá justificar la paternidad en el mismo juicio de intestado o de alimentos y será suficiente probar los hechos a que se refieren los artículos 882 y 889 tanto en vida del padre como después de su muerte.

*Párrafo reformado POE 10-05-2023*

La persona Juzgadora deberá ordenar para efectos del presente artículo se practiquen las pruebas genéticas respectivas, a fin de que se establezca la paternidad correspondiente.

*Párrafo reformado POE 17-11-2015, 31-05-2023*

Ante la negativa de la prueba de paternidad o maternidad, salvo prueba en contrario, se presumirá que es el padre o la madre respectivamente.

*Párrafo adicionado POE 17-11-2015*
*Artículo reformado POE 10-12-2010*

**Artículo 892.-** Pueden reconocer a sus hijos les que tengan la edad exigida para contraer matrimonio más la edad del hijo que va a ser reconocido, menos ciento veinte días.

**Artículo 893.-** Puede reconocerse al hijo que aún no ha nacido y al que ha muerto si ha dejado descendientes; pero en este último caso el que reconoce no tiene derecho ni a heredar por intestado al reconocido y a sus descendientes ni a recibir alimentos de éstos.

**Artículo 894.-** Los padres pueden reconocer a un hijo conjunta o separadamente.

**Artículo 895.-** El reconocimiento hecho por el padre puede ser contradicho por un tercero que a su vez pretenda tener ese carácter. El reconocimiento hecho por la madre puede ser contradicho por una tercera persona que a su vez pretenda tener ese carácter.

**Artículo 896.-** El reconocimiento no es revocable por el que lo hizo; y si se ha hecho en testamento, aunque éste se revoque, no se tiene por revocado aquél.

**Artículo 897.-** El reconocimiento de un hijo deberá hacerse de alguno de los modos siguientes:

**I.-** En la partida de nacimiento, ante el Oficial, Delegado o Subdelegado del Registro Civil;

**II.-** En el acta especial ante el mismo Oficial, Delegado o Subdelegado;

**III.-** En el acta de matrimonio de los padres; en este caso los padres tienen el deber de hacer el reconocimiento. Este deber subsistir aunque el hijo haya fallecido ya al celebrarse el matrimonio, si dejó descendientes;

**IV.-** En escritura pública;

**V.-** En testamento;

**VI.-** Por confesión judicial.

**Artículo 898.-** Cuando el padre o la madre reconozcan separadamente a un hijo, no podrán revelar en el acto del reconocimiento el nombre de la persona con quien fue habido, ni exponer ninguna circunstancia por donde aquélla pueda ser reconocida. Las palabras que contengan la revelación, se testarán de oficio de manera que queden ilegibles.

**Artículo 899.-** La disposición anterior no es aplicable si el hijo tiene a su favor la presunción de que habla el artículo 882.

**Artículo 900.-** El Oficial, Delegado o Subdelegado del Registro Civil y el notario que violen el artículo 898, sufrirán una multa cuyo importe será de diez días a veinte del salario mínimo.

**Artículo 901.-** Si ambos padres se hubieren casado, en el acta de reconocimiento que haga uno de ellos, podrá asentarse el nombre del otro consorte como su progenitor. En este caso quedará probada la filiación del hijo respecto de ambos, aunque al contraer matrimonio no hubieren cumplido con el deber que impone la fracción III del artículo 897; y sin perjuicio del consorte no presente en el acto, de contradecir la imputación que se le haga, dentro de los sesenta días siguientes al en que tuvo conocimiento de la misma.

**Artículo 902.-** Cualquier cónyuge puede reconocer, sin consentimiento del otro, a un hijo habido con persona distinta a ésta antes o durante el matrimonio.

Artículo reformado POE 04-07-2017

## Artículo 903.- Derogado.

Artículo derogado POE 04-07-2017

**Artículo 904.** Puede una persona reconocer como suya a la persona descendiente de una persona progenitora casada separada de su cónyuge, que no sea su pareja, en términos de la fracción II del artículo 866 Bis, y, quien realiza el reconocimiento, manifieste la voluntad parental procreacional de estar de acuerdo de ejercer la crianza de la persona a reconocer y es aceptada por la persona progenitora.

Artículo reformado POE 31-05-2023

**Artículo 905.-** El hijo de la mujer casada no podrá ser reconocido como hijo por otro hombre distinto del marido, sino cuando lo haya desconocido y por sentencia ejecutoria se haya declarado que no es hijo suyo; y también en el caso del artículo anterior.

**Artículo 906.-** El hijo mayor de edad no puede ser reconocido sin su consentimiento.

**Artículo 907.-** Para el reconocimiento de un hijo menor de edad no se requiere el consentimiento de su tutor; pero el hijo reconocido puede reclamar contra el reconocimiento cuando llegue a la mayor edad.

**Artículo 908.-** El término para deducir esta acción será el de seis meses, que comenzarán a correr desde que el hijo sea mayor, si antes de serlo tuvo noticia del reconocimiento; y si entonces no lo tenía, desde la fecha en que la adquirió.

**Artículo 909.-** Si la madre contradice el reconocimiento que un hombre haya hecho o pretenda hacer de un hijo que ella reconoce por suyo, esa sola contradicción bastará para invalidar aquel reconocimiento, con tal de que el hijo, siendo mayor de edad, consienta en reconocer por madre a la que contradice.

**Artículo 910.** Cuando la contradicción de la madre se haga valer con el objeto de negar al padre los derechos que le da el reconocimiento, y el niño, niña o adolescente fuere una persona menor de edad, se proveerá a éste de una persona tutora especial y de un Representante en Suplencia adscrito a la Procuraduría de Protección de Niñas, Niños, Adolescentes y la Familia del Sistema para el Desarrollo Integral de la Familia Estatal o a la Delegación de las Procuradurías de Protección de Niñas, Niños, Adolescentes y la Familia de los Sistemas para el Desarrollo Integral de la Familia Municipales para que

con su audiencia y la del Ministerio Público se resuelva lo que proceda acerca de los derechos controvertidos, quedando a salvo los de la niña, niño o adolescente para consentir el reconocimiento del padre o de la madre cuando llegue a la mayor edad; así como sus derechos hereditarios si los progenitores muriesen durante la minoría.

Artículo reformado POE 10-12-2010, 31-05-2023

**Artículo 911.-** Cuando el hijo consienta en el reconocimiento de la madre, en oposición al que haya hecho el padre, no conservará ninguno de los derechos que le haya dado el reconocimiento de éste.

**Artículo 912.-** Si la madre ha cuidado de la lactancia del hijo, le ha dado su apellido o permitido que lo lleve y ha proveído a su educación y subsistencia no se le podrá separar de su lado a menos que ella consienta en entregarlo.

**Artículo 913.** La persona descendiente reconocida por alguna de las personas progenitoras o por quien así lo manifestare en términos la fracción II del artículo 866 Bis, tiene derecho:

**I.** A llevar el apellido de quien le reconoce;

**II.** A ser alimentado por ésta;

**III.** A percibir la porción hereditaria que fija la ley en caso de intestado o los alimentos correspondientes si no fuere instituido heredero en el caso de sucesión testamentaria, y

**IV.** A ejercer los derechos que este Código concede a las hijas o hijos póstumos.

Artículo reformado POE 31-05-2023

**Artículo 914.-** Cuando el padre o la madre que no vivan juntos reconozcan al hijo, en el mismo acto, convendrán con base al interés superior de la niñez, cuál de los dos ejercerá la custodia del hijo menor de edad y, en consecuencia, con quién de ellos habitará; para el caso de menores de doce años, estos preferentemente quedan bajo el cuidado de la madre, salvo que exista riesgo o peligro. El otro estará obligado a colaborar a su alimentación y crianza conservando el derecho de convivencia con el menor de edad, conforme a las modalidades previstas en el convenio y resolución judicial, y en caso de que no lo hicieren, el Juez de Primera Instancia del lugar, oyendo a los progenitores, resolverá lo que creyere más conveniente al interés superior de la niñez.

En su caso, deberá preverse el derecho de convivencia de los demás parientes de la niña, niño o adolescente, así como de aquellas personas que, sin encontrarse vinculadas familiarmente, resulten significativas para la niña, niño o adolescente.

Párrafo reformado POE 31-05-2023

Para efecto de lo dispuesto en los párrafos anteriores, será aplicable lo dispuesto por el artículo 816 del presente Código.

Artículo reformado POE 10-12-201, 17-11-2015, 23-03-2022

**Artículo 915.-** En caso de que el reconocimiento se efectúe sucesivamente por los padres que no viven juntos, la persona menor de doce años, quedará preferentemente bajo cuidado de la madre, salvo que exista riesgo o peligro o se conviniere otra cosa entre los padres y siempre que el Juez de Primera Instancia del lugar no creyere necesario modificar el convenio, con audiencia de los interesados. El convenio sólo podrá modificarse en interés superior del hijo.

**Artículo reformado POE 10-12-2010**

**Artículo 916.-** El que reconocerá un hijo no tiene derecho a alimentos, si al hacer el reconocimiento tenía necesidad de ellos. Tampoco tiene derecho a heredar al hijo si el reconocimiento se hizo durante la última enfermedad de éste.

**Artículo 917.-** Está permitido al hijo y a sus descendientes investigar la maternidad, la cual puede probarse por cualquiera de los medios ordinarios; pero la indagación no será permitida cuando tenga por objeto atribuir el hijo a una mujer casada, salvo que ésta en la época probable de la concepción no hubiese vivido con su marido.

**Artículo 918.-** No obstante lo dispuesto en el artículo anterior, el hijo podrá investigar la maternidad si ésta se deduce de una sentencia ejecutoriada civil o penal.

**Artículo 919.-** La investigación de la paternidad está permitida:

**I.-** En los casos de privación de la libertad con fines sexuales, estupro o violación, cuando la época del delito coincida con la de la concepción;

**II.** Cuando la niña, niño o adolescente tiene o tuvo la posesión de estado de hija o hijo del presunto padre;

**Fracción reformada POE 31-05-2023**

**III.** Cuando la niña, niño o adolescente haya sido concebido durante el tiempo en que la madre hacía vida marital con el presunto padre;

**Fracción reformada POE 31-05-2023**

**IV.** Cuando durante la gestación, o el nacimiento de la niña, niño o adolescente, o después del nacimiento, la madre haya habitado con el presunto padre, bajo el mismo techo, viviendo maritalmente; y con ellos la niña, niño o adolescente, en el último supuesto, cualquiera que sea el tiempo que haya durado la vida familiar;

**Fracción reformada POE 31-05-2023**

**V.** Cuando la niña, niño o adolescente tenga a su favor un principio de prueba contra el pretendido padre, y

**Fracción reformada POE 31-05-2023**

**VI.** A solicitud expresa de la madre de la niña, niño o adolescente, del Ministerio Público o del Representante en Suplencia adscrito a la Procuraduría de Protección de Niñas, Niños, Adolescentes y la Familia del Sistema para el Desarrollo Integral de la Familia Estatal o de la Delegación de las Procuradurías de Protección de Niñas, Niños,

Adolescentes y la Familia de los Sistemas para el Desarrollo Integral de la Familia Municipales.

*Fracción reformada POE 31-05-2023*
*Artículo reformado POE 10-12-2010*

**Artículo 920.-** La posesión de estado, para los efectos de los artículos 887 y 919 fracción II, se justificará demostrando, por los medios ordinarios de prueba, que el hijo ha sido tratado por el presunto padre o por la familia de éste, como hijo del primero, o que ha usado el apellido del presunto padre o que éste ha proveído a su subsistencia, o educación o establecimiento.

**Artículo 921.-** Probada la posesión de estado de los descendientes del hijo, en el grado en que se hallen aquéllos, queda demostrada la filiación de éste.

**Artículo 922.-** Las acciones de investigación de paternidad o maternidad pertenecen a la clase de las acciones de reclamación de estado de hijo que reglamenta el artículo 924.

**Artículo 923.-** De la sentencia ejecutoriada que resuelva sobre la filiación se remitirá copia al Juez del Registro del Estado Civil, para que levante el acta correspondiente.

**Artículo 924.-** La acción para reclamar el estado de hijo es imprescriptible; podrá. intentarse tanto durante la vida de los padres, como después de su muerte y compete exclusivamente al hijo y a sus descendientes. Si el hijo fallece durante la tramitación del juicio, sus descendientes podrán continuar la acción intentada por aquél o ejercitarla por su propio derecho. En este juicio no procede la caducidad por inactividad procesal.

**Artículo 925.-** Podrán también los descendientes del hijo contestar toda demanda que tenga por objeto disputarle la condición de hijo.

**Artículo 926.-** La posesión de estado de hijo no puede perderse por quien la tiene ni por sus descendientes, sino por sentencia ejecutoriada, la cual admitirá los recursos que den las leyes, en los juicios de mayor interés.

**Artículo 927.-** Si el que está en posesión de los derechos de ascendiente o de descendiente en línea recta fuere privado de ellos o perturbado en su ejercicio sin que preceda sentencia por la cual deba perderlos, podrá usar de las acciones que establecen las leyes para que se le ampare o restituya en la posesión.

## CAPÍTULO SEGUNDO
### Adopción

**Artículo 928.-** Derogado.

*Artículo derogado POE 12-09-2022*

## SECCIÓN PRIMERA
### Adopción Plena

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 929.-** Derogado.

*Artículo derogado POE 12-09-2022*

**Artículo 930.-** Derogado.

*Artículo derogado POE 12-09-2022*

**Artículo 931.-** Derogado.

*Artículo derogado POE 12-09-2022*

**Artículo 932.-** Derogado.

*Artículo derogado POE 12-09-2022*

**Artículo 933.-** Derogado.

*Artículo derogado POE 12-09-2022*

**Artículo 934.-** Derogado.

*Artículo derogado POE 12-09-2022*

**Artículo 935.-** Derogado.

*Artículo derogado POE 12-09-2022*

**Artículo 936.-** Derogado.

*Artículo derogado POE 12-09-2022*

**Artículo 937.-** Derogado.

*Artículo derogado POE 12-09-2022*

**Artículo 938.-** Derogado.

*Artículo reformado POE 27-11-2007. Derogado POE 12-09-2022*

## SECCIÓN SEGUNDA
### De la Adopción Simple

**Artículo 939.-** Derogado.

*Artículo derogado POE 12-09-2022*

**Artículo 940.-** Derogado.

*Artículo derogado POE 12-09-2022*

**Artículo 941.-** Derogado.

*Artículo derogado POE 12-09-2022*

**Artículo 942.-** Derogado.

*Artículo derogado POE 12-09-2022*

**Artículo 943.-** Derogado.

*Artículo derogado POE 12-09-2022*

**Artículo 944.-** Derogado.

*Artículo derogado POE 12-09-2022*

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 945.-** Derogado.

Artículo derogado POE 12-09-2022

**Artículo 946.-** Derogado.

Artículo derogado POE 12-09-2022

**Artículo 947.-** Derogado.

Artículo derogado POE 12-09-2022

**Artículo 948.-** Derogado.

Artículo derogado POE 12-09-2022

**Artículo 949.-** Derogado.

Artículo derogado POE 12-09-2022

**Artículo 950.-** Derogado.

Artículo derogado POE 12-09-2022

**Artículo 951.-** Derogado.

Artículo derogado POE 12-09-2022

**Artículo 952.-** Derogado.

Artículo derogado POE 12-09-2022

**Artículo 953.-** Derogado.

Artículo derogado POE 12-09-2022

**Artículo 954.-** Derogado.

Artículo derogado POE 12-09-2022

**Artículo 955.-** Derogado.

Artículo derogado POE 12-09-2022

**Artículo 956.-** Derogado.

Artículo derogado POE 12-09-2022

**Artículo 957.-** Derogado.

Artículo derogado POE 12-09-2022

**Artículo 958.-** Derogado.

Artículo derogado POE 12-09-2022

**Artículo 959.-** Derogado.

Artículo derogado POE 12-09-2022

**Artículo 960.-** Derogado.

Artículo derogado POE 12-09-2022

## CAPÍTULO TERCERO
### Del Registro Civil en relación con la Filiación

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 961.-** El registro del nacimiento se hará presentando al niño ante el Oficial, Delegado o Subdelegado del Registro Civil que corresponda, en su oficina, en la casa familiar o establecimiento en que aquél hubiere nacido.

**Artículo 962.-** Tienen obligación de declarar el nacimiento, el padre, dentro de los quince días de ocurrido aquel y en su defecto la madre dentro de los treinta días;

**Artículo 963.-** Los médicos o parteras que hubieren asistido a la madre en el parto, tienen obligación de dar aviso del nacimiento al Oficial, Delegado o Subdelegado del Registro Civil dentro de los tres ellas siguientes.

**Artículo 964.-** La misma obligación tienen los directores de los hospitales, centros de readaptación social, sanatorios y maternidades y demás establecimientos similares, así como los jefes de familia, cuando el alumbramiento acontezca en la casa de éste o en las instituciones dirigidas por aquéllos.

**Artículo 965.-** Recibido el aviso el Oficial del Registro Civil tomará las medidas que sean necesarias a fin de que se levante el acta de nacimiento conforme a las disposiciones legales.

**Artículo 966.-** Cuando se declare que los padres están casados, se asentarán los nombres y dirección del padre y de la madre, los de los abuelos paternos y maternos y las generaciones de la persona que haya hecho la presentación.

Además de los nombres de los padres se hará constar en el acta de nacimiento su nacionalidad.

**Artículo 967.-** Tanto la madre como el padre, que no estuvieren casados entre sí, tienen el deber de reconocer a su hijo; pero si no cumplen con este deber voluntariamente no se asentará en el acta de nacimiento el nombre y apellido de los mismos y simplemente se anotará el ella, hora y lugar del nacimiento, así como el nombre y apellidos que se pongan a la persona cuyo nacimiento se ha registrado.

**Artículo 967 Bis.** Se presumen hijos del concubinario y de la concubina:

**I.-** Los nacidos dentro del concubinato; y

**II.-** Los nacidos dentro de los trescientos días siguientes en que cesó la vida común entre el concubinario y la concubina.

<div align="right">*Artículo adicionado POE 27-11-2007*</div>

**Artículo 968.-** Si el padre o la madre o ambos piden por sí o por apoderado que en el acta de nacimiento se asienten su nombre y apellidos se harán constar éstos y se mencionará, en su caso, la petición que en este sentido hagan el padre, la madre, o ambos o el apoderado.

**Artículo 969.-** Cuando el hijo sea presentado sólo por el padre o sólo por la madre, se asentarán únicamente el nombre y apellidos del que lo presente.

**Artículo 970.-** En el acta de nacimiento no se hará ninguna mención que califique la filiación en forma alguna. Las palabras "hijo legítimo", "hijo natural", "hijo de matrimonio", "hijo fuera de matrimonio", "hijo ilegitimo", "hijo de padres desconocidos", "hijo de padre desconocido", "hijo de madre desconocida" u otras semejantes, que se inserten con infracción de este artículo se testarán de oficio, de manera que queden ilegibles. El Oficial, Delegado o Subdelegado del Registro Civil que inserte en el acta alguna de estas menciones será sancionado, la primera vez con multa equivalente al importe de cinco a veinte días de salario mínimo y la segunda con destitución del cargo.

La investigación de la paternidad y de la maternidad está permitida en los términos establecidos en este Código.

**Artículo 971.-** Si el padre o la madre no pudieren concurrir ni tuvieren apoderado; pero solicitaren ambos o alguno de ellos la presencia del Oficial, Delegado o Subdelegado del Registro Civil, éste pasara al lugar en que se halle el interesado, y allí recibirá de él la petición de que se exprese su nombre, todo lo cual se asentará en el acta.

**Artículo 972.-** Si los padres del hijo tuvieren impedimento para contraer matrimonio entre sí, por estar uno de ellos o ambos casados con otra persona, no se hará ninguna mención de esta circunstancia y podrá asentarse el nombre de ambos padres si lo pidieren, observándose en su caso lo dispuesto por el artículo siguiente.

**Artículo 973.-** Cuando el hijo nazca de una mujer casada se observarán las siguientes disposiciones:

**I.-** Si la madre vive con su marido, en ningún caso ni a petición de persona alguna podrá el Oficial, Delegado o Subdelegado del. Registro asentar como padre a otro que no sea el marido;

**II.-** Si la madre no vive con su marido, puede el Oficial, Delegado o Subdelegado del Registro Civil asentar como padre a otro distinto del marido, a petición de aquél si la madre consiente en ello; pero no se hará constar que ésta está casada con distinta persona.

**Artículo 974.** Si las personas progenitoras del descendiente no pudiesen contraer matrimonio por existir entre ellos el impedimento no dispensable de parentesco por consanguinidad o por afinidad, no se hará mención alguna de esta circunstancia; pero sí se hará constar el nombre de las personas progenitoras si éstos hicieren el reconocimiento.

*Artículo reformado POE 31-05-2023*

**Artículo 975.-** La persona que encuentre un recién nacido deberá presentado al Oficial, Delegado o Subdelegado del Registro Civil con los vestidos, papeles o cualesquiera otros objetos encontrados con él y declarará la hora, la fecha y el lugar en que lo hubiere hallado, así como las demás circunstancias que en el caso concurran.

**Artículo 976.** La misma obligación tienen las personas jefas, directoras o administradoras de hospitales, maternidades o de cualquiera institución respecto de las niñas o los niños dejados en ellos.

Artículo reformado POE 31-05-2023

**Artículo 977.** En el caso de los dos artículos anteriores, se levantará el acta de nacimiento sin hacer constar las circunstancias a que se refieren y la persona Oficial, Delegada o Subdelegada del Registro Civil pondrá a la niña o niño nombre y apellidos.

Artículo reformado POE 31-05-2023

**Artículo 978.** Si con la niña o el niño se hubieren encontrado papeles, alhajas u otros objetos, se depositarán en el Archivo Central del Registro Civil, mencionándolos en el acta y dando formal recibo a quien los entregue y se dará vista al Ministerio Público para que proceda conforme a sus facultades en materia de tutela.

Artículo reformado POE 31-05-2023

**Artículo 979.-** El nacimiento que se verificare durante un viaje, podrá registrarse en el lugar en que ocurra o en el domicilio de los padres, según las reglas antes establecidas; en el primer caso, se remitirá copia del acta al Oficial, Delegado o Subdelegado del Registro Civil del domicilio de los padres, si éstos lo pidieren, y en el segundo se tendrá para hacer el registro el término que señala el artículo 962 con un día más por cada veinte kilómetros de distancia o fracción menor de ese número.

**Artículo 980.-** Si al dar el aviso de nacimiento se comunicará también la muerte del recién nacido, se extenderán dos actas: una de nacimiento y otra de fallecimiento.

Artículo reformado POE 31-01-1982

**Artículo 981.-** Si el recién nacido hubiere tenido o tuviere uno o más hermanos del mismo nombre, sus padres, al registrado harán saber tal circunstancia al Oficial del Registro Civil y éste la hará constar con la partida de nacimiento, haciendo además referencia en ella a la de nacimiento o defunción del hermano o hermanos homónimos.

**Artículo 982.-** En el caso de gemelos, tiatres más se extenderá, por separado, el acta de registro de nacimiento de cada uno de ellos indicando el orden en que nació.

**Artículo 983.-** La adopción, una vez que el acto que la constituya haya causado ejecutoria, se levantará un acta como si fuera de nacimiento, en los mismos términos que la que se expide para los hijos consanguíneos. Asimismo se harán las anotaciones en el acta de nacimiento originaria, la cual quedará reservada. No se publicará ni se expedirá constancia alguna que revele el origen del adoptado ni su condición de tal, salvo providencia dictada en juicio.

Artículo reformado POE 30-05-2016

### Capitulo Sexto
### De la violencia familiar

Capítulo adicionado POE 15-07-2004

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 983 Bis.-** Toda persona tiene derecho a un medio ambiente adecuado para su desarrollo y bienestar. Consecuentemente las personas integrantes de la familia tienen derecho a que las demás personas miembros les respeten su integridad física, psicoemocional, sexual, y económica, libre de conductas de violencia familiar y/o violencia vicaria, con objeto de contribuir a su sano desarrollo para su plena incorporación y participación en el núcleo social. Al efecto, contará con la asistencia y protección de las Instituciones Públicas de acuerdo con la Ley de Asistencia y Prevención de Violencia Familiar del Estado de Quintana Roo, la Ley de Acceso de las Mujeres a una Vida Libre de Violencia del Estado de Quintana Roo y la Ley de los Derechos de Niñas, Niños y Adolescentes del Estado de Quintana Roo, sin menoscabo de lo establecido por otras disposiciones normativas aplicables, así como por lo dispuesto en los tratados internacionales suscritos por nuestro país en la materia.

*Párrafo reformado POE 07-09-2022*

Asimismo, en los casos de Violencia Familiar, quedan prohibidos todo tipo de procedimientos de Conciliación y Mediación, para su resolución.

*Artículo adicionado POE 15-07-2004. Reformado POE 10-12-2010*

**Artículo 983 Ter.-** Las personas integrantes de la familia están obligadas a evitar conductas que generen violencia familiar y/o violencia vicaria.

*Párrafo reformado POE 07-09-2022*

Se entiende por violencia familiar el acto u omisión dirigido a dominar, someter o controlar, produciendo violencia física, psicológica, sexual, moral, patrimonial o económica, que ejerza un miembro de la familia en contra de otro integrante de la misma, independientemente de que pueda producir o no lesiones; siempre y cuando exista o haya existido entre el agresor y el agredido una relación de parentesco, matrimonio o concubinato o mantenga una relación de hecho, realizado dentro o fuera del domicilio ocupado por la familia y que tienda a causar daño.

Se considera también violencia familiar, cualquiera de los actos u omisiones señalados en el párrafo anterior cuando una persona cometa en contra de otra que esté sujeta a su custodia, protección, educación, instrucción o cuidado o tenga el cargo de tutor sobre la persona, o de aquellas personas que no reúnan los requisitos para constituir concubinato, siempre que hagan vida en común.

En todas las controversias derivadas de violencia familiar y/o violencia vicaria, la persona juzgadora dictará las medidas a que se refieren las fracciones VII y VIII del artículo 814 de este ordenamiento.

*Párrafo reformado POE 07-09-2022*
*Artículo adicionado POE 15-07-2004. Reformado POE 10-12-2010*

**Artículo 983 Quáter.-** Por lo que hace a los diversos tipos en que se puede presentar la violencia familiar y/o violencia vicaria, se estará a lo dispuesto en la Ley de Acceso de las Mujeres a una Vida Libre de Violencia del Estado de Quintana Roo, la Ley de Asistencia y Prevención de la Violencia Familiar del Estado de Quintana Roo y la Ley de los Derechos de Niñas, Niños y Adolescentes del Estado de Quintana Roo, sin perjuicio de las demás disposiciones normativas aplicables en la materia, así como  de lo dispuesto en los instrumentos internacionales suscritos por nuestro país en la materia.

*Artículo adicionado POE 10-12-2010. Reformado POE 07-09-2022*

**Artículo 983 Quintus.-** Las personas integrantes de la familia que incurran en violencia familiar y/o violencia vicaria deberán reparar los daños y perjuicios que ocasionen, independientemente de las sanciones establecidas en otros ordenamientos diversos.

*Artículo adicionado POE 10-12-2010. Reformado POE 07-09-2022*

## CAPÍTULO SÉPTIMO
## DEL REGISTRO DE DEUDORES ALIMENTARIOS MOROSOS

*Capítulo adicionado POE 09-08-2019*

**Artículo 983 Sexies.** En el Registro de Deudores Alimentarios Morosos del Estado de Quintana Roo, se harán las inscripciones a que se refiere la fracción V del artículo 618 del presente código. Dicho registro contendrá:

**I.** Nombre, apellidos y Clave Única del Registro de Población del deudor alimentario moroso;

**II.** Nombre del acreedor o acreedores alimentarios;

**III.** Datos del acta que acrediten el vínculo entre deudor y acreedor alimentario, en su caso;

**IV.** Número del expediente del que derive la obligación alimenticia incumplida;

**V.** Número de pagos incumplidos y monto del adeudo alimentario, y

**VI.** Órgano jurisdiccional que ordena el registro.

*Artículo adicionado POE 09-08-2019*

**Artículo 983 Septies.** El certificado a que se refiere la fracción V del artículo 618 de este código, contendrá lo siguiente:

**I.** Nombre, apellidos y Clave Única de Registro de Población del deudor alimentario moroso;

**II.** Número de acreedores alimentarios;

**III.** Monto de la obligación adeudada;

**IV.** Órgano jurisdiccional que ordeno el registro, y

**V.** Datos del expediente o causa jurisdiccional de la que deriva su inscripción.

El Certificado a que se refiere el presente artículo, será expedido dentro de los tres días hábiles siguientes contados a partir de su solicitud.

*Artículo adicionado POE 09-08-2019*

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

## TÍTULO TERCERO
### De la Niñez y la Adolescencia

<div align="right">Denominación reformada POE 31-05-2023</div>

**Artículo 984.** El Estado tiene interés en la niñez y la Adolescencia.

<div align="right">Artículo reformado POE 31-05-2023</div>

**Artículo 985.-** El interés a que se refiere el artículo anterior es público y comprende la gestación, el nacimiento, la primera y segunda infancia y la pubertad.

**Artículo 986.** El interés del Estado en la niñez y adolescencia abarca sus aspectos físicos, psicoemocionales, educativos y culturales.

<div align="right">Artículo reformado POE 10-12-2010, 31-05-2023</div>

**Artículo 987.** La patria potestad, la tutela, la adopción y la educación pública son instituciones a través de las cuales el Estado realiza el interés que tiene en la niñez y adolescencia.

<div align="right">Artículo reformado POE 31-05-2023</div>

**Artículo 988.** Las situaciones jurídicas concretas de titulares de la patria potestad o tutela o de profesores imponen a éstos los deberes señalados en las leyes respectivas y les conceden los derechos derivados de esa situación, los cuales deben ejercitarse exclusivamente para beneficio de las niñas, niños y adolescentes.

<div align="right">Artículo reformado POE 31-05-2023</div>

**Artículo 989.-** El desempeño de la patria potestad, de la tutela y de la adopción queda sujeto a las modalidades que le impongan las resoluciones judiciales o administrativas de acuerdo con las leyes aplicables.

**Artículo 990.** Las providencias protectoras de las niñas, niños y adolescentes que este Código establece y las que juzguen pertinentes los tribunales, incluyendo el régimen de convivencia, se dictarán por ellos de oficio, o a petición del Ministerio Público, de los parientes de las niñas, niños y adolescentes, de estas mismas si pueden expresarse, de su tutor, del Representante en Suplencia adscrito a la Procuraduría de Protección de Niñas, Niños, Adolescentes y la Familia del Sistema para el Desarrollo Integral de la Familia Estatal o a la Delegación de las Procuradurías de Protección de Niñas, Niños, Adolescentes y la Familia de los Sistemas para el Desarrollo Integral de la Familia Municipales o de cualquiera otra persona siempre que dichas medidas beneficien a las niñas, niños o adolescentes.

<div align="right">Artículo reformado POE 10-12-2010, 23-03-2022, 31-05-2023</div>

**Artículo 990 Bis.** Para los efectos del presente Código se considerará como interés superior de la niñez, la prioridad que ha de otorgarse a los derechos de las niñas, niños y adolescentes respecto de los derechos de cualquier otra persona, con el fin de garantizar, entre otros, los siguientes aspectos:

<div align="right">Párrafo reformado POE  17-11-2015, 31-05-2023</div>

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**I.-** El acceso a la salud física y mental, alimentación y educación que fomente su desarrollo personal, sin estereotipos ni condicionamientos de género;

**II.** Un ambiente de respeto, aceptación y afecto, libre de cualquier tipo de violencia familiar y/o violencia vicaria;

*Fracción reformada POE 07-09-2022*

**III.-** El desarrollo de la estructura de la personalidad, con una adecuada autoestima, libre de sobreprotección y excesos punitivos;

**IV.-** El fomento de la responsabilidad personal y social, así como la toma de decisiones de las niñas, los niños y los adolescentes, de acuerdo a su edad y madurez psicoemocional, y

*Fracción reformada POE 23-03-2022*

**V.-** Los demás derechos que, a favor de las niñas, los niños y los adolescentes, reconozcan otras leyes y tratados aplicables, debidamente suscritos y ratificados por México.

*Fracción reformada POE 23-03-2022*
*Artículo adicionado POE 10-12-2010*

## TÍTULO CUARTO
### De la Patria Potestad

## CAPÍTULO PRIMERO
### Reglas Generales

**Artículo 991.-** La patria potestad es el conjunto de derechos y obligaciones reconocidos y otorgados por la Ley a los padres y abuelos en relación a sus hijos o nietos, para cuidarlos, protegerlos y educarlos, procurando en todo momento un ambiente de respeto; así como a sus bienes.

Los hijos menores de edad estarán bajo patria potestad de sus padres o de sus abuelos paternos o maternos sin preferencia, en los casos que señala este Código.

Los hijos y sus ascendientes se deben respeto y consideración recíprocos.

*Artículo reformado POE 10-12-2010*

**Artículo 992.-** Los hijos menores de edad no emancipados están sujetos a la patria potestad mientras existan ascendientes que la ejerzan.

**Artículo 993.-** La patria potestad es irrenunciable y no puede privarse de ella a quienes la ejercen, salvo por resolución judicial y atendiendo a las causas establecidas en el artículo 1018 bis.

*Artículo reformado POE 27-11-2007*

**Artículo 994.-** Ejercerán la patria potestad el padre y la madre conjuntamente, y sólo uno de ellos si el otro ha muerto o está impedido legalmente; pero si los dos han muerto o están impedidos, la ejercerán:

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**I.-** El abuelo y la abuela paternos; y

**II.-** El abuelo y la abuela maternos.

**Artículo 994 Bis.-** Los padres o falta de éstos, aquellos que ejerzan la patria potestad o la guarda y custodia provisional o definitiva de una persona menor de edad, independientemente de que vivan o no en el mismo domicilio, deben dar cumplimiento a las siguientes obligaciones de crianza:

**I.-** Proporcionarles alimentos en los términos del Título Segundo, Capítulo II del Libro Tercero de este ordenamiento;

**II.-** Ofrecerles un ambiente familiar y social, en los términos del artículo 983 BIS de este ordenamiento, procurando su seguridad física, psicológica y sexual; induciendo su auto cuidado personal y asertividad;

**III.-** Fomentar hábitos adecuados de alimentación, de higiene personal y desarrollo físico;

**IV.-** Proporcionarles educación, formal e informal impulsando sus habilidades escolares y desarrollo intelectual;

**V.-** Realizar demostraciones afectivas, con respeto y aceptación de éstas por parte de la persona menor de edad; informando de acuerdo a su edad y desarrollo de los diversos tipos de violencia física y sexual;

**VI.-** Impulsar la toma de decisiones y el respeto a su opinión;

*Fracción reformada POE 23-03-2022*

**VII.-** Determinar los límites y normas de conducta preservando el interés superior de la niñez, y

*Fracción reformada POE 23-03-2022*

**VIII.** Las demás obligaciones que, a favor de las niñas, los niños y los adolescentes, reconozcan otras leyes, tanto locales como federales, así como tratados internacionales aplicables, debidamente suscritos y ratificados por México.

*Fracción adicionada POE 23-03-2022*
*Párrafo reformado POE 17-11-2015*

Se considerará incumplimiento de las obligaciones de crianza, el que sin justificación y de manera permanente y sistemática no se realicen las actividades señaladas; lo que el Juez valorará en los casos de suspensión de la patria potestad, de la determinación de la guarda y custodia provisional y definitiva, y del régimen de convivencias y visitas.

No se considera incumplimiento de éstas obligaciones el que cualquiera de los progenitores tenga jornadas laborales extensas.

*Artículo adicionado POE 10-12-2010*

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 995.** El orden de preferencia lo establecerán en cada caso las personas ascendientes por acuerdo unánime de los que sobrevivan o no estén impedidos, y solo que dicho acuerdo no se logre, la persona Juzgadora, oyendo a aquéllos y a las personas cuyo parecer estime conveniente conocer, así como a la propia niña, niño o adolescente si sabe expresarse, resolverá lo que más convenga a éste y esa resolución puede ser modificada en todo tiempo, siempre que la modificación sea benéfica para la niña, niño o adolescente.

*Artículo reformado POE 31-05-2023*

**Artículo 996.** No ejercerán la custodia quienes hayan sido declarados padre o madre, respectivamente en juicio de investigación de la paternidad o maternidad, salvo que la persona Juzgadora estime que esa custodia es conveniente a la niña, niño o adolescente.

*Artículo reformado POE 31-05-2023*

**Artículo 997.** En caso de que quienes ejerzan la patria potestad vivan separados a falta de acuerdo respecto de su guardia y custodia de las niñas, niños y adolescentes; la persona Juzgadora deberá de valorar las especiales circunstancias que concurran en cada uno de aquéllos y determinar cuál es el ambiente más propicio para el desarrollo integral de la personalidad de la niña, niño y adolescente.

La persona que no ejerza la custodia estará obligada a colaborar con su alimentación y crianza conservando el derecho de convivencia con las niñas, los niños y adolescente, conforme a las modalidades previstas en el convenio o resolución judicial

En su caso, deberá preverse el derecho de convivencia de los demás parientes de la niña, niño o adolescente, así como de aquellas personas que, sin encontrarse vinculadas familiarmente, resulten significativas para las niñas, niños o adolescentes.

*Artículo reformado POE 10-12-2010, 23-03-2022, 31-05-2023*

**Artículo 997 Bis.** Las niñas, niños y adolescentes que estén bajo la patria potestad de sus progenitores tienen el derecho de convivir con ambos, aun cuando no vivan bajo el mismo techo. No podrán impedirse, sin justa causa, las relaciones personales entre la niña, niño o adolescente y sus parientes, así como de aquellas personas que, sin encontrarse vinculadas familiarmente, resulten significativas para las niñas, niños o adolescentes. En caso de oposición, a petición de cualquiera de ellas o ellos, la persona Juzgadora resolverá lo conducente, privilegiando el interés superior de la niñez, previa audiencia con la niña, niño o adolescente, debidamente asistida por la persona Oficial de Niñas, Niños y Adolescentes adscrito a la Procuraduría de Protección de Niñas, Niños, Adolescentes y la Familia del Sistema para el Desarrollo Integral de la Familia Estatal o a la Delegación de las Procuradurías de Protección de Niñas, Niños, Adolescentes y la Familia de los Sistemas para el Desarrollo Integral de la Familia Municipales. Solo por mandato judicial, este derecho podrá ser limitado o suspendido, considerando el incumplimiento reiterado de las obligaciones de crianza o peligro para la salud e integridad física, psicológica o sexual de las niñas, niños o adolescentes.

*Artículo adicionado POE 18-09-2009. Reformado POE 10-12-2010, 23-03-2022, 31-05-2023*

**CAPÍTULO SEGUNDO**

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

### De los Efectos de la Patria Potestad

**Artículo 998.-** Quienes ejerzan la patria potestad deben alimentar a quienes estén sujetos a ella, custodiarlos, protegerlos, educarlos y proveerles un ambiente adecuado libre de violencia familiar y/o violencia vicaria.

Artículo reformado POE 07-09-2022

**Artículo 999.-** La educación a que se refiere el artículo anterior, comprende la facultad de la persona titular de la patria potestad, custodia o tutela para establecer límites a la persona menor de edad, así como de procurarlos en un ambiente de respeto en su integridad física, psicoemocional y sexual libre de conductas de violencia familiar y/o violencia vicaria y el deber de enseñarles, por sí o por medio de otras personas o de una institución, un arte, oficio o profesión de acuerdo con sus circunstancias personales.

Párrafo reformado POE 07-09-2022

El deber de establecer límites no implica infligir a la persona menor de edad, actos de violencia o contra su integridad en los términos de lo dispuesto en este Código, por lo tanto los llamados de atención y exhortos que hagan los padres o tutores para el comportamiento y adecuada convivencia de todos los integrantes del núcleo familiar, serán respetadas las opiniones de éstos, buscando democratizar el núcleo familiar.

Artículo reformado POE 10-12-2010

**Artículo 999 Bis.** Se entenderá por persona Oficial de niñas, niños y adolescentes, al profesional en psicología, exclusivamente adscrito a la Procuraduría de Protección de Niñas, Niños, Adolescentes y la Familia del Sistema para el Desarrollo Integral de la Familia Estatal o a las Delegaciones de las Procuradurías de Protección de Niñas, Niños, Adolescentes y la Familia de los Sistema para el Desarrollo Integral de la Familia Municipales, que asista a la niña, niño o adolescente, para los efectos de facilitar su comunicación libre y espontánea, darle protección psicoemocional en las sesiones donde éste sea oído por la persona Juzgadora en privado, sin la presencia de las personas progenitoras.

Dicha persona Oficial podrá solicitar hasta dos entrevistas previas a la escucha de la niña, niño o adolescente, siendo obligatorio para la persona progenitora que tenga la guarda y custodia de la niña, niño o adolescente y dar cumplimiento a los requerimientos de dicha persona Oficial.

En caso de desacuerdo sobre las convivencias o cambio de guarda y custodia, en la controversia o en el incidente respectivo deberá oírse a la niña, niño o adolescente, mismo que será asistido por una persona Oficial de niñas, niños y adolescentes que para tal efecto se designe. La niña, niño o adolescente podrá recibir esta asistencia en otras controversias del orden familiar, cuando así lo solicite alguna de las partes o el Ministerio Público.

La persona Juzgadora de Primera Instancia con toda oportunidad solicitará la presencia de dicha persona Oficial el cual con la simple designación y sin necesidad de ratificar su cargo, acudirá a la audiencia que se acuerde, tomando en consideración la programación de audiencias que tenga la persona Oficial de niñas, niños y adolescentes.

Artículo adicionado POE 10-12-2010, 31-05-2023

**Artículo 1000.** Las niñas, niños y adolescentes sujetos a la patria potestad tienen el deber de vivir en el hogar de quienes la ejerzan o en la casa o institución educativa que éstos señalen.

<div align="right">

*Artículo reformado POE 31-05-2023*

</div>

**Artículo 1001.-** Las autoridades auxiliarán al titular de la patria potestad cuando sea necesario para el ejercicio de ésta.

**Artículo 1002.** Las personas que ejercen la patria potestad son las legítimas representantes de las niñas, niños y adolescentes sujetos a ella, y tienen la legal administración de los bienes a que se refiere la fracción II del artículo 1005.

<div align="right">

*Artículo reformado POE 31-05-2023*

</div>

**Artículo 1003.** Cuando la patria potestad se ejerza conjuntamente por quien por filiación ejerza dicha titularidad, o por las personas ascendientes o por los adoptantes, el administrador de los bienes será nombrado por mutuo acuerdo; pero el designado consultará en todos los negocios a su consorte y requerirá su consentimiento expreso para los actos más importantes de la administración.

<div align="right">

*Artículo reformado POE 31-05-2023*

</div>

**Artículo 1004.-** Uno solo de los titulares de la patria potestad podrá representar a los hijos en juicio; pero no podrá celebrar ningún arreglo para terminarlo si no es con el consentimiento expreso de su consorte y con autorización judicial cuando la ley la requiera.

**Artículo 1005.-** Los bienes del hijo, mientras subsista la patria potestad, se dividen en dos clases:

**I.-** Bienes que adquiere por su trabajo; y

**II.-** Bienes que adquiere por cualquier otro título.

**Artículo 1006.-** Los bienes de la primera clase pertenecen en propiedad y administración al hijo.

**Artículo 1007.-** En los bienes de la segunda clase, la propiedad pertenece al hijo y la administración corresponde a las personas que ejerzan la patria potestad.

**Artículo 1008.-** Cuando por disposición de la ley, o por la voluntad de los titulares de la patria potestad, el hijo tenga la administración de los bienes, se le considerará respecto de la administración como emancipado, con la restricción que establece la ley para enajenar y gravar bienes raíces.

**Artículo 1009.-** Los que ejercen la patria potestad no pueden enajenar ni gravar de ningún modo los bienes inmuebles y los muebles preciosos que correspondan al hijo,

sino por causa de absoluta necesidad o de evidente beneficio y previa la autorización judicial,

**Artículo 1010.-** Tampoco podrán los titulares de la patria potestad celebrar contratos de arrendamiento por más de cinco años, ni recibir la renta anticipada por más de dos años, vender valores comerciales, industriales, financieros, títulos de rentas, acciones, frutos y ganados por menor valor del que se cotice en la plaza el día de la venta, ni hacer donación de los bienes de los hijos o remisión de los derechos de éstos ni dar fianza en representación de los mismos.

**Artículo 1011.** Siempre que la persona Juzgadora conceda licencia a quienes ejercen la patria potestad, para enajenar un bien inmueble o un mueble precioso perteneciente la niña, niño o adolescente, tomará las medidas necesarias; para hacer que el producto de la venta se dedique al objeto a que se destinó y para que el resto se invierta en la adquisición de un inmueble, o de bonos financieros emitidos por instituciones bancarias o se imponga con segura hipoteca en favor de la niña, niño o adolescente.

**Artículo reformado POE 31-05-2023**

**Artículo 1012.-** Entre tanto, el precio de la venta se depositará en una institución de crédito, al mayor interés posible y a la vista, y la persona que ejerce la patria potestad no podrá disponer de él sin orden judicial.

**Artículo 1013.-** En todos los casos en que las personas que ejercen la patria potestad tengan un interés opuesto al de los hijos, serán éstos representados en juicio y fuera de él por un tutor especial.

**Artículo 1014.** También nombrará la persona Juzgadora a una persona tutora especial a cada niña, niño o adolescente en el caso de que la oposición de intereses sea entre dos o más niñas, niños o adolescentes sujetos a una misma patria potestad.

**Artículo reformado POE 31-05-2023**

**Artículo 1015.-** Los jueces dictarán las medidas necesarias para impedir que por la mala administración de quienes ejercen la patria potestad, los bienes del hijo se derrochen o se disminuyan.

**Artículo 1016.-** Estas medidas se tomarán a instancias de las personas mencionadas en el artículo 990 o de oficio y el Juez atenderá al menor sin necesidad de que la petición sea escrita.

**Artículo 1017.-** Las personas que desempeñen la patria potestad deben entregar a sus hijos, luego que éstos se emancipen o lleguen a la mayor edad, todos los bienes y frutos que les pertenecen.

**CAPÍTULO TERCERO**
**De los Modos de Acabarse y Suspenderse la**
**Patria Potestad y Perderse la Custodia**

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1018.-** La patria potestad se acaba:

**I.-** Con la muerte del que la ejerce, si no hay otra persona en quien recaiga;

**II.** Con la emancipación de la o el adolescente;

Fracción reformada POE 31-05-2023

**III.-** Por la mayor edad de éste.

**IV.-** Por resolución judicial que determine su pérdida.

Fracción adicionada POE 27-11-2007

**Artículo 1018 Bis.-** La patria potestad se pierde únicamente mediante resolución judicial, si decretada su suspensión por la causal prevista en la fracción III del artículo 1019 de éste Código, se cometiere alguno de los supuestos siguientes:

**I.-** En el caso de violencia familiar reiterada en contra de la persona menor de edad así como del cónyuge, por parte de quienes ejercen la patria potestad o con su conocimiento y tolerancia, debiéndose señalar para tal efecto las circunstancias de tiempo, modo y lugar;

**II.-** Cuando el que la ejerza hubiera cometido en contra de la integridad física, sexual emocional o psicológica de los hijos, un delito doloso, por el cual haya sido condenado por sentencia ejecutoriada;

**III.-** Cuando el que la ejerza abandone a su hijo y/o hija menor de edad dejándolo a su suerte con un tercero o terceros, o en un lugar público o privado, con la finalidad de deshacerse de sus obligaciones de patria potestad y de crianza; y.

**IV.-** Cuando habiendo dejado a su hijo o hija menor de edad a cargo de una persona o institución, el que ejerza la patria potestad deje de atender sin causa justificada y por más de tres meses, las necesidades de crianza y afecto de su hijo y/o hija.

Artículo adicionado POE 27-11-2007. Reformado POE 10-12-2010, 17-11-2015

Las visitas ocasionales o intermitentes, no interrumpen el término de tres meses si no tienen el firme propósito de que la niña, niño o adolescente sea reintegrado a la familia, o de proveer su bienestar emocional y económico.

Párrafo adicionado POE 12-09-2022

**V.** Cuando sus hijos o hijas menores de edad han sido o están siendo utilizados como medio para cometer violencia vicaria.

Fracción adicionada POE 07-09-2022

**Artículo 1019.-** La patria potestad se suspende:

**I.-** Por incapacidad declarada judicialmente;

**II.-** Por la ausencia declarada en forma; y

**III.-** Por sentencia condenatoria que imponga como pena la suspensión.

**IV.-**   Por no permitir que se lleven a cabo las convivencias decretadas por autoridad competente o en convenio aprobado judicialmente.

Artículo reformado POE 10-12-2010

**Artículo 1019 Bis.-** La suspensión de la  patria  potestad suspende automáticamente la guarda y custodia de la persona menor de edad.

La pérdida de la patria potestad da lugar a la pérdida de la guarda y custodia de la persona menor de edad.

Artículo adicionado POE 27-11-2007

**Artículo 1019 Ter.-** El padre y la madre, aunque pierdan la patria potestad quedan sujetos a todas las obligaciones de crianza que tienen para con sus hijos.

Artículo adicionado POE 27-11-2007. Reformado POE 10-12-2010

**Artículo 1019 Quáter.-** La persona juzgadora puede, en beneficio de las niñas, niños o adolescentes, modificar el ejercicio de la patria potestad o custodia cuando la tenga decretada judicialmente, ya sea provisional o definitiva sobre ellos, cuando se acredite que las niñas, niños o adolescentes, han sido o están siendo utilizados como medio para cometer violencia vicaria, contra alguno de sus progenitores.

Artículo adicionado POE 07-09-2022

**Artículo 1020.-** La patria potestad se recobrará cuando cese el motivo que originó la suspensión y es necesario para ello la declaratoria expresa de la autoridad judicial competente.

**Artículo 1021.-** La custodia no es renunciable; pero aquéllos a quienes corresponde tenerla, pueden excusarse cuando por su mal estado habitual de salud no puedan atenderla debidamente.

**Artículo 1021 Bis.-** La custodia se suspende:

**I.-** Por incapacidad declarada judicialmente;

**II.-** Por resolución judicial que decrete como medida precautoria la suspensión; y

**III.-** Por sentencia definitiva ejecutoriada que decrete la suspensión.

La custodia se recobrará cuando cese el motivo que originó la suspensión y sea declarada por la autoridad judicial competente.

Artículo adicionado POE 27-11-2007

**Artículo 1022.** Puede privarse de la custodia a la persona titular de la patria potestad:

**I.** Cuando cometa algún delito grave en contra de la niña, niño o adolescente;

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**II.** Cuando haya sido condenada ejecutoriamente más de dos veces por delitos cometidos en contra de otras personas;

**III.** Por causarle daños físicos o emocionales, o por explotación, se pueda comprometer su salud, la seguridad o la moralidad de la niña, niño o adolescente, aunque esos hechos sean penalmente punibles en términos de la legislación respectiva en la entidad;

**IV.** Cuando abandone o exponga a la niña, niño o adolescente;

**V.** En los casos de divorcio, y

**VI.** Cuando por sentencia ejecutoriada, haya sido condenada a la pérdida de la patria potestad.

<div align="right">Fracción adicionada POE 27-11-2007. Reformado POE 10-12-2010, 31-05-2023</div>

**Artículo 1023.-** En el caso de la fracción I del artículo anterior, la pérdida de la custodia se decretará en la sentencia que ponga fin al proceso penal respectivo, mandándose suspender entre tanto la custodia desde el auto de formal prisión; en los casos de las fracciones II, III, IV y VI, la pérdida se decretará en la sentencia del juicio civil que se siga especialmente al efecto, en tanto que en el caso de la fracción V, la pérdida será decretada en la sentencia de divorcio, contra el cónyuge que haya dado causa a éste.

<div align="right">Artículo reformado POE 27-11-2007</div>

**Artículo 1024.** Cuando la persona Juzgadora fundadamente estime, por las pruebas que se ofrezcan y las que reciba de oficio, que es conveniente para la niña, niño o adolescente que cese la privación de la custodia, lo dispondrá razonando cuidadosamente su fallo.

<div align="right">Artículo reformado POE 31-05-2023</div>

**Artículo 1024 Bis.** Salvo convenio entre las partes, la persona Juzgadora establecerá en los casos de limitación de la custodia, un sistema de visitas a favor de la persona progenitora que no conserve dicha guarda y custodia, estableciendo una convivencia mínima de cuatro días y dos noches al mes, salvo tratándose de lactantes o niños o niñas que por prescripción médica no puedan pernoctar fuera del hogar. Esta convivencia podrá ampliarse atendiendo a las circunstancias particulares de cada caso y no podrá entorpecer o dificultar sus obligaciones escolares y su derecho al esparcimiento y recreación.

Lo anterior, sin perjuicio del derecho de convivencia de los demás parientes de la niña, niño o adolescente, así como de aquellas personas que, sin encontrarse vinculadas familiarmente, resulten significativas para la niña, niño o adolescente.

Asimismo, deberá la persona Juzgadora escuchar las propuestas y argumentos de las partes al respecto, sin menoscabo de poder tomar en cuenta la opinión del Ministerio Público, la persona tutora, parientes, y en general a las personas que, por cualquier motivo, razón o circunstancia, puedan aportar elementos de convicción, para determinar lo conducente en los términos establecidos por el artículo 816 del presente Código.

La persona Juzgadora deberá tener en cuenta e incluir en el sistema de visitas los días festivos, cumpleaños familiares y periodos vacacionales o días de puente, procurando la alternancia y el contacto con ambos progenitores, sus parientes, así como de aquellas personas que, sin encontrarse vinculadas familiarmente, resulten significativas para las niñas, niños o adolescentes. También deberá buscarse la no restricción a ninguno de los progenitores, sus parientes, así como de aquellas personas que, sin encontrarse vinculadas familiarmente, resulten significativas para las niñas, niños o adolescentes, de la asistencia a celebraciones o festividades que se organicen en relación a las niñas, niños o adolescentes como graduaciones escolares, ceremonias de premiación, fiestas de inicio y fin de cursos, o cualquier otro evento similar que se derive de los estudios escolares o actividades complementarias o deportivas.

Asimismo, el convenio o resolución judicial deberán prever los casos de traslado de residencia de una de las personas progenitoras, la custodia y sistema de visitas en dicho caso.

*Artículo reformado POE 27-11-2007, 31-05-2023*

## TÍTULO QUINTO
### De la Tutela

## CAPÍTULO PRIMERO
### Disposiciones Generales

**Artículo 1025.-** Estarán sujetos a tutela:

**I.** La niña, niño o adolescente que no tenga quien ejerza sobre él la patria potestad, y en este caso, la tutela, reemplaza por completo a la patria potestad;

*Párrafo reformado POE 31-05-2023*

**II.-** El mayor de edad sujeto a interdicción; y

**III.** La o el adolescente emancipado, solo para negocios judiciales.

*Párrafo reformado POE 31-05-2023*

**Artículo 1026.-** El objeto de la tutela es la guarda, desarrollo, bienestar de la persona y bienes de ésta, así como la educación de la misma; pero en el caso de la fracción II del artículo anterior, su objeto preferente será la curación del incapaz.

*Artículo reformado POE 10-12-2010*

**Artículo 1027.-** El tutor representará en juicio y fuera de él al incapacitado; pero en los casos expresamente señalados por la ley, esa representación puede ser el único objeto de la tutela.

**Artículo 1028.-** El cargo de tutor es voluntario; pero una vez aceptado no es renunciable sino por causa posterior a la aceptación, debidamente justificada a juicio del Juez.

**Artículo 1029.-** Si el tutor, a pesar de serle desfavorable la calificación de la excusa, o sin tener causa para excusarse, decide no continuar en el ejercicio del cargo, o es

removido de éste por su culpa, responderá de los daños y perjuicios que al respecto se causen al incapacitado.

**Artículo 1030.-** El tutor testamentario que sin causa justificada no acepte el cargo, o ya aceptado no lo desempeñe, o es removido de la tutela por su culpa, pierde todo lo que le haya dejado el testador, salvo si éste hubiere dispuesto lo contrario.

**Artículo 1031.-** El cónyuge y los parientes llamados a la tutela, que por su culpa no la ejerzan o que sean removidos de ella, pierden el derecho de heredar al pupilo si muere intestado.

**Artículo 1032.-** Ningún incapaz puede tener al mismo tiempo más de un tutor definitivo, ni nadie puede desempeñar al mismo tiempo, más de dos tutelas, salvo que los tutoreados sean más de dos hermanos.

**Artículo 1033.-** El testador puede nombrar un solo tutor, para que administre los bienes que deje a los incapaces a quienes instituya sus coherederos o colegatarios, aunque éstos sean más de tres.

**Artículo 1034.-** Cuando los intereses de alguno o algunos de los incapaces sujetos a la misma tutela, fueren opuestos, el tutor lo pondrá en conocimiento del Juez, quien nombrará un tutor especial a cada incapaz para que defienda sus intereses mientras dure la oposición.

**Artículo 1035.-** Cuando fallezca una persona que ejerza la patria potestad sobre un incapacitado a quien deba nombrarse tutor, el ejecutor testamentario y en caso de intestado los parientes o personas con quienes haya convivido, están obligados a dar parte del fallecimiento al Juez, dentro de ocho días, a fin de que se provea a la tutela.

**Artículo 1036.-** Si los obligados a dar parte del fallecimiento, en el caso del artículo anterior, no lo hacen, el Juez les impondrá una multa cuyo importe será de uno a cincuenta días de salario mínimo.

**Artículo 1037.-** Bajo la misma sanción a que se refiere el artículo anterior, los Oficiales, Delegados o Subdelegados del Registro Civil, las autoridades administrativas y las judiciales, deben informar al Juez competente de los casos que lleguen a conocimiento de ellos, en que sea necesario nombrar tutor.

**Artículo 1038.-** Hecha excepción de la tutela de los niños abandonados, ninguna otra tutela puede conferirse sin que previamente se declare, en los términos que lo disponga el Código de Procedimientos Civiles, el estado de incapacidad de la persona que va a quedar sujeta a ella.

**Artículo 1039.-** Los tutores no pueden ser removidos de su cargo sin que previamente sean oídos y vencidos en juicio.

**Artículo 1040.-** La persona menor de edad que sufra alguna incapacidad señalada en el inciso a. de la fracción II del artículo 529 del presente ordenamiento o fuese ebrio consuetudinario o que habitualmente abuse de las drogas enervantes, estupefacientes, psicotrópicos o de cualquiera otra sustancia que altere la conducta y produzca dependencia, estará sujeto a la tutela de personas menores de edad, mientras no llegue a la mayoría de edad.

*Artículo reformado POE 10-12-2010*

**Artículo 1041.-** Si al llegar a la mayoría continúa el impedimento, el incapaz se sujetará a nueva tutela, previo juicio de interdicción, en el cual será oído el tutor anterior.

**Artículo 1042.** En el caso del artículo anterior el que fue tutor de la niña, niño o adolescente puede ser nombrado tutor de la persona mayor con incapacidad legal.

*Fracción reformada POE 31-05-2023*

**Artículo 1043.-** Los hijos menores de un incapacitado quedarán bajo la patria potestad del ascendiente que corresponda conforme a la ley, y no habiéndolo, se les proveerá de tutor, que puede serlo también el de su progenitor.

**Artículo 1044.-** El cargo de tutor de la persona que tiene alguna incapacidad señalada en el artículo 529 y de los que sufren alteraciones en su conducta por su dependencia con sustancias que producen ese resultado, durará el tiempo que subsista la interdicción, cuando el cargo sea desempeñado por los descendientes o por los ascendientes.

*Artículo reformado POE 10-12-2010*

**Artículo 1045.-** El cónyuge tendrá obligación de desempeñar ese cargo mientras conserve su carácter de cónyuge.

**Artículo 1046.-** Los demás parientes así como los extraños que desempeñen la tutela de que se trata, tienen derecho de que se les releve de ella a los diez años de ejercerla.

**Artículo 1047.-** La interdicción de que habla el artículo anterior no cesará sino por la muerte del incapacitado o por sentencia definitiva, que se pronunciará en juicio seguido conforme a las mismas reglas establecidas para el de interdicción.

**Artículo 1048.-** El Juez de Primera Instancia del domicilio del incapacitado, y si no lo hubiere, el Juez Menor, cuidará provisionalmente de la persona y bienes del incapacitado, hasta que se nombre tutor.

**Artículo 1049.-** El Juez que no cumpla las prescripciones relativas a la tutela, además de las penas en que incurra conforme a las leyes, será responsable de los daños y perjuicios que sufran los incapaces.

**Artículo 1050.-** La tutela puede ser testamentaria, legítima o dativa.

**Artículo 1051.-** Podrá el Juez encomendar la guarda de la persona del incapaz, menor o mayor, a una institución escolar o asistencial, oficial o particular respectivamente.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1052.-** Podrá también el Juez, en beneficio del tutoreado encargar la administración de sus bienes a una institución fiduciaria.

**Artículo 1053.-** En los casos a que se refieren los dos artículos anteriores, cualquiera que sea la clase de la tutela, continuará el tutor en funciones. y deberá:

**I.-** Vigilar la educación, readaptación o curación en su caso que se procure al incapaz;

**II.-** Informar quincenal o mensualmente al Juez según disponga éste, de la forma en que se estén realizando la educación, readaptación o curación;

**III.-** Informar al Juez, inmediatamente que advierta la comisión de una irregularidad por parte del establecimiento; y el Juez en este caso dictará las medidas que procedan; y

**IV.-** Revisar las cuentas de administración que rinda la institución fiduciaria en su caso.

**Artículo 1054.-** Se concede acción pública para denunciar a las autoridades todo acto de mala conducta del tutor o de cualquiera otra persona, con relación al pupilo y a los bienes de éste, así como para denunciar la conducta de las autoridades perjudicial para el incapaz.

## CAPÍTULO SEGUNDO
### De la Tutela Testamentaria

**Artículo 1055.-** El ascendiente que sobreviva, de los dos que en cada grado deben ejercer la patria potestad conforme a lo dispuesto en el artículo 994, tiene derecho, aunque fuere menor, de nombrar tutor en su testamento a aquéllos sobre quienes la ejerza, con inclusión del hijo póstumo.

**Artículo 1056.-** El nombramiento de tutor testamentario hecho por el padre o por la madre, de acuerdo con el artículo anterior, excluye del ejercicio de la patria potestad a los abuelos.

**Artículo 1057.-** Si el testador excluyó de la patria potestad a los abuelos por estar incapacitados o ausentes, la tutela cesará cuando cese el impedimento o se presenten los abuelos, a no ser que el testador haya dispuesto expresamente que continúe la tutela.

**Artículo 1058.** Quien en su testamento, aunque sea una o un adolescente no emancipado, deje bienes, ya sea por legado o por herencia, a una persona con incapacidad legal que no esté bajo su patria potestad, puede nombrarle una persona tutora solamente para la administración de los bienes.

*Artículo reformado POE 31-05-2023*

**Artículo 1059.** Si fueren varias las niñas, niños o adolescentes, la persona testadora podrá nombrarles una persona tutora común o conferir a persona diferente la tutela de cada una de ellas, observándose, en su caso, lo dispuesto en los artículos 1032 y 1033.

*Artículo reformado POE 31-05-2023*

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1060.-** El padre que ejerza la tutela de un hijo incapacitado mayor de edad, puede nombrarle tutor testamentario si la madre ha fallecido.

**Artículo 1061.-** Puede también el padre que ejerza la tutela de un hijo incapacitado nombrarle tutor testamentario, si la madre no puede legalmente ejercer la tutela.

**Artículo 1062.-** En el caso del artículo anterior, desempeñará la tutela la madre, cuando cese el impedimento que le impedía ser tutora.

**Artículo 1063.-** La madre, en su caso, podrá también hacer el nombramiento de que trata el artículo anterior.

**Artículo 1064.-** En ningún otro caso habrá lugar a la tutela testamentaria del mayor incapacitado.

**Artículo 1065.-** Siempre que en un testamento se nombren varios tutores, desempeñará la tutela el primer nombrado, a quien substituirán los demás por el orden de su nombramiento, en los casos de muerte, incapacidad, excusa o remoción.

**Artículo 1066.-** Lo dispuesto en el artículo anterior no regirá cuando el testador haya establecido el orden en que los tutores deben sucederse en el desempeño de la tutela.

## CAPÍTULO TERCERO
### De la Tutela Legítima de las Niñas, Niños y Adolescentes
**Denominación reformada POE 31-05-2023**

**Artículo 1067.** La tutela legítima de las niñas, niños y adolescentes corresponde a las hermanas o hermanos del incapaz y para hacer el nombramiento no se observará ningún orden de preferencia.

**Artículo reformado POE 31-05-2023**

**Artículo 1068.** La persona Juzgadora designará a la persona tutora escogiéndolo entre los parientes del incapacitado que reúnan los requisitos para desempeñar ese cargo.

**Artículo reformado POE 31-05-2023**

**Artículo 1069.** Para hacer la designación a que se refiere el artículo anterior, la persona Juzgadora oirá a los parientes del incapacitado y a éste si puede expresarse.

**Artículo reformado POE 31-05-2023**

**Artículo 1070.** Podrá la persona Juzgadora nombrar tutor a una persona que no sea pariente de la persona incapacitada, especialmente si el nombrado ha manifestado afecto y amistad por la niña, niño o adolescente y la familia de éste.

**Artículo reformado POE 31-05-2023**

## CAPÍTULO CUARTO
### De la Tutela Legítima de Mayores Incapacitados

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1071.** Tanto en el matrimonio como en el concubinato, ambos integrantes de la pareja son entre sí personas tutoras legítimas y forzosas.

*Artículo reformado POE 31-05-2023*

**Artículo 1072.** Las personas descendientes mayores de edad son tutores de sus progenitores o de quien o quienes ejercieron sobre ellos la patria potestad cuando eran niñas, niños o adolescentes; sean estas solteras, viudas o divorciadas.

*Artículo reformado POE 31-05-2023*

**Artículo 1073.** Cuando haya dos o más personas descendientes, será preferida la persona que vivía en compañía de quien o de quienes ejercieron sobre ellas la patria potestad.

*Artículo reformado POE 31-05-2023*

**Artículo 1074.** En el caso del artículo anterior, si son varias las personas descendientes que viven en compañía de quienes ejercieron la patria potestad, la persona Juzgadora elegirá entre ellos a la persona que parezca más apta.

*Artículo reformado POE 31-05-2023*

**Artículo 1075.-** Los padres son de derecho tutores de sus hijos divorciados, solteros o viudos, cuando éstos no tengan hijos que puedan desempeñar la tutela.

**Artículo 1076.-** En el caso del artículo anterior deben el padre y la madre ponerse de acuerdo respecto de quien ejercerá la tutela.

**Artículo 1077.** A falta de tutor testamentario y de persona que con arreglo a los artículos anteriores, deba desempeñar la tutela, serán llamados a ella sucesivamente las abuelas o abuelos y las hermanas o hermanos de la persona incapaz, en la inteligencia de que si hubiere varios parientes del mismo grado, la persona Juzgadora elegirá entre ellos al que le parezca más apto.

*Artículo reformado POE 31-05-2023*

## CAPÍTULO QUINTO
### Da la Tutela Dativa

**Artículo 1078.-** La tutela dativa tiene lugar cuando no hay tutor testamentario ni persona a. quien, conforme a la ley, corresponda la tutela legítima.

**Artículo 1079.-** Siempre será dativa la tutela para asuntos judiciales del menor de edad emancipado.

**Artículo 1080.** La persona tutora dativa será designado por la o el adolescente si ha cumplido catorce años.

*Artículo reformado POE 31-05-2023*

**Artículo 1081.-** El Juez confirmará la designación si no tiene justa causa para reprobarla.

**Artículo 1082.** Para reprobar la ulterior designación que haga la o el adolescente, la persona Juzgadora oirá el parecer del Ministerio Público.

*Artículo reformado POE 31-05-2023*

**Artículo 1083.** Si tampoco se aprueba este nuevo nombramiento hecho por la o el adolescente, la persona Juzgadora nombrará una persona tutora conforme a lo dispuesto en el artículo siguiente.

*Artículo reformado POE 31-05-2023*

**Artículo 1084.** Si la niña, niño o adolescente no ha cumplido catorce años, el nombramiento de persona tutora lo hará la persona Juzgadora, con audiencia del Ministerio Público, de entre las personas que en la localidad gocen de buena fama por su honorabilidad y moralidad.

*Artículo reformado POE 31-05-2023*

**Artículo 1085.** Si la persona Juzgadora no hace oportunamente el nombramiento de persona tutora, será responsable de los daños y perjuicios que se sigan a la niña, niño o adolescente por esa falta.

*Artículo reformado POE 31-05-2023*

**Artículo 1086.-** A las personas menores de edad que no estén sujetos a patria potestad, ni a tutela testamentaria o legítima, aunque no tengan bienes, se les nombrará tutor dativo. La tutela en este caso tendrá por objeto el cuidado, protección y bienestar de la persona menor de edad, a efecto de que reciba la educación que corresponda a sus aptitudes. El tutor será nombrado a petición del Ministerio Público, de la misma persona menor de edad, y aun de oficio por el Juez.

*Artículo reformado POE 10-12-2010*

**Artículo 1087.-** En el caso del artículo anterior, tienen obligación de desempeñar la tutela, mientras duran en los cargos que a continuación se enumeran:

**I.** La persona titular de la Presidencia Municipal del domicilio de la niña, niño o adolescente;

*Fracción reformada POE 31-05-2023*

**II.** Las personas regidoras y síndicas del Ayuntamiento;

*Fracción reformada POE 31-05-2023*

**III.-** Las personas que desempeñan la autoridad administrativa en los lugares en donde no hubiere ayuntamiento;

**IV.** Las personas profesoras oficiales de instrucción primaria, secundaria o profesional del lugar donde vive la niña, niño o adolescente;

*Fracción reformada POE 31-05-2023*

**V.** Las personas integrantes de las juntas de beneficencia pública o privada que disfruten sueldo del erario, y

*Fracción reformada POE 31-05-2023*

**VI.** Las personas directoras de establecimientos de asistencia pública.

<div align="right">**Fracción reformada POE 31-05-2023**</div>

**Artículo 1088.-** Los jueces nombrarán de entre las personas mencionadas las que en cada caso deban desempeñar la tutela, procurando que este cargo se reparta equitativamente, sin perjuicio de que también puedan ser nombrados tutores las personas de comprobada honorabilidad que no desempeñen ninguno. de dichos cargos oficiales. cuando estén conformes en desempeñar gratuitamente la tutela de que se trata.

**Artículo 1089.** Si la niña, niño o adolescente que se encuentra en el caso previsto por el artículo 1086 adquiere bienes, se le nombrará persona tutora dativa de acuerdo con lo que disponen las reglas generales para hacer esos nombramientos.

<div align="right">**Artículo reformado POE 31-05-2023**</div>

<div align="center">

**CAPÍTULO SEXTO**
**De los Impedimentos, Causas de Remoción y Excusas de la Tutela**

</div>

**Artículo 1090.-** No pueden ser tutores, aunque estén anuentes en recibir el cargo:

**I.-** Los mayores de edad que se encuentren bajo tutela;

**II.-** Los que hayan sido removidos de otra tutela por haber ejercido conductas de violencia respecto de la persona, o bien por haberse conducido incorrectamente respecto de la administración de los bienes del incapacitado;

**III.-** Los que, por sentencia que cause ejecutoria, hayan sido condenados a la privación de este cargo o a la inhabilitación para obtenerlo;

**IV.** Quienes hayan sido condenados por robo, abuso de confianza, fraude o por delitos contra la moral pública, o bien porque hayan sido sancionados administrativa o penalmente por conductas de violencia familiar y/o violencia vicaria;

<div align="right">**Fracción reformada POE 07-09-2022**</div>

**V.-** Los que hayan sido condenados por robo, abuso de confianza, fraude o por delitos contra la moral pública;

**VI.-** Los que no tengan oficio modo de vivir conocido o sean notoriamente de mala conducta;

**VII.-** Los que al deferirse la tutela, tengan pleito pendiente con el incapacitado;

**VIII.-** Los deudores del incapacitado, en cantidad considerable, a juicio del Juez, a no ser que quien lo nombró tutor testamentario lo haya hecho con conocimiento de la deuda, declarándolo así expresamente al hacer el nombramiento;

**IX.-** Los jueces, magistrados y demás funcionarios o empleados de la administración de justicia;

**X.-** Los que no estén domiciliados en el lugar en que deba ejercerse la tutela;

**XI.-** Los empleados fiscales que, por razón de su destino, tengan la responsabilidad pecuniaria actual o la hayan tenido y no la hubieren cubierto;

**XII.-** Los que padezcan enfermedad crónica contagiosa;

*Artículo reformado POE 10-12-2010*

**Artículo 1091.** Serán separadas de la tutela:

**I.** Las personas comprendidas en el artículo anterior, desde que sobrevenga o se advierta su incapacidad;

**II.** Las que sin haber caucionado su manejo conforme a la ley, ejerzan la administración de la tutela;

**III.** Quienes ejerzan conductas de violencia familiar y/o violencia vicaria o se dirijan con negligencia, se conduzcan incorrectamente en el desempeño de la tutela, ya sea respecto de la persona o respecto de la administración de los bienes de la persona incapacitada;

**IV.** Las personas tutoras que no rindan sus cuentas dentro del término fijado al respecto por este Código;

**V.** La persona tutora que contraiga nupcias con la persona que esté bajo su guardia, salvo lo establecido por el artículo 703 mediante determinación judicial, y previendo lo establecido por el artículo 1077 de este ordenamiento, y

**VI.** La persona tutora que permanezca ausente por más de seis meses del lugar en que debe desempeñar la tutela.

*Artículo reformado POE 10-12-2010, 31-05-2023*

**Artículo 1092.-** No pueden ser tutores del incapacitado, los que hayan sido causa de la incapacidad ni los que la hayan fomentado directa o indirectamente.

*Artículo reformado POE 10-12-2010*

**Artículo 1093.-** Lo dispuesto en el Artículo anterior se aplicará, en cuanto fuere posible, a la tutela de las personas con alguna incapacidad física, sensorial, intelectual, mental y de los que abusan habitualmente de las drogas enervantes, estupefacientes, psicotrópicos o de cualquiera otra sustancia que altere la conducta y produzca dependencia.

*Artículo reformado POE 10-12-2010*

**Artículo 1094.-** El Ministerio Público y los parientes del pupilo tienen derecho de promover la separación de los tutores que se encuentren en alguno de los casos previstos en los dos artículos anteriores.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1095.-** El tutor que fuere procesado por cualquier delito, quedará suspenso en el ejercicio de su encargo desde que se provea el auto motivado de prisión hasta que se pronuncie sentencia irrevocable, proveyéndose entre tanto el nombramiento de un tutor interino.

**Artículo 1096.-** Absuelto el tutor, volverá a desempeñar su encargo. Si es condenado a una pena que no lleve consigo la inhabilitación para desempeñar la tutela, volverá a ésta al extinguir su condena, siempre que la pena impuesta no exceda de un año de prisión y no se trate de los delitos que menciona la fracción V del artículo 1090.

**Artículo 1097.-** Pueden excusarse de ser tutores:

**I.-** Los empleados y funcionarios públicos;

**II.-** Los militares en servicio activo;

**III.-** Los que tengan bajo su patria potestad tres o más descendientes;

**IV.-** Los que fueren tan pobres, que no puedan atender a la tutela sin menoscabo de su subsistencia;

**V.-** Los que por el mal estado habitual de su salud, o por su rudeza e ignorancia, no puedan atender debidamente a la tutela;

**VI.-** Los que tengan a su cargo otra tutela;

**VII.-** Los que por su inexperiencia en los negocios o por causa grave, a juicio del Juez, no estén en aptitud de desempeñar convenientemente la tutela.

**Artículo 1098.-** Si el que teniendo excusa legítima para ser tutor acepta el cargo, se entiende que renuncia por ese solo hecho a la excusa que le concede la ley.

**Artículo 1099.-** Si el tutor tuviere dos o más excusas, las expondrá simultáneamente dentro del plazo respectivo y si expone una sola, se entenderán renunciadas las demás; pero la exposición debe hacerse dentro de los quince días siguientes a la fecha en que se le notifique un nombramiento y si no lo hace así se entenderá renunciado el impedimento o la excusa.

**Artículo 1100.-** Muerto el tutor que esté desempeñando la tutela, sus herederos o ejecutores testamentarios están obligados a dar aviso al Juez, quien proveerá inmediatamente al incapacitado del tutor que corresponda según la ley.

## CAPÍTULO SÉPTIMO
### De la Garantía que deben prestar los Tutores para asegurar su manejo

**Artículo 1101.-** El tutor, antes de que se le discierna el cargo, prestará caución para asegurar su manejo. Esta caución consistirá:

**I.-** En depósito de dinero o de alhajas;

**II.-** En hipoteca o prenda;

**III.-** En fianza.

**Artículo 1102.-** La garantía prendaria que preste el tutor se constituirá depositando los bienes dado en prenda, en una institución de crédito autorizada para recibir depósitos; a falta de ella, se depositarán en poder de persona de notoria solvencia y honorabilidad.

**Artículo 1103.** Están exceptuados de la obligación de dar garantía:

**I.** Las personas tutoras testamentarias, cuando expresamente las haya relevado de esta obligación la persona testadora;

**II.** La persona tutora que no administre bienes;

**III.** Las personas ascendientes en los casos en que, conforme a la ley, son llamadas a desempeñar la tutela de sus descendientes, y el cónyuge y los descendientes de la persona con incapacidad legal, en su caso, salvo que la persona Juzgadora, con audiencia del Ministerio Público, estime conveniente la caución, y

**IV.** Las personas que acojan a una niña, niño o adolescente en situación de abandono, lo alimenten y eduquen convenientemente por más de diez años, a no ser que hayan recibido pensión para cuidar de los mismos.

*Artículo reformado POE 31-05-2023*

**Artículo 1104.-** Los tutores comprendidos en la fracción I del artículo anterior sólo estarán obligados a dar garantía cuando con posterioridad a su nombramiento haya sobrevenido causa ignorada por el testador que, a juicio del Juez y previa audiencia del Ministerio Público, haga necesaria aquélla.

**Artículo 1105.** La garantía que presten las personas tutoras no impedirá que la persona Juzgadora de oficio o a petición del Ministerio Público, de los parientes de la persona con incapacidad legal o de ésta si ha cumplido catorce años de edad, dicte las providencias que se estimen útiles para la conservación de los bienes de la persona pupila; pero la niña, niño o adolescente no necesita promover por escrito para ser atendido por la persona Juzgadora.

*Artículo reformado POE 31-05-2023*

**Artículo 1106.-** Siempre que el tutor sea también coheredero del incapaz, y éste no tenga más bienes que los hereditarios, no se podrá exigir al tutor otra garantía que la de su misma porción hereditaria, a no ser que esta porción no iguale a la mitad de la porción del incapaz, pues en tal caso se integrará la garantía con bienes propios del tutor, o con fianza o con depósito.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1107.-** El depósito, la hipoteca o la prenda y, en su caso, la fianza, se constituirán:

**I.-** Por el importe de las rentas de los bienes raíces en los dos últimos años, y por los réditos de los capitales impuestos durante ese mismo tiempo;

**II.-** Por el valor de los bienes muebles;

**III.-** Por el de los productos de las fincas rústicas en dos años calculados por peritos, o por el término medio en un quinquenio, a elección del Juez;

**IV.-** En las negociaciones mercantiles e industriales, por el veinte por ciento del importe de las mercancías y demás efectos muebles, calculado por los libros, si están llevados en debida forma, o a juicio de peritos.

**Artículo 1108.-** Si los bienes del incapacitado, enumerados en el artículo que precede, aumentan o disminuyen durante la tutela, podrán aumentarse o disminuirse proporcionalmente el depósito, la hipoteca, la prenda o la fianza, o pedimento del tutor o de Ministerio Público, del menor si ha cumplido catorce años y aun de oficio por el Juez.

**Artículo 1109.-** El Juez responde subsidiariamente con el tutor de los daños y perjuicios que sufra el incapacitado por no haber exigido que se caucione el manejo de la tutela.

**Artículo 1110.-** Si el tutor, dentro de tres meses después de aceptado su nombramiento, no pudiere dar la garantía por las cantidades que fija el artículo 1108, se procederá al nombramiento de nuevo tutor.

**Artículo 1111.-** Durante los tres meses señalados en el artículo precedente, desempeñará la administración de los bienes un tutor interino, quien los recibirá por inventario solemne, y no podrá ejecutar otros actos que los indispensables para la conservación de los bienes y percepción de los productos.

**Artículo 1112.-** Para cualquier otro acto de administración requerirá el tutor autorización judicial, la que concederá si procede, oyendo al Ministerio Público.

**Artículo 1113.-** Al presentar el tutor su cuenta anual, el Ministerio Público debe promover información de supervivencia e idoneidad de los fiadores dados por aquél.

**Artículo 1114.-** El juez de oficio puede exigir, en cualquier tiempo la información a que se refiere el artículo anterior.

**Artículo 1115.-** Es también obligación del Ministerio Público vigilar el estado de las fincas hipotecadas por el tutor o el de los bienes entregados en prenda, dando aviso al Juez de los deterioros y menoscabos que en ellos hubiere, para que, si es notable la disminución del precio, se exija al tutor que asegure con otros bienes los intereses que administra.

## CAPÍTULO OCTAVO

### Del Desempeño de la Tutela

**Artículo 1116.-** Cuando el tutor tenga que administrar bienes, no podrá entrar a la administración sin que antes caucione su manejo.

**Artículo 1117.-** El tutor está obligado:

**I.-** A alimentar y educar y procurar en todo momento el desarrollo y bienestar del incapacitado, a cargo del patrimonio de éste así como procurarlo en un ambiente de respeto en su integridad física, psicoemocional y sexual;

**II.-** A destinar, de preferencia, los recursos del incapacitado a la curación de sus enfermedades o a su regeneración si es un ebrio consuetudinario o abusa habitualmente de las drogas enervantes, estupefacientes, psicotrópicos o de cualquiera. otra sustancia que altere la conducta y produzca dependencia;

**III.-** A formar inventario solemne y circunstanciado de cuanto constituya el patrimonio del incapacitado, dentro del término que el Juez designe, con intervención del Ministerio Público y del mismo incapacitado si goza de discernimiento y ha cumplido catorce años de edad;

**IV.-** A administrar el caudal del incapacitado. El pupilo será consultado para los actos importantes de la administración cuando es capaz de discernimiento y mayor de catorce años.

La administración de los bienes que el pupilo ha adquirido con su trabajo le corresponde a él y no al tutor;

**V.-** A representar al incapacitado en juicio y fuera de él en todos los actos civiles, con excepción del matrimonio, el reconocimiento de hijos, del testamento y de otros estrictamente personales;

**VI.-** A solicitar oportunamente la autorización judicial para todo lo que legalmente no pueda hacer sin ella.

Artículo reformado POE 10-12-2010

**Artículo 1118.** Los gastos de alimentación y educación de la niña, niño o adolescente deben regularse de manera que nada necesario le falte, según su condición y posibilidad económica.

Artículo reformado POE 31-05-2023

**Artículo 1119.** El monto de tales gastos será fijado por la persona Juzgadora con audiencia del Ministerio Público y de la persona tutora al entrar ésta al ejercicio de su cargo, y sin perjuicio de lo modificado, según el aumento o disminución del patrimonio de la niña, niño o adolescente y otras circunstancias. Por las mismas razones podrá la persona Juzgadora modificar la cantidad que la persona testadora que nombró persona tutora testamentaria hubiere señalado para dicho objeto.

Artículo reformado POE 31-05-2023

**Artículo 1120.** Si las rentas de la niña, niño o adolescente no alcanzan a cubrir los gastos de su alimentación y educación, la persona Juzgadora decidirá si ha de ponérsele a aprender un oficio o adoptarse otro medio para evitar la enajenación de sus bienes y si fuere posible, sujetará a las rentas de éstos los gastos de alimentación.

Artículo reformado POE 31-05-2023

**Artículo 1121.-** Si el pupilo fuese indigente o careciese de suficientes medios para los gastos que demandan su alimentación y educación, el tutor exigirá judicialmente la prestación de esos gastos a los parientes que tienen obligación legal de alimentar al incapacitado. Las expensas que esto origine serán cubiertas por el deudor alimentario. Cuando el mismo tutor esté obligado a dar alimentos por razón de su parentesco con el pupilo, el Ministerio Público ejercitará la acción a que este artículo se refiere.

**Artículo 1122.-** Si el pupilo indigente no tiene personas que estén obligadas a alimentarlo, o sí teniéndolas no pudieren hacerlo, el tutor, con autorización del juez, oirá el parecer del Ministerio Público, pondrá al pupilo en un establecimiento de beneficencia pública o privada en donde pueda educarse. Si esto no fuere posible, el tutor procurará que los particulares suministren trabajo al incapacitado, compatible con su edad y circunstancias personales, con la obligación de alimentarlo y educarlo. No por eso el tutor queda eximido de su cargo, pues continuará vigilando al menor, a fin de que no sufra daño por lo excesivo del trabajo, lo insuficiente de la alimentación o lo defectuoso de la educación que se le imparta.

**Artículo 1123.-** El incapacitado indigente que no pueda ser alimentado y educado. por los medios previstos en los dos artículos anteriores, lo será a costa de las rentas públicas municipales o estatales; pero si se llega a tener conocimiento de que existen parientes del incapacitado que estén legalmente obligados a proporcionarle alimentos, el Ministerio Público deducirá la acción correspondiente para que se reembolsen al gobierno los gastos que hubiere hecho en cumplimiento de lo dispuesto por este artículo.

**Artículo 1124.-** El tutor de los incapacitados a que se refiere la fracción II del artículo 1117, está obligado a presentar al Juez, en el mes de enero de cada año, un certificado de dos médicos, de preferencia psiquiatras sí es que los hay en la localidad, que declaren acerca del estado del individuo sujeto a interdicción, a quien para ese efecto reconocerán en presencia del Juez, quien se cerciorará del estado que guarda el incapacitado y tomará todas las medidas que estime convenientes para mejorar su condición.

**Artículo 1125.-** Para la seguridad, alivio y mejoría de las personas a que se refiere el artículo anterior, el tutor adoptará las medidas que juzgue oportunas, previa la autorización judicial, que se otorgará con audiencia del Ministerio Público. Las medidas que fueren muy urgentes podrán ser ejecutadas por el tutor, quien dará cuenta inmediata al Juez para obtener la debida aprobación.

**Artículo 1126.-** La obligación de hacer inventado no puede ser dispensada ni aun por los que tienen derecho de nombrar tutor testamentario.

**Artículo 1127.-** Mientras que el inventario no estuviere formado, la tutela debe limitarse a los actos de mera protección a la persona y conservación de los bienes del incapacitado.

**Artículo 1128.-** El tutor está obligado a inscribir en el inventario el crédito o créditos que tenga contra el incapacitado; si no lo hace, pierde el derecho de cobrados.

**Artículo 1129.-** Los bienes que el incapacitado adquiera después de la formación del inventario, se incluirán inmediatamente en él, con las mismas formalidades prescritas en la fracción III del artículo 1117.

**Artículo 1130.-** Hecho el inventario, no se admitirá al tutor rendir pruebas contra él en perjuicio del incapacitado, ni antes ni después de la mayor edad de éste, ya sea que litigue en nombre propio o con la representación del incapacitado.

**Artículo 1131.-** Se exceptúan de lo dispuesto en el artículo anterior los casos en que el error del inventario sea evidente o cuando se trate de un derecho claramente establecido.

**Artículo 1132.** Si se hubiere omitido listar algunos bienes en el inventario, la niña, niño o adolescente, antes o después de llegar a la mayor edad, o cualquier pariente suyo, puede ocurrir a la persona Juzgadora pidiéndole que los bienes omitidos se listen y la persona Juzgadora, oído el parecer de la persona tutora, determinará en justicia.

*Artículo reformado POE 31-05-2023*

**Artículo 1133.-** El tutor, dentro del primer mes de ejercer su cargo, fijará, con aprobación del Juez, la cantidad que haya de invertirse en gastos de administración y el número y sueldos de los dependientes necesarios. Ni el número ni el sueldo de los empleados podrán aumentarse después, sino con aprobación judicial.

**Artículo 1134.-** Lo dispuesto en el artículo anterior no libera al tutor de justificar, al rendir sus cuentas, que efectivamente han sido gastadas dichas sumas en sus respectivos objetos.

**Artículo 1135.** Si el padre o la madre de la niña, niño o adolescente ejercían algún comercio o industria, la persona Juzgadora, con informe de dos peritos y audiencia del Ministerio Público, decidirá si ha de continuar o no la negociación, a no ser que las personas progenitoras hubieren dispuesto algo sobre este punto, en cuyo caso se respetará su voluntad en cuanto no ofrezca grave inconveniente, a juicio de la persona Juzgadora.

*Artículo reformado POE 31-05-2023*

**Artículo 1136.-** El dinero que resulte sobrante después de cubiertas las cargas y atenciones de la tutela, el que proceda de las redenciones de capitales y el que se adquiera de cualquiera otro modo, será destinado por el tutor a la compra, para el pupilo, de bonos financieros en alguna institución de crédito o para depósito productivo de intereses.

**Artículo 1137.-** El tutor que no haga las aludidas compras de bonos en un término de diez días, o el depósito, pagará los correspondientes réditos legales mientras no efectúe dichas compras o haga el depósito; pero si transcurre un mes sin que haga aquéllas o éste, previa audiencia del mismo tutor, será removido por el Juez.

**Artículo 1138.-** Los bienes inmuebles, sus pertenencias, los derechos anexos a ellos y los muebles preciosos no pueden ser enajenados ni gravados por el tutor, sino por causas de absoluta necesidad o evidente utilidad para el menor, debidamente justificada, y previa audiencia del Ministerio Público y autorización judicial.

**Artículo 1139.-** Cuando la enajenación se haya autorizado para cubrir con su producto algún objeto determinado, el Juez señalará al tutor un plazo dentro del cual deberá acreditar que el producto de la enajenación se ha invertido en su objeto y mientras no se haga la inversión, el precio de la venta se depositará en una Institución de Crédito, a la vista, con el mejor rédito posible.

**Artículo 1140.-** En la enajenación de bienes raíces, alhajas y muebles preciosos, el Juez decidirá si conviene o no la almoneda, pudiendo dispensarla, acreditada la utilidad que resulte al menor.

**Artículo 1141.-** Los tutores no podrán vender valores comerciales, industriales, titulas de rentas, acciones, frutos y ganados pertenecientes al incapacitado, por menor valor del que se cotice en la plaza el día de la venta, ni dar fianza ni ninguna otra garantía a nombre de su pupilo.

**Artículo 1142.-** Para todos los gastos extraordinarios que no sean de conservación ni de reparación, necesita el tutor ser autorizado por el Juez, con audiencia del Ministerio Público.

**Artículo 1143.-** Se requiere licencia judicial con audiencia del Ministerio Público, para que el tutor pueda transigir o comprometer en árbitros los negocios del incapacitado.

**Artículo 1144.-** El nombramiento de árbitros hecho por el tutor deberá sujetarse a la aprobación del Juez, con audiencia del Ministerio Público.

**Artículo 1145.-** Ni con licencia judicial, ni en almoneda o fuera de ella, puede el tutor comprar o arrendar los bienes del incapacitado, ni hacer contrato alguno respecto de ellos, para sí, sus ascendientes, su cónyuge, o persona que viva con él como su cónyuge, sus descendientes o hermanos por consanguinidad o afinidad. Si lo hiciere, además de la nulidad del contrato, el acto será suficiente para que se le remueva.

**Artículo 1146.-** Cesa la prohibición establecida por el artículo anterior respecto de la venta de bienes, en el caso de que el tutor, su cónyuge o sus mencionados parientes sean coherederos copartícipes o socios del incapacitado.

**Artículo 1147.-** El tutor no podrá hacerse a sí mismo pago de sus créditos contra el incapacitado, sin que el Juez lo autorice, oyendo previamente al Ministerio Público.

**Artículo 1148.-** El tutor no puede aceptar para sí, a título gratuito u oneroso, la cesión de algún derecho o crédito contra el incapacitado y sólo puede adquirir esos derechos por herencia.

**Artículo 1149.-** El tutor no puede dar en arrendamiento los bienes del incapacitado, por más de cinco años, sino en caso de necesidad o utilidad, y previa autorización judicial otorgada con audiencia del Ministerio Público.

**Artículo 1150.-** El arrendamiento hecho de conformidad con el artículo anterior subsistirá por el tiempo convenido, aun cuando se acabe la tutela; pero será nula toda anticipación de rentas o alquileres por más de dos años.

**Artículo 1151.-** Sin autorización judicial no puede el tutor recibir dinero prestado en nombre del incapacitado, ya sea que se constituya o no hipoteca en el contrato.

**Artículo 1152.-** El tutor no puede hacer donaciones a nombre del incapacitado.

**Artículo 1153.-** Durante la tutela no corre la prescripción entre el tutor y el incapacitado.

**Artículo 1154.-** El tutor tiene obligación de admitir las donaciones simples, legados y herencias que se hagan o dejen respectivamente al incapacitado, y para aceptar las donaciones condicionales necesita de la autorización judicial, con audiencia del Ministerio Público.

**Artículo 1155.-** Cuando el tutor de un incapaz sea el cónyuge, se observarán, en sus respectivos casos, las siguientes reglas:

**I.-** En los casos en que conforme a derecho se requiera el consentimiento del cónyuge, se suplirá éste por el Juez con audiencia del Ministerio Público;

**II.-** En los casos en que el cónyuge incapaz pueda querellarse contra el otro o demandarlo para asegurar sus derechos violados o amenazados, será representado por un tutor especial que el Juez le nombrará y es obligación del Ministerio Público promover este nombramiento; y si no la cumple, será responsable de los daños y perjuicios que se causen al incapacitado.

**Artículo 1156.-** En caso de maltratamiento, de negligencia en los cuidados debidos al incapacitado o de mala administración de sus bienes, podrá el tutor ser removido de la tutela a petición del propio incapaz, del Ministerio Público o de los parientes del incapacitado y aun de oficio por el Juez.

**Artículo 1157.-** El tutor tiene derecho a una retribución sobre los bienes del incapacitado, que podrá fijar el testador que lo nombre en su testamento y para los tutores legítimos y dativos fijará el Juez la retribución, la que en ningún caso bajará de cinco ni excederá del diez por ciento de las rentas liquidas de dichos bienes.

**Artículo 1158.-** El tutor testamentario tiene derecho de escoger entre la retribución fijada por el Juez y la retribución señalada en el testamento.

**Artículo 1159.-** Si los bienes del incapacitado tuvieren un aumento en sus productos, debido exclusivamente a la industria y diligencia del tutor, éste tendrá derecho a que se le aumente la remuneración hasta un veinte por ciento de los productos líquidos. La calificación del aumento se hará por el Juez, con audiencia del Ministerio Público.

**Artículo 1160.-** Para que pueda hacerse, en la retribución de los tutores, el aumento extraordinario que permite el párrafo anterior, será requisito indispensable que por lo menos en dos años consecutivos haya obtenido el tutor la aprobación absoluta de sus cuentas.

**Artículo 1161.-** El tutor no tendrá derecho a remuneración alguna, y restituirá lo que por este título hubiese recibido, si contraviniese lo dispuesto en el artículo 703.

## CAPÍTULO NOVENO
### De las Cuentas de la Tutela

**Artículo 1162.-** El tutor está obligado a rendir al Juez cuenta detallada de su administración, en el mes de enero de cada año, sea cual fuere la fecha en que se hubiere discernido el cargo. La falta de presentación de la cuenta, en los tres meses siguientes al de enero, motivará la remoción del tutor.

**Artículo 1163.-** También tiene obligación de rendir cuenta cuando, por causas graves que calificará el Juez, la exijan el Ministerio Público o el mismo menor que haya cumplido catorce años de edad.

**Artículo 1164.-** La cuenta de administración comprenderá no sólo las cantidades en numerario que hubiere recibido el tutor por producto de los bienes y la aplicación que les haya dado, sino, en general, todas las operaciones que se hubieren practicado e irá acompañada de los documentos justificativos y de un balance del estado de los bienes.

**Artículo 1165.-** El tutor es responsable del valor de los créditos activos si dentro de sesenta días, contados desde el vencimiento de su plazo, no ha obtenido su pago o garantía que asegure éste, o no ha pedido judicialmente el uno o la otra.

**Artículo 1166.-** Si el incapacitado no está en posesión de todos los bienes a que tiene derecho, será responsable el tutor de la pérdida de los que falten, si dentro de dos meses contados desde que tuvo noticia del derecho del incapacitado, no entabla a nombre de éste las acciones conducentes para recobrar aquéllas.

**Artículo 1167.-** Lo dispuesto en el artículo anterior se entiende sin perjuicio de la responsabilidad que, después de intentadas las acciones, puede resultar al tutor por su culpa o negligencia en el desempeño de su encargo.

**Artículo 1168.-** Las cuentas deben rendirse en el lugar en que se desempeña la tutela.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1169.-** Deben abonarse al tutor todos los gastos hechos debida y legalmente, aunque los haya anticipado de su propio caudal y aunque de ellos no haya resultado utilidad al menor, si esto ha sido sin culpa del primero.

**Artículo 1170.-** La obligación de dar cuenta no puede ser dispensada por contrato o por disposición de última voluntad, ni aun por el mismo menor; y si esa dispensa se pusiere como condición, en cualquier acto, se tendrá por no puesta.

**Artículo 1171.-** El tutor que sea reemplazado por otro estará obligado, y lo mismo sus herederos, a rendir cuenta general de la tutela al que lo reemplaza y el nuevo tutor responderá al incapacitado por los daños y perjuicios si no pidiere y tomare las cuentas de su antecesor.

**Artículo 1172.-** El tutor, o en su falta quien lo represente, rendirá las cuentas generales de la tutela en el plazo de tres meses contados desde el día en que fenezca la tutela. El Juez podrá prorrogar este plazo hasta por tres meses más, si circunstancias extraordinarias así lo exigieren.

**Artículo 1173.-** La obligación de dar cuenta pasa a los herederos del tutor, y si alguno de ellos sigue administrando los bienes de la tutela, su responsabilidad será la misma que la de aquél.

**Artículo 1174.-** La garantía dada por el tutor no se cancelará sino cuando las cuentas hayan sido aprobadas.

**Artículo 1175.-** Hasta pasado un mes de la rendición de cuentas, es nulo todo convenio entre el tutor y el pupilo, relativo a la administración de la tutela o a las cuentas mismas.

## CAPÍTULO DÉCIMO
### De la Extinción de la Tutela

**Artículo 1176.-** La tutela se extingue:

**I.-** Por la muerte del pupilo o porque desaparezca su incapacidad; y

**II.-** Cuando el incapacitado sujeto a tutela entre a la patria potestad, por el reconocimiento o por adopción.

## CAPÍTULO DECIMOPRIMERO
### De la Entrega de los Bienes

**Artículo 1177.-** El tutor, concluida la tutela, está obligado a entregar todos los bienes del incapacitado y todos los documentos que le pertenezcan, conforme al balance que se hubiere presentado en la última cuenta aprobada.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1178.-** La obligación de entregar los bienes no se suspende por estar pendiente la rendición de cuentas.

**Artículo 1179.-** La entrega de bienes debe hacerse durante el mes siguiente a la terminación de la tutela y cuando los bienes sean muy cuantiosos o estuvieren ubicados en diversos lugares, el Juez puede fijar un término prudente para su conclusión, pero en todo caso, deberá comenzar en el plazo antes señalado.

**Artículo 1180.-** El tutor que entre al cargo sucediendo a otro, está obligado a exigir la entrega de bienes y cuentas al que le ha precedido y si no la exige, es responsable de todos los daños y perjuicios que por su omisión se siguieren al incapacitado.

**Artículo 1181.-** La entrega de los bienes y la cuenta de la tutela se efectuará a expensas del incapacitado. Si para realizarse no hubiere fondos disponibles, el Juez podrá autorizar al tutor a fin de que proporcione él los necesarios para dicho fin, los cuales le serán reembolsados con los primeros fondos de que se pueda disponer.

**Artículo 1182.-** Cuando intervengan dolo o culpa de parte del tutor, serán de su cuenta todos los gastos.

**Artículo 1183.-** Cuando en la cuenta resulte algún alcance contra el tutor, aunque por un arreglo con el menor o sus representantes se otorguen plazos al responsable o a sus herederos para satisfacerlo, quedarán vivas las hipotecas u otras garantías dadas para la administración, hasta que se verifique el pago.

**Artículo 1184.-** Si la caución fuere de fianza, el convenio que conceda nuevos plazos al tutor se hará saber al fiador. Si éste consiente, permanecerá obligado hasta la solución; si no consiente, no habrá espera y se podrá exigir el pago inmediato o la substitución del fiador por otro igualmente idóneo que acepte el convenio.

**Artículo 1185.-** Si no se hiciere saber el convenio al fiador, éste no permanecerá obligado.

**Artículo 1186.-** Todas las acciones por hechos relativos a la administración de la tutela que el incapacitado pueda ejercitar centra su tutor o contra los fiadores y garantes de éste, quedan extinguidas por el lapso de dos años contados desde el día en que se cumpla la mayor edad, o desde el momento en que se hayan recibido los bienes y la cuenta de la tutela, o desde que haya cesado la incapacidad en los demás casos previstos por la ley.

**Artículo 1187.-** Si la tutela hubiere fenecido durante la minoridad, el menor podrá ejercitar las acciones correspondientes contra el primer tutor y los que le hubieren sucedido en el cargo, computándose entonces los términos desde el día en que llegue a la mayor edad y tratándose de los demás incapacitados, los términos se computarán desde que cese la incapacidad.

## TÍTULO SEXTO

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

### Del Patrimonio de Familia

**Artículo 1188.** Son objeto del patrimonio de la familia, la casa habitación con sus muebles, y el predio cultivable cuando se trate de familia campesina.

Artículo reformado POE 15-02-2001, 31-05-2023

**Artículo 1189.-** La constitución del patrimonio no transmite la propiedad de los bienes que lo constituyen a los miembros de la familia beneficiaria y éstos sólo tienen derecho a disfrutar esos bienes según lo dispone este título.

**Artículo 1190.** Para los efectos de este título, se entiende por familia a las personas que, estando unidas por matrimonio, concubinato y/o por vínculo filiatorio, habiten una misma casa y tengan, por ley o voluntariamente, unidad en la administración del hogar.

Artículo reformado POE 30-05-2016, 31-05-2023

**Artículo 1191.-** Para los mismos efectos se equipara que viven juntos como si estuvieran casados, sin estarlo, y sin que exista en ellos ningún impedimento no dispensable para que contraigan matrimonio.

**Artículo 1192.-** Las personas a que se refieren los dos artículos anteriores y las que sean acreedoras alimentarias de ellas tienen derecho de habitar y de aprovechar los frutos de los bienes que constituyen el patrimonio de familia.

**Artículo 1193.-** Cuando haya impedimento para que el acreedor alimentario se incorpore a la familia del deudor de los alimentos, aquél no tiene el derecho establecido en el artículo anterior.

**Artículo 1194.-** En caso de muerte del constituyente del patrimonio de la familia, si le sobreviven personas que tengan los derechos que conceden los artículos 1190 a 1192, continuará con ellas el citado patrimonio, sin dividirse, pasando la propiedad de esos bienes a quienes corresponda por sucesión.

**Artículo 1195.-** Los herederos de los bienes del patrimonio de familia deben respetar el derecho de uso de los beneficiarios de ese patrimonio.

**Artículo 1196.-** Los beneficiarios de los bienes afectados al patrimonio de los bienes de familia serán representados en sus relaciones con terceros, en todo lo que al patrimonio se refiere por el que lo constituyó y, en su defecto, por el que nombre la mayoría.

**Artículo 1197.-** El representante de los beneficiarios del patrimonio de familia tendrá la administración de dichos bienes.

**Artículo 1198.-** Los bienes afectos al patrimonio de la familia son inalienables y no están sujetos a embargo ni gravamen alguno.

**Artículo 1199.-** Sólo puede constituirse el patrimonio de familia con bienes sitos en el municipio en que esté domiciliado el que lo constituya.

**Artículo 1200.-** Sólo puede constituirse un patrimonio familiar por familia.

**Artículo 1201.-** Los miembros de una familia para la cual se estableció un patrimonio familiar, dejarán de tener los derechos establecidos en el artículo 1192, cuando a su vez formen otra familia.

**Artículo 1202.** El valor máximo del bien inmueble afecto al patrimonio de familia será el equivalente a quince mil días del salario mínimo general, fijado para la zona económica donde estén ubicados; el de los muebles, el equivalente al diez por ciento del valor del inmueble.

El patrimonio de familia se regirá además de lo dispuesto por este título, por lo establecido por el artículo 727.

*Artículo reformado POE 15-02-2001, 31-05-2023*

**Artículo 1203.-** Quien desee constituir el patrimonio de familia, lo manifestará por escrito al Juez de Primera Instancia de su domicilio, designando con toda precisión y de manera que puedan ser inscritos en el Registro Público los bienes que van a quedar afectados.

**Artículo 1204.-** Comprobará el constituyente del patrimonio, lo siguiente:

**I.-** Que es mayor de edad o que está emancipado;
**II.-** Que está domiciliado en el lugar donde se quiere constituir el patrimonio;

**III.-** La existencia de la familia a cuyo favor se va a constituir el patrimonio. La comprobación de los vínculos familiares se hará con bs copias certificadas de las actas del Registro Civil;

**IV.-** Que son propiedad del constituyente los bienes destinados al patrimonio de familia; y que no reportan gravámenes fuera de las servidumbres;

Si reportan gravámenes, podrá constituirse con esos bienes el patrimonio, aunque el acreedor no dé su consentimiento para ello; pero, en todo caso, el inmueble responderá del pago del adeudo a que se refiere el gravamen, en los términos que se hubiere convenido. Para fijar el máximo del valor del patrimonio, no se tomará en cuenta el valor del adeudo.

**V.-** Que el valor de los bienes que van a constituir el patrimonio no exceda del fijado en el artículo 1202. Este valor se probará con el que tengan los bienes en las Oficinas del Catastro o el que ésta le fije en caso de que no estuvieren registrados en ella esos bienes.

**Artículo 1205.-** Si el interesado así lo pidiere o el Juez advirtiere que es necesario, la solicitud n que se refieren los dos articulas anteriores será redactada por el Juez mismo, haciéndola constar en una acta y en todo caso, el Juez instruirá al interesado respecto de los requisitos que debe satisfacer para constituir el patrimonio de familia.

**Artículo 1206.** Si la persona solicitante vive en concubinato, no impedirá la constitución del patrimonio de familia.

*Artículo reformado POE 31-05-2023*

**Artículo 1207.-** Si se satisfacen los requisitos exigidos por los artículos 1203 y 1204, el Juez aprobará la constitución del patrimonio de la familia y mandará que se hagan las inscripciones correspondientes en el Registro Público y en las oficinas fiscales estatales y municipales.

**Artículo 1208.-** Cuando el valor de los bienes afectos al patrimonio de familia sea inferior al máximo fijado en el artículo 1202, podrá ampliarse hasta llegar a ese valor.

**Artículo 1209.-** La ampliación del patrimonio de familia se sujetará al mismo procedimiento que para la constitución.

**Artículo 1210.-** Cuando haya peligro de que quien tiene la obligación de dar alimentos pierda sus bienes por mala administración o porque los esté dilapidando, los acreedores alimentistas y, sí éstos son incapaces, las personas a que se refiere el artículo 980, promoverán judicialmente que se constituya el patrimonio de la familia hasta por los valores fijados en el artículo 1202. En la constitución de este patrimonio se observará, en lo conducente, lo dispuesto en los artículos 1203 a 1204.

**Artículo 1211.-** Con objeto de favorecer la formación del patrimonio de la familia, se venderán a las personas que tengan capacidad legal para constituirlo y que quieran hacerlo, las propiedades raíces que a continuación se expresan:

**I.-** Los terrenos pertenecientes al Gobierno del Estado o a los municipios del mismo, que no estén destinados a un servicio público, ni sean de uso común.

Para la adquisición de tales terrenos tienen preferencia sobre cualquier otro, excepto su poseedor, la persona que desee constituir un patrimonio de familia.

**II.-** Los terrenos que el Gobierno adquiera para dedicarlos a la formación del patrimonio de las familias que cuenten con pocos recursos.

**Artículo 1212.-** El precio de los terrenos a que se refiere la fracción II del artículo anterior se pagará en no más de quince anualidades que amorticen el capital y los réditos a un tipo de interés que no exceda de nueve por ciento anual sobre saldos insolutos.

En los casos previstos en la fracción I del artículo que precede, la autoridad vendedora fijará la forma y el plazo en que deba pagarse el precio de los bienes vendidos, tomando en cuenta la capacidad económica del comprador.

**Artículo 1213.-** El que desee constituir el patrimonio de la familia con la clase de bienes que menciona el artículo 1211, además de cumplir los requisitos exigidos por las fracciones 1, II Y III del artículo 1204 comprobará:

**I.-** Que es mexicano;

**II.-** Su aptitud o la de sus familiares para desempeñar algún oficio, profesión, industria o comercio;

**III.-** Que él o sus familiares poseen los instrumentos y demás objetos indispensables para ejercer la ocupación a que se dediquen;

**IV.-** El promedio de sus ingresos, a fin de que se pueda calcular, con probabilidades de acierto, la posibilidad de pagar el precio del terreno que se le venda;

**V.-** Que carece de bienes inmuebles. Si el que tenga interés jurídico demuestra que quien constituyó el patrimonio era propietario de bienes raíces al constituirlo, se declarará nula la venta y la constitución del patrimonio.

**Artículo 1214.-** La constitución del patrimonio de que trata el artículo 1211, se sujetará a la tramitación administrativa que fijen los reglamentos respectivos. Aprobada la constitución del patrimonio se inscribirá en el Registro Público.

**Artículo 1215.-** La constitución del patrimonio de la familia no puede hacerse en fraude de los derechos de los acreedores.

**Artículo 1216.-** Constituido el patrimonio de la familia, ésta tiene el deber de habitar la casa y de cultivar la parcela. El Juez de Primera Instancia del Distrito Judicial en que esté constituido el patrimonio puede, por justa causa, autorizar para que se dé en arrendamiento o aparcería, hasta por un año.

**Artículo 1217.-** El patrimonio de la familia se extingue, en cualquiera de los casos siguientes:

**I.-** Cuando todos los beneficiarios cesen de tener derecho de percibir alimentos;

**II.-** Cuando sin causa justificada la familia deje de habitar por un año la casa que debe servirle de morada, o de cultivar por su cuenta y por dos años consecutivos la parcela que forma parte del patrimonio;

**III.-** Cuando se demuestre que hay gran necesidad o notoria utilidad para la familia, de que el patrimonio quede extinguido;

**IV.-** Cuando por causa de utilidad pública se expropien los bienes que lo forman;

**V.-** Cuando tratándose del patrimonio formado con los bienes vendidos conforme al artículo 1211, se declare judicialmente nula o rescindida la venta de esos bienes.

**Artículo 1218.-** La declaración de que queda extinguido el patrimonio la hará el Juez de Primera Instancia y la comunicará al Registro y a las oficinas fiscales estatal y municipal, para que se hagan las cancelaciones correspondientes.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1219.-** Cuando el patrimonio se extinga por la causa prevista en la fracción IV del artículo que precede, hecha la expropiación, el patrimonio queda extinguido sin necesidad de declaración judicial, debiendo hacerse en el Registro la cancelación que proceda.

**Artículo 1220.-** El precio del patrimonio expropiado y la indemnización proveniente del pago del seguro a consecuencia del siniestro sufrido por los bienes afectados al patrimonio familiar, se depositarán en una institución de crédito, en forma tal, que siendo el depósito a la vista produzca el mayor interés en esa clase de depósitos, a fin de dedicarlos a la constitución de un nuevo patrimonio de familia y durante un año son inembargables el precio depositado o el importe del seguro y en uno y otro caso los intereses.

**Artículo 1221.-** Si el dueño de los bienes vendidos no lo constituye dentro del plazo de seis meses, los miembros de la familia beneficiaria del patrimonio tienen derecho de exigir judicialmente la constitución del patrimonio familiar.

**Artículo 1222.-** Transcurrido un año desde que se hizo el depósito, sin que se hubiere promovido la constitución del patrimonio, la cantidad depositada se entregará al dueño de los bienes.

**Artículo 1223.-** En los casos de suma necesidad o de evidente utilidad, puede el Juez autorizar al dueño del depósito, para disponer de él antes de que transcurra el año.

**Artículo 1224.-** Puede disminuirse el patrimonio de la familia cuando se demuestre que su disminución es de gran necesidad o de notoria utilidad para la familia.

**Artículo 1225.-** También puede disminuirse el patrimonio de la familia cuando éste, por causas posteriores a su constitución, ha rebasado en más de un ciento por ciento el valor máximo que pueda tener conforme al artículo 1202.

**Artículo 1226.-** Extinguido el patrimonio de la familia, los bienes que lo formaban vuelven al pleno dominio del que lo constituyó, si la extinción se verifica en vida de éste y en su caso se aplicará lo dispuesto en el artículo 1194.

<div align="center">

**TERCERA PARTE ESPECIAL**
**Del Derecho Hereditario**

**TÍTULO PRIMERO**
**Disposiciones Preliminares**

</div>

**Artículo 1227.-** Herencia es la sucesión en todos los bienes de una persona y en todos sus derechos y obligaciones que no se extinguen por la muerte.

**Artículo 1228.-** La herencia se defiere por la voluntad del testador o por disposición de la ley. La primera se llama testamentaria; y la segunda, legítima.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1229.-** El testador puede disponer de todo o de parte de sus bienes. La parte de que no disponga quedará regida por los preceptos de la sucesión legítima.

**Artículo 1230.-** El heredero adquiere a título universal y responde de las cargas de la herencia hasta donde alcance la cuantía de los bienes que hereda.

**Artículo 1231.-** El legatario adquiere a título particular y no tiene más cargas que las que expresamente le imponga el testador, sin perjuicio de su responsabilidad subsidiaria con los deudores; pero cuando toda la herencia se distribuye en legados, los legatarios serán considerados como herederos.

**Artículo 1232.-** Si el autor de la herencia y sus herederos o legatarios perecieron en el mismo desastre o en el mismo día, sin que se pueda determinar a ciencia cierta quién o quiénes murieron antes, se tendrá a todos por muertos al mismo tiempo, y no habrá lugar entre ellos a la transmisión de la herencia o del legado.

**Artículo 1233.-** La propiedad de los bienes hereditarios se transmite a los sucesores, por ministerio de la ley, en el momento de la muerte del autor de la sucesión y sí los herederos o legatarios son varios, mientras no se hace la división, adquirirán derecho a la masa hereditaria como a un patrimonio común.

**Artículo 1234.-** La posesión de los bienes hereditarios se transmite a los herederos y a los ejecutores universales, también por ministerio de la ley, desde el momento mismo de la muerte del autor de la sucesión, salvo lo dispuesto en el artículo 751.

**Artículo 1235.-** También desde el momento de la muerte del autor de la herencia, el legatario adquiere derecho al legado puro y simple.

**Artículo 1236.-** Cada heredero puede disponer del derecho que tiene en la masa hereditaria; pero no puede disponer de las cosas que forman la sucesión.

**Artículo 1237.-** El heredero y el legatario no pueden enajenar su parte en la herencia, sino después de la muerte de aquél a quien suceden.

**Artículo 1238.-** El coheredero que quiera vender a un extraño su derecho hereditario debe notificar a los demás coherederos por medio del notario, judicialmente o por medio de dos testigos, las bases o condiciones en que se ha concertado la venta, a fin de que aquéllos, dentro del término de ocho días, hagan uso del derecho del tanto. Si los herederos hacen uso de este derecho, el vendedor está obligado a consumar la venta a su favor, conforme a las bases concertadas. Por el solo transcurso de dichos ocho días sin hacerlo valer, caduca el derecho del tanto. La venta será nula si se hace omitiéndose la notificación prescrita en este artículo.

**Artículo 1239.-** Si dos o más herederos quisieren hacer uso del derecho del tanto, se preferirá al que represente mayor porción en la herencia, y si las porciones son iguales, la suerte decidirá, a quien corresponde el uso del derecho.

**Artículo 1240.-** El derecho al retracto concedido en el artículo anterior no podrá hacerse valer si la enajenación se hizo a un coheredero.

### TÍTULO SEGUNDO
### De la Sucesión por Testamento

### CAPÍTULO PRIMERO
### De los Testamentos en General

**Artículo 1241.-** El testamento es un acto personalísimo, revocable y libre por el cual una persona capaz dispone de sus bienes y derechos y declara o cumple deberes para después de su muerte.

**Artículo 1242.-** No pueden testar en el mismo acto dos o más personas, ya en provecho recíproco, ya en favor de un tercero.

**Artículo 1243.-** Ni la institución de los herederos o legatarios ni la subsistencia de su nombramiento ni la designación de las cantidades que a ellos correspondan, pueden dejarse al arbitrio de un tercero.

**Artículo 1244.-** Cuando el testador instituye como herederos o legatarios a determinadas clases formadas por un número indeterminado de individuos, como los pobres, los huérfanos, los ciegos, y otros semejantes, puede encomendar a un tercero la distribución de las cantidades que deje para ese objeto y la elección de las personas a quienes debe aplicarse, sin perjuicio de la intervención del Estado, en el manejo y ejecución del legado o herencia, observándose lo dispuesto en el artículo 1273.

**Artículo 1245.-** Puede el testador encomendar a un tercero que haga la elección de la clase de actos de beneficencia o de establecimientos, a los cuales deban aplicarse los bienes que deje con ese objeto, así como la distribución de las cantidades que a cada uno corresponda.

**Artículo 1246.-** La disposición hecha en términos vagos en favor de los parientes del testador, se entenderá que se refiere a los parientes más próximos, según el orden de la sucesión legítima.

**Artículo 1247.-** Serán nulas las disposiciones hechas a título universal o particular cuando se funden en una causa expresa que resulte errónea, si ha sido la única que determinó la voluntad del testador.

**Artículo 1248.-** Toda disposición testamentaria deberá entenderse en el sentido literal de las palabras, a no ser que aparezca con manifiesta claridad que fue otra la voluntad del testador.

**Artículo 1249.-** En caso de duda sobre la inteligencia o interpretación de una disposición testamentaria, se observará lo que parezca más conforme a la intención del testador,

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

según el tenor del testamento y la prueba auxiliar que a este respecto pueda rendirse por los interesados.

**Artículo 1250.-** Si un testamento se pierde por un evento ignorado por el testador, o por haber sido ocultado por otra persona, podrán los interesados exigir su cumplimiento si demuestran plenamente el hecho de la pérdida o de la ocultación, el contenido del testamento y que en su otorgamiento se llenaron todas las formalidades legales.

## CAPÍTULO SEGUNDO
### De la Capacidad para Testar

**Artículo 1251.-** Pueden testar todas las personas a quienes la ley no prohíbe expresamente el ejercicio de ese derecho.

**Artículo 1252.-** Están incapacitados para testar:

**I.** Las niñas, niños y adolescentes que no hayan cumplido catorce años de edad, y

Fracción reformada POE 31-05-2023

**II.** Las personas que habitual o accidentalmente no disfruten de su cabal juicio.

Fracción reformada POE 31-05-2023

**Artículo 1253.-** Es válido el testamento hecho por un demente en un intervalo de lucidez, con tal de que se observen las prescripciones establecidas en los artículos siguientes.

**Artículo 1254.-** Siempre que un demente pretenda hacer testamento en un intervalo de lucidez, el tutor y, en defecto de éste, cualquier miembro de la familia de aquél, presentará por escrito una solicitud al Juez que corresponda.

**Artículo 1255.-** El Juez al recibir la solicitud mandará formar expediente y nombrará dos médicos, de preferencia alienistas, para que examinen al enfermo y dictaminen acerca de su estado mental.

**Artículo 1256.-** El Juez, asistido de su secretario, tiene obligación de concurrir al examen del enfermo, y podrá hacerle, cuantas preguntas estime convenientes, a fin de cerciorarse de su capacidad para testar e igual obligación de preguntar tiene el agente del Ministerio Público de la adscripción, quien también deberá concurrir al acto.

**Artículo 1257.-** El resultado del reconocimiento se hará constar en acta formal y si éste fuere favorable, se procederá desde luego a la formulación del testamento ante notario público, con todas las formalidades que se requieren para los testamentos públicos abiertos.

**Artículo 1258.-** Firmarán el acta, además del notario y de los testigos, el Juez, el secretario, el agente del Ministerio Público y los médicos, poniéndose al pie del testamento razón expresa de que durante todo el acto conservó el paciente perfecta lucidez de juicio y sin este requisito y su constancia será nulo el testamento.

## CAPÍTULO TERCERO
## De la Capacidad para Heredar

**Artículo 1259.-** Todos los habitantes del Estado, cualquiera que sea su edad, tienen capacidad para heredar, y no pueden ser privados de ella de un modo absoluto; pero con relación a ciertas personas y a determinados quienes, pueden perderla por alguna de las causas siguientes:

**I.-** Falta de personalidad;

**II.-** Delito;

**III.-** Presunción de influencia contraria a la libertad del testador o a la verdad o integridad del testamento;

**IV.-** Orden público; y

**V.-** Renuncia o remoción de algún cargo conferido en el testamento.

**Artículo 1260.-** Son incapaces de adquirir por testamento o por intestado, a causa de falta de personalidad, los que no estén concebidos a tiempo de la muerte del autor de la herencia, o los que, aun estando concebidos, no nazcan vivos.

**Artículo 1261.-** Será válida no obstante la disposición hecha en favor de los hijos que nacieren de ciertas y determinadas personas, durante la vida del testador, aunque en el momento de hacer el testamento no estén concebidos o no hayan nacido.

**Artículo 1262.-** Por razón de delito son incapaces de adquirir por testamento o por intestado:

**I.-** El que haya sido condenado por haber dado, mandado o intentado dar muerte a la persona de cuya sucesión se trate, o al cónyuge, o persona con quien el testador hubiere vivido marital mente o a los padres, hijos o hermanos de ella;

**II.-** El que haya hecho contra el autor de la sucesión o contra alguna de las otras personas mencionadas en la fracción anterior, denuncia o acusación por delito que merezca pena de prisión, aun cuando aquélla sea fundada, si el acusador o denunciante fuere descendiente, ascendiente, cónyuge o hermano del testador, a no ser que ese acto haya sido preciso para que el acusador salvara su vida, su honra o la de sus descendientes, ascendientes, hermanos, medios hermanos o cónyuge o persona con la que haga vida marital;

**III.-** El cónyuge que mediante juicio ha sido declarado adúltero, si se trata de suceder al otro cónyuge;

**IV.-** El coautor del cónyuge adúltero, ya sea que se trate de la sucesión de éste o de la del otro cónyuge;

**V.-** El que haya sido condenado por un delito cometido contra el autor de la herencia, de sus descendientes, de su cónyuge o persona con quien hizo vida marital;

*Fracción reformada POE 13-09-2019*

**VI.-** El padre y la madre respecto del hijo abandonado por ellos;

**VII.-** Los padres que prostituyan a sus hijos y atentaren a su pudor, respecto de los ofendidos;

**VIII.-** Los parientes del autor de la herencia que, teniendo obligación de darle alimentos, no la hubieren cumplido;

**IX.-** Los parientes del autor de la herencia que, hallándose este imposibilitado para trabajar y sin recursos. no lo protegieron o por lo menos no lo hicieron recoger en establecimientos de beneficencia;

**X.-** El que usare de violencia, dolo o fraude con una persona para que haga, deje de hacer o revoque su testamento;

**XI.-** El que, conforme al Código Penal, fuere culpable de supresión, substitución o suposición de infante, siempre que se trate de la herencia que debió corresponder a éste o a las personas a quienes se haya perjudicado o intentado perjudicar con esos actos.

**XII.-** Quienes hayan sido condenados por el delito de violencia familiar y/o violencia vicaria cometida en contra de la persona testadora.

*Fracción reformada POE 07-09-2020*
*Artículo reformado POE 10-12-2010*

**Artículo 1263.-** La incapacidad para heredar establecida por el artículo anterior priva también al excluido del derecho a los alimentos que por ley debieron corresponderle.

**Artículo 1264.-** Cuando la parte agraviada en cualquiera de los modos que expresa el artículo 1262 perdonare al ofensor, recobrará éste el derecho de suceder por intestado al ofendido, si el perdón consta por declaración auténtica o por hechos indubitables.

**Artículo 1265.-** La capacidad para suceder por testamento sólo se recobra si después de conocido el agravio, el ofendido instituye heredero al ofendido o revalida su institución anterior con las mismas formalidades que se exigen para testar.

**Artículo 1266.-** En los casos de intestado, los descendientes del incapaz de heredar conforme al artículo 1262, heredarán al autor de la sucesión, no debiendo ser excluidos por la falta de su progenitor; pero éste no puede, en ningún caso, tener en los bienes de la sucesión la administración que la ley acuerda a los padres sobre los bienes de sus hijos.

**Artículo 1267.-** Por presunción de influjo contrario a la libertad del autor de la herencia, son incapaces de adquirir por testamento del menor los tutores, a no ser que sean instituidos antes de ser nombrados para el cargo o después de la mayor edad de aquél estando ya aprobadas las cuentas de la tutela. La incapacidad a que se refiere este

artículo, no comprende a los tutores que sean ascendientes, hermanos del menor, salvo que hayan procedido en los términos de la fracción X del artículo 1262.

**Artículo 1268.-** Por presunción de influencia contraria a la libertad del testador, son incapaces de heredar por testamento el médico que haya asistido a aquél durante su última enfermedad, si entonces hizo su disposición testamentaria, así como el cónyuge, o la persona con quien viva maritalmente, ascendientes, descendientes y hermanos o medios hermanos del facultativo, a no ser que los herederos instituidos sean también herederos legítimos.

**Artículo 1269.-** Por presunción de influencia contraria a la libertad del testador, los ministros de los cultos no pueden ser legatarios o herederos por testamento de un particular con quien no tengan parentesco dentro del tercer grado. La misma incapacidad tienen los ascendientes, descendientes, cónyuge o persona con quien se haga vida marital o hermanos de los ministros, respecto de las personas a quienes éstos hayan prestado cualquier auxilio espiritual durante la enfermedad de que hubieren fallecido, o de quienes los ministros hayan sido directores espirituales aun cuando no los hayan asistido espiritualmente durante su última enfermedad.

**Artículo 1270.-** Por presunción de influjo contrario a la verdad e integridad del testamento, son incapaces de heredar por este medio el notario y los testigos que hayan intervenido en aquél, así como sus ascendientes, descendientes, cónyuge, o persona que viva maritalmente con ellos.

**Artículo 1271.-** Por razón de orden público, los ministros de los cultos no pueden ser legatarios o herederos por testamento de los ministros del mismo culto.

**Artículo 1272.-** Las herencias o legados que se dejan a un establecimiento público imponiéndole algún gravamen o bajo alguna condición, sólo serán válidos si el Ejecutivo del Estado los aprueba.

**Artículo 1273.-** Las disposiciones testamentarias hechas en favor de los pobres en general, se entenderán hechas en favor del Estado.

**Artículo 1274.-** Por renuncia o remoción de su cargo son incapaces de heredar por testamento los que, nombrados en él tutores o albaceas, hayan rehusado, sin justa causa, el cargo, o por mala conducta hayan sido separados judicialmente de su ejercicio.

**Artículo 1275.-** Lo dispuesto en la primera parte del artículo anterior no comprende a los que, desechada por el Juez la excusa, hayan servido el cargo.

**Artículo 1276.-** Las personas llamadas por la ley para desempeñar la tutela legítima y que se rehúsen sin causa justificada a desempeñarla, no tienen derecho a heredar a los incapaces de quienes deben ser tutores.

**Artículo 1277.-** Para que el heredero pueda suceder, basta que sea capaz al respecto al tiempo de la muerte del autor de la herencia y si la institución fuere condicional, se necesitará, además que el heredero sea capaz al tiempo en que se cumpla la condición.

**Artículo 1278.-** El heredero por testamento que muera antes que el testador o antes de que se cumpla la condición, sea incapaz de heredar o renuncie a la sucesión, no transmite ningún derecho a sus herederos.

**Artículo 1279.-** En los casos del artículo anterior, la herencia pertenece a los herederos legítimos del testador, a no ser que éste haya dispuesto otra cosa.

**Artículo 1280.-** El que hereda en lugar del excluido, tendrá las mismas cargas y condiciones que legalmente se hubieran puesto a aquél.

**Artículo 1281.-** Los deudores hereditarios que fueren demandados y que no tengan el carácter de herederos, no podrán oponer al que esté en posesión del derecho de heredero o legatario, la excepción de incapacidad.

**Artículo 1282.-** La incapacidad no produce el efecto de privar al incapaz de lo que hubiere de percibir, sino después de declarada en juicio a petición de algún interesado, sin que pueda el Juez promoverla de oficio.

**Artículo 1283.-** No puede deducirse acción para declarar la incapacidad pasados dos años desde que el incapaz esté en posesión de la herencia o legado, salvo que se trate de incapacidades establecidas en vista del interés público, las cuales en todo tiempo pueden hacerse valer.

**Artículo 1284.-** Si el que entró en posesión de la herencia y la pierde después por incapacidad, hubiere enajenado o gravado todos o parte de los bienes antes de ser emplazado en el juicio en que se discuta su incapacidad, y aquél con quien contrató hubiere tenido buena fe, el contrato subsistirá; mas el heredero incapaz estará obligado a indemnizar al legítimo de todos los daños y perjuicios.

**Artículo 1285.-** Lo dispuesto en el artículo anterior se aplicará también al heredero aparente con respecto a los contratos que haya celebrado con tercero de buena fe.

## CAPÍTULO CUARTO
### De las Condiciones que pueden ponerse en los Testamentos

**Artículo 1286.-** El testador es libre para establecer condiciones al disponer de sus bienes.

**Artículo 1287.-** Las condiciones impuestas a los herederos y legatarios, en lo que no esté prevenido en este capítulo, se regirán por las reglas establecidas para las obligaciones condicionales.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1288.-** La falta de cumplimiento de alguna condición impuesta al heredero o al legatario no perjudicará a éstos, siempre que hayan empleado los medios necesarios para cumplir aquella.

**Artículo 1289.-** La condición física legalmente imposible de dar o de hacer impuesta al heredero o legatario anula su institución; pero la institución será válida, como herencia o legado condicional, si la condición que era imposible al tiempo de otorgarse el testamento, dejare de serlo a la muerte del testador.

**Artículo 1290.-** Es nula la institución hecha bajo la condición de que el heredero o legatario hagan en su testamento alguna disposición en favor del testador o de otra persona.

**Artículo 1291.-** La condición que solamente suspende por cierto tiempo la ejecución del testamento, no impedirá que el heredero o el legatario adquieran derecho a la herencia o legado y la transmitan a sus herederos.

**Artículo 1292.-** Cuando el testador no hubiera señalado plazo para el cumplimiento de la condición, la cosa legada permanecerá en poder del albacea, y al hacerse la partición se asegurará competentemente el derecho del legatario para el caso de cumplirse la condición.

**Artículo 1293.-** En el caso del artículo anterior se observarán, además, las disposiciones establecidas para hacer la partición, cuando alguno de los herederos es condicional.

**Artículo 1294.-** Si la condición es puramente potestativa de dar o de hacer alguna cosa, y el que. ha sido gravado con ella ofrece cumplirla, pero aquel a cuyo favor se estableció rehúsa aceptar la cosa o el hecho, la condición se tiene por cumplida.

**Artículo 1295.-** La condición potestativa se tendrá por cumplida aun cuando el heredero o el legatario haya prestado la cosa o el hecho antes del otorgamiento del testamento, a no ser que pueda reiterarse la prestación.

**Artículo 1296.-** Si la prestación puede reiterarse será obligatorio el nuevo cumplimiento si se demuestra que el testador, al establecer la condición, tenía conocimiento de la primera prestación o cumplimiento y corresponde al que debe pagar el legado la prueba de que el testador tuvo conocimiento de la primera prestación.

**Artículo 1297.-** Cuando la condición fuere casual o mixta, bastará que se realice en cualquier tiempo, vivo o muerto el testador, si éste no hubiere dispuesto otra cosa; pero si la condición estuviera ya realizada al hacerse el testamento ignorándolo el testador, se tendrá por cumplida; más si lo sabía, sólo se tendrá por cumplida si ya no puede existir o cumplirse de nuevo.

**Artículo 1298.-** Será nula de pleno derecho y, por tanto se tendrá por no puesta sin necesidad de declaración judicial alguna, la condición que sea:

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**I.-** De no dar o de no hacer;

**II.-** De no impugnar el testamento o alguna de sus disposiciones so pena de perder el carácter de heredero o legatario; y

**III.-** De tomar o dejar de tomar estado. Podrá, sin embargo, dejarse a alguien el use, la habitación, el usufructo o una pensión alimenticia periódica por el tiempo que permanezca soltero o viudo, en la inteligencia de que si el testador no determina el monto de esa pensión o el que fija excede las posibilidades económicas de la masa hereditaria, su cuantía será fijada de acuerdo con las reglas generales en materia de alimentos.

**Artículo 1299.-** La condición que se ha cumplido existiendo la persona a quien se impuso, retrotrae sus efectos al tiempo de la muerte del testador, y desde entonces deben abonarse los frutos de la herencia o legado, a menos que el testador haya dispuesto expresamente otra cosa.

**Artículo 1300.-** La carga de hacer alguna cosa se considera como condición resolutoria.

**Artículo 1301.-** Si no se hubiere señalado tiempo para el cumplimiento de la carga, ni ésta por su propia naturaleza lo tuviere, se observará lo dispuesto en el artículo 1292.

**Artículo 1302.-** Si el legado fuere de prestación periódica y estuviere sujeto a una condición resolutoria, la realización de ésta extingue el legado; pero el legatario habrá hecho suyas todas las prestaciones que correspondan hasta el día de la realización de la condición.

**Artículo 1303.-** Si el día en que debe comenzar el legado fuere seguro, sea que se sepa o no cuando ha de llegar, el que ha de entregar la cosa legada tendrá, respecto de ella y mientras efectúa la entrega, los derechos y las obligaciones del usufructuario.

**Artículo 1304.-** En el caso del artículo anterior, si el legado consiste en una prestación periódica, el que debe pagarlo hace suyo todo lo correspondiente al intermedio, y debe comenzar a cumplir a la llegada del día señalado.

**Artículo 1305.-** Cuando el legado deba concluir en un día que es seguro que ha de llegar, se entregará desde luego la cosa o cantidad legada al legatario, quien se considerará como usufructuario de ella mientras llega dicho día.

**Artículo 1306.-** Si el legado consistiere en prestación periódica el legatario hará suyas todas las cantidades vencidas hasta el día señalado.

<div align="center">

**CAPÍTULO QUINTO**
**De la Libre Testamentifacción y de los Testamentos Inoficiosos**

</div>

**Artículo 1307.-** El testador debe dejar alimentos a las personas que se mencionan en las fracciones siguientes:

**I.-** A sus ascendientes;

**II.-** A su cónyuge, concubina o concubinario, si está imposibilitada para trabajar y carece de bienes productivos suficientes. Salvo disposición expresa del testador, este derecho subsistirá mientras su cónyuge, concubina o concubinario no forme un nuevo hogar por matrimonio o por concubinato. Esto mismo aplicará para lo dispuesto en el segundo párrafo del artículo 1534 de este Código;

*Fracción reformada POE 27-11-2007*

**III.-** A sus descendientes; y

**IV.-** A sus hermanos carentes de medios de subsistencia y que no hayan cumplido dieciocho años, o que habiéndolos cumplido carezcan de dichos medios y estén sujetos a interdicción.

**Artículo 1308.-** Los herederos instituidos a quienes por virtud de lo dispuesto en los artículos 1312 y 1313, pasa la obligación de darle alimentos a los preteridos, pueden demandar la cesación de dicha obligación si concurre alguna de las causas señaladas en el artículo 855.

**Artículo 1309.-** No hay obligación de dar alimentos sino a falta o por imposibilidad de los parientes más próximos en grado ni a las personas que tengan bienes; pero si teniéndolos, su producto no iguala a la pensión que debería corresponderles, la obligación se reducirá a lo que falte para completarla.

**Artículo 1310.-** El derecho de percibir alimentos no es renunciable ni puede ser objeto de transacción. El monto de la pensión alimenticia se fijará y asegurará conforme a las reglas generales establecidas por este Código en materia de alimentos, y por ningún motivo excederá de los productos de la porción que en caso de sucesión intestada correspondería al que tenga derecho a dicha pensión, ni bajará de la mitad de tales productos. Si el testador hubiere fijado la pensión alimenticia, subsistirá su designación, cualquiera que sea, siempre que no baje del mínimo antes establecido.

**Artículo 1311.-** Cuando el caudal hereditario no fuere suficiente para dar alimentos a todas las personas enumeradas en el artículo 1307 se observarán las reglas siguientes:

**I.-** Se ministrarán a prorrata a los descendientes, ascendientes y cónyuge supérstite, concubina o concubinario, o la persona a que se refiere el segundo párrafo del artículo 1534 de este Código;

*Fracción reformada POE 27-11-2007*

**II.-** Cubiertas las pensiones a que se refiere la fracción anterior, se ministrarán, también a prorrata, a los hermanos.

**Artículo 1312.-** Es inoficioso el testamento en que no se deje la pensión alimenticia según lo establecido en este capítulo.

**Artículo 1313.-** El preterido sólo tendrá derecho a que se le dé la pensión que corresponda, subsistiendo el testamento en todo lo que no perjudique este derecho.

**Artículo 1314.-** La pensión alimenticia es carga de la masa hereditaria, excepto cuando el testador haya gravado con ella a alguno o algunos de los partícipes de la sucesión.

**Artículo 1315.-** No obstante lo dispuesto en el artículo 1313 el hijo póstumo y el hijo o hijos nacidos en vida del testador, pero después de que éste haya hecho su testamento, tendrán derecho a percibir integra la porción que les correspondería como herederos legítimos si no hubiere testamento, a menos que el testador hubiere dispuesto expresamente otra cosa.

## CAPÍTULO SEXTO
### De la Institución de Heredero

**Artículo 1316.-** El testamento otorgado legalmente será válido aunque no contenga institución de heredero y aunque el nombrado no acepte la herencia o sea incapaz de heredar.

**Artículo 1317.-** En los tres casos señalados en el artículo anterior, se cumplirán las demás disposiciones testamentarias que estuvieran hechas conforme a las leyes.

**Artículo 1318.-** No obstante lo dispuesto en el artículo 1289, la designación del día en que deben comenzar o cesar la institución de herederos se tendrá por no puesta.

**Artículo 1319.-** Los herederos instituidos sin designación de la parte que a cada uno corresponda, heredarán por partes iguales.

**Artículo 1320.-** El heredero instituido en cosa cierta y determinada debe tenerse por legatario.

**Artículo 1321.-** Aunque el testador nombre a algunos herederos individualmente y a otros colectivamente, como si dijera: "instituyo por mis herederos a Pedro y a Pablo y a los hijos de Francisco", los colectivamente nombrados se considerarán como si fuesen individualmente, a no ser que se conozca de un modo claro que ha sido otra la voluntad del testador.

**Artículo 1322.-** Si el testador instituye a sus hermanos y los tiene sólo de padre, sólo de madre, o de padre y madre, se dividirá la herencia como en el caso de intestado.

**Artículo 1323.-** Si el testador llama a la sucesión a cierta persona y a sus hijos, se entenderán todos instituidos simultánea y no sucesivamente.

**Artículo 1324.-** El heredero debe ser instituido designándolo por su nombre y apellidos, y si hubiere varios que tuvieran el mismo nombre y apellido, deben agregarse otros datos y circunstancias que distingan al que se quiere nombrar.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1325.-** Aunque se haya omitido el nombre del heredero, si el testador lo designare de modo que no pueda dudarse de quién sea, valdrá la institución.

**Artículo 1326.-** El error en el nombre, apellidos o cualidades del heredero no vicia la institución, si de otro modo se supiere ciertamente quién es la persona nombrada.

**Artículo 1327.-** Si entre varios individuos del mismo nombre y circunstancias no pudiere saberse a quién quiso designar el testador, ninguno será heredero.

**Artículo 1328.-** Será nula toda disposición en favor de persona incierta o sobre bien que no pueda identificarse a menos que por algún evento puedan resultar ciertas.

### CAPÍTULO SÉPTIMO
### De los Legados

### SECCIÓN PRIMERA
### Disposiciones Generales

**Artículo 1329.-** A falta de disposición legal expresa, los legados se regirán:
**I.-** Por las normas de las herencias; y

**II.-** Por las que este Código establece para regir las relaciones entre el acreedor y el deudor, en cuanto a les derechos y obligaciones que surgen entre los legatarios y los obligados a pagar el legado.

**Artículo 1330**.- El legado puede consistir en la prestación de bienes, en la prestación de hechos o servicios, en la transmisión de derechos o en la liberación de obligaciones.

**Artículo 1331.-** El testador puede gravar con legados no sólo a los herederos, sino a los mismos legatarios.

**Artículo 1332.-** El bien legado deberá ser entregado con todos sus accesorios y en el estado en que se halle al morir el testador, siendo el pago de los gastos de entrega a cargo del legatario, salvo disposición del testador en contrario.

**Artículo 1333.-** Entre tanto se hace la entrega del bien objeto del legado, el deudor de éste o el albacea, en su caso, serán depositarios de aquél.

**Artículo 1334.-** El legatario no puede aceptar una parte del legado y repudiar otra; pero si el legatario muere antes de aceptar y deja varios herederos, pueden uno o más de éstos aceptar, y otro u otros repudiar la parte que les corresponda en el legado.

**Artículo 1335.-** Si se dejaren dos legados y uno fuere oneroso, el legatario no podrá renunciar éste y aceptar el que no lo sea. Si los dos son onerosos o gratuitos, es libre para aceptados todos o repudiar el que quiera.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1336.-** El heredero que sea al mismo tiempo legatario, puede renunciar la herencia y aceptar el legado o renunciar éste y aceptar aquélla.

**Artículo 1337.-** El acreedor cuyo crédito no conste más que por testamento, se tendrá como legatario preferente, para ser pagado en el lugar señalado en la fracción II del artículo 1348.

**Artículo 1338.-** Cuando se legue un bien con todo lo que comprenda, se entenderán legados los documentos justificantes de propiedad.

**Artículo 1339.-** El legado del menaje de una casa sólo comprende los bienes muebles a que se refiere el artículo 1742.

**Artículo 1340.-** Si el que lega una propiedad le agrega después nuevas adquisiciones, no se comprenderán éstas en el legado, aunque sean contiguas, si no hay nueva declaración del testador.

**Artículo 1341.-** La declaración a que se refiere el artículo precedente no se requiere respecto de las mejoras necesarias, útiles o voluntarias hechas en el mismo predio.

**Artículo 1342.-** El legatario puede exigir que el heredero otorgue fianza en todos los casos en que pueda exigirla el acreedor.

**Artículo 1343.-** Si solo hubiere legatarios podrán éstos exigirse entre si la constitución de la hipoteca necesaria.

**Artículo 1344.-** No puede el legatario ocupar por su propia autoridad el bien legado, debiendo pedir su entrega y posesión al albacea o al ejecutor especial; pero si ya estuviere en su poder, podrá retenerlo, sin perjuicio de devolver en caso. de reducción lo que corresponda conforme a derecho.

**Artículo 1345.-** El importe de las contribuciones correspondientes al legado se deducirá del valor de éste, a no ser que el testador disponga otra cosa.

**Artículo 1346.-** Si toda la herencia se distribuye en legados, se prorratearán las deudas y gravámenes de ella entre todos los partícipes, en proporción de sus cuotas, a no ser que el testador hubiere dispuesto otra cosa.

**Artículo 1347.-** El legado queda sin efecto:

**I.-** Si por hechos propios u orden del testador el bien legado pierde la forma y denominación que la determinaban;

**II.-** Si el bien se pierde por evicción, salvo que el mismo fuere indeterminado y se señalare solamente por género o especie, en cuyo caso responderá de la evicción el obligado a pagar el legado;

**III.-** Si el bien perece viviendo el testador, o si después de la muerte de éste, perece sin culpa del heredero; y

**IV.-** Si el testador enajena el bien legado, pero vale si lo recobra por cualquier título legal.

**Artículo 1348.-** Si los bienes de la herencia no alcanzan para cubrir los legados, el pago se hará en el siguiente orden:

**I.-** Legados remuneratorios;

**II.-** Legados que el testador o la ley haya declarado preferentes;

**III.-** Legados de bien cierto y determinado;

**IV.-** Legados de alimentos o de educación;

**V.-** Los demás a prorrata.

**Artículo 1349.-** Los legatarios tienen derecho a reivindicar de tercero el bien legado, ya sea mueble o raíz, con tal que sea cierto y determinado, salvo derecho de tercero de buena fe.

**Artículo 1350.-** El legatario de un bien que perece incendiado después de la muerte del testador, tiene derecho de recibir la indemnización del seguro si la cosa estaba asegurada.

**Artículo 1351.-** Si se declara nulo el testamento después de pagado el legado, la acción del verdadero heredero para recobrar la cosa legada procede contra el legatario y no contra el otro heredero, a no ser que éste haya hecho con dolo la partición.

**Artículo 1352.-** Si el heredero o legatario renunciaren a la sucesión, la carga que se les haya impuesto se pagará solamente con la cantidad a que tiene derecho el que renunció.

**Artículo 1353.-** Si la carga consiste en la ejecución de un hecho, el heredero o legatario que acepte la sucesión queda obligado a prestarlo.

**Artículo 1354.-** Si el legatario a quien se impuso algún gravamen no recibe todo el legado, se reducirá la carga proporcionalmente, y si sufre evicción, podrá repetir lo que haya pagado.

## SECCIÓN SEGUNDA
### Legados Alternativos

**Artículo 1355.-** En los legados alternativos la elección corresponde al heredero, si el testador no la concede expresamente al legatario.

**Artículo 1356.-** Si el heredero tiene la elección, puede entregar el bien de menor valor; si la elección corresponde al legatario, puede exigir el bien de mayor valor.

**Artículo 1357.-** En los legados alternativos se observará además lo dispuesto para las obligaciones alternativas.

**Artículo 1358. -** En todos los casos en que el que tenga derecho de hacer la elección no pudiere hacerla, la harán su representante legítimo o sus herederos.

**Artículo 1359.-** El juez, a petición de parte legítima, hará la elección, si en el plazo que se le hubiere sefia1ado, no la hubiere hecho la persona que tenga derecho de hacerla.

**Artículo 1360.-** La elección hecha legalmente es irrevocable.

## SECCIÓN TERCERA
### Legado de Bien Propio

**Artículo 1361.-** Es nulo el legado que el testador hace de bien propio o individualmente determinado que al tiempo de su muerte no se halle en su herencia; pero si el bien designado existe en la herencia en menor cantidad o número que los designados en el testamento, tendrá el legatario lo que hubiere.

**Artículo 1362.-** Cuando el legado es de bien específico y determinado, propio del testador, el legatario adquiere su propiedad desde que aquél muere y desde entonces también hace suyos los frutos pendientes y futuros, a no ser que el testador haya dispuesto lo contrario y desde ese mismo instante, el riesgo del bien es a cargo del legatario.

**Artículo 1363.-** En cuanto a la pérdida, aumento o deterioro posteriores del bien legado se observará lo dispuesto para las obligaciones de dar en el caso de que se pierda, deteriore o aumente el bien cierto que deba entregarse.

**Artículo 1364.-** Cuando el testador, no obstante saber que el bien no le pertenece por entero, lo lega sin declarar de un modo expreso que sabía que era parcialmente de otro, el legado sólo será válido en la parte que corresponda al testador.

## SECCIÓN CUARTA
### Legado de Bien Ajeno

**Artículo 1365.-** Es válido el legado de bien ajeno si el testador sabía que lo era y el heredero debe adquirir el bien, para entregarlo al legatario o dar a éste su precio.

**Artículo 1366.-** La prueba de que el testador sabia que el bien era ajeno, corresponde al legatario.

**Artículo 1367.-** Si el testador ignoraba que el bien legado era ajeno, es nulo el legado.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1368.-** Es válido el legado si el testador, después de otorgado el testamento, adquiere el bien que al otorgarlo no era suyo.

**Artículo 1369.-** Si la propiedad del bien legado era incierta o dudosa o estaba sujeta a juicio, el legado será válido y en su caso se procederá en los términos del artículo 1365.

**Artículo 1370.-** Si en el bien legado tiene alguna parte el testador o un tercero sabiéndolo aquél, en lo que a ellos corresponda, vale el legado.

**Artículo 1371.-** Es nulo el legado de bien que al otorgarse el testamento pertenezca al mismo legatario.

**Artículo 1372.-** Si el legatario adquiere el bien legado después de otorgado el testamento, se entiende legado su precio.

**Artículo 1373.-** Es válido el legado hecho a un tercero de bien propio del heredero o de un legatario, quienes, si aceptan la sucesión, deberán entregar el bien legado o su precio.

**Artículo 1374.-** Si el testador ignoraba que el bien fuese propio del heredero o del legatario, será nulo el legado.

## SECCIÓN QUINTA
## Legado de una Garantía

**Artículo 1375.-** El legado que consiste en la devolución del bien recibido en prenda, sólo extingue el derecho de prenda; pero no la deuda, a no ser que así se prevenga expresamente.

**Artículo 1376.-** Lo dispuesto en el artículo que precede es también aplicable al legado de una hipoteca y al legado de una fianza, ya sea hecho al deudor hipotecario o al fiador, ya al deudor principal.

## SECCIÓN SEXTA
## Del Legado de Bien Hipotecado o Dado en Prenda

**Artículo 1377.-** Si el bien legado se halla en la herencia y está hipotecado o dado en prenda, o lo fuere después de otorgado el testamento, la redención o el desempeño serán a cargo de la herencia, a no ser que el testador haya dispuesto expresamente otra cosa.

**Artículo 1178.-** Si por no pagar el obligado conforme al artículo anterior, lo hiciere el legatario, quedará éste subrogado en el lugar y derechos del acreedor para reclamar contra aquél.

**Artículo 1379.-** Cualquiera otra carga a que se halle afecto el bien legado, pasa con éste al legatario; pero en ambos casos las rentas y los réditos devengados hasta la muerte del testador son carga de la herencia.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

## SECCIÓN SÉPTIMA
### Legado de Deuda

**Artículo 1380.-** El legado de deuda hecho al mismo deudor extingue la obligación, y el que debe cumplir el legado está obligado, no solamente a dar al deudor la constancia del pago, sino también a desempeñar las prendas, a cancelar las hipotecas y las fianzas y a liberar al legatario de toda responsabilidad.

**Artículo 1381.-** Legado el título, sea público o privado, de una deuda, se entiende legada ésta.

## SECCIÓN OCTAVA
### Legado en favor del Acreedor

**Artículo 1382.-** El legado hecho al acreedor no compensa el crédito, a no ser que el testador lo declare expresamente.

**Artículo 1383.-** En caso de compensación, si los valores fueren diferentes, el acreedor tendrá derecho de cobrar el exceso del crédito o el del legado.

**Artículo 1384.-** Por medio de un legado puede el deudor mejorar la condición de su acreedor, haciendo puro el crédito condicional, hipotecario el simple, o exigible desde luego el que lo sea a plazo; pero esta mejora no perjudicará en manera alguna los privilegios de los demás acreedores.

## SECCIÓN NOVENA
### Legado de Crédito

**Artículo 1385.-** El legado hecho a un tercero de un crédito a favor del testador, sólo produce efecto en la parte del crédito que esté insoluto al tiempo de abrirse la sucesión.

**Artículo 1386.-** En el caso del artículo anterior, el que debe cumplir el legado entregará al legatario el título del crédito y le cederá todas las acciones que en virtud de él correspondan al testador.

**Artículo 1387.-** Cumplido lo dispuesto en el artículo que antecede, el que debe pagar el legado queda libre de la obligación de saneamiento y de cualquiera otra responsabilidad, ya provenga ésta del mismo título, ya de insolvencia del deudor o de sus fiadores, ya de otra causa.

**Artículo 1388.-** Los legados a que se refieren los artículos 1380 y 1385, comprenden los intereses que por el crédito o deuda se deban a la muerte del testador y subsistirán aunque el testador haya demandado judicialmente al deudor, si el pago no se ha realizado.

## SECCIÓN DÉCIMA

### Legado Genérico de Liberación de Deudas

**Artículo 1389. -** El legado genérico de liberación o perdón de deudas. comprende sólo las existentes al tiempo de otorgarse el testamento y no las posteriores.

## SECCIÓN UNDÉCIMA
### Legado de Bien Indeterminado

**Artículo 1390.-** El legado de bien mueble indeterminado, pero comprendido en género determinado, será válido aunque en la herencia no haya bienes de este género.

**Artículo 1391.-** En el caso del artículo anterior, la elección corresponde al que debe pagar el legado, quien, si los bienes existen en la herencia, cumple con entregar uno de mediana calidad, pudiendo, en caso contrario, comprar uno de esa misma calidad y abonar al legatario el precio correspondiente, previo convenio o a juicio de peritos.

**Artículo 1392.-** Cuando el testador conceda expresamente la elección al legatario, éste podrá, si en la herencia hubiere varios bienes del género determinado, escoger el mejor; pero si no los hay, sólo podrá exigir uno de mediana calidad o el precio que le corresponda.

**Artículo 1393.-** Si el bien indeterminado fuere inmueble, sólo valdrá el legado si en la herencia existen varios del mismo género y para la elección se observarán las reglas establecidas en los dos artículos anteriores.

## SECCIÓN DUODÉCIMA
### Legado de Especie

**Artículo 1394.-** En el legado de especie, el heredero debe entregar el mismo bien legado y en caso de pérdida se observará lo dispuesto para las obligaciones de dar un bien determinado.

## SECCIÓN DECIMATERCERA
### Legado de Dinero

**Artículo 1395.-** Los legados en dinero deben pagarse en esa especie, y si no la hay con la herencia, con el producto de los bienes que al efecto se vendan.

**Artículo 1396.-** El legado de un bien o cantidad depositada en lugar designado, sólo subsistirá en la parte que se encuentre en éste.

## SECCIÓN DECIMACUARTA
### Legado de Alimentos

**Artículo 1397.-** El legado de alimentos dura mientras viva el legatario, a no ser que el testador haya dispuesto que dure menos.

**Artículo 1398.-** Si el testador no señala la cantidad de alimentos se estará a las reglas generales fijadas por este Código, en materia de alimentos.

**Artículo 1399.-** Si el testador acostumbró en vida dar al legatario cierta cantidad de dinero por vía de alimentos, se entenderá legada la misma cantidad, si no resultare en notable desproporción con la cuantía de la herencia.

## SECCIÓN DECIMAQUINTA
### Legado de Educación

**Artículo 1400.-** El legado de educación, si el testador no fija el plazo, subsiste por el tiempo normal de estudio de una carrera profesional o de aprendizaje de un oficio.

## SECCIÓN DECIMASEXTA
### Legado de Pensión

**Artículo 1401.-** El legado de pensión, sean cuales fueren la cantidad, el objeto y los plazos, corre desde la muerte del testador. Es exigible al principio de cada periodo, y el legatario y sus herederos hacen suya la que aquél tuvo derecho de cobrar, aunque muera antes de que termine el período comenzado.

## SECCIÓN DECIMASEPTIMA
### Legados de Usufructo, Uso, Habitación y Servidumbre

**Artículo 1402.-** Los legados de usufructo, uso, habitación o servidumbre subsistirán mientras viva el legatario, a no ser que el testador dispusiere que duren menos.

**Artículo 1403.-** Sólo duran veinte años los legados de que trata este artículo, si fueren dejados a alguna persona jurídica que tuviere capacidad de adquirirlos.

**Artículo 1404.-** Si el bien legado estuviere sujeto a usufructo, uso, habitación o servidumbre, el legatario deberá prestarlo hasta que legalmente se extingan, sin que el heredero tenga obligación de ninguna clase.

## CAPÍTULO OCTAVO
### De las Substituciones

**Artículo 1405.-** Mediante la substitución vulgar puede el testador designar a una o más personas para substituir al heredero o herederos instituidos, para el caso de que éstos mueran antes que él, o de que no puedan o no quieran aceptar la herencia.

**Artículo 1406.-** Es pupilar la substitución cuando instituido heredero un menor de catorce años, el testador designa a una o más personas que tomen el lugar de aquel, para el caso de que fallezca sin llegar a dicha edad.

**Artículo 1407.-** Es ejemplar la substitución cuando instituido heredero un incapacitado mental, mayor de catorce años o mayor de edad, el testador le nombra a una o más

personas que tomen su lugar para el caso de que muera sin recobrar el juicio o sin haber hecho testamento en un intervalo lúcido.

**Artículo 1408.-** El testador puede nombrar un sustituto o varios y éstos pueden ser designados conjunta o sucesivamente.

**Artículo 1409.-** El sustituto del substituto, faltando éste lo es del heredero substituido.

**Artículo 1410.-** Los substitutos recibirán la herencia con los mismos gravámenes y condiciones con que debían recibirlos los herederos, a no ser que el testador haya dispuesto expresamente otra cosa, o que los gravámenes o condiciones fueren meramente personales del heredero.

**Artículo 1411.-** Si los herederos instituidos en partes desiguales fueren substituidos recíprocamente, en la substitución tendrán las mismas partes que en la institución, a no ser que claramente aparezca haber sido otra la voluntad del testador.

**Artículo 1412.-** Puede el padre dejar una parte o la totalidad de sus bienes a su hijo con la carga de transferidos al hijo o hijos que tuviere hasta la muerte del testador, y en este caso el heredero se considerará como usufructuario.

**Artículo 1413.-** Puede el padre dejar la totalidad de sus bienes o parte de ellos a una persona y el usufructo a otra.

**Artículo 1414.-** La nulidad de la substitución no importa la de la institución de heredero ni la de legatario, teniéndose únicamente por no escrita la cláusula relativa a la substitución.

**Artículo 1415.-** Quedan prohibidas las substituciones no reglamentadas en este Capítulo.

## CAPÍTULO NOVENO
### De la Nulidad, Revocación y Caducidad en Materia Testamentaria

### SECCIÓN PRIMERA
### De la Nulidad

**Artículo 1416.-** Estarán afectados de nulidad absoluta:

**I.-** El testamento contrario a las leyes de orden público o a las buenas costumbres;

**II.-** El testamento en el que su autor no exprese cumplida y claramente su voluntad, sino sólo por señales o monosílabos en respuesta a preguntas que se le hagan;

**III.-** Los codicilos, comunicados epistolares o memorias secretas que contengan disposiciones testamentarias; y

**IV.-** Los demás testamentos expresamente afectados de nulidad absoluta por la ley.

**Artículo 1417.-** En el caso de la fracción I del artículo anterior, si la ilicitud no afecta íntegramente al testamento, sino a una o varias de sus disposiciones, éstas serán nulas y válidas las restantes.

**Artículo 1418.-** Estarán también afectadas de nulidad absoluta, salvo que en vida del testador se hayan subsanado las causas originadoras de su invalidez:

**I. -** Los testamentos otorgados en contravención del artículo 1251; y

**II.-** Los casos previstos en los artículos 1256,1451, 1464, 1477 Y 1494.

**Artículo 1419.-** La invalidez de los testamentos no comprendidos en los dos artículos anteriores produce su nulidad relativa.

**Artículo 1420.-** La acción de nulidad relativa de un testamento prescribe en cinco años.

**Artículo 1421.-** El testador que al otorgar testamento sea incapaz, no haya observado la forma exigida por este ordenamiento, o por las leyes vigentes en el lugar donde se otorgó, cuando éste se encuentre fuera de Quintana Roo, o haya sufrido algún vicio en su declaración de voluntad, puede revalidar su disposición testamentaria en la forma establecida por este Código, para la revalidación de los negocios jurídicos en general, y dentro de las condiciones y formalidades exigidas para el otorgamiento de los testamentos en particular.

**Artículo 1422.-** Son nulas sin necesidad de declaración judicial y se tendrán por no hechas:

**I.-** La renuncia del derecho de testar o de revocar el testamento;

**II.-** La cláusula en que alguno se obligue a no testar sino bajo ciertas condiciones, sean éstas de la clase que fueren; y

**III.-** La prohibición hecha por el testador de no impugnar el testamento en los casos en que éste debe ser nulo conforme a la ley.

**Artículo 1423.-** El Juez que tuviere noticias de que alguien impide a otro testar, se constituirá en la casa del segundo para asegurar el ejercicio de su derecho, y levantará acta en que hará constar los hechos y si la persona cuya libertad protegió testó o no.

## SECCIÓN SEGUNDA
### De la Revocación

**Artículo 1424.-** El testamento anterior queda revocado de pleno derecho por el posterior perfecto, si el testador no expresa en éste su voluntad de que aquél subsista en todo o en parte.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1425.-** La revocación producirá su efecto aunque el segundo testamento caduque.

**Artículo 1426.-** El testamento anterior recobrará, no obstante, su fuerza, si el testador, revocando el posterior, declara ser su voluntad que el primero subsista.

## SECCIÓN TERCERA
### De la Caducidad

**Artículo 1427.-** Las disposiciones testamentarias caducan, en el sentido de quedar sin efecto, en lo relativo a los herederos o legatarios:

**I.-** Si éstos mueren antes que el testador o antes de que se cumpla la condición de que dependa la herencia o el legado;

**II.-** Si el heredero o el legatario devienen incapaces de recibir la herencia o el legado;

**III.-** Si renuncian a sus respectivos derechos; y

**IV.-** Si no llega a cumplirse, dentro del plazo fijado, la condición suspensiva que afecte a la herencia o al legado, o si el heredero o el legatario mueren antes de su realización.

## TÍTULO TERCERO
### De la forma de los Testamentos

### CAPÍTULO PRIMERO
### Disposiciones Generales

**Artículo 1428.-** El testamento, en cuanto a su forma, es ordinario o especial.

**Artículo 1429.-** El testamento ordinario puede ser:

**I.-** Público abierto;

**II.-** Público cerrado; y

**III.-** Ológrafo.

**Artículo 1430.-** El testamento especial puede ser:

**I.-** Privado;

**II.-** Militar;

**III.-** Marítimo; y

**IV.-** Hecho fuera del Estado.

**Artículo 1431.-** No pueden ser testigos del testamento:

**I.-** Los empleados del notario que los autorice;

**II.-** Los menores de catorce años de edad;

**III.-** Los que no estén en su sano juicio;

**IV.-** Los ciegos, sordos o mudos;

**V.-** Los que no entiendan el idioma del testador;

**VI.-** Los herederos o legatarios, sus descendientes, ascendientes, cónyuge, o persona que viva maritalmente con el heredero o legatario, y sus hermanos. El concurso como testigo de alguna de las personas a que se refiere esta fracción, sólo produce como efecto la nulidad de la disposición que beneficie a esa persona, y a las que menciona esta misma fracción;

**VII.-** Los que hayan sido condenados por el delito de falsedad.

**Artículo 1432.-** Cuando el testador no sepa hablar o escribir el idioma español, concurrirá al acto y firmará el testamento, un intérprete nombrado por el mismo testador.

<div align="right">

**Artículo reformado POE 10-12-2010**

</div>

**Artículo 1433.-** Tanto el notario como los testigos que intervengan en cualquier testamento deberán conocer al testador o cerciorarse de algún modo de su identidad y de que se halla en su cabal juicio y libre de toda coacción.

**Artículo 1434.-** Si la identidad del testador no pudiere ser verificada, se declarará esta circunstancia por el notario o por los testigos en su caso, agregando, uno y otros todas las señales que caractericen la persona de aquél y el notario cuidará que en el protocolo se impriman las huellas digitales del testador.

**Artículo 1435.-** No tendrá validez el testamento mientras no se justifique la identidad del testador.

**Artículo 1436.-** Se prohíbe a los notarios o a cualesquiera otras personas que hayan de redactar disposiciones de última voluntad, dejar hojas en blanco y servirse de abreviaturas o cifras, bajo la pena de multa a los notarios cuyo importe será de diez a cien días de salario mínimo y de la mitad a los que no lo fueren, que impondrá el Juez que conozca del juicio sucesorio y hará efectiva el recaudador de rentas del lugar.

**Artículo 1437.-** El notario que hubiere autorizado el testamento, debe dar aviso a los interesados luego que sepa la muerte del testador y si no lo hace es responsable de los daños y perjuicios que la dilación ocasione. Si los interesados están ausentes o son desconocidos del notario, la noticia se dará al Juez.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

En los casos en los que se otorgue un testamento, el Notario que dé fe de su otorgamiento o la autoridad que lo reciba, o ambas si fuere el caso, deberán formular aviso de dicho otorgamiento en un término de 10 días hábiles siguientes a aquél en que se otorgó la voluntad testamentaria, a la Dirección General de Notarías.

*Párrafo adicionado POE 28-09-2007. Reformado POE 15-10-2007. Fé de Texto POE 29-10-2007*

**Artículo 1438.-** Lo dispuesto en el primer párrafo del artículo anterior, se observará también por cualquiera que tenga en su poder un testamento.

*Artículo reformado POE 28-09-2007*

## CAPÍTULO SEGUNDO
### Del Testamento Público Abierto

**Artículo 1439.-** Testamento público abierto es el que se otorga ante notario de conformidad con las disposiciones de este Capítulo.

*Artículo reformado POE 10-12-2010*

**Artículo 1440.-** El testador expresará de un modo claro y terminante su voluntad al notario. El notario redactará por escrito las cláusulas del test del testador, y las leerá en voz alta para que éste manifieste si está conforme. Si lo estuviere, firmarán la escritura el testador, el notario y, en su caso, el testigo y el intérprete, asentándose el lugar, hora, día, mes y año en que hubiere sido otorgado.

*Artículo reformado POE 10-12-2010*

**Artículo 1441.-** En los casos previstos en los artículos 1442, 1444 y 1445 de este Código, así como cuando el testador o el notario lo soliciten, un testigo deberá concurrir al acto de otorgamiento y firmar el testamento.

El testigo instrumental a que se refiere este artículo podrá intervenir, además, como testigo de conocimiento.

*Párrafo adicionado POE 10 -12-2010*

**Artículo 1442.-** Si el testador no pudiere o no supiere firmar, nombrará a un testigo, quien firmará a su ruego y encargo del testador y éste imprimirá su huella digital.

*Artículo reformado POE 10-12-2010*

**Artículo 1443.- Se deroga.**

*Artículo derogado POE 10-12-2010*

**Artículo 1444.-** El que fuere enteramente sordo; pero que sepa leer, deberá dar lectura a su testamento; si no supiere hacerlo, designará una persona para que lo lea por él.

**Artículo 1445.-** Cuando el testador sea ciego, se dará lectura al testamento dos veces: una por el notario, como está prescrito en el artículo 1440, y otra, por el testigo que el testador designe.

*Artículo reformado POE 10-12-2010*

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1446.-** Cuando el testador no sepa hablar ni escribir el idioma español, si puede escribirá de su puño y letra su testamento, que será traducido al español por el intérprete a que se refiere el artículo 1432.

*Artículo reformado POE 10-12-2010*

**Artículo 1447.-** La traducción hecha conforme al artículo anterior se transcribirá como testamento en el protocolo respectivo y el original se archivará en el apéndice correspondiente del notario que intervenga en el acto.

**Artículo 1448.-** Si el testador no puede o no sabe escribir, el intérprete escribirá el testamento que dicte aquel, y leído y aprobado por el testador se traducirá al español por el mismo intérprete que debe acudir al acto. Hecha la traducción se procederá como se dispone en el artículo anterior.

*Artículo reformado POE 10-12-2010*

**Artículo 1449.-** Si el testador no puede o no sabe leer dictará en su idioma el testamento al intérprete y traducido por éste se procederá como dispone el artículo 1447.

En este caso el intérprete podrá intervenir, además, como testigo de conocimiento.

*Artículo reformado POE 10-12-2010*

**Artículo 1450.-** Las formalidades se practicarán acto continuo y el notario dará fe de haberse llenado todas.

**Artículo 1451.-** Faltando alguna de las referidas formalidades, el testamento será nulo y el notario será responsable de los daños y perjuicios correspondientes e incurrirá, además, si es reincidente, en la pena de pérdida de oficio, que le impondrá el Gobernador del Estado, previa audiencia.

## CAPÍTULO TERCERO
### Testamento Público Cerrado

**Artículo 1452.-** Puede otorgar testamento público cerrado quien no sepa escribir, pero no quien no sepa o no pueda leer.

**Artículo 1453.-** El testamento público cerrado constará en papel común y puede escribirlo, a mano o a máquina, el testador u otra persona a su ruego.

**Artículo 1454.-** El testador firmará al calce del testamento y al margen de cada una de las hojas de que éste conste; pero si no supiere o no pudiere firmar, lo hará por él la misma persona que lo escribió o la otra que al efecto designe el propio testador.

**Artículo 1455.-** La persona que haya firmado por el testador concurrirá con él a la presentación del pliego cerrado al notario, acto en el cual el testador declarará que esa persona firmó en su nombre y así lo hará constar el notario, en el acta que al respecto extienda en su protocolo, y tanto en éste como en la cubierta del testamento firmará la repetida persona con los testigos y el notario.

**Artículo 1456.-** El papel en que esté escrito el testamento o el que le sirve de cubierta deberá estar cerrado y sellado, o lo hará cerrar y sellar el testador, en el acto del otorgamiento, que consistirá en la presentación del pliego al notario en presencia de tres testigos y en la declaración del testador, en dicho acto, de que en ese pliego está constituida su última voluntad.

**Artículo 1457.-** El notario dará fe del otorgamiento, con expresión de las formalidades requeridas en los artículos anteriores. Esta constancia deberá extenderse tanto en el acta del protocolo cuanto en la cubierta del testamento, y deberá ser firmada por el testador o quien por él haya firmado el pliego testamentario, por los testigos y el notario, quien, además, pondrá su sello.

**Artículo 1458.-** Si alguno de los testigos no supiere firmar se llamará a otra persona que lo haga en su nombre y en su presencia, de modo que siempre haya tres firmas, además de las del notario y del testador o de quien, en su caso, firme por éste a su ruego.

**Artículo 1459.-** Si al hacer la presentación del testamento, el testador no pudiere firmar, lo hará otra persona en su nombre y en su presencia, no debiendo hacerla ninguno de los testigos.

**Artículo 1460.-** Sólo en los casos de suma urgencia podrá firmar uno de los testigos, ya sea por el que de ellos no sepa hacerla, o ya por el testador y el notario hará constar expresamente esta circunstancia, bajo la pena de suspensión de oficio por tres años que, previa audiencia, le impondrá el Gobernador del Estado.

**Artículo 1461.-** El sordomudo podrá hacer testamento cerrado con tal que esté todo escrito, fechado y firmado de su propia mano, y que al presentarlo al notario, ante tres testigos, escriba en presencia de todos, sobre la cubierta, que en aquel pliego se contiene su última voluntad y que va escrito y firmado por él.

**Artículo 1462.-** En el caso del artículo anterior, el notario asentará en el acta del protocolo que al respecto extienda y en la cubierta del testamento, que el testador lo escribió así, observándose, además, lo dispuesto en los articulas 1456 a 1458 y si el testador, al hacer la presentación, no puede firmar, se observará lo dispuesto en los artículos 1459 y 1460, dando fe el notario de la elección que el testador haga de uno de los testigos para que firme por él.

**Artículo 1463.-** El que sea sólo mudo o sólo sordo, puede hacer testamento cerrado con tal que esté escrito en su totalidad de su puño y letra, o si ha sido escrito por otro, lo anote así el testador y firme la nota también de su puño y letra, sujetándose a las demás formalidades requeridas para esta clase de testamentos.

**Artículo 1464.-** El testamento cerrado que carezca de alguna de las formalidades sobredichas será nulo, y el notario será responsable en los términos del artículo 1451.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1465.-** Cerrado y autorizado el testamento se entregará al testador, y el notario pondrá en el protocolo razón del lugar, hora, día, mes y año en que el testamento fue autorizado y entregado.

**Artículo 1466.-** Por la infracción del artículo anterior no se anulará el testamento, pero el notario incurrirá en la pena de suspensión por seis meses que, previa audiencia, le impondrá el Gobernador del Estado.

**Artículo 1467.-** El testador podrá conservar el testamento en su poder, darlo en guarda a persona de su confianza, o depositarlo en el Registro Público de la Propiedad.

**Artículo 1468.-** Si el testador opta por la última de las alternativas que concede el artículo anterior, se presentará con el testamento ante el encargado del Registro, quien asentará en el libro que con ese objeto debe llevarse, una razón del depósito o entrega, que firmarán dicho funcionario y el testador, a quien se dará copia autorizada.

**Artículo 1469.-** La presentación para el depósito del testamento puede hacerse por medio de apoderado, en cuyo caso el poder quedará unido al testamento.

**Artículo 1470.-** El testador puede retirar, cuando le parezca, su testamento, pero la devolución se hará con las mismas formalidades que la entrega.

**Artículo 1471.-** Tan pronto como el Juez reciba un testamento cerrado, hará comparecer al notario y a los testigos que concurrieron a su otorgamiento.

**Artículo 1472.-** El testamento será abierto después de que el notario y los testigos hayan reconocido ante aquél sus firmas y la del testador o la de la persona que por éste hubiere firmado y hayan declarado que en su concepto, está cerrado y sellado el sobre como lo estaba en el acto del otorgamiento.

**Artículo 1473.-** Si no pudieren comparecer todos los testigos por muerte o por ausencia, bastará el reconocimiento de la mayor parte y el del notario.

**Artículo 1474.-** Si la causa de que no comparezcan los testigos es una enfermedad, la diligencia se practicará en el lugar en que se encuentre el enfermo.

**Artículo 1475.-** Si no se obtiene la comparecencia del notario, de la mayor parte de los testigos o de ninguno de ellos, el Juez lo hará consta así por información testimonial, como también la legitimidad de las firmas y que en la fecha del testamento se encontraban aquéllos en el lugar en que éste se otorgó; pero en todo caso, los que comparecieran reconocerán sus firmas.

**Artículo 1476.-** Cumplido lo prescrito en los artículos anteriores, el Juez decretará la publicación y protocolización del testamento.

**Artículo 1477.-** El testamento cerrado quedará sin efecto cuando se encuentre roto o mutilado el pliego interior, abierto o con señales de violación el que forma la cubierta, o

borradas, raspadas o enmendadas las cláusulas que contiene o las firmas que lo autorizan, aunque el contenido no sea vicioso.

**Artículo 1478.-** Toda persona que tuviere en su poder un testamento cerrado y no lo presente, como está prevenido en los artículos 1437 y 1438 o lo substraiga dolosamente de los bienes del finado, incurrirá en la pena, si fuere heredero por intestado, de pérdida del derecho que pudiera tener, sin perjuicio de 10 que otras leyes establezcan.

## CAPÍTULO CUARTO
### Del Testamento Ológrafo

**Artículo 1479.-** Se llama testamento ológrafo al escrito de puño y letra del testador.

**Artículo 1480.-** Los extranjeros podrán otorgarlo en su propio idioma.

**Artículo 1481.-** El testamento ológrafo sólo podrá ser otorgado por las personas mayores de edad, y para que sea válido deberá estar totalmente escrito por el testador y firmado por él, con expresión del día, mes y año en que se otorgue.

**Artículo 1482.-** Si el testamento ológrafo contuviere palabras tachadas, enmendadas o entrerrenglonadas, las salvará el testador bajo su firma y la omisión de esta formalidad por el testador sólo afecta a la validez de las palabras tachadas, enmendadas o entrerrenglonadas; pero no al testamento mismo.

**Artículo 1483.-** El testador hará por duplicado su testamento ológrafo e imprimirá en cada ejemplar su huella digital. Cada uno de los ejemplares se pondrá dentro de un sobre cerrado y lacrado, y los dos sobres se presentarán personalmente por el testador al Registrador Público de la Propiedad. El testador podrá poner en los sobres que contengan los testamentos, los sellos, señales o marcas que estime necesarios para evitar violaciones.

**Artículo 1484.-** Si el testador no es conocido del encargado de la oficina, deberá presentar dos testigos que lo identifiquen.

**Artículo 1485.-** En el sobre que contenga el testamento original, el testador, de su puño y letra, pondrá ante el Registrador la siguiente constancia: "Dentro de este sobre se contiene mi testamento". A continuación, se expresará el lugar y la fecha en que se hace el depósito. La constancia será firmada por el testador y por el encargado de la oficina. En caso de que intervengan testigos de identificación, también firmarán.

**Artículo 1486.-** En el sobre cerrado que contenga el duplicado del testamento ológrafo, se pondrá la siguiente constancia, extendida por el encargado del Registro: "Recibí el pliego cerrado que afirma contiene original su testamento ológrafo, del cual, según afirmación de la misma persona, existe dentro de este sobre un duplicado". Se pondrá luego el lugar y la fecha en que extienda la constancia, que será firmada por el encargado de la oficina, poniéndose también al calce la firma del testador y de los testigos de

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

identificación, cuando intervengan, y será devuelto al testador, dejándose en la oficina constancia de recibo.

**Artículo 1487.-** Cuando el testador estuviere imposibilitado para hacer personalmente la entrega de su testamento en las oficinas del Registro Público, el encargado de ella deberá concurrir al lugar donde aquél se encontrare, para cumplir las formalidades del depósito.

**Artículo 1488.-** Hecho el depósito, el encargado del Registro Público de la Propiedad y del Comercio tomará razón de él en el libro respectivo, a fin de que el testamento pueda ser identificado, y conservará el original bajo su directa responsabilidad, hasta que proceda hacer su entrega al mismo testador o al Juez competente.

**Derogado.**

<div align="right">Párrafo adicionado POE 28-09-2007. Derogado POE 15-10-2007</div>

**Artículo 1489.-** En cualquier tiempo el testador tendrá derecho de retirar del Registro, personalmente o por medio de mandatario con poder notarial especial, el testamento depositado, haciéndose constar la entrega en un acta, que firmarán el interesado y el encargado del Registro.

**Artículo 1490.-** El Juez ante quien se promueva juicio sucesorio pedirá informe al encargado del Registro Público de la Propiedad y del Comercio, acerca de si en su oficina se ha depositado testamento ológrafo del autor de la sucesión, para que en caso de que así sea, se le remita el testamento.

Cuando se tramite una sucesión ante Notario Público se deberá recabar la información de existencia o inexistencia de alguna disposición testamentaria mediante la búsqueda ante las autoridades competentes.

<div align="right">Párrafo adicionado POE 28-09-2007. Reformado POE 15-10-2007. Fé de Texto POE 29-10-2007</div>

**Artículo 1491.-** El que guarda en su poder el duplicado de un testamento o quien tenga noticia de que el autor de una sucesión ha depositado algún testamento ológrafo, lo comunicará al Juez competente, quien pedirá al encargado de la oficina del Registro, que se lo remita.

**Artículo 1492.-** Recibido el testamento, el Juez examinará la cubierta que lo contiene para cerciorarse de que no ha sido violada, hará que los testigos de identificación que residieren en el lugar reconozcan sus firmas y la del testador, y en presencia del Ministerio Público, de los que se hayan presentado como interesados y de los mencionados testigos abrirá el sobre que contiene el testamento. Si éste llena los requisitos mencionados en el artículo 1481 y queda comprobado que es el mismo que depositó el testador se declarará formal testamento.

**Artículo 1493.-** Sólo cuando el original depositado haya sido destruido o robado se tendrá como formal testamento el duplicado, procediéndose para su apertura como se dispone en el artículo que precede.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1494.-** El testamento ológrafo quedará sin efecto cuando el original o el duplicado, en su caso, estuvieren rotos, o el sobre que los cubre resultare abierto o con señales de violación, o las cláusulas que contiene o las firmas que los autoricen aparecieren borradas, raspadas o con enmendaduras, aun cuando el contenido del testamento no sea vicioso.

**Artículo 1495.-** El encargado del Registro Público no proporcionará informes acerca del testamento ológrafo depositado en su oficina, sino al mismo testador o a los jueces competentes que oficialmente se los pidan.

Artículo reformado POE 28-09-2007, 15-10-2007

## CAPÍTULO QUINTO
### Del Testamento Privado

**Artículo 1496.-** El testamento privado está permitido cuando el testador es atacado de una enfermedad tan violenta y grave o sufra lesiones igualmente graves, que sea inminente el peligro de su vida y no haya tiempo de que concurra al otorgamiento del testamento un notario o Juez que actúe por receptoría.

**Artículo 1497.-** El testador que se encuentre en el caso de hacer testamento privado, declarará en presencia de cinco testigos idóneos su última voluntad, que uno de ellos redactará por escrito, si el testador no puede escribir.

**Artículo 1498.-** No será necesario redactar por escrito el testamento cuando ninguno de los testigos sepa escribir y en los casos de suma urgencia en los que bastarán tres testigos.

**Artículo 1499.-** Al otorgarse el testamento privado se observarán en lo conducente y en su caso, las disposiciones de este Código concernientes al testamento público abierto.

**Artículo 1500.-** El testamento privado sólo surtirá sus efectos si el testador fallece de la enfermedad o en el peligro en que se hallaba, o dentro de un mes de desaparecida la causa que lo motivó.

**Artículo 1501.-** El testamento privado necesita, además, para su validez, que el Juez haga la declaración a que se refiere el artículo 1504, teniendo en cuenta las declaraciones de los testigos que afirmaron u oyeron, en su caso, la voluntad del testador.

**Artículo 1502.-** La declaración a que se refiere el artículo anterior será pedida por los interesados inmediatamente después que supieren la muerte del testador y la forma de su disposición.

**Artículo 1503.-** Los testigos que concurran a un testamento privado deberán declarar circunstanciadamente ante el Juez:

**I.-** El lugar, la hora, el día, el mes y el año en que se otorgó el testamento;

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**II.-** Si conocieron, vieron y oyeron claramente al testador;

**III.-** El tenor de la disposición;

**IV.-** Si el testador estaba en su cabal juicio y libre de toda coacción;

**V.-** El motivo por el que se otorgó el testamento privado;

**VI.-** Si saben que el testador falleció o no de la enfermedad o en el peligro en que se hallaba; y

**VII.-** Quién fue, en su caso, el testigo que escribió el testamento.

**Artículo 1504.-** Si los testigos fueren idóneos y en lo esencial estuvieren conformes en todas y cada una de las circunstancias enumeradas en el artículo que precede, el Juez declarará que es formalmente válido el testamento privado de la persona de quien se trate.

**Artículo 1505.-** Si después de la muerte del testador muriese alguno de los testigos, se hará la declaración con los restantes, con tal de que no sean menos de tres, absolutamente contestes en lo esencial y mayores de toda excepción.

**Artículo 1506.-** Lo dispuesto en el artículo anterior se observará también en el caso de que alguno o algunos de los testigos no se halle en el lugar de la información; que en la falta de comparecencia del testigo o testigos no hubiere dolo y que por ignorarse su paradero no puedan ser examinados por exhorto.

### TÍTULO CUARTO
### De la Sucesión Legítima

### CAPÍTULO PRIMERO
### Disposiciones Generales

**Artículo 1507.-** La herencia legítima se abre:

**I.-** Cuando no hay testamento, o el que se otorgó es nulo o perdió su validez;

**II.-** Cuando el testador no dispuso de todos sus bienes;

**III.-** Cuando no se cumpla la condición impuesta al heredero;

**IV.-** Cuando sin haberse nombrado substituto, el heredero muere antes que el testador, repudia la herencia o resulta incapaz de heredar, si no se ha nombrado sustituto.

**Artículo 1508.-** Cuando siendo válido el testamento no deba subsistir la institución de heredero, subsistirán las demás disposiciones hechas en él y la sucesión legítima sólo comprenderá los bienes que debían corresponder al heredero instituido.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1509.-** Tienen derecho a heredar por sucesión legítima:

**I.-** Los descendientes; ascendientes; cónyuge, concubinario o concubina; y los hermanos;

Fracción reformada POE 27-11-2007

**II.-** A falta de los anteriores, heredará la Beneficencia Pública del Estado.

**Artículo 1510.-** El parentesco de afinidad no da derecho de heredar.

**Artículo 1511.-** Los parientes de la línea recta excluyen a los de la colateral y los parientes más próximos a los más lejanos.

**Artículo 1512.-** Los parientes que se hallaren en el mismo grado heredarán por partes iguales.

## CAPÍTULO SEGUNDO
### De la Sucesión de los Descendientes

**Artículo 1513.-** Si a la muerte del padre o de la madre quedaren sólo hijos, la herencia se dividirá entre, todos por partes iguales.

**Artículo 1514.-** Cuando concurran descendientes con el cónyuge que sobreviva, a éste le corresponderá la porción de un hijo.

**Artículo 1515.-** Si quedaren hijos y descendientes de ulterior grado los primeros heredarán por cabeza y los segundos por estirpe.

**Artículo 1516.-** Lo dispuesto en el artículo anterior se observará tratándose de descendientes de hijos premuertos, incapaces de heredar o que hubieren renunciado a la herencia.

**Artículo 1517.-** Si sólo quedaren descendientes de ulterior grado, la herencia se dividirá por estirpes, y si en alguna o algunas de éstas hubiere varios herederos, la porción que a cada una de ellas corresponda se dividirá por partes iguales.

**Artículo 1518.-** Concurriendo hijos con ascendientes, éstos sólo tendrán derecho a alimentos, que en ningún caso pueden exceder de la porción de uno de los hijos.

**Artículo 1519.-** El adoptado hereda como un hijo.

**Artículo 1520.-** Concurriendo padres adoptantes y descendientes del adoptado, los primeros sólo tendrán derecho a alimentos.

## CAPÍTULO TERCERO
### De la Sucesión de los Ascendientes

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1521.-** A falta de descendientes y de cónyuge, sucederán el padre y la madre por partes iguales.

**Artículo 1522.-** Si sólo hubiere padre o madre, el que viva sucederá al hijo en toda la herencia.

**Artículo 1523.-** Si sólo hubiere ascendientes de ulterior grado por una línea, se dividirá la herencia por partes iguales.

**Artículo 1524.-** Si hubiere ascendientes por ambas líneas, se dividirá la herencia en dos partes iguales y se aplicará una a los ascendientes de la línea paterna y otra a la de la materna.

**Artículo 1525.-** Los miembros de cada línea dividirán entre sí por partes iguales la porción que les corresponda.

**Artículo 1526.- Derogado.**

<div align="right">

*Artículo derogado POE 30-05-2016*

</div>

**Artículo 1527.-** Si concurre el cónyuge del adoptado con los adoptantes, la herencia corresponde al cónyuge. Los adoptantes sólo tienen derecho a alimentos.

<div align="right">

*Artículo reformado POE 30-05-2016*

</div>

**Artículo 1528.-** Si el reconocimiento de un hijo se hace después de que el descendiente haya adquirido bienes cuya cuantía, teniendo en cuenta las circunstancias personales del que reconoce, haga suponer fundadamente que motivó el reconocimiento, ni el que reconoce ni sus descendientes tienen derecho a la herencia del reconocido. Además, el que reconoce sólo tiene derecho a alimentos en el caso de que el reconocimiento lo haya hecho cuando el reconocido tuvo también derecho a percibirlos.

**Artículo 1529.-** Las mismas reglas se aplicarán cuando la filiación se establezca mediante sentencia pronunciada en investigación de la paternidad o la maternidad.

## CAPÍTULO CUARTO
### De la Sucesión del Cónyuge

**Artículo 1530.-** El cónyuge que sobrevive, concurriendo con descendientes, tendrá el derecho de un hijo.

**Artículo 1531.-** Lo dispuesto en el artículo anterior se observará también, si el cónyuge que sobrevive concurre con hijos adoptivos del autor de la herencia.

**Artículo 1532.-** Si el cónyuge que sobrevive concurre con ascendientes del autor de la herencia, éstos sólo tienen derecho a alimentos.

**Artículo 1533.-** Los hermanos del autor de la herencia sólo tienen derecho a alimentos cuando concurren con el cónyuge que sobrevive.

**Artículo 1534.-** El concubinario o la concubina heredarán como el cónyuge.

Si la vida en común de la persona que haya vivido de manera continua e ininterrumpida con la persona autora de la herencia públicamente como cónyuge sin estar casada con la persona autora de la herencia y sin que hubiese ningún impedimento para que contrajese matrimonio uno con otro, duró menos de dos años y no procrearon ningún descendiente, el supérstite solo tendrá derecho a alimentos; salvo que se acredite en la existencia de la unión de hecho:

<div align="right">Párrafo reformado POE 31-05-2023</div>

**I.** La existencia de una relación estable de carácter sentimental entre las partes;

<div align="right">Fracción adicionada POE 31-05-2023</div>

**II.** La existencia de un domicilio común, su naturaleza y alcance;

<div align="right">Fracción adicionada POE 31-05-2023</div>

**III.** Las relaciones de dependencia económica que puedan existir entre las partes;

<div align="right">Fracción adicionada POE 31-05-2023</div>

**IV.** La conformación de un patrimonio común;

<div align="right">Fracción adicionada POE 31-05-2023</div>

**V.** Los aspectos públicos de la relación;

<div align="right">Fracción adicionada POE 31-05-2023</div>

**VI.** Las contribuciones pecuniarias o de otro tipo realizadas por las partes;

<div align="right">Fracción adicionada POE 31-05-2023</div>

**VII.** El posible perjuicio de las partes en caso de negarse la declaratoria, y

<div align="right">Fracción adicionada POE 31-05-2023</div>

**VIII.** Cualquier otro elemento que permita al tribunal discernir la existencia de elementos de solidaridad, afectividad y ayuda mutua entre ambos.

<div align="right">Fracción adicionada POE 31-05-2023<br>Artículo reformado POE 27-11-2007</div>

## CAPÍTULO QUINTO
### De la Sucesión de los Colaterales

**Artículo 1535.-** Si el autor de la herencia no dejó descendientes o ascendientes, ni cónyuge ni la persona a que se refiere el artículo 1534, lo sucederán los hermanos ya lo sean por ambas líneas o por una sola, y la herencia se repartirá entre ellos por partes iguales.

**Artículo 1536.-** Si concurren hermanos con sobrinos, hijos de hermanos premuertos, que vivan y sean incapaces de heredar o hayan renunciado a la herencia, los hermanos heredarán por cabezas y los sobrinos por estirpe.

**Artículo 1537.-** A falta de hermanos, sucederán los hijos de éstos, dividiéndose la herencia por estirpes, y la porción de cada estirpe por cabezas.

**Artículo 1538.- Derogado.**

Artículo derogado POE 30-05-2016

## CAPÍTULO SEXTO
### De la Sucesión del Estado

**Artículo 1539.-** A falta de todos los herederos llamados en los capítulos anteriores, sucederá el Estado, el cual asignará una mitad de dicho patrimonio a instituciones que tengan funciones de asistencia y prevención de la violencia familiar y la otra mitad se aplicará para el desarrollo de programas que den acceso a la comunidad quintanarroense de escasos recursos, facilitando la realización de su testamento de forma gratuita.
Artículo reformado POE 10-12-2010

**Artículo 1540.-** Cuando sea heredero el Estado y entre lo que le corresponda existan bienes raíces que no pueda adquirir conforme al artículo 27 de la Constitución, se venderán los bienes en pública subasta antes de hacerse la adjudicación, aplicándose al Estado el precio que se obtuviere.

## TÍTULO QUINTO
### Disposiciones Comunes a las Sucesiones Testamentaria y Legitima

## CAPÍTULO PRIMERO
### De las Precauciones que deben Adoptarse cuando la Viuda queda encinta

**Artículo 1541.-** Cuando a la muerte del marido la viuda crea haber quedado embarazada, pondrá en conocimiento del Juez que conozca de la sucesión las pruebas que acrediten el embarazo dentro del término de cuarenta días contados a partir de aquel en que se dé dicho aviso, para los efectos de los derechos sucesorios del producto y demás a que haya lugar.
Artículo reformado POE 10-12-2010

**Artículo 1542.-** Los interesados a que se refiere el precedente artículo pueden pedir al Juez que dicte las providencias convenientes, para evitar la suposición del parto, la substitución del infante o que se haga pasar como nacida con vida la criatura que nació muerta.

**Artículo 1543.-** Cuidará el Juez de que las medidas que dicte no ataquen al pudor ni a la libertad de la viuda.

**Artículo 1544.-** Háyase o no dado el aviso de que habla el artículo 1541 al aproximarse la época del parto, la viuda deberá ponerlo en conocimiento del Juez, para que lo haga saber a los interesados y estos tienen derecho de pedir que el Juez nombre una persona que se cerciore de la realidad del alumbramiento, debiendo recaer el nombramiento precisamente en un médico o en una partera.

**Artículo 1545.-** Si el marido reconoció en instrumento público o privado la certeza de la preñez de su consorte, estará dispensada ésta de dar el aviso a que se refiere el artículo 1541, pero quedará sujeta a cumplir lo dispuesto en el artículo 1544.

**Artículo 1546.-** La omisión de la madre no perjudica a la filiación del hijo, si por otros medios legales puede acreditarse.

**Artículo 1547.-** La viuda que quedare encinta, aun cuando tenga bienes, deberá ser alimentada con cargo a la masa hereditaria.

**Artículo 1548.-** Si la viuda no cumple con lo dispuesto en los artículos 1544, podrán los interesados negarle los alimentos cuando tenga bienes; pero si por averiguaciones posteriores resultare cierta la preñez, se deberá abonar los alimentos que dejaron de pagarse.

**Artículo 1549.-** La viuda no está obligada a devolver los alimentos percibidos, aun cuando haya habido aborto o no resultare cierta la preñez, salvo el caso en que ésta hubiere sido contradicha por dictamen pericial.

**Artículo 1550.-** El Juez decidirá de plano todas las cuestiones relativas a alimentos conforme a los artículos anteriores, resolviendo en caso dudoso en favor de la viuda.

**Artículo 1551.-** Para cualquiera de las diligencias que se practiquen conforme a lo dispuesto en este capítulo deberá ser oída la viuda.

**Artículo 1552.-** La división de la herencia se suspenderá hasta que se verifique el parto o hasta que transcurra el término máximo de la preñez, pero los acreedores podrán ser pagados por mandato judicial.

**Artículo 1553.-** Las disposiciones de este capítulo son aplicables a la mujer que se halle dentro del supuesto del artículo 1534.

<div align="center">

**CAPÍTULO SEGUNDO**
**Del Derecho de Acrecer**

</div>

**Artículo 1554.-** Derecho de acrecer es el que la ley concede a algunos herederos y a algunos legatarios, para agregar a su porción hereditaria la que debía corresponder a otro heredero o legatario.

**Artículo 1555.-** Para que en las herencias por testamento se tenga el derecho de acrecer, se requiere:
**I.-** Que dos o más sean llamados a una misma herencia o a una misma porción de ella, sin especial designación de partes; y

**II.-** Que uno de los llamados muera antes que el testador, renuncie la herencia o sea incapaz de recibirla.

**Artículo 1556.-** No se entenderá que están designadas las partes, sino cuando el testador haya mandado expresamente que se dividan o las haya designado con señales físicas; más las frases "por mitad" o "por partes iguales", u otras similares que aunque designen parte alícuota, no fijen ésta numéricamente o por señales que hagan a cada uno dueño de un cuerpo de bienes separados, no excluyen el derecho de acrecer.

**Artículo 1557.-** Si la falta del coheredero acaece después de haber aceptado la herencia, no hay derecho de acrecer, y su parte se trasmite a sus herederos, salvo lo prevenido en el artículo 1560.

**Artículo 1558.-** Los herederos a quienes acrece la parte caduca, suceden en todos los derechos; y obligaciones que tendría el que no quiso o no pudo recibir la herencia.

**Artículo 1559.-** Los herederos sólo pueden repudiar la porción que acrece a la suya, renunciando la herencia.

**Artículo 1560.-** Cuando conforme a la ley tengan el derecho de acrecer los llamados conjuntamente a un usufructo, la porción del que falte acrecerá siempre al otro, aunque aquél falte después de haber aceptado y aunque haya estado en posesión de su parte de usufructo.

**Artículo 1561.-** Lo dispuesto en los articulas 1555 a 1560 se observará igualmente en los legados.

**Artículo 1562.-** Cuando los legatarios no se hallen en el caso de la fracción I del artículo 1555, pero sí en alguno de los señalados en la fracción II, el legado acrecerá a los herederos.

**Artículo 1563.-** El testador puede prohibir o modificar como quiera el derecho de acrecer.

**Artículo 1564.-** En las herencias sin testamento si hubiere varios parientes en un mismo grado, y alguno o algunos no quisieren o no pudieren heredar, su parte acrecerá la de los otros del mismo grado, si es que no tiene descendientes, pues teniéndolos, éstos heredarán por estirpe.

## CAPÍTULO TERCERO
### De la Transmisión Hereditaria de Derechos no económicos

**Artículo 1565.-** El autor de la herencia puede disponer por testamento, o mediante escrito firmado por él, la forma y circunstancia de sus exequias.

**Artículo 1566.-** Puede también el autor de la herencia ordenar la erección de su sepulcro para sí o para sepultura de familia.

**Artículo 1567.-** Habiendo o no testamento, si se carece de disposiciones expresas del autor de la herencia, se observarán las reglas siguientes:

**I.-** Es carga de la masa hereditaria la sepultura del causante en la tumba de su familia, y en defecto de ésta, en el sepulcro que se construirá según las circunstancias y las capacidades de la herencia, determinando el Juez lo conducente cuando no haya acuerdo entre los herederos y legatarios;

**II.-** El sepulcro no podrá ser objeto de enajenación o cesión;

**III.-** Los herederos no podrán oponerse a que se sepulte en la tumba de la familia a las personas que en vida fueren herederos del autor de la sucesión;

**IV.-** Los sepulcros no pueden ser divididos entre herederos o legatarios, ni son embargables.

**Artículo 1568.-** A falta de disposición testamentaria, los objetos muebles que constituyeren recuerdos de familia, los trofeos y las condecoraciones personales, los papeles y correspondencia del causante, no serán materia de división hereditaria y deberán quedar en depósito del heredero que por acuerdo unánime se determine o del que designe el Juez a falta de ese acuerdo.

**Artículo 1569.-** Las acciones de estado civil son transmisibles por herencia a los herederos por intestado, en los casos expresamente señalados por la ley.

## CAPÍTULO CUARTO
### De la Apertura y de la Reclamación de la Herencia

**Artículo 1570.-** La sucesión se abre, en el momento en que muere el autor de la herencia y cuando se declara la presunción de muerte de un ausente.

**Artículo 1571.-** No habiendo albacea nombrado, cada uno de los herederos puede, si no ha sido instituido heredero de bienes determinados, reclamar la totalidad de la herencia que le corresponde conjuntamente con otros, sin que el demandado pueda oponer la excepción de que la herencia no le pertenece por entero.

**Artículo 1572.-** Habiendo albacea nombrado, él deberá promover la reclamación a que se refiere el anterior artículo y siendo moroso en hacerla, los herederos tienen derecho de pedir su remoción.

**Artículo 1573.-** El derecho de reclamar la herencia se ejercita mediante la acción de petición de herencia y es transmisible a los herederos.

**Artículo 1574.-** La acción de petición de herencia prescribe en cinco años.

**Artículo 1575.-** Es imprescriptible la acción para denunciar una sucesión.

## CAPÍTULO QUINTO
### De la Aceptación y de la Repudiación de la Herencia

**Artículo 1576.-** Pueden aceptar o repudiar la herencia todos los que tienen la libre disposición de sus bienes.

**Artículo 1577.-** La herencia dejada a los menores y demás incapacitados será aceptada por sus tutores, quienes podrán repudiarla con autorización judicial, previa audiencia del Ministerio Público.

**Artículo 1578.** Ninguno de los cónyuges necesita la autorización de su consorte para aceptar o repudiar la herencia que les corresponda.

<span style="color:blue">*Artículo reformado POE 31-05-2023*</span>

**Artículo 1579.-** La herencia común será aceptada o repudiada por los dos cónyuges, y en caso de discrepancia, resolverá el Juez.

**Artículo 1580.-** La herencia dejada en común a quienes vivan maritalmente, sin estar casados y sin que exista impedimento para contraer matrimonio entre ellos, será aceptada o repudiada por ambos; y en caso de discrepancia, resolverá el Juez, quien al oírlos, procurará convencerlos para que contraigan matrimonio, sin que la negativa de contraerlo impida que se dicte resolución sobre la aceptación o repudiación, la cual se motivará en lo que sea más conveniente para ambas personas o de los hijos de ambos si los tuvieren.

**Artículo 1581.-** La aceptación puede ser expresa o tácita. Es expresa la aceptación si el heredero acepta con palabras terminantes, y tácita, si ejecuta algunos hechos de que se deduzca necesariamente la intención de aceptar, o realiza aquéllos que no podría sino con su calidad de heredero.

**Artículo 1582.-** Ninguno puede aceptar o repudiar la herencia en parte, con plazo o condicionalmente.

**Artículo 1583.-** Si los herederos no se convinieren sobre la aceptación o repudiación, podrán aceptar unos y repudiar otros.

**Artículo 1584.-** Si el heredero fallece sin aceptar o repudiar la herencia, el derecho de hacerlo se trasmite a sus sucesores.

**Artículo 1585.-** Los efectos de la aceptación o repudiación de la herencia se retrotraen siempre a la fecha de la muerte de la persona a quien se hereda.

**Artículo 1586.-** La repudiación debe ser expresa y hacerse por escrito ante el Juez, o por medio de instrumento público otorgado ante notario, cuando el heredero no se encuentre en el lugar del juicio.

**Artículo 1587.-** La repudiación no priva al que la hace, si no es heredero ejecutor, del derecho de reclamar los legados que se le hubieren dejado.

**Artículo 1588.-** El que es llamado a una misma herencia por testamento y ab intestato y la repudia por el primer título, se entiende haberla repudiado por los dos.

**Artículo 1589.-** Ninguno puede renunciar la sucesión de persona viva ni enajenar los derechos que eventualmente pueda tener a su herencia.

**Artículo 1590.-** Nadie puede aceptar ni repudiar sin estar cierto de la muerte de aquél de cuya herencia se trate.

**Artículo 1591.-** Conocida la muerte de aquél a quién se hereda, se puede renunciar la herencia dejada bajo condición, aunque ésta no se haya cumplido.

**Artículo 1592.-** Las personas morales capaces de adquirir pueden, por conducto de sus representantes legítimos, aceptar o repudiar herencias.

**Artículo 1593.-** Las corporaciones de carácter oficial o instituciones de beneficencia privada no pueden repudiar la herencia, las primeras, sin aprobación judicial, previa audiencia del Ministerio Público, y las segundas, sin sujetarse a las disposiciones relativas de la ley de Beneficencia Privada.

**Artículo 1594.-** Los establecimientos públicos no pueden aceptar ni repudiar herencias sin aprobación de la autoridad administrativa superior de quien dependan.

**Artículo 1595.-** Cuando alguno tuviere interés en que el heredero declare si acepta o repudia la herencia, podrá pedir, pasados nueve días de la apertura de ésta, que el Juez fije al heredero un plazo que no excederá de un mes, para que dentro de él haga su declaración, apercibido de que si no la hace se tendrá la herencia por aceptada.

**Artículo 1596.-** La aceptación y la repudiación, una vez hechas, son irrevocables, y no pueden ser impugnadas sino en los casos de dolo o violencia.

**Artículo 1597.-** El heredero puede también revocar la aceptación o la repudiación cuando por un testamento desconocido, al tiempo de hacerla, se altera la cantidad o la calidad de la herencia.

**Artículo 1598.-** Cuando el heredero revoque la aceptación, devolverá todo lo que hubiere percibido de la herencia, observándose respecto de los frutos las reglas relativas a los poseedores.

**Artículo 1599.-** Si el heredero repudia la herencia en perjuicio de sus acreedores, pueden éstos pedir al Juez que los autorice para aceptar en nombre de aquél.

**Artículo 1600.-** En el caso del artículo anterior la aceptación sólo aprovechará a los acreedores para el pago de sus créditos; pero si la herencia excediere del importe de éstos, el exceso pertenecerá a quien llame la ley y no al que hizo la renuncia.

**Artículo 1601.-** Los acreedores cuyos créditos fueren posteriores a la repudiación no pueden ejercer el derecho que les concede el artículo 1599.

**Artículo 1602.-** Quien por la repudiación de la herencia debe entrar en ella, podrá impedir que la acepten los acreedores, pagando a éstos los créditos. que tienen contra el que la repudió.

**Artículo 1603.-** Quien a instancia de un legatario o acreedor hereditario haya sido declarado heredero, será considerado como tal por los demás, sin necesidad de nuevo juicio.

**Artículo 1604.-** La aceptación en ningún caso produce confusión de los bienes del autor de la herencia y de los herederos.

**Artículo 1605.-** La herencia se tiene por aceptada a beneficio de inventario, aunque no se exprese así.

## CAPÍTULO SEXTO
### De los Albaceas y los Interventores

## SECCIÓN PRIMERA
### De los Albaceas

**Artículo 1606.-** Los albaceas son los órganos representativos de la sucesión para actuar en nombre y por cuenta de ésta, en juicio y fuera de él, en todo lo relativo a la defensa y administración de los bienes de la herencia, liquidándola y poniéndola en vías de partición y adjudicación definitiva de sus bienes.

**Artículo 1607.-** Al albacea corresponde ejecutar las disposiciones testamentarias.

**Artículo 1608.-** Pueden ser albaceas todas las personas con capacidad de ejercicio.

**Artículo 1609.-** No pueden ser albaceas, salvo que sean herederos únicos:

**I.-** Los magistrados y jueces que estén ejerciendo jurisdicción en el lugar en que se abre la sucesión;

**II.-** Los que por sentencia hubieren sido removidos otra vez del cargo de albacea;

**III.-** Los que hayan sido condenados por delitos contra la propiedad;

**IV.-** Los que no tengan un modo honesto de vivir.

**Artículo 1610.-** El testador puede nombrar uno o más albaceas.

**Artículo 1611.-** Cuando el testador no hubiere designado albacea o el nombrado no desempeñare el cargo, los herederos elegirán albacea por mayoría de votos y por los herederos menores votarán sus legítimos representantes.

**Artículo 1612.-** La mayoría en los juicios sucesorios se calculará por el importe de las porciones y no por el número de las personas.

**Artículo 1613.-** Cuando la mayor porción esté representada por menos de la cuarta parte de los herederos, para que haya mayoría se necesita que con ellos voten los herederos que sean necesarios para formar, por lo menos, la cuarta parte del número total.

**Artículo 1614.-** Si no hubiere mayoría, el albacea será nombrado por el Juez, de entre los propuestos.

**Artículo 1615.-** El heredero que fuere único, será albacea si no hubiere sido nombrado otro en el testamento.

**Artículo 1616.-** Si el heredero nombrado albacea es incapaz, desempeñará en su representación el cargo su representante legítimo.

**Artículo 1617.-** Cuando no haya heredero o el nombrado no entre en la herencia, el albacea será nombrado por los legatarios, pero si también hubiere legatarios, el nombramiento lo hará el Juez.

**Artículo 1618.-** El albacea nombrado conforme al artículo anterior durará en su cargo mientras que, declarados los herederos legítimos, éstos hagan la elección de albacea.

**Artículo 1619.-** Cuando toda la herencia se distribuya en legados, los legatarios nombrarán el albacea.

**Artículo 1620.-** El albacea podrá ser universal o especial.

**Artículo 1621.-** Cuando fueren varios los albaceas nombrados, el albaceazgo será ejercido por cada uno de ellos en el orden en que hubieren sido designados, a no ser que el testador hubiere dispuesto expresamente que se ejerza de común acuerdo por todos los nombrados, pues en este caso se considerarán mancomunados.

**Artículo 1622.-** Cuando los albaceas fueren mancomunados, sólo valdrá lo que todos hagan de consuno, lo que haga uno de ellos, legalmente autorizado por los demás, o lo que, en caso de disidencia, acuerde el mayor número y si no hubiere mayoría decidirá el Juez.

**Artículo 1623.-** En los casos de suma urgencia, puede uno de los albaceas mancomunados practicar, bajo su responsabilidad personal, los actos que fueren necesarios, dando cuenta inmediata a los demás.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1624.-** El cargo de albacea es voluntario; pero el que lo acepte, se constituye en la obligación de desempeñarlo.

**Artículo 1625.-** El albacea que renuncie sin justa causa perderá lo que le hubiere dejado el testador.

**Artículo 1626.-** El albacea que renuncia con justa causa perderá lo que le hubiere dejado el testador, si este legado o herencia tuvo por objeto remunerarlo por el desempeño del cargo.

**Artículo 1627.-** El albacea que presentare excusas deberá hacerlo dentro de los seis días siguientes, a aquél en que tuvo noticias de su nombramiento, o si éste le era ya conocido, dentro de los seis días siguientes a aquél en que tuvo noticias de la muerte del testador. Si presenta sus excusas fuera del término señalado, responderá de los daños y perjuicios que ocasione.

**Artículo 1628.-** Pueden excusarse de ser albaceas:

**I.-** Los empleados y funcionarios públicos;

**II.-** Los militares en servicio activo;

**III.-** Los que fueren tan pobres que no puedan atender el albaceazgo sin menoscabo de su subsistencia;

**IV.-** Los que por el mal estado habitual de salud, o por no saber leer ni escribir, no puedan atender debidamente el albaceazgo;

**V.-** Los que tengan setenta años cumplidos; y

**VI.-** Los que tengan a su cargo otro albaceazgo.

**Artículo 1629.-** El albacea que estuviere presente mientras se decide sobre su excusa, debe desempeñar el cargo bajo la pena establecida en el artículo 1627.

**Artículo 1630.-** El albacea no podrá delegar el cargo que ha recibido, ni por su muerte pasa a sus herederos; pero no está obligado a obrar personalmente. Puede hacerlo por mandatarios que obren bajo sus órdenes, respondiendo de los actos de éstos.

**Artículo 1631.-** El albacea general está obligado a entregar al ejecutor especial las cantidades o bienes necesarios para que cumpla la parte del testamento que estuviere a su cargo.

**Artículo 1632.-** Si el cumplimiento del legado dependiere de plazo o de alguna condición suspensiva, podrá el ejecutor general resistir la entrega del bien o cantidad, garantizando mediante fianza a satisfacción del legatario o del ejecutor especial, que la entrega se hará a su debido tiempo.

**Artículo 1633.-** El ejecutor especial podrá también, a nombre del legatario, exigir la constitución de hipoteca necesaria.

**Artículo1634.-** El albacea debe deducir todas las acciones que pertenezcan a la herencia.

**Artículo 1635.-** Son obligaciones del albacea general:

**I.-** La presentación del testamento;

**II.-** El aseguramiento de los bienes de la herencia;

**III.-** La formación de inventarios;

**IV.-** La administración de los bienes y la rendición de las cuentas del albaceazgo;

**V.-** El pago de las deudas mortuorias, hereditarias y testamentarias;

**VI.-** La formulación del proyecto de partición y adjudicación de los bienes entre los herederos y legatarios;

**VII.-** La defensa, en juicio y fuera de él, así de la herencia como de la validez del testamento;

**VIII.-** La de representar a la sucesión en todos los juicios que hubieren de promoverse en su nombre o que se promovieren en contra de ella;

**IX.-** Las demás que le imponga la ley.

**Artículo 1636.-** Los albaceas, dentro de los quince días siguientes a la aprobación del inventario, propondrán al Juez la distribución provisional de los productos de los bienes hereditarios, señalando la parte de ellos que cada bimestre deberá entregarse a los herederos o legatarios. El Juez aprobará o modificará la proposición hecha, según corresponda.

**Artículo 1637.-** El albacea que no presente la proposición de que se trata o que durante dos bimestres consecutivos, sin justa causa, no cubra a los herederos o legatarios lo que les corresponda, será separado del cargo a solicitud de cualquiera de los interesados.

**Artículo 1638.-** El albacea también está obligado, dentro de los tres meses contados desde que acepte su nombramiento, a garantizar su manejo, con depósito, fianza, hipoteca o prenda, a su elección, conforme a las bases siguientes:

**I.-** Por el importe de la renta de los bienes raíces en el último año, y por los réditos de los capitales impuestos durante ese mismo tiempo;

**II.-** Por el valor de los bienes muebles;

**III.-** Por el de los productos de las fincas rústicas en un año, calculados por peritos, o por el término medio en un quinquenio, a elección del Juez;

**IV.-** En las negociaciones mercantiles e industriales, por el veinte por ciento del importe de las mercancías y demás efectos muebles, calculado por los libros si están llevados en debida forma, o a juicio de peritos.

**Artículo 1639.-** Cuando el albacea sea también coheredero y su porción baste para garantizar su manejo conforme a lo dispuesto en el artículo que precede, no estará obligado a prestar garantía especial, mientras que conserve sus derechos hereditarios. Si su porción no fuere suficiente para prestar la garantía de que se trata, estará obligado a dar fianza, hipoteca o prenda o constituir depósito por lo que falte para completar esa garantía.

**Artículo 1640.-** El testador no puede librar al albacea de la obligación de garantizar su manejo; pero los herederos, sean testamentarios o legítimos, tienen derecho a dispensar al albacea del cumplimiento de esa obligación.

**Artículo 1641.-** Si el albacea ha sido nombrado en testamento y lo tiene en su poder, debe presentado dentro de los ocho días siguientes a la muerte del testador.

**Artículo 1642.-** El albacea debe formar el inventario dentro del término señalado por el Código de Procedimientos Civiles y si no lo hace será removido.

**Artículo 1643.-** El albacea, antes de formar inventario, no permitirá la extracción de bien alguno, si no es que conste la propiedad ajena por el mismo testamento, por instrumento público o por los libros de la casa llevados en debida forma, si el autor de la herencia hubiere sido comerciante.

**Artículo 1644.-** Cuando la propiedad del bien ajeno conste por medios diversos de los enumerados en el artículo anterior, el albacea se limitará a poner, al margen de las partidas respectivas, una nota que indique la pertenencia del bien, para que la propiedad se discuta en el juicio correspondiente.

**Artículo 1645.-** La infracción a los dos artículos anteriores hará responsable al albacea de los daños y perjuicios.

**Artículo 1646.-** El albacea, dentro del primer mes de ejercer su cargo, fijará, de acuerdo con los herederos, la cantidad que haya de emplearse en los gastos de administración, y el número y sueldos de los dependientes.

**Artículo 1647.-** Si para el pago de una deuda u otro gasto urgente fuere necesario vender algunos bienes, el albacea deberá hacerlo, de acuerdo con los herederos, y si esto no fuere posible, con aprobación judicial.

**Artículo 1648.-** Lo dispuesto en el artículo 1145 respecto de los tutores se observará también respecto de los albaceas.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1649.-** El albacea no puede gravar ni hipotecar los bienes sin consentimiento de los herederos, o de los legatarios en su caso.

**Artículo 1650.-** El albacea no puede transigir ni comprometer en árbitros los negocios de la herencia, sino con consentimiento de los herederos.

**Artículo 1651.-** El albacea solo puede dar en arrendamiento hasta por un año los bienes de la herencia y para arrendados por mayor tiempo, necesita del consentimiento de los herederos o de los legatarios en su caso.

**Artículo 1652.-** El albacea está obligado a rendir cada año cuenta de su albaceazgo. No podrá ser nuevamente nombrado sin que antes haya sido aprobada su cuenta anual. Además, rendirá la cuenta general del albaceazgo, al concluir su gestión. También rendirá cuenta de su administración cuando por cualquier causa deje de ser albacea, cuando lo disponga el Juez o lo solicite cualquier heredero.

**Artículo 1653.-** La obligación que de dar cuenta tiene el albacea pasa a sus herederos.

**Artículo 1654.-** Son nulas de pleno derecho y se tienen por no hechas, las disposiciones por las que el testador dispensa al albacea de la obligación de hacer inventario o de rendir cuentas.

**Artículo 1655.-** La cuenta de administración debe ser aprobada por todos los herederos; el que disienta, puede seguir a su costa el juicio respectivo.

**Artículo 1656.-** Cuando fuere heredero el Estado o los herederos fueren menores, intervendrá el Ministerio Público en la aprobación de las cuentas.

**Artículo 1657.-** Aprobadas las cuentas, los interesados pueden celebrar sobre su resultado los convenios que quieran.

**Artículo 1658.-** Los acreedores y los legatarios no podrán exigir el pago de sus créditos y legados, sino hasta que el inventario haya sido formado y aprobado, siempre que se forme y apruebe dentro de los términos señalados por la ley, salvo en los casos prescritos en los artículos 1685y 1688 y aquellas deudas sobre las cuales hubiere juicio pendiente al abrirse la sucesión.

**Artículo 1659.-** Los gastos hechos por el albacea en el cumplimiento de su cargo, incluso los honorarios de abogado y procurador que haya ocupado, se pagarán de la masa de la herencia.

**Artículo 1660.-** El albacea debe cumplir su encargo dentro de un año contado desde su aceptación, o desde que terminen los litigios que se promovieren sobre la validez o nulidad del testamento.

**Artículo 1661.-** Sólo por causa justificada pueden los herederos prorrogar al albacea el plazo señalado en el artículo anterior, y la prórroga no excederá de un año.

**Artículo 1662.-** Para conceder la prórroga, es indispensable que haya sido aprobada la cuenta anual del albacea, y que la prórroga la acuerde una mayoría que represente las dos terceras partes de la herencia.

**Artículo 1663.-** El testador puede señalar al albacea la retribución que quiera; pero si no lo hiciere o no hay testamento, el albacea cobrará el dos por ciento sobre el importe líquido y efectivo de la herencia, y el cinco por ciento sobre los frutos industriales de los bienes hereditarios.

**Artículo 1664.-** El albacea tiene derecho de elegir entre lo que le deja el testador por el desempeño del cargo y lo que la ley le concede por el mismo motivo.

**Artículo 1665.-** Si fueren varios y mancomunados los albaceas, la retribución se repartirá entre todos ellos; si no fueren mancomunados, la repartición se hará en proporción al tiempo que cada uno haya administrado y al trabajo que hubiere tenido en la administración.

**Artículo 1666.-** Si el testador legó conjuntamente a tales albaceas algún bien por el desempeño de su cargo, la parte de los que no admitan éste acrecerá a los que lo ejerzan.

**Artículo 1667.-** El cargo de albacea se acaba:

**I.-** Por la terminación natural del encargo;

**II.-** Por muerte;

**III.-** Por incapacidad legal, declarada en forma;

**IV.-** Por excusa que el Juez califique de legítima, con audiencia de los interesados, y del Ministerio Público cuando se interesen menores o el Estado;

**V.-** Por terminar el plazo señalado por la ley y las prórrogas concedidas para desempeñar el cargo;

**VI.-** Por revocación de sus nombramientos, hecha por los herederos; y

**VII.-** Por remoción.

**Artículo 1668.-** La revocación puede hacerse por los herederos en cualquier tiempo, pero en el mismo acto debe nombrarse el substituto.

**Artículo 1669.-** Cuando el albacea haya recibido del testador algún encargo especial, además del de seguir el juicio sucesorio para hacer entrega de los bienes a los herederos, no quedará privado de aquel encargo por la revocación que hagan los herederos del nombramiento de albacea. En tal caso, se considerará como ejecutor especial y se aplicará lo dispuesto con el artículo 1631.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1670.-** Si la revocación se hace sin causa justificada, el albacea removido tiene derecho de percibir lo que el testador le haya dejado por el desempeño del cargo o el tanto por ciento que le corresponda conforme a los articulas 1663 y 1664, teniéndose en cuenta lo dispuesto en los artículos 1665 y 1666.

**Artículo 1671.-** La remoción no tendrá lugar sino por sentencia pronunciada en el incidente promovido por parte legítima.

## SECCIÓN SEGUNDA
### De los interventores

**Artículo 1672.-** El heredero o herederos que no hubieren estado conformes con el nombramiento de albacea hecho por la mayoría, tienen derecho a nombrar un interventor que vigile al albacea.

**Artículo 1673.-** Si la minoría inconforme la forman varios herederos, el nombramiento de interventor se hará por mayoría de votos, y si no se obtiene mayoría, el nombramiento lo hará el Juez, eligiendo al interventor de entre las personas propuestas por los herederos de la minoría.

**Artículo 1674.-** Las funciones del interventor se limitarán a vigilar el exacto cumplimiento del cargo de albacea.

**Artículo 1675.-** El interventor no puede tener la posesión ni aun interina de los bienes.

**Artículo 1676.-** Debe nombrarse precisamente un interventor:

**I.-** Siempre que el heredero esté ausente o no sea conocido;

**II.-** Cuando la cuantía de los legados iguale o exceda a la porción del heredero albacea; y

**III.-** Cuando se hagan legados para objetos o establecimientos del Estado.

**Artículo 1677.-** Los interventores deben ser mayores de edad y capaces de obligarse.

**Artículo 1678.-** Los interventores durarán mientras que no se revoque su nombramiento.

**Artículo 1679.-** Termina también el cargo de interventor en los casos del artículo 1667.

**Artículo 1680.-** Los interventores tendrán la retribución que acuerden los herederos que los nombren, y si los nombra el Juez, cobrarán conforme a arancel, como si fueran apoderados.

## CAPÍTULO SÉPTIMO
### Del Inventario y de la Liquidación de la Herencia

**Artículo 1681.-** El albacea definitivo, dentro del término que fije el Código de Procedimientos Civiles, promoverá la formación del inventario.

**Artículo 1682.-** Si el albacea no cumpliere lo dispuesto en el artículo anterior podrá promover la formación del inventario cualquier heredero.

**Artículo 1683.-** El inventario se formará según lo disponga el Código de Procedimientos Civiles y si el albacea no lo presenta dentro del término legal será removido.

**Artículo 1684.-** Concluido y aprobado judicialmente el inventario, el albacea procederá a la liquidación de la herencia.

**Artículo 1685.-** En primer lugar, serán pagadas las deudas mortuorias, si no lo estuvieren ya, pues pueden pagarse antes de la formación del inventario.

**Artículo 1686.-** Se llaman deudas mortuorias, los gastos de funeral y las que se hayan causado en la última enfermedad del autor de la herencia.

**Artículo 1687.-** Las deudas mortuorias se pagarán del cuerpo de la herencia.

**Artículo 1688.-** En segundo lugar, se pagarán los gastos de rigurosa conservación y administración de la herencia, así como los créditos alimenticios, que pueden también ser cubiertos antes de la formación del inventario.

**Artículo 1689.-** Si para hacer los gastos de que hablan los artículos anteriores no hubiere dinero en la herencia, el albacea promoverá la venta de los bienes muebles y aun de los inmuebles, con las formalidades que, respectivamente, se requieran.

**Articulo 1690.-** Enseguida se pagarán las deudas hereditarias que fueren exigibles.

**Artículo 1691.-** Se llaman deudas hereditarias las contraídas por el autor de la herencia independientemente de su última disposición y de las que es responsable con sus bienes.

**Artículo 1692.-** Si hubiere pendiente algún concurso, el albacea no deberá pagar sino conforme a la sentencia de graduación de los acreedores.

**Artículo 1693.-** Los acreedores, cuando no haya concurso, serán pagados en el orden que se presenten; pero si entre los no presentados hubiere algunos preferentes, se exigirá a los que fueren pagados la caución de acreedor de mejor derecho.

**Artículo 1694.-** El albacea, concluido el inventario, no podrá pagar los legados sin haber cubierto o asignado bienes bastantes para pagar las deudas, conservando en los respectivos bienes los gravámenes especiales que tengan.

**Artículo 1695.-** Se tendrá en cuenta, en su caso, para el pago de los legados lo dispuesto en el artículo 1348.

**Artículo 1696.-** Los acreedores que se presenten después de pagados los legatarios, solamente tendrán acción contra éstos cuando en la herencia no hubiere bienes bastantes para cubrir sus créditos.

**Artículo 1697.-** La venta de bienes hereditarios para el pago de deudas y legados se hará en pública subasta, a no ser que la mayoría de los interesados acuerde otra cosa.

**Artículo 1698.-** La mayoría de los interesados, o la autorización judicial en su caso, determinará la aplicación que haya de darse al precio de los bienes vendidos.

## CAPÍTULO OCTAVO
### De la Partición

**Artículo 1699.-** Aprobados el inventario y la cuenta de administración, el albacea debe formular enseguida, con los herederos, el proyecto de partición de la herencia.

**Artículo 1700.-** A ningún coheredero puede obligarse a permanecer en la indivisión de los bienes, ni aún por prevención expresa del testador, salvo el caso previsto en el artículo 1658.

**Artículo 1701.-** Puede suspenderse la partición en virtud de convenio expreso de los interesados. Habiendo menores entre ellos, deberá oírse al tutor y al Ministerio Público. El auto en que se apruebe el convenio determinará el tiempo que debe durar la indivisión.

**Artículo 1702.-** Si el autor de la herencia dispone en su testamento que a algún heredero o legatario se le entreguen determinados bienes, el albacea, aprobado el inventario, le entregará esos bienes, siempre que el favorecido garantice suficientemente responder por los gastos y cargas generales de la herencia en la proporción que le corresponda.

**Artículo 1703.-** Si el autor de la herencia hiciere la partición de los bienes en su testamento, a ella deberá estarse, salvo derechos de tercero.

**Artículo 1704.-** Si el autor de la herencia no hizo la partición o si murió ab intestato, los herederos podrán hacerla, procediendo conforme a los artículos 1710 y 1711.

**Artículo 1705.-** Si el autor de la sucesión no dispuso cómo debieran repartirse sus bienes y se trata de una negociación que forme una unidad agrícola, industrial o comercial, habiendo entre los herederos agricultores, industriales o comerciantes, a ellos se aplicará la negociación, siempre que puedan entregar en dinero a los otros coherederos la parte que les corresponda. El precio de la negociación se fijará por peritos. Lo dispuesto en este artículo no impide que los coherederos celebren los convenios que estimen pertinentes.

**Artículo 1706.-** Los coherederos deben abonarse recíprocamente las rentas y los frutos que cada uno haya recibido de los bienes hereditarios, los gastos útiles y necesarios y los daños ocasionados por malicia o negligencia.

**Artículo 1707.-** Si el testador hubiere legado alguna pensión o renta vitalicia, sin gravar con ella en particular a algún heredero o legatario, se capitalizará conforme al tipo de rédito que señale el Banco de México en la fecha de la capitalización, y se separará un capital o fondo de igual valor, que se entregará a la persona que deba percibir la pensión o renta, quien tendrá todas las obligaciones de mero usufructuario.

**Artículo 1708.-** Lo dispuesto en el artículo anterior se observará también cuando se trate de las pensiones alimenticias a que se refiere el artículo 1307.

**Artículo 1709.-** En el proyecto de partición se expresará la parte que del capital o fondo afecto a la pensión corresponderá a cada uno de los herederos luego que aquélla se extinga.

**Artículo 1710.-** Cuando todos los herederos sean mayores, y el interés del fisco, si lo hubiere, esté cubierto, podrán los interesados separarse de la prosecución del juicio y adoptar los acuerdos que estimen convenientes para el arreglo o terminación de la testamentaria o del intestado.

**Artículo 1711.-** Cuando haya menores, podrán separarse, si están debidamente representados y el Ministerio Público da su conformidad y, en este caso, los acuerdos que se tomen se denunciaran al Juez, y éste oyendo al Ministerio Público, dará su aprobación, si no se lesionan los derechos de los menores.

**Artículo 1712.-** Cuando no haya acuerdo unánime de los herederos sobre la partición y el autor de la herencia no la hubiere hecho en su testamento, dicha partición deberá ser judicial.

**Artículo 1713.-** La infracción del artículo anterior produce la nulidad de la partición y el heredero perjudicado podrá reclamarla dentro de sesenta días a partir de la fecha en que se le notifique la aprobación judicial del proyecto de partición.

**Artículo 1714.-** La partición constará en escritura pública, siempre que en la herencia haya bienes cuya enajenación deba hacerse con esa formalidad.

**Artículo 1715.-** Los gastos de la partición se rebajarán del fondo común; los que se hagan por interés particular de alguno de los herederos o legatarios, se imputarán en su haber.

## CAPÍTULO NOVENO
### De los Efectos de la Partición

**Artículo 1716.-** La partición legalmente hecha fija la porción de bienes hereditarios que corresponden en propiedad a cada uno de los herederos.

**Artículo 1717.-** Si el heredero es único la adjudicación tiene efectos declarativos y si son dos o más sus efectos son atributivos.

**Artículo 1718.-** Los coherederos están recíprocamente obligados a indemnizarse en caso de evicción de los objetos repartidos y pueden usar del derecho que este Código les concede, en materia de hipoteca necesaria, para pedir la constitución de ésta, en seguridad de sus créditos.

**Artículo 1719.-** El que sufra la evicción será indemnizado por los coherederos en proporción a sus cuotas hereditarias.

**Artículo 1720.-** Si alguno o algunos de los herederos estuviere insolvente, la cuota con que debía contribuir se repartirá entre los demás, incluyendo el que perdió su parte.

**Artículo 1721.-** Los que pagaren por el insolvente conservarán su acción contra él, para cuando mejore su fortuna.

**Artículo 1722.-** La porción que deberá pagarse al que sufra la evicción no será la que represente su haber primitivo, sino la que le corresponda, deduciendo del total de la herencia la parte perdida.

**Artículo 1723.-** La obligación del saneamiento para el caso de evicción, sólo cesará en los casos siguientes:

**I.-** Cuando se hubieren dejado al heredero bienes individualmente determinados, de los cuales es privado;

**II.-** Cuando al hacerse la partición los coherederos renuncien expresamente al derecho de ser indemnizados; y

**III.-** Cuando la pérdida fuere ocasionada por culpa del heredero que la sufre.

**Artículo 1724.-** Si se adjudica como cobrable un crédito, los coherederos no responden de la insolvencia posterior del deudor hereditario, y sólo son responsables de su solvencia al tiempo de hacerse la partición.

**Artículo 1725.-** Por créditos incobrables no hay responsabilidad.

**Artículo 1726.-** El heredero cuyos bienes hereditarios fueren embargados, o contra quien se pronunciare sentencia en juicio por causa de ellos, tiene derecho de pedir que sus coherederos caucionen la responsabilidad que pueda resultarles y, en caso contrario, que les prohíba enajenar los bienes que recibieron.

## CAPÍTULO DÉCIMO
### De la Rescisión y Nulidad de las Particiones

**Artículo 1727.-** Las particiones pueden rescindirse o anularse por las mismas causas que las obligaciones.

**Artículo 1728.-** El heredero preterido tiene derecho de pedir la nulidad de la partición. Decretada ésta, se hará una nueva partición para que reciba la parte que le corresponda.

**Artículo 1729.-** La partición hecha con un heredero falso es nula en cuanto tenga relación con él, y la parte que se le aplicó se distribuirá entre los herederos.

**Artículo 1730.-** Si hecha la partición aparecieren algunos bienes omitidos en ella, se hará una división suplementaria, en la cual se observarán las disposiciones contenidas en este título.

<div align="center">

**CUARTA PARTE ESPECIAL**
**(En cuatro Libros)**
**Del Derecho Patrimonial**

**LIBRO PRIMERO**
**De los Bienes, de la Posesión y de los Derechos Reales**

**TITULO PRIMERO**
**Disposiciones Preliminares**

</div>

**Artículo 1731.-** Es bien, en sentido jurídico, todo lo que pueda ser objeto de apropiación.

**Artículo 1732.-** Pueden ser objeto de apropiación todas las cosas y derechos que no estén excluidos del comercio.

**Artículo 1733.-** Las cosas pueden estar fuera del comercio por su naturaleza o por disposición de la ley.

**Artículo 1734.-** Están fuera del comercio por su naturaleza las cosas que no pueden ser poseídas por algún individuo exclusivamente, y por disposición de la ley, las que ella declara irreductibles a propiedad particular.

<div align="center">

**TÍTULO SEGUNDO**
**De las Diferentes Clases de Bienes**

**CAPÍTULO PRIMERO**
**De los Bienes Muebles e Inmuebles**

</div>

**Artículo 1735.-** Los bienes son muebles o inmuebles, por su naturaleza o por disposición de la ley.

**Artículo 1736.-** Son bienes muebles por su naturaleza, los semovientes, las embarcaciones y naves de todo género y en general los cuerpos que pueden ser trasladados de un lugar a otro, ya se muevan por sí mismos, ya por efecto de una fuerza exterior.

**Artículo 1737.-** Son bienes muebles por determinación de la ley, las obligaciones y los derechos o acciones que tienen por objeto bienes muebles o cantidades exigibles en virtud de acción personal.

**Artículo 1738.-** Por igual razón se reputan muebles los derechos de autor, así como las acciones que cada socio tiene en las asociaciones o sociedades, aun cuando a éstas pertenezcan algunos bienes inmuebles.

**Artículo 1739.-** Los materiales procedentes de la demolición de un edificio, y los que se hubieren acopiado para repararlo o para construir uno nuevo, serán muebles mientras no se hayan empleado en la fabricación.

**Artículo 1740.-** En general, son bienes muebles todos los demás no considerados por la ley como inmuebles.

**Artículo 1741.-** Cuando en una disposición de la ley o en los negocios jurídicos se use de las palabras bienes muebles, se comprenderán bajo esa denominación los enumerados en los articulas anteriores.

**Artículo 1742.-** Cuando se use de las palabras muebles o bienes muebles de una casa, se comprenderán los que forman el ajuar y utensilios de ésta y que sirven exclusiva y propiamente para el uso y trato ordinario de una familia, según las circunstancias de las personas que la integren y no se comprenderán el dinero, los documentos y papeles, las colecciones científicas y artísticas, los libros y sus estantes, las medallas, las armas, los instrumentos de artes y oficios, las joyas, ninguna clase de ropa de uso, los granos, caldos, mercancías y demás cosas similares.

**Artículo 1743.-** Cuando por la redacción de un testamento o de un negocio jurídico se descubra que el testador o las partes contratantes han dado a las palabras muebles o bienes muebles una significación diversa de la fijada en el artículo anterior, se estará a lo dispuesto en el testamento o negocio.

**Artículo 1744.-** Son bienes inmuebles por su naturaleza:

**I.-** El suelo y las construcciones adheridas a él;

**II.-** Las plantas y los árboles, mientras estuvieren unidos a la tierra; y

**III.-** Los muebles por anticipación.

**Artículo 1745.-** Son bienes inmuebles por disposición de la ley, los derechos reales sobre inmuebles.

**Artículo 1746.-** Los bienes son fungibles o no fungibles. Pertenecen a la primera clase los que puedan ser reemplazados por otros de la misma especie, calidad y cantidad. Los no fungibles son los que no pueden ser substituidos por otros de la misma especie, calidad y cantidad.

**Artículo 1747.-** Pueden también los bienes ser consumibles o no consumibles, según que se agoten o no por el primer uso.

## CAPÍTULO SEGUNDO
### De las Pertenencias

**Artículo 1748.-** Son pertenencias los bienes incorporados o destinados por su dueño, de un modo duradero, al servicio o a la ornamentación de otros bienes de la propiedad del mismo dueño y que son indispensables para los fines de la explotación agrícola, industrial, civil o comercial realizada en el bien principal.

**Artículo 1749.-** Específicamente, son pertenencias de un inmueble:

**I.-** Todo lo que el dueño le incorpore de una manera fija, de modo que no pueda separarse sin deterioro del inmueble o del objeto incorporado;

**II.-** Los palomares, colmenas, estanques de peces o criaderos análogos, cuando el propietario los conserve con el propósito de mantenerlos unidos a la finca y formando parte de ella de un modo permanente;

**III.-** Las máquinas, vasos, instrumentos o utensilios destinados por el propietario de la finca, directa y exclusivamente, a la industria o explotación de la misma;

**IV.-** Los abonos destinados al cultivo de una heredad, que estén en las tierras donde hayan de utilizarse, y las semillas necesarias para el cultivo de la finca, que están dentro de ésta;

**V.-** Los aparatos eléctricos y accesorios adheridos al suelo o a los edificios por el dueño de éstos;

**VI.-** Los manantiales, estanques, aljibes y corrientes de agua, así como los acueductos y las cafeterías de cualquiera especie que sirvan para conducir los líquidos o gases a una finca o para extraerlos de ella;

**VII.-** Los animales que formen el pie de cría en los predios rústicos destinados total o parcialmente al ramo de la ganadería, así como las bestias de trabajo indispensables para el cultivo de la finca, mientras estén destinadas a ese objeto;

**VIII.-** Los diques y construcciones que, aun cuando sean flotantes, estén destinados por su objeto y condiciones a permanecer en un punto fijo de un río, lago o costa.

**Artículo 1750.-** Los elevadores, escaleras, estatuas, relieves, pinturas u otros objetos de ornamentación quedan comprendidos en la fracción I del artículo anterior, cuando están colocados en forma que revele el propósito del dueño de unidos al bien principal de manera permanente, sin que sean del todo indispensable o necesarios para los fines de la explotación agrícola, industrial, civil o comercial de que se trate.

**Artículo 1751.-** Los estuches de las alhajas y de los anteojos, las fundas de los paraguas, los envases de licores, los maletines, portafolios o cajas de cualquier instrumental de trabajo, los accesorios de los vehículos y de cualquier aparato eléctrico o electrónico, son pertenencias de muebles.

**Artículo 1752.-** Las hipotecas, prendas, anticresis y demás relaciones jurídicas que sean accesorias de un bien principal son pertenencias de éste.

**Artículo 1753.-** Salvo disposición legal expresa en contrario no podrá practicarse ningún secuestro sobre una pertenencia individualmente considerada.

**Artículo 1754.-** Salvo también disposición expresa de la ley en contrario, las pertenencias pueden embargarse cuando se les considera parte del bien principal, de la industria o comercio a que estuvieren incorporadas o destinadas.

## CAPÍTULO TERCERO
### De los bienes considerados según las personas a quienes pertenecen

**Artículo 1755.-** Los bienes son del dominio del poder público o de la propiedad de los particulares.

**Artículo 1756.-** Son bienes del dominio del poder público los que pertenecen al Estado de Quintana Roo o a los municipios de éste.

**Artículo 1757.-** Los bienes del dominio del poder público se dividen en bienes de uso común, bienes destinados a un servicio público y bienes propios.

**Artículo 1758.-** Los bienes de uso común son inalienables e imprescriptibles. Pueden aprovecharse de ellos todos los habitantes de Quintana Roo, con las restricciones establecidas por la ley; pero para aprovechamientos especiales se necesita concesión otorgada con los requisitos que prevengan las leyes respectivas.

**Artículo 1759.-** Los que estorben el aprovechamiento de los bienes de uso común, quedan sujetos a las penas correspondientes, a pagar los daños y perjuicios causados y a la pérdida de las obras que hubieren ejecutado.

**Artículo 1760.-** Los bienes destinados a un servicio público y los bienes propios, pertenecen en pleno dominio al Estado de Quintana Roo o a sus municipios; pero los primeros son inalienables e imprescriptibles mientras no se les desafecte del servicio público a que se hallen destinados.

**Artículo 1761.-** Cuando conforme a la ley pueda enajenarse y se enajena una vía pública, los propietarios de los predios colindantes gozarán del derecho del tanto en la parte que les corresponda, a cuyo efecto se les dará aviso de la enajenación. El derecho que este artículo concede deberá ejercitarse precisamente dentro de los diez días siguientes al aviso. Cuando sin dar este aviso a los colindantes se enajena a terceros la vía, aquéllos

CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO

podrán pedir la nulidad del contrato dentro de los sesenta días siguientes al conocimiento que tengan de dicha enajenación.

**Artículo 1762.-** Son propiedad de los particulares todos los bienes cuyo dominio les pertenece legalmente, y de los que no puede aprovecharse nadie sin consentimiento del dueño o autorización de la ley.

## CAPÍTULO CUARTO
### De los Bienes Mostrencos

**Artículo 1763.-** Son bienes mostrencos los muebles abandonados y los perdidos cuyo dueño se ignore.

**Artículo 1764.-** Quien hallare un bien perdido o abandonado, deberá entregarlo dentro de tres días a la autoridad municipal del lugar o a la más cercana si el hallazgo se verifica en despoblado.

**Artículo 1765.-** La autoridad dispondrá desde luego que el bien hallado se tase por peritos, y lo depositare exigiendo formal y circunstanciado recibo.

**Artículo 1766.-** Cualquiera que sea el valor del bien, se fijarán avisos durante un mes, de diez en diez días, en los lugares públicos de la cabecera del municipio y del lugar o centro poblacional del hallazgo, anunciándose que al vencimiento del plazo se rematará el bien si no se presentare reclamante.

**Artículo 1767.-** Si el bien hallado fuere de los que no se pueden conservar, la autoridad dispondrá desde luego su venta y mandará depositar el precio y lo mismo se hará cuando la conservación del bien pueda ocasionar gastos que no estén en relación con su valor.

**Artículo 1768.-** Si durante el plazo señalado se presentare alguno reclamando el bien, la autoridad municipal remitirá todos los datos del caso al Juez competente, según el valor del bien, ante quien el reclamante probará su acción, interviniendo como parte demandada el Ministerio Público.

**Artículo 1769.-** Si el reclamante es declarado dueño se le entregará el bien o su precio, en el caso del artículo 1767, con deducción de los gastos.

**Artículo 1770.-** Si el reclamante no es declarado dueño, o si pasado el plazo de un mes contado desde la primera publicación de los avisos, nadie reclama la propiedad del bien, éste se venderá dándose una cuarta parte del precio al que la halló y destinándose las otras tres cuartas partes al Estado. Los gastos se repartirán entre los adjudicatarios en proporción a la parte que reciben.

**Artículo 1771.-** Cuando por alguna circunstancia especial fuere necesaria. a juicio de la autoridad, la conservación del bien, el que lo halló recibirá la cuarta parte del precio.

**Artículo 1772.-** La venta se hará siempre en almoneda púbica.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1773.-** La ocupación de las embarcaciones y de los objetos que el mar arroje a las playas o que se recojan en alta mar, se regirán por la legislación federal respectiva.

## CAPÍTULO QUINTO
### De los Bienes Vacantes

**Artículo 1774.-** Son bienes vacantes los inmuebles que no tienen dueño cierto y conocido.

**Artículo 1775.-** El que tuviere noticia de la existencia de bienes vacantes en el territorio del Estado y quisiere adquirir la parte que la ley da al descubridor, hará la denuncia de ellos ante el agente del Ministerio Público del lugar de la ubicación de los bienes.

**Artículo 1776.-** El Ministerio Público, si estima que procede, deducirá ante el Juez competente, según el valor de los bienes, la acción que corresponda, a fin de que declarados vacantes los bienes, se adjudiquen al fisco local. Al demandado se le emplazará mediante edictos, y se tendrá al que hizo la denuncia como tercero coadyuvante del actor.

**Artículo 1777.-** El denunciante recibirá la cuarta parte del valor catastral de los bienes que denuncie, repartiéndose los gastos entre el adjudicatario y el denunciante en proporción a lo que cada uno de ellos reciba.

**Artículo 1778.-** El que se apodere de un bien vacante sin cumplir lo prevenido en este capítulo, pagará una multa hasta de mil días de salario mínimo, sin perjuicio de las penas que señale el código de la materia.

## TÍTULO TERCERO
### De la Posesión y la Usucapión

## CAPÍTULO PRIMERO
### De la Posesión

**Artículo 1779.-** Es poseedor de un bien el que ejerce sobre él un poder de hecho, salvo lo dispuesto en el artículo 1218. Posee un derecho el que goza de él.

**Artículo 1780.-** La posesión puede ser consecuencia del goce efectivo de un. derecho real o personal, de una situación de hecho o de una situación contraria a derecho.

**Artículo 1781.-** Cuando en virtud de un negocio jurídico el propietario entrega a otro un bien concediéndole el derecho de retenerlo temporalmente en su poder en calidad de usufructuario, arrendatario, acreedor pignoraticio, depositario u otro título análogo, los dos son poseedores del bien. El que lo posee a título de propietario tiene una posesión originaria y el otro una posesión derivada.

**Artículo 1782.-** Se equipara a la posesión originaria el poder de hecho que se tiene sobre un bien sin ser su propietario, ni su poseedor derivado ni su detentador subordinado, sino porque quien ejerce ese poder pretende convertirse en propietario por usucapión.

**Artículo 1783.-** En caso de despojo, quien tiene la posesión originaria goza del derecho de pedir que sea restituido el que tenía la posesión derivada, y si éste no puede o no quiere recobrada, el poseedor originario puede pedir que se le dé la posesión a él mismo. Este interdicto puede ser también promovido por el poseedor derivado.

**Artículo 1784.-** Cuando se demuestre que una persona tiene en su poder un bien en virtud de la situación de dependencia en que se encuentra respecto del propietario de ese bien, y que lo retiene en provecho de éste en cumplimiento de las órdenes e instrucciones. que de él ha recibido, no se le considera poseedor, sino, simplemente, un mero detentador subordinado.

**Artículo 1785.-** Son objeto de posesión los bienes y derechos que sean susceptibles de apropiación y también el estado civil de las personas.

No pueden ser objeto de posesión jurídica para efectos del presente capítulo, los bienes que integran el patrimonio del Estado, que hayan sido obtenidos y/o apropiados ilícitamente, por particulares, sin importar el tiempo que haya transcurrido. El Estado podrá demandar la inexistencia y/o nulidad de los actos que siendo contrarios a derecho dieron origen a una ocupación que se considera precaria.

*Párrafo adicionado POE 10-11-2017*

Tampoco podrán ser objeto de posesión jurídica los bienes que integran el patrimonio del Estado, si existen elementos necesarios y suficientes que lleven a presumir que fueron obtenidos de manera ilícita por los particulares, el Estado podrá realizar su recuperación en los términos de la Legislación aplicable.

*Párrafo adicionado POE 10-11-2017*

Para efectos de los dos párrafos anteriores, será necesario en el primer caso, una resolución definitiva, en el segundo, una resolución provisional, ambas de autoridad competente.

*Párrafo adicionado POE 10-11-2017*

**Artículo 1786.-** La posesión de bienes puede adquirirse por la misma persona que va a disfrutarla, por su representante legal, por su mandatario y por un tercero sin mandato alguno; pero en este último caso no se entenderá adquirida la posesión sino hasta que la persona a cuyo nombre se haya verificado el acto posesorio lo ratifique.

**Artículo 1787.-** Cuando varias personas poseen un bien indiviso podrá cada una de ellas ejercer actos posesorios sobre el bien común, con tal de que no excluya los actos posesorios de los otros coposeedores.

**Artículo 1788.-** Se entiende que cada uno de los partícipes de un bien que se posee en común ha poseído exclusivamente por todo el tiempo que duró la indivisión, la parte que al dividirse le tocare.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1789.-** La posesión que no tenga el carácter de derivada, da al que la tiene la presunción de propietario para todos los efectos legales. El que posee en virtud de un derecho personal o de un derecho real distinto de la propiedad, no se presume propietario; pero si es poseedor. de buena fe tiene a su favor la presunción de haber obtenido la posesión del dueño del bien o derecho poseído.

**Artículo 1790.-** Sin reembolsar el precio que al respecto se hubiere pagado, el poseedor de un bien mueble perdido o robado no podrá recuperarlo de un tercero de buena fe que lo haya adquirido en almoneda o de un comerciante que en mercado público se dedique a la venta de objetos de la misma especie y el recuperante tiene derecho a reclamar del vendedor el precio reembolsado al tercero.

**Artículo 1791.-** La moneda y los títulos al portador no pueden ser reivindicados del adquirente de buena fe.

**Artículo 1792.-** Se presume, salvo prueba en contrario:

**I.-** Que el poseedor de un bien mueble o inmueble lo es también de sus pertenencias, y que el dé un inmueble lo es de los muebles que se hallen en él;

**II.-** Que el poseedor actual que pruebe haber poseído en tiempo anterior, poseyó también en el intermedio;

**III.-** Que la posesión se sigue disfrutando en el mismo concepto en que se adquirió, a menos que se pruebe que ha cambiado el título o causa generadora de la posesión.

**Artículo 1793.-** Es poseedor de buena fe el que entra en la posesión en virtud de un justo título.

**Artículo 1794.-** Es justo título el que es o fundadamente se cree bastante para transferir el dominio o los derechos distintos de la propiedad.

**Artículo 1795.-** Es poseedor de mala fe el que entra a la posesión sin título alguno para poseer y el que conoce los vicios de su título que le impiden poseer con derecho.

**Artículo 1796.-** La buena fe se presume siempre. Al que afirme la mala fe del poseedor le corresponde probarla.

**Artículo 1797.-** La posesión adquirida de buena fe no pierde ese carácter sino en el caso y desde el momento en que existan actos que acrediten que el poseedor no ignora que posee el bien indebidamente.

**Artículo 1798.-** Tanto la posesión originaria como la derivada dan derecho:

**I.-** A la percepción de frutos; y

**II.-** A las acciones interdictales de retener y recuperar la posesión.

**Artículo 1799.-** El pago de gastos y la responsabilidad por pérdida o menoscabo del bien poseído, cuando son a cargo de los poseedores derivados se rigen por las disposiciones que normen los negocios jurídicos por virtud de los cuales adquirieron esa posesión; pero cuando se trate de poseedores originarios se estará a lo dispuesto en los artículos 1802, 1803, 1805 a 1808.

**Artículo 1800.-** Para que el poseedor tenga derecho al interdicto de recuperar, se requiere que no haya pasado un año desde el despojo y se reputa que no fue perturbado o despojado el que judicialmente haya sido mantenido o restituido en su posesión.

**Artículo reformado POE 13-09-2019**

**Artículo 1801.-** La posesión originaria produce, además, los siguientes efectos:

**I.-** Permite usucapir;

**II.-** La presunción de propiedad a que se contrae el articulo 1789; y

**III.-** La acción plenaria de posesión.

**Artículo 1802.-** El poseedor de buena fe que haya adquirido la posesión por título traslativo de dominio, tiene, cualquiera que sea el tiempo de su posesión, los derechos siguientes:

**I.-** El de hacer suyos los frutos percibidos, mientras su buena fe no sea interrumpida;

**II.-** El de que se le abonen todos los gastos necesarios, lo mismo que los útiles, teniendo derecho de retener el bien poseído hasta que se haga el pago;

**III.-** El de retirar las mejoras voluntarias, si no se causa daño en el bien mejorado, o reparando el que se cause al retirarlas;

**IV.-** El de que se le abonen los gastos hechos por él para la producción de los frutos naturales e industriales que no hace suyos por estar pendientes al tiempo de interrumpirse la posesión, teniendo derecho al interés legal sobre el importe de esos gastos desde el día en que los haya hecho.

**Artículo 1803.-** El poseedor a que se refiere el artículo anterior no responde del deterioro o pérdida del bien poseído, aunque haya ocurrido por hecho propio; pero sí responde de la utilidad que haya obtenido de la pérdida o deterioro.

**Artículo 1804.-** El que posee de mala fe por más de un daño en concepto de dueño, pacífica, continua y públicamente, con tal que su posesión no sea delictuosa, tiene derecho:

**I.-** A las dos terceras partes de los frutos industriales que haga producir al bien poseído, perteneciendo la otra tercera parte al propietario, si reivindica el bien antes de que se prescriba;

**II.-** A que se le abonen los gastos necesarios y a retirar las mejoras útiles si es dable separarlas sin detrimento del bien mejorado.

**Artículo 1805.-** El poseedor a que se refiere el artículo anterior no tiene derecho a los frutos naturales y civiles que produzca el bien que posee, y responde de la pérdida o deterioro del mismo sobrevenidos por su culpa.

**Artículo 1806.-** El que posee por menos de un año, a título traslativo de dominio y con mala fe, siempre que no haya obtenido la posesión por un medio delictuoso, está obligado:

**I.-** A restituir los frutos percibidos;

**II.-** A responder de la pérdida o deterioro del bien sobrevenidos por su culpa o por caso fortuito o fuerza mayor, a no ser que pruebe que estos se habrían causado aunque el bien hubiera estado poseído por su dueño; pero no responde de la pérdida y del deterioro sobrevenidos natural e inevitablemente por el solo transcurso del tiempo.

**Artículo 1807.-** El poseedor a que se refiere el artículo anterior tiene derecho a que se le reembolsen los gastos necesarios.

**Artículo 1808.-** El poseedor que haya adquirido la posesión por algún hecho delictuoso, está obligado a restituir todos los frutos que haya producido el bien y los que haya dejado de producir por su omisión culpable y tiene también la obligación de responder de la pérdida o deterioro del bien sobrevenidos por su culpa o por caso fortuito o fuerza mayor.

**Artículo 1809.-** Las mejoras voluntarias no son abonables a ningún poseedor; pero el de buena fe puede retirar esas mejoras conforme a lo dispuesto en el artículo 1802, fracción III.

**Artículo 1810.-** Se entienden percibidos los frutos naturales o industriales desde que se alzan o separan.

**Artículo 1811.-** Los frutos civiles se producen día a día y pertenecen al poseedor en esta proporción, luego que son debidos, aunque no los haya recibido.

**Artículo 1812.-** Son gastos necesarios los que están prescritos por la ley y aquéllos sin los que el bien se pierde o desmejora,

**Artículo 1813.-** Son gastos útiles aquéllos que, sin ser necesarios, aumenten el precio o producto del bien.

**Artículo 1814.-** Son gastos voluntarios los que sirven sólo al ornato del bien o al placer o comodidad del poseedor.

**Artículo 1815.-** El poseedor debe. justificar el importe de los gastos a que tenga derecho y en caso de duda, se tasarán por peritos.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1816.-** Cuando el poseedor hubiere de ser indemnizado por gastos y haya percibido algunos frutos a que no tenía derecho, habrá lugar a la compensación.

**Artículo 1817.-** Las mejoras provenientes de la naturaleza o del tiempo ceden siempre en beneficio del que haya vencido en la posesión.
96

**Artículo 1818.-** Posesión pacífica es la que se adquiere sin violencia.

**Artículo 1819.-** Posesión continua es la que no ha sido interrumpida por alguno de los medios enumerados en este Código en su artículo 1846.

**Artículo 1820.-** Posesión pública es la que se disfruta de manera que pueda ser conocida por todos y también la que está inscrita en el Registro Público de la Propiedad.

**Artículo 1821.-** La posesión de los bienes se pierde:

**I.-** Por abandono;

**II.-** Por cesión a título oneroso o gratuito;

**III.-** Por la destrucción o pérdida del bien o por quedar éste fuera del comercio;

**IV.-** Por resolución judicial;

**V.-** Por despojo, si la posesión del despojado dura más de un año;

**VI.-** Por reivindicación del propietario;

**VII.-** Por expropiación por causa de utilidad pública.

**Artículo 1822.-** Se pierde la posesión de los derechos cuando es imposible ejercitarlos o cuando no se ejercen por el tiempo que baste para que queden prescritos.

**CAPÍTULO SEGUNDO**
**De la Usucapión**

**Artículo 1823.-** La usucapión o prescripción adquisitiva de la propiedad es el medio de adquirir ésta mediante la posesión continuada durante el tiempo fijado por la ley y con las condiciones establecidas al respecto por ésta.

**Artículo 1824.-** Los demás derechos reales distintos de la propiedad no pueden ser usucapidos; pero si pueden ser adquiridos por prescripción en los casos expresamente señalados por la ley.

**Artículo 1825.-** Sólo pueden ser usucapidos los bienes que de conformidad con lo dispuesto en el artículo 1733 no están fuera del comercio.

**Artículo 1826.-** Pueden usucapir todos los no incapacitados para adquirir la propiedad.

**Artículo 1827.-** Los menores de edad y los mayores incapacitados pueden hacerlo por medio de sus legítimos representantes.

**Artículo 1828.-** El derecho de adquirir por prescripción no puede renunciarse anticipadamente; pero si puede renunciarse el tiempo ya corrido para usucapir y la usucapión ya consumada, siempre que quien haga la renuncia sea persona con capacidad bastante para poder enajenar.

**Artículo 1829.-** Los representantes legales de los menores y de los demás incapacitados no pueden hacer ninguna de las renuncias a que se refiere el artículo anterior, sin incurrir en la responsabilidad civil correspondiente y sin perjuicio de la anulación del acto.

**Artículo 1830.-** La renuncia puede ser expresa o tácita.

**Artículo 1831.-** La renuncia tácita será la que resulte de un hecho que importe el abandono del derecho adquirido.

**Artículo 1832.-** Los acreedores del usucapiente que renuncie a la prescripción ganada y todos los que tuvieren interés legítimo en que la usucapión subsista, pueden demandar la nulidad de la renuncia y las consiguientes declaraciones: a) de usucapión a favor del renunciante, y b) de afectación del bien usucapido al pago de los créditos de los acreedores demandantes.

**Artículo 1833.-** Si varias personas son condueñas o poseen en común algún bien, ninguna de ellas puede usucapir las partes alícuotas de las otras; pero si pueden prescribir contra un extraño y en este caso la usucapión aprovechará a todos los copartícipes.

**Artículo 1834.-** Se puede completar el plazo necesario para usucapir, agregando al tiempo que haya poseído la persona que pretende prescribir, el tiempo que poseyó la persona que le transmitió el bien, con tal de que ambas posesiones reúnan los requisitos legales necesarios para poder usucapir.

**Artículo 1835.-** Las personas jurídicas de orden público se considerarán como particulares tanto para usucapir los bienes de los particulares, cuanto para que éstos adquieran por el mismo título los bienes que a aquéllas pertenezcan en calidad de bienes de propiedad particular.

**Artículo 1836.-** La posesión apta para usucapir debe ser:

**I.-** En concepto de propietario; y

**II.-** Pacífica, continua y pública.

**Artículo 1837.-** El concepto de dueño a que alude el artículo anterior, no puede quedar ni queda al arbitrio del poseedor, sino que debe estar fundado en justo título.

**Artículo 1838.-** Si la posesión del bien que se pretende usucapir se adquirió a nombre ajeno, sólo será apta para ese desde que se comience a poseer en concepto de propietario, debiendo probarse la causa del cambio.

**Artículo 1839.-** Los bienes inmuebles se adquieren por usucapión en diez años si la posesión es de buena fe o si los inmuebles han sido objeto de una inscripción de posesión en los términos del artículo 1848; y en veinte años si dicha posesión es de mala fe.
*Artículo reformado POE 13-09-2019*

**Artículo 1840.-** Se aumentará en una tercera parte el tiempo señalado para la usucapión, si se demuestra, por quien tenga interés jurídico en ello, que el poseedor de finca rústica no la ha cultivado durante la mayor parte del tiempo que la ha poseído, o que por no haber hecho el poseedor de finca urbana las reparaciones necesarias, la finca ha permanecido deshabitada la mayor parte del tiempo que ha estado en poder de aquél.

**Artículo 1841.-** Los bienes muebles se adquieren por usucapión en dos años si la posesión es de buena fe, y en cuatro años si la posesión es de mala fe.

**Artículo 1842.-** La usucapión puede comenzar y correr contra cualquiera persona, salvas las restricciones establecidas en los dos siguientes artículos.

**Artículo 1843.-** La usucapión no puede comenzar ni correr contra ningún incapacitado que no esté sujeto a patria potestad o a tutela legalmente discernida.

**Artículo 1844.-** Los incapacitados a que se refiere el artículo anterior tendrán derecho de exigir responsabilidades a sus representantes legales cuando por culpa de éstos no se hubiera interrumpido la usucapión y el plazo para hacer valer este derecho es de un año a partir de que aquéllos salgan de la patria potestad o de la tutela.

**Artículo 1845.-** La usucapión no puede comenzar ni correr:

**I.-** Entre ascendientes y descendientes, durante la patria potestad, respecto de los bienes a que los segundos tengan derecho conforme a la ley;

**II.-** Entre las personas que vivan como marido y esposa sin estar casados y sin que exista algún impedimento que impida el matrimonio entre ellas;

**III.-** Entre los incapacitados y sus tutores mientras dure la tutela;

**IV.-** Entre copropietarios o coposeedores respecto del bien común;

**V.-** Contra quienes se encuentren fuera del Estado en servicio público;
*Fracción reformada POE 13-09-2019*

**VI.-** Contra los militares en servicio activo, en tiempo de guerra, y

<span style="color:blue">**Fracción reformada POE 13-09-2019**</span>

**VII.** Contra bienes patrimoniales del Estado, ya sean de dominio público o privado en términos de la Ley del Patrimonio del Estado de Quintana Roo.

<span style="color:blue">**Fracción adicionada POE 13-09-2019**</span>

**Artículo 1846.-** La usucapión se interrumpe:

**I.-** Si el poseedor es privado de la posesión del bien o del goce del derecho por más de un año;

**II.-** Por demanda judicial presentada en tiempo o cualquier otro género de interpelación o de requerimiento legalmente hechos al poseedor. Se considerará la prescripción como no interrumpida si el actor desistiese del requerimiento, de la interpelación o de la demanda, o fuese ésta desestimada; y

**III.-** Porque la persona a cuyo favor corre la usucapión reconozca expresamente, de palabra o por escrito, o tácitamente por hechos indubitables, el derecho de la persona contra quien prescribe.

**Artículo 1847.-** El efecto de la interrupción es inutilizar, para la usucapión, todo el tiempo corrido antes de ella.

**Artículo 1848.-** Quien tenga una posesión apta para usucapir bienes inmuebles no inscritos en el Registro Público en favor de persona alguna, aun antes de que transcurra el tiempo necesario para adquirir por usucapión, puede registrar su posesión mediante resolución judicial que dicte el juez competente ante quien la acredite del modo que fije el Código de Procedimientos Civiles,

**Artículo 1849.-** La información que se rinda para demostrar la posesión se sujetará a lo dispuesto en el artículo 1854, y el efecto de la inscripción será el señalado en el párrafo inicial del artículo 1839.

**Artículo 1850.-** Quien se crea con derecho a los bienes a que alude el artículo anterior, podrá alegarlo ante Juez competente mediante demanda en forma, cuya presentación suspenderá el curso del expediente de información; pero si éste ya estuviere concluido y hecho del conocimiento del registrador, deberá darse a éste, por el Juez, orden de suspensión de la inscripción, y si ésta ya estuviere hecha, para que haga la anotación de la demanda al margen de la inscripción. La demanda no será admitida si quien la formula no garantiza mediante fianza cuyo monto fijará el Juez, que responderá de los daños y perjuicios que se lleguen a originar si su oposición es declarada infundada.

**Artículo 1851.-** Si el opositor deja transcurrir noventa días, incluyendo los feriados, sin promover en el juicio de oposición, quedará éste sin efecto, haciéndose en su caso la cancelación que proceda.

**Artículo 1852.-** Quien hubiere poseído bienes inmuebles por el tiempo y con las condiciones exigidas por este Código para usucapirlos, puede promover juicio contra quien aparezca en el Registro como propietario de esos bienes, y llamando como tercero con interés al Gobierno del Estado de Quintana Roo y al representante legal del Instituto previsto por la Ley del Patrimonio del Estado de Quintana Roo, a cargo de los bienes patrimoniales del Estado, de dominio público o privado, para que deduzcan las acciones pertinentes, a fin de que se declare que la usucapión se ha consumado y que el solicitante ha adquirido, por ende, la propiedad.

Artículo reformado POE 13-09-2019

**Artículo 1853.-** La sentencia ejecutoria que declare procedente la acción a que se refiere el artículo anterior, se inscribirá en el Registro y servirá de título de propiedad al poseedor.

**Artículo 1854.-** Quien haya poseído bienes inmuebles por el tiempo y con las condiciones exigidas para usucapirlos, y no tenga título de propiedad o teniéndolo no sea inscribible por defectuoso, si no está en el caso de deducir la acción que le concede el artículo anterior, por no estar inscrita en el Registro la propiedad de los bienes en favor de persona alguna, podrá demostrar ante Juez competente que ha tenido esa posesión. El procedimiento se seguirá en la siguiente forma:

**I.-** El interesado acompañará a su solicitud el Certificado del Registro Público que demuestre que el bien o bienes de que se trata no están inscritos;

**II.-** En la solicitud se mencionará con toda especificación:

**a).-** El origen de la posesión;

**b).-** El nombre de la persona de quien en su caso la obtuviere el peticionario y el del causahabiente de aquélla si fuere conocido;

**c).-** El nombre y domicilio de cada uno de los colindantes; y

**d).-** La ubicación, medidas y colindancias del predio o predios de que se trate.

**III.-** Se convocará a las personas que puedan considerarse afectadas, mediante edictos que se publicarán por tres veces consecutivas, de siete en siete días, en el Periódico Oficial del Estado, y en el de mayor circulación en la entidad, y los edictos se fijarán, además, en los lugares públicos de la ubicación de los bienes;

**IV.-** A quienes comparezcan respondiendo a la convocatoria a que se refiere la fracción anterior, se les entregará sendas copias de la solicitud del peticionario y de los anexos presentados con ella, para que la contesten dentro del término de ley. Para el mismo fin, se correrá traslado, terminadas las publicaciones, al agente del Ministerio Público adscrito, al registrador de la propiedad y a los colindantes y, en su caso, a la persona de quien el interesado dijo haber obtenido la posesión o a su causahabiente si fuere conocido;

**V.-** Los testigos que deben declarar en la información serán tres, que necesariamente tengan su domicilio en el lugar de ubicación del inmueble objeto del juicio; y

**VI.-** Los términos y recursos para este juicio serán los del juicio ordinario.

### TÍTULO CUARTO
### De la Propiedad

### CAPÍTULO PRIMERO
### Disposiciones Generales

**Artículo 1855.-** Por la función individual del derecho de propiedad, el propietario de un bien puede usar, disfrutar y disponer de ella sin más limitaciones que las que fijen las leyes y con arreglo a las modalidades que las propias leyes establezcan.

**Artículo 1856.-** Por la función social del mismo derecho de propiedad, el propietario no puede dejar de ejercerlo cuando por la falta de este ejercicio se causen daños o perjuicios a una o más personas o a la colectividad, o simplemente los bienes permanezcan ociosos o improductivos, debiéndose tener en cuenta lo que sobre estos particulares disponen los artículos 29 y 32 acerca del uso abusivo de los derechos subjetivos, así como el 1863.

**Artículo 1857.-** La propiedad no puede ser ocupada contra la voluntad de su dueño, sino por causa de utilidad pública y mediante indemnización,

**Artículo 1858.-** Se declara de utilidad pública la adquisición que haga el gobierno de terrenos apropiados para la constitución del patrimonio de familia o para que se construyan casas habitaciones que se alquilen a las familias pobres, mediante el pago de una renta módica.

**Artículo 1859.-** El gobierno puede, mediante indemnización, ocupar la propiedad particular, deteriorarla y aún destruirla, si eso es indispensable para prevenir o remediar una calamidad pública, para salvar de un riesgo inminente a una población o para ejecutar obras de evidente beneficio colectivo.

**Artículo 1860.-** El propietario o cualquier poseedor derivado de un predio tiene derecho de ejercer las acciones que procedan para impedir que, por el mal uso de la propiedad del vecino, se perjudique la seguridad, el sosiego o la salud de los que habitan el predio.

**Artículo 1861.-** En un predio no pueden hacerse excavaciones o construcciones que hagan perder el sostén necesario al suelo o a las construcciones de la propiedad vecina, a menos que se hagan las obras de consolidación indispensables para evitar todo daño a este predio.

**Artículo 1862.-** En el caso del artículo anterior si se enajena la propiedad del edificio dañante, los sucesivos adquirentes serán solidariamente responsables con el enajenante por la reparación de los daños causados y que se sigan causando a la propiedad dañada, y de la correspondiente indemnización de los perjuicios.

**Artículo 1863.-** No es lícito ejercitar el derecho de propiedad de manera que su ejercicio no dé otro resultado que perjudique a un tercero, sin utilidad para el propietario.

**Artículo 1864.-** Todo propietario tiene derecho a deslindar su propiedad y hacer o exigir el amojonamiento de la misma.

**Artículo 1865.-** También tiene el propietario derecho, y en su caso, obligación, de cerrar o de cercar su propiedad, en todo o en parte, del modo que lo estime conveniente y lo dispongan las leyes o reglamentos, sin perjuicio de las servidumbres que reporte la propiedad.

**Artículo 1866.-** Nadie puede edificar, plantar ni sembrar cerca de las plazas, fuertes, fortalezas y edificios públicos, sino sujetándose a las condiciones exigidas en los reglamentos especiales de la materia.

**Artículo 1867.-** Las servidumbres establecidas por utilidad pública o comunal, para mantener expedita la navegación, la construcción o reparación de las vías públicas y para las demás obras comunes de esta clase, se regirán por las leyes y reglamentos especiales y, a falta de éstos, por las disposiciones de este Código.

**Artículo 1868.-** Nadie puede construir, cerca de una pared ajena o de copropiedad, fosos, cloacas, acueductos, hornos, fraguas, chimeneas, establos, ni instalar depósitos de materias corrosivas, máquinas de vapor o fábricas destinadas a usos que puedan ser peligrosos o nocivos, sin guardar las distancias prescritas por los reglamentos, o sin construir las obras de resguardo necesarias con sujeción a los mismos reglamentos, o, a falta de ellos, a lo que se determine por juicio pericial.

**Artículo 1869.-** Nadie puede plantar árboles cerca de una heredad ajena, sino a la distancia de dos metros de la línea divisoria si la plantación se hace de árboles grandes, y de un metro, si la plantación se hace de arbustos o árboles pequeños.

**Artículo 1870.-** El propietario puede pedir que se arranquen los árboles y arbustos plantados a menor distancia de su predio de la señalada en el artículo anterior, y hasta cuando sea mayor, si es evidente el daño que los árboles o arbustos le causan.

**Artículo 1871.-** Si las ramas de los árboles se extienden sobre heredades, jardines o patios vecinos, el dueño de éstos tendrá derecho de que se corten en cuanto se extiendan sobre su propiedad; y si fueren las raíces de los árboles las que se extendieran en el suelo de otro, éste podrá hacerlas cortar por sí mismo dentro de su heredad, pero con previo aviso al vecino.

**Artículo 1872.-** El dueño de una pared que no sea de copropiedad, contigua a finca ajena, puede abrir en ella ventanas o huecos para recibir luces a una altura tal que la parte inferior de la ventana diste del suelo de la vivienda a que dé luz tres metros a lo menos, y en todo caso con reja de hierro remetida en la pared y con red de alambre cuyas mallas sean de tres centímetros a lo sumo.

**Artículo 1873.-** Sin embargo de lo dispuesto en el artículo anterior, el dueño de la finca o propiedad contigua a la pared en que estuvieren abiertas las ventanas o huecos, podrá construir pared contigua a ella, o si adquiere la copropiedad, apoyarse en la misma pared, aunque de uno u otro modo cubra los huecos o ventanas.

**Artículo 1874.-** No se pueden tener ventanas para asomarse, ni balcones u otros voladizos semejantes sobre la propiedad de] vecino, prolongándose más allá del límite que separa las heredades.

**Artículo 1875.-** Tampoco pueden tenerse vistas de costado u oblicuas sobre la misma propiedad, si no hay un metro de distancia.

**Artículo 1876.-** La distancia a que alude el artículo anterior se mide desde la línea de separación de las dos propiedades.

**Artículo 1877.-** El propietario de un edificio está obligado a construir sus tejados y azoteas de tal manera que las aguas pluviales no caigan sobre el suelo o edificio del vecino.

<div align="center">

**CAPÍTULO SEGUNDO**
**De los Medios de adquirir la Propiedad**


**SECCIÓN PRIMERA**
**Generalidades**

</div>

**Artículo 1878.-** Se reconocen, enunciativamente, como medios de adquirir la propiedad:

**I.-** La ocupación;

**II.-** La adquisición de frutos y productos;

**III.-** La accesión;

**IV.-** La donación por acto unilateral de voluntad;

**V.-** La herencia;

**VI.-** La usucapión; y

**VII.-** Los contratos traslativos de dominio.

**Artículo 1879.-** Ocupación es la toma de posesión permanente de los bienes sin dueño o cuya legítima procedencia se ignore, con el ánimo de apropiarse de ellos.

**Artículo 1880.-** Hay ocupación en la caza y pesca, en el descubrimiento de tesoros y en la captación de aguas.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

## SECCIÓN SEGUNDA
### De la Apropiación de los Animales por la Caza o por la Pesca

**Artículo 1881.-** Los animales sin marca alguna que se encuentren en las propiedades, se presume que son del dueño de éstas mientras no se pruebe lo contrario, a no ser que el propietario no tenga cría de la raza a que los animales pertenezcan.

**Artículo 1882.-** Los animales sin marca que se encuentren en tierras de propiedad particular que exploten en común varias personas, se presumen del dueño de la cría de la misma especie y de la misma raza en ellas establecidas, mientras no se pruebe lo contrario.

**Artículo 1883.-** Si dos o más fueren dueños de la misma especie o raza, mientras no haya prueba de que los animales pertenecen a alguno de ellos, se reputarán de propiedad común.

**Artículo 1884.-** El derecho de caza y el de apropiarse los productos de ésta en terreno público se sujetará a las leyes y reglamentos respectivos.

**Artículo 1885.-** En terreno de propiedad particular no puede ejercitarse el derecho a que se refiere el artículo anterior, ya sea comenzando en él la caza, ya continuando la comenzada en terreno público, sino con permiso del dueño.

**Artículo 1886.-** Los campesinos asalariados y los aparceros gozan del derecho de caza en las fincas donde trabajen, en cuanto se aplique a satisfacer sus necesidades y las de sus familias.

**Artículo 1887.-** El ejercicio del derecho de cazar se regirá por los reglamentos administrativos y por las siguientes disposiciones.

**Artículo 1888.-** El cazador se hace dueño del animal que caza, por apoderarse de él capturándolo.

**Artículo 1889.-** Se considera capturado el animal que ha sido muerto o mortalmente herido por el cazador durante el acto venatorio, y también el que está preso en redes.

**Artículo 1890.-** Si la pieza herida muriese o se refugiase en terreno ajeno, el propietario de éste, o quien lo represente, deberá entregarla al cazador o permitir que éste entre a buscarla.

**Artículo 1891.-** El propietario que infrinja el artículo anterior pagará el valor de la pieza, y el cazador perderá ésta a favor del propietario si entra a buscarla sin permiso de éste.

**Artículo 1892.-** El hecho de entrar los perros de caza en terreno ajeno sin la voluntad del cazador, sólo obliga a éste a la reparación de los daños causados.

**Artículo 1893.-** La acción para pedir la reparación prescribe a los treinta días contados desde la fecha en que se causó el daño.

**Artículo 1894.-** Es lícito a los labradores destruir en cualquier tiempo los animales bravíos o cerriles que perjudiquen sus sementeras o plantaciones.

**Artículo 1895.-** El mismo derecho tienen respecto a las aves domésticas en los campos en que hubiere tierras sembradas de cereales u otros frutos pendientes, a los que pudieren perjudicar aquellas aves.

**Artículo 1896.-** Bajo las sanciones que establezcan los reglamentos respectivos en caso de contravención, se prohíbe absolutamente destruir en predios ajenos los nidos, huevos y crías de aves de cualquier especie.

**Artículo 1897.-** Es lícito a cualquier persona apropiarse los animales bravíos, conforme a los reglamentos respectivos.

**Artículo 1898.-** También es lícito a cualquier persona apropiarse los enjambres que no hayan sido encerrados en colmena o cuando la han abandonado; pero no se entiende que las abejas han abandonado la colmena cuando se han posado en predio propio del dueño, o éste las persigue llevándolas a la vista.

**Artículo 1899.-** Los animales feroces que se escaparen del encierro en que los tengan sus dueños, podrán ser destruidos o capturados por quienquiera; pero los dueños pueden recuperarlos si indemnizan los daños y perjuicios que hubieren ocasionado.

**Artículo 1900.-** La apropiación, por ocupación, de los animales domésticos se rige por las disposiciones de este Código relativas a los bienes mostrencos.

**Artículo 1901.-** La pesca y el buceo de perlas en aguas del dominio del poder público que sean de uso común, se regirán por lo que sobre el particular dispongan las leyes y reglamentos respectivos.

**Artículo 1902.-** El derecho de pesca en aguas particulares pertenece, con sujeción a las leyes y reglamentos de la materia, a los dueños de los predios en que aquéllas se encuentren.

## SECCIÓN TERCERA
### De la Adquisición de los Tesoros

**Artículo 1903.-** Para los efectos de los artículos que siguen, se entiende por tesoro el depósito oculto de dinero, alhajas u otros objetos preciosos, cuya legítima procedencia se ignore.

**Artículo 1904.-** Nunca un tesoro se considerará como fruto de una finca.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1905.-** El tesoro oculto pertenece al que lo descubre en sitio de su propiedad; pero si el sitio fuere de dominio del poder público o perteneciere a alguna persona particular que no sea el mismo descubridor, se aplicará a éste una mitad del tesoro y la otra mitad al propietario del sitio.

**Artículo 1906.-** Cuando los objetos descubiertos fueren interesantes para las ciencias o para las artes, se aplicarán al Estado por su justo precio, el cual se distribuirá conforme a lo dispuesto en el artículo anterior.

**Artículo 1907.-** Para que quien descubra un tesoro en suelo ajeno goce del derecho a que se refiere esta sección, es necesario que el descubrimiento sea casual.

**Artículo 1908.-** De propia autoridad nadie puede, con terreno o edificio ajeno, hacer excavación, horadación u obra alguna para buscar un tesoro, so pena de perder íntegramente el tesoro a favor del dueño del inmueble, de pagar los daños y perjuicios que cause, y de costear la reposición de las cosas a su primer estado y perderá también el derecho de inquilinato, si lo tuviere en el fundo, aunque no esté fenecido el término del arrendamiento, cuando así lo pidiere el dueño.

**Artículo 1909.-** Si el tesoro se buscare con consentimiento del dueño del fundo, se observarán las estipulaciones que se hubieren hecho para la distribución, y si no las hubiere, los gastos y lo descubierto se distribuirán por mitad.

**Artículo 1910.-** Cuando uno tuviere la propiedad y otro el usufructo de una finca en que se haya encontrado el tesoro, si quien lo encontró fue el usufructuario, la parte que le corresponde se determinará según las reglas que quedan establecidas para el descubridor extraño.

**Artículo 1911.-** Si el descubridor no es el dueño ni el usufructuario, el tesoro se repartirá entre el dueño y el descubridor, con exclusión del usufructuario, observándose en este caso 10 dispuesto en los artículos 1908 y 1909.

**Artículo 1912.-** Si el propietario encuentra el tesoro en la finca o terreno cuyo usufructo pertenece a otra persona, ésta no tendrá parte alguna en el tesoro; pero si derecho de exigir del propietario una indemnización por los daños y perjuicios que origine la interrupción del usufructo en la parte ocupada o demolida para buscar el tesoro y la indemnización se pagará aun cuando no se encuentre el tesoro.

## SECCIÓN CUARTA
### Del Dominio de las Aguas

**Artículo 1913.-** El dueño del predio en que exista una fuente natural o que haya perforado un pozo brotante, hecho obras de captación de aguas subterráneas o construido aljibe o presa para captar las aguas pluviales, tiene derecho de disponer de esas aguas; pero si éstas pasan de una finca a otra, su aprovechamiento se considerará de utilidad pública y quedará sujeto a las disposiciones especiales que sobre el particular se dicten.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1914.-** El dominio del dueño de un predio sobre las aguas de que trata el artículo anterior no perjudica los derechos que legítimamente hayan podido adquirir a su aprovechamiento los dueños de los predios inferiores.

**Artículo 1915.-** Si alguno perforase pozo o hiciere obras de captación de aguas subterráneas en su propiedad, aunque por esto disminuya el agua del abierto en fundo ajeno, no está obligado a indemnizar, pero debe tenerse en cuenta lo dispuesto en el artículo 1863.

**Artículo 1916.-** El propietario de las aguas no podrá desviar su curso de modo que cause daño a un tercero.

**Artículo 1917.-** El uso y aprovechamiento de las aguas de dominio público se regirá por la legislación especial respectiva.

**Artículo 1918.-** El propietario de un predio que sólo con muy costosos trabajos pueda proveerse del agua que necesite para utilizar convenientemente ese predio, tiene derecho de exigir de los dueños de los predios vecinos que tengan aguas sobrantes que le proporcionen la necesaria, mediante el pago de una indemnización fijada por peritos.

### SECCIÓN QUINTA
### Del Derecho de Accesión y del de Percepción de Frutos

**Artículo 1919.-** La propiedad de los bienes da derecho:

**I.-** A adquirir lo que a éstos se una o incorpore natural o artificialmente. Este derecho se llama de accesión.

**II.-** A adquirir los frutos naturales, industriales o civiles producidos por tales. bienes;

**Artículo 1920.-** Son frutos naturales las producciones espontáneas de la tierra, las crías y demás productos de los animales.

**Artículo 1921.-** Las crías de los animales pertenecen al dueño de la madre y no al del padre, salvo convenio anterior en contrario, y para que se consideren frutos, basta que estén en el vientre de la madre, aunque no hayan nacido.

**Artículo 1922.-** Son frutos industriales los que producen las heredades o fincas de cualquiera especie, mediante el cultivo o trabajo.

**Artículo 1923.-** No se reputan frutos naturales o industriales sino desde que están manifiestos o nacidos.

**Artículo 1924.-** Son frutos civiles los alquileres de los bienes muebles, las rentas de los inmuebles, los réditos de los capitales y todos aquéllos que no siendo producidos por la misma cosa directamente, vienen de ella por contrato, por última voluntad o por la ley.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1925.-** El que percibe los frutos tiene la obligación de abonar los gastos hechos por un tercero para su producción, recolección y conservación.

**Artículo 1926.-** Todo lo que se une o se incorpore natural o artificialmente a un bien y lo reparado o mejorado en él, pertenece al dueño del bien, con sujeción a lo que se dispone en los artículos siguiente.

**Artículo 1927.-** En principio, lo edificado, plantado o sembrado, y lo reparado o mejorado en terreno o finca de propiedad ajena, pertenece al dueño del terreno o de la finca.

**Artículo 1928.-** Todas las obras, siembras y plantaciones, así como las mejoras y reparaciones ejecutadas en un terreno se presumen hechas por el propietario y a su costa, mientras no se pruebe lo contrario.

**Artículo 1929.-** El que siembre, plante o edifique en finca propia con semillas, plantas o materiales ajenos, adquiere la propiedad de unas y otros, pero con la obligación de pagarlos en todo caso y de resarcir daños y perjuicios si ha procedido de mala fe.

**Artículo 1930.-** El dueño de las semillas, plantas o materiales nunca tendrá derecho de pedir que se le devuelvan destruyéndose la obra o plantación; pero si las plantas no han echado raíces y pueden sacarse, el dueño de ellas tiene derecho de pedir que así se haga.

**Artículo 1931.-** Cuando las semillas o los materiales no estén aún aplicados en su objeto. ni estén mezclados o confundidos con otros, pueden reivindicarse por el dueño.

**Artículo 1932.-** El dueño del terreno en que se edifique, siembre o plante de buena fe, tendrá derecho de hacer suya la obra, siembra o plantación, previa la indemnización compensatoria prescrita en el artículo 1929, o de obligar al que edificó o plantó a pagarle el precio del terreno, y al que sembró, solamente su renta.

**Artículo 1933.-** En el caso del artículo anterior si el dueño del terreno ha procedido de mala fe, tendrá derecho de que se le pague el valor de la renta o el precio del terreno, en sus respectivos casos, pero sin opción a hacer suya la obra, siembra o plantación.

**Artículo 1934.-** Quien edifique, plante o siembre de mala fe en terreno ajeno, pierde lo edificado, plantado o sembrado, sin que tenga derecho de reclamar indemnización alguna del dueño del suelo ni de retener el bien.

**Artículo 1935.-** Además, el dueño del terreno en que se haya edificado de mala fe podrá pedir la demolición de la obra y la reposición de las cosas a su estado primitivo, a costa del edificador.

**Artículo 1936.-** Cuando haya mala fe, no sólo por parte del que edificare, sino por parte del dueño del terreno, se entenderá compensada esta circunstancia y se arreglarán los derechos de uno y de otro conforme a lo dispuesto para el caso de que ambos hubiesen procedido de buena fe.

**Artículo 1937.-** Se entiende que hay mala fe de parte del edificador, plantador o sembrador, cuando hace la edificación, plantación o siembra, o permite, sin reclamar, que con material suyo las haga otro en terreno que sabe es ajeno, sin pedir previamente, en uno y otro caso, su consentimiento al dueño.

**Artículo 1938.-** Se entiende que hay mala fe por parte del dueño del terreno, cuando a su vista, ciencia y paciencia se hiciere el edificio, la siembra o la plantación.

**Artículo 1939.-** Si los materiales, plantas o semillas pertenecen a un tercero que no ha procedido de mala fe, el dueño del terreno es responsable subsidiariamente frente al tercero por el valor de aquellos objetos, siempre que concurran las dos circunstancias siguientes:

**I.-** Que el que de mala fe empleó los materiales, plantas o semillas, no tenga bienes con qué responder de su valor;

**II.-** Que lo edificado, plantado o sembrado aproveche al dueño.

**Artículo 1940.-** No tendrá lugar lo dispuesto en el artículo anterior si el propietario opta por la demolición.

**Artículo 1941.-** El acrecentamiento que por aluvión reciben las heredades confinantes con corrientes de agua, pertenecen a los dueños de las riberas en que el aluvión se deposite.

**Artículo 1942.-** Los dueños de las heredades confinantes con las lagunas o estanques no adquieren el terreno descubierto por la disminución natural de las aguas, ni pierden el que éstas inunden con las crecidas extraordinarias.

**Artículo 1943.-** Cuando hay avulsión, esto es, cuando la fuerza del río arranca una porción considerable y reconocible de un campo ribereño y la lleva a otro o a la ribera opuesta, el propietario de la porción arrancada puede reclamar su propiedad, si lo hace dentro de dos años contados desde el acaecimiento y pasado este plazo perderá su derecho de propiedad, a menos que el propietario del campo a que se unió la porción arrancada no haya aún tomado posesión de ella.

**Artículo 1944.-** Los árboles arrancados y transportados por la corriente de las aguas pertenecen al propietario del terreno a donde vayan aparar, si los antiguos dueños no los reclaman dentro de los dos meses siguientes a la avulsión. Si los reclaman, deberán abonar los gastos ocasionados en recogerlos y ponerlos en lugar seguro.

**Artículo 1945.-** Los cauces abandonados por corrientes de agua que no sean de la Federación o del Estado, pertenecen a los dueños de los terrenos por donde corrían esas aguas.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1946.-** Cuando dos bienes muebles que pertenecen a dueños distintos se unen de tal manera que vienen a formar uno solo sin que intervenga mala fe, el propietario del principal adquiere el accesorio pagando su valor.

**Artículo 1947.-** Se reputa principal, entre dos bienes incorporados, el de mayor valor.

**Artículo 1948.-** Si no pudiere hacerse la calificación conforme a la regla establecida en el artículo anterior, se reputará principal el objeto cuyo uso, perfección o adorno se haya conseguido por la unión del otro.

**Artículo 1949.-** En la pintura, escultura y bordado, en los escritos, impresos, grabados, litografías, fotograbados, oleografías, cromolitografías y en las demás obras obtenidas por otros procedimientos análogos a los anteriores se estima accesorio la tabla, el metal, la piedra, el lienzo, el papel o el pergamino.

**Artículo 1950.-** Cuando los bienes unidos puedan separarse sin detrimento y puedan subsistir independientemente, los dueños respectivos pueden exigir la separación.

**Artículo 1951.-** Cuando los bienes unidos no puedan separarse sin que el que se reputa accesorio sufra deterioro, el dueño del principal tendrá derecho de pedir la separación; pero quedará obligado a indemnizar al dueño del accesorio, siempre que éste haya procedido de buena fe.

**Artículo 1952.-** Cuando el dueño del bien accesorio es quien ha hecho la incorporación, lo pierde si ha obrado de mala fe, y está, además, obligado a indemnizar al propietario de los perjuicios que se le hayan seguido a causa de la incorporación.

**Artículo 1953.-** Si el dueño del bien principal es quien ha procedido de mala fe, el que lo sea del accesorio tendrá derecho a que aquél le pague su valor y le indemnice de los daños y perjuicios, o a que el bien de su pertenencia se separe, aunque para ello tenga que destruirse el principal.

**Artículo 1954.-** Si la incorporación se hace por cualquiera de los dueños a vista o ciencia y paciencia del otro y sin que éste se oponga, los derechos respectivos se arreglarán conforme a lo dispuesto en los artículos 1946 a 1949.

**Artículo 1955.-** Siempre que el dueño de la materia empleada sin su consentimiento tenga derecho a indemnización, podrá exigir que ésta consista en la entrega de un bien igual en especie, en valor y en todas sus circunstancias al empleado o que consista en el precio del bien fijado por peritos.

**Artículo 1956.-** Si se mezclan dos bienes sólidos o se confunden dos líquidos de igual o diferente especie por voluntad de sus dueños, se estará a lo que éstos pacten. Pero si no hay pacto o la mezcla o confusión fue causal y los bienes no son separables sin detrimento, cada propietario adquirirá un derecho proporcional a la parte que le corresponda, atendiendo al valor de los bienes mezclados o confundidos.

**Artículo 1957.-** Si por voluntad de uno solo, pero con buena fe, se mezclan o confunden dos bienes de igual o diferente especie, los derechos de los propietarios se arreglarán por lo dispuesto en el artículo anterior, a no ser que el dueño del bien mezclado o confundido sin su consentimiento prefiera la indemnización de daños y perjuicios.

**Artículo 1958.-** El que de mala fe hace la mezcla o confusión, pierde el bien mezclado o confundido que fuere de su propiedad, y queda, además, obligado con el dueño del bien o bienes con que se hizo la mezcla o confusión.

**Artículo 1959.-** El que de buena fe empleó materia ajena, en todo o en parte, para formar un bien de nueva especie, hará suya la obra, siempre que el mérito artístico de ésta exceda en precio a la materia, cuyo valor indemnizará al dueño.

**Artículo 1960.-** Cuando el mérito artístico de la obra sea inferior en precio a la materia, el dueño de ésta hará suya la nueva especie, y tendrá derecho, además, para reclamar indemnización de daños y perjuicios, descontándose del monto de éstos el valor de la obra, a tasación de peritos.

**Artículo 1961.-** Si la especificación a que se refiere el artículo anterior se hace de mala fe, el dueño de la materia empleada tiene derecho de quedarse con la otra sin pagar nada al que la hizo, o exigir de éste que le pague el valor de la materia y le indemnice de los perjuicios que se le hayan seguido.

**Artículo 1962.-** Hay especificación cuando se incorpora el trabajo a una materia ajena, transformando ésta en un bien de nueva especie.

**Artículo 1963.-** La mala fe en los casos de mezcla, confusión o especificación se calificará conforme a lo dispuesto en el artículo 1938.

## TÍTULO QUINTO
## De la Copropiedad

**Artículo 1964.-** Hay copropiedad cuando un bien o un derecho pertenecen pro indiviso a varias personas.

**Artículo 1965.-** Nadie está obligado a permanecer en la indivisión y quienes, por cualquier título, tienen el condominio legal de un bien, no pueden ser obligados a conservarlo indiviso, sino en los casos en que, por determinación de la ley, el dominio es indivisible.

**Artículo 1966.-** Si el dominio no es divisible o el bien no admite cómoda división y los partícipes no convienen en que sea adjudicado a alguno de ellos, se procederá a su venta y a la repartición de su precio entre los interesados.

**Artículo 1967.-** A falta de contrato o disposición especial, se regirá la propiedad por las disposiciones siguientes.

**Artículo 1968.-** El concurso de los partícipes, tanto en los beneficios como en las cargas, será proporcional a sus respectivas porciones.

**Artículo 1969.-** Se presumirán iguales, mientras no se pruebe lo contrario, las porciones correspondientes a los partícipes en la comunidad.

**Artículo 1970.-** Cada participe podrá servirse de los bienes comunes, siempre que disponga de ellos conforme a su destino y de manera que no perjudique el interés de la comunidad ni impida a los copropietarios usados según su derecho.

**Artículo 1971.-** Todo copropietario tiene derecho para obligar a los partícipes a contribuir a los gastos de conservación del bien o derecho común.

**Artículo 1972.-** Sólo puede eximirse de la obligación impuesta por el artículo anterior, el que renuncie a la parte que le pertenece en el dominio.

**Artículo 1973.-** Ninguno de los condueños puede, sin el consentimiento de los demás, hacer alteraciones en el bien común, aunque de ellas pudieran resultar ventajas para todos.

**Artículo 1974.-** Los actos de dominio sobre el bien común y el arrendamiento de éste requieren, para su validez, la unanimidad de votos de los condueños, en tanto que para los demás actos de administración basta la mayoría.

**Artículo 1975.-** Para que haya mayoría se necesita la mayoría de copropietarios y la mayoría de intereses; pero si no se lograra, el Juez, oyendo a los interesados, resolverá lo que debe hacerse dentro de lo propuesto por éstos.

**Artículo 1976.-** Cuando parte del bien perteneciere exclusivamente a un copropietario o a algunos de ellos, y otra fuere común, sólo a ésta serán aplicables las dos disposiciones anteriores.

**Artículo 1977.-** Todo condueño tiene la plena propiedad de la parte alícuota que le corresponde y la de sus frutos y utilidades, pudiendo enajenada, cederla o hipotecarla, y aun substituirse por otro en su aprovechamiento, salvo si se tratare de derecho personal.

**Artículo 1978.-** Los efectos de la enajenación o de la hipoteca con relación a los condueños, en el caso del artículo anterior, se limitará a la porción que se le adjudique a quien las celebre, en la división, al cesar la comunidad.

**Artículo 1979.-** Los condueños gozan del derecho del tanto.

**Artículo 1980.-** Cuando haya constancia que demuestre quién fabricó la pared que divide dos predios, el que la costeó es dueño exclusivo de ella; pero si consta que se fabricó por los colindantes, o no consta quién la fabricó, es de propiedad común.

**Artículo 1981.-** Se presume que hay copropiedad mientras no haya signo exterior que demuestre lo contrario:

**I.-** En las paredes divisorias de los edificios contiguos, hasta el punto de elevación;

**II.-** En las paredes divisorias de los jardines o corrales, situadas en poblado o en el campo;

**III.-** En las cercas, vallados y setos vivos que dividan los predios rústicos.

Si las construcciones no tienen una misma altura, sólo hay presunción de copropiedad hasta la altura de la construcción menos elevada.

**Artículo 1982.-** Hay signo contrario a la copropiedad:

**I.-** Cuando hay ventanas o huecos abiertos en la pared divisoria de los edificios;

**II.-** Cuando conocidamente toda la pared, vallado, cerca o seto están construidos sobre el terreno de una de las fincas y no por mitad entre una y otra de las dos contiguas;

**III.-** Cuando la pared soporte las cargas y carreras, pasos y armaduras de una de las posesiones y no de la contigua;

**IV.-** Cuando la pared divisoria entre patios, jardines y otras heredades esté construida de modo que la albardilla caiga hacia una sola de las propiedades;

**V.-** Cuando la pared divisoria construida de mampostería presenta piedras llamadas pasaderas, que de distancia en distancia salen fuera de la superficie sólo por un lado de la pared y no por el otro;

**VI.-** Cuando la pared fuere divisoria entre un edificio del cual forme parte, y un jardín, campo, corral o sitio sin edificio;

**VII.-** Cuando una heredad se halle cerrada o defendida por vallados, cercas o setos vivos y las contiguas no lo estén;

**VIII.-** Cuando la cerca que encierra completamente una heredad es de distinta especie de la que tiene la vecina en sus lados contiguos a la primera.

En general, se presume que en los casos señalados en este artículo la propiedad de las paredes, cercas, vallados o setos pertenecen exclusivamente al dueño de la finca o heredad que tiene a su favor dichos signos exteriores.

**Artículo 1983.-** Las zanjas o acequias abiertas entre las heredades se presumen también de copropiedad si no hay título o signo que demuestre lo contrario.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1984.-** Hay signo contrario a la copropiedad, cuando la tierra o broza sacada de la zanja o acequia para abrirla o limpiarla se halla sólo de un lado y en este caso, se presume que la propiedad de la zanja o acequia es exclusivamente del dueño de la heredad que tiene a su favor este signo exterior; pero esta presunción cesa cuando la inclinación del terreno obliga a echar la tierra de un solo lado.

**Artículo 1985.-** Los dueños de los predios están obligados a cuidar de que no se deteriore la pared, zanja o seto de propiedad común, y si por hechos de alguno de sus dependientes o animales, o por cualquiera otra causa que dependa de ellos se deterioraren, deben reponerlos, pagando los daños y perjuicios que se hubieren causado.

**Artículo 1986.-** La reparación y reconstrucción de las paredes de propiedad común y el mantenimiento de los vallados, setos vivos, zanjas, acequias, también comunes, se costearán, proporcionalmente, por todos los dueños que tengan a su favor la copropiedad.

**Artículo 1987.-** El propietario que quiera librarse de las obligaciones que impone el artículo anterior puede hacerla renunciando a la copropiedad, salvo el caso en que la pared común sostenga un edificio suyo.

**Artículo 1988.-** El propietario de un edificio que se apoya en una pared común puede, al derribarlo, renunciar o no a la copropiedad. En el primer caso serán de su cuenta todos los gastos necesarios para evitar o reparar los daños que cause la demolición. En el segundo, además de esta obligación, queda sujeto a las que le imponen los artículos 1985 y 1986.

**Artículo 1989.-** El propietario de una finca contigua a una pared divisoria que no sea común, sólo puede darle este carácter, en todo o en parte, por contrato con el dueño de ella.

**Artículo 1990.-** Todo propietario puede alzar la pared de propiedad común, haciéndolo a sus expensas e indemnizando de los perjuicios que se ocasionaren por la obra, aunque sean temporales.

**Artículo 1991.-** Serán igualmente de su cuenta todas las obras de conservación de la pared en la parte en que ésta haya aumentado su altura o espesor y las que en la parte común sean necesarias, siempre que el deterioro provenga de la mayor altura o espesor que se haya dado a la pared.

**Artículo 1992.-** Si la pared de propiedad común no puede resistir a la elevación, el propietario que quiera levantada tendrá la obligación de reconstruida a su costa, y si fuere necesario darle mayor espesor, deberá darlo de su suelo.

**Artículo 1993.-** En los casos señalados por los tres artículos anteriores, la pared continuará siendo de propiedad común hasta la altura en que lo era antiguamente, aun cuando haya sido edificada de nuevo a expensas de uno solo, y desde el punto donde comenzó la mayor altura es propiedad del que la edificó.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 1994.-** Los demás propietarios que no hayan contribuido a dar más elevación o espesor a la pared, podrán, sin embargo, adquirir en la parte nuevamente elevada los derechos de copropiedad, pagando proporcionalmente el valor de la obra y la mitad del valor del terreno sobre el que se hubiere dado mayor espesor.

**Artículo 1995.-** Cada propietario de una pared común podrá usar de ella en proporción al derecho que tenga en la comunidad; podrá, por tanto, edificar, apoyando su obra en la pared común o introduciendo vigas hasta la mitad de su espesor, pero sin impedir el uso común y respectivo de los demás copropietarios. En caso de resistencia de los otros propietarios, se arreglarán por medio de peritos las condiciones necesarias para que la nueva obra no perjudique los derechos de aquéllos.

**Artículo 1996.-** Los árboles existentes en cerca de copropiedad o que señalen linderos, son también de copropiedad y no pueden ser cortados ni substituidos con otros sin el consentimiento de ambos propietarios, o por decisión judicial pronunciada en juicio contradictorio en caso de desacuerdo de éstos.

**Artículo 1997.-** Los frutos del árbol o del arbusto común y los gastos de su cultivo serán repartidos por partes iguales entre los copropietarios.

**Artículo 1998.-** Ningún copropietario puede, sin consentimiento del otro, abrir ventana ni hueco alguno en pared común.

**Artículo 1999.-** Los propietarios del bien indiviso pueden enajenar a extraños su parte alícuota respectiva si el participe quiere hacer uso del derecho del tanto. A ese efecto, el copropietario notificará a los demás, por medio de notario o judicialmente, la venta que tuviere convenida, para que dentro de los diez días siguientes hagan uso del derecho del tanto. Este derecho se pierde por el solo transcurso de los mencionados diez días sin usado; pero si la venta se hace omitiéndose la citada notificación, será nula, a menos que la venta haya sido hecha no a un extraño, sino a un copartícipe.

**Artículo 2000.-** Si varios propietarios del bien indiviso quisieren hacer uso del derecho del tanto, será preferido el que represente mayor parte, y siendo iguales, el designado por la suerte, salvo convenio en contrario.

**Artículo 2001.-** La copropiedad cesa:

**I.-** Por división del bien común;

**II.-** Por destrucción o pérdida de él;

**III.-** Por su enajenación; y

**IV.-** Por la consolidación o reunión de todas las cuotas en un solo copropietario.

**Artículo 2002.-** La división del bien común en ningún caso podrá perjudicar a terceros, quienes conservarán hasta su vencimiento o su redención los derechos reales

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

constituidos a su favor sobre aquél antes de la partición, debiéndose observar lo que en este Código se estatuye para las hipotecas que graven fincas susceptibles de ser fraccionadas.

**Artículo 2003.-** La división de bienes inmuebles es nula si no se hace con las formalidades que la ley exige para su venta.

# TÍTULO SEXTO
## Del Régimen de Propiedad Inmueble en Condominio

Título derogado POE 30-11-2010

## CAPÍTULO PRIMERO
## Disposiciones Generales

Capítulo derogado POE 30-11-2010

**Artículo 2004.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2005.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2006.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2007.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2008.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2009.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2010.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2011.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2012.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2013.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2014.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2015.- Derogado.**

Artículo derogado POE 30-11-2010

## CAPÍTULO SEGUNDO
## De los Bienes de Propiedad Exclusiva y de los Bienes de Propiedad Común

Capítulo derogado POE 30-11-2010

**Artículo 2016.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2017.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2018.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2019.- Derogado.**

Artículo derogado POE 30-11-2010

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2020.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2021.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2022.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2023.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2024.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2025.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2026.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2027.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2028.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2029.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2030.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2031.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2032.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2033.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2034.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2035.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2036.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2037.- Derogado.**

Artículo derogado POE 30-11-2010

## CAPÍTULO TERCERO
### De las Asambleas y del Administrador

Capítulo derogado POE 30-11-2010

**Artículo 2038.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2039.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2040.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2041.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2042.- Derogado.**

Artículo derogado POE 30-11-2010

**Artículo 2043.- Derogado.**

Artículo derogado POE 30-11-2010

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2044.- Derogado.**

*Artículo derogado POE 30-11-2010*

**Artículo 2045.- Derogado.**

*Artículo derogado POE 30-11-2010*

**Artículo 2046.- Derogado.**

*Artículo derogado POE 30-11-2010*

**Artículo 2047.- Derogado.**

*Artículo derogado POE 30-11-2010*

## CAPÍTULO CUARTO
### Del Reglamento del Condominio

*Capítulo derogado POE 30-11-2010*

**Artículo 2048.- Derogado.**

*Artículo derogado POE 30-11-2010*

## CAPÍTULO QUINTO
### De los Gastos, Obligaciones Fiscales y Controversias

*Capítulo derogado POE 30-11-2010*

**Artículo 2049.- Derogado.**

*Artículo derogado POE 30-11-2010*

**Artículo 2050.- Derogado.**

*Artículo derogado POE 30-11-2010*

**Artículo 2051.- Derogado.**

*Artículo derogado POE 30-11-2010*

**Artículo 2052.- Derogado.**

*Artículo derogado POE 30-11-2010*

**Artículo 2053.- Derogado.**

*Artículo derogado POE 30-11-2010*

**Artículo 2054.- Derogado.**

*Artículo derogado POE 30-11-2010*

**Artículo 2055.- Derogado.**

*Artículo derogado POE 30-11-2010*

**Artículo 2056.- Derogado.**

*Artículo derogado POE 30-11-2010*

**Artículo 2057.- Derogado.**

*Artículo derogado POE 30-11-2010*

## CAPÍTULO SEXTO
### De los Gravámenes

*Capítulo derogado POE 30-11-2010*

**Artículo 2058.- Derogado.**

*Artículo derogado POE 30-11-2010*

**Artículo 2059.- Derogado.**

*Artículo derogado POE 30-11-2010*

**Artículo 2060.- Derogado.**

*Artículo derogado POE 30-11-2010*

**Artículo 2061.- Derogado.**

*Artículo derogado POE 30-11-2010*

## CAPÍTULO SÉPTIMO
### Destrucción, Ruina y Reconstrucción del Condominio

*Capítulo derogado POE 30-11-2010*

**Artículo 2062.- Derogado.**

*Artículo derogado POE 30-11-2010*

**Artículo 2063.- Derogado.**

*Artículo derogado POE 30-11-2010*

**Artículo 2064.- Derogado.**

*Artículo derogado POE 30-11-2010*

**Artículo 2065.- Derogado.**

*Artículo derogado POE 30-11-2010*

## TÍTULO SÉPTIMO
### Del Usufructo, del Uso y de la Habitación

## CAPÍTULO PRIMERO
### Del Usufructo

## SECCIÓN PRIMERA
### Disposiciones Generales

**Artículo 2066.-** El usufructo es el derecho real y temporal, generalmente vitalicio, de usar y disfrutar de los bienes ajenos sin alterar su forma ni substancia. Será vitalicio si se adquiere por prescripción o si en el título constitutivo no se expresa lo contrario.

**Artículo 2067.-** El usufructo puede constituirse por la ley, por la voluntad del hombre, que puede ser por contrato o por testamento; y por prescripción, que indispensablemente requiere que la posesión del adquirente sea con ánimo de usufructuario.

**Artículo 2068.-** Puede constituirse el usufructo a favor de una o de varias personas, simultánea o sucesivamente.

Si se constituye a favor de varias personas simultáneamente, sea por testamento, sea por contrato, cesando el derecho de una de esas personas, pasará al nudo propietario, salvo que al constituirse el usufructo se hubiere dispuesto que acrezca a los otros usufructuarios.

Si se constituye sucesivamente, el usufructo no tendrá lugar sino en favor de las personas que existan al tiempo de comenzar el derecho del primer usufructuario.

**Artículo 2069.-** El usufructo puede constituirse desde o hasta cierto día, puramente, o bajo condición.

**Artículo 2070.-** Los derechos y obligaciones del usufructuario y del propietario se arreglan por el título constitutivo del usufructo, y en lo que éstos fueren omisos, por la ley.

**Artículo 2071.-** Sólo pueden dar en usufructo quienes puedan enajenar, y sólo se pueden dar en usufructo los bienes enajenables.

**Artículo 2072.-** Las personas jurídicas que no puedan adquirir, poseer o administrar bienes raíces, tampoco pueden tener usufructo constituido sobre bienes de esta clase.

## SECCIÓN SEGUNDA
### De los Derechos del Usufructuario

**Artículo 2073.-** El usufructuario tiene derecho de ejercitar todas las acciones y excepciones reales, personales o posesorias, y ser considerado como parte en todo litigio, aunque sea seguido por el nudo propietario, siempre que en él se interese el usufructo.

**Artículo 2074.-** El usufructuario tiene derecho de percibir todos los frutos naturales, industriales y civiles de los bienes usufructuados.

**Artículo 2075.-** Los frutos naturales o industriales pendientes al tiempo de comenzar el usufructo pertenecerán al usufructuario. Los pendientes al tiempo de extinguirse el usufructo, pertenecerán al nudo propietario. Ni éste ni el usufructuario tienen que hacerse abono alguno al respecto por razón de labores, semillas y otros gastos semejantes.

Lo dispuesto en este artículo no perjudica a los aparceros o arrendatarios que tengan derecho de percibir alguna porción de frutos al tiempo de comenzar o de extinguirse el usufructo.

**Artículo 2076.-** Los frutos civiles pertenecen al usufructuario en proporción del tiempo que dure el usufructo, aun cuando no estén cobrados.

**Artículo 2077.-** Si el usufructo comprendiera bienes que se deteriorasen por el uso, se originará un cuasi-usufructo que permitirá al usufructuario servirse de ellos según su destino, con la obligación de restituirlos, al concluir el cuasi-usufructo, en el estado en que se encuentren, y también con la obligación de indemnizar al propietario por el deterioro que hubiere sufrido el bien por dolo o negligencia del cuasi-usufructuario.

**Artículo 2078.-** También le constituirá cuasi-usufructo cuando recaiga el contrato sobre bienes que no puedan usarse sin consumirse, en cuyo caso el cuasi-usufructuario tendrá el derecho de consumirlas, pero con la obligación de restituidas, al terminar el cuasiusufructo, en igual género, cantidad y calidad. No siendo posible hacer la restitución, estará obligado a pagar su valor si se hubiesen dado estimados, o su precio corriente al tiempo de cesar el cuasi-usufructo, si no fueron estimados.

**Artículo 2079.-** En lo conducente se aplicarán las reglas anteriores al usufructo que recaiga sobre un patrimonio de explotación.

**Artículo 2080.-** Corresponde al usufructuario el fruto de los aumentos que reciban los bienes por accesión, y el goce de las servidumbres que aquéllos tengan a su favor.

**Artículo 2081.-** El usufructuario no podrá, sin consentimiento del nudo propietario, constituir ninguna servidumbre voluntaria sobre el bien usufructuado. Para la constitución de cualquier servidumbre legal siempre será oído, bajo pena de nulidad, el propietario o quien sus derechos represente.

**Artículo 2082.-** El usufructuario puede enajenar, arrendar y gravar su derecho de usufructo, pero todos los contratos que celebre como usufructuario terminarán con el usufructo, siendo responsable solidariamente con la persona que lo substituya en el goce de tal derecho, de todo daño o menoscabo que por culpa o negligencia de dicho substituto sufra el bien usufructuado.

**Artículo 2083.-** El usufructuario puede hacer mejoras útiles y puramente voluntarias; pero no tiene derecho a reclamar su pago, aunque si puede retirarlas, siempre que sea posible hacerlo sin detrimento del bien en que esté constituido el usufructo.

**Artículo 2084.-** El propietario de bienes en que otro tenga el usufructo puede enajenados, pero el nuevo propietario tiene el deber ineludible de respetar el usufructo.

**Artículo 2085.-** El usufructuario goza del derecho del tanto, tanto para la constitución de un nuevo usufructo, cuanto para la adquisición de la propiedad del bien usufructuado. Es aplicable lo dispuesto en el artículo 1999 en lo que se refiere a la forma para dar el aviso del nuevo usufructo concertado o de enajenación en su caso, así como en lo referente al tiempo para hacer uso de tal derecho del tanto.

## SECCIÓN TERCERA
### De las Obligaciones del Usufructuario

**Artículo 2086.-** El usufructuario, antes de entrar en el goce de los bienes, está obligado:

**I.-** A formar a sus expensas, con citación del dueño, un inventario de todos ellos, haciendo tasar los muebles y constar el estado en que se hallen los inmuebles;

**II.-** A garantizar, por cualquiera de los medios legales, que disfrutará de los bienes con moderación y que los restituirá al propietario con sus accesiones al extinguirse el usufructo, no empeorados ni deteriorados por su culpa o negligencia.

**Artículo 2087.-** El donador que se reserve el usufructo de los bienes donados está dispensado de dar la referida garantía, si no se ha obligado expresamente a ello.

**Artículo 2088.-** El que se reserve la propiedad, puede dispensar al usufructuario de la obligación de garantizar.

**Artículo 2089.-** Si el usufructo fuere constituido por contrato, y quien contrató quedare de propietario y no exigiere en el contrato la garantía, no estará obligado el usufructuario a darla; pero si quedare de propietario un tercero, podrá, pedirla, aunque no se haya estipulado en el contrato.

**Artículo 2090.-** Si el usufructo se constituye a título oneroso y el usufructuario no presta la correspondiente garantía, el propietario tiene el derecho de pedir que se le dé la administración de los bienes, sujetándose al respecto a las condiciones prescritas en el artículo 2127 y percibiendo la retribución que en él se concede.

**Artículo 2091.-** Cuando el usufructo es a título gratuito y el usufructuario no otorga la garantía, el usufructo se extingue en los términos del artículo 2119, fracción IX.

**Artículo 2092.-** El usufructuario, otorgada la garantía, tendrá derecho a todos los frutos del bien desde el día en que, conforme al título constitutivo del usufructo, debió comenzar a percibirlos; pero a partir de entonces y durante todo el disfrute tendrá, en general, el deber de usar y disfrutar con moderación del bien usufructuado conservándolo y cuidándolo con la misma diligencia que pone en cuidar y conservar los suyos al usarlos y disfrutarlos; hacerle, en su caso, las reparaciones necesarias; responder de las cargas ordinarias; pagar, también en su caso, los legados que más adelante se especificarán, y avisar al dueño de toda perturbación al usufructo; todo ello en los términos de las disposiciones contenidas en los artículos de esta sección que a continuación se expresan.

**Artículo 2093.-** Si el usufructo se ha constituido a título gratuito, el usufructuario está obligado a hacer las reparaciones indispensables para mantener el bien en el estado en que se encontraba cuando lo recibió.

**Artículo 2094.-** El usufructuario no está obligado a hacer dichas reparaciones, si la necesidad de éstas proviene de vejez, vicio intrínseco o deterioro grave del bien, anterior a la constitución del usufructo; pero si llegare a hacerlas, para lo cual deberá obtener previamente el consentimiento del dueño, no tendrá derecho de exigir indemnización de ninguna especie.

**Artículo 2095.-** Si el usufructo se ha constituido a título oneroso, el propietario tiene obligación de hacer todas las reparaciones convenientes para que el bien, durante el tiempo estipulado en el convenio, pueda producir los frutos que ordinariamente se obtenían de él al tiempo de la entrega.

Si el usufructuario quiere hacer en este caso las reparaciones, deberá dar aviso al propietario, y previo este requisito, tendrá derecho para cobrar su importe al fin del usufructo.

La omisión del aviso al propietario hace responsable al usufructuario de la destrucción, pérdida o menoscabo del bien por falta de las reparaciones y le priva del derecho de pedir indemnización si él las hace.

**Artículo 2096.-** El pago de las contribuciones por la explotación del usufructo es a cargo del usufructuario, en tanto que el pago de las contribuciones, no sobre los frutos, sino sobre el mismo bien usufructuado, es de cuenta del nudo propietario, pero siempre que el usufructo sea a título oneroso, ya que si es gratuito también será por cuenta del usufructuario, todo ello salvo que ambas partes convengan otra cosa.

**Artículo 2097.-** El usufructuario de una finca hipotecada no está obligado a pagar las deudas para cuya seguridad se constituyó la hipoteca.

**Artículo 2098.-** Si la finca se embarga o se remata para el pago de la deuda, el nudo propietario responde al usufructuario de lo que pierda por este motivo, si no se ha dispuesto otra cosa al constituir el usufructo.

**Artículo 2099.-** Si los derechos del propietario son perturbados por un tercero, sea del modo y por el motivo que fuere, el usufructuario está obligado a ponerlo en conocimiento de aquél. Si no lo hace, es responsable de los daños que resulten, como si hubiesen sido ocasionados por su culpa.

**Artículo 2100.-** Los gastos y las costas de los pleitos sostenidos sobre el usufructo son de cuenta del propietario si el usufructo se ha constituido por título oneroso, y del usufructuario, si se ha constituido por título gratuito, pero el usufructuario en ningún caso estará obligado a responder por más de lo que produce el usufructo.

**Artículo 2101.-** Si el usufructuario, sin citación del propietario, o éste sin la de aquél, ha seguido un pleito, la sentencia favorable aprovecha al no citado, y la adversa no le perjudica.

**Artículo 2102.-** Al concluir el usufructo, el usufructuario tendrá la obligación de restituir el bien al nudo propietario con todas las accesiones y pertenencias y sin más deterioros o menoscabos que los causados por el uso normal de él y responderá, de los menoscabos o deterioros que el bien sufra por su culpa o negligencia.

**Artículo 2103.-** Las garantías que al respecto se hubieren otorgado no se cancelarán sino hasta que tal responsabilidad haya sido satisfecha, la que pasa a los herederos en caso de muerte del usufructuario.

## SECCIÓN CUARTA
### De los Usufructos Especiales

### SUBSECCIÓN PRIMERA
#### Usufructos sobre Capitales y Acciones

**Artículo 2104.-** Si el usufructo se constituye sobre capitales impuestos a réditos, el usufructuario sólo hace suyos éstos y no aquéllos; pero para que el capital se redima anticipadamente, para que se haga novación de la obligación primitiva, para que se substituya la persona del deudor si no se trata de derechos garantizados con gravamen real, así como para que el capital redimido vuelva a imponerse, se necesita el consentimiento del usufructuario.

**Artículo 2105.-** El usufructuario también hace suyos los dividendos, pero no las acciones que una persona tenga en una sociedad, cuando el usufructo recae sobre dichas acciones.

## SUBSECCIÓN SEGUNDA
### Usufructo sobre Montes y Árboles

**Artículo 2106.-** El usufructuario de un monte tiene derecho a disfrutar de todos los productos que provengan de éste, según su naturaleza y conforme a las leyes y reglamentos sobre la materia.

**Artículo 2107.-** Si el monte lucre talar o de maderas de construcción, podrá el usufructuario hacer en él las talas o cortes ordinarios que haría el dueño, acomodándose en el modo, porción o época a las leyes especiales y a las costumbres del lugar.

**Artículo 2108.-** En los demás casos, el usufructuario no podrá cortar árboles por el pie, como no sea con licencia de la autoridad competente y para reponer o reparar algunos de los bienes usufructuados, en cuyo caso acreditará previamente al propietario la necesidad de la obra.

**Artículo 2109.-** Si el usufructo es sobre árboles frutales, el usufructuario está obligado a la replantación de los pies muertos naturalmente.

**Artículo 2110.-** El usufructuario podrá utilizar los viveros, sin perjuicio de su conservación y según las costumbres del lugar y lo dispuesto en las leyes respectivas.

## SUBSECCIÓN TERCERA
### Usufructo sobre Terrenos en que haya alguna Mina

**Artículo 2111.-** No corresponden al usufructuario los productos de la mina que se explote en el terreno dado en usufructo, a no ser que expresamente se le concedan en el título constitutivo del usufructo o que éste sea universal; pero debe indemnizarse al usufructuario de los daños y perjuicios que se le originen por la interrupción del usufructo a consecuencia de las obras que se practiquen para el laboreo de la mina.

## SUBSECCIÓN CUARTA
### Usufructo sobre Ganados

**Artículo 2112.-** Si el usufructo se constituye sobre ganados, el usufructuario está obligado a reemplaza con las crías las cabezas que falten por cualquier causa.

**Artículo 2113.-** Si el ganado en que se constituyó el usufructo perece sin culpa del usufructuario, por el efecto de una epizootia o de algún otro acontecimiento no común, el usufructuario cumple con entregar al dueño los despojos que se hayan salvado de esa calamidad.

**Artículo 2114.-** Si el rebaño perece en parte, y sin culpa del usufructuario, continúa el usufructo en la parte que queda.

## SUBSECCIÓN QUINTA
### Usufructo Universal sobre los Bienes de una Herencia

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2115.-** A falta de disposición expresa del testador al respecto, los sucesores del usufructo universal de los bienes de una herencia están obligados a pagar, en proporción a sus haberes, las pensiones de alimentos que se debe dejar a los herederos legítimas para que un testamento no resulte inoficioso, estando también obligados a pagar en la misma forma, y en segundo término, los legados de renta vitalicia y de alimentos que el autor haya instituido en su testamento.

**Artículo 2116.-** Los usufructuarios universales podrán optar entre cumplir con lo dispuesto en el artículo anterior o compartir el usufructo mediante la capitalización del fondo que como usufructuarios y en los términos del artículo 1707, deberá entregarse a los acreedores de tales pensiones y legados.

**Artículo 2117.-** En cuanto a las deudas de la herencia, los usufructuarios universales están obligados a anticipar las sumas que para pagadas correspondan a los bienes usufructuados, y tendrán el derecho de exigir de los nudos propietarios, o sean los herederos, su restitución, sin intereses, al extinguirse el usufructo. Este derecho es transmisible por herencia.

**Artículo 2118.-** Si el usufructuario se negare a hacer la anticipación, el nudo propietario podrá hacer que se venda la parte de bienes que baste para el pago de la cantidad que aquél debía satisfacer en los términos del artículo anterior; pero si el nudo propietario opta por hacer la anticipación por su cuenta, el usufructuario deberá pagarle intereses por todo el tiempo que continúe gozando de la cosa.

## SECCIÓN QUINTA
### De los Modos de Extinguirse el Usufructo

**Artículo 2119.-** El usufructo se extingue:

**I.-** Por muerte del usufructuario;

**II.-** Por vencimiento del plazo por el cual se constituyó, a menos que el usufructuario muera antes, pues el derecho no se transmite a sus herederos;

**III.-** Por cumplirse la condición impuesta en el título constitutivo para la cesación de este derecho;

**IV.-** Por la reunión del usufructo y de la nuda propiedad en una misma persona; más si la reunión se verifica en un solo bien o parte de lo usufructuado, en lo demás subsistirá el usufructo;

**V.-** Por prescripción, conforme a lo prevenido respecto de los derechos reales;

**VI.-** Por la renuncia expresa del usufructuario, salvo lo dispuesto respecto de las renuncias hechas en fraude de los acreedores;

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**VII.-** Por la pérdida total del bien que era objeto del usufructo. Si la destrucción no es total, el derecho continúa sobre lo que del bien haya quedado;

**VIII.-** Por la cesación del derecho del que constituyó el usufructo, cuando teniendo un dominio revocable, llega el caso de la revocación;

**IX.-** Por no otorgar la garantía de ley el usufructuario a título gratuito, si el dueño no lo ha eximido de esa obligación.

**Artículo 2120.-** La muerte del usufructuario no extingue el usufructo cuando éste se ha constituido a favor de varias personas sucesivamente, pues en tal caso entra al goce del mismo la persona que corresponda.

**Artículo 2121.-** El usufructo constituido a favor de personas jurídicas colectivas que puedan adquirir y administrar bienes raíces sólo durará veinte años, cesando antes en el caso de que dichas personas dejen de existir.

**Artículo 2122.-** El usufructo concedido por el tiempo que tarde un tercero en llegar a cierta edad, dura el número de años prefijados aunque el tercero muera antes.

**Artículo 2123.-** Si el usufructo está constituido sobre un edificio, y éste se arruina por vetustez, por incendio o por algún otro accidente o siniestro, el usufructuario no tiene derecho a gozar del solar ni de los materiales; más si estuviere constituida sobre una hacienda, quinta o rancho de que sólo forme parte el edificio arruinado, el usufructuario podrá continuar usufructuando el solar y los materiales.

**Artículo 2124.-** Si el bien usufructuado fuere expropiado por causa de utilidad pública, el propietario está obligado, bien a substituirlo con otro de igual valor y análogas condiciones, o bien a abonar al usufructuario el interés legal del importe de la indemnización por todo el tiempo que debería durar el usufructo. Si el propietario optare por lo último, deberá afianzar el pago de los réditos.

**Artículo 2125.-** El impedimento temporal por caso fortuito o fuerza mayor no extingue el usufructo ni da derecho a exigir indemnización del propietario.

**Artículo 2126.-** El tiempo del impedimento se tendrá por corrido para el usufructuario, de quien serán los frutos que durante él pueda producir el bien.

**Artículo 2127.-** El usufructo no se extingue por el mal uso que haga el usufructuario del bien usufructuado; pero si el abuso es grave, el propietario puede pedir que se le ponga en posesión de los bienes, obligándose, bajo de fianza, a pagar anualmente al usufructuario el producto líquido de los mismos, por el tiempo que dure el usufructo, deducido el premio de administración que el juez le acuerde.

**Artículo 2128.-** Terminado el usufructo, los contratos que respecto de él haya celebrado el usufructuario no obligan al nudo propietario y éste entrará en posesión del bien, sin que contra él tengan derecho los que contrataron con el usufructuario para pedirle

indemnización por la disolución de sus contratos ni por las estipulaciones dc éstos, que sólo pueden hacer valer en contra del usufructuario y sus herederos, salvo lo dispuesto en el artículo 2075.

## CAPÍTULO SEGUNDO
### Del Uso y de la Habitación

**Artículo 2129.-** El uso es un derecho real, temporal, vitalicio por naturaleza, para usar un bien ajeno sin alterar su forma ni substancia.

**Artículo 2130.-** La habitación es también un derecho real, temporal, vitalicio por naturaleza, para ocupar gratuitamente, en una casa ajena, las piezas necesarias para el habituario y su familia.

**Artículo 2131.-** Los derechos y obligaciones del usuario y del habituario se arreglarán por los títulos respectivos y, en su defecto, por las disposiciones establecidas por este Código para el usufructo, en cuanto no se oponga a lo ordenado en el presente capítulo.

**Artículo 2132.-** Ni el uso ni la habitación toman su origen en la ley. Son derechos personalísimos, en razón de lo cual no se pueden enajenar, gravar, prestar, arrendar ni transmitir a nadie en forma alguna. Tampoco pueden ser embargados.

**Artículo 2133.-** El uso da derecho a percibir, como si fuera un usufructo restringido, de los frutos de un bien ajeno, los que basten a las necesidades del usuario y su familia, aunque ésta aumente.

Del mismo modo, es decir, en cuanto basten para él y su familia, puede el usuario aprovecharse de las crías, leche y lana de un ganado, si sobre éste recae tal derecho real.

El aprovechamiento de frutos en los dos supuestos que prevé este precepto, en manera alguna concede al usuario el derecho de comerciar con aquéllos, sino sólo de consumirlo en la medida indicada. Si el comercio de referencia se llega a autorizar por el propietario aunque sólo sea para la aludida satisfacción, con el producto de la venta, de las necesidades del usuario y su familia, el contrato será de usufructo.

**Artículo 2134.-** Si el usuario consume todos los frutos de los bienes, o el habituario ocupa todas las piezas de la casa, quedan obligados a todos los gastos de cultivo, reparaciones y pago de contribuciones, como si se tratara de un usufructuario; pero si el primero sólo consume parte de los frutos, y el segundo sólo ocupa parte de la casa, no deben contribuir en nada, siempre que al nudo propietario le quede una parte de frutos o aprovechamientos bastantes para cubrir los gastos o cargas.

Más si la parte de frutos que le quede al propietario no alcanza a cubrir tales gastos y cargas, la parte que falte será cubierta, según sea el caso, por el usuario o por el habituario.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

# TÍTULO OCTAVO
## De las Servidumbres

## CAPÍTULO PRIMERO
### Disposiciones Generales

**Artículo 2135.-** La servidumbre es un derecho real desde el punto de vista del sujeto activo de la relación jurídica que al respecto se establece, y un gravamen, también real, desde el punto de vista del sujeto pasivo de dicha relación. Se establece sobre un inmueble para beneficio y servicio de otro perteneciente a distinto dueño.

**Artículo 2136.-** El inmueble a cuyo favor está constituida la servidumbre se llama predio dominante; el que la sufre, predio sirviente.

**Artículo 2137.-** La servidumbre consiste en no hacer o en tolerar. Para que pueda exigirse al dueño del predio sirviente la ejecución de un hecho, es necesario que esté expresamente determinado por la ley o en el acto en que se constituyó la servidumbre.

**Artículo 2138.-** Las servidumbres son continuas o discontinuas, aparentes o no aparentes.

**Artículo 2139.-** Son continuas las que se usan o ejercen sin ninguna actividad del hombre.

**Artículo 2140.-** Son discontinuas aquéllas cuyo uso necesita de algún hecho actual del hombre.

**Artículo 2141.-** Son aparentes las que se manifiestan por obras o signos exteriores, dispuestos para su uso y aprovechamiento.

**Artículo 2142.-** Son no aparentes las que no presentan signo exterior de su existencia.

**Artículo 2143.-** Las servidumbres son inseparables del inmueble a que activa o pasivamente pertenecen, en razón de lo cual si los inmuebles mudan de dueño, la servidumbre continúa, ya activa, ya pasivamente, hasta que legalmente se extinga.

**Artículo 2144.-** Las servidumbres son indivisibles. Si el predio sirviente se divide entre varios dueños, la servidumbre no se modifica, y cada uno de ellos tiene que tolerarla en la parte que le corresponde. Si es el predio dominante el que se divide entre varias personas, cada porcionero puede usar por entero de la servidumbre, sin variar el lugar de su uso ni agravarlo de otra manera. Mas si la servidumbre se hubiere establecido en favor de una sola de las partes del predio dominante, sólo el dueño de ésta podrá continuar disfrutándola.

**Artículo 2145.-** Las servidumbres toman su origen en la voluntad del hombre o de la ley; también pueden adquirirse por prescripción.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

# CAPÍTULO SEGUNDO
## De las Servidumbres Legales

**Artículo 2146.-** Servidumbre legal es la establecida por la ley, pero sin que esto quiera decir que se constituya por simple ministerio de ésta, sino sólo mediante juicio o, inclusive, por convenio expreso de los interesados.

**Artículo 2147.-** Es aplicable a las servidumbres legales lo dispuesto en el capítulo octavo de este título.

**Artículo 2148.-** Todo lo concerniente a las servidumbres establecidas para utilidad pública o comunal se regirá por las leyes y reglamentos especiales y, en su defecto, por las disposiciones de este título.

# CAPÍTULO TERCERO
## De la Servidumbre Legal de Desagüe

**Artículo 2149.-** Los predios inferiores están sujetos a recibir las aguas que naturalmente, o como consecuencia de las mejoras agrícolas o industriales que se hagan, caigan de los superiores, así como la piedra o tierra que arrastren en su curso.

**Artículo 2150.-** Cuando los predios inferiores reciban las aguas de los superiores a consecuencia de las mejoras agrícolas o industriales hechas a éstos, los dueños de los predios sirvientes tienen derecho de ser indemnizados; pero si las aguas que pasan al predio sirviente se han vuelto insalubres a consecuencia de esas mejoras o por los usos domésticos o industriales que de ellas se hayan hecho, deberán ser conducidas por ese predio subterráneamente, a costa del dueño del predio dominante, a menos que se vuelvan inofensivas por algún procedimiento, pero siempre a costa de dicho dueño.

**Artículo 2151.-** Cuando un predio rústico o urbano se encuentre enclavado entre otros sin salida al desagüe o drenaje público, estarán obligados los dueños de los predios circunvecinos a permitir el desagüe del central. Las dimensiones y dirección del conducto de desagüe, si no se ponen de acuerdo los interesados, se fijarán por el juez, previo informe de peritos y audiencia de aquéllos, observándose, en cuanto fuere posible, las reglas dadas en este Código para la servidumbre de paso y si se trata de fincas urbanas el dueño del predio sirviente, para evitar las molestias que pueda causarle la construcción, en su predio, de las obras relativas, podrá optar porque el dueño del predio dominante conecte el desagüe de éste al drenaje general de aquél.

**Artículo 2152.-** El dueño de un predio en que existan obras defensivas para contener el agua, o en que por la variación del curso de ésta sea necesario construir nuevas, está obligado, a su elección, o a hacer las reparaciones o construcciones, o a tolerar que, sin causarle perjuicios, las hagan los dueños de los predios que experimenten o estén inminentemente expuestos a experimentar el daño, a menos que las leyes especiales de policía le impongan la obligación de hacer las obras.

**Artículo 2153.-** Lo dispuesto en el artículo anterior es aplicable al caso en que sea necesario desembarazar algún predio de las materias cuya acumulación o caída impida el curso del agua con daño o peligro de tercero.

**Artículo 2154.-** Todos los propietarios que participen del beneficio proveniente de las obras de que trata este artículo, están obligados a contribuir al gasto de su ejecución en proporción a su interés y a juicio de peritos.

**Artículo 2155.-** Los propietarios que por su culpa hubieren ocasionado el daño, serán responsables de los gastos.

**Artículo 2156.-** Las disposiciones de este capítulo son aplicables, en lo conducente, al caso en que el poseedor de un terreno pantanoso quiera desecado o dar salida por medio de cauces a las aguas estancadas.

## CAPÍTULO CUARTO
### De la Servidumbre Legal de Acueducto

**Artículo 2157.-** El que quiera usar agua de que pueda disponer, tiene derecho a hacerla pasar por los fundos intermedios, con obligación de indemnizar a sus dueños, así como a los de los predios inferiores sobre los que se filtren o caigan las aguas.

**Artículo 2158.-** Con la salvedad de lo dispuesto en el último artículo de este capítulo, se exceptúan de la servidumbre a que se contrae el presente artículo y todos los demás del capítulo, los edificios y las casas con sus patios, jardines y demás dependencias, independientemente de que tales fincas sean rústicas o urbanas.

**Artículo 2159.-** El que ejercite el derecho de hacer pasar las aguas de que trata el artículo 2157 está obligado a construir el canal necesario en los predios intermedios, aunque haya en ellos algún otro para el uso de otras aguas; pero el dueño de éstos puede impedir la apertura de otro canal, ofreciendo dar paso a las aguas por aquél, con tal de que no cause perjuicio al dueño del predio dominante.

**Artículo 2160.-** Si fuere necesario hacer pasar el acueducto por un camino, río o torrente público que no sean federales, deberá ser indispensable, y previamente obtenerse, el permiso de la autoridad estatal o municipal bajo cuya jurisdicción estén el camino, río o torrente.

**Artículo 2161.-** La autoridad sólo concederá el permiso con entera sujeción a las leyes y reglamentos respectivos, y obligando al dueño del agua a que construya el acueducto de modo que no impida, estreche ni deteriore el camino ni embarace o estorbe el curso del río o torrente.

**Artículo 2162.-** El que sin dicho permiso previo pasare el agua o la derramare sobre el camino, quedará obligado a reponer los bienes a su estado anterior y a indemnizar el daño que a cualquiera se cause, sin perjuicio de las penas señaladas en las leyes y reglamentos correspondientes.

**Artículo 2163.-** El que pretenda usar el derecho consignado en el artículo 2157 debe previamente:

**I.-** Justificar que puede disponer del agua que pretende conducir;

**II.-** Acreditar que el paso que solicita es el más conveniente para el uso a que destina el agua;

**III.-** Acreditar que dicho paso es el menos oneroso para los predios por donde debe pasar el agua;

**IV.-** Pagar el valor del terreno que ha de ocupar el canal, según estimación de peritos, y un diez por ciento más;

**V.-** Resarcir los daños inmediatos, con inclusión del que resulte por dividirse en dos o más parte del predio sirviente, y de cualquier otro deterioro.

**Artículo 2164.-** En el caso a que se refiere el artículo 2159, en su segunda parte, el que pretenda el paso de las aguas deberá pagar, en proporción a la cantidad de éstas, el valor del terreno ocupado por el canal en que se introducen y los gastos necesarios para su conservación, sin perjuicio de la indemnización debida por el terreno que sea necesario ocupar de nuevo y por los otros gastos que ocasione el paso que se le concede.

**Artículo 2165.-** La cantidad de agua que pueda hacerse pasar por un acueducto establecido en predio ajeno, no tendrá otra limitación que la que resulte de la capacidad que por las dimensiones convenidas se haya fijado al mismo acueducto al constituirse la servidumbre, o las que tenía el canal que ya existía y que se quiso aprovechar como acueducto.

**Artículo 2166.-** Si el que disfruta del acueducto necesitare ampliarlo, deberá costear las obras necesarias y pagar el terreno que nuevamente ocupe y los daños que cause, conforme a lo dispuesto en las fracciones IV y V del artículo 2163.

**Artículo 2167.-** La servidumbre legal a que se refiere el artículo 2157, trae consigo el derecho de tránsito para las personas y animales, y el de conducción de los materiales necesarios para el uso y reparación del acueducto, así como para el cuidado del agua que por él se conduce, debiéndose observar al respecto lo dispuesto en los artículos 2174 a 2179.

**Artículo 2168.-** Todo el que se aproveche de un acueducto, ya pase por terreno propio, ya por ajeno, debe construir y conservar los puentes, canales de superficie o subterráneos y demás obras necesarias para que no se perjudique el derecho de otro.

**Artículo 2169.-** Si los que se aprovecharen del acueducto en el caso del artículo anterior fueren varios, la obligación recaerá sobre todos en proporción de su aprovechamiento, si no hubiere estipulación o convenio en contrario.

**Artículo 2170.-** Lo dispuesto en los dos artículos que preceden, comprende la limpia, construcciones y reparaciones para que el curso del agua no se interrumpa.

**Artículo 2171.-** La servidumbre de acueducto no obsta para que el dueño del predio sirviente pueda cerrarlo y cercarlo, así como edificar sobre el mismo acueducto de manera que éste no experimente perjuicio ni se imposibiliten las reparaciones y limpias necesarias.

**Artículo 2172.-** Cuando para el mejor aprovechamiento del agua de que se tiene derecho de disponer fuere necesario construir una presa y el que haya de hacerla no sea dueño del terreno en que se necesite apoyarla, puede pedir que se establezca la servidumbre de un estribo de presa, previa la indemnización correspondiente.

**Artículo 2173.-** El dueño de un predio urbano enclavado tiene derecho a que se le permita instalar en las fincas circunvecinas la tubería indispensable para introducir agua potable a su predio, observándose al respecto las disposiciones que para la servidumbre de paso se contiene en los articulas 2175 y 2176.

## CAPÍTULO QUINTO
### De la Servidumbre Legal de Paso

**Artículo 2174.-** El propietario de una finca rústica o urbana enclavada entre otras ajenas sin salida a la vía pública, tiene derecho de exigir paso, para el aprovechamiento de aquélla, por las heredades vecinas, sin que sus respectivos dueños puedan reclamarle otra cosa que una indemnización equivalente al perjuicio que les ocasione este gravamen.
La acción para reclamar esta indemnización es prescriptible; pero aunque prescriba, no cesa por este motivo el paso obtenido.

**Artículo 2175.-** El dueño del predio sirviente tiene derecho de señalar el lugar en donde haya de constituirse la servidumbre de paso.

Si el juez califica el lugar señalado de impracticable o de muy gravoso para el dueño del predio dominante, el dueño del sirviente debe señalar otro.

Si este lugar es calificado de la misma manera que el primero, el juez señalará el que crea más conveniente, procurando conciliar los intereses de los dueños de los dos predios.

**Artículo 2176.-** Si hubiere varios predios por donde pueda darse el paso a la vía pública, el obligado a la servidumbre será aquél por donde fuere más corta la distancia, siempre que no resulte muy incómodo y costoso el paso por ese lugar. Si la distancia fuere igual, el juez designará cuál de los dos predios ha de dar el paso.

**Artículo 2177.-** En la servidumbre de paso, el ancho de éste será el que baste a las necesidades del predio dominante, a juicio del juez.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2178.-** En caso de que hubiere habido antes comunicación entre la finca o heredad y alguna vía pública, el paso sólo se podrá exigir a la heredad o finca por donde últimamente lo hubo.

**Artículo 2179.-** El dueño de un predio rústico tiene derecho, mediante la indemnización correspondiente, de exigir que se le permita el paso de sus ganados por los predios vecinos, para conducirlos al abrevadero de que pueda disponer.

**Artículo 2180.-** El propietario de árbol o arbusto contiguo al predio de otro, tiene derecho de exigir de éste que le permita hacer la recolección de los frutos que no se pueden recoger de su lado, siempre que no se haya usado o no se use del derecho que conceden los artículos 1869 al 1871; pero el dueño del árbol o arbusto es responsable de cualquier daño que calla con motivo de la recolección.

**Artículo 2181.-** Si fuere indispensable para construí o reparar algún edificio, pasar materiales por predio ajeno o colocar en él andamios u otros objetos para la obra, el dueño de este predio estará obligado a con sentirlo, recibiendo la indemnización correspondiente al perjuicio que se le irrogue.

**Artículo 2182.-** Cuando para establecer comunicaciones telefónicas particulares entre dos o más fincas, para conducir energía eléctrica a una finca, sea necesario colocar postes y tender alambres en terrenos de una finca ajena, el dueño de ésta tiene obligación de permitirlo, mediante la indemnización correspondiente. Esta servidumbre trae consigo el derecho de tránsito de las personas y el de conducción de los materiales necesarios para la construcción y vigilancia de la línea telefónica o eléctrica.

## CAPÍTULO SEXTO
### De las Servidumbres Voluntarias

**Artículo 2183.-** El propietario de una finca o heredad puede establecer en ella cuantas servidumbres tenga por conveniente, del modo y forma que mejor le parezca, siempre que no contravenga las leyes ni perjudique derechos de tercero.

**Artículo 2184.-** Sólo pueden constituir servidumbres las personas que tienen derecho de enajenar; quienes no puedan enajenar inmuebles sino con ciertas formalidades o condiciones, no pueden, sin ellas, pactar servidumbres sobre los mismos.

**Artículo 2185.-** Si fueren varios los propietarios de un predio, no se podrá imponer servidumbres sobre éste sino con consentimiento de todos.

**Artículo 2186.-** Si siendo varios los propietarios, uno solo de ellos adquiere una servidumbre sobre otro predio a favor del común, de ella podrán aprovecharse todos los propietarios, quedando obligados a los gravámenes naturales que la misma traiga consigo y a los pactos con que se haya adquirido.

## CAPÍTULO SÉPTIMO
### Cómo se Adquieren las Servidumbres Voluntarias

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2187.-** Las servidumbres continuas aparentes se adquieren por cualquier título legal, incluso la prescripción.

**Artículo 2188.-** Las servidumbres continuas no aparentes, y las discontinuas, sean o no aparentes, no podrán adquirirse por prescripción.

**Artículo 2189.-** Al que pretenda tener derecho a una servidumbre toca probar, aunque esté en posesión de ella, el título en virtud del cual la goza.

**Artículo 2190.-** La existencia de un signo aparente de servidumbre entre dos fincas, establecido o conservado por el propietario de ambas, se considera, si se enajenare, como título para que la servidumbre continúe, a no ser que, al tiempo de dividirse la propiedad de las dos fincas, se exprese lo contrario en el título de enajenación de cualquiera de ellas.

**Artículo 2191.-** Al constituirse una servidumbre se entienden concedidos todos los medios necesarios para su uso; y extinguida aquélla, cesan también estos derechos accesorios.

## CAPÍTULO OCTAVO
### Derechos y Obligaciones de los Propietarios de los Predios sobre los que está constituida alguna Servidumbre Voluntaria

**Artículo 2192.-** El uso y la extensión de las servidumbres establecidas por la voluntad del propietario, se arreglarán por los términos del título en que tengan su origen y, en su defecto, por las disposiciones siguientes.

**Artículo 2193.-** Corresponde al dueño del predio dominante hacer a su costa todas las obras necesarias para el uso y conservación de la servidumbre.

**Artículo 2194.-** Está también obligado el dueño del predio dominante a hacer a su costa las obras que fueren necesarias para que al dueño del predio sirviente no se le causen, por la servidumbre, más gravámenes que el consiguiente a ella; y si por su descuido u omisión se causare otro daño, estará obligado a la indemnización.

**Artículo 2195.-** Si el dueño del predio sirviente se hubiere obligado en el título constitutivo de la servidumbre a hacer alguna cosa o a costear alguna obra, se librará de esta obligación abandonando al dueño del predio dominante la parte del sirviente afectada por la servidumbre, e inclusive todo el predio si así lo desea.

**Artículo 2196.-** El dueño del predio sirviente no podrá menoscabar de modo alguno la servidumbre constituida sobre éste,

**Artículo 2197.-** Si el lugar primitivamente designado para el uso de la servidumbre llegase a presentar graves inconvenientes, el dueño del predio sirviente podrá ofrecer otro que sea cómodo al dueño del predio dominante, quien no podrá rehusarlo, si no se perjudica.

**Artículo 2198.-** El dueño del predio sirviente puede ejecutar las obras que hagan menos gravosa la servidumbre, si de ellas no resulta perjuicio alguno al predio dominante.

**Artículo 2199.-** Si el dueño del predio dominante se opone a estas obras, el juez decidirá, previo informe de peritos.

**Artículo 2200.-** Si de la conservación de dichas obras se siguiere algún perjuicio al predio dominante, el dueño del sirviente está obligado a restablecer las cosas a su antiguo estado y a indemnizar de los daños y perjuicios.

**Artículo 2201.-** Cualquiera duda sobre el uso y extensión de la servidumbre se decidirá en el sentido menos gravoso para el dueño del sirviente, sin imposibilitar o hacer difícil el uso de la servidumbre.

## CAPÍTULO NOVENO
### De la Extinción de las Servidumbres

**Artículo 2202.-** Las servidumbres voluntarias se extinguen:

**I.-** Por reunirse en una misma persona la propiedad de ambos predios, el dominante y el sirviente, y no reviven por una nueva separación, salvo lo dispuesto en el artículo 2190; pero si el acto de reunión era resoluble por su naturaleza y llega el caso de la resolución, renacen las servidumbres como estaban antes de la reunión;

**II.-** Por vencimiento del plazo o la realización de la condición a que estén sujetas;

**III.-** Por el no uso.

Cuando la servidumbre fuere continua y aparente, por el no uso de tres años contados desde el día en que dejó de existir el signo aparente de la servidumbre.

Cuando fuere discontinua o no aparente, por el no uso de cinco años contados desde el día en que dejó de usarse por haber ejecutado el dueño del fundo sirviente acto contrario a la servidumbre, o por haber prohibido que se usare de ella. Si no hubo acto contrario o prohibición, aunque no se haya usado de la servidumbre, o si hubo tales actos, pero continúa el uso, no corre el tiempo de la prescripción;

**IV.-** Cuando los predios llegaran sin culpa del dueño del predio sirviente a tal estado que no pueda usarse de la servidumbre. Si en lo sucesivo los predios se restablecieren de manera que pueda usarse la servidumbre, revivirá ésta, a no ser que desde el día en que pudo volverse a usar haya transcurrido el tiempo suficiente para la prescripción;

**V.-** Por la remisión gratuita u onerosa hecha por el dueño del predio dominante;

**VI.-** Cuando constituida en virtud de un derecho revocable, sobreviene la circunstancia que debe poner término a éste.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2203.-** Las servidumbres legales se extinguen por las mismas causas que las voluntarias, pero con las siguientes limitaciones:

**I.-** El plazo para la extinción por el no uso será de cinco años, y siempre que quien la disfrutaba haya adquirido, por distinto lugar, otra servidumbre de la misma naturaleza;

**II.-** La remisión de la servidumbre de desagüe sólo será válida cuando no se oponga a los reglamentos respectivos; y

**III.-** Ni por convenio, que en todo caso será celebrado por el ayuntamiento en representación de la respectiva comunidad, ni por renuncia o remisión, podrá extinguirse ninguna servidumbre legal si su uso es público o comunal y no se le sustituye por otra que preste el mismo servicio.

**Artículo 2204.-** Si los predios entre los que está constituida una servidumbre legal pasan a poder de un mismo dueño, deja de existir la servidumbre; pero separadas nuevamente las propiedades, revive aquella, aun cuando no se haya conservado ningún signo aparente.

**Artículo 2205.-** Si el predio dominante pertenece a varios dueños proindiviso, el uso que haga uno de ellos aprovecha a los demás para impedir la prescripción.

**Artículo 2206.-** Si entre los propietarios hubiere alguno contra quien no pueda correr la prescripción, ésta no correrá contra los demás.

## TÍTULO NOVENO
### Del Derecho de Superficie

**Artículo 2207.-** El derecho real de superficie faculta a su titular a sembrar, plantar o educar sobre terreno ajeno o construir por debajo de éste, sin que en ningún caso y mientras subsista tal derecho puedan confundirse ambas propiedades, pues la del terreno seguirá perteneciendo al dueño de éste, y la de lo sembrado, plantado o edificado será del superficiario.

**Artículo 2208.-** Puede el propietario de un edificio o una plantación existentes en terreno suyo enajenarlos separadamente de la propiedad del suelo, convirtiéndose así el adquirente de dicho edificio o plantación en titular del derecho real de superficie.

**Artículo 2209.-** El derecho de superficie puede ser a título oneroso o gratuito, y tomar su origen en un contrato o en una disposición testamentaria. Es enajenable y transmisible por herencia. Puede constituirse a plazo fijo o a plazo indeterminado, sólo que en este último caso no regirán las reglas generales para dar por concluido aquél mediante la interpelación, sino que la conclusión requerirá el consentimiento conjunto del dueño y del superficiario o de sus respectivos causahabientes, en su caso y si dicho acuerdo no se logra decidirá el juez, quien podrá fijar un plazo para la conclusión de referencia, si así lo estima conveniente.

**Artículo 2210.-** Tanto en el caso de la parte final del artículo anterior, cuanto en el evento de que la constitución del derecho de superficie se haya hecho por un tiempo determinado, al vencimiento de éste se extingue aquél y el propietario del suelo se convierte en propietario del edificio o de la plantación, situación que no puede darse en el caso de la siembra por no poderse extinguir al respecto el derecho de superficie si antes no concluye el período cíclico correspondiente que permita el levantamiento de la cosecha.

**Artículo 2211.-** La consolidación de la propiedad a que se alude en el artículo precedente, se hará mediante las indemnizaciones, compensaciones y prestaciones pactadas en el título constitutivo, o en las que acuerden los interesados en el momento de la extinción del derecho en cuestión. En su defecto las fijará el juez, previo informe de peritos.

**Artículo 2212.-** La extinción del derecho de superficie será sin perjudicar derechos de tercero.

**Artículo 2213.-** El derecho de superficie no se extingue por la destrucción de lo construido o plantado, salvo pacto en contrario.

**Artículo 2214.-** El derecho de plantar o educar sobre terreno ajeno o construir por debajo de éste, se extingue por no plantar o construir dentro del plazo de dos años, o de uno si dentro de éste no se siembra.

# TÍTULO DÉCIMO
## De los demás Derechos Reales

**Artículo 2215.-** Los derechos reales no reglamentados especialmente en este Código, ni en ninguna otra ley, se rigen por las estipulaciones de las partes y, en lo que éstas fueren omisas, por las reglas generales del negocio jurídico.

## LIBRO SEGUNDO
## DE LA CUARTA PARTE ESPECIAL
### De las Obligaciones

## TÍTULO PRIMERO
### Disposiciones Preliminares Fuentes

**Artículo 2216.-** En la relación obligacional que se establece entre el acreedor y el deudor, el primero tiene la facultad de poder exigir del segundo y éste el deber de cumplir a favor de aquél, una prestación que puede ser de dar, de hacer o de no hacer.

**Artículo 2217.-** La relación jurídica es una.

**Artículo 2218.-** Contemplada la relación jurídica desde el punto de vista del acreedor toma el nombre de derecho personal o de crédito, y desde el punto de vista del deudor, el de deuda u obligación.

**Artículo 2219.-** Si la deuda, o deber de realizar la prestación, existe, pero sin responsabilidad, esto es, sin que el deudor esté sometido a la exigencia coactiva del acreedor no obstante lo cual aquél cumple ese deber, el pago o cumplimiento se tiene por bien hecho en los términos del artículo 67 y quien lo hizo no puede repetir contra aquél a quien pagó.

**Artículo 2220.-** Al tipo de obligación mencionada en el artículo anterior, se le llama obligación natural y su juridicidad se la imprime el indicado artículo 86 a efecto de que su pago o cumplimiento se tenga por bien hecho.

**Artículo 2221.-** La obligación de ejecutar actos positivos en razón y en la medida en que se es poseedor originario o derivado de un bien, es la obligación llamada real o propter rem, que pasa a los poseedores sucesivos del bien, y de la que el obligado puede liberarse por el simple abandono de éste a favor de la persona que sobre ella tenga un derecho real.

**Artículo 2222.-** Las obligaciones personales, civiles o naturales, a que respectivamente se contraen los artículos 2217 a 2220, cuando son susceptibles de valoración económica, así como sus correlativos derechos personales o de crédito, los derechos reales y las obligaciones propter rem constituyen, con todos los bienes de una persona, el patrimonio económico de ésta, la función de cuyo activo como garantía genérica del pasivo se precisa en el artículo 599.

**Artículo 2223.-** Son fuentes de las obligaciones los hechos, actos y negocios jurídicos reglamentados en este Código; pero la voluntad del hombre en los negocios unilaterales y el consentimiento en los bilaterales y plurilaterales, requerirá necesariamente del concurso de la ley para obligar a aquél y el efecto o los efectos deseados dejarán de producirse si la ley, expresa o tácitamente, los prohíbe.

**Artículo 2224.-** La ley, por su simple ministerio, tampoco podrá producir consecuencias de derecho ni por tanto obligaciones, si un hecho, un acto o un negocio jurídico no la pone en movimiento mediante la realización del supuesto previsto en ella para dicha producción de decretos.

### TÍTULO SEGUNDO
### De las Diferentes Especies de Obligaciones

### CAPÍTULO PRIMERO
### De las Obligaciones de Dar

### SECCIÓN PRIMERA
### La Prestación de Bienes

**Artículo 2225.-** La prestación de dar puede consistir:

**I.-** En la instalación del dominio de bien cierto;

**II.-** En la enajenación temporal del uso o goce de bien cierto;

**III.-** En la restitución de bien ajeno; o,

**IV.-** En el pago de bien debido.

**Artículo 2226.-** El acreedor de bien cierto no puede ser obligado a recibir otro aun cuando sea de mayor valor.

**Artículo 2227.-** La obligación de dar bien cierto comprende también la de entregar sus accesorios, salvo que lo contrario resulte del título de la obligación o de las circunstancias del caso.

## SECCIÓN SEGUNDA
### Cómo se traslada la Propiedad de los Bienes

**Artículo 2228.-** Salvo convenio en contrario, en las enajenaciones de bienes ciertos y determinados la traslación de la propiedad se verifica entre los contratantes, por mero efecto del contrato, sin dependencia de tradición, ya natural, ya jurídica, ya virtual o ya simbólica; debiendo tenerse en cuenta las disposiciones relativas del Registro Público.

**Artículo 2229.-** En las enajenaciones de alguna especie indeterminada, la propiedad no se transferirá sino hasta el momento en que el bien se hace cierto y determinado con conocimiento del acreedor, bajo el concepto de que si no se designa la calidad del bien, el deudor cumple entregando uno de mediana calidad.

## SECCIÓN TERCERA
### Responsabilidad culposa por Pérdida o Deterioro del Bien

**Artículo 2230.-** En los casos en que la obligación de dar un bien cierto importe la traslación de la propiedad de ese bien, y se pierda o deteriore en poder del deudor, por culpa de éste o por culpa del acreedor, se observarán las reglas siguientes:

**I.-** Si la pérdida fue per culpa del deudor, éste responderá al acreedor por el valor del bien y por los daños y perjuicios;

**II.-** Si el bien se deteriorare por culpa del deudor, el acreedor puede optar por la rescisión del contrato y el pago de daños y perjuicios, o por recibir el bien en el estado que se encuentre y exigir, la reducción del precio y el pago de daños y perjuicios;

**III.-** Si el bien se perdiere por culpa del acreedor, el deudor queda libre de la obligación; y

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**IV.-** Si se deteriorare por culpa del acreedor, éste tiene obligación de recibir el bien en el estado en que se halle.

**Artículo 2231.-** La pérdida del bien en poder del deudor se presume por culpa suya, mientras no se pruebe lo contrario.

**Artículo 2232.-** Cuando el deber de restituir un bien cierto y determinado procediere de delito o falta, no se eximirá el deudor del pago de su precio, cualquiera que hubiere sido el motivo de la pérdida, a no ser que, habiendo ofrecido el bien al que debió recibirlo, éste se haya constituido en mora de recibir.

**Artículo 2233.-** El deudor de un bien perdido o deteriorado sin culpa suya, está obligado a ceder al acreedor cuantos derecho; y acciones tuviere para reclamar la indemnización a quien fuere responsable.

**Artículo 2234.-** La pérdida del bien puede verificarse:

**I.-** Pereciendo el bien o quedando fuera del comercio:

**II.-** Desapareciendo de modo que no se tengan noticias de él o que aunque se tenga alguna, el bien no se pueda recobrar.

**Artículo 2235.-** Cuando la obligación de dar tenga por objeto un bien designado sólo por su género y cantidad, luego que el bien se individualice por la elección del deudor o del acreedor, se aplicarán, en caso de pérdida o deterioro, las reglas establecidas al respecto en el artículo 2230.

**Artículo 2236.-** En los casos de enajenación con reserva de la posesión, el uso o el goce del bien hasta cierto tiempo, se observarán las reglas siguiente:

**I.-** Si hay convenio expreso, se estará a lo estipulado;

**II.-** Si la pérdida fuere por culpa de alguno de los contratantes, el importe será de la responsabilidad de éste;

**III.-** A falta de convenio o de culpa, cada interesado sufrirá la pérdida que le corresponda, en todo, si el bien perece totalmente, o en parte, si la pérdida fuere solamente parcial;

**IV.-** En el caso de la fracción que precede, si la pérdida fuere parcial y las partes no se convinieren en la disminución de sus respectivos derechos, se nombrarán peritos que la determinen.

**Artículo 2237.-** En los contratos en que la prestación del bien no importe la traslación de la propiedad, el riesgo será siempre de cuenta del propietario, a menos que intervenga culpa o negligencia de la otra parte.

**Artículo 2238.-** Hay culpa cuando el obligado ejecuta actos contrarios a la conservación del bien, y negligencia cuando deja de ejecutar los actos que son necesarios para dicha conservación.

**Artículo 2239.-** La culpa será grave cuando el obligado a conservar o custodiar, un bien ajeno, no observa la diligencia mínima que el común de los hombres pone en el cuidado de sus bienes; será, leve, cuando aquél no observa la diligencia media que acostumbra el buen padre de familia en el cuidado de sus bienes, y será levísima, cuando el deudor no observa la diligencia máxima que acostumbra el diligentísimo padre de familia en el cuidado de lo suyo.

**Artículo 2240.-** Los jueces y tribunales tendrán en cuenta lo dispuesto en los dos artículos que preceden para establecer, según la gratuidad o la onerosidad del contrato de que se trate y las disposiciones relativas de este Código, para cada tipo de contrato, el grado de responsabilidad con que culposamente incurran los deudores; al incumplir sus correspondientes obligaciones.

**Artículo 2241.-** Si fueren varios los obligados a prestar el mismo bien, cada uno de ellos incurrirá con responsabilidad, proporcionalmente a sus porciones, salvo en los siguientes casos:

**I.-** Cuando cada uno de ellos se hubiere obligado solidariamente;

**II.-** Cuando la prestación consistiere en bien cierto y determinado que se encuentre en poder de uno de ellos, o cuando dependa de hecho que sólo uno de los obligados pueda prestar;

**III.-** Cuando la obligación sea indivisible; y

**IV.-** Cuando por contrato se haya establecido otras reglas.

## SECCIÓN CUARTA
### De la imputación del Riesgo

**Artículo 2242.-** La pérdida fortuita de un bien que no es objeto de alguna obligación, corre a cargo de su dueño.

**Artículo 2243.-** Sobre la misma base de que el bien perece para su dueño, y además, de que los géneros no perecen, se regula, en los siguientes artículos, la imputación del riesgo en los contratos cuando el bien materia de éstos se pierde o deteriora por caso fortuito o fuerza mayor.

**Artículo 2244.-** Se entiende por caso fortuito todo acontecimiento extraordinario, natural o humano, que no pueda preverse y cuya realización cause la pérdida o deterioro del bien o imposibilite el cumplimiento de la obligación; y por fuerza mayor, todo acontecimiento, también extraordinario, natural o humano, que realizado produce estos mismos resultados, pero que aunque pueda preverse, no pueda evitarse.

**Artículo 2245.-** La imposibilidad para el cumplimiento de la obligación debe ser absoluta, esto es, que ni el deudor ni nadie puedan realizar la prestación materia de aquélla.

**Artículo 2246.-** Si el contrato es traslativo de propiedad a título gratuito y el bien perece por caso fortuito o fuerza mayor, la obligación queda extinguida y el deudor liberado de toda responsabilidad; pero si el bien no perece, sino que simplemente se deteriora, el deudor cumple con entregado en el estado en que el acontecimiento fortuito lo haya dejado.

**Artículo 2247.-** Las mismas reglas se aplicarán en los contratos unilaterales o bilaterales que no trasladen la propiedad sino sólo la posesión derivada, cuando el bien se pierde o se deteriora fortuitamente, ya sea que todavía se encuentre en poder del dueño o que se halle en poder del poseedor.

**Artículo 2248.-** En los contratos traslativos de dominio de bien cierto y determinado sin reserva de posesión, uso o goce, se extingue la obligación de entregar el bien si éste perece por caso fortuito o fuerza mayor, pues la pérdida corre a cargo del dueño, quien por ello mismo deberá pagar el precio, sin que pueda oponer válidamente la excepción de que el bien no le fue entregado.

**Artículo 2249.-** Cuando en esos mismos contratos traslativos de propiedad el enajenante se reserva la posesión, uso o goce del bien hasta cierto tiempo, y éste perece por caso fortuito o fuerza mayor, cada interesado sufrirá la pérdida que le corresponda, es decir, la pérdida de la propiedad el dueño, y la pérdida de la posesión, uso o goce su contraparte, en todo, si el bien perece totalmente, o en parte, si la pérdida fuese solamente parcial.

**Artículo 2250.-** Las reglas contenidas en los dos artículos anteriores se observarán también en los casos en que la obligación de dar tenga por objeto una especie indeterminada, pero sólo si el bien ya se hubiera convertido en cierto y determinado con conocimiento del acreedor, cuando su pérdida hubiere acontecido por caso fortuito o fuerza mayor.

**Artículo 2251.-** Cuando la obligación se contraiga bajo condición suspensiva y, pendiente ésta, se pierda el bien por caso fortuito o fuerza mayor, la obligación quedará extinguida y el bien perecerá para su dueño, sin ninguna obligación, por tanto, de su contraparte para pagar el precio del bien.

**Artículo 2252.-** En el supuesto de que el caso fortuito o la fuerza mayor no produzcan la pérdida o perecimiento del bien sino sólo su deterioro, el acreedor está obligado a recibir el bien en el estado en que se encuentre al realizarse la condición, en el precio que se fije mediante juicio de peritos.

**SECCIÓN QUINTA**
**De las Obligaciones de Hacer o de no Hacer**

**Artículo 2253.-** Si el obligado a prestar un hecho, no lo hiciere, el acreedor tiene derecho de pedir que a costa de aquel se ejecute por otro, cuando la substitución sea posible.

Esto mismo se observará si el deudor no hiciere el hecho de la manera convenida. En este caso el acreedor podrá exigir que se deshaga lo mal hecho.

**Artículo 2254.-** El que estuviere obligado a no hacer algo, quedará sujeto al pago de daños y perjuicios en caso de contravención. Si hubiere obra material, podrá exigir el acreedor que sea destruida a costa del obligado.

**Artículo 2255.-** Si de dos obligaciones recíprocas nacidas de un mismo negocio jurídico, la de hacer o de no hacer se extingue porque una causa fortuita o de fuerza mayor hace imposible su ejecución, la obligación de la otra parte queda también extinguida, salvo convenio en contrario.

## TÍTULO TERCERO
### De los Efectos de las Obligaciones

### CAPÍTULO PRIMERO
### Del Cumplimiento de las Obligaciones

### SECCIÓN PRIMERA
### Del Pago

**Artículo 2256.-** Pago o cumplimiento es la entrega del bien o cantidad debida, o la prestación del hecho positivo o negativo que se hubiere prometido.

**Artículo 2257.-** El deudor puede ceder sus bienes a los acreedores en pago de sus deudas. Esta cesión, salvo pacto en contrario, sólo libera a aquél de responsabilidad por el importe líquido de los bienes cedidos. Los convenios que sobre el efecto de la cesión se celebren entre el deudor y sus acreedores, se sujetarán a lo dispuesto en el titulo relativo a la concurrencia y prelación de créditos y el deudor de buena fe que haga la cesión gozará del beneficio de competencia, en cuanto a los bienes que después adquiera y que puedan servir para completar el pago de las deudas anteriores a la cesión.

**Artículo 2258.-** Por virtud del beneficio de competencia el deudor no puede ser obligado a pagar más de lo que buenamente pueda, dejándosele, en consecuencia, lo indispensable para una modesta subsistencia, según su clase y circunstancias, y con cargo dc devolución cuando mejore de fortuna.

**Artículo 2259.-** La obligación de prestar algún servicio se puede cumplir por un tercero, salvo el caso en que se hubiere establecido, por pacto expreso, que la cumpla personalmente el mismo obligado, o cuando se hubieren elegido sus conocimientos especiales o sus cualidades personales.

**Artículo 2260.-** El pago debe ser hecho por el deudor o por su legítimo representante; pero puede también hacerlo cualquiera otra persona, tenga o no interés jurídico en el

cumplimiento de la obligación, sin importar que el pago se haya hecho con o sin consentimiento del deudor y en ambos casos operará la subrogación, de conformidad con lo dispuesto en el caso de las fracciones II y III del artículo 2368, para los casos en que el tercero que hace el pago tenga o no, respectivamente, interés en el cumplimiento de la obligación.

**Artículo 2261.-** Puede, por último, hacerse el pago por un tercero no interesado, contra la voluntad del deudor, en cuyo caso quien pagó solamente tendrá derecho a cobrar del deudor aquello en que le hubiere sido útil el pago a éste.

**Artículo 2262.-** El acreedor está obligado a aceptar el pago hecho por un tercero.

**Artículo 2263.-** El pago debe hacerse al mismo acreedor o a su representante legítimo. Puede también hacerse a un tercero, si así se hubiere estipulado o consentido por el acreedor, y en los casos en que la ley lo determine expresamente.

**Artículo 2264.-** El pago hecho, sin los requisitos legales, a una persona incapacitada para administrar sus bienes, será válido en cuanto se hubiere convertido en su utilidad.

**Artículo 2265.-** También será válido el pago hecho a un tercero no autorizado, en cuanto se hubieren convertido en utilidad del acreedor.

**Artículo 2266.-** El pago hecho de buena fe al que estuviese en posesión del crédito, liberará al deudor.

**Artículo 2267.-** No será válido el pago hecho al acreedor por el deudor después de habérsele ordenado judicialmente la retención de la deuda.

**Artículo 2268.-** El pago deberá hacerse del modo que se hubiere pactado, y nunca podrá hacerse parcialmente sino en virtud de convenio expreso o de disposición de la ley.

**Artículo 2269.-** Cuando la deuda tuviere una parte liquida y otra ilíquida, podrá exigir el acreedor y hacer el deudor el pago de la primera sin esperar a que se liquide la segunda.

**Artículo 2270.-** El pago se hará en el tiempo designado en el contrato, exceptuando aquellos casos en que la ley permita o prevenga expresamente otra cosa.

Si no se ha fijado el tiempo en que deba hacerse el pago y se trata de obligaciones de dar, no podrá el acreedor exigido sino después de los treinta días siguientes a la interpelación que se haga, ya judicialmente, ya en lo extrajudicial, ante un notado o ante dos testigos. Tratándose de obligaciones de hacer, el pago debe efectuarse, cuando lo exija el acreedor, siempre que haya transcurrido el tiempo necesario para el cumplimiento de la obligación.

Si el deudor quisiera hacer pagos anticipados y el acreedor recibirlos, no podrá éste ser obligado a hacer descuentos.

**Artículo 2271.-** Por regla general el pago debe hacerse en el domicilio del deudor, salvo que las partes convinieren otra cosa, o que lo contrario se desprenda de las circunstancias, de la naturaleza de la obligación o de la ley.

Si se han designado varios lugares para hacer el pago, el acreedor puede elegir cualquiera de ellos.

**Artículo 2272.-** Si el pago consiste en la tradición de un inmueble o en prestaciones relativas al inmueble, deberá hacerse en el lugar donde éste se encuentre.

Si el pago consistiere en una suma de dinero como precio de algún bien enajenado por el acreedor, deberá ser hecho en el lugar en que se entregó la cosa, salvo que se designe otro lugar.

**Artículo 2273.-** Los gastos de entrega del bien debido serán de cuenta del deudor, si no se hubiera estipulado otra cosa.

El deudor que después de celebrado el contrato mudare voluntariamente de domicilio, deberá indemnizar al acreedor de los mayores gastos que haga por esta causa para obtener el pago.

De la misma manera el acreedor debe indemnizar al deudor cuando debiendo hacerse el pago en el domicilio de aquél, cambia voluntariamente de domicilio.

**Artículo 2274.-** No es válido el pago hecho con bien ajeno; pero si el pago se hubiere hecho con una cantidad de dinero u otro bien fungible ajeno, no habrá repetición contra el acreedor que lo haya consumido de buena fe.

**Artículo 2275.-** El deudor que paga tiene derecho de exigir el documento que acredite el pago, pudiendo detener éste mientras que dicha constancia no le sea entregada.

**Artículo 2276.-** Cuando la deuda es de pensiones que deben satisfacerse en periodos determinados, y se acredita por escrito el pago de la última, se presumen pagadas las anteriores.

**Artículo 2277.-** Cuando se paga el capital sin hacerse reserva de réditos, se presume que éstos están pagados.

**Artículo 2278. -** La entrega del título hecha al deudor hace presumir el pago de la deuda constante en aquél.

**Artículo 2279.-** Ninguna de las presunciones establecidas en los tres artículos opera si hay prueba en contrario.

**SECCIÓN SEGUNDA
De la Imputación del Pago**

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2280.-** El que tuviere contra si varias deudas en favor de un solo acreedor, podrá declarar, al tiempo de hacer el pago, a cuál de ellas quiere que éste se aplique y como se aplicará el pago, si para ello no hay disposición legal.

**Artículo 2281.-** Si el deudor no hiciere la referida declaración, se entenderá hecho el pago por cuenta de la deuda que le fuere más onerosa entre las vencidas. En igualdad de circunstancias, se aplicará a la más antigua, y siendo todas de la misma fecha, se distribuirá entre todas ellas a prorrata.

**Artículo 2282.-** Las cantidades pagadas a cuenta de deudas con intereses, no se imputarán al capital mientras hubiere intereses vencidos y no pagados, salvo convenio en contrario.

## SECCIÓN TERCERA
### De la Dación en Pago

**Artículo 2283.-** La obligación queda extinguida cuando el acreedor recibe en pago un bien distinto en lugar del debido.

**Artículo 2284.-** Si el acreedor sufre la evicción del bien que recibe en pago, la dación será nula atento lo dispuesto en la parte inicial del artículo 2274.

**Artículo 2285.-** La nulidad operará de pleno derecho, esto es, sin necesidad de declaración judicial. Las cosas volverán, por tanto, como estaban antes de la dación anulada, debiéndose tener, por lo mismo, como no pagada la obligación primitiva.

## SECCIÓN CUARTA
### Del Ofrecimiento del Pago y de la Consignación

**Artículo 2286.-** El deudor tiene el deber de pagar, pero también el derecho de hacerlo. De ahí que el ofrecimiento seguido de la consignación haga veces de pago, si reúne los requisitos que para éste exige la ley.

**Artículo 2287.-** Si el acreedor rehusare sin justa causa recibir la prestación debida, o dar el documento justificativo del pago, o si fuere persona incierta, ausente o incapaz de recibir, podrá el deudor liberarse de la obligación haciendo el ofrecimiento del pago y la consignación del bien.

**Artículo 2288.-** Si el acreedor fuere conocido, pero dudosos sus derechos. podrá el deudor depositar el bien debido, con citación del interesado, a fin de que justifique sus derechos por los medios legales.

**Artículo 2289.-** El ofrecimiento y la consignación se harán en la forma y términos que establezca el Código de Procedimientos Civiles.

**Artículo 2290.-** Si el juez declara fundada la oposición del acreedor para recibir el pago, el ordenamiento y la consignación se tendrán como no hechos; pero si éstos son aprobados por el juez, la obligación quedará extinguida con todos sus efectos.

**Artículo 2291.-** Los gastos y costas del procedimiento correrán a cargo del perdidoso.

**Artículo 2292.-** Cuando se siga un juicio de rescisión de contrato por falta de pago de pensiones periódicas y el demandado se excepcione con base en las consignaciones que de las mismas ha hecho, la resolución relativa a la procedencia o improcedencia de dichas consignaciones o sobre si es o no fundada la oposición que en su caso llegara a hacerse valer, no se pronunciará en el juicio especial que a tales consignaciones corresponda, sino en la misma sentencia que estudie el negocio en su conjunto y ponga fin al juicio de rescisión.

## CAPÍTULO SEGUNDO
### Del Incumplimiento de las Obligaciones

### SECCIÓN PRIMERA
#### Consecuencias del Incumplimiento de las Obligaciones

**Artículo 2293.-** El que incumple una obligación de hacer, bien dejando de prestar el hecho a que se obligó, bien no prestándolo conforme a lo convenido, será responsable de los daños y perjuicios que cause, en los términos siguientes:

**I.-** Si la obligación fuere a plazo, comenzará la responsabilidad al vencimiento de éste;

**II.-** Si la obligación no dependiere de plazo cierto, se observará lo dispuesto en la parte final del párrafo segundo del artículo 2270.

**Artículo 2294.-** El que contraviene una obligación de no hacer pagará daños y perjuicios por el solo hecho de la contravención, sin perjuicio, en su caso, de lo dispuesto en la parte final del artículo 2254.

**Artículo 2295.-** En las obligaciones de dar que tengan plazo fijo, se observará lo dispuesto en la fracción I del artículo 2293.

**Artículo 2296.-** Si no tuvieren plazo cierto, se aplicará lo prevenido en la parte inicial del segundo párrafo del artículo 2270.

**Artículo 2297.-** La responsabilidad procedente de dolo es exigible en todas las obligaciones y la renuncia de hacerla efectiva es nula.

**Artículo 2298.-** La responsabilidad de que se trata en este título, además de importar la devolución del bien o su precio, importará la reparación de los daños y la indemnización de los perjuicios.

**Artículo 2299.-** El daño puede ser material o moral.

CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO

Daño material es el que se causa en los términos del artículo 123, y daño moral, llamado también agravio moral, es todo ataque contra una persona en su honor, en su reputación y prestigio, en su consideración, en sus sentimientos y afectos, en su estimación hacia sus bienes y recuerdos de familia, y aun en su integridad corporal, cuando independientemente de que disminuyan o no su capacidad de trabajo, las heridas o cicatrices que se le causen afectan a su estética personal.

Estarán sujetos a la reparación del daño moral de acuerdo a lo establecido por este ordenamiento y, por lo tanto, las conductas descritas se considerarán como hechos ilícitos:

**I.** El que comunique a una o más personas la imputación que se hace a otra persona física o moral, de un hecho cierto o falso, determinado o indeterminado, que pueda causarle deshonra, descrédito, perjuicio, o exponerlo al desprecio de alguien;

**II.** El que impute a otro un hecho determinado y calificado como delito por la ley, si este hecho es falso, o es inocente la persona a quien se imputa;

**III.** El que presente denuncias o querellas calumniosas, entendiéndose por tales aquellas en que su autor imputa un delito a una persona determinada, sabiendo que ésta es inocente o que aquel no se ha cometido; y

**IV.** Al que ofenda al honor, ataque la vida privada o la imagen propia de una persona.
<div align="right">**Párrafo adicionado POE 18-04-2007**</div>

La reparación del daño con relación al párrafo e incisos anteriores deberá contener la obligación de la rectificación o respuesta de la información difundida, con el mismo espacio y la misma circulación o audiencia a que fue dirigida la información original, esto sin menoscabo de lo establecido en el párrafo segundo del Artículo 133.
<div align="right">**Párrafo adicionado POE 18-04-2007**</div>

La reproducción fiel de información no da lugar al daño moral, aun en los casos en que la información reproducida no sea correcta y pueda dañar el honor de una persona, pues no constituye una responsabilidad para el que difunde dicha información siempre y cuando se cite la fuente de donde se obtuvo la información.
<div align="right">**Párrafo adicionado POE 18-04-2007**</div>

**Artículo 2299 Bis.-** No estará obligado a la reparación del daño moral quien ejerza sus derechos de opinión, crítica, expresión e información, en los términos y con las limitaciones de los artículos 6 y 7 de la Constitución Política de los Estados Unidos Mexicanos.
En ningún caso se considerarán ofensas al honor las opiniones desfavorables de la crítica literaria, artística, histórica, científica o profesional. Tampoco se considerarán ofensivas las opiniones desfavorables realizadas en cumplimiento de un deber o ejerciendo un derecho cuando el modo de proceder o la falta de reserva no tenga un propósito ofensivo.
<div align="right">**Artículo adicionado POE 18-04-2007**</div>

**Artículo 2300.-** Perjuicio es lo que el damnificado deja de ganar lícitamente, en los términos del mismo artículo 123, como consecuencia del daño sufrido.

**Artículo 2301.-** Los daños y perjuicios deben ser consecuencia inmediata y directa de la falta de cumplimiento de la obligación, ya sea que se hayan causado o que necesariamente deban causarse.

**Artículo 2302.-** Nadie está obligado al caso fortuito ni a la fuerza mayor sino cuando ha dado cansa o contribuido a ellos, cuando ha aceptado expresamente esa responsabilidad o cuando la ley se la impone.

**Artículo 2303.-** Si el bien se ha perdido o ha sufrido un detrimento tan grave que a juicio de peritos, no pueda emplearse en el uso a que naturalmente está destinado, el dueño debe ser indemnizado de todo el valor legítimo de él.

**Artículo 2304.-** Si el deterioro es menos grave, sólo el importe de éste se abonará al dueño al restituirse el bien.

**Artículo 2305.-** El precio del bien será el que tendría al tiempo de ser devuelto al dueño, excepto en los casos en que la ley o el pacto señalen otra época.

**Artículo 2306.-** Al estimar el deterioro de un bien se atenderá no solamente a la disminución que dicho deterioro causó en el precio de él, sino a los gastos que necesariamente exija la reparación.

**Artículo 2307.-** Al fijar el valor y el deterioro de un bien, no se atenderá al precio estimativa o de afección, a no ser que se pruebe que el responsable destruyó o deterioró el bien con el objeto de lastimar la afección del dueño. El aumento que por esta causa se haga se fijará, en los términos de los artículos 131 a 133, por el prudente arbitrio del juzgador.

**Artículo 2308.-** La responsabilidad civil puede ser regulada por convenio de las partes, salvo aquellos casos en que la ley disponga expresamente otra cosa.

**Artículo 2309.-** Si la prestación consistiera en el pago de cierta cantidad de dinero, los daños y perjuicios que resulten de la falta de cumplimiento, no podrán exceder, salvo convenio en contrario, del interés legal, que será del uno por ciento al mes.

**Artículo 2310.-** El pago de los gastos judiciales será a cargo del que faltare al cumplimiento de la obligación y se hará en los términos que establezca el Código de Procedimientos Civiles.

## SECCIÓN SEGUNDA
### Del Saneamiento por Evicción y por Vicios Ocultos

## SUBSECCIÓN PRIMERA
### Disposiciones Generales

**Artículo 2311.-** Se consideran como casos de incumplimiento de las obligaciones contractuales, el de la evicción y el de los vicios ocultos del bien enajenado y todo enajenante, en estos casos, está obligado al saneamiento, aunque nada se haya expresado en el contrato.

## SUBSECCIÓN SEGUNDA
### De la Evicción

**Artículo 2312.-** Habrá evicción cuando el que adquirió algún bien fuere privado del todo o parte de él, por sentencia que cause ejecutoria, en razón de algún derecho anterior a la adquisición.

**Artículo 2313.-** Habrá también evicción cuando el adquirente no adquiere la posesión del bien que compra, y al reclamada judicialmente del tercero que la tiene en su poder, éste prueba ser el dueño en el juicio reivindicatorio que aquél le entable.

**Artículo 2314.-** Se asimila a la evicción, pues en este caso no hay juicio, el del adquirente que se hace dueño del bien, no por la enajenación que se le ha pretendido hacer, sino por título distinto y por completo ajeno al falso enajenante.

**Artículo 2315.-** Los contratantes pueden aumentar o disminuir convencionalmente los efectos de la evicción y aun convenir en que ésta no se preste en ningún caso; pero será nulo el pacto que exima al que enajena de responder por la evicción, si hubiere mala fe de parte suya.

**Artículo 2316.-** Cuando el adquirente ha renunciado el derecho al saneamiento para el caso de evicción, llegado que sea éste debe el que enajena entregar únicamente el precio del bien, conforme a lo dispuesto en los artículos 2319, fracción I, y 2320, fracción I; pero aun de esta obligación quedará libre, si el que adquirió lo hizo con conocimiento expreso de los rasgos de evicción y sometiéndose a sus consecuencias.

**Artículo 2317.-** El adquirente, luego que sea emplazado, debe renunciar el pleito de evicción al que le enajenó.

**Artículo 2318.-** El fallo judicial impone al que enajena la obligación de indemnizar, en los términos de los artículos siguientes de esta subsección, a quien sufrió la evicción.

**Artículo 2319.-** Si el que enajenó hubiere procedido de buena fe, estará obligado a entregar al que sufrió la evicción:

**I.-** El precio íntegro que recibió por el bien;

**II.-** Los gastos causados en el contrato, si fueren satisfechos por el adquirente;

**III.-** Los causados en el pleito de evicción y en el de saneamiento;

**IV.-** El valor de las mejoras útiles y necesarias, siempre que en la sentencia no se determine que el vencedor satisfaga su importe.

**Artículo 2320.-** Si el que enajena hubiere procedido de mala fe tendrá las obligaciones que expresa el artículo anterior, con las agravaciones siguientes:

**I.-** Devolverá, a elección del adquirente, el precio que el bien tenía al tiempo de la adquisición, o el que tenga al tiempo en que sufra la evicción;

**II.-** Satisfará al adquirente el importe de las mejoras voluntarias y de mero placer que haya hecho en el bien;

**III.-** Pagará los daños y perjuicios.

**Artículo 2321.-** Si el que enajena no sale sin justa causa al pleito de evicción en tiempo hábil, o si no rinde prueba alguna, queda obligado al saneamiento en los términos del artículo anterior.

**Artículo 2322.-** Si tanto el que enajena como el que adquiere proceden de mala fe, no tendrá el segundo, en ningún caso, derecho al saneamiento ni a indemnización de ninguna especie.

**Artículo 2323.-** Si el adquirente fuere condenado a restituir los frutos del bien, podrá exigir del enajenante la indemnización de ellos o el interés legal del precio que haya dado.

Si el que adquirió no fuere condenado a dicha restitución, quedarán compensados los intereses del precio con los frutos recibidos.

**Artículo 2324.-** Si el que enajena, al ser emplazado, manifiesta que no tiene medios de defensa y consigna el precio por no quererlo recibir el adquirente, queda libre de cualquier responsabilidad posterior a la fecha de la consignación.

**Artículo 2325.-** Las mejoras que quien enajenó hubiese hecho antes de la enajenación, se le tomarán a cuenta de lo que debe pagar, siempre que fueren abonadas por el vendedor.

**Artículo 2326.-** Cuando el adquirente sólo fuere privado por la evicción de una parte del bien adquirido, se observarán respecto de ésta las reglas establecidas en esta subsección, a no ser que el adquirente prefiera la rescisión del contrato.

Lo mismo se observará cuando en un solo contrato se hayan enajenado dos o más bienes sin fijar el precio de cada uno de ellos, y uno solo sufra la evicción.

**Artículo 2327.-** En los dos casos del artículo anterior, si el que adquiere elige la rescisión del contrato, está obligado a devolver el bien libre de los gravámenes que le haya impuesto.

**Artículo 2328.-** Si al denunciarse el pleito, o durante él, reconoce el enajenante el derecho del que reclama y se obliga a pagar conforme a las prescripciones de esta sección, sólo será responsable de los gastos que se hayan causado hasta el reconocimiento, sea cual fuere el resultado del juicio.

**Artículo 2329.-** Si la finca que se enajenó se halla gravada, sin haberse hecho mención de ello en la escritura, con alguna carga o servidumbre voluntaria no aparente, el que adquirió puede pedir la indemnización correspondiente al gravamen o la rescisión del contrato.

Las acciones de rescisión y de indemnización a que se refiere este artículo prescriben en un año, que se contará, para la primera, desde el día en que se perfeccionó el contrato, y para la segunda, desde el día en que el adquirente tenga noticia de la carga o servidumbre.

**Artículo 2330.-** El enajenante no responde por la evicción:

**I.-** Si así se hubiere convenido;

**II.-** En el caso de haberla renunciado el adquirente;

**III.-** Si conociendo el adquirente el derecho del que entabla la evicción, lo hubiere ocultado dolosamente al enajenante;

**IV.-** Si la evicción procede de una causa posterior al acto de enajenación, no imputable al que enajena, o de hecho del que adquiere, ya sea anterior o posterior al mismo acto;

**V.-** Si el adquirente no denuncia el pleito de evicción al enajenante;

**VI.-** Si el adquirente y el que reclama transigen o comprometen el negocio en árbitros, sin consentimiento del que enajenó;

**VII.-** Si la evicción tuvo lugar por culpa del adquirente.

**Artículo 2331.-** En las ventas hechas en remate judicial, el vendedor no está obligado por causa de la evicción que sufriere el bien vendido, sino a restituir el precio que haya producido la venta.

## SUBSECCIÓN TERCERA
### De los Vicios Ocultos

**Artículo 2332.-** En los contratos conmutativos, el enajenante está obligado al saneamiento por los defectos ocultos del bien enajenado que le haga impropio para el uso a que se le destina, o que disminuyan de tal modo este uso, que de haberlo conocido el adquirente no hubiere hecho la adquisición o habría dado menos precio por el bien.

**Artículo 2333.-** El enajenante no es responsable de los defectos manifiestos o que estén a la vista, ni tampoco de los que no lo están si el adquirente es un perito que por razón de su oficio o profesión debe fácilmente conocerlos.

**Artículo 2334.-** En los casos sancionados por el artículo anterior, puede el adquirente exigir la rescisión del contrato y el pago de los gastos que por él hubieren hecho, o que se le rebaje una cantidad proporcionada del precio, a juicio de peritos.

**Artículo 2335.-** El adquirente tendrá además el derecho a ser indemnizado por los correspondientes daños y perjuicios, si opta por la rescisión y se probare la mala fe del enajenante, esto es, que conocía los defectos ocultos del bien y no los manifestó al adquirente.

**Artículo 2336.-** En los casos en que el adquirente pueda elegir la indemnización o la rescisión del contrato, una vez hecha por él la elección del derecho que va a ejercitar, no puede usar del otro sin el consentimiento del enajenante.

**Artículo 2337.-** Si el bien enajenado pereciere o mudare de naturaleza a consecuencia de los vicios que tenía y eran conocidos del enajenante, éste sufrirá la pérdida y deberá restituir el precio y abonar los gastos del contrato con los daños y perjuicios.

**Artículo 2338.-** Si el enajenante no conocía los vicios, solamente deberá restituir el precio y abonar los gastos del contrato en el caso de que el adquirente los haya pagado.

**Artículo 2339.-** Las acciones que nacen de lo dispuesto en los ocho artículos anteriores se extinguen al año contado desde la entrega del bien enajenado.

**Artículo 2340.-** Enajenándose dos o más animales juntamente, sea en un precio alzado o sea señalándolo a cada uno de ellos, el vicio de uno da sólo lugar a la acción redhibitoria respecto de él y no respecto a los demás, a no ser que aparezca que el adquirente no habría adquirido el sano o sanos sin el vicioso, o que la enajenación fuese de un rebaño y el vicio fuere contagioso.

**Artículo 2341.-** Se presume que el adquirente no tenía voluntad de adquirir uno solo de los animales, cuando se adquiere un tiro, yunta o pareja, aunque se haya señalado un precio separado a cada uno de los animales que los componen.

**Artículo 2342.-** Lo dispuesto en el artículo anterior es aplicable a la enajenación de bienes que se enajenan y se adquieren por pares.

**Artículo 2343.-** Cuando el animal muere dentro de los tres días siguientes a su adquisición, es responsable el enajenante si por juicio de peritos se prueba que la enfermedad existía antes de la enajenación.

**Artículo 2344.-** En todos los casos de enajenación de animales, sea que ésta se realice individualmente o sea por troncos, yuntas o rebaños, la acción redhibitoria por tachas o vicios ocultos sólo dura veinte días a partir de la fecha de la entrega.

**Articulo 2345.-** Si la enajenación se declara resuelta, debe devolverse el bien enajenado en el mismo estado en que se entregó, siendo responsable el adquirente de cualquier deterioro que no proceda del vicio o defecto ocultados.

**Artículo 2346.-** La calificación de los vicios del bien enajenado se hará por peritos nombrados por las partes, y por un tercero que elegirá el juez en caso de discordia.

**Artículo 2347.-** Los peritos declararán terminantemente si los vicios eran anteriores a la enajenación y si por causa de ellos no puede destinarse el bien a los usos para los que fue adquirido.

**Artículo 2348.-** Las partes pueden restringir, renunciar o ampliar su responsabilidad por los vicios redhibitorios, siempre que no haya mala fe.

**Artículo 2349.-** Incumbe al adquirente probar que el vicio existía al tiempo de la adquisición, y no probándolo, se juzga que el vicio sobrevino después.

**Artículo 2350.-** Si el bien enajenado por vicios redhibitorios se pierde por caso fortuito o por culpa del adquirente le queda a éste, sin embargo, el derecho de pedir el menor valor del bien por el vicio redhibitorio.

**Artículo 2351.-** El adquirente del bien remitido de otro lugar que alegare tiene vicios redhibitorios, si se trata de bienes que rápidamente se descomponen, tiene obligación de avisar inmediatamente al enajenante, que no recibe el bien. Si no lo hace, será responsable de los daños y perjuicios que su omisión ocasione.

**Artículo 2352.-** El enajenante no responderá de los vicios redhibitorios si el adquirente obtuvo el bien en remate o por adjudicación judicial.

### TÍTULO CUARTO
**De los Efectos de las Obligaciones con Relación a Terceros que Indirectamente Intervienen en el Incumplimiento de Aquéllas, y del Derecho de Retención**

### CAPÍTULO PRIMERO
**De las Instituciones Protectoras del Acreedor contra Actos y Omisiones del Deudor Tendientes al Incumplimiento**

**Artículo 2353.-** Independientemente del derecho de retención reglamentado en el último capítulo de este título, el acreedor dispone de la acción pauliana y de la acción de simulación para deshacer los actos del deudor con terceros que dejan o aparentan dejar insolvente a éste, y dispone de la acción oblicua para anular la conducta omisiva del deudor tendiente a impedir que ingresen a su haber patrimonial, en perjuicio del acreedor, fondos que legítimamente le pertenecen.

De la acción pauliana y de la acción contra la simulación dispondrá el acreedor en los términos a que, por su orden, se contraen los capítulos séptimo y octavo del título tercero de la parte general de este Código, y de la acción oblicua y del derecho de retención,

podrá aquél disponer como se establece en los dos siguientes capitulas del presente título.

# CAPÍTULO SEGUNDO
## De la Acción Oblicua

**Artículo 2354.-** El acreedor, para poder cobrar algún crédito cuyo pago no puede obtener directamente de su deudor, puede ejercitar la llamada acción oblicua, o sea la que sin poderse referir a derechos exclusivamente inherentes a la persona del deudor, un acreedor entabla contra el deudor de su deudor cuando excitado éste para deducirla, se rehúsa a hacerla dentro del plazo que fije al efecto el Código de Procedimientos Civiles.

El propio Código señalará los requisitos que para poner en ejercicio dicha acción debe llenar el crédito que mediante ella se pretenda cobrar, la forma de hacer la excitación y la manera como el deudor o el tercero demandado pueden paralizar la acción referida.

# CAPÍTULO TERCERO
## Del Derecho de Retención

**Artículo 2355.-** Existirá el derecho de retención cuando la ley autorice al detentador o poseedor de un bien ajeno a conservado en su poder hasta que el dueño de él le pague lo que le adeude, por concepto del bien o por otro motivo.

**Artículo 2356.-** Cuando la ley no establezca expresamente el derecho de retención, podrá, no obstante, ejercitarse por el acreedor, si su crédito consta en título ejecutivo o ha sido reconocido judicialmente o ante notario, aunque no haya relación alguna entre el crédito y el bien del deudor que se encuentre en poder del acreedor, o entre dicho crédito y la causa de la posesión o detentación.

**Artículo 2357.-** El acreedor no podrá ejercer el derecho de retención, si ha obtenido del deudor el bien a base de engaños, maquinaciones o artificios, o con la promesa de devolverlo inmediatamente.

Tampoco podrá ejercitarlo cuando la causa de su posesión o tenencia sea ilícita, o cuando haya obtenido que un tercero, sin consentimiento del deudor, le entregue un bien de éste.

**Artículo 2358.-** Cuando el deudor haya entregado al acreedor un bien respecto del cual no se haya transmitido el dominio al primero, pero sí el uso o goce, podrá el acreedor retener los frutos que legalmente correspondan al deudor, y en cuanto al bien, sólo podrá retenerlo mientras tal derecho de uso o goce no se extinga legalmente y el propietario o poseedor originario lo consienta, pues contra éste no valdrá, en tal caso, la retención.

**Artículo 2359.-** El derecho de retención es oponible al deudor y a los terceros que no tengan adquirido un derecho real sobre el bien, anterior a la fecha en que se ejercita el citado derecho. Los que tengan derechos reales anteriores, podrán perseguir el bien para asegurado o tomar posesión del mismo, según la naturaleza de tales derechos,

**Artículo 2360.-** En virtud del derecho de retención el acreedor no puede, de propia autoridad, apropiarse el bien o sus frutos, o disponer jurídica o materialmente de tales bienes. En todo caso, sólo está facultado a conservarlos en su poder hasta que sea pagado, sea directamente o por remate en ejecución de sentencia. El acreedor no podrá obtener el remate del bien retenido, independientemente de la ejecución de su crédito por sentencia. El derecho de retención del acreedor que en este caso obtenga el remate, le otorgará preferencia sobre los demás acreedores que no tengan garantía real anterior a la fecha en que se hizo valer la retención.

**Artículo 2361.-** Si el acreedor desea que conste de manera indubitable la fecha en que comience a ejercer el derecho de retención, deberá notificar al deudor, en jurisdicción voluntaria o por conducto de notario el momento a partir del cual lo ejercitará. Una vez hecha la notificación al deudor, la fecha de ésta o en el momento en ella señalado servirán para resolver los conflictos de preferencia que se presentaren con terceros.

**Artículo 2362.-** El que ejerza el derecho de retención puede entablar los interdictos, tratándose de inmuebles; o perseguir el bien mueble, cuando haya sido despojado de él.

**Artículo 2363.-** El derecho de retención es oponible a los acreedores que sin garantía real, embarguen o secuestren el bien u obtengan el remate del mismo.

Comprobada la existencia de tal derecho, el juez no podrá dar posesión al adquirente en remate.

**Artículo 2364.-** En los casos de concurso o liquidación judicial del deudor, el derecho de retención será oponible para que el acreedor no sea privado del bien, y para que obtenga en su caso pago preferente, según los artículos que anteceden.

**Artículo 2365.-** La retención dejará de ser legítima si se demuestra, por quien tenga interés jurídico en ello, que ha existido un acuerdo fraudulento o simulado entre acreedor y deudor, o cuando este último hizo entrega del bien al primero en perjuicio de acreedores. Son aplicables a estos casos las presunciones de fraude o simulación establecidas por este Código para los casos de negocios jurídicos ejecutados en perjuicio de acreedores, o de negocios simulados.

**Artículo 2366.-** Se considerará que existe perjuicio de acreedores, cuando el importe de los bienes del deudor, sin tomar en cuenta los que haya entregado al acreedor, sea inferior al valor de sus deudas.

## TÍTULO QUINTO
## De las Modalidades de las Obligaciones

**Artículo 2367.-** Son aplicables, en lo conducente, a las obligaciones sujetas a término, a condición o a modo, las disposiciones contenidas, respectivamente, en las tres diversas secciones del capítulo noveno del título tercero del libro único en la parte general de este ordenamiento.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

## TÍTULO SEXTO
### De la Transmisión de las Obligaciones

### CAPÍTULO PRIMERO
### De la Subrogación

**Artículo 2368.-** La subrogación personal, que es la subrogación por antonomasia, se verifica por ministerio de la ley y sin necesidad de declaración alguna de los interesados:

**I.-** Cuando el que es acreedor paga a otro acreedor preferente, en la inteligencia de que si quien ha concertado hacer este pago no es el acreedor que se encuentra, en la progresión del rango, inmediatamente después del acreedor a quien se desea pagar, se le dará conocimiento al acreedor preferente en dicha progresión y en su caso y por su orden a todos los que figuren antes del que desea pagar, para que, si lo desean, hagan uso del derecho del tanto. Se aplicará al respecto y en lo conducente, el artículo 1999;

**II.-** Cuando el que paga tiene interés jurídico en el cumplimiento de la obligación;

**III.-** Cuando careciendo el que paga de dicho interés, el deudor no se opone a que aquél haga el pago porque lo consienta expresa o tácitamente o porque lo ignore. Si se opone, el caso quedará encuadrado dentro de lo dispuesto por el artículo 2261;

**IV.-** Cuando un heredero paga con sus bienes propios alguna deuda de la herencia;

**V.-** Cuando el que adquiere un inmueble paga a un acreedor que tiene sobre él un crédito hipotecario anterior a la adquisición; y

**VI.-** En cualquier otro caso en que la ley expresamente establezca la subrogación.

**Artículo 2369.-** Cuando la deuda fuere pagada por el deudor con dinero que un tercero le prestare para ese objeto, el prestamista quedará subrogado por ministerio de la ley en los derechos del acreedor, si el préstamo constare en título auténtico en que se declare que el dinero fue prestado para el pago de dicha deuda. Por falta de esta circunstancia, el que prestó sólo tendrá los derechos que expresa su respectivo contrato.

**Artículo 2370.-** Hay subrogación convencional cuando el acreedor recibe el pago de un tercero y le subroga en sus derechos, privilegios, acciones o hipotecas contra el deudor. Esta subrogación debe ser expresa y hacerse al mismo tiempo que el pago.

**Artículo 2371.-** No habrá subrogación parcial en deudas de solución indivisible.

El pago de los subrogados en diversas porciones del mismo crédito, cuando no basten los bienes del deudor para cubrir todas las porciones se hará a prorrata.

**Artículo 2372.-** Además de la subrogación personal a que se refieren los cuatro artículos anteriores, existe la subrogación real, que también se verifica por ministerio de la ley y sin necesidad de declaración alguna de los interesados, cuando un bien gravado con un

derecho real de garantía es substituido por su valor en los casos de expropiación, seguro, remate u otro similar, o a la inversa, cuando el dinero, civil o penalmente adeudado, ha sido gastado por el deudor adquiriendo con él uno o más muebles o inmuebles. El aludido valor y los referidos bienes en sus respectivos casos, quedarán automáticamente afectos al pago del adeudo, privilegiadamente con respecto a cualquier acreedor quirografario, y en el orden de preferencia que corresponda con respecto a los demás acreedores de derechos reales constituidos sobre el bien.

**Artículo 2373.-** Habrá también subrogación real, que operará por simple ministerio de la ley, cuando el propietario o poseedor de un bien gravado, lo destruya para substituirlo por otro, en cuyo caso el titular del derecho real constituido sobre el bien destruido tendrá acción, no para que tal derecho se constituya sobre el nuevo bien, sino simplemente para que se declare que por virtud de la aludida subrogación ese derecho subsiste afectando al nuevo bien.

**Artículo 2374.-** La regla establecida en el artículo anterior se observará también si el bien se destruye por un acontecimiento extraordinario e inevitable o por la simple acción del tiempo, y el dueño lo substituye por otro que construya en su lugar.

## CAPÍTULO SEGUNDO
### De la Cesión de Derechos

### SECCIÓN PRIMERA
### De la Cesión Ordinaria

**Artículo 2375.-** Habrá cesión de derechos cuando el acreedor transfiere a otra persona los que tenga contra su deudor.

**Artículo 2376.-** Para la cesión de derechos no se requiere el consentimiento del deudor, a quien debe dársele oportuno conocimiento en los términos del artículo 2385, para los efectos legales precisados al respecto en este capítulo.

**Artículo 2377.-** En principio, todo derecho puede cederse a terceros, a menos que la cesión esté prohibida por la ley, se haya convenido en no hacerla o no la permita la naturaleza del derecho.

**Artículo 2378.-** El deudor no puede alegar contra el tercero que el derecho no podía cederse porque así se había convenido, cuando ese convenio no conste en el título constitutivo del derecho.

**Artículo 2379.-** En la cesión de crédito se observarán las disposiciones relativas al negocio jurídico que le sirva de base, en lo que no estuvieren modificadas en este capítulo.

**Artículo 2380.-** La cesión de un crédito comprende la de todos sus derechos accesorios, como la fianza, la hipoteca, la prenda o cualquiera otra garantía o privilegio, salvo aquéllos que son inseparables de la persona del cedente.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2381.-** Los intereses vencidos se presume que fueron cedidos con el crédito principal.

**Artículo 2382.-** Los créditos civiles se transmiten por endoso, los que sean a la orden; por su simple entrega, los que sean al portador; y los que no sean a la orden ni al portador, así como cualquier otro derecho que sea cedible, mediante escrito privado o simple constancia que se ponga en el mismo documento justificativo del derecho, que firmarán, escrito o constancia, cedente, cesionario y dos testigos. Sólo cuando la ley exija que el título del derecho cedido conste en escritura pública, la cesión deberá hacerse en esta clase de documentos.

**Artículo 2383.-** La cesión de créditos civiles que no sean a la orden o al portador, no producirá efectos contra tercero, sino desde que su fecha deba tenerse por cierta, conforme a las reglas siguientes:

**I.-** Si tiene por objeto un crédito que deba inscribirse, desde la fecha de su inscripción en el Registro Público de la Propiedad;

**II.-** Si se hace en escritura pública, desde la fecha de su otorgamiento;

**III.-** Si se trata de un documento privado, desde el día en que se incorpore o inscriba en un registro público; desde la muerte de cualquiera de los que lo firmaren, o desde la fecha en que se entregue a un funcionario público por razón de su oficio.

Estas mismas reglas se aplicarán a todo contrato o negocio jurídico acerca del cual haya necesidad de establecer en qué momento su fecha deba tenerse por cierta para que pueda producir efectos contra terceros.

**Artículo 2384.-** Cuando no se trate de títulos a la orden o al portador, el deudor puede oponer al cesionario las excepciones que podrá oponer al cedente en el momento en que se hace la cesión.

Si tiene contra el cedente un crédito todavía no exigible cuando se hace la cesión, podrá invocar la compensación con tal de que su crédito no sea exigible después de que lo sea el cedido.

**Artículo 2385.-** Para que el cesionario pueda ejercitar sus derechos contra el deudor, deberá hacer a éste la notificación de la cesión, ya sea judicialmente, ya en lo extrajudicial, ante dos testigos o ante notario.
Sólo tiene derecho para pedir y hacer la notificación, el acreedor que presente el título justificativo del crédito, o el de la cesión, cuando aquél no sea necesario.

**Articulo 2386.-** Si el deudor está presente en la cesión y no se opone a ella, o si estando ausente la ha aceptado, y esto se prueba, se tendrá por hecha la notificación.

**Artículo 2387.-** Si el crédito se ha cedido a varios cesionarios, tiene preferencia el que primero ha notificado la cesión al deudor, salvo lo dispuesto para títulos que deban registrarse.

**Artículo 2388.-** Mientras no se haya hecho notificación al deudor, éste se libra pagando al acreedor primitivo.

Hecha la notificación, no se libra el deudor sino pagando al cesionario.

**Artículo 2389.-** En la cesión onerosa el cedente está obligado a garantizar la existencia o legitimidad del crédito al tiempo de hacerse la cesión, a no ser que aquél se haya cedido con el carácter de dudoso; pero no está obligado a garantizar la solvencia del deudor, a menos que se haya estipulado expresamente o que la insolvencia sea pública y anterior a la cesión, o que se trate de títulos a la orden transmitidos por endoso, por la responsabilidad solidaria que por ministerio de la ley, en este último caso, el endoso engendra.

**Artículo 2390.-** En la cesión gratuita el cedente no responde ni por la existencia o legitimidad del crédito, ni por la solvencia del deudor.

**Artículo 2391.-** Si el cedente se hubiere hecho responsable de la solvencia del deudor, y no se fijare el tiempo que esta responsabilidad deba durar, se limitará a un año contado desde la fecha en que la deuda fuere exigible, si estuviere vencida; si no lo estuviere, se contará desde la fecha del vencimiento.

**Artículo 2392.-** Si el crédito cedido consiste en una renta perpetua, la responsabilidad por la solvencia del deudor se extingue a los cinco años contados desde la fecha de la cesión.

**Artículo 2393.-** El que cede alzadamente o en globo la totalidad de ciertos derechos, cumple con responder de la legitimidad del todo en general; pero no está obligado al saneamiento de cada una de las partes, salvo en el caso de evicción del todo o de la mayor parte.

## SECCIÓN SEGUNDA
### De las Cesiones Especiales

**Artículo 2394.-** El que cede su derecho a una herencia, sin enumerar los bienes de que ésta se compone, sólo está obligado a responder de su calidad de heredero.

**Artículo 2395.-** Si el cedente se hubiere aprovechado de algunos frutos o percibido algún bien de la herencia que cediere, deberá abonarla al cesionario, si no se hubiere pactado lo contrario.

El cesionario debe, por su parte, satisfacer al cedente todo lo que éste haya pagado por las deudas o cargas de la herencia y sus propios créditos contra ella, salvo si se hubiere pactado lo contrario.

**Artículo 2396.-** En la cesión de créditos litigiosos el cesionario estará a las resultas del juicio sin ninguna responsabilidad para el cedente, salvo pacto en contrario.

Es litigioso el crédito cuyo cobro esté sometido, sin que todavía exista sentencia ejecutoria, a la decisión de los tribunales.

**Artículo 2397.-** Se aplicarán a la cesión de los derechos reales las reglas de la. sección anterior en lo que no se opongan a la naturaleza de aquéllos o a disposiciones especiales de la ley sobre los mismos.

**Artículo 2398.-** Exceptuando los derechos reales de uso y habitación, todos los demás pueden cederse a título oneroso o gratuito; pero las servidumbres no podrán transmitirse sino con el predio a cuyo favor están constituidas, o con el que las soporta, si lo que se transmite es el aspecto pasivo de ellas.

**Artículo 2399.-** El dueño o poseedor del bien gravado con los derechos reales cedidos, puede oponer al cesionario todas las excepciones que por virtud de la naturaleza del bien o del derecho real fueren procedentes, así como las que podría haber opuesto al cedente.

## CAPÍTULO TERCERO
### De la Cesión de Deudas

**Artículo 2400.-** Para que haya substitución de deudor es del todo indispensable que el acreedor la consienta expresa o tácitamente.

**Artículo 2401.-** Si por convenio con el acreedor un tercero asume la deuda substituyendo al deudor primitivo, bien que éste intervenga o bien que no intervenga en la celebración del convenio, la substitución surte todos sus efectos a partir del momento en que la acuerden el acreedor y el tercero que asume la deuda y si la transmisión se conviene entre el tercero y el deudor sin que intervenga el acreedor, la substitución sólo producirá sus efectos si posteriormente éste la consiente expresa o tácitamente.

**Artículo 2402.-** Se presume que el acreedor consiente en la substitución del deudor, cuando permite que el substituto ejecute actos que debía ejecutar el deudor, como pago de réditos o pagos parciales o periódicos de la suerte principal, siempre que lo haga en nombre propio y no por cuenta del deudor primitivo.

**Artículo 2403.-** Cuando el deudor y el que pretenda substituirlo fijen un plazo al acreedor para que manifieste su conformidad con la substitución, pasado ese plazo sin que el acreedor haya hecho conocer su determinación, se presume que rehúsa.

**Artículo 2404.-** El acreedor que acepta el cambio de deudor, no puede repetir contra el deudor primitivo si el nuevo se encuentra insolvente, salvo convenio en contrario.

**Artículo 2405.-** El deudor substituto queda obligado en los términos en que lo estaba el deudor primitivo; pero cuando un tercero ha constituido fianza, prenda o hipoteca para

garantizar la deuda, estas garantías cesan con la substitución del deudor, a menos que el tercero consienta en que continúen.

**Artículo 2406.-** El deudor substituto puede oponer al acreedor las excepciones que se originen en la naturaleza de la deuda y las que le sean personales; pero no puede oponer las que sean personales del deudor primitivo.

**Artículo 2407.-** Cuando se declara nula la substitución del deudor, la antigua relación del acreedor con el primitivo deudor renace con todos sus accesorios; pero con la reserva de los derechos que pertenecen a tercero de buena fe.

## CAPÍTULO CUARTO
## De la Cesión de la Posición Contractual

**Artículo 2408.-** En un contrato con prestaciones recíprocas, cualquiera de las partes tiene la facultad de transmitir a un tercero su posición contractual, siempre que la otra parte consienta, bien en el momento mismo de la cesión, bien antes o bien después de ella.

Si el consentimiento se da en el momento de la cesión o después de ella, a partir de entonces la cesión será eficaz. Si se da con anterioridad a ésta, la substitución sólo producirá efectos a partir del momento en que se notifique la cesión a dicha parte o en que ésta la haya aceptado o reconocido.

**Artículo 2409.-** La forma de transmisión, la capacidad de disponer y de recibir, y las relaciones entre las partes se regirán por las disposiciones relativas del negocio jurídico que sirve de base a la cesión, en lo que no se opongan a las disposiciones de este capítulo.

**Artículo 2410.-** El cedente quedará liberado de sus obligaciones hacia su cocontratante, llamado contratante cedido, desde el momento en que la substitución resulte eficaz respecto de éste.

Sin embargo, el contratante cedido, si hubiese declarado que no libera al cedente, podrá accionar contra éste cuando el cesionario no cumpla las obligaciones asumidas.

En el caso previsto en el párrafo precedente, el contratante cedido deberá dar noticia al cedente del incumplimiento del cesionario, dentro de los quince días siguientes al en que éste debió cumplir y no cumplió. Si no lo hace, quedará obligado al resarcimiento del daño y los perjuicios que su omisión produzca.

**Artículo 2411.-** El contratante cedido podrá oponer al cesionario todas las excepciones derivadas del contrato, pero no las fundadas en otras relaciones con el cedente, salvo que hubiera hecho expresa reserva de ellas en el momento en que consintió en la substitución.

**Artículo 2412.-** El cedente queda obligado a garantizar la validez del contrato.

CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO

Si el cedente asumiese la garantía del cumplimiento del contrato, responderá como fiador por las obligaciones del contratante cedido.

## TÍTULO SÉPTIMO
### De la Extinción de las Obligaciones

## CAPÍTULO PRIMERO
### De la Enumeración de sus Diversas Formas

**Artículo 2413.-** Aparte del pago y su variante la dación en pago, del término extintivo, de la condición resolutoria, de la rescisión y de la nulidad, son también formas de extinción de las obligaciones, la novación, la compensación, la confusión, la renuncia, la remisión, la imposibilidad de cumplimiento por causa no imputable al deudor y la prescripción liberatoria.

**Artículo 2414.-** La caducidad es forma de perder derechos.

## CAPÍTULO SEGUNDO
### De la Novación

**Artículo 2415.-** Por la novación las partes extinguen una obligación substituyéndola por otra en la que hay un nuevo objeto (elemento objetivo) o es distinta la naturaleza de la relación jurídica entre el acreedor y el deudor (elemento relacionante).

**Artículo 2416.-** El cambio del restante elemento substancial de la obligación, o sea el subjetivo, no genera la novación, ni por delegación ni por expromisión, ni de otra manera, sino simplemente la sucesión inter vivos de derechos u obligaciones, de acuerdo con las normas relativas del título anterior.

**Artículo 2417.-** Tampoco habrá novación cuando el cambio existe, pero sin ser substancial, como cuando en el negocio se introducen plazos, réditos o garantías que antes no tenía, o a la inversa, se eliminan los que tenía, o se renueva un documento, cuyo efecto no es otro que interrumpir la prescripción de conformidad con lo dispuesto en el párrafo final de la fracción II del artículo 2469.

**Artículo 2418.-** Habrá también novación cuando a un negocio jurídico puro y simple se le transforma en condicional, o a la inversa, cuando a un negocio condicional se le transforma en puro y simple, pues en cualquiera de ambos casos el cambio opera substancialmente: en el primero, la obligación, de innegable existencia, se vuelve incierta y de insegura realización, en tanto que en el segundo, la obligación condicional y por tanto incierta, se vuelve cierta y de positiva actualización.

**Artículo 2419.-** La intención de novar debe constar o resultar de modo inequívoco, no precisamente mediante el empleo de la voz novación o del verbo novar en cualquiera de sus formas, modos, tiempos y personas, sino de manera que no deje lugar a dudas de que la nueva obligación no se contrae al lado de la antigua, sino en substitución de ésta, que así queda extinguida.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2420.-** Si la primera obligación estuviera ya extinguida al tiempo en que se contrajere la segunda, carecerá ésta de efectos, a menos que ambos contratantes quieran dárselos, de común acuerdo, pero con total independencia de la novación.

**Artículo 2421.-** Si fuere nula la obligación primitiva, lo será también la novación; pero si no es aquélla sino ésta la nula, la obligación primitiva subsistirá.

**Artículo 2422.-** La novación extingue la obligación principal y las obligaciones accesorias, pero el acreedor puede, por una reserva expresa, impedir la extinción de las obligaciones accesorias, que entonces pasan a la nueva.

**Artículo 2423.-** El acreedor no puede reservarse el derecho de prenda o hipoteca de la obligación extinguida si los bienes hipotecados o empeñados pertenecieren a terceros que no hubieren tenido parte en la novación. Tampoco puede reservarse la fianza sin consentimiento del fiador.

**Artículo 2424.-** Cuando la novación se efectúe entre el acreedor y algún deudor solidario, los privilegios e hipotecas del antiguo crédito sólo pueden quedar reservados con relación a los bienes del deudor que contrae la nueva obligación.

**Artículo 2425.-** Por la novación hecha entre el acreedor y alguno de los deudores solidarios quedan exonerados, frente a aquél, todos los demás codeudores, pero no frente al deudor que llevó a cabo la novación, quien en la medida en que por ésta satisfizo la deuda se subroga en los derechos del acreedor.

## CAPÍTULO TERCERO
### De la Compensación

**Artículo 2426.-** Por simple ministerio de la ley y por ello sin necesidad de declaración alguna de los interesados, la compensación extingue, totalmente si son iguales, y al nivel de la menor si son desiguales, dos deudas recíprocas, liquidas y exigibles, de dinero o de bienes fungibles de la misma especie y calidad. En el caso de la extinción parcial de una de las deudas, queda expedita la acción por el resto de la misma.

**Artículo 2427.-** Si las deudas recíprocas no son ambas líquidas y exigibles, la compensación sólo podrá operar por convenio expreso de los interesados.

**Artículo 2428.-** Se llama deuda líquida aquella cuya cuantía se encuentra determinada o puede determinarse dentro del plazo de nueve días, y se llama exigible la deuda cuyo pago no puede rehusarse conforme a derecho.

**Artículo 2429.-** La compensación no tendrá lugar:

**I.-** Si una de las partes la hubiere renunciado;

**II.-** Si una de las deudas toma su origen en un fallo condenatorio por causa de despojo, pues entonces el que lo obtuvo a su favor deberá ser pagado, aunque el despojante le oponga la compensación;

**III.-** Si una de las deudas fuere por alimentos;

**IV.-** Si una de las deudas toma su origen de una renta vitalicia;

**V.-** Si una de las deudas procede de salaría mínimo;

**VI.-** Si la deuda fuere de bien que no puede ser compensado, ya sea por disposición de la ley o por el título de que procede, a no ser que ambas deudas fueren igualmente privilegiadas; y

**VII.-** Si la deuda fuere de bien puesto en depósito.

**Artículo 2430.-** Tratándose de títulos pagaderos a la orden, no podrá el deudor compensar con el endosatario lo que le debiesen los endosantes precedentes.

**Artículo 2431.-** Desde el momento en que concurren todos los supuestos de la ley al respecto, la compensación se produce de pleno derecho y extingue todas las obligaciones correlativas.

**Artículo 2432.-** El que paga una deuda que pudo compensar y no compensó, no puede, cuando exija su crédito que podía ser compensado, aprovecharse, en perjuicio de tercero, de los privilegios o hipotecas que tenga en su favor al tiempo de hacer el pago, a no ser que pruebe que ignoraba la existencia del crédito que extinguía la deuda.

**Artículo 2433.-** Si fueren varias las deudas sujetas a compensación se seguirá, a falta de declaración, el orden establecido en el artículo 2281.

**Artículo 2434.-** El derecho de compensación puede renunciarse, ya expresamente, ya por hechos que manifiesten de un modo claro la voluntad de hacer la renuncia.

**Artículo 2435.-** El fiador puede oponer al acreedor la compensación del crédito que contra él tenga, cuando éste lo demande por la deuda del deudor principal. Puede también utilizar la compensación de lo que el acreedor deba al deudor principal; pero éste no puede oponer la compensación de lo que el acreedor deba al fiador. Los mismos derechos corresponden al tercero que ha constituido hipoteca o prenda en garantía de una de las deudas.

**Artículo 2436.-** El deudor solidario no puede exigir compensación con la deuda del acreedor y sus codeudores.

**Artículo 2437.-** Si el crédito materia de la compensación ha sido cedido, hay que distinguir los tres siguientes casos:

CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO

**I.-** Si el deudor hubiere consentido la cesión, no podrá oponer al cesionario la compensación que podría oponer al cedente.

**II.-** Si el acreedor dio conocimiento de la cesión al deudor, y éste no consintió en ella, podrá oponer al cesionario la compensación de los créditos que tuviere contra el cedente y que fueren anteriores a la cesión.

**III.-** Si la cesión se realizare sin conocimiento del deudor, podrá éste oponer la compensación de los créditos anteriores a ella, y la de los posteriores, hasta la fecha en que hubiere tenido conocimiento de la cesión.

**Artículo 2438.-** Las deudas pagaderas en diferente lugar, pueden compensarse mediante Indemnización de los gastos de transporte o cambio al lugar del pago.

**Artículo 2439.-** La compensación no puede tener lugar en perjuicio de los derechos de tercero legítimamente adquiridos.

## CAPÍTULO CUARTO
### De la Confusión

**Artículo 2440.-** La obligación se extingue por confusión, con todos sus accesorios legales, en el momento mismo en que las calidades de acreedor y de deudor se reúnen en una misma persona. La obligación renace si la confusión cesa.

**Artículo 2441.-** En la confusión operada con respecto a un acreedor o a un deudor solidario, se estará a lo dispuesto en el artículo 2436.

**Artículo 2442.-** Mientras se hace la partición de una herencia, no hay confusión cuando el deudor hereda al acreedor o éste a aquél.

## CAPÍTULO QUINTO
### De la Renuncia y de la Remisión

**Artículo 2443.-** Quienquiera que tenga capacidad legal de disposición puede hacer renuncia de sus derechos y remisión o condonación, en todo o en parte, de las prestaciones que le son debidas, hecha excepción de los casos en que la ley lo prohíbe.

**Artículo 2444.-** Cuando la renuncia se hace sin que se sepa a quién o a quiénes puede beneficiar, dicho acto unilateral volitivo surtirá sus efectos y será irrevocable desde el momento mismo en que se lleve a cabo en la forma y términos que al respecto señale la ley. Se tendrá en cuenta, en todo caso, lo dispuesto en los articulas 8 a 11.

En cambio, la declaración de condonación de la deuda sólo extinguirá la obligación, en todo o en parte, según sea el caso, si comunicada al deudor éste permanece silente y no declara su oposición dentro de los tres días que sigan a la noticia que de la quita o de la remisión total se le dé.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2445.-** La condonación de la deuda principal extinguirá las obligaciones accesorias y reducirá las de garantía en la medida en que subsista aquélla por la quita que al respecto se le hiciere; pero la condonación de las obligaciones accesorias deja subsistente la primera.

**Artículo 2446.-** Habiendo varios fiadores solidarios, el perdón concedido sólo a uno en la parte relativa a su responsabilidad, no aprovecha a los demás.

**Artículo 2447.-** La devolución de la prenda es presunción, salvo prueba en contrario, de la remisión del derecho a la misma prenda, sin que en ningún caso la sola remisión de la prenda sea presunción de remisión de la deuda.

## CAPÍTULO SEXTO
### De la Imposibilidad de Cumplimiento Sobrevenida
### por Causa no Imputable al Deudor

**Artículo 2448.-** La obligación se extingue sin responsabilidad para el deudor cuando, sin estar éste en mora y por una causa que no le es imputable, la prestación se hace imposible.

**Artículo 2449.-** Si la obligación es de dar se requiere, para que opere la extinción en los términos del artículo anterior, que se trate de bien cierto y determinado y no de bien genérico, pues en este último caso la obligación subsistirá, a menos que el bien se haya perdido después de haber sido determinado con conocimiento del acreedor. Sin embargo, cuando la deuda de bien cierto y determinado procediere de un hecho delictuoso, no se eximirá el deudor del pago de su precio, cualquiera que hubiere sido el motivo de la pérdida, a menos que, ofrecido por él el bien al que lo debía recibir, éste, sin razón fundada en derecho, se hubiese negado a aceptado.

Para determinar la imposibilidad de cumplimiento por pérdida del bien, se atenderá a lo que sobre el particular dispone el artículo 2234.

**Artículo 2450.-** Si la obligación es de hacer, el deudor quedará liberado en los términos del artículo 2255 cuando la prestación resultare física o legalmente imposible sin estar aquél en mora, en tanto que si la obligación es de no hacer, la realización del hecho contraventor no engendrará responsabilidad para el deudor si física o legalmente resulta necesario realizarlo.

## CAPÍTULO SÉPTIMO
### De la Prescripción

**Artículo 2451.-** Prescripción es un medio de liberarse de obligaciones mediante el transcurso de cierto tiempo.

**Artículo 2452.-** Sólo pueden prescribirse las obligaciones que estén en el comercio, salvo las excepciones establecidas en la ley.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2453.-** La prescripción aprovecha a todos, aun a los que por sí mismos no pueden obligarse.

**Artículo 2454.-** Las personas con capacidad para enajenar pueden renunciar la prescripción ganada, pero no el derecho de prescribir para lo sucesivo.

**Artículo 2455.-** La renuncia de la prescripción es expresa o tácita, siendo esta última la que resulta de un hecho que importa el reconocimiento de la subsistencia de la obligación.

**Artículo 2456.-** La prescripción adquirida por el deudor principal aprovecha siempre a sus fiadores.

**Artículo 2457.-** La excepción que por prescripción adquiera un codeudor solidario, no aprovechará a los demás sino cuando el tiempo exigido haya debido correr del mismo modo para todos ellos.

**Artículo 2458.-** En el caso previsto por el artículo que precede, el acreedor sólo podrá exigir a los deudores que no prescribieren, el valor de la obligación, deducida la parte que corresponda al deudor que prescribió.

**Artículo 2459.-** La prescripción negativa se verifica por el solo transcurso del tiempo fijado por la ley.

**Artículo 2460.-** El Estado, los municipios y las demás personas jurídicas de orden público se considerarán como particulares para la prescripción de las acciones y los derechos de orden privado que tengan a su favor o en su contra.

**Artículo 2461.-** Fuera de los casos expresamente exceptuados por la ley, se necesita el lapso de seis años, contado desde que una obligación pudo exigirse, para que se extinga el derecho de pedir su cumplimiento.

**Artículo 2462.-** La obligación de dar alimentos es imprescriptible.

**Artículo 2463.-** Prescriben en un año:

**I.-** Los honorarios profesionales u otras retribuciones por la prestación de cualquier servicio. La prescripción comienza a correr desde la fecha en que dejaron de prestarse los servicios;

**II.-** La acción del comerciante para cobrar el precio de objetos vendidos a personas que no lucren revendedoras. La prescripción corre desde el día en que fueren entregados los objetos, si la venta no se hizo en plazos;

**III.-** La acción de los dueños de hoteles y casas de huéspedes para cobrar el importe del hospedaje, y la de éstos y la de los fondistas para cobrar el precio de los alimentos que ministren. La prescripción corre desde el día en que debió ser pagado el hospedaje, o desde aquél en que se ministraron los alimentos;

**IV.-** La responsabilidad civil proveniente de actos ilícitos que no constituyan delitos. La prescripción corre desde el día en que se verificaron los actos.

**Artículo 2464.-** Las pensiones, las rentas, los alquileres y cualesquiera otras prestaciones periódicas no cobradas a su vencimiento, quedarán prescritas en dos años contados, escalonadamente, desde el vencimiento de cada una de ellas, ya se haga el cobro en virtud de acción real o de acción personal.

**Artículo 2465.-** Respecto de las obligaciones con pensión o renta, el tiempo de la prescripción del capital comienza a correr desde el día del último pago, si no se ha fijado plazo para la devolución; en caso contrario, desde el vencimiento del plazo.

**Artículo 2466.-** Prescribe en dos años la obligación de rendir cuentas. En igual término prescriben las obligaciones liquidas que resulten de la rendición de cuentas. En el primer caso, la prescripción comienza a correr desde el día en que el obligado termina su administración; en el segundo caso, desde el día en que la liquidación es aprobada por los interesados o por sentencia que cause ejecutoria.

**Artículo 2467.-** La prescripción se suspende y, por tanto, no puede comenzar ni correr:

**I.-** Entre ascendientes y descendientes, durante la patria potestad;

**II.-** Entre los incapacitados y sus tutores mientras dura la tutela;

**III.-** Entre consortes mientras subsista, legalmente su unión matrimonial;

**IV.-** Entre personas que no estando casados y sin que haya impedimento no dispensable para contraer matrimonio entre ellas, viven como si lo estuvieren, mientras dure el estado aparente matrimonial;

**V.-** Entre copropietarios o coposeedores, respecto del bien común;

**VI.-** Entre los coherederos por los derechos que entre sí y con relación a la herencia tengan que reclamarse, mientras no se haga la partición definitiva;

**VII.-** Entre las personas cuyos bienes estén sometidos por la ley o por providencia del juez a la administración de otros y éstos, respecto de los actos y responsabilidades inherentes a la administración, mientras no se haya presentado y aprobado definitivamente la cuenta;

**VIII.-** Entre las personas jurídicas y sus administradores mientras éstos estén en el cargo, por las acciones de responsabilidad contra ellos; y
**IX.-** Entre el deudor que ha ocultado dolosamente la existencia de la deuda y el acreedor, mientras el dolo no haya sido descubierto.

**Artículo 2468.-** La prescripción tampoco puede comenzar ni correr:

**I.-** Contra los menores y mayores incapacitados mientras no tengan representante legal y por seis meses más siguientes al nombramiento del mismo, o a la cesación de la incapacidad;

**II.-** Contra quienes se encuentran en servicio público fuera del territorio del Estado; y

**III.-** Contra los militares en servicio activo y civiles al servicio de las fuerzas armadas, en tiempo de guerra, tanto fuera como dentro del Estado.

**Artículo 2469.-** La prescripción se interrumpe:

**I.-** Por la presentación de la demanda o por cualquier género de requerimiento o de interpelación hecha al deudor. Se considerará la prescripción como no interrumpida si el actor desistiese del requerimiento, de la interpelación o de la demanda, o fuese ésta desestimada; y

**II.-** Porque la persona a cuyo favor corre la prescripción reconozca expresamente, de palabra o por escrito, o tácitamente por hechos indudables, el derecho de la persona contra quien prescribe.

Empezará a contarse el nuevo término de la prescripción, en caso de reconocimiento de las obligaciones, desde el día en que se haga; si se renueva el documento, desde la fecha del nuevo título, y si se hubiere prorrogado el plazo del cumplimiento de la obligación, desde el vencimiento del nuevo plazo, mejor dicho, de la prórroga.

**Artículo 2470.-** La interrupción de la prescripción a favor de alguno de los acreedores solidarios aprovecha a todos, y las causas que interrumpen la prescripción respecto de uno de los deudores solidarios, la interrumpen también respecto de los otros.

Sin embargo, si el acreedor, consintiendo en la división de la deuda respecto de uno de los deudores solidarios sólo exigiere de él la parte que le corresponda, no se tendrá por interrumpida la prescripción respecto de los demás.

**Artículo 2471.-** La interrupción de la prescripción contra el deudor principal produce los mismos efectos contra su fiador.

**Artículo 2472.-** El efecto de la interrupción es inutilizar, para la prescripción, todo el tiempo corrido antes de ella.

**Artículo 2473.-** El tiempo para la prescripción tanto liberatorio como adquisitiva se contará de acuerdo con lo que sobre el particular dispone el artículo 325.

<div align="center">

## CAPÍTULO OCTAVO
### De la Caducidad

</div>

**Artículo 2474.-** La caducidad es el medio de perder derechos por el solo transcurso del tiempo fijado al respecto por la ley o por las partes, si dentro de ese término o plazo el

interesado no lleva a cabo el hecho o hechos legal o convencionalmente señalados, necesarios para mantener vivo y no perderlo, un derecho substantivo o uno procesal, según sea el caso.

**Artículo 2475.-** La caducidad procesal, llamada también caducidad de la instancia, se sujetará a las disposiciones relativas del código de la materia, y se ajustará a las disposiciones de este capítulo y a las normas especiales de su instituto de caducidad substantiva, llamada también decadencia, sea legal o convencional.

En este ordenamiento también se designa como caduca a la institución jurídica que deja de surtir efectos porque se realiza el evento especialmente previsto por la ley al respecto, pero entonces se aplican a tal caducidad, no las disposiciones de este capítulo, sino sólo las del caso especial de que se trate, o sean las de su instituto particular.

**Artículo 2476.-** La caducidad, contrariamente a la prescripción:

**I.-** Extingue derechos sin necesidad de declaración judicial;

**II.-** Debe ser tomada en cuenta de oficio por el Juez, ya que la no caducidad es condición necesaria e imprescindible para el ejercicio de la acción;

**III.-** No admite la interrupción ni tampoco la suspensión, a menos que con relación a esta última haya disposición legal o convencional expresa en contrario; y

**IV.-** Puede ser convencional, pero será nulo el pacto:

**a).-** Que pretenda cambiar o siquiera modificar el régimen legal de cualquiera de los casos de caducidad establecidos por la ley; y

**b).-** Que señale términos tan largos o tan breves y hechos o condiciones tan fútiles o embrollados o de tan difícil o fácil realización, que hagan que la caducidad sea prácticamente imposible o, en su caso, prácticamente inevitable.

## TÍTULO OCTAVO
### De la Complejidad de las Obligaciones

## CAPÍTULO PRIMERO
### De la Enumeración de sus Especies

**Artículo 2477.-** Las obligaciones son complejas. bien por pluralidad de objetos, o bien por pluralidad de sujetos. Al primer grupo corresponden las obligaciones conjuntivas y las alternativas, que hay que distinguir de las facultativas, y al segundo, las mancomunadas, las solidarias y las indivisibles.

## CAPÍTULO SEGUNDO
### De la Pluralidad de Objetos

## SECCIÓN PRIMERA
### De las Obligaciones Conjuntivas

**Artículo 2478.-** Quien se ha obligado a diversos bienes o a diversos hechos, o a unos y otros. conjuntamente, debe dar todos los bienes y prestar todos los hechos que comprenda la obligación que contrajo.

## SECCIÓN SEGUNDA
### De las Obligaciones Alternativas

**Artículo 2479.-** Si el deudor se ha obligado a uno de dos hechos, o a uno de dos bienes, o a un hecho o a un bien, cumple prestando cualquiera de esos hechos o bienes; mas no puede, contra la voluntad del acreedor, prestar parte de un bien y parte de otro, o ejecutar en parte los hechos,

**Artículo 2480.-** En las obligaciones alternativas la elección corresponde a! deudor, si no se ha pactado otra cosa; pero tanto en este caso como en cualquier otro, la elección solo deviene irrevocable y produce efectos desde que es notificada a la otra parte, o a ambas si la elección la realiza un tercero.

**Artículo 2481.-** Se perderá el derecho de elección pues la obligación se convierte en simple, si de las prestaciones alternativas sólo una de ellas es realizable o ha llegado a ser imposible por causa no imputable a ninguna de las partes.

**Artículo 2482.-** Si las dos prestaciones se vuelven imposibles por culpa del acreedor o por caso fortuito o causa de fuerza mayor, el deudor quedará libre de la obligación; pero si tal imposibilidad se debe al deudor, podrá el acreedor escoger entre la rescisión del contrato y el valor de cualquiera de aquéllas, con el correspondiente pago de daños y perjuicios en cualquiera de ambos casos.

**Artículo 2483.-** Si una de las prestaciones se ha vuelto imposible por caso fortuito o por culpa del deudor y la elección compete a éste, el acreedor está obligado a aceptar la otra; pero si la elección compete al acreedor y se presenta la misma situación de imposibilidad por culpa del deudor o por causa de fuerza mayor, el acreedor queda facultado para elegir entre la prestación posible y el valor de la imposible con el pago, en este último caso, de los correspondientes daños y perjuicios.

**Artículo 2484.-** Si una de las prestaciones llega a ser imposible, no por culpa del deudor, como en los casos del artículo anterior, sino del acreedor, y la elección correspondiente al deudor, queda éste libre de la obligación si no prefiere ejecutar la otra prestación y pedir el resarcimiento del daño; pero si en la misma situación de que por culpa del acreedor se hace imposible una de las prestaciones y la elección es de él, del acreedor y no del deudor como en la situación acabada de contemplar, el deudor estará obligado a la prestación posible, a menos que el acreedor prefiera el precio de la otra y resarcir el daño.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2485.-** Las reglas establecidas en esta sección se observarán también cuando la alternatividad se establezca entre más de dos prestaciones, bajo el concepto de que cuando éstas sean de hacer o de no hacer se tendrá en cuenta, al respecto y en su caso, lo dispuesto en los artículos 2253 a 2255.

## SECCIÓN TERCERA
### De las Obligaciones facultativas

**Artículo 2486.-** Puede una persona contraer la obligación de llevar a cabo determinada prestación, pero con la facultad de liberarse, bien cumpliendo con esa prestación o bien con otra distinta, pero perfectamente precisada y convenida entre esa persona y su contraparte. A la primera de estas obligaciones se le llama obligación principal, y a la segunda, obligación facultativa.

**Artículo 2487.-** La obligación facultativa es nula si la principal también lo es; pero no a la inversa, pues la obligación principal seguirá siendo válida aunque la facultativa sea nula.

Si se hace imposible la prestación de la obligación principal, se extinguen tanto ésta como la obligación facultativa; pero si se hace imposible la prestación de la obligación facultativa, ello en nada influye en la obligación principal, que seguirá subsistiendo mientras no se cumpla o haya una causa que legalmente la extinga.

**Artículo 2488.-** El acreedor no puede incluir en la demanda que formule contra el deudor de una obligación facultativa, sino la prestación principal.

**Artículo 2489.-** En caso de duda sobre si la obligación es alternativa o facultativa, se tendrá por alternativa.

## CAPÍTULO TERCERO
### De la Pluralidad de Sujetos

## SECCIÓN PRIMERA
### De las Obligaciones Mancomunadas

**Artículo 2490.-** Son obligaciones mancomunadas aquéllas en las que habiendo varios acreedores o deudores pero una sola prestación, ésta se considera dividida en tantas partes como acreedores o deudores haya. Constituye cada una de esas partes un crédito o un débito distinto de cada uno de los demás, en razón de lo cual la simple mancomunidad de deudores o de acreedores no hace que cada uno de los primeros deba cumplir íntegramente la obligación, ni da derecho a cada uno de los segundos para exigir el total cumplimiento de la misma.

Las partes de referencia se presumen iguales, salvo pacto de los interesados o disposición expresa de la ley en contrario,

## SECCIÓN SEGUNDA
### De las Obligaciones Solidarias y de las Disjuntas

**Artículo 2491.-** Además de la simple mancomunidad, habrá solidaridad activa cuando dos o más acreedores tienen derecho para exigir, conjuntamente o cada uno de por sí, el cumplimiento total de la obligación, y habrá solidaridad pasiva cuando dos o más deudores reporten, también conjuntamente o cada uno de por sí, la obligación de cumplir, en su totalidad, la prestación debida.

**Artículo 2492.-** La obligación no deja de ser solidaria cuando debiéndose una sola y misma prestación, aquélla sea, para alguno de los acreedores o para alguno de los deudores. pura y simple. y sea para otros condicional, a plazo o pagadera en otro lugar.

**Artículo 2493.-** La solidaridad estipulada no da a 1a obligación el carácter de indivisible, ya que hay la posibilidad de cumplirla parcialmente.

**Artículo 2494.-** No puede establecerse la solidaridad por presunciones, pues necesariamente toma su origen en disposición expresa de la ley o de las personas que quieran voluntariamente pactada.

**Artículo 2495.-** Cada uno de los acreedores solidarios o todos juntos pueden exigir de todos los deudores solidarios o de cualquiera de ellos, el pago total o parcial de la deuda, bajo el concepto de que la acción así deducida no quita al acreedor el derecho de proceder contra los otros deudores en caso de resultar insolvente el requerido, y en la inteligencia de que si aquél o aquéllos hubiesen reclamado sólo parte de la deuda, o de otro modo hubiesen consentido en la división de la misma respecto de alguno o algunos de les deudores, podrán reclamar el todo de los demás obligados, con deducción de la parte del deudor o deudores liberados de la solidaridad.

**Artículo 2496.-** El pago hecho a uno de los acreedores solidarios extingue totalmente la deuda si aquél es total, y parcialmente en la medida del pago parcial que haya aceptado el acreedor a quien dicho pago parcial fue hecho.

También extinguen la obligación, total o parcialmente, según sea el caso, la novación, la compensación, la confusión o la remisión hecha por cualquiera de los acreedores solidarios, o con cualquiera de los deudores de la misma clase; en la inteligencia de que la novación entre el acreedor y uno cualquiera de los deudores solidarios, no libera a los otros si éstos acceden en seguir como deudores de la obligación nuevamente constituida.

**Artículo 2497.-** El deudor de varios acreedores solidarios se libra pagando a quienquiera de éstos, a no ser que haya sido requerido judicialmente por alguno de ellos, pues entonces deberá hacer el pago, para que tenga efectos liberatorios, necesariamente al demandante, sin perjuicio de que pueda repetir contra el acreedor a quien, sin ser el demandante, le hubiera pagado indebidamente después del requerimiento.

**Artículo 2498.-** El deudor solidario demandado debe oponer las excepciones que son comunes a todos los codeudores y por. ello todas las que se deriven de la naturaleza de la obligación, incurriendo, si no las opone, en responsabilidad frente a aquéllos.

No puede oponer el beneficio de división, ni las excepciones personales de los demás codeudores, pero sí las personales suyas.

Quienquiera de los codeudores puede, antes de la fijación de la litis, comparecer al juicio para litigar, coadyuvando con el demandado en defensa de los intereses de ambos contra las pretensiones del acreedor común.

**Artículo 2499.-** El heredero único de un acreedor solidario o de un deudor de igual naturaleza, es también acreedor o deudor solidario. Pero si son dos o más los herederos del acreedor y no se trata de una obligación indivisible, cada uno de ellos sólo podrá exigir o recibir la parte del crédito que le corresponda en proporción a su haber hereditario; pero todos serán col1Siderados como un solo acreedor solidario con relación a los otros acreedores.

Por la misma razón de que cuando son varios los herederos la solidaridad no se transmite hereditariamente, si muere uno de los deudores solidarios dejando varios sucesores, cada uno de éstos sólo está obligado a pagar la cuota que le corresponda en proporción a su haber hereditario, salvo que la obligación sea indivisible; pero todos los coherederos serán considerados como un solo deudor con relación a los otros deudores solidarios.

**Artículo 2500.-** Si el bien hubiere perecido o la prestación se hubiera hecho imposible sin culpa de los deudores solidarios, la obligación quedará extinguida; pero si hubiera mediado al respecto culpa o negligencia de parte de cualquiera de ellos, el acreedor podrá exigir de todos o del que tenga a bien elegir, el pago del precio del bien o de la prestación y el de los daños y perjuicios correspondientes, quedando expedita la acción de resarcimiento de los deudores no culpables contra el culpable o negligente.

**Artículo 2501.-** El acreedor solidario que hubiese recibido todo o parte de la paga, o que por cualquiera otro de los medios legales hubiera extinguido a su favor la obligación, está obligado a entregar a sus coacreedores la parte que por convenio o por la ley les corresponde.

**Artículo 2502.-** El deudor solidario que paga por entero la deuda, o la ha extinguido por alguno de los medios legales equivalentes, tiene derecho de exigir de los otros codeudores la parte que en ella les corresponde.

Salvo convenio en contrario, los deudores solidarios están obligados entre sí por partes iguales.

Si la parte que incumbe a un deudor solidario no puede obtenerse de él, el déficit debe ser repartido entre los demás deudores solidarios, aun entre aquéllos a quienes el acreedor hubiera libertado de la solidaridad.

En la medida en que un deudor solidario satisface la deuda, se subroga en los derechos del acreedor.

**Artículo 2503.-** Si el crédito pertenece en realidad a solo uno de quienes en él figuran como acreedores solidarios, y esta solidaridad sólo se estableció para el efecto de que quienquiera de esos aparentes acreedores pudiera también recibir el pago, no se aplicarán, para regir sus relaciones frente al verdadero acreedor, las reglas que expresa e implícitamente se contienen en el artículo 2501, sino las del mandato, ya que en realidad vienen siendo mandatarios sin representación de éste.

En la situación inversa, si la deuda en realidad es sólo de alguno de quienes en el documento relativo figuran como deudores solidarios, y esta solidaridad sólo se estableció para el efecto de que pudiera exigirse a quienquiera de éstos el pago, no se aplicarán las reglas del artículo 2502 para regir sus relaciones frente al verdadero deudor, sino las del contrato de fianza, ya que se les considera fiadores del verdadero deudor.

**Artículo 2504.-** Cualquier acto que interrumpa la prescripción en favor de uno de los acreedores solidarios o en contra de uno de los deudores de igual naturaleza, aprovecha o perjudica, en sus respectivos casos. a los demás acreedores o deudores solidarios.

**Artículo 2505.-** Cuando por el no cumplimiento de como la obligación se demanden daños y perjuicios, cada uno de los deudores solidarios responderá íntegramente de ellos, sin perjuicio de la acción de resarcimiento que entre sí puedan hacer valer.

**Artículo 2506.-** Cesa la solidaridad porque el acreedor la renuncie expresa o tácitamente, bien respecto de todos los deudores solidarios o bien sólo respecto de alguno o algunos de ellos; bajo el concepto de que la renuncia en este último caso no extingue la acción solidaria del acreedor contra los otros deudores en la parte del crédito que no haya sido cubierta por el deudor en cuyo beneficio se renunció la solidaridad.

En cambio, cuando la renuncia es con respecto a todos los deudores solidarios, la obligación deja por completo de ser solidaria para convertirse en mancomunada, y por ello mismo cl acreedor sólo puede reclamar de cada deudor la parte que por ley o por convenio le corresponde.

**Artículo 2507.-** La renuncia de la solidaridad es tácita:

**I.-** A favor de sólo alguno o algunos de los deudores solidarios, cuando el acreedor les ha exigido o les ha aceptado el pago de su parte o cuota en la deuda, expresándolo así en la demanda o en el recibo, sin hacer especial reserva de la solidaridad; y

**II.-** A favor de todos los deudores solidarios, cuando el acreedor consiente en la división total de la deuda.

**Artículo 2508.-** La renuncia expresa o tácita de la solidaridad de una pensión periódica se limita a los pagos devengados, y sólo se extiende a los futuros cuando el acreedor lo expresa.

**Artículo 2509.-** Son obligaciones disjuntas las que se contraen expresándose en el documento respectivo que si no paga uno de los deudores pagará el otro o cualquiera de

los otros, o que cualquiera de los acreedores podrá recibir o exigir el pago, sin perjuicio de que todos los primeros puedan conjuntamente pagar, o todos los segundos puedan, también conjuntamente, cobrar.

Se expresan generalmente estas obligaciones empleándose en la redacción del documento respectivo la fórmula y/o, y les son aplicables las normas contenidas en esta sección, relativas a la solidaridad activa o pasiva, según sea el caso.

## SECCIÓN TERCERA
### De las Obligaciones Divisibles y de las indivisibles

**Artículo 2510.-** Una obligación es divisible cuando tiene por objeto alguna prestación susceptible de cumplirse en partes. Es indivisible si la prestación no admite cómoda división y no puede ser cumplida, por ello mismo, sino por entero.

**Artículo 2511.-** Las obligaciones divisibles en que haya más de un deudor o más de un acreedor se regirán por las reglas comunes de las obligaciones; las indivisibles en que haya más de un deudor o más de un acreedor se sujetarán a las siguientes disposiciones.

**Artículo 2512.-** Cada una de las personas que hayan contraído conjuntamente una deuda indivisible, está obligada por el todo, aunque no se haya estipulado solidaridad.

Lo mismo tiene lugar respecto de los herederos de quien haya contraído una obligación indivisible.

**Artículo 2513.-** Cada uno de los herederos del acreedor de cosa indivisible puede exigir la completa ejecución de la obligación dando suficiente garantía para la indemnización de los demás coherederos; pero no puede por sí solo perdonar el débito total, ni recibir el valor en lugar del bien.

Si uno solo de los herederos ha perdonado la deuda o recibido el valor del bien, el coheredero no puede pedir el bien indivisible sino devolviendo la porción del heredero que haya perdonado o que haya recibido el valor.
Las disposiciones de este precepto se aplicarán también a los acreedores originales de bien indiviso.

**Artículo 2514.-** Sólo por el consentimiento de todos los acreedores puede remitirse la obligación indivisible o hacerse una quita de ella.

**Artículo 2515.-** El heredero del deudor de bien indiviso, apremiado por la totalidad de la obligación, puede pedir un término para hacer concurrir a sus coherederos, siempre que la deuda no sea de tal naturaleza que sólo pueda satisfacerse por el heredero demandado, quien entonces puede ser condenado, pero dejando a salvo sus derechos de indemnización contra sus coherederos.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2516.-** Pierde la calidad de indivisible la obligación que por incumplimiento se resuelve en el pago de daños y perjuicios, en cuyo caso se observarán las reglas siguientes:

**I.-** Si para que se produzca esa conversión hubo culpa de parte de todos los deudores, todos responderán de los daños y perjuicios proporcionalmente al interés que representen en la obligación;

**II.-** Si sólo algunos fueron culpables, únicamente ellos responderán de los daños y perjuicios.

## TÍTULO NOVENO
### De la Concurrencia y Prelación de los Créditos

### CAPÍTULO PRIMERO
### Disposiciones Generales

**Artículo 2517.-** El deudor responde del cumplimiento de sus obligaciones en los términos del artículo 599.

**Artículo 2518.-** Procede el concurso de acreedores siempre que el deudor suspenda el pago de sus deudas civiles, liquidas y exigibles. La declaración de concurso será hecha por el juez competente, mediante los trámites fijados en el Código de Procedimientos Civiles.

**Artículo 2519.-** La declaración de concurso incapacita al deudor para seguir administrando sus bienes, así como para cualquiera otra administración que por la ley le corresponda, y hace que se venza el plazo de todas sus deudas.

Esa declaración produce también el efecto de que dejen de devengar Intereses las deudas del concursado, salvo los créditos hipotecarios y pignoraticios, que seguirán devengando los intereses correspondientes hasta donde alcance el valor de los bienes que los garanticen.

**Artículo 2520.-** Los capitales debidos serán pagados en el orden establecido en este título, y si después de satisfechos quedaren fondos pertenecientes al concurso, se pagarán los réditos correspondientes, en el mismo orden en que se pagaron los capitales, pero reducidos los intereses al tipo legal, a no ser que se hubiere pactado un tipo menor.

Sólo que hubiere bienes suficientes para que todos los acreedores queden pagados, se cubrirán los réditos al tipo convenido que sea superior al legal.

**Artículo 2521.-** El deudor puede celebrar con sus acreedores los convenios que estime oportunos, pero esos convenios se harán precisamente en junta de acreedores debidamente constituida y sólo obligarán por el voto unánime de éstos y la consiguiente aprobación judicial.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

Los pactos particulares entre el deudor y cualquiera o cualesquiera de sus acreedores serán nulos.

**Artículo 2522.-** Los acreedores hipotecarios y los pignoraticios podrán abstenerse de tomar parte en la junta de acreedores en la que haga proposiciones el deudor y, en tal caso, las resoluciones de la junta no perjudicarán sus respectivos derechos.

Si, por el contrario, prefieren tener voz y voto en la mencionada junta, serán comprendidos en las esperas o quitas que la junta acuerde, sin perjuicio del lugar y grado que corresponda al título de su crédito.

**Artículo 2523.-** Si el deudor cumpliere el convenio, quedarán extinguidas sus obligaciones en los términos estipulados en el mismo; pero si dejare de cumplido en todo o en parte, renacerá el derecho de los acreedores por las cantidades que no hubiesen percibido de su crédito primitivo, y podrá cualquiera de ellos pedir la declaración o continuación del concurso.

**Artículo 2524.-** No mediando pacto expreso en contrario entre deudor y acreedores, conservarán éstos su derecho, terminado el concurso, para cobrar. de los bienes que el deudor adquiera posteriormente, la parte de crédito que no le hubiere sido satisfecha, respetándose, en su caso, el beneficio de competencia.

**Artículo 2525.-** Los créditos se graduarán en el orden que se clasifican en los capitulas siguientes, con la prelación que para cada clase se establezca en ellos.

**Artículo 2526.-** Concurriendo diversos acreedores de la misma clase y número, serán pagados según la fecha de su título, si aquélla constare de una manera indubitable. En cualquier otro caso serán pagados a prorrata.

**Artículo 2527.-** Los gastos judiciales hechos por un acreedor en lo particular, serán pagados en el lugar en que deba serlo el crédito que los haya causado.

**Artículo 2528.-** El crédito cuya preferencia provenga de convenio fraudulento entre el acreedor y el deudor, pierde toda preferencia, a no ser que el dolo provenga sólo del deudor, quien en este caso será responsable de los daños y perjuicios que se sigan a los demás _acreedores, sin perjuicio de las penas que merezca por el fraude.

## CAPÍTULO SEGUNDO
### De los Créditos Hipotecarios y Pignoraticios

**Artículo 2529.-** Los acreedores hipotecarios y los pignoraticios no necesitan entrar en concurso para hacer el cobro de sus créditos. Pueden deducir las acciones que les competan en virtud de la hipoteca o de la prenda, en los juicios respectivos. a fin de ser pagados con el valor de los bienes que garanticen sus créditos.

**Artículo 2530.-** Si hubiere varios acreedores hipotecarios garantizados con los mismos bienes, pueden formar un concurso especial con ellos, y serán pagados por el orden de las fechas en que se registraron las hipotecas.

**Artículo 2531.-** Cuando el valor de los bienes hipotecados o dados en prenda no alcanzare a cubrir los créditos que garantizan, por el saldo deudor entrarán al concurso los acreedores de que se trata, y serán pagados como acreedores de tercera clase.

**Artículo 2532.-** Para que el acreedor pignoraticio goce del derecho que le concede el artículo 2529, es necesario que cuando la prenda le hubiere sido entregada materialmente, la conserve en su poder o que sin culpa suya haya perdido su posesión, y que cuando le hubiere sido entregada virtual o jurídicamente, no haya consentido en que el deudor depositario o el tercero que la conserva en su poder la entregue a otra persona.

**Artículo 2533.-** Del precio de los bienes hipotecados o dados en prenda se pagarán en el orden siguiente:

**I.-** Los gastos del juicio respectivo y los que cause la venta de esos bienes;

**II.-** Los gastos de conservación y administración de los mencionados bienes;

**III.-** La deuda de seguros de los propios bienes;

**IV.-** Los créditos hipotecarios de acuerdo con lo dispuesto en el artículo 2530, comprendiendo en el pago los réditos de los últimos tres años, o los créditos pignoraticios, según su fecha, así como sus réditos durante los últimos seis meses.

Para que se paguen con la preferencia señalada los créditos comprendidos en las fracciones II y III, son requisitos indispensables que los primeros hayan sido necesarios y que los segundos consten auténticamente.

**Artículo 2534.-** Si el concurso llega al periodo en que deba pronunciarse sentencia de graduación, sin que los acreedores hipotecarios o pignoraticios hagan uso de los derechos que le concede el artículo 2529, el concurso hará vender los bienes y depositará el importe del crédito y de los réditos correspondientes, observándose, en su caso, las disposiciones relativas a los ausentes.

**Artículo 2535.-** El concurso tiene derecho para redimir los gravámenes hipotecarios y pignoraticios que pesen sobre los bienes del deudor, o de pagar las deudas de que especialmente responden algunos de éstos y, entonces, esos bienes entrarán a formar parte del fondo del concurso.

**Artículo 2536.-** Si entre los bienes del deudor se hallaren comprendidos bienes muebles o raíces adquiridos por sucesión y obligados por el autor de la herencia a ciertos acreedores, podrán éstos pedir que aquéllos sean separados y formar concurso especial con exclusión de los demás acreedores propios del deudor.

El derecho reconocido en este artículo no tendrá lugar:

**I.-** Si la separación de los bienes no fuere pedida dentro de tres meses, contados desde que se inició el concurso o desde la aceptación de la herencia;

**II.-** Si los acreedores hubieren hecho novación de la deuda o de cualquier otro modo hubieren aceptado la responsabilidad personal del heredero.

Los acreedores que obtuvieren la separación de bienes no podrán entrar al concurso del heredero, aunque aquéllos no alcancen a cubrir sus créditos.

## CAPÍTULO TERCERO
### De Algunos Acreedores Preferentes sobre Determinados Bienes

**Artículo 2537.-** Con el valor de los bienes que se mencionan serán pagados preferentemente:

**I.-** Los adeudos fiscales provenientes de impuestos, con el valor de los bienes que les hayan causado;

**II.-** La deuda por gastos de salvamento, con el valor de la cosa salvada;

**III.-** La deuda contraída antes del concurso, expresamente para ejecutar obras de rigurosa conservación de algunos bienes, con el valor de éstos, siempre que se pruebe que la cantidad prestada se empleó en esas obras;

**IV.-** Los créditos por fabricación de muebles, con el precio de éstos;

**V.-** Los créditos por semillas, gastos de cultivo y recolección, con el precio de la cosecha para que sirvieron y que se halle en poder del deudor;

**VI.-** El crédito por fletes, con el precio de los efectos transportados, si se encuentran en poder del acreedor;

**VII.-** El crédito por hospedaje, con el precio de los muebles del deudor que se encuentren en la casa o establecimiento donde está hospedado;

**VIII.-** El crédito del arrendador, con el precio de los bienes muebles embargables que se hallen dentro de la finca arrendada o con el precio de los frutos de la cosecha respectiva si el predio fuere rústico;

**IX.-** El crédito que provenga del precio de los bienes vendidos y no pagados, con el valor de ellos, si el acreedor hace su reclamación dentro de los sesenta días siguientes a la venta, si se hizo al contado, o del vencimiento, si la venta fue a plazo.

Tratándose de bienes muebles, cesará la preferencia si hubieren sido inmovilizados; y

**X.-** Los créditos anotados en el Registro de la Propiedad en virtud de mandamiento judicial, por embargos, secuestros o ejecución de sentencias, sobre los bienes anotados y solamente en cuanto a créditos posteriores.

## CAPÍTULO CUARTO
### Acreedores de Primera Clase

**Artículo 2538.-** Pagados los acreedores mencionados en los dos capítulos anteriores, se pagarán, con el valor de todos los bienes que queden:

**I.-** Los gastos judiciales comunes, en los términos que establezca el Código de Procedimientos;

**II.-** Los gastos de rigurosa conservación y administración de los bienes concursados;

**III.-** Los gastos de los funerales del deudor, proporcionados a su posición social, y también los de su mujer e hijos que estén bajo su patria potestad y no tuviesen bienes propios;

**IV.-** Los gastos de la última enfermedad de las personas mencionadas en la fracción anterior, hechos en los últimos seis meses que precedieron al día del fallecimiento;

**V.-** El crédito por alimentos fiados al deudor para su subsistencia y la de su familia, en los seis meses anteriores a la formación del concurso;

**VI.-** La responsabilidad civil en la parte que comprende el pago de los gastos de curación o de los funerales del ofendido y las pensiones que por concepto de alimentos se deban a sus familiares. En lo que se refiere a la obligación de restituir, por tratarse de devoluciones de bien ajeno, no entra en concurso, y por lo que toca a las otras indemnizaciones que se deban por el delito, se pagarán como si se tratara de acreedores comunes de cuarta clase.

## CAPÍTULO QUINTO
### Acreedores de Segunda Clase

**Artículo 2539.-** Pagados los créditos antes mencionados, se pagarán:

**I.-** Los créditos de las personas comprendidas en las fracciones n, III y IV del artículo 3118 que no hubieren exigido la hipoteca necesaria;

**II.-** Los créditos del erario que no estén comprendidos en la fracción 1 del artículo 2537 y los créditos a que se refiere la fracción V del artículo 3118 que no hayan sido garantizados en la forma allí prevenida;

**III.-** Los créditos de los establecimientos de beneficencia pública o privada.

## CAPÍTULO SEXTO
## Acreedores de Tercera Clase

**Artículo 2540.-** Satisfechos los créditos de que se ha hablado anteriormente, se pagarán los créditos que consten en escritura pública o en cualquier otro documento auténtico.

## CAPÍTULO SÉPTIMO
## Acreedores de Cuarta Clase

**Artículo 2541.-** Pagados los créditos enumerados en los capítulos que preceden, se pagarán los créditos que consten en documento privado.

**Artículo 2542.-** Con los bienes restantes serán pagados todos los demás créditos que no estén comprendidos en las disposiciones anteriores. El pago se hará a prorrata y sin atender a las fechas, ni al origen de los créditos.

## LIBRO TERCERO
## DE LA CUARTA PARTE ESPECIAL
## De los Contratos en Particular

## TÍTULO PRIMERO
## De la Promesa

**Artículo 2543.-** Puede asumirse contractualmente, por una o por ambas partes, la ob1igación de celebrar un contrato futuro.

**Artículo 2544.-** El contrato de promesa sólo da origen a obligaciones de hacer, consistentes en celebrar el contrato respectivo de acuerdo con lo ofrecido.

**Artículo 2545.-** El contrato de promesa, además de satisfacer los requisitos esenciales y de validez de los contratos, para obligar, debe:

**I.-** Constar por escrito;

**II.-** Expresar los elementos característicos del contrato cuya celebración se promete, precisando las bases fundamentales sobre las que deben desarrollarse sus cláusulas principales; y

**III.-** Limitarse a cierto tiempo.

**Artículo 2546.-** Si el promitente rehúsa firmar los documentos necesarios para dar forma legal al contrato concertado, en su rebeldía los firmará el juez, salvo el caso de que el bien ofrecido haya pasado por título oneroso a la propiedad de tercero de buena fe, pues entonces la promesa quedará sin efecto, siendo responsable el que la hizo de todos los daños y perjuicios que se hayan originado a la otra parte.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2547.-** En el caso del artículo anterior, si el tercero adquirente es de mala fe, su adquisición es nula y esta nulidad es absoluta.

## TÍTULO SEGUNDO
### De la compraventa

## CAPÍTULO PRIMERO
### Disposiciones Generales

**Artículo 2548.-** Por el contrato de compraventa una de las partes transfiere a la otra la propiedad de un bien, a cambio de un precio cierto y en dinero.

Para la determinación del momento en que se traslada el dominio se estará a lo dispuesto en el artículo que sigue y en el 2228.

**Artículo 2549.-** Tratándose de muebles, la venta se perfecciona en el momento en que las partes se ponen de acuerdo en el bien y en el precio, aunque el primero no haya sido entregado ni el segundo satisfecho, en tanto que si se trata de inmuebles, la venta se perfecciona hasta que se inscriba la operación en el Registro Público de la Propiedad.

**Artículo 2550.-** Si el precio del bien vendido se ha de pagar parte en dinero y parte con el valor de otro bien, el contrato será de venta cuando la parte de numerario sea igual o mayor que la que se pague con el valor del otro bien. Si la parte en numerario fuere inferior, el contrato será de permuta.

**Artículo 2551.-** Los contratantes pueden convenir en que el precio sea el que corre en día o lugar determinados o el que fije un tercero.

Fijado el precio por el tercero, no podrá ser rechazado por los contratantes sino de común acuerdo, o porque el tercero al fijado sufra un vicio de la voluntad o no haya observado las reglas que sobre el particular se le dieron.

Si el tercero no quiere o no puede señalar el precio, quedará el contrato sin efecto, salvo convenio en contrario.

**Artículo 2552.-** El señalamiento del precio no puede dejarse al arbitrio de uno de los contratantes.

**Artículo 2553.-** El precio de frutos y cereales vendidos a plazo a personas no comerciantes y para su consumo, no podrá exceder del mayor que esos géneros tuvieren en el lugar, en el periodo corrido desde su entrega hasta el fin de la siguiente cosecha.

**Artículo 2554.-** El comprador debe pagar el precio en los términos y plazos convenidos. A falta de convenio lo deberá pagar al contado. La demora en el pago del precio lo constituirá en la obligación de pagar réditos al tipo legal sobre la cantidad que adeude.

**Artículo 2555.-** Los contratantes pagarán por mitad los gastos de escritura y registro, salvo convenio en contrario.

**Artículo 2556.-** Si un mismo bien fuere vendido por el mismo vendedor a diversas personas, prevalecerá la venta primera cuya fecha sea cierta o deba tenerse como tal de conformidad con el artículo 2383.

**Artículo 2557.-** Las ventas al menudeo de bebidas embriagantes hechas al fiado en cantinas no dan derecho para exigir su precio; pero una vez hecho el pago no puede repetirse en su contra.

## CAPÍTULO SEGUNDO
### De la Materia de la Compraventa

**Artículo 2558.-** Sólo los bienes que existan en la naturaleza, sean determinados o determinables en cuanto a su especie y no estén fuera del comercio, pueden ser materia del contrato de compraventa.

**Artículo 2559.-** Pueden ser materia de la compraventa los bienes futuros, a no ser que se trate de la herencia de una persona viva, aun cuando ésta preste su consentimiento.

**Artículo 2560.-** Ninguno puede vender sino lo que es de su propiedad. La venta de bien ajeno es nula, y el vendedor es responsable de los daños y perjuicios si procede con dolo o mala fe; debiendo tenerse en cuenta lo que se dispone en el título relativo al Registro Público para los que de buena fe adquieren bienes muebles.

El contrato quedará convalidado si antes de que tenga lugar la evicción o se declare ejecutoriadamente la nulidad, adquiere el vendedor, por cualquier título legítimo, la propiedad del bien vendido.

**Artículo 2561.-** La venta de bienes o derechos litigiosos no está prohibida; pero el vendedor que no declare la circunstancia de hallarse el bien en litigio, es responsable de los daños y perjuicios si el comprador sufre evicción quedando, además, sujeto a las penas respectivas.

**Artículo 2562.-** Tratándose de la venta de determinados bienes, como los pertenecientes a incapacitados, los de propiedad pública, los empeñados o hipotecados, u otros semejantes deben observarse los requisitos exigidos por la ley para que la venta sea perfecta.

## CAPÍTULO TERCERO
### De los que pueden Vender y Comprar

**Artículo 2563.-** Las personas jurídicas no pueden comprar bienes raíces, sino sujetándose a lo dispuesto en el artículo 27 de la Constitución Política de los Estados Unidos Mexicanos y en sus leyes reglamentarias,

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2564.-** Los consortes no pueden celebrar entre si el contrato de compraventa, si están casados bajo el régimen de comunidad de bienes; pero sí podrán hacerla si éste es de separación, en cuyo caso se observará lo dispuesto en el artículo 715.

**Artículo 2565.-** Los magistrados, los jueces, los funcionarios del Ministerio Público, los defensores oficiales, los abogados, los procuradores y los peritos no pueden comprar los bienes que son objeto de los juicios en que intervengan. Tampoco podrán ser cesionarios de los derechos que se tengan sobre estos bienes.

Se exceptúa de lo dispuesto en el párrafo anterior, la venta o cesión de derechos hereditarios cuando sean coherederos las personas mencionadas, o de derechos a que estén afectos bienes de su propiedad.

**Artículo 2566.-** Los hijos sujetos a patria potestad solamente pueden vender a sus padres, previa autorización judicial y la representación de un tutor especial, los bienes que aquéllos adquieran con el producto de su trabajo.

**Artículo 2567.-** Los peritos y los corredores no pueden comprar los bienes en cuya venta han intervenido.

**Artículo 2568.-** Las compras hechos en contravención a lo dispuesto en este capítulo serán nulas, ya se hayan hecho directamente, ya por interpósita persona.

## CAPÍTULO CUARTO
### De las Obligaciones y Derechos del Vendedor

**Artículo 2569.-** EJ vendedor está obligado:

**I.-** A conservar y custodiar, con la diligencia de un buen padre de familia y mientras no lo entregue materialmente al comprador, el bien vendido;

**II.-** A hacer dicha entrega;

**III.-** A responder del saneamiento para los casos de evicción y de redhibición;

**IV.-** A cumplir con todo lo que en el contrato se ha obligado; y que no sea contrario a las leyes de orden público ni a la moral o a las buenas costumbres; y

**V.-** A cumplir con las demás obligaciones señaladas al respecto por la ley.

**Artículo 2570.-** La entrega puede leer real o ficta, y ésta puede ser jurídica, virtual o simbólica.

La entrega real consiste en la entrega material del bien vendido. Hay entrega jurídica cuando aún sin estar entregado materialmente el bien, la ley lo considera recibido por e] comprador. Hay entrega virtual, cuando, no porque la ley lo disponga, sino parque el comprador lo quiere, éste se da por recibido del bien que aún no le ha sido entregado

materialmente. La entrega, por último es simbólica, cuando se hace mediante la sola recepción de un símbolo, como la recepción de las llaves de la casa vendida.

Desde el momento en que el comprador recibe fictamente el bien en cualquiera de las formas acabadas de mencionar, el vendedor que lo conserve en su poder sólo tendrá, respecto de ella, los derechos y obligaciones de un depositario.

**Artículo 2571.-** Los gastos de la entrega del bien vendido son de cuenta del vendedor, y los de su transporte o traslación, de cargo del comprador, salvo convenio en contrario.

**Artículo 2572.-** El vendedor debe entregar el bien vendido en el estado en que se hallaba al perfeccionarse el contrato.

**Artículo 2573.-** Debe también entregar el vendedor, todos los frutos producidos desde que se perfeccione la venta, y los rendimientos, accesiones y títulos del bien.

**Artículo 2574.-** La entrega del bien venido debe hacerse en el lugar convenido, y si no hubiere lugar designado en el contrato, en el lugar en que se encontraba el bien en la época en que se vendió.

Además de lo dispuesto en este precepto en cuanto al lugar, en el anterior y en el 2226 y el 2227 en cuanto a la estancia, se deben observar en lo que toca al modo y al tiempo de la entrega del bien vendido, las disposiciones contenidas respectivamente, en los artículos 2268 a 2270.

**Artículo 2575.-** Aparte de los derechos que por ley le correspondan o que por convenio adquiera, el vendedor tendrá los que a continuación se expresan:

**I.-** El de retención, en virtud del cual no está obligado a entregar el bien si el comprador no le paga el precio, salvo que en el contrato se haya señalado un plazo para hacer el pago; en ]a inteligencia de que tampoco estará obligado a la entrega aun en el caso de que se haya concedido dicho plazo, d después de la venta Re descubre que el comprador se halla en estado de insolvencia, de suerte que el vendedor corra inminente riesgo de perder el precio, a no ser que el comprador le garantice, en legal forma, pagar el precio en el tiempo convenido; y

**II.-** El de que se le abone el alquiler de las bodegas, graneros o vasijas en que se contenga lo vendido, si el comprador se constituyó en mora de recibir, en cuyo caso el vendedor quedará descargado del cuidado ordinario de conservación y custodiar el bien y solamente será responsable de su dolo o de su culpa grave.

## CAPÍTULO QUINTO
### De las Obligaciones y Derechos del Comprador

**Artículo 2576.-** El comprador debe cumplir todo aquello a que lícitamente se hubiere obligado o la ley le mande, especialmente pagar el precio en el tiempo, lugar y forma

convenidos, en la inteligencia de que si no se han fijado tiempo y lugar al respecto, el pago se hará en el tiempo y lugar en que se entregue el bien.

**Artículo 2577.-** Si ocurre duda sobre quién de los contratantes deberá hacer primero la entrega, el uno del bien vendido y el otro del precio, ambos harán el depósito en manos de un tercero.

**Artículo 2578.-** El comprador debe intereses por el tiempo que medie entre la entrega del bien y el pago del precio, en los tres siguientes casos:

**I.-** Si así se hubiere convenido;

**II.-** Si el bien vendido y entregado produce fruto o renta;

**III.-** Si se hubiere constituido en mora.

**Artículo 2579.-** En las ventas a plazo sin estipular intereses, no los debe el comprador por razón de aquél, aunque entretanto perciba los frotes del bien, pues el plazo hizo parte del mismo contrato, y debe presumirse que en esta consideración se aumentó el precio de la venta.

En cambio si la concesión del plazo fue posterior al contrato, el comprador estará obligado a prestar los intereses, salvo convenio en contrario.

**Artículo 2580.-** Cuando el comprador a plazo o con espera del precio fuere perturbado en su posesión o derecho, o tuviere justo temor de serlo, podrá suspender el pago si aún no lo ha hecho, mientras el vendedor no le asegure la posesión o le dé garantía suficiente al respecto, salvo si hay convenio en contrario.

## CAPÍTULO SEXTO
### De algunas Modalidades del Contrato de Compraventa

**Artículo 2581.-** Las partes pueden imprimirle al contrato de compraventa, además de las reglamentadas en este capítulo, las modalidades que consideren convenientes, siempre que no sean contrarias a las leyes de orden público, a la moral ni a las buenas costumbres.

**Artículo 2582.-** Puede pactarse que el bien comprado no se venda a determinada persona; pero es nula la cláu3ula en que se estipule que no puede venderse a persona alguna.

Si el obligado falta a su compromiso de no vender a determinada persona, la venta que realice será válida, pero responderá de los daños y perjuicios causados.

**Artículo 2583.-** Queda prohibida la venta con pacto de retroventa, así como la promesa de venta de un bien raíz que haya sido objeto de una compraventa entre los mismos contratantes.

**Artículo 2584.-** Puede estipularse que el vendedor goce del derecho de preferencia por el tanto, para el caso de que el comprador quisiere vender el bien que fue objeto del contrato de compraventa.

El vendedor está obligado a ejercer tal derecho dentro de tres días, si el bien fuere mueble, después que el comprador le hubiere hecho saber, bajo pena de perder su derecho si en ese tiempo no lo ejerciere, la oferta que al respecto se le tenga hecha. Si el bien fuere inmueble, tendrá el término de diez días para ejercer el derecho, bajo la misma pena. En ambos casos está obligado a pagar el precio que el que quiere comprar ofreciere, y si no lo pudiere satisfacer, quedará sin efecto el pacto de preferencia.

Debe hacerse saber de manera fehaciente al que goza del derecho de preferencia, lo que ofrezcan por el bien, y si éste se vendiere sin dar ese aviso, la venta es válida; pero el vendedor responderá de los daños y perjuicios causados.

**Artículo 2585.-** Si se ha concedido un plazo para pagar el precio, el que tiene el derecho de preferencia no puede prevalerse de este término si no da las seguridades necesarias de que pagará el precio al expirar el plazo.

**Artículo 2586.-** Cuando el objeto sobre el que se tiene derecho de preferencia se venda en subasta pública, debe, bajo pena de nulidad en caso de contravención, hacerse saber al que goza de ese derecho el día, la hora y el lugar en que se verificará el remate.

**Artículo 2587.-** El derecho adquirido por el pacto de preferencia no puede cederse, ni pasa a los herederos del que lo disfrute.

**Artículo 2588.-** Se puede pactar la compraventa de bienes futuros tomando el comprador el riesgo de que no llegasen a existir, en cuyo caso el contrato será aleatorio y se regirá por lo dispuesto en el artículo siguiente, relativo a la compra de esperanza.

El contrato no surtirá efecto legal alguno si la existencia o no existencia del bien depende exclusivamente de la voluntad o del quehacer del vendedor.

**Artículo 2589.-** Se llama compra de esperanza el contrato que tiene por objeto adquirir por una cantidad determinada, no un bien futuro - res sperata - como en el caso del artículo anterior, sino los frutos que un bien produzca en el tiempo fijado - emptio spei - tomando el comprador para sí el riesgo de que esos frutos no llegaren a existir; o el contrato que tenga por objeto adquirir, en la misma forma, los productos inciertos de un hecho, que pueden estimarse en dinero.

El vendedor tiene derecho al precio aunque no lleguen a existir los frutos o productos comprados.

**Artículo 2590.-** La venta que se haga facultando al comprador para que pague el precio en abonos, se sujetará a las reglas siguientes:

**I.-** Si la venta es de bienes inmuebles, puede pactarse que la falta de pago de uno o varios abonos ocasionará la rescisión de contrato. La rescisión producirá efecto contra tercero que hubiere adquirido. los bienes de que se trata, siempre que la cláusula rescisoria se haya inscrito en el Registro Público;

**II.-** Si se trata de bienes muebles, tales como automóviles, computadoras, motores, pianos, máquinas de coser o de escribir u otros que sean susceptibles de identificarse de manera indubitable, podrá también pactarse la cláusula resolutoria de que habla la fracción anterior y esa cláusula producirá efectos contra tercero que haya adquirido los bienes, si se inscribió en el Registro Público;

**III.-** Si se trata de bienes muebles que no sean susceptibles de identificarse indubitablemente y que, por lo mismo, su venta no pueda registrarse, los contratantes podrán pactar la rescisión de la venta por falta de pago del precio, pero esa cláusula no producirá efectos contra tercero de buena fe que hubiere adquirido los bienes a que esta fracción se refiere.

**Artículo 2591.-** Si se rescinde la venta, el vendedor y el comprador deben restituirse las prestaciones que se hubieren hecho; pero el vendedor que hubiere entregado el bien vendido puede exigir del comprador, por el uso de él, el pago de un alquiler o renta que fijarán peritos, y una indemnización, también fijada por peritos, por el deterioro que haya sufrido el bien.

**Artículo 2592.-** En el caso del artículo anterior, el comprador que haya pagado parte del precio tiene derecho a los intereses legales de la cantidad que entregó.

**Artículo 2593.-** Las convenciones que impongan al comprador obligaciones más onerosas que las expresadas, serán nulas.

**Artículo 2594.-** Puede pactarse válidamente que el vendedor se reserva la propiedad del bien vendido hasta que su precio haya sido totalmente pagado, en la inteligencia de que si también se pacta que entretanto el bien quede en poder del comprador, éste lo conservará con el carácter que las partes convengan, pero quien, en el silencio de éstas, será considerado como depositario gratuito del bien con facultades de usado y en su caso disfrutado, según su naturaleza.

Cuando los bienes vendidos son de los mencionados en las fracciones I y II del artículo 2590, el pacto de que se trata produce efectos contra terceros, si se inscribe en el Registro Público; cuando los bienes son de la clase a que se refiere la fracción III del artículo que se acaba de citar, se aplicará lo dispuesto en esta fracción. El vendedor a que se refiere este artículo, mientras no obtiene la rescisión del contrato por la causa que fuere, no puede enajenar el bien vendido con la reserva de propiedad. Se hará al margen de la respectiva inscripción de venta una anotación preventiva para hacer constar esta limitación de dominio.
Son en su caso aplicables a la venta con reserva de dominio, las disposiciones de los tres artículos inmediatamente anteriores.

**Artículo 2595.-** Cuando se trate de bienes que puedan gustarse, pesarse o medirse, pueden los contratantes convenir en que la compraventa se perfeccione cuando, dentro del plazo que al respecto se fije, el comprador haga saber al vendedor que acepta comprar por haberle gustado, pesado o medido satisfactoriamente los bienes del vendedor que aquél recibió a vistas.

**Artículo 2596.-** Puede también pactarse la compraventa a la vista o por acervo, llamada también a ojo cerrado, aun cuando recaiga sobre bienes que se pueden contar, pesar o medir, pues se perfecciona tan sólo porque, y desde el momento en que las partes se avengan en el precio, siendo así el comprador no puede demandar la nulidad del contrato alegando no haber encontrado en el acervo la cantidad, peso o medida que él calculaba.

En cambio, habrá lugar a la nulidad si el vendedor presentare el acervo como de especie homogénea y ocultare en él especies de inferior clase y calidad de las que están a la vista.

**Artículo 2597.-** Tratándose de inmuebles la compraventa puede ser ad mensuram y ad corpus.

Se da la primera, cuando el precio se determina proporcionalmente en función de una unidad de medida, que puede ser el metro, en cuyo caso el error numérico no da lugar a la nulidad, sino sólo a la rectificación.

La compraventa se hace por un precio alzado, y por ello sin estimar especialmente las partes o medidas de aquél; pero sí señalando sus linderos o cualquier otro dato o serie de datos que sirvan para identificarlo, no precisamente por su extensión y medidas, sino como un todo unitario o una sola entidad corporal. En esta modalidad de la compraventa, el vendedor está obligado a entregar al comprador todo lo que en el inmueble y sus linderos se comprenda, aunque haya exceso o disminución en las medidas expresadas en el contrato, y sin que, por ello mismo, haya lugar a rectificación alguna ni menos a nulidad.

## CAPÍTULO SÉPTIMO
### De la Forma del Contrato de Compraventa

**Artículo 2598.-** El contrato de compraventa no requiere para su validez formalidad alguna especial, sino cuando recae sobre un inmueble, en cuyo caso el contrato se perfeccionará y surtirá plenamente sus efectos, hasta que se inscriba en el Registro Público de la Propiedad.

**Artículo 2599.-** Las enajenaciones de bienes inmuebles cuyo valor catastral sea equivalente hasta 500 salarios mínimos vigentes en el Estado, podrán otorgarse en documento privado firmado por los contratantes ante dos testigos, debiendo ser ratificadas todas las firmas ante notario, juez de primera instancia, o mixto, o menor, o de paz.

*Párrafo reformado POE 15-10-1992*

Los contratos por los que el Gobierno del Estado, sus organismos descentralizados o los ayuntamientos municipales, el ISSSTE, FOVISSSTE, C.F.E., INDECO, CORETT e INFONAVIT, enajenen terrenos o casas, cualquiera que sea el precio de la operación, podrán otorgarse en documentos privados sin los requisitos de testigos y de ratificación de firmas.

**Artículo 2600.-** Si alguno de los contratantes no supiera escribir, firmará a. su nombre y a su ruego otra persona con capacidad legal, no pudiendo firmar con ese carácter ninguno de los testigos.

Se imprimirá en el documento la huella digital de cada contratante, sepa o no firmar, y de él se formarán dos originales, uno para el comprador y otro para el Registro Público.

**Artículo 2601.-** Si el valor catastral del inmueble excede del equivalente hasta de 500 salarios mínimos vigentes en el Estado, su venta se hará en escritura pública.

<div align="right">Artículo reformado POE 15-10-1992</div>

## CAPÍTULO OCTAVO
### De las Ventas Judiciales

**Artículo 2602.-** Las ventas judiciales en almoneda, subasta o remate públicos se regirán por las disposiciones de este título, en cuanto a la substancia del contrato y a las obligaciones y derechos del comprador y del vendedor, con las modificaciones que se expresan en este capítulo. En cuanto a los términos y condiciones en que hayan de verificarse, se regirán por lo que disponga el Código de Procedimientos Civiles.

**Artículo 2603.-** No pueden rematar por sí, ni por interpósita persona, el juez, secretario y demás empleados del juzgado; el ejecutado, sus procuradores, abogados y fiadores; los albaceas y tutores, si se trata de bienes pertenecientes a la sucesión o a los incapacitados, respectivamente; ni los peritos que hayan valuado los bienes objeto del remate.

**Artículo 2604.-** Por regla general, las ventas judiciales se harán en dinero efectivo y al contado, y cuando el bien fuere inmueble, pasará al comprador libre de todo gravamen, a menos de estipulación expresa en contrario, a cuyo efecto el juez mandará hacer la cancelación o cancelaciones respectivas, en los términos que disponga el Código de Procedimientos Civiles.

**Artículo 2605.-** En las enajenaciones judiciales que hayan de verificarse para dividir cosa común, se observará lo dispuesto para la partición entre herederos,

## TÍTULO TERCERO
### De la Permuta

**Artículo 2606.-** La permuta es un contrato por el cual uno de los contratantes transmite al otro la propiedad de un bien, a cambio de otro cuyo dominio también se le transfiere. Se observará, en su caso, lo dispuesto en el artículo 2550.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2607.-** Si uno de los contratantes ha recibido el bien que se le da en permuta y acredita que no era propio del que se lo dio, no puede ser obligado a entregar el que él le ofreció en cambio, y cumple con devolver el que recibió.

**Artículo 2608.-** El permutante que sufra evicción del bien que recibió en cambio, podrá reivindicar el que dio si se halla aún en poder del otro permutante, o exigir su valor o el valor del bien que se le hubiere dado en cambio, con el pago de daños y perjuicios.

Lo dispuesto en el párrafo anterior no perjudica los derechos que a título oneroso haya adquirido un tercero de buena fe sobre el bien que reclame el que sufrió la evicción.

**Artículo 2609.-** Con excepción de lo relativo al precio, son aplicables al contrato de permuta las reglas de la compraventa, en cuanto no se opongan a los artículos anteriores.

## TÍTULO CUARTO
### De las Donaciones

### CAPÍTULO PRIMERO
### Disposiciones Generales

**Artículo 2610.-** La donación es un contrato por el que una persona transfiere a otra gratuitamente, uno o más bienes de su propiedad.

**Artículo 2611.-** La donación no puede comprender bienes futuros ni tampoco todos los presentes, por donde resulta que si el donante expresa en el documento respectivo que dona la totalidad de sus bienes, la donación será nula si aquél no se reserva, en propiedad o en usufructo, lo necesario para poder subsistir según sus necesidades y circunstancias particulares.

**Artículo 2612.-** La donación puede ser pura, condicional, onerosa o remuneratoria.

Pura es la donación que se otorga en términos absolutos; condicional la que depende de algún acontecimiento incierto; onerosa la que se hace imponiendo algún gravamen y remuneratoria la que se hace en atención a servicios recibidos por el donante y que éste no tenga obligación de pagar.

**Artículo 2613.-** Cuando la donación es onerosa, sólo se considera donado el exceso que hubiere en el precio del bien, deducidas de él la carga o cargas impuestas.

**Artículo 2614.-** Las donaciones sólo pueden tener lugar entre vivos y no pueden revocarse sino en los casos declarados en la ley.

**Artículo 2615.-** Las donaciones que se hagan para después de la muerte del donante, se regirán por las disposiciones relativas de este ordenamiento sobre Derecho Hereditario; y las que se hagan entre consortes, así como las antenupciales, por lo dispuesto al respecto en este propio ordenamiento sobre Derecho de Familia.

**Artículo 2616.-** La donación es perfecta desde que el donante es notificado de la aceptación del donatario si se trata de donación de muebles, y hasta que se inscriba en el Registro si la donación es de inmuebles.

**Artículo 2617.-** La donación puede hacerse verbalmente o por escrito, pero sólo será verbal la que recaiga sobre bienes muebles cuyo precio no pase de cinco mil pesos.

Si excede de esta suma, pero no de cien mil pesos, se hará en escrito privado, y se reducirá a escritura pública, si el valor de los muebles donados pasa de cien mil pesos. La donación de bienes raíces se hará en la misma forma que para su venta exige la ley.

**Artículo 2618.-** La aceptación de las donaciones se hará en la misma forma en que éstas deban hacerse, pero no surtirá efecto si no se hiciere en vida del donante.

**Artículo 2619.-** Las donaciones serán inoficiosas en cuanto perjudiquen la obligación del donante de ministrar alimentos a aquellas personas a quienes los debe. conforme a la ley.

**Artículo 2620.-** Si el que hace donación general de todos sus bienes se reserva algunos para testar, sin otra declaración, se entenderá reservada la mitad de los bienes donados.

**Artículo 2621.-** La donación hecha a varias personas conjuntamente, no produce a favor de éstas el derecho de acrecer, a no ser que el donante lo haya establecido de un modo expreso.

**Artículo 2622.-** El donante sólo responde del saneamiento por evicción y por vicios ocultos del bien donado si expresamente se obligó a ello, salvo que en cuanto a los vicios se demuestre que de mala fe los ocultó para causarle perjuicios al donatario.

Lo anterior no obstante, el donatario quedará subrogado en todos los derechos del donante si la evicción se efectúa.

**Artículo 2623.-** Si la donación se hace con la carga de pagar las deudas del donante, sólo se entenderán comprendidas las que existan con fecha auténtica al tiempo de la donación.

**Artículo 2624.-** Si la donación fuere de ciertos y determinados bienes, el donatario no responderá de las deudas del donante, sino cuando sobre los bienes donados estuviere constituida alguna hipoteca o prenda, o en caso de fraude en perjuicio de acreedores.

**Artículo 2625.-** Si la donación fuere de todos los bienes, el donatario será responsable de todas las deudas del donante anteriormente contraídas, pero sólo hasta la cantidad concurrente con los bienes donados y siempre que las deudas tengan fecha auténtica.

**Artículo 2626.-** Además de las acciones a que aluden los tres artículos anteriores con relación al donatario, los acreedores del donante siempre tendrán acción contra éste para el cobro de sus créditos, si aquél no quiere o no puede cubrirlos.

**Artículo 2627.-** Salvo que el donador dispusiere otra cosa, las donaciones que consistan en prestaciones periódicas se extinguen con la muerte del donante.

## CAPÍTULO SEGUNDO
### De las Personas que pueden hacer y recibir Donaciones

**Artículo 2628.-** Pueden donar sus bienes todas las personas capaces que puedan disponer de ellos, pudiendo hacerlo por sí o por mediación de un apoderado expresamente autorizado al respecto.

Los representantes legales jamás podrán donar los bienes de sus representados.

**Artículo 2629.-** Los no nacidos pueden adquirir por donación, con tal que hayan estado concebidos al tiempo en que aquélla se hizo y nazcan vivos.

**Artículo 2630.-** Las personas jurídicas que conforme a la Constitución y leyes federales no puedan adquirir bienes, no podrán recibirlos a título de donación, como tampoco ninguna otra persona o personas a quienes las propias leyes y las del Estado se los impidan.

**Artículo 2631.-** Las donaciones hechas simulando otro contrato a personas que conforme a la ley no puedan recibirlas, son nulas, ya se hagan de un modo directo, ya por interpósita persona.

## CAPÍTULO TERCERO
### De la Revocación y Reducción de las Donaciones

**Artículo 2632.-** Las donaciones legalmente hechas por una persona que al tiempo de otorgarlas no tenía hijos, pueden ser revocadas por el donante cuando dentro de los cinco años siguientes a la donación le hayan sobrevenido hijos. El donante no puede renunciar a este derecho anticipadamente a dicha superveniencia.

Si transcurren esos cinco años sin que el donante haya tenido hijos o habiéndolos tenido no ha revocado la donación, ésta se volverá irrevocable. Lo mismo sucederá si el donante muere dentro de ese plazo de cinco años sin haber revocado la donación.

Si dentro del mencionado plazo naciere un hijo póstumo del donante, la donación se tendrá por revocada en su totalidad por simple ministerio de la ley. La declaración correspondiente la hará el juez a petición del representante legal del póstumo y previa audiencia del donatario.

En cambio, si se trata de hijos que no sean póstumos pero que tengan derecho a la herencia, cuyo padre haya muerto sin haber revocado la donación, ésta, a petición de ellos, podrá reducirse en los términos de ley, a no ser que el donatario tome sobre sí la obligación de ministrar los alimentos y la garantice debidamente.

**Artículo 2633.-** La donación no podrá ser revocada por superveniencia de hijos:

**I.-** Cuando sea menor de cinco mil pesos;

**II.-** Cuando sea antenupcial;

**III.-** Cuando sea entre consortes;

**IV.-** Cuando sea puramente remuneratoria.

**Artículo 2634.-** Revocada la donación por superveniencia de hijos, serán restituidos al donante los bienes donados, o su valor si han sido enajenados antes del nacimiento de los hijos.

**Artículo 2635.-** Si el donatario hubiere hipotecado los bienes donados, subsistirá la hipoteca, pero tendrá derecho el donante de exigir que aquél la redima. Esto mismo tendrá lugar tratándose de prenda, anticresis, usufructo o servidumbre impuestos por el donatario.

**Artículo 2636.-** Cuando los bienes no pueden ser restituidos en especie, el valor exigible será el que tenían aquellos al tiempo de la donación.

**Artículo 2637.-** El donatario hace suyos los frutos de los bienes donados hasta el día en que se le notifique la revocación, o hasta el día del nacimiento del póstumo, en su caso.

**Artículo 2638.-** La acción de revocación. por superveniencia de hijos corresponde exclusivamente al donante y al póstumo, pero la reducción por razón de alimentos tienen derecho a pedirla todos los que sean acreedores alimentistas.

**Artículo 2639.-** El donatario responde sólo del cumplimiento de las cargas que se le imponen con el bien donado, y no está obligado personalmente con sus bienes. Puede sustraerse a la ejecución de las cargas abandonando el bien donado, y si éste perece por caso fortuito, queda libre de toda obligación.

**Artículo 2640.-** La donación puede ser revocada por ingratitud:

**I.-** Si el donatario comete algún delito contra la persona, la honra o los bienes del donante o de los ascendientes, descendientes o cónyuge de éste;

**II.-** Si el donatario rehúsa socorrer, según el valor de la donación, al donante que ha venido a pobreza.

**Artículo 2641.-** Es aplicable a la revocación de las donaciones hechas por ingratitud lo dispuesto en los artículos del 2633 al 2636.

**Artículo 2642.-** La acción de revocación por causa de ingratitud no puede ser renunciada anticipadamente, y prescribe en un año, contado desde que el donador tuvo conocimiento del hecho.

Esta acción no podrá ejercitarse contra los herederos del donatario, a no ser que en vida de éste hubiese sido intentada.

Tampoco puede ejercitarse por los herederos del donante si éste, pudiendo, no la hubiese intentado.

**Artículo 2643.-** Las donaciones inoficiosas no serán revocadas ni reducidas cuando, muerto el donante, el donatario tome sobre si la obligación de ministrar los alimentos debidos y la garantice conforme a derecho.

**Artículo 2644.-** Las donaciones inoficiosas serán anuladas en su totalidad si el perjuicio que con ellas se cause a los acreedores alimentarios es superior a lo donado; pero si este perjuicio no iguala al valor de lo que se donó, no habrá lugar a la nulidad, sino sólo a la reducción de la donación en la parte que fuere necesario.

**Artículo 2645.-** La reducción de las donaciones comenzará por la última en fecha, que será totalmente suprimida si la reducción no bastare a completar los alimentos.

Si el importe de la donación menos antigua no alcanzare, se procederá, respecto de la anterior, en los términos establecidos en el párrafo que precede, siguiéndose el mismo orden hasta llegar a la más antigua.

Habiendo diversas donaciones otorgadas en el mismo acto o en la misma fecha, se hará la reducción entre ellas a prorrata.

**Artículo 2646.-** Si la donación consiste en bienes muebles, se tendrá presente para la reducción el valor que tenían al tiempo de ser donados.

**Artículo 2647.-** Cuando la donación consista en bienes raíces que fueren cómodamente divisibles, la reducción se hará en especie.

Cuando el inmueble no pueda ser dividido y el importe de la reducción exceda de la mitad del valor de aquél, recibirá el donatario el resto en dinero.
Cuando la reducción no exceda de la mitad del valor del inmueble, el donatario pagará el resto.

**Artículo 2648.-** Revocada o reducida una donación por inoficiosa, el donatario sólo responderá de los frutos desde que fuere demandado.

**Artículo 2649.-** En cualquier caso de nulidad, o rescisión de la donación, se observará lo dispuesto en los artículos 2364 a 2367.

<div align="center">

**TÍTULO QUINTO**
**Del Mutuo**


**CAPÍTULO PRIMERO**
**Del Mutuo Simple**

</div>

**Artículo 2650.-** El mutuo, llamado también préstamo de consumo, es un contrato por el cual el mutuante transfiere la propiedad de una suma de dinero o de otros bienes. fungibles al mutuario, quien se obliga a devolver otro tanto de la misma especie y calidad.

**Artículo 2651.-** Si en el contrato no se ha fijado plazo para la devolución de lo prestado, se observarán las reglas siguientes:

**I.-** Si el mutuario fuere labrador y el préstamo consistiere en cereales u otros productos del campo, la restitución se hará en la siguiente cosecha de los mismos o semejantes frutos o productos;

**II.-** Lo mismo se observará respecto de los mutuarios que, no siendo labradores, hayan de percibir frutos semejantes por otro título;

**III.-** Si se ha pactado que el mutuario restituya cuando le sea posible, podrá el juez, pasado un término razonable, a petición de parte y atendidas las circunstancias, fijar un plazo; y

**IV.-** En los demás casos, la obligación de restituir se rige por lo dispuesto en el artículo 2270.

**Artículo 2652.-** La entrega del bien prestado y la restitución de lo prestado se harán en el lugar convenido.

**Artículo 2653.-** Cuando no se ha señalado lugar, se observarán las reglas siguientes:

**I.-** Si lo prestado consistiere en efectos, se entregará en el lugar donde se encuentren, y si consistiere en dinero, en el domicilio del mutuante; y

**II.-** La restitución se hará, si el préstamo consiste en efectos, en el lugar donde se recibieron. Si consiste en dinero, en el domicilio del deudor, observándose lo dispuesto en el artículo 2273.

**Artículo 2654.-** Si en la época en que debe hacerse la restitución, ésta hubiera llegado a ser excesivamente onerosa por acontecimientos extraordinarios que no pudieron razonablemente preverse, se estará a lo dispuesto, en los artículos 378 a 380.

**Artículo 2655.-** El mutuante es responsable de los perjuicios que sufra el mutuario por la mala calidad o vicios ocultos del bien prestado, si conoció los defectos y no le dio aviso oportuno.

**Artículo 2656.-** No se anularán las deudas contraídas por el menor para proporcionarse los alimentos que necesite, cuando su representante legítimo se encuentre ausente; pero si cualquiera otra deuda contraída en las condiciones antes dichas para fines distintos al acabado de señalar.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

## CAPÍTULO SEGUNDO
### Del Mutuo con Interés

**Artículo 2657.-** Es permitido estipular interés por el mutuo, ya consista en dinero, ya en especies.

**Artículo 2658.-** El interés es legal o convencional.

**Artículo 2659.-** El interés legal es el doce por ciento anual. El interés convencional es el que fijen los contratantes, y puede ser mayor o menor que el interés legal; pero cuando el interés sea por lo menos superior al interés bancario y tan desproporcionado que haga fundadamente creer que se ha abusado del apuro pecuniario, de la inexperiencia o de la ignorancia del deudor, a petición de éste, el juez, teniendo en cuenta las especiales circunstancias del caso. podrá, con efectos retroactivos, reducir equitativamente el interés hasta el tipo legal.

Esta disposición, al igual que la contenida en el artículo que sigue, es aplicable tanto a los casos en que el interés estipulado sea en dinero, cuanto en aquéllos en que el interés pactado sea en especies, en cuyo Último evento, para computar el rédito, se graduará su valor por el precio que las especies prestadas tengan en el tiempo y lugar en que deba hacerse la devolución o por el que determinen peritos si aquéllas estuvieren extinguidas al tiempo de hacerse su evaluación.

**Artículo 2660.-** Si se ha convenido, no un interés lesivo sino simplemente uno más alto que el legal, el deudor, después de tres meses contados desde que se celebró el contrato, puede reembolsar el capital, cualquiera que sea el plazo fijado para ello, dando aviso al acreedor con un mes de anticipación y pagando los intereses vencidos.

**Artículo 2661.-** Queda terminantemente prohibido el pacto de anatocismo, por lo que las partes no pueden, baja pena de nulidad, convenir que los intereses se capitalicen y que produzcan intereses.

## TÍTULO SEXTO
### Del Comodato

**Artículo 2662.-** El comodato, llamado también préstamo de uso, es el contrato por el cual el comodante concede temporal y gratuitamente, el uso determinado de un bien no fungible al comodatario, quien se obliga a restituirlo individualmente.

**Artículo 2663.-** Cuando el préstamo tuviere por objeto bienes consumibles, sólo será comodato sí ellos fuesen prestados como no fungibles, es decir, para ser restituidos idénticamente.

**Artículo 2664.-** Los tutores y en general todos los administradores de bienes ajenos, no podrán dar en comodato, sin autorización especial, los bienes confiados a su guarda.

**Artículo 2665.-** Sin permiso del comodante no puede el comodatario conceder a un tercero el uso del bien que recibió en comodato.

**Artículo 2666.-** El comodatario adquiere el uso, pero no los frutos y accesiones del bien prestado.

**Artículo 2667.-** El comodatario está obligado a poner, al máximo. toda su diligencia en la conservación del bien, y es responsable de todo deterioro que aquél sufra por su culpa o negligencia aunque sea mínima o levísima, en la inteligencia de que si el deterioro es tal que el bien no sea susceptible de emplearse en su uso ordinario, podrá el comodante exigir el valor anterior de él, abandonando su propiedad al comodatario.

**Artículo 2668.-** El comodatario responde de la pérdida del bien si lo emplea en uso diverso o por más tiempo del convenido, aun cuando aquélla sobrevenga por caso fortuito.

También responde del caso fortuito si el bien perece empleándolo en vez del suyo no obstante que para usar éste no tenía ningún inconveniente, o si no pudiendo conservar más que uno de los dos, ha preferido conservar el suyo.

Finalmente, responde asimismo de la pérdida sobrevenida por caso fortuito, si el bien fue estimado en dinero al prestarlo, en cuyo caso el comodatario deberá entregar al comodante el precio estimado, salvo convenio expreso en contrario.

**Artículo 2669.-** Si el bien se deteriora por el solo efecto del uso para que fue prestado, y sin culpa del comodatario, no es éste responsable del deterioro.

**Artículo 2670.-** El comodatario no tiene derecho para repetir el importe de los gastos ordinarios que se necesiten para el uso y la conservación del bien prestado.
Tampoco tiene derecho para retener el bien a pretexto de lo que por expensas o por cualquiera otra causa le deba el dueño.

**Artículo 2671.-** Siendo dos o más los comodatarios, están sujetos solidariamente a las mismas obligaciones.

**Artículo 2672.-** Si no se ha determinado el uso o el plazo del préstamo, el comodante podrá exigir el bien cuando le pareciere.

En cambio, si el plazo o uso se ha señalado, el comodante sólo podrá exigir la devolución del bien antes de que termine el plazo o uso convenidos: a) sobreviniéndole necesidad urgente de él; b) probando que hay peligro de que éste perezca si continúa en poder del comodatario; o, c) si éste ha autorizado a un tercero a servirse del bien, sin consentimiento del comodante.

**Artículo 2673.-** Si durante el préstamo el comodatario ha tenido que hacer, para la conservación del bien, algún gasto extraordinario y de tal manera urgente que no haya podido dar aviso de él al comodante, éste tendrá obligación de reembolsado.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2674.-** Cuando el bien prestado tiene defectos tales que causen perjuicios al que se sirva de él, el comodante es responsable de éstos, si conocía los defectos y no dio aviso oportuno al comodatario.

Este, por su parte, es responsable de los vicios o defectos que sobrevengan al bien prestado, debidos a su culpa o negligencia en la custodia, conservación o uso del mismo.

**Artículo 2675.-** Además de las causas generales de terminación de todo contrato, el comodato termina:

**I.-** Por la muerte del comodatario; y

**II.-** Por la enajenación del bien comodado, en cuyo caso el comodatario deberá restituir el bien al comodante, aun cuando no hubiere terminado el plazo o uso convenidos.

## TÍTULO SÉPTIMO
### Del Arrendamiento

## CAPÍTULO PRIMERO
### Disposiciones Generales

**Artículo 2676.-** El arrendamiento es el contrato por el cual una persona concede temporalmente a otra el uso y en ocasiones también el goce de un bien, a cambio de un precio cierto, en dinero o en especie, que el arrendatario pagará al arrendador periódicamente y mientras dura ese uso o ese goce.

El arrendamiento de bienes muebles no puede exceder de cinco años; de diez el de fincas destinadas a habitación o a fines agrícolas o ganaderos; de quince el de fincas destinadas al comercio o a despachos, oficinas o consultorios de profesionales, y de veinte el de inmuebles destinados al ejercicio de una industria.

Todos estos plazos pueden ser renovados por períodos que en ningún caso excedan, en cada renovación, de los límites fijados a cada uno de los mencionados tipos de arrendamiento.

**Artículo 2677.-** Las partes gozan de la más amplia libertad de contratación en cuanto a la fijación del monto de la renta.

**Artículo 2678.-** Hecha excepción de los bienes que la ley prohíbe arrendar y de los derechos estrictamente personales, son susceptibles de ser arrendados todos los bienes que pueden usarse sin consumirse, bajo el concepto de que en ningún caso el arrendamiento concede al arrendatario derechos reales sobre el bien arrendado, sino sólo derechos personales en relación con el uso o goce de dicho bien.

**Artículo 2679.-** Quien no es dueño del bien podrá arrendarlo si tiene facultad para celebrar el contrato, ya en virtud de autorización del dueño, ya par disposición de la ley.

En el primer caso del párrafo anterior la constitución del arrendamiento se sujetará a los límites fijados en la autorización, y en el segundo a los que la ley señala a los administradores de bienes ajenos.

Cuando el usufructuario dé en arrendamiento el bien usufructuado, actuará al respecto con plenos poderes, del mismo modo que lo hace el propietario cuando arrienda el bien del que es dueño.

**Artículo 2680.-** No puede el copropietario del bien indiviso arrendar éste, sino con el consentimiento unánime de los otros copropietarios.

**Artículo 2681.-** Se prohíbe a los magistrados, a los jueces y a cualesquiera otros funcionarios o empleados públicos, tomar en arrendamiento, por si o por interpósita persona, los bienes que puedan o deban arrendarse en los negocios en que intervengan.

Asimismo, se prohíbe a los encargados de los establecimientos paraestatales y organismos descentralizados y a los funcionarios y empleados públicos, tomar en arrendamiento los bienes que con los expresados caracteres administren.

**Artículo 2682.-** El arrendamiento debe otorgarse por escrito y su vigencia se inicia, salvo convenio en contrario, con la entrega del bien.

**Artículo 2683.-** El contrato de arrendamiento no se rescinde por la muerte del arrendador ni del arrendatario, salvo convenio en otro sentido, sino que continúa con los respectivos herederos, a cuyo efecto los familiares sobrevivientes del contratante fallecido deberán comunicar por escrito a la otra parte, quién de ellos los representará en las nuevas relaciones contractuales.

**Artículo 2684.-** Si durante la vigencia del contrato de arrendamiento, por cualquier motivo se verificare la transmisión de la propiedad del predio arrendado, el arrendamiento subsistirá en los términos del contrato, pues sin cambiar la situación jurídica del arrendatario, el adquirente de la propiedad simplemente se subrogará, por ministerio de la ley, en los derechos y obligaciones del arrendador.

Respecto al pago de las rentas, el arrendatario tendrá obligación de pagar al nuevo propietario la renta estipulada en el contrato, desde la fecha en que se le notifique judicial o extrajudicialmente ante notario o ante dos testigos haberse otorgado el correspondiente título de propiedad, aun cuando alegue haber pagado al primer propietario, a no ser que el adelanto de rentas aparezca expresamente estipulado en el mismo contrato de arrendamiento.

**Artículo 2685.-** Si la transmisión de la propiedad se hiciere por causa de utilidad pública, el contrato se extinguirá; pero el locador y el locatario deberán ser indemnizados por el expropiador, conforme a lo que establezca la ley respectiva.

**Artículo 2686.-** Los arrendamientos de bienes del Estado, municipales o de establecimientos públicos u organismos descentralizados, estarán sujetos a las

disposiciones del Derecho Administrativo, y en lo que no lo estuvieren, a las disposiciones de este título.

## CAPÍTULO SEGUNDO
### De los Derechos y Obligaciones del Arrendador

**Artículo 2687.-** El arrendador está obligado, aunque no haya pacto expreso:

**I.-** A mantener el bien arrendado en estado de servir para el uso convenido, y a falta de convenio al respecto, para el uso a que aquél, por su misma naturaleza, estuviere destinado, haciendo para ello todas las reparaciones necesarias;

**II.-** A no estorbar ni embarazar de manera alguna el uso del bien arrendado, o del suministro de los servicios básicos, a no ser por causa de reparaciones urgentes e indispensables.

*Fracción reformada POE 24-11-2021*

**III.-** A garantizar el uso o goce pacífico del bien por todo el tiempo del contrato; y

**IV.-** A responder de los daños y perjuicios que sufra el arrendatario por los defectos o vicios ocultos del bien, anteriores al arrendamiento.

**Artículo 2688.-** El arrendador no puede, durante el arrendamiento, mudar la forma del bien arrendado, ni intervenir en el uso legítimo de él, salvo el caso designado en la fracción II del artículo anterior, a cuyo efecto el arrendatario deberá poner en conocimiento del arrendador, a la brevedad posible, la necesidad de las reparaciones, bajo pena de pagar les daños y perjuicios que su omisión cause.

Si el arrendador no cumpliere con hacer las reparaciones necesarias para el uso a que esté destinado el bien, quedará a elección del arrendatario demandar la rescisión del arrendamiento u ocurrir al juez para que estreche al arrendador al cumplimiento de su obligación, mediante el procedimiento rápido que se establezca en el Código de Procedimientos Civiles; en la inteligencia de que si el arrendador no hiciere las reparaciones en el término que en ejecución de sentencia fije el juez, éste podrá autorizar al arrendatario a que las haga a cuenta de rentas.

El juez, según las circunstancias del caso, decidirá sobre el pago de los daños y perjuicios que se causen al arrendatario por falta de oportunidad en las reparaciones.

**Artículo 2689.-** Lo dispuesto en la fracción III del artículo 2687, no comprende los abusos de fuerza ni las vías de hecho de terceros que impidan el uso o goce del bien. El arrendatario, en esos casos, sólo tiene acción contra los autores de los hechos, y aunque fueren insolventes, no tendrá acción contra el arrendador.

**Artículo 2690.-** El arrendatario está obligado a poner en conocimiento del propietario, en el más breve término posible, toda usurpación o novedad dañosa que otro haya hecho o abiertamente prepare en el bien arrendado, so pena de pagar los daños y perjuicios que

cause con su omisión. Lo dispuesto en este artículo no priva al arrendatario del derecho de defender, como poseedor, el bien que tiene en arrendamiento.

**Artículo 2691.-** Si el arrendador fuere vencido en juicio sobre una parte del bien arrendado, puede el arrendatario, a su elección, reclamar una disminución en la renta, o la rescisión del contrato con el pago de los daños y perjuicios que sufra.

**Artículo 2692.-** El arrendador responde de los vicios o defectos del bien arrendado que] impidan su uso, aunque él no los hubiese conocido o hubiesen sobrevenido sin culpa de] arrendatario, en el curso del arrendamiento. El arrendatario puede pedir en este caso la disminución de la renta o la rescisión del contrato, salvo que se pruebe que tuvo conocimiento antes, o en el momento de celebrarlo, de los vicios o defectos del bien arrendado.

**Artículo 2693.-** Si al terminar el arrendamiento hubiere algún saldo a favor del arrendatario, el arrendador deberá devolverlo inmediatamente, a no ser que tenga algún derecho que ejercitar contra aquél en cuyo caso depositará judicialmente el saldo referido. La misma regla se observará respecto del arrendatario por algún saldo que quede en su poder al terminar el contrato, a favor del arrendador.

**Artículo 2694.-** Corresponde al arrendador pagar las mejoras hechas por el arrendatario:

**I.-** Si en el contrato, o posteriormente, lo autorizó para hacerlas y se obligó a pagarlas;

**II.-** Si se trata de mejoras útiles y por culpa del arrendador se rescindiese el contrato;

**III.-** Cuando el contrato fuere por tiempo indeterminado, si el arrendador autorizó al arrendatario para que hiciera mejoras y antes de que transcurra el tiempo necesario para que el arrendatario quede compensado con el uso de las mejoras de los gastos que hizo, da el arrendador por concluido el arrendamiento.

Las mejoras a que se refieren las fracciones II y III deberán ser pagadas por el arrendador, no obstante que en el contrato se hubiese estipulado que las mejoras quedasen a beneficio del bien arrendado.

## CAPÍTULO TERCERO
## De los Derechos y Obligaciones del Arrendatario

**Artículo 2695.-** El arrendatario está obligado:

**I.-** A satisfacer la renta en la forma y tiempo convenidos;

**II.-** A responder de los perjuicios que el bien arrendado sufra por su culpa o negligencia, la de sus familiares, visitas, sirvientes o subarrendatarios. En el caso de estos últimos la responsabilidad será solidaria y sólo la tendrá el arrendatario si subarrendó sin autorización especial;

**III.-** A servirse del bien solamente para el uso convenido o conforme a la naturaleza y destino de él;

**IV.-** A responder por el incendio del bien arrendado;

**V.-** A hacer las reparaciones de los deterioros de poca importancia que sufra el inmueble o sus accesorios y que regularmente se causan al habitar una casa;

**VI.-** A restituir el bien al terminar el contrato; y

**VII.-** A cumplir las demás obligaciones que la ley le señale.

**Artículo 2696.-** Salvo pacto en contrario, la renta comenzará a causarse a partir del día en que el arrendatario reciba el bien o se dé por recibido de él, y dejará de causarse el día de la restitución. En consecuencia, y salvo tal pacto, el arrendatario sólo está obligado a pagar la renta que se cause en dicho lapso, y debe hacerla con la periodicidad y en el lugar convenidos o, en su defecto, en su casa habitación o en su despacho, semestralmente si se trata de arrendamiento de predios rústicos, y mensualmente en todos los demás casos.

**Artículo 2697.-** Si el precio del arrendamiento debiere pagarse en frutos, y el arrendatario no los entregare en el tiempo debido, estará obligado a pagar en dinero el mayor precio que tuvieren los frutos dentro del tiempo transcurrido desde la época en que debió hacer el pago, hasta la época en que lo haga.

**Artículo 2698.-** Si por caso fortuito o fuerza mayor se impide totalmente al arrendatario el uso del bien arrendado, no se causará renta mientras dure el impedimento, y si éste dura más de dos meses, podrá el arrendatario pedir la rescisión del contrato.
En cambio, si por las mismas causas sólo se impide en parte el uso del bien, podrá el arrendatario pedir la reducción parcial de la renta, a juicio de peritos, a no ser que las partes opten por la rescisión del contrato, si el impedimento dura el tiempo fijado en el párrafo anterior.

Lo dispuesto en este artículo no es renunciable.

**Artículo 2699.-** Si la privación del uso proviene de la evicción del predio, se. observará lo dispuesto en el artículo anterior, pero si el arrendador procedió con mala fe, responderá también de los daños y perjuicios.

**Artículo 2700.-** El arrendatario es responsable del incendio del bien arrendado, a no ser que provenga de caso fortuito, fuerza mayor, vicio de construcción, o que se haya comunicado de otra parte, si tomó las precauciones necesarias para evitar que el fuego se propagara.

**Artículo 2701.-** Cuando son varios los arrendatarios y no se sabe dónde comenzó el incendio, todos son responsables proporcionalmente a la renta que paguen, y si el arrendador ocupa parte de la finca, también responderá proporcionalmente a la renta que

a esa parte fijen peritos. Si se prueba que el incendio comenzó en la habitación del dueño o de uno de los inquilinos, solamente éste, o en su caso aquél, será el responsable.

**Artículo 2702.-** Si alguno de los arrendatarios prueba que el fuego no pudo comenzar en la parte que ocupa, quedará libre de responsabilidad.

**Artículo 2703.-** La responsabilidad en los casos de que tratan los tres artículos anteriores, comprende no solamente el pago de los daños y perjuicios sufridos por el propietario, sino el de los que se haya causado a otras personas, siempre que provengan directamente del incendio.

**Artículo 2704.-** El arrendatario que vaya a establecer en la finca arrendada una industria peligrosa, tiene obligación de asegurar dicha finca centra el riesgo probable que origine el ejercicio de esa industria. El seguro se extenderá a favor del arrendador.

**Artículo 2705.-** El arrendatario no puede, sin consentimiento expreso del arrendador, variar la forma del bien arrendado. Si lo hace, debe, cuando lo devuelva, restablecerlo al estado en que lo recibió, siendo además responsable de los daños y perjuicios que llegaren a causarse.

**Artículo 2706.-** Si el arrendatario ha recibido la finca con expresa descripción de las partes de que se compone, debe devolverla, al concluir el arrendamiento, tal como la recibió, salvo lo que hubiere percibido o se hubiere menoscabado por el tiempo o por causa inevitable.

La ley presume que el arrendatario que admitió el bien arrendado sin la descripción expresada en el párrafo anterior, lo recibió en buen estado, salvo prueba en contrario.

**Artículo 2707.-** El arrendatario que por causa de reparaciones pierda el uso total del bien, tiene derecho a no pagar el precio del arrendamiento y a pedir la rescisión del contrato, en tanto que si la pérdida del uso no es total sino parcial, sólo podrá pedir la reducción equitativa de la renta; pero también podrá demandar la rescisión, si dicha pérdida parcial del uso dura más de dos meses.

**Artículo 2708.-** En los arrendamientos que han durado más de cinco años y cuando el arrendatario ha hecho mejoras de importancia en la finca arrendada, tiene éste, si está al corriente en el pago de la renta, derecho a que, en igualdad de condiciones, se le prefiera a otro interesado en el nuevo arrendamiento de la finca. También gozará del derecho del tanto si el propietario quiere vender la finca arrendada, aplicándose en lo conducente lo dispuesto en el artículo 1999.

## CAPÍTULO CUARTO
### Del Arrendamiento de Fincas Urbanas

**Artículo 2709.-** No podrá darse en arrendamiento una localidad que no reúna las condiciones de higiene y salubridad exigidas por el Código Sanitario.

El arrendador que no haga las obras que ordenen las autoridades del ramo como necesarias para que tina localidad sea habitable e higiénica, es responsable de los daños y perjuicios que los inquilinos sufran por esa causa. No puede renunciarse anticipadamente el derecho de cobrar esta indemnización.

**Artículo 2710.-** El propietario no puede rehusar como fiador a una persona que reúna los requisitos exigidos por la ley para que sea fiador.

## CAPÍTULO QUINTO
### Del Arrendamiento de Fincas Rústicas

**Artículo 2711.-** El propietario de un predio rústico debe cultivarlo, sin perjuicio de dejarlo descansar el tiempo que sea necesario para que no se agote su fertilidad, Si no lo cultiva, tiene obligación de dado en arrendamiento o en aparcería, de acuerdo con lo dispuesto en la Ley de Tierras Ociosas.

**Artículo 2712.-** El arrendatario no tendrá derecho a la rebaja de la renta por esterilidad de la tierra arrendada, pero sí por la pérdida de frutos proveniente de incendio, guerra, peste, inundación insólita, langosta, terremoto u otro acontecimiento igualmente desacostumbrado y que los contratantes no hayan pedido razonablemente prever, siempre que la pérdida alcance, calculada por peritos, la mitad, per lo menos, de tales frutos, en cuyo caso el precio del arrendamiento se rebajará proporcionalmente al monto de las pérdidas sufridas.

Las disposiciones de este artículo no son renunciables.

**Artículo 2713.-** En el arrendamiento de predios rústicos por plazo determinado debe el arrendatario, en el último año que permanezca en el fundo, permitir a su sucesor o al dueño, en su caso, el barbecho de las tierras que tenga desocupadas y en las que él no pueda verificar la nueva siembra, así como el uso de los edificios y demás medios que fueren necesarios para las labores preparatorias del año siguiente. Este permiso durará el tiempo rigurosamente indispensable para la realización de los indicados fines, conforme a las costumbres locales, salvo convenio en contrario.
A la inversa, terminado el arrendamiento tendrá derecho el arrendatario de usar las tierras y edificios de referencia, por todo el tiempo que sea absolutamente indispensable para la recolección de los frutos pendientes al terminar el contrato.

## CAPÍTULO SEXTO
### Disposiciones Especiales respecto de los Arrendamientos
### de Inmuebles por Tiempo Indeterminado

**Artículo 2714.-** Todos los arrendamientos de predios rústicos o urbanos que no se hayan celebrado por tiempo expresamente determinado, concluirán a voluntad de cualquiera de las partes contratantes, previo aviso a la otra parte dado en forma indubitable con dos meses de anticipación si el predio es urbano, y con un año si es rústico.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2715.-** Dado el aviso n que se refiere el artículo anterior, el arrendatario de predio urbano está obligado a permitir que se pongan cédulas en lugares visibles del predio y a mostrar el interior de la casa a los que pretendan veda para alquilada. Respecto de los predios rústicos, se observará lo dispuesto en el artículo 2713.

## CAPÍTULO SÉPTIMO
### Del Subarriendo

**Artículo 2716.-** El arrendatario no puede subarrendar el bien arrendado en todo, ni en parte, ni ceder sus derechos, sin autorización del arrendador. Hacerlo sin esta autorización es causa bastante para demandar la rescisión del arrendamiento y la nulidad de subarrendamiento, así como para exigir solidariamente al arrendatario y al subarrendatario los daños y perjuicios que se llegaren a causar al arrendador.

**Artículo 2717.-** La autorización para subarrendar puede ser general o especial. Es general cuando se da sin señalar, expresa y concretamente, a quién o a quiénes se puede subarrendar en todo o en parte, el bien arrendado. Es especial en el caso contrario, esto es, cuando se da haciendo este señalamiento, o cuando el locador aprueba expresamente, a posteriori, el contrato de subarrendamiento celebrado por su inquilino.

En este último evento, es decir, en el de la autorización especial, se extingue el contrato de arrendamiento, en todo o en parte, según sea el caso; queda, por tanto, liberado en igual forma el arrendatario de toda liga contractual frente al arrendador, salvo convenio expreso en contrario, y el sublocatario, al tomar el lugar del primitivo inquilino lo hace subrogándose en todos los derechos y obligaciones de éste, a no ser que por convenio se acuerde otra cosa.

En cambio, si la autorización es general, independientemente de que el subarrendatario queda obligado en forma directa frente al arrendador, como si con él hubiera contratado, el subarrendador también quedará obligado en igual forma, como si él personalmente continuara en el uso o goce del bien.

**Artículo 2718.-** El contrato de subarrendamiento debe constar por escrito y también el de arrendamiento.

## CAPÍTULO OCTAVO
### Del Alquiler o Arrendamiento de Bienes Muebles

**Artículo 2719.-** Son aplicables al contrato de alquiler o arrendamiento de muebles, las disposiciones de este título que sean compatibles con la naturaleza de esos bienes.

**Artículo 2720.-** El alquiler terminará en el plazo convenido, y a falta de plazo, luego que concluya el uso a que el bien hubiere sido destinado conforme al contrato. Pero si en éste no se hubiere fijado plazo ni se hubiere expresado el uso a que el bien se destina, el arrendatario será libre para devolverlo cuando quiera, y el alquilador no podrá pedirlo sino después de cinco días de celebrado el contrato.

**Artículo 2721.-** Si el bien se arrendó por años, meses, semanas o días, la renta se pagará al vencimiento de cada uno de esos términos, en tanto que si el contrato se celebró por un término fijo, la renta se pagará al vencimiento de éste, todo ello salvo pacto en contrario.

**Artículo 2722.-** Si el arrendatario devuelve el bien antes del tiempo convenido cuando se ajustó por un solo precio, está obligado a pagado íntegro; pero si el arrendamiento se ajustó por períodos de tiempo, sólo está obligado a pagar los períodos corridos basta la entrega.

**Artículo 2723.-** El arrendatario está obligado a pagar la totalidad del alquiler, cuando se hizo el arrendamiento por tiempo fijo y los periodos sólo se pusieron como plazos para el pago.

**Artículo 2724.-** Si se arrienda un edificio, departamento, aposento, almacén, tienda, despacho o establecimiento industrial que estuviere amueblado, se entenderá que el arrendamiento de los muebles es por el mismo tiempo que el del inmueble, a menos de estipulación en contrario; pero si el alquiler de éstos es con separación del inmueble, se estará a lo dispuesto en el artículo 2720.

**Artículo 2725.-** El arrendatario está obligado a hacer las pequeñas reparaciones que exija el uso del bien que haya tomado en arrendamiento.

**Artículo 2726.-** La pérdida o deterioro del bien alquilado, se presume siempre a cargo del arrendatario, a menos que pruebe que sobrevino sin culpa suya, en cuyo caso será a cargo del alquilador.

**Artículo 2727.-** Aún cuando la pérdida o deterioro sobrevengan por caso fortuito, serán a cargo del arrendatario, si éste usó el bien de un modo no conforme con el contrato.

**Artículo 2728.-** El arrendatario de un animal está obligado a darle de comer y beber durante el tiempo en que lo tenga en su poder, de modo que no se desmejore, y a curarle las enfermedades ligeras. sin poder cobrar nada al dueño.

**Artículo 2729.-** Los frutos del animal alquilado pertenecen al dueño, salvo convenio en contrario, y en caso de que muera, sus despojos serán entregados por el arrendatario al dueño, sí son de alguna utilidad y es posible el transporte.

**Artículo 2730.-** Cuando se arrienden dos o más animales que forman un todo, como una yunta o un tiro, y uno de ellos se inutiliza, se rescinde el al arrendamiento, a no ser que el dueño quiera dar otro que forme un todo con el que sobrevivió.

**Artículo 2731.-** Si en el arrendamiento de un predio rústico se incluyere el ganado de labranza o de cría existente en él, el arrendatario tendrá, respecto del ganado, los mismos derechos y obligaciones que el usufructuario, pero no está obligado a dar fianza.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2732.-** Lo dispuesto en el artículo 2724 es aplicable a los aperos de la finca arrendada.

## CAPÍTULO NOVENO
### Del Alquiler de los Medios de Transporte

**Artículo 2733.-** El dueño de un medio de transporte que lo alquile descarga en la persona del arrendatario, por mero efecto del contrato y mientras éste dure y no le sea devuelto el bien al alquilador, toda la responsabilidad que legalmente pudiera corresponderle como porteador en los transportes que se lleven a cabo con la embarcación, aeronave, automóvil, autobús, cabalgadura, u otro similar, de su propiedad, materia del arrendamiento.

El alquilador debe, sin embargo, declarar los defectos del bien alquilado, y es responsable de los daños y perjuicios que resulten de la falta de esta declaración.

**Artículo 2734.-** Si el medio de transporte se inutiliza o concretamente la cabalgadura muere o se enferma durante el alquiler, la pérdida será de cuenta del alquilador, si no prueba que el daño sobrevino por culpa del otro contratante.

**Artículo 2735.-** El arrendamiento del medio de transporte puede ser, o bien de la especie conocida como alquiler del casco desnudo, es decir, que no incluye los servicios del conductor individual o en su caso de la tripulación colectiva del medio de transporte, o bien de la especie contraria, esto es, que incluya tales servicios.

En el primero de estos casos la responsabilidad que al respecto establece el artículo 96 será a cargo del arrendatario -responsabilidad por hechos de otros-, ya que él será quien directamente contrate, para quedar bajo su dependencia y dirección, con el nuevo conductor o tripulación por la prestación de los servicios de éstos; en tanto que en el segundo caso la responsabilidad -la misma responsabilidad por hechos ajenos- estará a cargo del alquilador, salvo estipulación en contrario o que el arrendatario obligue al personal a obedecerlo en la ejecución del acto que haya dado origen al daño o daños causados.

## CAPÍTULO DÉCIMO
### Del Modo de Terminar el Arrendamiento

**Artículo 2736.-** El arrendamiento puede terminar:

**I.-** Por haberse cumplido el plazo fijado en el contrato o por la ley, o por estar satisfecho el objeto para el que el bien fue arrendado;

**II.-** Por convenio expreso;

**III.-** Por nulidad;

**IV.-** Por rescisión;

**V.-** Por confusión;

**VI.-** Por pérdida o destrucción total del bien arrendado, causadas por caso fortuito fuerza mayor;

**VII.-** Por expropiación del bien arrendado hecha por causa de utilidad pública; y

**VIII.-** Por evicción del bien dado en arrendamiento.

**Artículo 2737.-** Si el arrendamiento se ha hecho por tiempo determinado, concluye en el día prefijado sin necesidad de desahucio. Si no se ha señalado tiempo, se observará lo que dispone el artículo 2714.

**Artículo 2738.-** A más tardar quince días después de vencido un contrato de arrendamiento, tendrá derecho el inquilino, siempre que esté al corriente en el pago de las rentas, a pedir que se le prorrogue hasta por un año ese contrato. Podrá el arrendador aumentar hasta un diez por ciento, la renta anterior, siempre que demuestre que los alquileres en la zona de que se trate, han sufrido alzas que justifiquen el aumento.

Quedan exceptuados de la obligación de prorrogar el contrato de arrendamiento los propietarios que quieran habitar la casa, ocupar personalmente el local destinado a despacho, industria o comercio, o cultivar la finca cuyo arrendamiento ha vencido, bajo el concepto de que si pasados tres meses de la ejecutoriación del fallo respectivo el arrendador no habitare la casa, no cultivare el predio o no ocupare personalmente el local destinado a despacho, comercio o industria, será condenado, en el procedimiento sumarísimo que señale el Código de la materia, a entregarle al inquilino, por vía de indemnización, el importe de la renta correspondiente a los meses que fije discrecionalmente el Juez o Tribunal y que no podrá exceder de doce meses.

**Artículo 2739.-** Si después de terminado el arrendamiento y su prórroga, si la hubo, continúa el arrendatario sin oposición en el goce y uso del predio, y éste es rústico, se entenderá renovado el contrato por otro año, y por tiempo indefinido si la finca es urbana.

En cualquiera de ambos casos el arrendatario deberá pagar la renta que corresponda al tiempo que exceda al del contrato, con arreglo a lo que pagaba.

**Artículo 2740.-** Cuando haya prórroga en el contrato de arrendamiento o tácita reconducción a que respectivamente se refieren los dos artículos anteriores, cesan las obligaciones otorgadas por un tercero para la seguridad del arrendamiento, salvo convenio en contrario.

**Artículo 2741.-** El arrendador puede exigir la rescisión del contrato:

**I.-** Por falta de pago de la renta en los términos prevenidos en la fracción I del artículo 2683;

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**II.-** Por usarse el bien en contravención a lo dispuesto en la fracción III del artículo 2695; y

**III.-** Por el subarriendo del bien en contravención a lo dispuesto en el artículo 2716.

**Artículo 2742.-** Si el arrendador, sin motivo fundado, se opone al subarriendo que con derecho pretenda hacer el arrendatario, podrá éste pedir la rescisión del contrato.

**Artículo 2743.-** Si el usufructuario no manifestó su calidad de tal al hacer el arrendamiento, y por haberse consolidado la propiedad con el usufructo, exige el propietario la desocupación de la finca, tiene el arrendatario derecho para demandar al arrendador la indemnización de daños y perjuicios.

**Artículo 2744.-** Si el predio dado en arrendamiento fuere enajenado judicialmente, el contrato de arrendamiento subsistirá, a menos que aparezca que se celebró dentro de los sesenta días anteriores al secuestro de la finca, en cuyo caso el arrendamiento podrá darse por concluido.

**Artículo 2745.-** En los casos de expropiación y de ejecución judicial, se observará, en lo conducente, lo dispuesto en el artículo 2713.

# TÍTULO OCTAVO
## Del Arrendamiento Financiero o contrato de lising

**Artículo 2746.-** En el arrendamiento financiero hay una unión de contratos, por el primero de los cuales el arrendador adquiere en propiedad del fabricante o proveedor el bien o bienes que, con el conocimiento de éste, ha elegido para su uso el arrendatario y que el proveedor deberá entregarle directamente a nombre del adquirente; y por el segundo contrato el arrendatario, por un plazo fijo y forzoso para ambas partes, adquiere el uso o disfrute temporal de los referidos bienes mediante el pago periódico de determinada prestación de dinero, obligándose el arrendador, al vencimiento del plazo del contrato, a vender al arrendatario los bienes por su valor residual; o a renovar el arrendamiento sobre las nuevas bases que de común acuerdo fijarán ambas partes tomando en cuenta fundamentalmente la amortización del precio mediante las rentas pagadas y el deterioro por el uso del bien arrendado; o, por último, a dar simplemente por terminado el contrato y recibiendo el arrendador, en el estado en que el mismo uso los haya dejado, el bien o bienes arrendados.

**Artículo 2747.-** El arrendamiento financiero puede presentar cualquiera de las siguientes características:

**I.-** El arrendador puede ser el fabricante o proveedor, quedando, por ello mismo, eliminado el primero de los contratos citados en el artículo anterior; y

**II.-** El vendedor de un bien o de un conjunto de bienes puede conservar aquél o éstos, para usados temporalmente como arrendatario del comprador de los mismos, mediante el pago de la renta correspondiente.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2748.-** En el arrendamiento financiero neto, la renta se fija atendiendo al precio de los bienes que son su objeto y a las ganancias lícitas que ha de obtener el arrendador, sin incluir los impuestos de importación y los gastos de instalación y de operación.

**Artículo 2749.-** En el arrendamiento financiero global, los gastos a que se refiere el artículo anterior los cubre el arrendador por cuenta del arrendatario y los cobra inc1uyéndolos en las rentas periódicas.

**Artículo 2750.-** En el arrendamiento financiero mixto los gastos mencionados en el artículo 2748 los proporcionarán ambos contratantes, en la proporción que convengan, y si los paga totalmente el arrendador sólo podrá repercutirlos, en el monto de las rentas periódicas hasta el importe de lo que sea a cargo del arrendatario.

**Artículo 2751.-** Puede pactarse que en la renta estén o no incluidos el mantenimiento del bien arrendado y la asesoría técnica para el manejo del mismo.

El pacto puede celebrado directamente el fabricante con el arrendatario, o éste con el arrendador, previo convenio en este último caso, de éste y el fabricante.

Los referidos servicios pueden también prestarse gratuitamente o mediante el pago adicional periódico de una determinada cantidad de dinero.

**Artículo 2752.-** El contrato celebrado entre el proveedor-vendedor y el arrendador-adquirente, como el convenio entre el arrendador financiero y el arrendatario deberán constar por escrito.

**Artículo 2753.-** El arrendamiento financiero se perfecciona con la entrega al arrendatario del bien arrendado.

**Artículo 2754.-** Las relaciones entre proveedor-vendedor y arrendador-adquirente por una parte, y entre arrendador financiero y arrendatario por otra, se rigen por lo que convengan ellos en los respectivos contratos y por las disposiciones de este título, y en lo no previsto por las normas que rigen los contratos de compraventa para las dos primeras personas y de arrendamiento para las dos segundas.

**Artículo 2755.-** El arrendador-financiero tendrá en todo tiempo la facultad de inspeccionar el uso y vigilar la conservación de los bienes arrendados.

**Artículo 2756.-** Las disposiciones de este título son aplicables al arrendamiento financiero cuando el arrendar no celebra este contrato como una actividad habitual.

## TÍTULO NOVENO
### Del Contrato de Tiempo Compartido

**Artículo 2757.-** Por el contrato de habitación en tiempo compartido de casas o departamentos amueblados, el compartidor se obliga a concederle al compartidario el uso del inmueble materia del contrato, por el plazo que convengan; a cambio del uso el

compartidario se obliga a pagarle al compartidor un precio cierto y en dinero, en una sola exhibición o en abonos, así como una cantidad más, también de dinero, que puede ser variable, por gastos que se causen por el servicio y mantenimiento.

**Artículo 2758.-** El compartidor podrá prestar los servicios a que se refiere la parte final del artículo anterior, por mediación de sus propios empleados o contratándolos con personas dedicadas a esas actividades.

**Artículo 2759.-** El importe de los gastos de servicio y mantenimiento sólo puede aumentarse, cuando aumente su costo, y si compartidor y compartidario no se ponen de acuerdo sobre el aumento, el importe de éste lo fijará el Juez.

**Artículo 2760.-** Para los efectos del artículo 2757, por casa o departamento amueblado se entiende todo inmueble equipado con muebles de comedor, recámara, utensilios de cocina, cocineta o estufa con su equipo de gas para cocinar, manteles o manteletes, vajilla y cubiertos, toallas para el cuarto de baño y ropa de cama.

**Artículo 2761.-** Para celebrar el contrato de habitación en tiempo compartido, deberá obtenerse de la Secretaría Estatal de Obras Públicas, una constancia de que la construcción de las casas o edificios de que se trate, con sus pasillos, andadores, escaleras, elevadores, patios, estacionamientos y demás dependencias de uso común satisfacen las exigencias técnicas y de seguridad sanitarias que sirvieron de base para el otorgamiento de la licencia de construcción.

**Artículo 2761 Bis.-** Para que pueda constituirse el régimen de tiempo compartido para el servicio turístico, se requiere que el propietario del inmueble o la persona que con legítima causa pueda disponer del mismo, acuda ante notario público y formalice mediante escritura pública la declaración unilateral por la que su inmueble se destina parcial o totalmente, en forma irrevocable, al uso exclusivo de la prestación de los servicios turísticos que integran el régimen de tiempo compartido, debiendo acompañar para estos efectos los siguientes documentos:

**A.** Título de propiedad del inmueble o documentos que acreditan que puede disponer legítimamente del mismo; y que no tenga limitaciones de dominio o gravámenes;

**B.** Copia del plano general y de las unidades afectas al tiempo compartido debidamente certificados con sus correspondientes medidas, colindancias y características específicas de construcción;

**C.** Descripción y número de unidades vacacionales e instalaciones afectas al tiempo compartido;

**D.** Plazo por el cual se afecta el inmueble o la parte proporcional del mismo con el régimen de tiempo compartido;

**E.** Condiciones en que se prorrogará la afectación a que se refiere la declaración; y

**F.** Los casos en que pueda ser modificada la propia escritura.

Una vez protocolizada la declaratoria, se inscribirá en el registro público de la propiedad y del comercio de la jurisdicción que corresponda, y solamente por sentencia judicial podrá dejarse sin efectos la declaratoria, cuando se le demuestre al juez que no existe ningún contrato vigente de tiempo compartido que se refiera al inmueble que se pretende liberar".

<div align="right">

*Artículo adicionado POE 15-05-1991*
</div>

**Artículo 2762.-** Los contratos de tiempo compartido y los de tiempo compartido turístico celebrados sin las licencias, requisitos y autorizaciones a los que se refieren este Título Noveno, la Ley de Obras Públicas y Privadas del Estado y la Ley Orgánica Municipal para el Estado, estarán afectados de nulidad absoluta y el compartidor y/o el promotor, será sancionado por el presidente municipal con multa según el caso, hasta el equivalente a veinte mil días del salario mínimo vigente al día de pago de la sanción.

Para los efectos de este artículo se entiende por régimen de tiempo compartido turístico, al servicio que se presta conforme a las disposiciones de la Ley Federal del Turismo, el Reglamento de la Prestación del Servicio Turístico del Sistema de Tiempo Compartido y demás reglamentos aplicables de la materia.

<div align="right">

*Artículo reformado POE 15-05-1991*
</div>

**Artículo 2763.-** En los casos en que las personas, ya sea compartidor y/u operador, sujetas a sanciones a que se refiere el presente código, deban responder de otras sanciones dictadas por autoridades distintas, el presidente municipal, cuando así lo acuerden dichas autoridades, podrán mediante un fideicomiso, concentrar bienes y derechos de la persona sancionada para que se destinen al cumplimiento de las obligaciones y servicios con tratados por los compartidarios con la persona sancionada.

En la legislación específica que en materia de tiempo compartido turístico sea expedida por la legislatura y por la reglamentación que expidan los respectivos ayuntamientos, se fijarán las modalidades, requisitos y condiciones en que se podrá efectuar dicha concentración de bienes y derechos.

<div align="right">

*Artículo reformado POE 15-05-1991*
</div>

**Artículo 2764.-** La duración del contrato será de cinco años forzosos para ambas partes, renovables por períodos también de cinco años.

No podrá hacerse ninguna renovación si los cinco años de ella no están comprendidos dentro del tiempo probable de vida del inmueble.

Para los efectos de esta disposición el Presidente Municipal, con la periodicidad que proceda, mandará practicar, estudios técnicos que determinen dicha vida probable y cuyo resultado notificará al compartidor para su conocimiento y efectos.

La renovación que se haga contrariando el segundo párrafo de este precepto, estará afectada de nulidad absoluta y además, independientemente de que se promueva o no

tal nulidad, el compartidor infractor será sancionado con una multa equivalente al importe de quinientos a dos mil quinientos días de salario mínimo, que en cada caso le impondrá el Presidente Municipal.

Tanto el contrato de habitación en tiempo compartido, como su renovación, son formales y consensuales y se perfeccionan por el mero consentimiento de las partes expresado en dicha formalidad escrita, misma que sólo será notarial si las partes así lo convienen.

**Artículo 2765.-** El compartidario, ocupe o no el inmueble durante el plazo que le corresponda de acuerdo con su contrato, está obligado a pagar la cuota anual de servicio y mantenimiento a que se refiere la parte final del artículo 2757.

**Artículo 2766.-** El incumplimiento en el pago por el compartidario de los citados gastos faculta al compartidor para negarle el uso del inmueble, sin perjuicio de que el compartidor arriende el inmueble y aplique la renta al pago del adeudo.

**Artículo 2767.-** A efecto de facilitar y aun asegurar el arrendamiento, el compartidario deberá avisar con toda oportunidad al compartidor que no ocupará el inmueble en el tiempo que le corresponde.

**Artículo 2768.-** El compartidario podrá ceder libremente sus derechos dando formal conocimiento al compartidor de quién es el nuevo titular de aquéllos.

**Artículo 2769.-** Con las limitaciones que imponen las; leyes y reglamentos de orden público, la moral y las buenas costumbres, el compartidario goza de la más amplia libertad, durante el tiempo que por su contrato le corresponda, para usar del inmueble, pudiendo, en consecuencia, habitarlo solo, con su familia o con sus amistades, prestarlo, rentado y recibir en él visitas y huéspedes.

**Artículo 2770.-** Si los compartidarios fueren varios pueden designar a una o más personas para que los representen en todo lo que a sus intereses comunes se refiere, frente al compartidor y toda clase de autoridades o someterse, en lo conducente, y en lo que no se oponga a las normas de este título a lo dispuesto por este Código para el régimen de Propiedad en Condominio.

**Artículo 2771.-** Ninguna multa de las autorizadas por este título podrá imponerse sin oír previamente al interesado y recibirle, en su caso, las pruebas que ofrezca y sean en derecho procedentes.

**Artículo 2772.-** En todo lo no previsto en este título son aplicables, en lo conducente, las disposiciones de este Código relativas a los contratos de arrendamiento y de hospedaje.

**Artículo 2773.-** Puede también darse el uso, en tiempo compartido, de bienes muebles, como computadoras, tractores u otros similares, en cuyo caso se estará fundamentalmente a lo que sobre el particular convengan las partes y, en lo que fueren omisas y en lo conducente, a lo que en este título se dispone.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

# TÍTULO DÉCIMO
## Del Depósito y del Secuestro

## CAPÍTULO PRIMERO
### Del Depósito

**Artículo 2774.-** El depósito es un contrato por el cual el depositario se obliga a custodiar el bien, mueble o inmueble, que el depositante le confía, y a restituido cuando éste se lo pida.

**Artículo 2775.-** Salvo pacto en contrario, el depositario tiene derecho a exigir retribución por el depósito, la cual se arreglará a los términos del contrato y, en su defecto, a la costumbre del lugar en que se constituya el depósito.

**Artículo 2776.-** Por el depósito en administración, o sea el que se constituye sobre títulos, valores, efectos o documentos que devenguen intereses, el depositario queda obligado a realizar el cobro de éstos en las épocas de su vencimiento, así como también a practicar cuantos actos sean necesarios para que los efectos depositados conserven el valor y los derechos que les sean inherentes y que les correspondan con arreglo a las leyes.

**Artículo 2777.-** La incapacidad de uno de los contratantes no exime al otro de las obligaciones a que están sujetos el depositante y el depositario.

**Artículo 2778.-** El incapaz que acepte el depósito puede, si se le demanda por daños y perjuicios, oponer como excepción la nulidad del contrato; mas no podrá eximirse de restituir el bien depositado si se conserva aún en su poder, ni de restituir el provecho que hubiere recibido de su enajenación.

**Artículo 2779.-** Cuando la incapacidad no fuere absoluta y el depositario hubiere procedido con dolo o mala fe, podrá ser condenado al pago de daños y perjuicios.

**Artículo 2780.-** El depositario está obligado:

**I.-** A conservar el bien objeto del depósito, según lo reciba;

**II.-** A devolverlo cuando el depositante se lo pida, aunque al constituirse el depósito se hubiere fijado plazo y éste no hubiere llegado;

**III.-** A responder de los menoscabos, daños y perjuicios que el bien depositado sufriere por su malicia o negligencia; y

**IV.-** A dar el aviso a que se refiere el artículo que sigue.

**Artículo 2781.-** Si después de constituido el depósito, el depositario tiene conocimiento de que el bien es robado y de quién es el verdadero dueño, debe dar el correspondiente aviso a éste o a la autoridad competente, con la reserva debida.

**Artículo 2782.-** Si dentro de los ocho días siguientes al aviso no se le manda judicialmente retener o entregar el bien, puede devolverlo al que lo depositó, sin que por ello quede sujeto a responsabilidad alguna.

**Artículo 2783.-** Será el depositario personalmente quien recurra por escrito al Juez para pedirle la orden de retención o de depósito judicial del bien, si descubre y prueba que éste es suyo y el depositante insiste en sostener sus derechos.

**Artículo 2784.-** Siendo varios los depositantes de un solo bien o cantidad, no podrá el depositario entregarlos sino con previo consentimiento de la mayoría de aquéllos computado por cantidades y no por personas, a no ser que al constituirse el depósito se haya convenido en que la entrega se haga a cualquiera de los depositantes.

**Artículo 2785.-** El depositario entregará a cada depositante una parte del bien, si al constituirse el depósito se señaló la que a cada uno corresponde.

**Artículo 2786.-** Si no hubiere lugar designado para la entrega del bien depositado, la devolución se hará en el lugar donde éste se halle y los gastos de entrega serán de cuenta del depositante.

**Artículo 2787.-** El depositario no está obligado a entregar el bien cuando judicialmente se haya mandado retener o embargar.

**Artículo 2788.-** El depositario puede devolver el bien al depositante:

**I.-** Antes de vencerse el plazo convenido, si existe una causa justa para devolverlo; y

**II.-** Si no hay plazo estipulado, cuando lo quiera.
En ambos casos el depositario debe avisar al depositante con una prudente anticipación, si se necesita preparar algo para la guarda del bien.

**Artículo 2789.-** El depositante, además de pagarle al depositario sus honorarios de acuerdo con lo dispuesto en el artículo 2775, está obligado a cubrirle todos los gastos que haya hecho en la conservación del depósito y a indemnizarlo de los perjuicios que por él haya sufrido.

**Artículo 2790.-** El depositario no puede retener el bien, aun cuando al pedírselo no haya recibido el importe de las expensas a que se refiere el artículo anterior; pero sí podrá en este caso, si el pago no se le asegura, pedir judicialmente la retención del depósito.

Tampoco puede retener el bien en garantía de ningún otro crédito que tenga contra el depositante.

**Artículo 2791.-** Los dueños de establecimientos en donde se reciben huéspedes son responsables del deterioro, destrucción o pérdida de los efectos introducidos en el establecimiento con su consentimiento o el de sus empleados autorizados, por las personas que ahí se alojen; a menos que prueben que el daño sufrido es imputable a

estas personas, o sus acompañantes, a sus servidores o a quienes los visiten, o que provienen de caso fortuito, fuerza mayor o vicios de los mismos efectos.

**Artículo 2792.-** Para que las personas a que se refiere el artículo anterior sean responsables del dinero, valores u objetos de precio notoriamente elevado que introduzcan en tales establecimientos las personas que allí se alojan, es necesario que sean entregados en depósito a ellos o a sus empleados debidamente autorizados.

**Artículo 2793.-** El posadero no se exime de la responsabilidad que le imponen los dos párrafos anteriores por avisos que ponga en su establecimiento para eludirla. Cualquier pacto que celebre, limitando o modificando esa responsabilidad, será nulo.

**Artículo 2794.-** Los propietarios de fondas, cafés, casas de baño y otros establecimientos semejantes, no responden de los efectos que introduzcan los parroquianos, a menos que los pongan bajo el cuidado de los empleados del establecimiento.

## CAPÍTULO SEGUNDO
### Del Secuestro

**Artículo 2795.-** El secuestro es el depósito de una cosa litigiosa en poder de un tercero, hasta que se decida a quién debe entregarse.

**Artículo 2796.-** El secuestro es convencional o judicial.

**Artículo 2797.-** El secuestro convencional es un contrato que se realiza cuando los litigantes depositan el bien litigioso en poder de un tercero que se obliga a entregarlo, concluido el pleito, al que tenga derecho a él conforme a la sentencia o en su caso al laudo arbitral o al acuerdo transaccional de las partes, pasado en autoridad de cosa juzgada.

**Artículo 2798.-** El secuestro judicial es un acto jurídico plurilateral en el que intervienen, aparte de la voluntad de la ley que lo fundamenta, la de la autoridad que lo ordena, la del actuario que lo practica y la del depositario que acepta desempeñarlo y se rige por las disposiciones relativas del Código de Procedimientos Civiles.

**Artículo 2799.-** El encargado del secuestro convencional no puede liberarse de él antes de la terminación del pleito, sino consintiendo en ello todas las partes interesadas, o por una causa que el Juez declare legitima.

**Artículo 2800.-** El secuestro convencional se rige además, por lo dispuesto en este Código para el depósito.

## TÍTULO UNDECIMO
### Del Mandato

## CAPÍTULO PRIMERO
### Disposiciones Generales

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2801.-** El mandato es un contrato por el que el mandatario se obliga a ejecutar, por cuenta y a nombre del mandante, o sólo por cuenta de éste los actos jurídicos que el mandante le encarga.

**Artículo 2802.-** Si el mandato se otorga sin estar presente el mandatario, el contrato se perfeccionará sólo hasta que éste, expresa o tácitamente lo acepte.

La aceptación tácita la constituye todo acto que el mandatario realice en ejecución del mandato.

**Artículo 2803.-** El mandato que implica el ejercicio de una profesión se presume aceptado cuando es conferido a personas que ofrecen al público ese ejercicio, por el solo hecho de que permanezcan silentes y no lo rehúsen dentro de los tres días que sigan al en que reciban el documento correspondiente.

**Artículo 2804.-** Pueden ser objeto del mandato todos los actos licitas para los que la ley no exige la intervención personal del interesado.

**Artículo 2805.-** Solamente será gratuito el mandato cuando así se haya convenido expresamente.

**Artículo 2806.-** El mandato puede ser escrito o verbal.

**Artículo 2807.-** El mandato escrito puede otorgarse:

**I.** En escritura pública; y podrá contener el plazo o condición por el cual el mandante de forma voluntaria lo confiere, incluso si éste se confiere por tiempo indefinido.

Si por alguna razón el mandato no determina vigencia, éste se entenderá que es de tres años contados a partir de su otorgamiento;

*Fracción reformada POE 07-09-2022*

**II.-** En carta poder firmada por el otorgante y dos testigos y ratificadas las firmas ante notario público, Juez de Primera Instancia, Menor o de Paz, o ante el correspondiente funcionario administrativo cuando el mandato se otorgue para asuntos administrativos; y

**III.-** En carta poder firmada por el otorgante y dos testigos sin ratificación de firmas.

**Artículo 2808.-** El mandato verbal es el otorgado de palabra entre presentes, hayan o no intervenido testigos; siempre será especial, y sólo podrá otorgarse para asuntos hasta de cinco mil pesos.

Cuando el mandato haya sido verbal debe ratificarse por escrito antes de que concluya el negocio para el que se dio.

**Artículo 2809.-** El mandato escrito puede ser general o especial. Son generales los contenidos en cualquiera de los tres primeros párrafos del artículo siguiente, pero si

comprende los tres, el poder será general amplísimo. Cualquier otro mandato tendrá el carácter de especial.

**Artículo 2810.-** En todos los poderes generales para pleitos y cobranzas bastará que se diga que se otorga con todas las facultades generales y las especiales que requieran cláusula especial conforme a la ley, para que se entiendan conferidos sin limitación alguna.

En los poderes generales para administrar bienes bastará expresar que se dan con ese carácter, para que el apoderado tenga toda clase de facultades administrativas.

En los poderes generales para ejercer actos de dominio, con la sola excepción de la donación, que en este Código es un negocio jurídico personalísimo para el donante y por tanto no admite la representación en cuanto a éste, bastará que se diga que dichos poderes generales se dan con ese carácter para que el apoderado tenga todas las facultades de dueño, tanto en lo relativo a los bienes, como para hacer toda clase de gestiones a fin de defenderlos.

Cuando se quieran limitar, en los tres casos antes mencionados, las facultades de los apoderados, se consignarán las limitaciones o se otorgarán al respecto poderes especiales.

Los notarios insertarán este artículo en los testimonios de los poderes que ante ellos se otorguen. Lo mismo harán al calce del poder y antes de las firmas de la ratificación si es que en el texto del documento no lo hubieran insertado los interesados, los funcionarios ante quienes los otorgantes y los testigos ratifiquen sus firmas de conformidad con la fracción II del artículo 2807 en relación con el 218 y el 2811. Sin esta inserción. los aludidos testimonios y las mencionadas ratificaciones carecerán de todo efecto legal.

**Artículo 2811.-** El mandato debe otorgarse en escritura pública o en carta poder firmada ante dos testigos y ratificadas las firmas del otorgante y testigos ante notario, o ante los jueces o autoridades administrativas correspondientes:

**I.-** Cuando sea general;

**II.-** Cuando el interés del negocio para el que se confiere exceda de cinco mil pesos; y

**III.-** Cuando en virtud de él haya de ejecutar el mandatario, a nombre del mandan te, algún acto que conforme a la ley debe constar en instrumento público.

**Artículo 2812.-** El mandato podrá otorgarse en escrito privado firmado ante dos testigos sin que sea necesaria la ratificación de las firmas, cuando el interés del negocio para el que se confiere sea hasta de cinco mil pesos, sin perjuicio de que el mandato en este caso pueda también ser verbal según el artículo 2808.

**Artículo 2813.-** La omisión de los requisitos formales establecidos en los artículos que precede, anula el mandato, y sólo deja subsistentes las obligaciones contraídas entre el

CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO

tercero que haya procedido de buena fe y el mandatario, como si éste hubiese obrado en negocio propio.

**Artículo 2814.-** Si el mandante, el mandatario y el que haya tratado con éste proceden de mala fe, ninguno de ellos tendrá derecho a hacer valer la falta de forma del Mandato.

**Artículo 2815.-** En el caso del artículo 2813, podrá el mandante exigir del mandatario la devolución de las sumas que le haya entregado y respecto de las cuales será considerado el último como simple depositario.

**Artículo 2816.-** El mandatario, mediante convenio celebrado entre él y el mandante, podrá desempeñar el mandato tratando en su propio nombre o en el del mandante. Es representativo el mandato en este último caso, y no representativo en el otro.

**Artículo 2817.-** Cuando el mandatario obra en su propio nombre, el mandante no tiene acción contra las personas con quienes el mandatario ha contratado ni éstas tampoco contra el mandante.

En este caso, el mandatario es el obligado directamente en favor de la persona con quien ha contratado, como si el asunto fuere personal suyo. Exceptuándose el caso en que se trate de bienes inmuebles del mandante.

Lo dispuesto en este artículo se entiende sin perjuicio de las elecciones entre mandante y mandatario.

**Artículo 2818.-** En el caso del artículo anterior, el mandatario deberá transferir al mandante los bienes o derechos que por cuenta de éste hubiera adquirido, y firmar los documentos o contratos necesarios para que pueda el poderdante ser titular de esos bienes o derechos,

**Artículo 2819.-** Cuando el mandatario vende los bienes que el mandante le dio para su enajenación en mandato no representativo, queda aquél obligado a entregarle al mandante el precio de la enajenación, previa la rendición de las cuentas correspondientes.

**CAPÍTULO SEGUNDO**
**De las Obligaciones del Mandatario con respecto al Mandante**

**Artículo 2820.-** El mandatario, en el desempeño de su encargo, se sujetará a las instrucciones recibidas del mandante y en ningún caso podrá proceder contra disposiciones expresas del mismo.

**Artículo 2821.-** En lo no previsto y cuando expresamente se establezca que para la ejecución de determinados actos debe el mandatario comunicarlo al mandante, así se hará siempre que lo permita la naturaleza del negocio. Si no fuere posible la consulta o estuviere el mandatario autorizado para obrar a su arbitrio, hará lo que la prudencia dicte; cuidando del negocio como propio.

**Artículo 2822.-** Si un accidente imprevisto hiciere, a juicio del mandatario, perjudicial la ejecución de las instrucciones recibidas, podrá suspender el cumplimiento del mandato, comunicándolo así al mandante por el medio más rápido.

**Artículo 2823.-** En las operaciones hechas por el mandatario con violación o con exceso del encargo recibido, además de la indemnización a favor del mandante por los daños y perjuicios que se le causen, quedará a opción de éste, ratificarlas o dejarlas a cargo del mandatario.

**Artículo 2824.-** El mandatario está obligado a dar oportunamente al mandante noticia de todos les hechos o circunstancias que puedan determinarlo a revocar o modificar el encargo. Asimismo debe dársela, sin demora, de la ejecución de dicho encargo.

**Artículo 2825.-** El mandatario no puede compensar los perjuicios que cause con los provechos que por otro motivo haya procurado al mandante.

**Artículo 2826.-** El mandatario que se exceda de sus facultades es responsable de los daños y perjuicios que cause al mandante y al tercero con quien contrató, si éste ignoraba que aquél traspasaba los límites del mandato.

**Artículo 2827.-** El mandatario está obligado a dar al mandante cuentas exactas de su administración, conforme al convenio, si lo hubiera; no habiéndolo, cuando el mandante se las pida y, en todo caso, al fin del contrato.

**Artículo 2828.-** El mandatario tiene obligación de entregar al mandante todo lo que haya recibido en virtud del poder, aun cuando lo que el mandatario recibió no fuere debido al mandante.

**Artículo 2829.-** El mandatario debe pagar los intereses de las sumas que pertenezcan al mandante y que haya distraído de su objeto e invertido en provecho propio, desde la fecha de inversión, así como los de las cantidades en que resulte alcanzado, desde que se constituyó en mora. Los aludidos intereses se causarán al dieciocho por ciento anual.

**Artículo 2830.-** Si se confiere un mandato a diversas personas respecto de un mismo negocio, aunque sea en un solo acto, no quedarán solidariamente obligadas si no se convino así expresamente.

**Artículo 2831.-** El mandante puede autorizar al mandatario a que substituya el mandato a favor de otra persona, o simplemente a que lo delegue.

En el primero de estos casos hay una cesión de posición contractual y el apoderado substituido se desliga de su calidad de mandatario frente al mandante y los terceros, calidad que asume el apoderado substituto.

En el segundo caso, el apoderado delegante conserva su calidad de mandatario, y responde de sus propios actos y de los actos del delegado, a quien puede revocarle el cargo en todo momento.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2832.-** Si el mandante designó al mandatario la persona que deba substituirlo, no podrá nombrar a otra y al nombrarla se desliga por completo de toda responsabilidad; pero si no se designó sustituto, podrá nombrar a quien quiera. En este último caso el apoderado substituido solamente responderá de los actos del substituto cuando fuere de mala fe la elección de éste o el mismo se hallare en notoria insolvencia.

**Artículo 2833.-** El substituto tiene para con el mandante los mismos derechos y obligaciones que el mandatario.

## CAPÍTULO TERCERO
### De las obligaciones del mandante con relación al mandatario

**Artículo 2834.-** El mandante debe anticipar al mandatario, si éste lo pide, las cantidades necesarias para la ejecución del mandato.

Si el mandatario las hubiere anticipado, debe reembolsadas el mandante, aunque el negocio no haya salido bien, con tal que esté exento de culpa el mandatario. El reembolso comprenderá los intereses de la cantidad anticipada, a contar desde el día en que se hizo el anticipo.

Debe también el mandante indemnizar al mandatario de todos los daños y perjuicios que le haya causado -el cumplimiento del mandato, sin culpa ni imprudencia del mismo mandatario.
El mandatario podrá retener en garantía los bienes que son objeto del mandato, hasta que el mandante haga la indemnización y reembolso de que trata este artículo.

**Artículo 2835.-** Si varias personas hubiesen nombrado a un solo mandatario para algún negocio común, le quedan obligadas solidariamente para todos los efectos del mandato.

## CAPÍTULO CUARTO
### De las obligaciones y derechos del mandante y
### del mandatario con relación a tercero

**Artículo 2836.-** Las disposiciones de este capítulo sólo son aplicables al mandato representativo. Para el no representativo rige el artículo 2817.

**Artículo 2837.-** El mandante debe cumplir todas las obligaciones que el mandatario haya contraído dentro de los límites del mandato.

**Artículo 2838.-** El mandatario no tendrá acción para exigir el cumplimiento de las obligaciones contraídas a favor y a nombre del mandante, a no ser que esta facultad se haya incluido también en el poder.

**Artículo 2839.-** Los actos que el mandatario practique a nombre del mandante, pero traspasando los limites expresos del mandato, serán nulos, con relación al mismo mandante, si no los ratifica tácita o expresamente.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2840.-** El tercero que hubiere contratado con el mandatario que se excedió en sus facultades, no tendrá acción contra éste, si le hubiere dado a conocer cuáles fueron aquéllas y no se hubiere obligado personalmente para el caso de que el mandante no aceptare lo pactado al margen de dichas facultades.

## CAPÍTULO QUINTO
### Del mandato judicial o procuración

**Artículo 2841.-** No pueden ser procuradores en juicio:

**I.-** Los incapacitados;

**II.-** Los jueces, magistrados, agentes del Ministerio Público y demás funcionarios y empleados de la ad. ministración de justicia en ejercicio, dentro de los límites de su jurisdicción; y

**III.-** Los empleados de la Hacienda Pública, en cualquiera causa en que puedan intervenir de oficio, dentro de los límites de sus respectivos distritos.

**Artículo 2842.-** El mandato judicial será otorgado en cualquiera de las formas establecidas para el mandato ordinario, o en escrito presentado y ratificado por el otorgante ante el Juez de los autos.

*Párrafo reformado POE 20-10-2021*

La substitución del mandato judicial se hará en la misma forma que su otorgamiento.

El mandato podrá ser ratificado por el otorgante en cualquier tiempo o al inicio de alguna de las audiencias que se susciten con motivo del procedimiento incoado.

*Párrafo adicionado POE 20-10-2021*

En caso de que el otorgante no cuente con identificación oficial que acredite su personalidad, deberá ratificar su mandato mediante la asistencia de dos testigos.

*Párrafo adicionado POE 20-10-2021*

**Artículo 2843.-** El procurador no necesita poder o cláusula especial sino en los casos siguientes:

**I.-** Para desistir;

**II.-** Para transigir;

**III.-** Para comprometer en árbitros o en arbitradores;

**IV.-** Para absolver y articular posiciones;

**V.-** Para hacer cesión de bienes;

**VI.-** Para recibir pagos; y

**VII.-** Para los demás actos que expresamente determine la ley.

Estas facultades se sobreentienden comprendidas en los poderes generales que para pleitos y cobranzas se otorguen en los términos del párrafo primero del artículo 2810, por lo que si se quiere que alguna o algunas de ellas queden fuera del mandato, se deberá hacer en forma expresa la limitación en la misma escritura en que aquél se otorgue.

**Artículo 2844.-** El procurador, aceptado el poder, está obligado:

**I.-** A seguir el juicio por todas sus instancias, incluyendo el amparo, mientras no haya cesado en su encargo por alguna de las causas expresadas en el artículo 2851;

**II.-** A pagar los gastos que se causen a su instancia, salvo el derecho que tiene de que el mandante se los reembolse; y

**III.-** A practicar, bajo la responsabilidad que este Código impone al mandatario, todo lo que sea necesario para la defensa de su poderdante, arreglándose al efecto a las instrucciones que éste le hubiera dado, y si no las tuviere, a lo que exija la naturaleza e índole del litigio.

**Artículo 2845.-** La persona que acepte el mandato de una de las partes, no puede admitir el de la contraria en el mismo juicio, aunque renuncie al primero.

**Artículo 2846.-** El procurador o abogado que revele a la parte contraria los secretos de su poderdante o cliente, o le suministre documentos o datos que lo perjudiquen, será responsable de todos los daños y perjuicios, quedando, además, sujeto a lo que para estos casos dispone el Código Penal.

**Artículo 2847.-** El procurador que tuviere justo impedimento para desempeñar su encargo, no podrá abandonarlo sin substituir el mandato si es que tiene facultades para ello, o en todo caso sin avisar a su mandante, para que nombre a otra persona.

**Artículo 2848.-** La representación del procurador cesa, además de los casos expresados en el artículo 2851:

**I.-** Por separarse el poderdante de la acción u oposición que haya formulado;

**II.-** Por haber terminado la personalidad del poderdante;

**III.-** Por haber transmitido el mandan te a otro sus derechos sobre la cosa litigiosa, luego que la transmisión o cesión sea debidamente notificada y se haga constar en autos;

**IV.-** Por hacer el dueño del negocio alguna gestión en el juicio, manifestando que revoca el mandato;

**V.-** Por nombrar el mandante otro procurador para el mismo negocio.

**Artículo 2849.-** El procurador que ha substituido un poder, puede revocar la substitución si tiene facultades para hacerlo, rigiendo también en este caso, respecto del substituto, lo dispuesto en la fracción IV del artículo anterior.

**Artículo 2850.-** El poderdante puede ratificar antes de la sentencia que cause ejecutoria, lo que el procurador hubiere hecho excediéndose del poder.

## CAPÍTULO SEXTO
### De los diversos modos de terminar el mandato

**Artículo 2851.-** El mandato termina:

**I.-** Por la revocación;

**II.-** Por la renuncia del mandatario;

**III.-** Por la muerte del mandan te o del mandatario;

**IV.-** Por la interdicción de uno u otro;

**V.-** Por el vencimiento del plazo y por la conclusión del negocio para el que fue concedido; y

**VI.-** En el caso previsto por los articulas 562 y 563.

**Artículo 2852.-** A excepción de los casos previstos en el párrafo final de este precepto, el mandato puede ser revocado en todo tiempo y libremente por el mandante o renunciado en igual forma por el mandatario, a pesar de que en el documento respectivo se estipule que es irrevocable e irrenunciable, pues esta estipulación será nula de pleno derecho y se tendrá por no puesta.

La parte que revoque o renuncie el mandato en tiempo inoportuno, deberá indemnizar a la otra parte de los daños y perjuicios que la revocación o la renuncia le llegare a causar a esta otra parte.

Los casos en que el mandato no puede ser revocado ni renunciado son aquéllos en los que su otorgamiento se hubiera estipulado: a) como condición para celebrar un contrato bilateral de vigencia determinada; y, b) como medio para cumplir una obligación contraída por el mandante.

**Artículo 2853.-** El mandato cuyo otorgamiento se hubiera estipulado como una condición en un contrato bilateral, impide que este último surta efectos, hasta que se confiera dicho mandato.

**Artículo 2854.-** Cuando el mandato se otorgue como un medio para pagar una obligación contraída por el mandante en favor del mandatario, este último está facultado para pagarse al ejercer el mandato.

**Artículo 2855.-** Cuando se ha dado un mandato para tratar con determinada persona, el mandante debe notificar a éste la revocación del mandato, so pena de quedar obligado por los actos del mandatario ejecutados después de la revocación, siempre que haya habido buena fe de parte de esa persona.

**Artículo 2856.-** El mandante debe exigir la devolución del instrumento o escrito en que conste el mandato, así como todos los documentos relativos al negocio o negocios que tuvo a su cargo el mandatario.

El mandante que no exija hasta obtenerla la devolución de los documentos que acrediten los poderes del mandatario, responde de los daños que puedan resultar por esa causa a terceros de buena fe.

**Artículo 2857.-** La constitución de un nuevo mandatario para un mismo asunto, importa la revocación del primero desde el día en que se notifique a éste el nuevo nombramiento.

**Artículo 2858.-** Aunque el mandato termine por la muerte del mandante, debe el mandatario continuar en el desempeño del poder entretanto los herederos; proveen por sí mismos a los negocios, siempre que de no continuar en tal desempeño pueda resultar algún perjuicio.

**Artículo 2859.-** En el caso del artículo anterior tiene derecho el mandatario para pedir al Juez que señale un término corto a los herederos a fin de que se presenten a encargarse de sus negocios.

**Artículo 2860.-** Cuando el mandato sea judicial, la muerte del mandante obliga al mandatario a continuar el juicio, hasta que se designe albacea que pueda apersonarse al mismo.

**Artículo 2861.-** Si el mandato termina por muerte del mandatario, deben sus herederos dar aviso al mandante y practicar, mientras éste resuelva, solamente las diligencias que sean indispensables para evitar cualquier perjuicio.

**Artículo 2862.-** El mandatario que renuncie tiene obligación de seguir el negocio mientras el mandante no provee a la procuración, si de lo contrario Se sigue algún perjuicio.

**Artículo 2863.-** Lo que el mandatario, sabiendo que ha cesado el mandato, hiciere con un tercero que ignora el término de la procuración, no obliga al mandante, fuera del caso previsto en el artículo 2855.

## TÍTULO DUODÉCIMO
### Del contrato de prestación de servicios profesionales

**Artículo 2864.-** El que presta y el que recibe servicios profesionales, pueden fijar, de común acuerdo, los honorarios correspondientes, cuando no haya arancel que los regule.

Cuando se trate de profesionales que estuvieren al servicio del Estado o de los municipios o de empresas de los sectores público o privado, sus emolumentos serán cubiertos de acuerdo con los correspondientes presupuestos de egresos en el primer caso, y de los respectivos contratos de trabajo en el segundo.

**Artículo 2865.-** Cuando no hubiere convenio ni arancel, los honorarios se regularán atendiendo juntamente a la costumbre del lugar, a la importancia de los trabajos prestados, a la del asunto o caso en que se prestaren, a las facultades pecuniarias del que recibe el servicio y a la reputación profesional que tenga adquirida el que lo ha prestado.

**Artículo 2866.-** Los que sin tener el título correspondiente ejerzan profesiones para cuyo ejercicio la ley exija título, se harán acreedores a las sanciones señaladas en las leyes respectivas.

**Artículo 2867.-** En la prestación de servicios profesionales pueden incluirse las expensas que hayan de hacerse en el negocio en que aquéllos se presten. A falta de convenio sobre su reembolso, los anticipos serán pagados en los términos del artículo siguiente, con el rédito legal, desde el día en que fueren hechos, sin perjuicio de la responsabilidad por daños y perjuicios cuando hubiere lugar a ella.

**Artículo 2868.-** El pago de los honorarios y de las expensas, cuando las haya, se hará en el lugar del domicilio de quien ha prestado los servicios profesionales, inmediatamente después; de cada servicio, o al fin de todos al ser concluidos, o al separarse el profesional del negocio o trabajo que se le confió.

**Artículo 2869.-** Si varias personas encomendaren un negocio a un profesional, todas ellas serán solidariamente responsables de los honorarios de éste y de los anticipos que hubiere hecho.

**Artículo 2870.-** Cuando varios profesionales en la misma ciencia presten sus servicios en un mismo asunto, cada uno podrá cobrar los servicios que individualmente haya prestado.

**Artículo 2871.-** Los profesionales contratados tienen derecho de exigir sus honorarios, cualquiera que sea el éxito del negocio o trabajo que se les encomiende, salve convenio en contrario.

**Artículo 2872.-** Siempre que un profesional no pueda continuar prestando sus servicios, deberá avisarlo oportunamente al cliente, quedando obligado a satisfacer los daños y perjuicios que se causen, cuando no diere este aviso con oportunidad. Respecto de los abogados se observará además lo dispuesto en el artículo 2845.

**Artículo 2873.-** El que preste servicios profesionales, sólo es responsable hacia el cliente por negligencia, impericia o dolo, sin perjuicio de las penas que merezca en caso de delito.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

## TÍTULO DECIMOTERCERO
### Del contrato de obras a precio alzado

**Artículo 2874.-** Hay contrato de obras a precio alzado, cuando el empresario dirige la obra y pone los materiales, y se ajusta por un precio cerrado o por piezas o medidas, y se rige por las disposiciones de este título; pero si el contratista sólo aporta su dirección técnica el contrato se rige por lo dispuesto en este Código para la prestación de servicios profesionales.

**Artículo 2875.-** Todo el riesgo de la obra correrá a cargo del empresario hasta el acto de la entrega, a no ser que hubiere morosidad de parte del dueño de la obra en recibirla, o convenio expreso en contrario.

**Artículo 2876.-** Siempre que el empresario se encargue por ajuste cerrado de la obra en bien inmueble, se otorgará el contrato por escrito, incluyéndose en él una descripción pormenorizada, y en los casos que lo requieran, un plano o diseño y un presupuesto de la obra.

**Artículo 2877.-** Si no hay plano, diseño ni presupuesto para la ejecución de la obra, las dificultades que surjan entre el empresario y el dueño, se resolverán teniendo en cuenta la naturaleza de la obra, el precio de ella y la costumbre del lugar, previo dictamen de peritos.

**Artículo 2878.-** El perito que formule el plano o el diseño o el presupuesto de una obra, y la ejecute, no puede cobrar el plano, diseño o presupuesto fuera del honorario de la obra; más si ésta no se ha ejecutado por causa del dueño, podrá cobrarlo, a no ser que al encargársela se haya pactado que el dueño no lo pague si no le conviniere aceptarlo.

**Artículo 2879.-** Cuando se haya invitado, bien privadamente o bien mediante convocatoria pública a perito a hacer planos, diseños o presupuestos, con el objeto de escoger entre ellos el que parezca mejor, y los peritos han tenido conocimiento de esta circunstancia, sólo el triunfador tiene derecho a cobrar honorarios.

**Artículo 2880.-** En el caso del artículo anterior, podrá el autor del plano, diseño o presupuesto aceptado, cobrar su valor cuando la obra se ejecutare conforme a él por otra persona.

**Artículo 2881.-** El autor de un plano, diseño o presupuesto que no hubiere sido aceptado, podrá también cobrar su valor si la obra se ejecutare conforme a él por otra persona, aun cuando se hayan hecho modificaciones en los detalles.

**Artículo 2882.-** Cuando al encargarse una obra no se ha fijado precio, se tendrá por tal, si los contratantes no estuviesen de acuerdo después, el que designen los aranceles, o a falta de ellos el que tasen peritos.

**Artículo 2883.-** El precio de la obra se pagará al entregarse ésta, salvo convenio en contrario.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2884.-** El empresario que se encargue de ejecutar alguna obra por precio determinado, no tiene derecho de exigir después ningún aumento, salvo que el precio de les materiales o el de los jornales haya sido aumentado en un veinticinco por clento, por lo menos,

Tampoco podrá el empresario exigir ningún aumento cuando haya habido algún cambio en el plano o diseño, a no ser que sea autorizado por escrito por el dueño y con expresa designación del precio,

**Artículo 2885.-** Una vez pagado y recibido el precio, no ha lugar a reclamación sobre él, a menos que al pagar o recibir, las partes se hayan reservado expresamente el derecho de reclamar.

**Artículo 2886.-** El que se obliga a hacer una obra por ajuste cerrado debe comenzarla y concluida en los términos designados en el contrato y, en caso contrario, en los que sean suficientes a juicio de peritos.

**Artículo 2887.-** El que se obligue a hacer una obra por piezas o por medida, puede exigir que el dueño la reciba en partes y se la pague en proporción de las que vaya recibiendo.

**Artículo 2888.-** La parte pagada se presume aprobada y recibida por el dueño; pero no habrá lugar a esa presunción solamente porque el dueño haya hecho adelantos a buena cuenta del precio de la obra, si no se expresa que el pago se aplique a la parte ya entregada.

**Artículo 2889.-** Lo dispuesto en los dos artículos anteriores no se observará cuando las piezas que se manden construir no puedan ser útiles sino formando reunidas un todo.

**Artículo 2890.-** El empresario que se encargue de ejecutar alguna obra no puede hacerla ejecutar por otro, a menos que se haya pactado lo contrario o el dueño lo consienta. En estos casos, la obra se hará siempre bajo la responsabilidad del empresario.

**Artículo 2891.-** Recibida y aprobada la obra por el que la encargó, el empresario es responsable de los defectos que después aparezcan y que procedan de vicios en su construcción y hechura, mala calidad de los materiales empleados o vicios del suelo en que se fabricó, a no ser que por disposición expresa del dueño se hayan empleado materiales defectuosos, después que el empresario le haya dado a conocer sus defectos, o que se haya edificado en terreno inapropiado elegido por el dueño a pesar de las observaciones del empresario.

**Artículo 2892.-** El dueño de una obra ajustada por un precio fijo puede desistir de la empresa comenzada, con tal que indemnice al empresario de todos los gastos y trabajos y de la utilidad que pudiera haber obtenido lícitamente de la obra.

**Artículo 2893.-** Cuando la obra fue ajustada por peso o medida sin designación del número de piezas o de la medida total, el contrato puede resolverse por una u otra parte, pagadas que sean las partes concluidas.

**Artículo 2894.-** Pagado el empresario de lo que le corresponde según los dos artículos anteriores, el dueño queda en libertad de continuar la obra empleando a otras personas, aun cuando aquélla siga realizándose conforme al mismo plano, diseño o presupuesto.

**Artículo 2895.-** Si el empresario muere antes de terminar la obra, podrá rescindirse el contrato; pero el dueño indemnizará a los herederos de aquél del trabajo y gastos hechos.

La misma disposición tendrá lugar si el empresario no puede concluir la obra por alguna causa independiente de su voluntad.

**Artículo 2896.-** Si muere el dueño de la obra, no se rescindirá el contrato, y sus herederos serán responsables del cumplimiento para con el empresario.

**Artículo 2897.-** Los que por cuenta del empresario realicen parte de la obra a virtud de un contrato que no sea de trabajo y los que le suministren material para la obra, no tendrán acción contra el dueño de ella, sino hasta la cantidad que alcance el empresario, a quien en su caso y oportunidad se denunciará el pleito para los efectos legales correspondientes.

**Artículo 2898.-** El empresario es responsable del trabajo ejecutado por las personas que ocupe en la obra.

**Artículo 2899.-** Cuando se conviniere en que la obra deba hacerse a satisfacción del propietario o de otra persona, se entiende reservada la aprobación, a juicio de peritos.

**Artículo 2900.-** El constructor de cualquiera obra mueble tiene derecho de retenerla mientras no se le pague, y su crédito será cubierto preferentemente con el precio de dicha obra.

**Artículo 2901.-** Los empresarios constructores son responsables por la inobservancia de las disposiciones municipales o de policía en la materia y por todo daño que causen a bienes y personas, incluyendo a los vecinos y a los transeúntes.

## TÍTULO DECIMOCUARTO
### Del contrato de transporte

**Artículo 2902.-** El contrato por el cual alguno se obliga a transportar, bajo su inmediata dirección o la de sus dependientes, por tierra, por agua o por aire, a personas, animales, mercaderías o cualesquiera otros objetos, si no constituyen un contrato mercantil, se regirá por las reglas siguientes.

**Artículo 2903.-** Los porteadores responden:

**I.-** Del daño causado a las personas por defecto de los conductores y medios de transporte que empleen. Este defecto se presume siempre que el empresario no pruebe que el mal aconteció por fuerza mayor o por caso fortuito que no le puede ser imputado;

**II.-** De la pérdida y de las averías de los bienes que reciban, a no ser que prueben que la pérdida o la avería ha provenido de caso fortuito, de fuerza mayor o de vicio de los mismos bienes;

**III.-** De las omisiones o equivocaciones que haya en la remisión de efectos, ya sea que no los envíen en el viaje estipulado, ya sea que los envíen a parte distinta de la convenida;

**IV.-** De los daños causados por retardo en el viaje, ya sea al comenzarlo o durante su curso, o por mutación de ruta, a menos que prueben que un caso fortuito o de fuerza mayor los obligó a ello; y

**V.-** De los bienes que para ser transportados se les entreguen a ellos, o a sus conductores o dependientes, cuando éstos estén autorizados para recibirlos.

**Artículo 2904.-** La responsabilidad de todas las infracciones que durante el transporte se cometan, de leyes o reglamentos fiscales o de policía y tránsito, será del conductor y no de los pasajeros ni de los dueños de los bienes conducidos, a no ser que la falta haya sido cometida por estas personas.

El porteador no será responsable de las mencionadas infracciones en cuanto a las penas, sino cuando tuviere culpa; pero lo será siempre de la indemnización de los daños y perjuicios causados por aquéllas al cargador o a las personas transportadas.

**Artículo 2905.-** Las personas transportadas no tienen derecho para exigir aceleración o retardo en el viaje, ni alteración alguna en la ruta, ni en las detenciones o paradas, cuando estos actos estén marcados por el reglamento respectivo o por el contrato.

**Artículo 2906.-** El porteador de efectos deberá extender al cargador una carta de porte, de la que éste podrá pedir una copia. En dicha carta se expresarán:

**I.-** El nombre, apellido y domicilio del cargador;

**II.-** El nombre, apellido y domicilio del porteador;

**III.-** El nombre, apellido y domicilio del consignatario o sea de la persona a quien o a cuya orden van dirigidos los efectos, o si han de entregarse al portador de la misma carta;

**IV.-** La designación de los efectos, con expresión de su calidad genérica, de su peso y de las marcas o signos exteriores de los bultos en que se contengan;

**V.-** El precio del transporte;

**VI.-** La fecha en que se hace la expedición;

**VII.-** El lugar y la fecha de la entrega hecha al porteador;

**VIII.-** El lugar y el plazo en que habrá de hacerse la entrega al consignatario; y

CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO

**IX.-** La indemnización que haya de abonar el porteador en caso de retardo, si sobre este punto mediare algún pacto.

**Artículo 2907.-** Si el bien transportado fuere de naturaleza peligrosa, de mala calidad o no estuviere convenientemente empacado o envasado, y el daño proviniere de alguna de esas circunstancias, la responsabilidad será del dueño del transporte, si tuvo conocimiento de ellas; en caso contrario, la responsabilidad será del que contrató con el porteador, tanto por el daño que se cause en el bien, como por el que reciban el medio de transporte u otras personas ti objetos.

**Artículo 2908.-** El crédito por fletes que se adeudaren al porteador, será pagado preferentemente con el precio de los efectos transportados, si se encuentran en poder del acreedor, es decir, del porteador.

**Artículo 2009.-** El contrato de transporte es rescindible a voluntad del cargador. antes o después de comenzarse el viaje, pagando en el primer caso al porteador la mitad, y en el segundo la totalidad del porte, siendo obligación suya recibir los efectos en el punto y en el día en que la rescisión se verifíque y si no cumpliere con esta obligación, o no pagare el porte al contado, el contrato no quedará rescindido.

**Artículo 2910.-** El contrato de transporte se rescindirá de hecho antes de emprenderse el viaje, o durante su curso, si sobreviniere algún suceso de fuerza mayor que impida verificarlo o continuarlo.

En este caso cada uno de los interesados perderá los gastos que hubiere hecho si el viaje no se ha verificado; y si está en curso, el porteador tendrá derecho a que se le pague del porte la parte proporcional al camino recorrido, pero tendrá también la obligación de presentar los efectos, para su depósito, a la autoridad judicial del punto en que ya no le sea posible continuarlo, recabando de dicha autoridad la constancia relativa al estado en que se hallan los efectos y dando oportuno conocimiento de estos hechos al cargador, a cuya disposición quedará la carga materia del transporte.

Las acciones para reclamar los derechos que este articulo consigna y en general todas las acciones que nazcan del transporte, en pro o en contra de los porteadores, prescriben seis meses después de concluido el viaje.

## TÍTULO DECIMOQUINTO
### Del contrato de hospedaje

**Artículo 2911.-** Hay contrato de hospedaje cuando alguno presta a otro albergue mediante la retribución convenida, comprendiéndose o no, según se estipule, los alimentos, lavado y planchado de ropa y demás gastos que origine el hospedaje.

**Artículo 2912.-** El contrato de hospedaje puede ser tácito o expreso. Se entiende celebrado tácitamente por el mero reciproco comportamiento del hostelero y del huésped como tales, si el que presta el hospedaje tiene casa pública destinada a ese objeto.

**Artículo 2913.-** El hospedaje expreso se rige por las condiciones estipuladas, y el tácito por el reglamento que expedirá la autoridad competente y que el dueño del establecimiento deberá tener siempre por escrito en lugar visible.

**Artículo 2914.-** El equipaje de los pasajeros responde preferentemente del importe del hospedaje; a ese efecto, los dueños de los establecimientos donde se hospeden podrán retenerlos hasta que obtengan el pago de lo adeudado.

**Artículo 2915.-** En cuanto a los objetos introducidos por los huéspedes en las hosterías y los depósitos constituidos en ellas, se estarán a lo dispuesto en los artículos 2791 al 2794.

## TÍTULO DECIMOSEXTO
### De la aparcería rural

## CAPÍTULO PRIMERO
### De la aparcería agrícola

**Artículo 2916.-** Hay aparcería agrícola cuando una persona da a otra un predio rústico para que lo cultive a fin de repartirse los frutos en la forma que convengan, o a falta de convenio, conforme a las costumbres del lugar; en el concepto de que al aparcero nunca podrá corresponderle por sólo su trabajo menos del cincuenta por ciento de la cosecha.

**Artículo 2917.-** Si durante el término del contrato falleciere el dueño del predio dado en aparcería, o éste fuere enajenado, la aparcería subsistirá.

Si es el aparcero el que muere, el contrato puede darse por terminado, salvo pacto en contrario.

Cuando a la muerte del aparcero ya se hubieren hecho algunos trabajos, tales como el barbecho del terreno, la poda de los árboles, o cualquiera otra obra necesaria para el cultivo, si el propietario da por terminado el contrato, tiene obligación de pagar a los herederos del aparcero el importe de esos trabajos en cuanto se aproveche de ellos.

**Artículo 2918.-** El labrador que tuviere heredades en aparcería, no podrá levantar las mieses o cosechar los frutos en que deba tener parte sin dar aviso al propietario o a quien haga sus veces, si es que éstos residen en el lugar o dentro de la municipalidad a que corresponda el predio.

Si ni en el lugar, ni dentro de la municipalidad se encuentran el propietario o su representante, podrá el aparcero hacer la cosecha, midiendo, contando o pesando los frutos en presencia de dos testigos mayores de toda excepción.

Si el aparcero no cumple con lo dispuesto en los dos párrafos anteriores, tendrá obligación de entregar al propietario la cantidad de frutos que, de acuerdo con el contrato, fijen peritos nombrados uno por cada parte contratante. Los honorarios de los peritos serán cubiertos por el aparcero.

**Artículo 2919.-** El propietario del terreno no podrá levantar la cosecha sino cuando el aparcero abandone la siembra.

En este caso, procederá el dueño de acuerdo con lo dispuesto en la parte final. del párrafo segundo del artículo anterior, y si no lo hace, se aplicará, por analogía, lo dispuesto en el último párrafo del mismo artículo anterior.

**Artículo 2920.-** El propietario del terreno no tiene derecho de retener, de propia autoridad, todos o parte de los frutos que correspondan al aparcero, para garantizar lo que éste le deba por razón del contrato de aparcería o por cualquier otro motivo.

**Artículo 2921.-** Si la cosecha se pierde por completo, el aparcero no tiene obligación de pagar las semillas que le haya proporcionado para la siembra el dueño del terreno. Si la pérdida de la cosecha es parcial, en proporción a esa pérdida quedará libre el aparcero de pagar dichas semillas.

**Artículo 2922.-** Cuando el aparcero establezca su habitación en el campo que va a cultivar, tiene obligación el propietario de permitirle que construya su casa y de que tome el agua potable y la leña que necesite para satisfacer sus necesidades y las de su familia, así como que consuma el pasto indispensable para alimentar los animales que emplee en el cultivo.

**Artículo 2923.-** Al concluir el contrato de aparcería, el aparcero que hubiere cumplido fielmente sus compromisos goza del derecho del tanto si la tierra que estuvo cultivando va a ser dada en nueva aparcería.

**Artículo 2924.-** El propietario no tiene derecho de dejar sus tierras ociosas, sino el tiempo que sea necesario para que recobren sus propiedades fertilizantes. En consecuencia, pasada la época que en cada región fije la autoridad municipal conforme a la naturaleza de los cultivos, si el propietario no las comienza a cultivar por sí o por medio de otros, tiene obligación de darlas en aparcería, conforme a la costumbre del lugar, a quien las solicite y ofrezca las condiciones necesarias de honorabilidad y solvencia.

## CAPÍTULO SEGUNDO
### De la aparcería de ganados

**Artículo 2925.-**Tiene lugar la aparcería de ganados cuando una persona da a otra cierto número de animales a fin de que los cuide y alimente, con el objeto de repartirse los frutos en la proporción que convengan.

Constituyen el objeto de esta aparcería las crías de los animales y sus productos, como pieles, crines, lanas, leche y demás productos del ganado.

Las condiciones del contrato se regularán por la voluntad de los interesados; pero a falta de convenio se observará la costumbre general del lugar, salvas las siguientes disposiciones.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2926.-** El aparcero de ganados está obligado a emplear en la guarda y tratamiento de los animales, el cuidado que ordinariamente emplee en sus bienes, y si así no lo hiciere, será responsable de los daños y perjuicios.

**Artículo 2927.-** El propietario está obligado a garantizar a su aparcero la posesión y el uso del ganado y a substituir por otros, en caso de evicción, los animales perdidos; de lo contrario, es responsable de los daños y perjuicios que ocasione la falta de cumplimiento de contrato.

**Artículo 2928.-** Será nulo el convenio que ponga todas las pérdidas que resultaren por caso fortuito, a cargo del aparcero de ganados.

**Artículo 2929.-** El aparcero de ganados no podrá disponer de ninguna cabeza, ni de las crías, sin consentimiento del propietario, ni éste sin el de aquél.

**Artículo 2930.-** El aparcero de ganados no podrá hacer el esquileo sin dar aviso al propietario, y si omite darlo, se aplicará lo dispuesto en el párrafo final del artículo 2918.

**Artículo 2931.-** La aparcería de ganados dura el tiempo convenido, y a falta de convenio, el tiempo acostumbrado al efecto en el lugar.

**Artículo 2932.-** El propietario cuyo ganado se enajene indebidamente por el aparcero, tiene derecho para reivindicarlo, menos cuando se haya rematado en pública subasta; pero conservará a salvo el que le corresponda contra el aparcero, para cobrarle los daños y perjuicios ocasionados por la falta de aviso del remate.

**Artículo 2933.-** Si el propietario no exige su parte dentro de los sesenta días después de fenecido el tiempo del contrato de aparcería de ganados, se entenderá prorrogado éste por un año.

**Artículo 2934.-** En caso de venta de los animales antes de que termine el contrato de aparcería, disfrutarán los aparceros del derecho del tanto.

**Artículo 2935.-** Los contratos de aparcería de ganados y de aparcería agrícola deberán constar por escrito en dos ejemplares, uno para cada contratante.

## TÍTULO DECIMOSÉPTIMO
### Del juego y de la apuesta

**Artículo 2936.-** Lo dispuesto en este título se aplicará a los juegos no prohibidos por la legislación competente.

**Artículo 2937.-** En el juego, el resultado final puede depender de la habilidad o destreza de los contratantes o del azar o de la concurrencia conjunta de uno y otro factores; y en la apuesta el acontecimiento incierto del que dependerá el resultado final, es completamente ajeno a la actividad de las partes contratantes.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

El juego tiene que ser con apuesta para caer dentro de las prescripciones de este título.

**Artículo 2938.-** No hay acción para reclamar lo que se gana en juego; pero no se puede repetir lo que el perdidoso pague voluntariamente.

**Artículo 2939.-** La deuda de juego no puede ser convertida por novación en una obligación civilmente eficaz.

Quien hubiere firmado una obligación que en realidad tenía por causa una deuda de juego, conserva, aunque se atribuya a la obligación una causa civilmente eficaz, la excepción que nace de este artículo, pudiendo probar por todos los medios la causa real de la obligación.

**Artículo 2940.-** Si a una obligación de juego se le hubiere dado la forma de título a la orden o al portador, el suscriptor debe pagarla al tenedor de buena fe; pero tendrá contra el tomador original del documento el derecho de repetir el importe pagado.

**Artículo 2941.-** Cuando las personas se sirvieron del medio de la suerte, no como apuesta o juego, sino para dividir cosas comunes o terminar cuestiones, producirá, en el primer caso, los efectos de una partición legítima, y en el segundo, los de una transacción.

## TÍTULO DECIMOOCTAVO
### De la renta vitalicia

**Artículo 2942.-** La renta vitalicia es un contrato aleatorio por el cual el deudor se obliga a pagar periódicamente una pensión durante la vida de una o más personas determinadas, mediante la entrega de una cantidad de dinero o de un bien mueble o raíz estimados, cuyo dominio se le transfiere desde luego.

**Artículo 2943.-** La renta vitalicia puede también constituirse a título puramente gratuito, sea por donación o por legado.

**Artículo 2944.-** El contrato de renta vitalicia debe hacerse por escrito, y en escritura pública cuando el Inmueble cuya propiedad se transfiere debe enajenarse con esa formalidad, en cuyo caso y en todos los que impliquen traslación de dominio de bienes raíces, debe el contrato ser inscrito en el Registro para que surta sus efectos.

**Artículo 2945.-** El contrato de renta vitalicia puede constituirse sobre la vida del que da el capital, sobre la del deudor o sobre la de un tercero. También puede constituirse a favor de aquella o de aquellas personas sobre cuya vida se otorga o a favor de otra u otras personas distintas.

**Artículo 2946.-** Aun cuando la renta que se constituya a favor de una persona que no ha puesto el capital debe considerarse como una donación, no se sujeta a los preceptos que arreglan ese contrato, salvo los casos en que deba ser reducida por inoficiosa o anulada por incapacidad del que debe recibirla.

**Artículo 2947.-** El contrato de renta vitalicia es nulo si la persona sobre cuya vida se constituye ha muerto antes de su otorgamiento.

**Artículo 2948.-** También es nulo el contrato si la persona a cuyo favor se constituye la renta, muere dentro del plazo que en él se señale y que no podrá bajar de noventa días contados desde el del otorgamiento.

**Artículo 2949.-** Aquel a cuyo favor se ha constituido la renta mediante un precio, puede demandar la rescisión del contrato si el constituyente no le da o conserva las seguridades estipuladas para su ejecución.

**Artículo 2950.-** La sola falta de pago de las pensiones no autoriza al pensionista para demandar el reembolso del capital o la devolución del bien dado para constituir la renta.

En este caso, el pensionista sólo tiene derecho de ejecutar judicialmente al deudor, por el pago de las rentas vencidas, y para pedir el aseguramiento de las futuras.

**Artículo 2951.-** La renta correspondiente al año en que muere el que la disfruta, se pagará en proporción a los días que éste vivió; pero si debía pagarse por plazos anticipados, se pagará el importe total del plazo que durante la vida del rentista se hubiere comenzado a cumplir.

**Artículo 2952.-** Solamente el que constituye a título gratuito una renta sobre sus bienes puede disponer, al tiempo del otorgamiento, que no estará sujeta a embargo por derecho de un tercero.

Lo dispuesto en este artículo no comprende las contribuciones.

**Artículo 2953.-** Si la renta se ha constituido para alimentos, no podrá ser embargada sino en la parte que a juicio del Juez exceda de la cantidad que sea necesaria para cubrir aquéllos, según las circunstancias de la persona.

**Artículo 2954.-** La renta vitalicia constituida sobre la vida del mismo pensionista, no se extingue sino con la muerte de éste.

**Artículo 2955.-** Si la renta se constituye sobre la vida de un tercero, no cesará con la muerte del pensionista, sino que se transmitirá a sus herederos, y sólo cesará con la muerte de la persona sobre cuya vida se constituyó.

**Artículo 2956.-** El pensionista sólo puede demandar las pensiones justificando su supervivencia o la de la persona sobre cuya vida se constituyó la renta.

**Artículo 2957.-** Si el que paga la renta vitalicia ha causado intencionalmente la muerte del acreedor o la de aquél sobre cuya vida había sido constituida, debe devolver el capital a quien la constituyó o a sus herederos.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

## TÍTULO DECIMONOVENO
### De la fianza

## CAPITULO PRIMERO
### De la fianza en general

**Artículo 2958.-** La fianza es un contrato accesorio, generalmente gratuito, que debe formalizarse por escrito y por el cual el fiador se compromete a pagar por el deudor si éste no lo hace.

La fianza puede darse también en forma de póliza por la sola declaración unilateral de la voluntad del fiador.

**Artículo 2959.-** La fianza puede constituirse no sólo en favor del deudor principal, sino en el del fiador, ya sea que uno u otro, en su respectivo caso, consienta en la garantía, ya sea que la ignore, ya sea que la contradiga.

A la fianza de fianza que es la que se constituye en favor del fiador, se le llama también subfianza.

**Artículo 2960.-** La fianza no puede existir sin una obligación válida.

Puede, no obstante, recaer sobre una obligación cuya nulidad sólo pueda ser reclamada por el obligado, pero que quedará extinguida si éste hace la reclamación y obtiene sentencia favorable.

Puede también prestarse fianza en garantía de deudas futuras, cuyo importe no sea aún conocido; pero no se podrá reclamar contra el fiador sino hasta que la deuda sea líquida.

Finalmente, puede el fiador obligarse a prestar el mismo hecho objeto de la obligación principal, cuando éste sea de tal naturaleza que pueda realizarse por otra persona y, por ello, por el fiador, quien, en caso de no cumplir, bien por sí o bien por otro, lo que como fiador se obligó a hacer, responderá, en los términos del artículo 2293, de los daños y perjuicios que cause su aludido incumplimiento.

En los mismos términos del artículo 2293 y también, en su caso, del 2294, responderán los fiadores que garanticen cualquiera otra obligación de hacer o de no hacer y que finalmente sus fiados y también ellos incumplan.

**Artículo 2961.-** Puede también obligarse el fiador a pagar una cantidad de dinero, si el deudor principal no presta un bien o un hecho determinado.

**Artículo 2962.-** El fiador puede obligarse a menos y no a más que el deudor principal. Si se hubiere obligado a más, se reducirá su obligación a los límites de la del deudor. En caso de duda sobre si se obligó por menos o por otro tanto de la obligación principal, se presume que se obligó por otro tanto.

**Artículo 2963.-** El sucesor que no sea heredero único del fiador está obligado a pagar, de la fianza, la cuota que le corresponda en proporción a su haber hereditario; pero el heredero único debe pagar todo el importe de la fianza.

**Artículo 2964.-** El obligado a dar fiador debe presentar persona que tenga capacidad para obligarse y bienes suficientes para responder de la obligación que garantiza. El fiador se entenderá sometido a la jurisdicción del juez del lugar donde esta obligación deba cumplirse.

**Artículo 2965.-** En las obligaciones a plazo o de prestación periódica, el acreedor podrá exigir fianza aun cuando en el contrato no se haya prometido, si después de celebrado éste, el deudor sufre menoscabo en sus bienes, o pretende ausentarse del lugar en que debe hacerse el pago.

**Artículo 2966.-** Si el fiador viniere a estado de insolvencia, puede el acreedor pedir otro que reúna las cualidades exigidas por el artículo 2964, aplicándose en su oportunidad y en su caso lo dispuesto en el artículo siguiente.

**Artículo 2967.-** El que debiendo dar fianza o reemplazar al fiador, no lo presenta dentro del término que el Juez le señale, a petición de parte legítima queda obligado al pago inmediato de la deuda, aunque no se haya vencido el plazo de ésta.

**Artículo 2968.-** Si la fianza fuere para garantizar la administración de bienes, cesará ésta si aquélla no se da en el término convenido o señalado por la ley, o por el Juez, salvos los casos en que la ley disponga otra cosa.

**Artículo 2969.-** Si la fianza importa garantía de cantidad que el deudor debe recibir, la suma se depositará mientras se dé la fianza.

**Artículo 2970.-** Las cartas de recomendación en que se asegure la probidad y la solvencia de alguien, no constituyen fianza.

Pero si dichas cartas fuesen dadas de mala fe, afirmando falsamente la solvencia del recomendado, el que las suscriba será responsable, por la insolvencia del recomendado, del daño que sobreviniese a las personas a quienes aquéllas hubiesen sido dirigidas.
No tendrá lugar esta responsabilidad si el que dio la carta probase que no fue su recomendación la que condujo a tratar con su recomendado.

**Artículo 2971.-** Quedan sujetas a las disposiciones de este título, las fianzas otorgadas por individuos o compañías accidentalmente en favor de determinadas personas, siempre que no las extiendan en forma de póliza, que no las anuncien públicamente por la prensa o por cualquiera otro medio, y que no empleen agentes que las ofrezcan.

## CAPÍTULO SEGUNDO
### De los efectos de la fianza entre el fiador y el acreedor

**Artículo 2972.-** El fiador tiene derecho de oponer al acreedor todas las excepciones personales suyas y todas las que sean inherentes a la obligación principal y a la fianza, mas no las que sean personales del deudor.

**Artículo 2973.-** La renuncia voluntaria que el deudor hiciese de la prescripción de la deuda o de toda otra causa de liberación, o de la nulidad o rescisión de la obligación, no impide que el fiador haga valer esas excepciones.

**Artículo 2974.-** Se reconocen como beneficios del fiador el de orden y el de excusión, así como el de división cuando sean varios los fiadores.

Los dos primeros operan por simple ministerio de la ley, en razón de lo cual sólo pueden perderse por renuncia expresa hecha por escrito; en tanto que el beneficio de división no opera si no se pacta.

**Artículo 2975.-** El beneficio de orden consiste en que el fiador no puede ser compelido a pagar al acreedor, sin que previamente sea demandado el deudor.

**Artículo 2976.-** La excusión consiste en aplicar todo el valor libre de los bienes del deudor al pago de la obligación, que quedará extinguida o reducida a la parte que no se ha cubierto y que será la que pagará el fiador.

**Artículo 2977.-** La excusión no tendrá lugar:

**I.-** Cuando el fiador renunció expresamente a ella;

**II.-** En los casos de concurso o de insolvencia probada del deudor;

**III.-** Cuando el deudor no puede ser judicialmente demandado dentro del territorio de la República;

**IV.-** Cuando el negocio para el que se prestó la fianza sea propio del fiador; y

**V.-** Cuando se ignore el paradero del deudor, siempre que llamado éste por edictos, no comparezca, ni tenga bienes embargables en el lugar donde deba cumplirse la obligación.

**Artículo 2978.-** Para que el beneficio de excusión aproveche al fiador, son indispensables los requisitos siguientes:

**I.-** Que el fiador alegue el beneficio luego que se le requiera de pago;

**II.-** Que designe bienes del deudor que basten para cubrir el crédito y que se hallen dentro del distrito judicial en que deba hacerse el pago; y

**III.-** Que anticipe o asegure competentemente los gastos de excusión.

**Artículo 2979.-** Si el deudor adquiere bienes después del requerimiento, o si se descubren los que hubiese ocultado, el fiador puede pedir la excusión, aunque antes no la haya pedido.

**Artículo 2980.-** El acreedor puede obligar al fiador a que haga la excusión en los bienes del deudor, so pena de perder este beneficio.

**Artículo 2981.-** Si el fiador, voluntariamente u obligado por el acreedor, hace par sí mismo la excusión y pide plazo, el juez puede concederle el que crea conveniente, atendidas las circunstancias de las personas y las calidades de la obligación.

**Artículo 2982.-** El acreedor que, cumplidos los requisitos del artículo 2978, hubiere sido negligente en promover la excusión, queda responsable de los perjuicios que pueda causar al fiador, y éste libre de la obligación hasta la cantidad a que alcancen los bienes que hubiere designado para la excusión.

**Artículo 2983.-** Cuando el fiador haya renunciado el beneficio de orden, pero no el de excusión, el acreedor puede perseguir en un mismo juicio al deudor principal y al fiador; mas éste conservará el beneficio de excusión, aun cuando se dé sentencia contra los dos.

**Artículo 2984.-** Si hubiere renunciado a los beneficios de orden y excusión, el fiador, al ser demandado por el acreedor, debe denunciar el pleito al deudor principal para los efectos del artículo 2992 y además para que rinda las pruebas que crea convenientes. En caso de que el deudor no salga al juicio para los efectos indicados, lo perjudicará la sentencia que se pronuncie contra el fiador.

**Artículo 2985.-** Salvo el caso del artículo 3017, el subfiador goza del beneficio de excusión, tanto contra el fiador a quien fía como contra el deudor principal.

**Artículo 2986.-** No fían a un fiador los testigos que declaren de ciencia cierta en favor de su idoneidad; pero por analogía se les aplicará lo dispuesto en el artículo 2970.

**Artículo 2987.-** La transacción entre el acreedor y el deudor principal aprovecha al fiador, pero no le perjudica. La celebrada entre el fiador y el acreedor aprovecha, pero no perjudica al deudor principal.

**Artículo 2988.-** Si son varios los fiadores de un deudor por una sola deuda, responderá cada uno de ellos por la totalidad de aquélla, no habiendo convenio en contrario.

El fiador que de entre ellos sea demandado, podrá hacer citar a los demás, para que se defiendan juntamente y en la proporción debida estén a las resultas del juicio. Esta citación no autoriza a los jueces a que en la sentencia impongan a cada fiador una responsabilidad proporcional, sino que es para el efecto de que los cofiadores llamados al juicio puedan oponer las excepciones que procedan contra el acreedor demandante y se evite así, en aras de la economía procesal, su oposición en los términos del artículo

2999, cuando el cofiador condenado al pago haga la reclamación autorizada por el artículo 2998.

**Artículo 2989.-** Los efectos de la cosa juzgada en contra del deudor por sentencia obtenida en juicio seguido por el acreedor no perjudican al fiador, quien a excepción de las personales del deudor, puede oponer tedas las excepciones de que disponga, bien que sean inherentes a la obligación principal o a la fianza, o bien que sean personales suyas.

## CAPÍTULO TERCERO
### De los efectos de la fianza entre el fiador y el deudor

**Artículo 2990.-** El fiador que paga debe ser indemnizado por el deudor, aunque éste no haya prestado su consentimiento para la constitución de la fianza. Si ésta se hubiere otorgado contra la voluntad de! deudor, no tendrá derecho alguno el fiador para cobrar lo que pagó, sino en cuanto hubiere beneficiado el pago al deudor.

**Artículo 2991.-** El fiador que paga por el deudor que se encuentre en cualquiera de los casos señalados en la parte inicial del artículo anterior, es decir, acerca de quien la fianza se haya otorgado con su consentimiento o sin éste, se subroga en todos los derechos del acreedor contra el deudor y tiene por ello derecho a que éste lo indemnice de lo que por él pagó, y además:

**I.-** De los intereses respectivos, desde que haya noticiado el pago al deudor, aun cuando éste no estuviere obligado por razón del contrato a pagados al acreedor;

**II.-** De los gastos que haya hecho desde que dio noticia al deudor de haber sido requerido de pago; y

**III.-** De los daños y perjuicios que haya sufrido por causa del deudor.

**Artículo 2992.-** El fiador, al ser demandado por el pago que el acreedor le reclame, debe denunciar el pleito al fiado a efecto de que éste, al apersonarse, en tiempo, al juicio, pueda oponer las excepciones que tenga contra el acreedor-demandante.

Si el fiador no solicita tal llamamiento del fiado al juicio, éste, al ser demandado por lo que por él pagó el fiador, podrá oponerle a éste todas las excepciones que podría oponerle al acreedor, de habérsele hecho tal llamamiento; excepciones que, por el contrario, no podrá oponerle al fiador si éste hizo que el Juez lo llamara a juicio y no concurrió, o habiendo concurrido no las opuso, o habiéndolas opuesto no prosperaron.

**Artículo 2993.-** Si el fiador hubiese transigido con el acreedor, no podrá exigir del deudor sino lo que en realidad haya pagado.

**Artículo 2994.-** Si el deudor, ignorando el pago por falta de aviso del fiador, hace también el pago, no podrá éste repetir contra aquél, sino sólo contra el acreedor a quien el doble pago fue hecho.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 2995.-** Si el fiador ha pagado en virtud de fallo judicial y por motivo fundado no pudo hacer saber el pago al deudor, éste quedará obligado a indemnizar a aquél y no podrá oponerle más excepciones que las que sean inherentes a la obligación y que no hubieren sido opuestas por el fiador, teniendo conocimiento de ellas.

**Artículo 2996.-** Si la deuda fuere a plazo o bajo condición, y el fiador la pagare antes de que aquél o éste se cumplan, no podrá cobrarla del deudor fino cuando fuere legalmente exigible.

**Artículo 2997.-** El fiador puede exigir que el deudor asegure el pago o lo releve de la fianza:

**I.-** Si fue demandado judicialmente por el pago;

**II.-** Si el deudor sufre menoscabo en sus bienes, de modo que se halle en riesgo de quedar insolvente;

**III.-** Si el fiado pretende ausentarse de la República;

**IV.-** Si e! propio fiado se obligó a relevado de la fianza en tiempo determinado, y éste ha transcurrido; y

**V.-** Si la deuda se hace exigible por el vencimiento del plazo.

El fallo condenatorio dará mérito para asegurar los bienes de la propiedad del deudor que sean bastantes para responder dc la deuda. Cuando ésta o la fianza se extingan o sea garantizando su pago a satisfacción del fiador, se levantará el aseguramiento.

## CAPÍTULO CUARTO
### De los efectos de la fianza entre los cofiadores

**Artículo 2998.-** Cuando son dos o más los fiadores de un mismo deudor y por una misma deuda, quien de ellos la haya pagado podrá reclamar de cada uno de los otros la parte que proporcionalmente le corresponda satisfacer.

Si alguno de ellos resultare insolvente, la parte de éste recaerá sobre todos en la misma proporción.

Para que pueda tener lugar lo dispuesto en este artículo, es preciso que se haya hecho el pago en virtud de demanda judicial, o hallándose el deudor principal en estado de concurso.

**Artículo 2999.-** En el caso del artículo anterior podrán los cofiadores oponer al que pagó, cuando éste los demande, las mismas excepciones que habrían correspondido al deudor principal contra el acreedor; y que aquél no hubiere opuesto a éste y que no fueren puramente personales del mismo deudor o del fiador que pagó sin oponerlas.

**Artículo 3000.-** El beneficio de división no tiene lugar entre los fiadores:

**I.-** Cuando se haya renunciado expresamente;

**II.-** Cuando todos se obligaron solidariamente con el deudor;

**III.-** Cuando alguno o algunos de los fiadores son concursados o se hallan insolventes, en cuyo caso se procederá conforme a lo dispuesto en los párrafos segundo y tercero del artículo 2998;

**IV.-** Cuando el negocio para el cual se prestó la fianza sea propio de uno de los fiadores, en cuyo caso éste responderá por la totalidad de la deuda, sin tener facultad de exigir. a sus cofiadores el reembolso;

**V.-** Cuando alguno o algunos de los fiadores se encuentren en alguno de los casos señalados para el deudor en las fracciones III y V del artículo 2977.

**Artículo 3001.-** El fiador que pide el beneficio de división sólo responde por la parte del fiador o fiadores insolventes, si la insolvencia es anterior a la petición; y ni aun por esa misma insolvencia, si el acreedor voluntariamente hace el cobro a prorrata sin que el fiador lo reclame.

**Artículo 3002.-** El que fía al fiador, en el caso de insolvencia de éste, es responsable para con los otros fiadores en los mismos términos en que lo sería el fiador fiado.

## CAPÍTULO QUINTO
### De la extinción de la fianza

**Artículo 3003.-** La obligación del fiador se extingue al mismo tiempo que la del deudor y por las mismas causas que las demás obligaciones.

**Artículo 3004.-** Si la obligación del deudor y la del fiador se confunden, porque uno herede al otro, no se extingue la obligación del que fio al fiador.

**Artículo 3005.-** La liberación hecha por el acreedor a uno de los fiadores sin el consentimiento de los otros, aprovecha a todos hasta donde alcance la parte del fiador a quien se otorgó.

**Artículo 3006.-** Los fiadores, aun cuando sean solidarios, quedan libres de su obligación, si por culpa o negligencia del acreedor no pueden subrogarse en los derechos, privilegios o hipotecas del mismo acreedor.

Lo dispuesto en el párrafo anterior sólo es aplicable respecto a las seguridades y privilegios constituidos antes de la fianza o en el acto en que ésta se dio; pero no a las que se dieren al acreedor después del otorgamiento de la fianza.

Cuando la subrogación respecto de los derechos del acreedor se haya hecho imposible no en todo sino en parte, el fiador quedará libre en proporción a esa parte.

**Artículo 3007.-** La prórroga o espera concedida al deudor por el acreedor sin consentimiento del fiador, extingue la fianza.

**Artículo 3008.-** La quita reduce la fianza en la misma proporción que la deuda principal, y la extingue en el caso de que, en virtud de ella, quede sujeta la obligación principal a nuevos gravámenes o condiciones.

**Artículo 3009.-** El fiador que se ha obligado por tiempo determinado queda libre de su obligación, si el acreedor no requiere judicialmente al deudor por el cumplimiento de la obligación principal dentro del mes siguiente a la expiración del plazo señalado para esta última. También quedará libre de su obligación el fiador, cuando el acreedor, sin causa justificada, deje de promover por más de tres meses en el juicio entablado contra el deudor.

Lo dispuesto en este artículo no se aplicará al caso en que se haya señalado a la fianza un término de vencimiento anterior al de la obligación principal, o cuando la citada garantía venza con posterioridad a dicha obligación. En el primer caso la fianza se extinguirá con la llegada del término señalado para su duración, y en el segundo, la responsabilidad del fiador continuará hasta que se venza el plazo posterior al señalado para el cumplimiento de la obligación principal, siempre y cuando éste no se haya extinguido.

**Artículo 3010.-** Si la fianza se ha otorgado por tiempo indeterminado, tiene derecho el fiador, cuando la deuda principal se vuelva exigible, de pedir al acreedor que promueva judicialmente, dentro del plazo de un mes, el cumplimiento de la obligación. Si el acreedor no ejercita sus derechos dentro del plazo mencionado, o si en el juicio entablado deja de promover, sin causa justificada, por más de tres meses, el fiador quedará libre de su obligación.

**Artículo 3011.-** Lo dispuesto en los dos artículos anteriores se aplicarán tanto en el caso en que el fiador haya renunciado al beneficio de orden, cuanto a aquél en que no haya hecho esta renuncia.

## CAPÍTULO SEXTO
### De la fianza legal o judicial

**Artículo 3012.-** El fiador que haya de darse por disposición de la ley o de providencia judicial, excepto cuando el fiador sea una Institución de Crédito, debe tener bienes raíces inscritos en el Registro de la Propiedad y de un valor que garantice suficientemente las obligaciones que contraiga.

Cuando la fianza para garantizar el cumplimiento de una obligación cuya cuantía no exceda de cinco mil pesos, no se exigirá que el fiador tenga bienes raíces y se otorgará apud acta.

El interesado, si lo desea, puede substituir esta fianza con prenda, hipoteca o depósito.

**Artículo 3013.-** Para otorgar una fianza legal o judicial por más de cinco mil pesos, se presentará un certificado expedido por el encargado del Registro Público, a fin de demostrar que el fiador tiene bienes raíces suficientes para responder del cumplimiento de la obligación que garantice.

**Artículo 3014.-** La persona ante quien se otorgue la fianza, dentro del término de tres días, dará aviso del otorgamiento al Registro Público, para que al margen de la inscripción de propiedad correspondiente al bien raíz que designó para comprobar la solvencia del fiador, se ponga nota relativa al otorgamiento de la fianza.

Extinguida ésta, dentro del término de tres días, se dará aviso al Registro Público para que haga la anotación de la nota marginal.

La falta de avisos hace responsable al que debe dados de los daños y perjuicios que su omisión origine.

**Artículo 3015.-** En los certificados de gravamen que se expidan en el Registro Público, se harán figurar las notas marginales de que habla el artículo anterior.

**Artículo 3016.-** Si el fiador enajena o grava los bienes raíces cuyas inscripciones de propiedad están anotadas conforme a lo dispuesto en el artículo 3014, y de la operación resulta la insolvencia del fiador, aquélla se presumirá fraudulenta.

**Artículo 3017.-** El fiador legal el judicial no pueden pedir la excusión de los bienes del deudor principal, ni los que fían a esos fiadores pueden pedir la excusión de éstos, así como tampoco la del deudor.

## TÍTULO VIGÉSIMO
### De la prenda

## CAPÍTULO PRIMERO
### Disposiciones Generales

**Artículo 3018.-** Por el contrato accesorio de prenda se constituye el derecho real del mismo nombre sobre un bien mueble, enajenable, que el deudor, o un tercero, entrega al acreedor para garantizar el cumplimiento de una obligación y su preferencia en el pago, quedando obligado quien la recibe a devolverla cuando se pague la deuda así garantizada.

Prenda también se llama el bien empeñado.

**Artículo 3019.-** También pueden darse en prenda los frutos pendientes de los bienes raíces, que deben ser recogidos en tiempo determinado; pero para que esta prenda surta efectos contra tercero necesitará inscribirse en el Registro Público a que corresponda la finca respectiva.

El que dé los frutos en prenda se considerará como depositado de ellos, salvo convenio en contrario,

**Artículo 3020.-** El contrato de prenda se perfecciona con la entrega material, o jurídica, del bien al acreedor.

Se entiende entregada jurídicamente la prenda al acreedor, cuando éste y el deudor convienen en que quede en poder de un tercero, o bien cuando quede en poder del mismo deudor porque así lo haya estipulado con el acreedor o expresamente lo autorice la ley. En estos casos. para que el contrato de prenda produzca efectos contra tercero, debe inscribirse en el Registro Público.

El deudor puede usar de la prenda que quede en su poder, en los términos que convengan las partes.

**Artículo 3021.-** El contrato de prenda debe constar por escrito. Si se otorga en documento privado, se formarán dos ejemplares, uno para cada contratante, ejemplares que serán tres, cuando no sea el propio deudor el constituyente, sino un tercero.

No surtirá efecto la prenda contra tercero si no consta la certeza de la fecha por el registro, escritura pública o de alguna otra manera fehaciente.

**Artículo 3022.-** Cuando el bien dado en prenda sea un derecho que legalmente deba constar en el Registro Público, no surtirá efecto contra tercero la garantía constituida, sino desde que se inscriba en el Registro.

**Artículo 3023.-** A voluntad de los interesados podrá suplirse la entrega al acreedor prendado del título empeñado, con el depósito de éste en una institución de crédito.

**Artículo 3024.-** En el caso de que la prenda sea de títulos de crédito, si antes del vencimiento de la deuda garantizada se vencen o son amortizados los títulos empeñados, el acreedor podrá, en substitución de los títulos cobrados o amortizados, conservar en prenda las cantidades que por este concepto reciba.

**Artículo 3025.-** El acreedor a quien se hayan dado en prenda títulos de crédito, además de estar obligado a guardarlos y conservarlos, debe ejercitar todos los derechos inherentes a ellos, siendo los gastos por cuenta del deudor. Deberán aplicarse en su oportunidad al pago del crédito todas las sumas que sean percibidas al respecto, conservándolas entre tanto en prenda el acreedor, en substitución de los títulos cobrados.

**Artículo 3026.-** Si el objeto dado en prenda fuese un crédito o acciones que no sean al portador o negociables por endoso, para que la prenda quede legalmente constituida, debe ser notificado el deudor del crédito dado en prenda.

**Artículo 3027.-** Siempre que la prenda fuere un crédito, el acreedor que tuviere en su poder el título, estará obligado él hacer todo lo que sea necesario para que no se altere o menoscabe el derecho que aquél representa.

**Artículo 3028.-** Se puede constituir prenda para garantizar una deuda, aún contra el consentimiento del deudor.

**Artículo 3029.-** Nadie puede dar en prenda bienes ajenos sin estar autorizado por su dueño; pero si se prueba esta autorización, valdrá la prenda como si la hubiese constituido el mismo dueño.

**Artículo 3030.-** La prenda de bien ajeno es nula, y quien la constituye será responsable de los daños y perjuicios si procede con dolo o mala fe.

El contrato quedará revalidado si antes de que tenga lugar la evicción, adquiere el constituyente de la garantía, por cualquier título legítimo, la propiedad del bien empeñado.

**Artículo 3031.-** Si el donatario hubiere dado en prenda los bienes donados y posteriormente se revocare la donación, subsistirá la prenda, pero tendrá derecho el donante de exigir al donatario que la redima.

**Artículo 3032.-** La prenda sufrirá las condiciones y limitaciones a que esté sujeto el derecho de propiedad del constituyente. De ahí que si el dominio de éste es revocable, llegado el caso de revocación, se extinguirá la garantía.

**Artículo 3033.-** Puede darse prenda para garantizar obligaciones futuras o condicionales. En este caso la garantía no surtirá efectos sino hasta que se realice la obligación futura o se cumpla la condición suspensiva y entre tanto no puede venderse ni adjudicarse el bien empeñado.

**Artículo 3034.-** Si la obligación asegurada estuviere sujeta a condición resolutoria, la prenda dejará de surtir efectos desde que se realice la condición.

**Artículo 3035.-** En los casos en que la prenda deba registrarse, deberán inscribirse también las condiciones o modalidades que afecten la garantía, o se hará constar la naturaleza futura de la deuda en su caso. La falta de inscripción no podrá perjudicar a terceros y será necesario el registro para que surta efectos en su contra.

En tales casos, cuando se realice la obligación futura o se cumplan las condiciones mencionadas, deberán las partes pedir que se haga constar así, por medio de una nota al margen de la inscripción prendaria, sin cuyo requisito no podrá aprovechar ni perjudicar a tercero la garantía constituida.

**Artículo 3036.-** Si alguno hubiere prometido dar cierto bien en prenda y no lo hubiere entregado, sea con culpa Suya o sin ella, el acreedor puede pedir que se le entregue el bien, que se dé por vencido el plazo de la obligación o que ésta se rescinda.

**Artículo 3037.-** En el caso del artículo anterior, el acreedor no podrá pedir que se le entregue el bien, si ha pasado a poder de un tercero en virtud de cualquier título legal.

## CAPÍTULO SEGUNDO
### De los derechos y obligaciones del acreedor prendario

**Artículo 3038.-** El acreedor adquiere por el empeño:

**I.-** El derecho de ser pagado de su deuda con el precio del bien empeñado, con la preferencia que establece el artículo 2529;

**II.-** El derecho de recobrar la prenda de cualquier detentador, sin exceptuar al mismo deudor;

**III.-** El derecho de ser indemnizado de los gastos necesarios y útiles que hiciere para conservar el bien empeñado, a no ser que use de él por convenio; y

**IV.-** El derecho de exigir del deudor otra prenda o el pago de la deuda aun antes del plazo convenido, si el bien empeñado se pierde o se deteriora sin su culpa.

**Artículo 3039.-** Si el acreedor es turbado en la posesión de la prenda debe avisarlo al dueño para que la defienda. Si el dueño no cumpliere con esta obligación, será responsable de todos los daños y perjuicios, de los que, en su caso, responderá el acreedor si no da el aviso al dueño.

**Artículo 3040.-** Si perdida la prenda el deudor ofreciere otra o alguna caución, queda al arbitrio del acreedor aceptarlas o rescindir el contrato.

**Artículo 3041.-** El derecho que da la prenda al acreedor se extiende a todos los accesorios del bien y a todas sus accesiones.

**Artículo 3042.-** En los casos de accesión, cuando el bien dado en prenda sea el principal, y el dueño del accesorio hubiere procedido de mala fe, la prenda se extenderá a la nueva especie formada. Si el dueño de la prenda hubiere procedido de mala fe, no podrán perjudicarse los derechos del acreedor prendario y continuará la garantía: pero el dueño del accesorio tendrá derecho para exigir el pago de los daños y perjuicios que sufriere.

Si el bien empeñado fuere el accesorio, y la unión se hiciere en un bien del acreedor, se extinguirá la garantía; pero del precio del bien accesorio, que conforme a derecho debe entregarse al dueño de éste, se deducirá el importe de la obligación principal.
Cuando el bien dado en prenda sea el accesorio, y el principal pertenezca a un tercero, la garantía subsistirá sobre la nueva especie formada, hasta el límite del valor de la prenda, salvo que hubiere habido' mala fe del acreedor prendario, caso en el cual se extinguirá el gravamen.

**Artículo 3043.-** El acreedor está obligado:

**I.-** A conservar el bien empeñado como si fuera propio, y a responder de los deterioros y perjuicios que sufra por su culpa o negligencia; y

**II.-** A restituir la prenda luego que estén pagados íntegramente la deuda, sus intereses y los gastos de conservación del bien, si se han estipulado los primeros y hecho los segundos.

**Artículo 3044.-** Si el acreedor abusa del bien empeñado, el deudor puede exigir que éste se deposite o que aquél dé fianza de restituirlo en el estado en que lo recibió.

El acreedor abusa del bien empeñado, cuando usa de él sin estar autorizado. por convenio, o cuando estándolo, 10 deteriora o aplica a objeto diverso de aquél a que esté. destinado.

**Artículo 3045.-** Si el propietario del bien empeñado lo enajenare, la obligación de pagar de dicho propietario, por ser la prenda un derecho real, pasa al adquirente, por lo que éste no podrá exigir su entrega sino pagando el importe de la obligación garantizada, los intereses y gastos en sus respectivos casos.

**Artículo 3046.-** Los frutos del bien empeñado pertenecen al deudor; más si por convenio los percibe el acreedor, su importe se imputará primero a los gastos, después a los intereses y el sobrante al capital.

## CAPÍTULO TERCERO
### De la venta del bien pignorado

**Artículo 3047.-** Si el deudor no paga en el plazo estipulado, y no habiendo plazo cuando tenga obligación de hacerlo conforme al artículo 2270, el acreedor podrá pedir y él juez decretará la venta de la prenda en pública almoneda, previa citación del deudor y del constituyente de la garantía.

**Artículo 3048.-** La venta de la prenda puede ser judicial o extrajudicial.

**Artículo 3049.-** Puede ¡jactarse que la venta judicial sea previo juicio o sin él. En ambos casos se procederá a la venta en los términos del Código de Procedimientos Civiles.

**Artículo 3050.-** El deudor puede convenir con el acreedor en que éste se quede con la prenda en el precio que se le fije por convenio o por peritos al vencimiento de la deuda, pero no al tiempo de celebrarse el contrato. Este convenio no puede perjudicar los derechos de tercero, ni es válido el que se pacte al celebrar el contrato de prenda.

**Artículo 3051.-** Por convenio expreso puede venderse la prenda extrajudicialmente, no siendo necesario avalúo, si las partes de común acuerdo fijan el precio.

**Artículo 3052.-** Si el producto de la venta excede de la deuda, se entregará el exceso al deudor; pero si el precio no cubre todo el crédito, tiene derecho el acreedor de demandar al deudor por lo que falte.

**Artículo 3053.-** En cualquiera de los casos de venta mencionados en los artículos anteriores; podrá el deudor hacer suspender la enajenación de la prenda, pagando la

deuda y sus accesorios legales, dentro de las veinticuatro horas contadas desde la suspensión.

**Artículo 3054.-** Es nula toda cláusula que autorice al acreedor a apropiarse de la prenda aunque ésta sea de menor valor que la deuda, o a disponer de ella al margen de lo establecido en los artículos relativos que preceden. Es igualmente nula la cláusula que prohíba al acreedor o al deudor solicitar la venta del bien dado en prenda.

**Artículo 3055.-** El acreedor no responde por la evicción de la prenda vendida en subasta o fuera de ella, a no ser que hubiera dolo de su parte o que se hubiere sujetado a aquella responsabilidad expresamente.

## CAPÍTULO CUARTO
### De las situaciones que pueden presentarse en la solicitud de venta de la prenda

**Artículo 3056.-** Cuando se solicite, mediante juicio, la venta de la prenda en los casos en que la garantía se haya constituido por un tercero con el consentimiento del deudor principal, con su simple conocimiento o inclusive sin que lo sepa, el deudor prendario demandado debe denunciar el pleito al deudor principal a efecto de que éste pueda oponer las excepciones personales que tenga contra el demandante-acreedor, así como las inherentes a la obligación principal y al contrato de prenda que estime procedentes, sin perjuicio de que el demandado también pueda oponer estas últimas excepciones, al igual que las que le son personales.

**Artículo 3057.-** Si el tercero constituyente de la garantía no hace la denuncia a que se refiere el artículo anterior, el obligado principal, al ser demandado por dicho constituyente en virtud de la subrogación operada a favor de éste, podrá oponerle todas las excepciones que podría oponerle al acreedor, de habérsele hecho tal denuncia; excepciones que, por el contrario, no podrá oponerle al deudor prendario subrogado en los derechos del acreedor, si hizo que el Juez lo llamara a juicio y no concurrió, o habiendo concurrido no las opuso, o habiéndolas opuesto no prosperaron.

**Artículo 3058.-** Si el deudor principal, ignorando el pago por falta de aviso del deudor prendario, hace también el pago, no podrá repetir éste contra aquél, sino contra el acreedor a quien el doble pago fue hecho.

**Artículo 3059.-** Si el tercero constituyente de la prenda ha pagado por virtud de fallo judicial y por motivo fundado no pudo denunciar oportunamente el pleito al deudor principal, la subrogación, sin embargo, operará, quedando éste obligado, por eso mismo, a indemnizar a aquél, a quien no podrá oponer más excepciones que las que, siendo inherentes a la obligación, no fueron opuestas por el deudor prendario no obstante conocerlas.

**Artículo 3060.-** La prenda constituida por un tercero contra la voluntad del deudor, sólo faculta a aquél para cobrarle a éste aquello en lo que le hubiera sido útil el pago hecho por el prendario, voluntariamente o mediante el remate del bien dado en prenda. El

deudor principal podrá oponerle al prendario, si éste lo llega a demandar, sólo las excepciones personales que tenga en su contra.

## CAPÍTULO QUINTO
### Disposiciones finales

**Artículo 3061.-** El derecho y la obligación que resulte de la prenda son indivisibles, salvo acuerdo en contrario de las partes; pero, cuando el deudor está facultado para hacer pagos parciales y se haya dado en prenda varios objetos o uno que sea cómodamente divisible, la garantía se irá reduciendo proporcionalmente a los pagos hechos, con tal que los derechos del acreedor queden eficazmente garantizados.

**Artículo 3062.-** Extinguida la obligación principal, sea por el pago, sea por cualquiera otra causa legal, quedará extinguido el derecho de prenda.

## TÍTULO VIGESIMO PRIMERO
### De la anticresis

**Artículo 3063.-** Por el contrato accesorio de anticresis se constituye el derecho real del mismo nombre sobre un inmueble que el deudor entrega al acreedor, no sólo en garantía de su adeudo, sino para que éste, de los frutos que el bien produzca, se pague los intereses, si los hay, y el sobrante lo vaya aplicando a la suerte principal.

La deuda que así se garantiza puede adquirirse en el momento mismo de la celebración del contrato o existir con anterioridad a esta celebración.

**Artículo 3064.-** El contrato de anticresis se otorgará por escrito, mismo que deberá inscribirse en el. Registro Público de Propiedad, para que surta efectos contra tercero. En él se declarará si el capital causa intereses y a qué tipo, y se fijarán los términos en que el acreedor ha de administrar la finca. De lo contrario, se entenderá que no hay intereses y que el acreedor debe administrar con la suma de facultades y obligaciones que tiene un mandatario general para ejecutar actos de administración.

**Artículo 3065.-** La anticresis confiere a su titular el derecho de:

**I.-** Retener el inmueble hasta que la deuda sea pagada íntegramente, salvo el derecho especial adquirido por un tercero sobre la finca por efecto de hipoteca anteriormente registrada;

**II.-** Transferir a otro, bajo su responsabilidad, el usufructo y la administración del bien, si no hubiere pacto en contrario. Esta transferencia no podrá ser por más tiempo que el señalado a la anticresis; y

**III.-** Ejercitar las acciones reales de persecución, venta y preferencia en el pago, y las posesorias interdictales correspondientes, en sus respectivos casos.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 3066.-** El acreedor anticrético debe dar cuenta a su deudor de los productos del bien que tiene en anticresis; tiene las mismas obligaciones que el acreedor pignoraticio, y responde:

**I.-** Por los frutos y rendimientos que se perdieren por su culpa;

**II.-** Por las contribuciones y demás cargas prediales, salvo el derecho de deducidas de los rendimientos; y

**III.-** Por la conservación y custodia del bien, debiendo solventar todos los gastos que sean necesarios al respecto; pero con la facultad de deducirlo del importe de los frutos.

Cuando por cualquier causa y en cualquier momento éstos no puedan ser exactamente conocidos, se regularán por peritos, a efecto de que se liquiden las cuentas entre el acreedor y el deudor; pero pasados cinco años de la celebración del contrato, si el acreedor no rindió cuentas correspondientes a todos ellos, o solo a algunos, la obligación principal y la anticresis se extinguen.

**Artículo 3067.-** Si en la escritura no se señala término para rendir las cuentas, el acreedor debe dadas anualmente, bajo el concepto de que si no lo hace tres meses después del plazo en que debió rendidas, puede nombrársele por el Juez, a solicitud escrita del deudor y sin mayores trámites, salvo su derecho de ser oído, un interventor a costa suya.

**Artículo 3068.-** La falta de pago no autoriza al acreedor a quedarse con el bien siendo aplicables al respecto las disposiciones conducentes de la prenda en cuanto a la venta judicial o extrajudicial.

En general, son aplicables a la anticresis, en lo conducente, las normas de la prenda y la hipoteca, según los casos, especialmente las de aquélla cuando la anticresis, como sucede en la prenda, la constituya un tercero para garantizar el pago de una deuda ajena. Inversamente, las reglas de este título se aplicarán complementariamente al caso de la anticresis sobre muebles, contemplado en el artículo 3046.

**Artículo 3069.-** La entrega de la escritura de la propiedad de un inmueble, por el deudor a su acreedor es presunción de la existencia de la anticresis; pero es a cargo del acreedor la prueba de la obligación principal.

<div align="center">

**TÍTULO VIGESIMO SEGUNDO**
**De la hipoteca**
**CAPÍTULO PRIMERO**
**De la hipoteca en general**

</div>

**Artículo 3070.-** Por el contrato accesorio de hipoteca se constituye el derecho real del mismo nombre sobre un determinado inmueble enajenable que no se entrega al acreedor, pero que garantiza a favor de éste el cumplimiento de una obligación y su preferencia en el pago.

**Artículo 3071.-** Los bienes hipotecados quedan sujetos al gravamen impuesto, aunque pasen a poder de tercero.

**Artículo 3072.-** A excepción de la hipoteca naval, marítima o aérea, que recae sobre naves y por tanto sobre muebles, la hipoteca sólo puede recaer sobre bienes inmuebles especialmente determinados, o sobre derechos reales constituidos sobre los. mismos, o sobre un conjunto de inmuebles y de muebles que formen una .individualidad unitaria perfectamente determinada. .

**Artículo 3073.-** La hipoteca se extiende, aunque no se exprese:

**I.-** A las accesiones del inmueble hipotecado;

**II.-** A las mejoras hechas por el propietario en los bienes gravados;

**III.-** A los objetos muebles incorporados permanentemente por el propietario a la finca y que no puedan separarse sin menoscabo de ésta o deterioro de esos objetos;

**IV.-** A los nuevos edificios que el propietario construya sobre el terreno hipotecado y a los nuevos pisos que levante sobre los edificios hipotecados; y

**V.-** A los nuevos edificios que el constituyente de la garantía levantare en reconstrucción total o parcial de los edificios hipotecados y que para esta finalidad hubiera demolido.

**Artículo 3074.-** Pueden ser hipotecadas las negociaciones industriales, comerciales, agrícolas o ganaderas, en cuyos casos la hipoteca que sobre ellas se constituya comprenderá no sólo los inmuebles en que estén instaladas, sino tan1bién las concesiones respectivas si las hay, así como todos los elementos materiales, muebles e inmuebles afectos a la explotación considerados en su unidad, pudiendo, además, comprender el dinero en caja de la explotación corriente y los créditos a favor de la empresa, nacidos directamente de sus operaciones, sin perjuicio de la posibilidad de disponer de ellos y de substituidos en el movimiento normal de las operaciones sin necesidad del consentimiento del acreedor, salvo pacto en contrario.

**Artículo 3075.-** Salvo pacto en contrario, la hipoteca no comprenderá:

**I.-** Los frutos industriales de los bienes hipotecados, siempre que esos frutos se hayan producido antes de que el acreedor exija el pago de su crédito; y

**II.-** Las rentas vencidas y no satisfechas al tiempo de exigirse el cumplimiento de la obligación garantizada.

**Artículo 3076.-** No se podrán hipotecar:

**I.-** Los bienes muebles, salvo los que teniendo el carácter de frutos pendientes o de pertenencias de un inmueble, se hipotequen con éste;

**II.-** Las servidumbres, a no ser que se hipotequen juntamente con el predio dominante;

**III.-** El uso y la habitación; y

**IV.-** Los bienes litigiosos, a no ser que la demanda origen del pleito se haya registrado preventivamente, o si se hace constar en el título constitutivo de la hipoteca que el acreedor tiene conocimiento del litigio; pero en cualquiera de ambos casos, la hipoteca quedará pendiente de la resolución del pleito.

**Artículo 3077.-** La hipoteca sobre derechos reales constituidos respecto de bienes raíces, dura mientras tales derechos subsisten; pero si éstos se extinguen, por culpa del deudor hipotecario o sin su culpa, éste estará obligado a constituir una nueva hipoteca a favor y a satisfacción del acreedor. Si no lo hace o no otorga. alguna otra garantía suficiente a juicio del acreedor, se dará por vencido anticipadamente el plazo de la obligación principal y se procederá al cobro de ella.

**Artículo 3078.-** En la hipoteca de la nuda propiedad puede gravarse exclusivamente ésta, o gravarse dicha nuda propiedad por una parte, y el usufructo por la otra.

En el primer caso, si se extinguiere el usufructo y se consolidare la propiedad, la hipoteca se extenderá en su totalidad al inmueble, es decir, sin desmembramiento de la propiedad, si así se hubiera convenido.

Si el usufructuario adquiere la nuda propiedad estando sólo hipotecada ésta, continuará el gravamen sin extenderse al usufructo.

**Artículo 3079.-** Cuando se hipotequen separadamente la nuda propiedad y el usufructo siendo distintos los titulares de estos derechos por ellos hipotecados, la extinción de cada una de las respectivas hipotecas no afecta la vida de la otra, pues extinguida una quedará subsistente la otra.

**Artículo 3080.-** La hipoteca de una construcción levantada en terreno ajeno no comprende el área.

Cuando alguien construyere de buena fe en terreno ajeno, y el propietario no quiera hacer uso del derecho que le concede este Código para adquirir la construcción, podrá hipotecarse ésta por el constructor.

**Artículo 3081.-** El derecho de superficie puede ser hipotecado, siguiendo el gravamen las limitaciones y modalidades de ese derecho.

**Artículo 3082.-** Ninguna hipoteca de hipoteca podrá constituirse si al tiempo de construirla su deudor no otorga al acreedor un mandato irrevocable para cobrar oportunamente y en su caso demandar, también oportunamente, al deudor de la hipoteca hipotecada.

El mandatario tendrá al respecto el derecho que concede a los de su clase el artículo 2854, y los notarios en sus escrituras relativas, así como los jueces ante quienes se ratifiquen escrituras privadas de este tipo, cuidarán del exacto cumplimiento de la anterior disposición. El encargado del Registro Público también lo hará negando la inscripción de las escrituras hipotecarias de hipotecas que no contengan dicho mandato irrevocable.

Puede el acreedor de la hipoteca de hipoteca tomar en prenda el crédito principal; pero esta será nula si se constituye a favor de persona distinta al acreedor de la hipoteca de hipoteca.

Las disposiciones de este precepto son aplicables a la hipoteca de anticresis.

**Artículo 3083.-** Las concesiones pueden ser objeto de hipoteca en la forma y términos que establezcan las leyes respectivas.

**Artículo 3084.-** Pueden también ser hipotecados los bienes que ya lo estén anteriormente, aunque haya pacto de no volverlos a hipotecar, salvo en todo caso los derechos de prelación que establece este Código. El pacto de no volver a hipotecar es nulo.

**Artículo 3085.-** El predio común no puede ser hipotecado sino con el consentimiento de todos los propietarios. El copropietario puede hipotecar su porción indivisa, y al dividirse el bien común la hipoteca gravará la parte que le corresponde en la división. El acreedor tiene derecho de intervenir en la división para impedir que a su deudor se le aplique una parte de la finca con valor inferior al que le corresponda.

**Artículo 3086.-** Nadie puede hipotecar sus bienes sino con las condiciones y limitaciones a que esté sujeto su derecho de propiedad.

La hipoteca constituida por el que no tenga derecho de hipotecar será nula, pero quedará convalidada si el constituyente adquiere después el inmueble hipotecado, antes de que tenga lugar la evicción.

**Artículo 3087.-** La hipoteca puede ser constituida tanto por el deudor como por otro a su favor.

**Artículo 3088.-** El propietario cuyo derecho sea condicional o de cualquiera otra manera limitado, deberá declarar en el contrato la naturaleza de su derecho, si la conoce.

**Artículo 3089.-** Sólo puede hipotecar el que puede enajenar, y solamente pueden ser hipotecados los bienes que puedan ser enajenados.

**Artículo 3090.-** Si el inmueble se volviere, con o sin culpa del deudor, insuficiente para la seguridad de la deuda, podrá el acreedor exigir que se mejore la hipoteca por el monto que, a juicio de peritos, garantice debidamente la obligación principal.

En este caso, se sujetará también a juicio de peritos la circunstancia de haber disminuido el valor de la finca hipotecada hasta hacerla insuficiente para responder de la obligación principal.

Si quedare comprobada la insuficiencia de la finca y el deudor no mejorare la hipoteca en los ocho días siguientes a la declaración judicial correspondiente, procederá el cobro del crédito hipotecario, dándose por vencida la hipoteca para todos los efectos legales.

**Artículo 3091.-** Si la finca estuviere asegurada y se destruyere por incendio u otro caso fortuito, subsistirá la hipoteca en los restos de la finca, y además el valor del seguro quedará afecto al pago. Si el crédito fuere de plazo cumplido, podrá el acreedor pedir la retención del seguro, y si no lo fuere, podrá pedir que dicho valor se imponga a su satisfacción, para que se verifique el pago al vencimiento del plazo. Lo mismo se observará con el precio que se obtuviere en el caso de expropiación por causa de utilidad pública o de venta judicial.

**Artículo 3092.-** La hipoteca subsistirá íntegra, aunque se reduzca la obligación garantizada, y gravará cualquier parte de los bienes hipotecados que se conserven, aunque la restante hubiere desaparecido, pero sin perjuicio de lo que disponen los artículos siguientes.

**Artículo 3093.-** Cuando se hipotequen varias fincas para la seguridad de un crédito, es forzoso determinar por qué porción del crédito responde cada finca, y puede cada una de ellas ser redimida del gravamen pagándose la parte del crédito que garantiza.

Cuando una finca hipotecada susceptible de ser fraccionada convenientemente se divida, se repartirá equitativamente el gravamen hipotecario entre las fracciones, poniéndose de acuerdo al efecto el dueño de la finca y el acreedor hipotecario. Si no se consiguiere ese acuerdo, la distribución del gravamen se hará por decisión judicial, previa audiencia de peritos.

**Artículo 3094.-** Sin consentimiento del acreedor el propietario del predio hipotecado no puede darlo en arrendamiento, ni pactar pago anticipado de rentas que exceda a la duración de la hipoteca, bajo pena de nulidad del citado contrato o del mencionado pacto en la parte que exceda de la expresada duración.

Si la hipoteca no tiene plazo cierto, no podrá estipularse anticipo de rentas por más de dos años si se trata de finca rústica, o por más de un año si se trata de fincas urbanas.

**Artículo 3095.-** La venta del bien hipotecado puede ser judicial o extrajudicial, aplicándose las disposiciones relativas a la prenda para uno y otro caso.

**Artículo 3096.-** El contrato de hipoteca debe constar en escritura notarial o en escritura privada firmada por los contratantes y dos testigos y ratificadas las firmas ante notario público, o juez de primera instancia, menor o de paz, mismos que en sus respectivos casos instruirán a los interesados sobre la manera de llenar las deficiencias de la escritura, si las tiene, para poder así autorizar la ratificación, que sólo harán hasta que

sus instrucciones sean observadas, y también en el caso en que la escritura esté originalmente bien elaborada.

**Artículo 3097.-** Los contratos en los que se consignen garantías hipotecarias otorgadas con motivo de la enajenación de casas y terrenos de interés social, o que el Estado, municipios u organismos descentralizados venden a gentes de escasos o medianos recursos para la constitución de su patrimonio familiar, o para vivienda, se otorgarán en escritura privada autorizada con la sola firma del deudor hipotecario-adquirente, y con el sello y firma del representante legal del enajenante-acreedor hipotecario, sin los requisitos de testigos y de ratificación de firmas.

**Artículo 3098.-** La hipoteca nunca es tácita ni general y se. perfecciona por el registro. En consecuencia, no producirá ningún electo legal sino desde el día y hora en que se lleve a cabo dicho registro.

Es obligación del notario proceder, desde luego, a poner en vías de realización y en los términos relativos del libro siguiente, la inscripción de referencia, debiendo responder de los daños y perjuicios que su falta de diligencia al respecto llegue a causar a los interesados.

Si por tal falta de diligencia o por la razón que fuere otra hipoteca tomara, por su inscripción, preferencia sobre ésta en la progresión del rango, el interesado puede elegir entre gestionar el registro de su hipoteca en el nuevo lugar que le corresponda, o demandar su nulidad por la falta de dicho requisito formal, constitutivo, del registro.

**Artículo 3099.-** Los notarios ante quienes se otorguen escrituras en que se constituya una hipoteca, deberán cuidar de insertar en ellas el certificado en que el encargado del Registro haga constar los gravámenes que de diez años anteriores a la fecha, por lo menos, reporte el bien de cuya hipoteca se trate, o en que, en su caso, se haga constar que dicho bien está libre de todo gravamen.

Los notarios que omitan este requisito serán responsables de los daños y perjuicios que su omisión cause, y el registrador no inscribirá ninguna escritura que carezca de dicho requisito.

En la misma responsabilidad que los notarios incurrirán los jueces ante quienes se ratifiquen escrituras privadas de hipoteca que no contengan la inserción a que se contrae el párrafo inicial de este precepto.

**Artículo 3100.-** La hipoteca puede ser voluntaria o necesaria.

Es voluntaria cuando el constituyente, sin existir ninguna disposición legal que se la imponga, de su libre voluntad conviene en otorgada para garantizar un crédito o una obligación futura, y es necesaria cuando, por el contrario, existe esa disposición en la ley que lo sujeta a prestar la garantía sobre bienes determinados, y es en acatamiento a esa disposición que se ve en la necesidad de constituirla.

## CAPÍTULO SEGUNDO
### De la Hipoteca Voluntaria

**Artículo 3101.-** La hipoteca constituida por declaración unilateral de voluntad de un tercero, será irrevocable desde el momento en que la hace saber. bien al acreedor o bien al deudor.

**Artículo 3102.-** La hipoteca constituida por testamento, puede tener por objeto mejorar un crédito a cargo del testador, para convertirlo de simple en hipotecario, o bien garantizar un legado o un crédito que se reconozca por testamento.

**Artículo 3103.-** La hipoteca constituida para la seguridad de una obligación futura o sujeta a una condición suspensiva inscrita, surtirá efecto contra tercero desde su inscripción, si la obligación llega a realizarse o la condición a cumplirse.

**Artículo 3104.-** Si la obligación asegurada estuviese sujeta a condición resolutoria inscrita, la hipoteca no dejará de surtir sus electos respecto de tercero, sino desde que se haga constar en el Registro el cumplimiento de la condición.

**Artículo 3105.-** Cuando se contraiga la obligación futura o se cumplan las condiciones de que tratan los dos artículos anteriores, deberán los interesados pedir que se haga constar así por medio de una nota al margen de la inscripción hipotecaria, sin cuyo requisito no podrá aprovechar ni perjudicar a tercero la hipoteca constituida.

**Artículo 3106.-** Para hacer constar en el Registro el cumplimiento de las condiciones a que se refieren los artículos que preceden, o la existencia de las obligaciones futuras, presentará cualquiera de los interesados al registrador la copia del documento público que así lo acredite y, en su defecto, una solicitud formulada por ambas partes, pidiendo que se extienda la nota marginal y expresando claramente los hechos que deben dar lugar a ella.

Si alguno de los interesados se niega a firmar dicha solicitud. acudirá el otro a la autoridad judicial para que, previo el procedimiento correspondiente, dicte la resolución que proceda.

**Artículo 3107.-** Todo hecho o convenio entre las partes, que pueda modificar o destruir la eficacia de una obligación hipotecaria anterior, no surtirá efecto contra tercero si no se hace constar en el Registro por medio de una inscripción nueva, de una cancelación total o parcial o de una nota marginal, según los casos.

**Artículo 3108.-** El crédito hipotecario puede cederse, en todo o en parte, siempre que la cesión se haga en la forma que para la constitución de la hipoteca establecen los Artículos 3096 y 3097, se haga del conocimiento al deudor y sea inscrita en el Registro Público de la Propiedad.

Además de la hipoteca voluntaria o necesaria, ésta puede constituirse para garantizar obligaciones a la orden, transmitirse por endoso el título, sin necesidad de notificación al

deudor ni de su registro. Asimismo, la hipoteca puede constituirse, para garantizar obligaciones al portador, en este caso se transmitirá por la simple entrega del título sin ningún otro requisito.

Las instituciones del Sistema Bancario Mexicano, actuando en nombre propio o como fiduciarias, las demás entidades financieras, los institutos de seguridad social, las autoridades y entes de la Administración Pública Estatal señaladas por el Artículo 3097, podrán ceder sus créditos con garantía hipotecaria, sin necesidad de notificación al deudor, de escritura pública, ni de inscripción en el Registro, siempre que la cedente lleve la administración de los créditos. En caso de que el cedente deje de llevar la administración, el cesionario deberá únicamente notificar por escrito la cesión al deudor.

En los supuestos previstos en los dos párrafos anteriores, la inscripción de la hipoteca a favor del acreedor original se considerará hecha a favor de el o los cesionarios referidos en tales párrafos, quienes tendrán todos los derechos y acciones derivados de ésta
*Párrafo adicionado POE 13-01-1995. Reformado POE 30-04-1997*

**Artículo 3109.-** La hipoteca generalmente durará por todo el tiempo que subsista la obligación que garantice, y cuando ésta no tuviere término para su vencimiento, la hipoteca continuará vigente hasta en tanto no prescriba la obligación principal o se extinga por alguna otra causa.

Puede establecerse en el título constitutivo de la hipoteca una duración menor que la de la obligación principal; pero no es válido estipular un término mayor a la vigencia de ésta.

**Artículo 3110.-** Cuando se prorrogue el plazo de la obligación garantizada con la hipoteca, ésta se entenderá prorrogada por el mismo término, a no ser que expresamente se asigne menor tiempo a la prórroga de la hipoteca.

**Artículo 3111.-** Si antes de que expire el plazo se prorrogare por primera vez, durante la prórroga y el término señalado para la prescripción, la hipoteca conservará la prelación que le corresponda desde su origen.

**Artículo 3112.-** La hipoteca prorrogada por segunda o más veces sólo conservará la preferencia derivada del registro de su constitución por el tiempo a que se refiere el artículo anterior; por el demás tiempo, o sea el de la segunda o ulterior prórroga, sólo tendrá la prelación que le corresponda por la fecha del último registro.

Lo mismo se observará en el caso de que el acreedor conceda un nuevo plazo para que se le pague el crédito.

**Artículo 3113.-** La acción hipotecaria prescribe en igual tiempo que la obligación principal, contado desde que legalmente pueda ésta exigirse.

## CAPÍTULO TERCERO
### De la Hipoteca Necesaria

**Artículo 3114.-** Llámase necesaria a la hipoteca especial y expresa que por disposición de la ley están obligadas a constituir ciertas personas para asegurar los bienes que administran, o para garantizar los créditos de determinados acreedores.

**Artículo 3115.-** La constitución de la hipoteca necesaria podrá exigirse en cualquier tiempo, aunque haya cesado la causa que le diere fundamento, siempre que esté pendiente de cumplimiento la obligación que se debiera haber asegurado.

**Artículo 3116.-** Si para la constitución de alguna hipoteca necesaria se ofrecieren diferentes bienes y no convinieron los interesados en la parte de la responsabilidad que haya de pesar sobre cada uno conforme a lo dispuesto en el artículo 3093, decidirá la autoridad judicial previo dictamen de peritos.

Del mismo modo decidirá el juez las cuestiones que se susciten entre los interesados, sobre la calificación de suficiencia de los bienes ofrecidos para la constitución de cualquiera hipoteca necesaria.

**Artículo 3117.-** La hipoteca necesaria durará el mismo tiempo que la obligación que con ella se garantiza.

**Artículo 3118.-** Tienen derecho de pedir la hipoteca necesaria para seguridad de sus créditos:

**I.-** El coheredero o participe, sobre los inmuebles repartidos, en cuanto importen los respectivos saneamientos o el exceso de los bienes que hayan recibido;

**II.-** Los descendientes de cuyos bienes fueren meros administradores los ascendientes, sobre los bienes de éstos, para garantizar la conservación y devolución de aquéllos, teniendo en cuenta lo que dispone la fracción 111del artículo 1103;

**III.-** Los menores y demás incapacitados, sobre los bienes de sus tutores, por los que éstos administren;

**IV.-** Los legatarios, por el importe de sus legados, si no hubiere hipoteca especial designada por el mismo testador;

**V.-** Los acreedores de la herencia, por el importe de sus créditos, si en la misma existen bienes inmuebles o derechos reales sobre bienes raíces; y

**VI.-** El Estado, los municipios y los establecimientos públicos, sobre los bienes de sus administradores o recaudadores, para asegurar las rentas de sus respectivos cargos.

La constitución de la hipoteca en los casos a que se refieren las fracciones I y III, puede ser pedida por los que por ley deben ser herederos del menor o de los demás incapacitados, y en su defecto por el Ministerio Público.

**Artículo 3119.-** Los que tienen derecho de exigir la constitución de hipoteca necesaria, tienen también el de objetar la suficiencia de la que se ofrezca, y el de pedir su ampliación cuando los bienes hipotecados se hagan por cualquier motivo insuficientes para garantizar el crédito. En ambos casos resolverá el Juez.

**Artículo 3120.-** Si el responsable de la hipoteca designada en las fracciones II, III y IV del artículo 3118 no tuviere inmueble, el acreedor no gozará, al respecto, más que del privilegio mencionado en el artículo 2539, fracción 1, sin perjuicio de las protecciones que este Código establece para el manejo, por ascendientes y tutores, de los bienes de menores y de incapacitados en general, sujetos, en sus respectivos casos, a patria potestad o a tutela.

### CAPÍTULO CUARTO
### De la Hipoteca de Propietario

**Artículo 3121.-** Se reconoce la hipoteca de propietario en favor del mismo dueño de la finca gravada, quien puede constituirla por acto unilateral, o adquirirla por subrogación, a efecto de disponer de dicha garantía y mantener preferencia frente a los acreedores hipotecarios posteriores.

**Artículo 3122.-** Cuando el deudor principal, constituyente de una hipoteca, pagare ésta, puede conservar a su disposición, si así lo desea, el gravamen con el lugar y grado de preferencia que tenga, pudiendo transmitirlo a terceros. En el caso de que se rematare el bien hipotecado, el propietario tendrá preferencia en la forma y términos que correspondan a la hipoteca que hubiere pagado.

**Artículo 3123.-** Se adquiere una hipoteca de propietario por subrogación legal, en los términos de la fracción V del artículo 2368, cuando el adquirente del bien gravado paga a un acreedor que tenga sobré él un crédito hipotecario preferente y anterior a la adquisición.

**Artículo 3124.-** Habrá también lugar a la hipoteca de propietario cuando el dueño del bien gravado se libere de la obligación principal por compensación, novación, confusión o remisión. En estos casos el dueño quedará subrogado en la hipoteca que pesa sobre su propio bien, siempre que existan otro u otros gravámenes en favor de terceros. De no existir tales gravámenes ni desear el propietario conservar la hipoteca, se extinguirá ésta.

**Artículo 3125.-** Cuando el constituyente de una hipoteca para garantizar deuda ajena, pagare ésta, quedará subrogado en la hipoteca sobre su propio bien en la firma y términos establecidos en el artículo anterior.

### CAPÍTULO QUINTO
### De la Extinción de las Hipotecas

**Artículo 3126.-** La hipoteca produce todos sus efectos jurídicos contra tercero mientras no sea cancelada su inscripción.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**Artículo 3127.-** La hipoteca se extingue, a petición de parte interesada y mediante declaración judicial:

**I.-** Cuando se extingue el bien hipotecado;

**II.-** Cuando se extinga la obligación a que sirvió de garantía, salvo los casos de hipoteca de propietario;

**III.-** Cuando se expropie por causa de utilidad pública el bien hipotecado, observándose lo dispuesto en el artículo 3091;

**IV.-** Cuando se resuelva o extinga el derecho del constituyente de la hipoteca sobre el bien gravado;

**V.-** Cuando se remate judicialmente el bien hipotecado, teniendo aplicación lo prevenido en el artículo 2604;

**VI.-** Por la remisión expresa del acreedor; y

**VII.-** Por la declaración de estar prescrita la acción hipotecaria o la obligación principal.

**Artículo 3128.-** Para los efectos de la fracción I del artículo anterior, se extingue el inmueble hipotecado:

**I.-** Cuando se destruye; y

**II.-** Cuando queda fuera del comercio.

**Artículo 3129.-** Si entre los bienes de una herencia existe un crédito hipotecario, mismo que en la partición y adjudicación de los bienes de esa herencia le es adjudicado al dueño del inmueble hipotecado en garantía de ese crédito, la hipoteca no se extinguirá, sino que subsistirá con el carácter de hipoteca de propietario a favor de quien habiéndolo recibido en herencia o en legado, es al mismo tiempo dueño del bien gravado con dicha hipoteca. Sin embargo, para que esto pueda acontecer se requiere: primero, que el favorecido con la hipoteca de propietario la quiera conservar; y segundo, que el bien que la soporta tenga una o más hipotecas por debajo de aquella, en el correspondiente orden o rango de preferencia.

**Artículo 3130.-** En el caso inverso al contemplado en el artículo anterior, esto es, cuando el bien hipotecado está dentro del acervo hereditario y no pertenece a ningún extraño en particular, el heredero o legatario a quien se adjudica tanto ese bien cuanto el crédito garantizado con la hipoteca constituida sobre él, puede dejar ésta subsistente, con el carácter de hipoteca de propietario, siempre que, como en el caso del propio artículo anterior, haya una o más hipotecas inferiores a ella en el orden o rango de preferencia.

**Artículo 3131.-** Cuando el acreedor hipotecario adquiera en legado el bien hipotecado, se extinguirá la hipoteca si el bien no reporta gravámenes; en caso contrario, la hipoteca subsistirá en calidad de hipoteca de propietario si así lo desea dicho acreedor legatario.

**Artículo 3132.-** La hipoteca extinguida por dación en pago revivirá si el pago queda sin efecto, ya sea porque el bien dado en pago se pierda por culpa del deudor y estando todavía en su poder, ya sea porque el acreedor lo pierda en virtud de la evicción.

**Artículo 3133.-** En los casos del artículo anterior, si el registro hubiera sido ya cancelado, revivirá solamente desde la fecha de la nueva inscripción, quedando siempre a salvo al acreedor el derecho para ser indemnizado por el deudor de los daños y perjuicios que se le hayan seguido.

## TÍTULO VIGÉSIMO TERCERO
### De las Transacciones

**Artículo 3134.-** La transacción es un contrato por el cual las partes, haciéndose recíprocas concesiones, terminan una controversia presente o previenen una futura.

En cualquiera de ambos casos la transacción debe constar por escrito, que los contratantes deben ratificar en la presencia del Juez o tribunal de los autos cuando mediante ella se pone fin a una contienda judicial.

**Artículo 3135.-** Los ascendientes y los tutores no pueden transigir en nombre de las personas que tienen bajo su potestad o bajo su guarda, a no ser que la transacción sea necesaria o útil para los intereses de los incapacitados y previa autorización judicial.

**Artículo 3136.-** Se puede transigir sobre la acción civil proveniente de un delito, pero no por eso se extingue la acción pública para la imposición de la pena, ni se da por probado el delito.

**Artículo 3137.-** No se puede transigir sobre el estado civil de las personas, ni sobre la validez del matrimonio.

**Artículo 3138.-** Es válida la transacción sobre los derechos pecuniarios que de la declaración del estado civil pudieran deducirse a favor de una persona; pero la transacción, en tal caso, no importa la adquisición del estado.

**Artículo 3139.-** Estará afectada de nulidad absoluta la transacción que verse:

**I.-** Sobre las consecuencias jurídicas de un delito, de un acto doloso o de un hecho ilícito que puedan tener realización en el futuro;

**II.-** Sobre la acción civil que nazca de un delito o culpa futuros;

**III.-** Sobré sucesión futura;

**IV.-** Sobre una herencia, ante de visto el testamento, si lo hay; y

**V.-** Sobre el derecho de recibir alimentos, pero no la transacción que verse sobre las cantidades que ya sean debidas por alimentos caídos pero no pagados.

**Artículo 3140.-** El fiador sólo queda obligado por la transacción cuando consiente en ella.

**Artículo 3141.-** La transacción tiene, respecto de las partes, la misma eficacia y autoridad que la cosa juzgada; pero no procederá la vía de apremio sino tratándose del cumplimiento de la transacción judicial. o de la extrajudicial, pero sólo cuando, en este último caso, el juez, a solicitud de ambas partes y siempre que no la estime contraria a derecho, la haya homologado obligando a quienes la pactaron a estar y pasar por ella con dicha autoridad de cosa juzgada.

Lo anterior no obstante, la transacción puede anularse o rescindirse en los casos generales en que se anulan o rescinden los demás contratos y negocios jurídicos y, además, en los casos a que se refieren los cinco artículos siguientes.

**Artículo 3142.-** Puede anularse la transacción cuando se hace en razón de un título nulo, a no ser que las partes hayan tratado expresamente de la nulidad.

**Artículo 3143.-** Cuando las partes están instruidas de la nulidad del título, o la disputa es sobre esa misma nulidad, pueden transigir válidamente, siempre que los derechos a que se refiere el título sean renunciables.

**Artículo 3144.-** La transacción celebrada teniéndose en cuenta documentos que después han resultado falsos por sentencia judicial, es nula.

**Artículo 3145.-** El descubrimiento de nuevos títulos o documentos no es causa para anular o rescindir la transacción, si no ha habido mala fe.

**Artículo 3146.-** Es nula la transacción sobre cualquier negocio que esté decidido judicialmente por sentencia irrevocable ignorada por los interesados.

**Artículo 3147.-** En las transacciones sólo hay lugar a la evicción cuando en virtud de ellas una de las partes da a la otra alguna cosa que no era objeto de la disputa y que, conforme a derecho, pierde el que la recibió.

**Artículo 3148.-** Cuando el bien dado tiene vicios o gravámenes ignorados por el que lo recibió, ha lugar a pedir la diferencia que resulte del vicio o gravamen, en los mismos términos que respecto del bien vendido.

**Artículo 3149.-** La transacción puede tener por objeto:

**I.-** Crear, transmitir, modificar o extinguir derechos respecto de ambas partes o de una de ellas, siempre y cuando guarden alguna relación con los derechos disputados o inciertos;

**II.-** Declarar o reconocer los derechos que son objeto de las diferencias sobre las que la transacción recae;

**III.-** Establecer certidumbre en cuanto a derechos dudosos o inciertos, determinando en su caso sus alcances y efectos.

La declaración o reconocimiento de los derechos a que se refiere la fracción II, no obliga al que la hace a garantizados, ni le impone responsabilidad alguna en el caso de evicción salvo pacto en contrario, ni tampoco implica un título propio para fundar la prescripción en perjuicio de tercero, pero si en contra de quien haga la declaración o reconocimiento.

**Artículo 3150.-** Las transacciones deben interpretarse estrictamente y sus cláusulas san indivisibles, a menos que otra cosa convengan las partes.

**Artículo 3151.-** No podrá demandarse la nulidad de una transacción, sin que previamente se haya asegurado la devolución de todo lo recibido a virtud del convenio que se quiera impugnar.

## TÍTULO VIGÉSIMO CUARTO
### Del Contrato de Compromiso

**Artículo 3152.-** Por el contrato de compromiso las partes pueden acordar que sus diferencias se sometan a la decisión de un árbitro o de un arbitrador.

**Artículo 3153.-** El contrato de compromiso puede celebrarse antes de que haya juicio, durante éste y aun después de estar ejecutoriadamente resuelto; pero siempre que en este último caso los interesados renuncien expresamente a los derechos que la sentencia ejecutoria les concede.

**Artículo 3154.-** El compromiso puede celebrarse, cualquiera que sea la cuantía del negocio, en escritura pública, en escritura privada o en acta especial ante el Juez o tribunal del conocimiento.

Puede también adquirirse el compromiso mediante cláusula compromisoria contenida en el mismo contrato acerca del cual se prevé que en caso de surgir diferencias sobre su cumplimiento o su interpretación y sus alcances, tales diferencias se someterán a la decisión de un árbitro o de un arbitrador.

**Artículo 3155.-** Con la salvedad de los casos expresamente exceptuados por la ley, todas las diferencias surgidas entre las partes en la interpretación y cumplimiento de los contratos o con motivo de los derechos que crean tener, pueden ser materia de los juicios arbitrales o de arbitradores.

**Artículo 3156.-** Para la preparación del juicio de árbitros y el de arbitradores y su tramitación, se estará a lo dispuesto al respecto por el Código de Procedimientos Civiles.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

## LIBRO CUARTO

### DE LA CUARTA PARTE ESPECIAL
### Del Registro Público de la Propiedad

### TÍTULO PRIMERO
### Disposiciones Generales

### CAPÍTULO PRIMERO
### De la Institución, del Sistema y de los Efectos del Registro

**Artículo 3157.-** Para el registro de los acontecimientos jurídicos que conforme a las leyes deben registrarse, funcionará una dependencia del Poder Ejecutivo local que se denominará Registro Público de la Propiedad y del Comercio del Estado de Quintana Roo que tendrá oficinas en los lugares que el Ejecutivo del Estado acuerde.

**Artículo 3158.-** El Registro Público de la Propiedad de Quintana Roo será en cuanto a la forma y manera de llevarlo a cabo, por el sistema de folio registral, y en cuanto a sus efectos será, en unos casos, además de publicitario, constitutivo, y en otros, meramente publicitario.

*Párrafo reformado POE 18-11-2004*

El folio registral es el número único que identifica a cada bien, persona o actos referidos a estos, al que en lo sucesivo se le denominará el o los Folios.

*Párrafo adicionado POE 18-11-2004*

**Artículo 3159.-** El registro será constitutivo en lo que respecta a los convenios y contratos por los cuales se adquiere, transmite, modifica o extingue el dominio de bienes raíces o una hipoteca.

**Artículo 3160.-** Los contratos a que se refiere el artículo anterior sólo se perfeccionan y surten plenamente efectos hasta que se registren.

La función en los casos de adquisición de la propiedad por usucapión, accesión, sucesión hereditaria o ejecución forzosa se realiza mediante la inscripción de la resolución judicial que la declare o decrete respectivamente.

Es también constitutivo el registro tratándose de asociaciones y sociedades civiles.

En todos los demás casos en que la ley establezca la inscripción registral, los efectos de ésta no serán constitutivos, sino meramente publicitarios.

### CAPÍTULO SEGUNDO
### De los Principios Registrales de la Publicidad, de la Inscripción,
### de la Especialidad, de la Buena Fe y de la Legalidad

**Artículo 3161.-** El Registro será público, los encargados del mismo tienen la obligación de permitir a las personas que lo soliciten, que se enteren de los asientos que obren en sus folios, así como de los documentos y datos electrónicos relacionados con los asientos registrales archivados. También tienen obligación de expedir copias certificadas de las inscripciones o constancias que figuren en dichos folios al igual que certificaciones de no existir asientos de ninguna especie o de una especie determinada, sobre bienes señalados o a nombre de ciertas personas.

*Párrafo reformado POE 18-11-2004*

Tratándose de testamentos ológrafos depositados en el Registro, se estará a lo dispuesto en el artículo 1495.

**Artículo 3162.-** Sólo se registrarán, no por transcripción sino por inscripción de los documentos relativos, los derechos, gravámenes, actos, negocios y contratos que conforme a este Código sean registrables y cuya existencia fehacientemente se compruebe por:

**I.-** Los testimonios de las escrituras o actas notariales, u otros documentos auténticos;

**II.-** Las copias certificadas de resoluciones y providencias judiciales; y

**III.-** Los documentos privados que fueren válidos con arreglo a la ley, siempre que al calce de los mismos haya la constancia de que el notario, el registrador o el Juez de Primera Instancia, Menor o de Paz, se cercioraron, en la ratificación de las firmas, de la autenticidad de éstas y de que las partes, gozando de su cabal juicio, expresaron su voluntad libres de toda coacción. Dicha constancia deberá estar firmada por los mencionados funcionarios y por su secretario, en su caso, y llevar el sello correspondiente.

Hecho el registro, serán devueltos los documentos al que los presentó, con la anotación de la fecha, folio y número en que quedaron registrados.

**Artículo 3163.-** Los actos ejecutados y los negocios o contratos otorgados en otra entidad federativa sólo se inscribirán si llenan las formalidades exigidas por las leyes del lugar de su otorgamiento, a no ser que los interesados se hayan sujetado sobre el particular a las leyes de Quintana Roa, y si, además, dichos actos o contratos tienen el carácter de inscribibles conforme a las disposiciones de este Código y del Reglamento del Registro Público de la Propiedad del Estado.

**Artículo 3164.-** El reglamento precisará la forma y manera en que deberán llevarse los folios del Registro y practicarse los asientos y señalará los datos que deberán contener las notas marginales y de presentación, los asientos preventivos y definitivos, y las cancelaciones tanto de las anotaciones como de los asientos.

**Artículo 3165. -** El Registro Público de la Propiedad operará a través de un programa informático que contendrá una base de datos, la cual deberá contar con al menos un respaldo electrónico.

Párrafo reformado POE 18-11-2004

Mediante el programa informático se realizará la captura, almacenamiento, custodia, seguridad, consulta, reproducción, verificación, administración y transmisión de la información registral, en los términos que fije el Reglamento.

Párrafo adicionado POE 18-11-2004

**Artículo 3166.-** En los casos de suspensión temporal del servicio registral electrónico por causa de fuerza mayor, podrán recibirse los documentos y continuar el procedimiento de registro de manera manual en las formas precodificadas, debiéndose una vez reestablecido el servicio, capturar en el programa informático del sistema, la información generada durante la contingencia.

Artículo reformado POE 18-11-2004

**Artículo 3167.-** No podrá hacerse ninguna inscripción en el Registro en forma abstracta o general, sino siempre en forma concreta y especial, tanto en cuanto a la finca y el derecho que se inscribe, como en cuanto a la persona del titular o de las personas que en la celebración del negocio hayan, en su caso, intervenido.

El reglamento especificará los datos y circunstancias que deberán expresarse en los asientos de cada uno de los tres ramos en que conforme al artículo 3198 se diversifica el Registro en el Estado.

**Artículo 3168.-** Los hechos, actos, negocios o contratos que conforme a este Código sean registrables y no se registren, sólo producirán efectos entre quienes los otorguen, pero no podrán perjudicar a terceros, quienes, por el contrario, podrán aprovecharlos en cuanto les fueren favorables.

La anterior disposición no es aplicable a los casos en que se trate de hechos, actos o contratos cuya inscripción sea constitutiva, ya que sólo surtirán plenamente sus efectos entre quienes los otorgan y con la salvedad de lo dispuesto en los artículos 435 y 455, a favor o en contra de terceros, hasta que se registran.

Si llegara por no haberse aún hecho la correspondiente inscripción en el Registro, quien en éste todavía figurase como dueño, a otorgar escritura de enajenación onerosa, o gratuita, a favor de un tercero, la operación tendrá validez y podrá registrarse, pero hará incurrir al enajenante en la sanción que atendiendo a la cuantía de la enajenación primera, corresponda al delito dc fraude, sin perjuicio de que devuelva al primer adquirente lo que de él recibió, con todos los gastos legales que hubiera hecho, y además lo resarza de los correspondientes daños y perjuicios. Si el tercer adquirente es de mala fe también será castigado como coautor del expresado delito, quedando afectado de nulidad absoluta el contrato por el que adquirió.

Las anteriores sanciones de reparación e indemnización económicas se impondrán, además de la privativa de la libertad, como pena pública en la sentencia penal respectiva, pero en todo caso el ofendido tendrá acción para reclamadas en la vía civil.

**Artículo 3169.-** En el caso de embargo precautorio, juicio ejecutivo o procedimiento de apremio referentes a bienes o derechos reales determinados, se levantará el embargo y se sobreseerá el procedimiento respecto de aquéllos o de sus frutos, inmediatamente que conste en los autos, por manifestación auténtica del Registro de la Propiedad, que dichos bienes o derechos están inscritos a favor de persona distinta de aquélla contra la cual se decretó el embargo o se siguió el procedimiento, a no ser que hubiere dirigido contra ella la acción como causahabiente del que aparece como dueño en el Registro.

**Artículo 3170.-** Para que la constancia fehaciente de la inscripción de propiedad a que se refiere el artículo anterior pueda dar mérito al levantamiento del embargo y al sobreseimiento a que el propio artículo se contrae, es preciso que dicha inscripción de propiedad sea de fecha anterior al registro del secuestro, pues de estar ya inscrito éste cuando el tercero haya adquirido el bien embargado, se presumirá juris et de jure, por virtud del efecto publicitario del registro, que aquél sabía lo que compraba y que por tanto se sometía a las resultas del secuestro trabado sobre el bien por él así adquirido. Lo mismo sucederá, por el principio de la buena fe, si no obstante no estar registrado el embargo, el adquirente tenía conocimiento del mismo cuando compró, bien porque el vendedor se lo hubiera informado o bien porque se le demuestre que lo supo por cualquier otro medio.

**Artículo 3171.-** Para los efectos de los tres artículos anteriores y los del Registro, es tercero toda persona que sin haber intervenido ni como autor ni como parte en un negocio jurídico específica mente determinado, inscrito en el Registro, posteriormente entra en relación con alguno de los contratantes respecto del bien o derecho que fue materia de dicho negocio, por haber adquirido a su favor derechos o gravámenes sobre ese bien o ese derecho, o por haberlos embargado.

El tercero será de buena fe si al adquirir o embargar desconoce en lo absoluto la inexactitud registral, esto es, la discordancia entre la realidad jurídica y el contenido de los asientos del Registro.

**Artículo 3172.-** Todo registro tiene a su favor la presunción, juris tantum, de haber sido hecho legalmente; pero ninguna inscripción registral convalida los hechos, actos, negocios o contratos que sean nulos con arreglo a la ley.

Para destruir tal presunción y evitar así que se pueda seguir teniendo como legal una inscripción incompatible con la que se pretende alcanzar, se dispone que no podrá ejercitarse ninguna acción contradictoria del dominio de inmuebles o de derechos reales constituidos sobre ellos e inscritos a nombre de persona o entidad determinada, sin que, previamente o a la vez, se entable demanda de nulidad o cancelación de la inscripción en que conste dicho dominio o derecho.

## CAPÍTULO TERCERO
### Del Principio Registral de la Prelación

**Artículo 3173.-** La preferencia entre derechos reales sobre una misma finca o derechos, ya se trate de derechos cuya coexistencia sea imposible, ya de derechos que si pueden

coexistir pero en orden o rango diferente, se determinará, dicha preferencia, por la prioridad de la inscripción del derecho en el Registro, cualquiera que sea la fecha de su constitución. Se tendrá en cuenta, en su caso, lo que sobre el particular dispone el artículo 3184.

**Artículo 3174.-** El derecho real adquirido con anterioridad a la fecha de una anotación preventiva será preferente, aun cuando su inscripción sea posterior, siempre que se haya dado, aunque sea extemporáneamente, el aviso que previene el artículo 3177.

**Artículo 3175.-** Los asientos del Registro, en cuanto se refieran a derechos inscribibles o anotables, producen todos sus efectos mientras que no se declare su inexactitud por la autoridad judicial competente.

**Artículo 3176.-** La prelación entre los diversos documentos ingresados al registro se determinará por la prioridad en cuanto a la fecha y número ordinal que le corresponda al presentarlos al Registro para su inscripción.

*Artículo reformado POE 18-11-2004*

**Artículo 3177.-** Cuando vaya a otorgarse una escritura en la que se declare, reconozca, adquiera, transmita, modifique, limite, grave o extinga la propiedad o posesión originaria de bienes raíces, o cualquier derecho real sobre los mismos, o que sin serlo, sea inscribible, el notario o autoridad ante quien vaya a hacer el otorgamiento deberá dar al Registro un primer aviso preventivo al solicitar el certificado sobre la existencia o inexistencia de gravámenes en relación con la misma. Dicho aviso deberá mencionar la operación y finca de que se trate, los nombres de los contratantes y el respectivo antecedente registral. El registrador, con el aviso preventivo, asentará de acuerdo al orden de prelación la nota de presentación en la parte respectiva del folio correspondiente, nota que tendrá vigencia por un término de treinta días naturales a partir de la fecha de presentación del aviso.

*Artículo reformado POE 18-11-2004, 16-12-2011*

**Artículo 3178.-** Una vez firmada la escritura que produzca cualquiera de las consecuencias mencionadas en el artículo anterior, el notario o autoridad ante quien se otorgó dará al Registro, dentro de las cuarenta y ocho horas siguientes, un segundo aviso preventivo acerca de la operación de que se trate, conteniendo además de los datos mencionados en el párrafo anterior, la fecha de la escritura y la de su firma. El registrador, con el aviso citado, asentará de acuerdo al orden de prelación la nota de presentación del segundo aviso preventivo, la cual tendrá, esta vez, una vigencia de noventa días naturales a partir de la fecha de presentación de dicho segundo aviso. Si éste se da dentro del término de treinta días a que se contrae el artículo anterior, sus efectos preventivos se retrotraerán a la fecha de presentación del primer aviso. En caso contrario, sólo surtirá efectos desde la fecha en que fue presentado y según el número de entrada que le corresponda.

*Artículo reformado POE 18-11-2004, 16-12-2011*

**Artículo 3179.-** Si el testimonio respectivo se presentare al Registro dentro de cualquiera de los términos que señalan los dos artículos anteriores, su inscripción surtirá efectos

CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO

contra tercero desde la fecha de presentación del primer aviso preventivo si hubiere sido dado, o en caso contrario desde la fecha y hora de presentación del segundo y con arreglo a su número de entrada. Si el documento se presentare fenecidos los referidos plazos, su registro sólo surtirá efectos desde la fecha de su presentación.

**Artículo 3180.-** Si el documento en que conste alguna de las operaciones que se mencionan en el artículo 3177, fuere de carácter privado, deberán dar únicamente el aviso preventivo con vigencia por noventa días, el notario o el Juez que se hayan cerciorado de la autenticidad de las firmas y de la voluntad de las partes, en cuyo caso el mencionado aviso surtirá los mismos efectos que el dado por los notarios en el caso de los instrumentos públicos.

**Artículo 3181.-** La inscripción definitiva de un derecho que haya sido anotado preventivamente, surtirá sus efectos desde la fecha en que la anotación los estaba produciendo.

## CAPÍTULO CUARTO
### De los Principios Registrales de la Anotación y en su caso
### de la Obligatoriedad, del tracto sucesivo o continuo y de la Calificación Registral

**Artículo 3182.-** La inscripción y la anotación de los títulos en el Registro puede pedirse por quien tenga interés legítimo en el derecho que se va a inscribir o anotar, o por el notario que haya autorizado la escritura de que se trate. Esta facultad se convierte en obligación de las personas acabadas de mencionar - interesado y notario- cuando se trate de títulos cuya inscripción tenga, conforme a la ley, efectos constitutivos.

**Artículo 3183.-** Para inscribir o anotar cualquier título, deberá constar previamente inscrito o anotado el derecho de la persona que otorgó aquél o de la que vaya a resultar perjudicada por la inscripción, a no ser que se trate de una inscripción de inmatriculación.

**Artículo 3184.-** Inscrito o anotado un título, no podrá inscribirse o anotarse otro de igual o anterior fecha que refiriéndose al mismo inmueble o derecho real, se le oponga o sea incompatible.

Si solo se hubiere extendido el asiento dé presentación, tampoco podrá inscribirse o anotarse otro título de la clase antes expresada, mientras el asiento esté vigente.

**Artículo 3185.-** Los registradores calificarán bajo su responsabilidad los documentos que se presenten para la práctica de alguna inscripción o anotación, las que suspenderán o denegarán en los casos siguientes:

**I.-** Cuando el título presentado no sea de los que deben inscribirse o anotarse;

**II.-** Cuando el documento no revista las formas extrínsecas que establezca la ley;

**III.-** Cuando los funcionarios ante quienes se haya otorgado o ratificado el documento, no hayan hecho constar la capacidad de los otorgantes, o cuando sea notoria la incapacidad de éstos;

**IV.-** Cuando el contenido del documento sea notoriamente contrario a las leyes prohibitivas o de interés público;

**V.-** Cuando el negocio jurídico de que se trate carezca de validez;

**VI.-** Cuando haya incompatibilidad entre el texto del documento y los asientos del registro;

**VII.-** Cuando se trate de resoluciones judiciales que provengan de Juez notoriamente incompetente;

**VIII.-** Cuando no se individualicen los bienes del deudor sobre los que se constituya un derecho real, o cuando no se fije la cantidad máxima que garantice un gravamen en el caso de obligaciones de monto indeterminado; y

**IX.-** Cuando falte algún otro requisito que deba llenar el documento de acuerdo con este Código u otras leyes aplicables.

**Artículo 3186.-** La calificación hecha por el registrador podrá recurrirse ante el Secretario de Gobierno, si éste confirma la calificación, el perjudicado por ella podrá reclamarla en el juicio, en el que será parte el Registrador.

<div align="right">**Párrafo reformado POE 05-04-2018**</div>

Si la autoridad judicial ordena que se registre el título rechazado, la inscripción surtirá sus efectos desde que por primera vez se presentó el título, si se hubiera hecho la anotación preventiva a que se refiere la fracción IV del Artículo 3200.

<div align="right">**Artículo reformado POE 29-09-2006**</div>

<div align="center">

## CAPÍTULO QUINTO
### De la Rectificación de los Asientos

</div>

**Artículo 3187.-** La rectificación de los asientos por causa de error material o de concepto, sólo procede cuando existe discrepancia entre el título y la inscripción.

Se entenderá que se comete error material cuando, sin intención conocida, se escriban unas palabras por otras, se omita la expresión de alguna circunstancia o se equivoquen los nombres propios o las cantidades al copiarlas del título, sin cambiar por eso el sentido general de la inscripción ni el de ninguno de sus conceptos.

Se entenderá que se comete error de concepto cuando al expresar en la inscripción alguno de los contenidos en el título, se altere o varíe su sentido porque el registrador se hubiere formado un juicio equivocado del mismo por una errónea calificación del acontecimiento. jurídico en él consignado o por cualquiera otra circunstancia.

**Artículo 3188.-** Cuando se trate de errores, sean materiales o sean de concepto, los asientos practicados en los folios podrán rectificarse por la propia oficina registral cuando ésta se percate de dichos errores, o a petición de parte, previo procedimiento administrativo seguido en los términos que fije el reglamento. La resolución que rectifique los asientos deberá ser notificada y consentida por todos los interesados en el asiento.
<span style="color:blue">**Párrafo reformado POE 18-11-2004**</span>

A falta del conocimiento unánime de los interesados, la rectificación sólo podrá efectuarse por resolución judicial.

En caso de que el registrador se oponga a la rectificación se observará lo dispuesto en el artículo 3186.

Los efectos de la rectificación se retrotraerán a la fecha en que se hizo el asiento; pero en ningún caso la rectificación perjudicará los derechos adquiridos por tercero a título oneroso y de buena fe durante la vigencia del asiento antes de ser rectificado.

## CAPÍTULO SEXTO
### De la extinción de los asientos

**Artículo 3189.-** Las inscripciones no se extinguen sino por su cancelación o por el registro de la transmisión del dominio o derecho real inscrito a favor de otra persona.

**Artículo 3190.-** Las anotaciones preventivas se extinguen por cancelación, por caducidad o por su conversión en inscripción.

**Artículo 3191.-** Las inscripciones y anotaciones pueden cancelarse por consentimiento de las partes o por orden judicial. Podrán no obstante ser canceladas a petición de parte sin dichos requisitos, cuando el derecho inscrito o anotado quede extinguido por disposición de la ley o por causas que resulten del título en cuya virtud se practicó la inscripción o anotación, debido a hecho que no requiera la intervención de la voluntad.

Para que el asiento pueda cancelarse por consentimiento, éste deberá constar en escritura pública o en cualquiera otra forma auténtica.

**Artículo 3192.-** La cancelación de las inscripciones y anotaciones preventivas podrá ser total o parcial.

**Artículo 3193.-** Podrá pedirse y deberá ordenarse, en su caso, la cancelación total:

**I.-** Cuando se extinga por completo el inmueble objeto de la inscripción;

**II.-** Cuando se extinga, también por completo, el derecho inscrito o anotado;

**III.-** Cuando se declare la nulidad del título en cuya virtud se haya hecho la inscripción o anotación;

**IV.-** Cuando se declare la nulidad del asiento;

**V.-** Cuando sea vendido judicialmente el inmueble que reporte el gravamen en el caso previsto en el artículo 2604; y

**VI.-** Cuando tratándose de cédula hipotecaria o de embargo, hayan transcurrido dos años desde la fecha del asiento, sin que el interesado haya promovido en el juicio correspondiente.

**Artículo 3194.-** Podrá pedirse y deberá decretarse, en su caso, la cancelación parcial:

**I.-** Cuando se reduzca el inmueble objeto de la inscripción o anotación preventiva; y

**II.-** Cuando se reduzca el derecho inscrito o anotado.

**Artículo 3195.-** Las anotaciones preventivas, cualesquiera que sea su origen, caducarán a los dos años de su fecha, salvo aquéllas a las que la ley fije otro plazo de caducidad. No obstante, a petición de parte o por mandato de las autoridades que los decretaron, podrán prorrogarse una o más veces, por dos míos cada vez, siempre que la prórroga sea anotada antes de que caduque el asiento.

La caducidad produce la extinción del asiento respectivo por el simple transcurso del tiempo; pero cualquier interesado podrá solicitar en este caso que se registre la cancelación de dicho asiento.

**Artículo 3196.-** Cancelado un asiento, se presume extinguido el derecho a que dicho asiento se refiere.

**Artículo 3197.-** Los padres como administradores de los bienes de sus hijos, los tutores de menores o de mayores incapacitados y cualesquiera otros administradores, aunque habilitados para recibir pagos y dar recibos, sólo pueden consentir la cancelación del registro hecho en favor de sus representados, en el caso de pagos o por sentencia judicial.

## CAPÍTULO SÉPTIMO
### De los Diferentes Ramos del Registro

**Artículo 3198.-** El registro se diversificará en los siguientes ramos:

**I.-** Registro inmobiliario;

**II.-** Registro mobiliario; y

**III.-** Registro de personas jurídicas o morales.

## TÍTULO SEGUNDO

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

### Del Registro Inmobiliario

### CAPÍTULO PRIMERO
### De los Títulos Inscribibles y Anotables

**Artículo 3199.-** En el Registro de la Propiedad Inmueble se inscribirán:

**I.-** Los títulos por los cuales se creé, declare, reconozca, adquiera, transmita, modifique, limite, grave o extinga el dominio, la posesión originaria y los demás derechos reales sobre inmuebles;

**II.-** Las resoluciones que aprueben la constitución del patrimonio de familia;

**III.-** Los contratos de arrendamiento de bienes inmuebles por un período mayor de seis años y aquéllos en que haya anticipos de rentas por más de tres años;

**IV.-** Los embargos trabados sobre bienes inmuebles; y

**V.-** Los demás títulos que la ley ordene expresamente que sean registrados.

**Artículo 3200.-** Se anotarán preventivamente en el Registro Inmobiliario:

**I.-** Las demandas relativas a la propiedad de bienes inmuebles o a la constitución, declaración, modificación, transmisión o extinción de cualquier derecho real sobre ellos;

**II.-** Las demandas promovidas para exigir el cumplimiento de contratos preparatorios o para dar forma legal al negocio o contrato concertado, cuando tenga por objeto inmuebles o derechos reales sobre los mismos;

**III.-** Las providencias judiciales que ordenen el secuestro o prohíban la enajenación de bienes inmuebles o derechos reales perfectamente determinados;

**IV.-** Los títulos presentados al Registro y cuya inscripción haya sido denegada o suspendida por el registrador;

**V.-** Las fianzas legales o judiciales, de acuerdo con lo establecido en el artículo 3013 de este Código;

**VI.-** Las declaraciones de expropiación, de limitación de dominio o de ocupación temporal de bienes inmuebles;

**VII.-** Las resoluciones judiciales en materia de amparo que ordenen la suspensión, provisional o definitiva, en relación con bienes inscritos en el Registro; y

**VIII.-** Cualquier otro título que sea anotable, de acuerdo con este Código u otras leyes.

## CAPÍTULO SEGUNDO
### De la Inmatriculación

**Artículo 3201.-** La inmatriculación, o sea la primera inscripción de dominio de una finca en el Registro, puede llevarse a cabo mediante:

**I.-** Información de posesión;

**II.-** Información de dominio;

**III.-** Inscripción de cada una de las fracciones de terreno, o de éstas y de las casas constituidas sobre ellas, que el Gobierno Federal, el del Estado, los ayuntamientos o los organismos paraestatales dedicados a esta materia, enajenan a los particulares;

**IV.-** Inscripción de las fracciones de terreno, o de éstas y de las casas construidas sobre ellas por los fraccionadores para su venta a particulares; y

**V.-** Inscripción de cada uno de los departamentos destinados a su enajenación en los edificios multifamiliares sujetos al régimen de condominio y de tiempo compartido.

En los casos previstos en las fracciones I y II, se estará a lo dispuesto en los artículos 1848 y 1850 para la I, y 1854 para la II; y para los de las fracciones III, IV Y V, a lo que sobre el particular disponga el Reglamento.

## TÍTULO TERCERO
### Del Registro de Operaciones sobre Muebles, del
### Registro de las Personas Jurídicas

**Artículo 3202.-** Se inscribirá en los folios de operaciones sobre bienes muebles:

**I.-** Los contratos de compraventa de bienes muebles sujetos a condición resolutoria a que se refiere la fracción II del artículo 2580;

**II.-** Los contratos de compraventa de bienes muebles por los cuales el vendedor se reserva la propiedad de los mismos, a que se refiere el artículo 2593;

**III.-** Los contratos de prenda que mencionan los artículos 3019, 3020 Y 3022;

**IV.-** Las facturas que amparen adquisición de vehículos de motor de combustión interna, así como de embarcaciones marítimas y aéreas en todos sus tipos.

**Artículo 3203.-** En los folios de las personas jurídicas se inscribirán:

**I.-** Los instrumentos por los que se constituyan, reformen o disuelvan las sociedades y asociaciones civiles, y sus estatutos;

**II.-** Los instrumentos que contengan la protocolización de los estatutos de asociaciones y sociedades extranjeras de carácter civil y de sus reformas, cuando deban hacerse esas inscripciones conforme a las leyes; y

**III.-** Las fundaciones y asociaciones de beneficencia privada.

## TÍTULO CUARTO
### Del Archivo General de Notarías

**Artículo 3204.- Derogado.**

**Artículo 3205.- Derogado.**

<span style="color:blue">Artículo derogado POE 15-01-1984</span>

**Artículo 3206.- Derogado.**

<span style="color:blue">Artículo derogado POE 15-01-1984</span>

<span style="color:blue">Artículo derogado POE 15-01-1984</span>

### DISPOSICION FINAL

**Artículo 3207.-** El Registrador y en general todos los funcionarios o empleados del Registro, cuya denominación y funciones establecerá el Reglamento, además de las sanciones en que puedan incurrir penalmente, responderán en el orden civil de los daños y perjuicios que causen:

**I.-** Por negarse a realizar, infundadamente, las inscripciones y anotaciones que sean procedentes conforme a este Código;

**II.-** Por llevar a cabo algún asiento indebidamente o demorarlo sin causa justificada;

**III.-** Por cometer errores, inexactitudes u omisiones en los asientos o en los certificados que expidan; y

**IV.-** Por no expedir éstos en el término que fije el Reglamento.

El funcionario o empleado que fuere condenado ejecutoriadamente por la reparación del daño y por la indemnización de los perjuicios, quedará suspendido del cargo hasta que haga el pago o lo asegure debidamente a satisfacción del reclamante.

### T R A N S I T O R I O S

**PRIMERO.-** El presente Código Civil para el Estado Libre y Soberano de Quintana Roo entrará en vigor a los treinta días siguientes de su publicación en el Periódico Oficial del Estado.

**SEGUNDO.-** Los efectos jurídicos pendientes de realizarse de hechos, actos y negocios jurídicos efectuados antes de la entrada en vigor de este ordenamiento, así como las consecuencias jurídicas también pendientes de realizarse, de situaciones jurídicas

constituidas en la misma época, se regirán por las disposiciones del presente Cuerpo de Leyes.

**TERCERO.-** Sí en un caso dado la capacidad jurídica de las personas llegare a quedar afectada por las disposiciones de este ordenamiento, se tendrá en cuenta lo que sobre el particular dispone el artículo 12.

**CUARTO.-** Se aplicarán las disposiciones de este Código a los plazos que estén corriendo para adquirir o perder un derecho, liberarse de obligaciones o introducir algún cambio de situación jurídica, pero el tiempo transcurrido antes de su entrada en vigor se computará aumentándolo o disminuyéndolo en la misma proporción en que se haya aumentado o disminuido el nuevo término fijado por la presente Ley.

**QUINTO.-** A partir de la fecha en que el presente Código entre en vigor, los notarios y jueces deberán remitir al Registro Público de la Propiedad y del Comercio del Estado los libros del protocolo a que se refieren los artículos 3205 y 3206.

**SEXTO.-** Se derogan todas las disposiciones que se opongan a este Código Civil.

Dado en el Salón de Sesiones de la Honorable II Legislatura Constitucional del Estado, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los treinta días del mes de septiembre de mil novecientos ochenta.

**Diputada Presidenta:**                    **Diputado Secretario:**

Faride Cheluja Pérez                          Germán García Padilla

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

## ARTÍCULOS TRANSITORIOS DE DECRETOS DE REFORMA

**DECRETO NÚMERO 036 EXPEDIDO POR LA III LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 01 DE ENERO DE 1982.**

### T R A N S I T O R I O S

**ARTICULO PRIMERO. -** Se derogan todas las disposiciones que se opongan al presente Decreto.

**ARTICULO SEGUNDO. -** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado Libre y Soberano de Quintana Roo.

Salón de Sesiones del Poder Legislativo en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los diecinueve días del mes de enero de mil novecientos ochenta y dos.

**Diputado Presidente:**                          **Diputada Secretaria:**

Joaquín Lanz Barrera                          Profra. Eva Fanny Quijano Kini

**DECRETO NÚMERO 125 EXPEDIDO POR LA III LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 15 DE ENERO DE 1984.**

### T R A N S I T O R I O S

**ARTICULO 1º.-** El presente decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado.

Salón de Sesiones del Poder Legislativo en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los doce días del mes de enero de mil novecientos ochenta y cuatro.

**Diputado Presidente:**                          **Diputada   Secretaria:**

Dr. Ramón González Ortíz                          Profra. Eva Fanny Quijano Kini.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**DECRETO NÚMERO 024 EXPEDIDO POR LA VI LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 15 DE MAYO DE 1991.**

## T R A N S I T O R I O S

**Primero. -** El presente decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Gobierno del Estado.

**Segundo. -** Para todos los efectos legales, la declaración protocolizada a que se refiere el artículo 2761 bis, se inscribirá conforme a lo establecido por el artículo 3199 del propio Código Civil.

**Tercero. -** Se derogan todas las disposiciones que se opongan al presente decreto.

Salón de Sesiones del Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los dos días del mes de mayo de mil novecientos noventa y uno.

**Diputado Presidente:**                                **Diputada Secretaria:**


Jorge E. Bates Dominguez                          Concepcion Armenta de Paulino


**DECRETO NÚMERO 100 EXPEDIDO POR LA VI LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 15 DE OCTUBRE DE 1992.**

## T R A N S I T O R I O S

**ÚNICO. -** El presente decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Gobierno del Estado de Quintana Roo.

Salón de Sesiones del Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los veintinueve días del mes de septiembre de mil novecientos noventa y dos.

**Diputado Presidente:**                                **Diputado Secretario:**


Roger Cristino Flota Medina                          Mario Eduardo Chuc Aguilar

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**DECRETO NÚMERO 086 EXPEDIDO POR LA VII LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 13 DE ENERO DE 1995.**

**T R A N S I T O R I O S**

**Artículo Único. -** El presente decreto entrará en vigor al día siguiente al de su publicación en el Periódico Oficial del Gobierno del Estado.

Sala de Comisiones "Constituyentes de 1974"', en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los cinco días del mes de enero de mil novecientos noventa y cinco.

**Diputado Presidente**                                    **Diputado Secretario**


Tito Raul García Aguilar                              Margarito Buitrón Hernández



**DECRETO NÚMERO 059 EXPEDIDO POR LA VIII LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 30 DE ABRIL DE 1997.**

**T R A N S I T O R I O S**

**ARTÍCULO PRIMERO. -** El presente decreto entrará en vigor el día de su publicación en el Periódico Oficial del Estado.

**ARTÍCULO SEGUNDO. -** Se abrogan todas aquellas disposiciones que se opongan al presente Decreto.

Salón de Sesiones del H. Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los diecisiete días del mes de abril de mil novecientos noventa y siete

**Diputado Presidente:**                                    **Diputado Secretario:**


Gustavo Ortega Joaquín                              Jorge M. López Sosa

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**DECRETO NÚMERO 074 EXPEDIDO POR LA IX LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL GOBIERNO DEL ESTADO EL DÍA 15 DE FEBRERO DE 2001.**

## T R A N S I T O R I O S

**ÚNICO. -** El presente Decreto entrará en vigor al día siguiente al de su publicación en el Periódico Oficial del Gobierno del Estado.

Salón de Sesiones del H. Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, al primer día del año dos mil uno.

**Diputado Presidente**                              **Diputado Secretario**

Marcelo Carreón Mundo                              Ángel Marín Carrillo


**DECRETO NÚMERO 143 EXPEDIDO POR LA IX LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 15 DE MARZO DE 2002.**

## T R A N S I T O R I O S

**ARTÍCULO PRIMERO.-** La presente reforma entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Gobierno del Estado.

**ARTÍCULO SEGUNDO.-** Se derogan todas las disposiciones que se opongan a la presente reforma.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los siete días del dos mil dos.

**Diputado Presidente:**                              **Diputado Secretario:**

Marcelo Carreón Mundo.                              Ángel de J. Marín Carrillo

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

## DECRETO NÚMERO 116 EXPEDIDO POR LA X LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 15 DE JULIO DE 2004

### T R A N S I T O R I O S

**ÚNICO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Gobierno del Estado.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los tres días del mes de junio del año dos mil cuatro.

**Diputado Presidente:**                    **Diputado Secretario:**

Elizama Be Cituk                         Pablo de J. Rivero Arceo


## DECRETO NÚMERO 134 EXPEDIDO POR LA X LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 18 DE NOVIEMBRE DE 2004

### T R A N S I T O R I O S

**PRIMERO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Gobierno del Estado.

**SEGUNDO.-** Se derogan todas las disposiciones de igual o menor jerarquía que se opongan al presente Decreto.

**TERCERO.-** Los efectos del presente decreto de reforma, se retrotraen al veintidós de septiembre del año dos mil cuatro, fecha de inicio del Sistema del Folio Registral.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los dieciocho días del mes de noviembre del año dos mil cuatro.

**Diputado Presidente:**                    **Diputado Secretario:**

Marcelino Villafaña Herrera               Pablo de J. Rivero Arceo

**DECRETO NÚMERO 103 EXPEDIDO POR LA XI LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 29 DE SEPTIEMBRE DE 2006.**

### T R A N S I T O R I O S

**ÚNICO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Gobierno del Estado de Quintana Roo.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los veintiséis días del mes de septiembre del año dos mil seis.

**Diputado Presidente:**          **Diputado Secretario:**

Francisco A. Flota Medrano          Eduardo R. Quián Alcocer

**DECRETO NÚMERO 151 EXPEDIDO POR LA XI LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 18 DE ABRIL DE 2007**

### T R A N S I T O R I O S

**ÚNICO. -** El presente Decreto entrará en vigor al día siguiente al de su publicación en el Periódico Oficial del Gobierno del Estado.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los doce días del mes de abril del año dos mil siete.

**Diputado Presidente:**          **Diputado Secretario:**

Lic. Efraín Villanueva Arcos          Lic. Juan Carlos Pallares Bueno

**DECRETO NÚMERO 183 EXPEDIDO POR LA XI LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 26 DE JUNIO DE 2007**

### T R A N S I T O R I O S

**ÚNICO.-** El presente Decreto entrará en vigor a partir del día siguiente de su publicación en el Periódico Oficial del Gobierno del Estado de Quintana Roo.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los diecinueve días del mes de junio del año dos mil siete.

**Diputado Presidente:**          **Diputado Secretario:**

Ing. Mario Félix Rivero Leal          Lic. Juan Carlos Pallares Bueno

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

## DECRETO NÚMERO 198 EXPEDIDO POR LA XI LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 28 DE SEPTIEMBRE DE 2007

### T R A N S I T O R I O S

**ÚNICO.-** El presente Decreto iniciará su vigencia a partir del día siguiente al de su publicación en el Periódico Oficial del Gobierno del Estado de Quintana Roo.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los veinte días del mes de septiembre del año dos mil siete.

**Diputada Presidenta:**                          **Diputado Secretario:**

C. Inés López Chan                          Lic. Juan Carlos Pallares Bueno

## DECRETO NÚMERO 199 EXPEDIDO POR LA XI LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 28 DE SEPTIEMBRE DE 2007

### T R A N S I T O R I O S

**ÚNICO.-** El presente Decreto iniciará su vigencia a partir del día siguiente de su publicación en el Periódico Oficial del Gobierno del Estado.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los veinte días del mes de septiembre del año dos mil siete.

**Diputada Presidenta:**                          **Diputado Secretario:**

C. Inés López Chan                          Lic. Juan Carlos Pallares Bueno

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

## DECRETO NÚMERO 201 EXPEDIDO POR LA XI LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 15 DE OCTUBRE DE 2007

### T R A N S I T O R I O S

**PRIMERO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Gobierno del Estado de Quintana Roo.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los nueve días del mes de octubre del año dos mil siete.

**Diputada Presidenta:**                              **Diputado Secretario:**

C. Inés López Chan                                    Lic. Juan Carlos Pallares Bueno


## DECRETO NÚMERO 227 EXPEDIDO POR LA XI LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 27 DE NOVIEMBRE DE 2007

### T R A N S I T O R I O S

**ÚNICO.-** El presente Decreto entrará en vigor el día siguiente al de su publicación en el Periódico Oficial del Gobierno del Estado de Quintana Roo.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los veinte días del mes de noviembre del año dos mil siete.

**Diputado Presidente:**                              **Diputado Secretario:**

Dr. Juan M. Chang Medina                              Lic. Juan C. Pallares Bueno

## DECRETO NÚMERO 049 EXPEDIDO POR LA XII LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 14 DE NOVIEMBRE DE 2008

### T R A N S I T O R I O S

**PRIMERO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.-** Los trámites iniciados en el Registro Civil del Estado para el efecto de contraer matrimonio con anterioridad a la entrada en vigor del presente Decreto, serán concluidos conforme a las disposiciones vigentes en el momento de su solicitud.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los treinta días del mes de octubre  del año dos mil ocho.

**Diputado Presidente:**                          **Diputada Secretaria:**

Lic. Carlos M. Villanueva Tenorio          Lic. María Hadad Castillo

## DECRETO NÚMERO 152 EXPEDIDO POR LA XII LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 26 DE JUNIO DE 2009

### T R A N S I T O R I O S

**ÚNICO.-** El presente decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los veintitres días del mes de junio del año dos mil nueve.

**Diputada Presidenta:**                          **Diputada Secretaria:**

C. Marisol Ávila Lagos                          Lic. María Hadad Castillo

## DECRETO NÚMERO 156 EXPEDIDO POR LA XII LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 30 DE JUNIO DE 2009

### T R A N S I T O R I O S

**ARTÍCULO ÚNICO.-** El presente decreto entrará en vigor al día siguiente al de su publicación en el Periódico Oficial del Estado de Quintana Roo.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los veinticinco días del mes de junio del año dos mil nueve.

**Diputada Presidenta:**                          **Diputada Secretaria:**

C. Marisol Ávila Lagos                          Lic. María Hadad Castillo


## DECRETO NÚMERO 164 EXPEDIDO POR LA XII LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 18 DE SEPTIEMBRE DE 2009

### T R A N S I T O R I O S

**ÚNICO.-** Las presentes reformas entrarán en vigor a partir del día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los diecisiete días del mes de septiembre del año dos mil nueve.

**Diputado Presidente:**                          **Diputada Secretaría:**

Lic. Carlos Mario Villanueva Tenorio                          Lic. María Hadad Castillo

## DECRETO NÚMERO 275 EXPEDIDO POR LA XII LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 14 DE MAYO DE 2010

### T R A N S I T O R I O S

**PRIMERO.-** El presente decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.-** Los juicios de divorcio que se encuentren sustanciándose ante los Juzgados y Tribunales del Estado, interpuestos de manera previa a la entrada en vigor de la presente reforma, le será aplicable para su resolución, la legislación vigente al momento de su interposición.

### T R A N S I T O R I O:

**ÚNICO.-** Publíquese el presente Decreto en el Periódico Oficial del Estado de Quintana Roo.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los once días del mes de mayo del año dos mil diez.

**Diputado Presidente:**                              **Diputada Secretaria:**

 C. Javier Geovani Gamboa Vela                   Lic. María Hadad Castillo


## DECRETO NÚMERO 361 EXPEDIDO POR LA XII LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 30 DE NOVIEMBRE DE 2010

### T R A N S I T O R I O S

**ÚNICO.-** El presente decreto entrará en vigor al día siguiente al de su publicación en el Periódico Oficial del Estado de Quintana Roo.

### TRANSITORIO:

**ÚNICO.-** Publíquese el decreto que en su caso se expida en el Periódico Oficial del Estado de Quintana Roo.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los veintitres días del mes de noviembre del año dos mil diez.

**Diputada Presidenta:**                              **Diputada Secretaria:**

Lic. Laura Lynn Fernández Piña                    Lic. María Hadad Castillo

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

## DECRETO NÚMERO 374 EXPEDIDO POR LA XII LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 10 DE DICIEMBRE DE 2010

### T R A N S I T O R I O S

**PRIMERO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.-** Se derogan todas las normas que se opongan al presente Decreto.

**TERCERO.-** El Sistema Estatal de Desarrollo Integral de la Familia contará, con 90 días a partir de la entrada en vigor del presente Decreto, para implementar la figura de Oficial de Menores de Edad, dentro del personal con que cuenta para su debida selección y capacitación, para los efectos que la ley señala.

### TRANSITORIO

**ÚNICO.-** Publíquese el presente Decreto en el Periódico Oficial del Estado de Quintana Roo.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los dos días del mes de Diciembre del año dos mil diez.

**Diputada Presidenta:**                    **Diputada Secretaria:**

Lic. Laura Lynn Fernández Piña.            Lic. María Hadad Castillo

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

## DECRETO NÚMERO 375 EXPEDIDO POR LA XII LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 10 DE DICIEMBRE DE 2010

### T R A N S I T O R I O S

**PRIMERO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.-** Se derogan todas las disposiciones de igual o menor jerarquía que se opongan al presente Decreto.

### TRANSITORIO:

**ÚNICO.-** Publíquese el presente Decreto en el Periódico Oficial del Estado de Quintana Roo.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los dos días del mes de Diciembre del año dos mil diez.

**Diputada Presidenta:**                    **Diputada Secretaria:**

Lic. Laura Lynn Fernández Piña.        Lic. María Hadad Castillo

## DECRETO NÚMERO 383 EXPEDIDO POR LA XII LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 13 DE DICIEMBRE DE 2010

### T R A N S I T O R I O S

**PRIMERO.-** El presente decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.-** Se derogan todas las disposiciones que se opongan al presente Decreto.

**TERCERO.-** El Titular del Ejecutivo del Estado, contará con noventa días, contados a partir de la entrada en vigor del presente decreto, para efectuar las modificaciones necesarias, al Reglamento del Registro Civil para el Estado Libre y Soberano de Quintana Roo.

### T R A N S I T O R I O:

**ÚNICO.-** Publíquese el presente Decreto en el Periódico Oficial del Estado de Quintana Roo.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los nueve días del mes de diciembre del año dos mil diez.

**Diputada Presidenta:**                    **Diputada Secretaria:**

Lic. Laura Lynn Fernández Piña          C. Marisol Ávila Lagos

## DECRETO NÚMERO 040 EXPEDIDO POR LA XIII LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 16 DE DICIEMBRE DE 2011

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los trece días del mes de diciembre del año dos mil once.

**Diputado Presidente:**                    **Diputado Secretario:**

C. Juan Carlos Pereyra Escudero          Lic. José de la Peña Ruíz de Chávez

## DECRETO NÚMERO 142 EXPEDIDO POR LA XIII LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 30 DE OCTUBRE DE 2012

### T R A N S I T O R I O S

**PRIMERO.-** El presente Decreto entrará en vigor el día de su publicación en el Periódico Oficial del Estado.

**SEGUNDO.-** Se derogan todas las disposiciones que se opongan a las contenidas en el presente Decreto.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los veintidós días del mes de octubre del año dos mil doce.

**Diputado Presidente:**                    **Diputada Secretaria:**

Lic. José de la Peña Ruíz de Chávez       Lic. Alondra Maribell Herrera Pavón

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

## DECRETO NÚMERO 291 EXPEDIDO POR LA XIII LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 02 DE JULIO DE 2012

### T R A N S I T O R I O S

**PRIMERO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.-** Se derogan todas las disposiciones que se opongan al presente Decreto.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los veintiséis días del mes de junio del año dos mil trece.

**Diputado Presidente:**                    **Diputada Secretaria:**

C. Oscar Alfredo Velázquez Pilar         C. Mariana Anahí Aranda Arjona

## DECRETO NÚMERO 242 EXPEDIDO POR LA XIV LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 19 DE DICIEMBRE DE 2014

### T R A N S I T O R I O S

**PRIMERO.** El presente Decreto entrará en vigor el día de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.** Se derogan todas las disposiciones que se opongan al presente Decreto.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los once días del mes de diciembre del año dos mil catorce.

**Diputado Presidente:**                    **Diputado Secretario:**

C. Mario Machuca Sánchez                 Q.F.B. Filiberto Martinez Méndez

## DECRETO NÚMERO 272 EXPEDIDO POR LA XIV LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 24 DE JULIO DE 2015

### T R A N S I T O R I O S

**PRIMERO.** El presente Decreto entrará en vigor el día de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.** Se derogan todas las disposiciones que se opongan a las contenidas en el presente Decreto.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los veinte días del mes de julio de dos mil quince.

**Diputado Presidente:**                    **Diputado Secretario:**

Lic. Juan Luis Carrillo Soberanis          Q.F.B. Filiberto Martinez Méndez

## DECRETO NÚMERO 338 EXPEDIDO POR LA XIV LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 17 DE JULIO DE 2015

### T R A N S I T O R I O S

**PRIMERO:** El presente decreto entrará en vigor el mismo día de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO:** Se derogan todas aquellas disposiciones legales que contravengan el presente decreto.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los veintinueve días del mes de octubre de dos mil quince.

**Diputado Presidente:**                    **Diputada Secretaria:**

Profr. Juan Carlos Huchín Serralta          Lic. Suemy Graciela Fuentes Manrique

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

## DECRETO NÚMERO 388 EXPEDIDO POR LA XIV LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 29 DE FEBRERO DE 2016

### T R A N S I T O R I O S

**PRIMERO.** El presente decreto entrará en vigor el día de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.** Se derogan todas aquellas disposiciones que contravengan el presente decreto.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los dieciséis días del mes de febrero del año dos mil dieciséis.

**Diputada Presidenta:**                    **Diputada Secretaria:**

C. Perla Cecilia Tun Pech                    Lic. Suemy Graciela Fuentes Manrique

## DECRETO NÚMERO 402 EXPEDIDO POR LA XIV LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 30 DE MAYO DE 2016

### T R A N S I T O R I O S

**ÚNICO.** El presente decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los diecinueve días del mes de mayo del año dos mil dieciséis.

**Diputada Presidenta:**                    **Diputada Secretaria:**

Lic. Delia Alvarado                    Lic. Suemy Graciela Fuentes Manrique

## DECRETO NÚMERO 073 EXPEDIDO POR LA XV LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 04 DE JULIO DE 2017

### T R A N S I T O R I O S

**PRIMERO.** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.** Los juicios de divorcio iniciados con anterioridad a la entrada en vigor del presente Decreto, serán concluidos conforme a las disposiciones procesales vigentes al momento de iniciarse dichos procedimientos.

**TERCERO.** Se derogan todas las disposiciones que contravengan al presente decreto.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los treinta y un días del mes de mayo del año dos mil diecisiete.

**Diputada Presidenta:**                                    **Diputada Secretaria:**

Lic. Mayuli Latifa Martínez Simón                 C. Eugenia Guadalupe Solís Salazar

## DECRETO NÚMERO 114 EXPEDIDO POR LA XV LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 10 DE NOVIEMBRE DE 2017

### T R A N S I T O R I O S

**PRIMERO.** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.** Se derogan todas las disposiciones que se opongan al presente Decreto.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los ocho días del mes de noviembre del año dos mil diecisiete.

**Diputado Presidente:**                                    **Diputada Secretaria:**

Lic. Fernando Levin Zelaya Espinoza             C. Eugenia Guadalupe Solís Salazar

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

## DECRETO NÚMERO 155 EXPEDIDO POR LA XV LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 05 DE ABRIL DE 2018

### T R A N S I T O R I O S

**PRIMERO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.-** Se instruye a la Secretaría de Finanzas y Planeación, así como a la Oficialía Mayor para que realice en coordinación con la Secretaría de Gobierno y demás autoridades que competan, los ajustes necesarios tendientes a que el presupuesto, personal, recursos financieros, materiales, bienes muebles, así como archivos y expedientes, tanto en medio físico como en medio electrónico con los que cuenta el Registro Público de la Propiedad y del Comercio, sean transferidos a la Secretaría de Gobierno; esto dentro de un plazo no mayor a sesenta días a la entrada en vigor del presente Decreto.

**TERCERO.-** Los recursos de inconformidad derivados de la materia registral iniciados con anterioridad a la entrada en vigencia del presente Decreto ante la Secretaría de Finanzas y Planeación, serán continuados hasta concluirlos ante la misma.

**CUARTO.-** En un término que no exceda de noventa días naturales contados a partir de la entrada en vigencia del presente Decreto, deberán adecuarse al contenido del mismo, los Reglamentos interiores de la Secretaría de Gobierno y de la Secretaría de Finanzas y Planeación; así como la normatividad del Registro Público de la Propiedad y del Comercio del Estado de Quintana Roo.

**QUINTO.-** Se derogan las disposiciones de igual o menor jerarquía que se opongan al contenido del presente Decreto.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, Capital del Estado de Quintana Roo, a los veinte días del mes de marzo del año dos mil dieciocho.

**Diputado Presidente:**                    **Diputada Secretaria:**

C. José Esquivel Vargas                     C. Eugenia Guadalupe Solís Salazar

## DECRETO NÚMERO 345 EXPEDIDO POR LA XV LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 09 DE AGOSTO DE 2019.

### T R A N S I T O R I O S

**PRIMERO.** El presente Decreto entrará en vigor el día de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.** En un plazo no mayor de 90 días contados a partir de la entrada en vigor del presente decreto, el Ejecutivo del Estado realizará las adecuaciones necesarias al Reglamento del Registro Civil y demás disposiciones aplicables para ajustar el funcionamiento de los entes gubernamentales involucrados con el Registro de Deudores Alimentarios Morosos del Estado de Quintana Roo.

**TERCERO.** Se derogan todas aquellas disposiciones que se opongan al presente Decreto.

Salón de Sesiones del Honorable Poder Legislativo, en la ciudad de Chetumal, capital del Estado de Quintana Roo, a los veintiséis días del mes de junio del año dos mil diecinueve.

**Diputado Presidente:**                    **Diputada Secretaria:**

Lic. Eduardo Lorenzo Martínez Arcila.        C. Elda Candelaria Ayuso Achach.

## DECRETO NÚMERO 351 EXPEDIDO POR LA XV LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 13 DE SEPTIEMBRE DE 2019.

### TRANSITORIO

**ÚNICO.** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

Salón de Sesiones del Honorable Poder Legislativo, en la ciudad de Chetumal, capital del Estado de Quintana Roo, a los trece días del mes de agosto del año dos mil diecinueve.

**Diputada Presidenta:**                    **Diputado Secretario:**

C. Elda Candelaria Ayuso Achach.            C. Carlos Mario Villanueva Tenorio.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

## DECRETO NÚMERO 359 EXPEDIDO POR LA XV LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 13 DE SEPTIEMBRE DE 2019.

### ARTÍCULOS TRANSITORIOS

**PRIMERO.** El presente Decreto entrará en vigor al día siguiente al de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.** Se derogan todas las disposiciones que se opongan al presente Decreto.

Salón de Sesiones del Honorable Poder Legislativo, en la ciudad de Chetumal, capital del Estado de Quintana Roo, a los trece días del mes de agosto del año dos mil diecinueve.

**Diputada Presidenta:**                      **Diputado Secretario:**

C. Elda Candelaria Ayuso Achach.             C. Carlos Mario Villanueva Tenorio.

## DECRETO NÚMERO 199 EXPEDIDO POR LA XV LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 16 DE ENERO DE 2020.

### TRANSITORIO

**ÚNICO.** El presente Decreto entrará en vigor el mismo día de su publicación en el Periódico Oficial del Estado de Quintana Roo.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, capital del Estado de Quintana Roo, a los veintitrés días de mayo del año dos mil dieciocho.

**Diputado Presidente:**                      **Diputada Secretaria:**

Prof. Ramón Javier Padilla Balam             C. Eugenia Guadalupe Solís Salazar

## DECRETO NÚMERO 061 EXPEDIDO POR LA XVI LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 30 DE NOVIEMBRE DE 2020.

### TRANSITORIOS

**PRIMERO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.-** El Ejecutivo del Estado, contará con noventa días hábiles para efectuar las modificaciones necesarias al Reglamento del Registro Civil para el Estado Libre y Soberano de Quintana Roo.

**TERCERO.-** Se derogan las disposiciones que se opongan al presente decreto.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, capital del Estado de Quintana Roo, a los diecisiete días del mes de noviembre del año dos mil veinte.

**Diputado Presidente:**                    **Diputada Secretaria:**

Lic. Eduardo Lorenzo Martínez Arcila.        Lic. Iris Adriana Mora Vallejo.

## DECRETO NÚMERO 129 EXPEDIDO POR LA XVI LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 20 DE OCTUBRE DE 2021.

### ARTÍCULOS TRANSITORIOS

**PRIMERO.-** El presente Decreto entrará en vigor al día siguiente al de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.-** Se derogan todas las disposiciones que se opongan al presente decreto.

Salón de Sesiones del Honorable Poder Legislativo, en la Ciudad de Chetumal, capital del Estado de Quintana Roo, a los once días del mes de julio del año dos mil veintiuno.

**Diputado Presidente:**                    **Diputada Secretaria:**

Prof. Hernán Villatoro Barrios.              Lic. Kira Iris San.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

## DECRETO NÚMERO 145 EXPEDIDO POR LA XVI LEGISLATURA, PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO EL DÍA 22 DE OCTUBRE DE 2021.

### TRANSITORIOS

**PRIMERO.** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.** Se derogan todas las disposiciones legales que se opongan al presente Decreto.

Salón de Sesiones del Honorable Poder Legislativo, en la ciudad de Chetumal, capital del Estado de Quintana Roo, a los veintiocho días del mes de septiembre del año dos mil veintiuno.

**Diputado Presidente:**                     **Diputado Secretario:**

C. Roberto Erales Jiménez.                   C. Luis Fernando Chávez Zepeda.


## DECRETO 156 DE LA XVI LEGISLATURA CONSTITUCIONAL PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO DE QUINTANA ROO EL 12 DE NOVIEMBRE DE 2021.

### TRANSITORIOS

**PRIMERO.** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO**. Se derogan las disposiciones que se opongan al presente Decreto.

**TERCERO.** Los procedimientos iniciados con anterioridad a la entrada en vigor del presente Decreto, serán concluidos conforme a las disposiciones vigentes al momento de iniciarse.

**CUARTO.** Los asuntos que se encuentren en trámite de ejecución ante el Órgano Jurisdiccional, hasta la entrada en vigor del presente Decreto, continuarán el proceso hasta su conclusión.

Salón de Sesiones del Honorable Poder Legislativo, en la ciudad de Chetumal, capital del Estado de Quintana Roo, a los veintiséis días del mes de octubre del año dos mil veintiuno.

**Diputado Presidente:**                     **Diputada Secretaria:**

C. Roberto Erales Jiménez.                   Lic. Kira Iris San.

**DECRETO 157 DE LA XVI LEGISLATURA CONSTITUCIONAL PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO DE QUINTANA ROO EL 24 DE NOVIEMBRE DE 2021.**

## ARTÍCULOS TRANSITORIOS.

**PRIMERO.** El presente decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.** Se derogan todas las disposiciones que se opongan al presente decreto.

Salón de Sesiones del Honorable Poder Legislativo, en la ciudad de Chetumal, capital del Estado de Quintana Roo, a los veintiséis días del mes de octubre del año dos mil veintiuno.

**Diputado Presidente:**                              **Diputada Secretaria:**

C. Roberto Erales Jiménez.                          Lic. Kira Iris San.

**DECRETO 212 DE LA XVI LEGISLATURA CONSTITUCIONAL PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO DE QUINTANA ROO EL 23 DE MARZO DE 2022.**

## ARTÍCULOS TRANSITORIOS

**PRIMERO.** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.** Se derogan todas las disposiciones que se opongan al presente Decreto.

Salón de Sesiones del Honorable Poder Legislativo, en la ciudad de Chetumal, capital del Estado de Quintana Roo, a los quince días del mes de febrero del año dos mil veintidós.

**Diputada Presidenta:**                              **Diputado Secretario:**

L.A.E. Euterpe Alicia Gutiérrez Valasis               Lic. José de la Peña Ruíz de la Peña

**DECRETO 264 DE LA XVI LEGISLATURA CONSTITUCIONAL PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO DE QUINTANA ROO EL 07 DE SEPTIEMBRE DE 2022.**

## TRANSITORIOS

**Primero.** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**Segundo.** Se derogan todas las disposiciones que se opongan al presente Decreto.

Salón de Sesiones del Honorable Poder Legislativo, en la ciudad de Chetumal, capital del Estado de Quintana Roo, a los veintitrés días del mes de agosto del año dos mil veintidós.

**Diputada Presidenta:**                    **Diputada Secretaria:**

Lic. María Cristina Torres Gómez.          C. Aurora Concepción Pool Cauich.


**DECRETO 266 DE LA XVI LEGISLATURA CONSTITUCIONAL PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO DE QUINTANA ROO EL 07 DE SEPTIEMBRE DE 2022.**

## ARTÍCULOS TRANSITORIOS

**PRIMERO.** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

A los mandatos y poderes otorgados mediante escritura pública emitida antes de la publicación del presente decreto no le serán aplicables las disposiciones objeto de la reforma.

**SEGUNDO.** Se derogan todas las disposiciones legales que se opongan a lo establecido en el presente Decreto.

Salón de Sesiones del Honorable Poder Legislativo, en la ciudad de Chetumal, capital del Estado de Quintana Roo, a los veintitrés días del mes de agosto del año dos mil veintidós.

**Diputada Presidenta:**                    **Diputada Secretaria:**

Lic. María Cristina Torres Gómez.          C. Aurora Concepción Pool Cauich.

**CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO**

**DECRETO 277 DE LA XVI LEGISLATURA CONSTITUCIONAL PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO DE QUINTANA ROO EL 12 DE SEPTIEMBRE DE 2022.**

### TRANSITORIOS

**PRIMERO.** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.** Los procedimientos que se encuentren en trámite con anterioridad a la entrada en vigor del presente Decreto, serán concluidos de conformidad con las disposiciones vigentes al momento de su inicio.

**TERCERO.** Se derogan las disposiciones que se opongan al presente Decreto.

Salón de Sesiones del Honorable Poder Legislativo, en la ciudad de Chetumal, capital del Estado de Quintana Roo, a los treinta y un días del mes de agosto del año dos mil veintidós.

**Diputada Presidenta:**                    **Diputada Secretaria:**

Lic. María Cristina Torres Gómez.           C. Aurora Concepción Pool Cauich.


**DECRETO 062 DE LA XVII LEGISLATURA CONSTITUCIONAL PUBLICADO EN EL PERIÓDICO OFICIAL DEL ESTADO DE QUINTANA ROO EL 31 DE MAYO DE 2023.**

### TRANSITORIOS

**PRIMERO.** El presente Decreto entrará en vigor al día siguiente de su publicación en el Periódico Oficial del Estado de Quintana Roo.

**SEGUNDO.** Los procedimientos que se encuentren en trámite con anterioridad a la entrada en vigor del presente Decreto, serán concluidos de conformidad con las disposiciones vigentes al momento de su inicio.

**TERCERO.** Se derogan las disposiciones que se opongan al presente Decreto.

Salón de Sesiones del Honorable Poder Legislativo, en la ciudad de Chetumal, capital del Estado de Quintana Roo, a los veintisiete días del mes de abril del año dos mil veintitrés.

**Diputada Presidenta:**                    **Diputada Secretaria:**

Profra. Mildred Concepción Avila Vera.      L.C.P. Cristina Del Carmen Alcérreca Manzanero.

## CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO

### HISTORIAL DE DECRETOS DE REFORMA:

### CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO
### (Ley publicada POE 08-10-1980. Decreto 97)

| Fecha de publicación en el Periódico Oficial del Estado | Decreto y Legislatura | Artículos Reformados: |
|---|---|---|
| 31 de Enero de 1982 | Decreto No. 36 III Legislatura | **ARTÍCULO PRIMERO. -** Que modifica la Sección Primera del Capítulo IX del Título Tercero de la Primera Parte Especial que comprende del Artículo 615 al 638.<br><br>**ARTÍCULO SEGUNDO.-** Se reforman los artículos 639, 640, 641, 642, 648 y 980. |
| 15 de Enero de 1984 | Decreto No. 125 III Legislatura | **ARTÍCULO ÚNICO.-** Por el cual se derogan los Artículos 3204, 3205 y 3206 |
| 15 de Mayo de 1991 | Decreto No. 024 VI Legislatura | **ARTÍCULO PRIMERO. -** Se adiciona al Título Noveno del Libro Tercero de la Cuarta Parte Especial el Artículo 2761 Bis.<br><br>**ARTÍCULO SEGUNDO. -** Se reforma el Artículo 2762.<br><br>**ARTÍCULO TERCERO.-** Se reforma el Artículo 2763. |
| 15 de Octubre de 1992 | Decreto No. 100 VI Legislatura | **ARTÍCULO ÚNICO. -** Se reforman los Artículos 2599 y 2601. |
| 13 de Enero de 1995 | Decreto No. 86 VII Legislatura | **ARTÍCULO ÚNICO. -** Se adiciona al Artículo 3108. |
| 30 de Abril de 1997 | Decreto No. 59 VIII Legislatura | **ARTICULO ÚNICO.-** Se reforma el Artículo 3108. |
| 15 de Febrero de 2001 | Decreto No. 74 IX Legislatura | **ARTICULO ÚNICO.-** Se reforman los Artículos 1188 y 1202. |
| 15 de Marzo de 2002 | Decreto No. 143 IX Legislatura | **ARTICULO ÚNICO.-** Se reforman los Artículos 124, 126, 131, 132 y 133. |
| 15 de Julio de 2004 | Decreto No. 116 X Legislatura | **ARTICULO ÚNICO.-** Se adiciona un Párrafo Segundo al Artículo 683, se reforma la fracción XXI y se adicionan las fracciones XXII, XXIII, XXIV Y XXV al Artículo 799 y un Capítulo Sexto al Título Segundo del Libro. |
| 18 de Noviembre de 2004 | Decreto No. 134 X Legislatura | **ARTÍCULO ÚNICO.-** Se aprueban las reformas de los Artículos: 3158 en su Primer Párrafo y se le adiciona un Segundo Párrafo; 3161 en su Primer Párrafo; 3165 en su Primer Párrafo y se le adiciona un Segundo Párrafo; 3166, 3176, 3177, 3178 y 3188 en su Primer Párrafo. |
| 29 de Septiembre de 2006 | Decreto No. 103 XI Legislatura | **ARTÍCULO ÚNICO:** Se aprueba la reforma del Artículo 3186 . |
| 18 de Abril de 2007 | Decreto No. 151 XI Legislatura | **SEGUNDO.** Se reforma el primer párrafo del artículo 133, se adiciona un tercer, cuarto y quinto párrafo al artículo 2299 y se adiciona el artículo 2299 bis. |
| 26 de Junio de 2007 | Decreto No. 183 XI Legislatura | **ARTÍCULO ÚNICO.-** Se reforman los Artículos 800 y 801 . |

## CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO

| | | |
|---|---|---|
| **28 de Septiembre de 2007** | **Decreto No. 198**<br>**XI Legislatura** | **PRIMERO.-** Se adiciona un Segundo Párrafo a los Artículos 1437, 1488 y 1490, y se reforman los Artículos 1438 y 1495. |
| **28 de Septiembre de 2007** | **Decreto No. 199**<br>**XI Legislatura** | **ARTÍCULO ÚNICO.-** Se aprueba la reforma del Artículo 801 . |
| **15 de Octubre de 2007** | **Decreto No. 201**<br>**XI Legislatura** | **ARTÍCULO PRIMERO.-** Se aprueban las reformas al Artículo 801; Segundo Párrafo del Artículo 1437; Segundo Párrafo del Artículo 1490, y 1495; y se deroga el Párrafo Segundo del Artículo 1488. |
| **29 de Octubre de 2007** | Fe de Texto del Periódico Oficial de fecha 15 de octubre de 2007, Número 19 Ordinario, Tomo III, Séptima Época, Decreto Número 201 Se aprueban las reformas al Artículo 801; Segundo Párrafo del Artículo 1437; Segundo Párrafo del Artículo 1490 y 1495; y se deroga el Párrafo Segundo del Artículo 1488. | |
| **27 de Noviembre de 2007** | **Decreto No. 227**<br>**XI Legislatura** | **SEGUNDO.-** Se reforma la fracción I del Artículo 804; se reforman las fracciones V y VII y se adiciona la fracción VIII al Artículo 814; se reforma el Artículo 815 y se le adiciona un Párrafo Segundo; se reforma y adiciona un Párrafo Segundo al Artículo 838; se reforma el Párrafo Segundo y se adiciona un Párrafo Tercero al Artículo 983 Ter; se reforma el Artículo 993; se adiciona una Fracción IV al Artículo 1018; se adicionan los Artículos 867 Bis, 1018 Bis, 1019 Bis, 1019 Ter, 1021 Bis y 1024 Bis; se adiciona una Fracción VI al Artículo 1022; se reforma el Artículo 1023; se reforma la Fracción II del Artículo 1307; se reforma la Fracción I del Artículo 1311; se reforma la Fracción I del Artículo 1509; se reforma y adiciona un Segundo Párrafo al Artículo 1534; y se adiciona un Capítulo Octavo "Del Concubinato" al Título Primero "Del Matrimonio", de la Segunda Parte Especial "Del Derecho de Familia" del Libro Tercero que contiene los Artículos 825 Bis, 825 Ter y 825 Quater. |
| **14 de Noviembre de 2008** | **Decreto No. 049**<br>**XII Legislatura** | **ÚNICO.-** Se reforman los Artículos 680, 682 y 700 . |
| **26 de Junio de 2009** | **Decreto No. 152**<br>**XII Legislatura** | **ÚNICO.-** Se reforman los Artículos 697, 698, 699, 700 y 703 . |
| **30 de Junio de 2009** | **Decreto No. 156**<br>**XII Legislatura** | **ARTÍCULO CUARTO.-**  Se adicionan las fracciones III y IV al Artículo 1018 Bis. |
| **18 de Septiembre de 2009** | **Decreto No. 164**<br>**XII Legislatura** | **PRIMERO.-** Se adiciona el Artículo 997-Bis . |
| **14 de Mayo de 2010** | **Decreto No. 275**<br>**XII Legislatura** | **ARTÍCULO ÚNICO.-** Se reforman y adicionan los Artículos 819, 820, 822, 822 Bis, 845, 845 Bis, 849, 849 Bis, 849 Ter y 849 Quáter . |
| **30 de Noviembre de 2010** | **Decreto No. 361**<br>**XII Legislatura** | **ARTÍCULO SEGUNDO:** Se derogan el Título Sexto, Capítulos I, II, III, IV, V, VI, VII, y  los Artículos 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022, 2023, 2024, 2025, 2026, 2027, 2028, 2029, 2030, 2031, 2032, 2033, 2034, 2035, 2036, 2037, 2038, 2039, 2040, 2041, 2042, 2043, 2044, 2045, 2046, 2047,  2048, 2049, 2050, 2051, 2052, 2053, 2054, 2055, 2056, 2057, 2058, 2059, 2060, 2061, 2062, 2063, 2064 y 2065. |
| **10 de Diciembre de 2010** | **Decreto No. 374**<br>**XII Legislatura** | **ARTÍCULO PRIMERO.-** Se modifican diversos Artículos . |
| **10 de Diciembre de 2010** | **Decreto No. 375**<br>**XII Legislatura** | **ÚNICO.-** Se reforman los Artículos 1432, 1439, 1440, 1441, 1442, 1445, 1446 y 1448; se adiciona un segundo párrafo al artículo 1441 y un segundo párrafo al artículo 1449 y se deroga el artículo 1443. |

## CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO

| | | |
|---|---|---|
| **13 de Diciembre de 2010** | | Fe de Erratas del Periódico Oficial de fecha 30 de noviembre de 2010, Número 22 Ordinario, Tomo III, Séptima Época, del Decreto Número: 361, Por el que se expide la Ley de Propiedad de Condominio de Inmuebles del Estado de Quintana Roo; se deroga el Título Sexto "Del Régimen de Propiedad Inmueble en Condominio" Artículos 2004-2065 del Código Civil del Estado de Quintana Roo; se reforman los Artículos 440 Fracción IX, 448 y 449 del Código de Procedimientos Civiles del Estado de Quintana Roo; y los Artículos 8 Fracción V, y 80 de la Ley de Asentamientos Humanos del Estado de Quintana Roo. |
| **13 de Diciembre de 2010** | **Decreto No. 383**<br>**XII Legislatura** | **ARTÍCULO ÚNICO.-** Se reforman los Artículos 550, 654 y 662; y se adiciona el Artículo 664 Bis. |
| **16 de Diciembre de 2011** | **Decreto No. 040**<br>**XIII Legislatura** | **ARTÍCULO ÚNICO:** Se reforman los Artículos 3177 y 3178 . |
| **30 de Octubre de 2012** | **Decreto No. 142**<br>**XIII Legislatura** | **SEGUNDO.-** Se reforman los Artículos 845; 845 Bis; 849 Bis; 849 Ter; las Fracciones I y V del Artículo 855; 860; 865 y se adicionan el Segundo, Tercer y Cuarto Párrafo al Artículo 839 y la Fracción VI al Artículo 852 . |
| **02 de Julio de 2013** | **Decreto No. 291**<br>**XIII Legislatura** | **ÚNICO.-** Se reforman la Fracción II del Artículo 682 y la Fracción X del Artículo 700; y se adiciona un Último Párrafo al Artículo 700 . |
| **19 de Diciembre de 2014** | **Decreto No. 242**<br>**XIV Legislatura** | **PRIMERO:** Se reforman los Artículos 640 Fracción III, 682 Fracción II Primer Párrafo, 710, 770 Fracción II, 778 Fracción II, 797, 800 Párrafo Primero y 802; y se derogan los Artículos 528, 698, 699, 700 Fracción II y su Penúltimo Párrafo, 711, 765, 773, 774, 775 y 776 . |
| **24 de Julio de 2015** | **Decreto No. 272**<br>**XIV Legislatura** | **SEGUNDO:** Se adicionan los Párrafos Segundo y Tercero al Artículo 858 . |
| **17 de Noviembre de 2015** | **Decreto No. 338**<br>**XIV Legislatura** | **ÚNICO:** Se reforman el Segundo Párrafo del Artículo 891, el Artículo 914, el Primer Párrafo del Artículo 990 Bis, la Fracción VII del Artículo 994 Bis y la Fracción IV del Artículo 1018 Bis; y se adiciona un Tercer Párrafo al Artículo 891 . |
| **29 de Febrero de 2016** | **Decreto No. 388**<br>**XIV Legislatura** | **ARTÍCULO ÚNICO:** Se reforma el Primer Párrafo del Artículo 876; y se deroga el Artículos 702 y la Fracción III del Artículo 796 . |
| **30 de Mayo de 2016** | **Decreto No. 402**<br>**XIV Legislatura** | **ARTÍCULO ÚNICO:** Se reforman los Artículos 602 Bis, 826, 827, 830, 983, 1190, 1527, y se derogan los Artículos 831, 1526 y 1538 . |
| **04 de Julio de 2017** | **Decreto No. 073**<br>**XV Legislatura** | **ARTÍCULO PRIMERO.-** Se reforman: El Párrafo Segundo del Artículo I, la Fracción V del Artículo 642, el Artículo 700, el Artículo 717, la Fracción II del Artículo 770, el Artículo 779, el Artículo 780, el Artículo 798, el Artículo 799, el Párrafo Primero del Artículo 800, el Artículo 802, el Artículo 807, el Artículo 808, el Artículo 813, el Artículo 814, el Artículo 816, el Párrafo Primero del Artículo 818, el Artículo 819, el Artículo 822, el Artículo 830, el Artículo 839, el Párrafo Segundo del Artículo 849, las Fracciones IV y V del Artículo 855 y el Artículo 902. Se adicionan: Los Párrafos Tercero y Cuarto del Artículo 2, la Fracción VI del Artículo 855. Se derogan: Los Artículos 803, 804, 805, 806, 809, 810, 811, 813 Bis, 817, 820, 821, 822 Bis y 903. |
| **10 de Noviembre de 2017** | **Decreto No. 114**<br>**XV Legislatura** | **ARTÍCULO PRIMERO.-** Se adicionan los Párrafos Segundo, Tercero y Cuarto al Artículo 1785 . |
| **05 de Abril de 2018** | **Decreto No. 155**<br>**XV Legislatura** | **SEGUNDO.-** Se reforma el Primer Párrafo del Artículo 3186 . |

| 09 de agosto de 2019 | Decreto No. 345 XV Legislatura | **ÚNICO.** Se reforma el artículo 862; y se adicionan la fracción V al artículo 618, el párrafo segundo al artículo 680 y un Capítulo Séptimo, denominado del registro de deudores alimentarios morosos, al Título Segundo denominado "Del Parentesco y de los Alimentos". |
|---|---|---|
| 13 de septiembre de 2019 | Decreto No. 351 XV Legislatura | **SEGUNDO.** Se reforma la fracción V del artículo 1262. |
| 13 de septiembre de 2019 | Decreto No. 359 XV Legislatura | **SEGUNDO.** Se reforman los artículos 1800, 1839, las fracciones V y VI del artículo 1845, 1852 y se adiciona la fracción VII al artículo 1845. |
| 16 de enero de 2020 | Decreto No. 199 XV Legislatura | **ÚNICO.** Se reforma el artículo 538 y se adiciona el segundo párrafo al artículo 548. |
| 30 de noviembre de 2020 | Decreto No. 061 XVI Legislatura | **ÚNICO.** Se adiciona la sección Séptima al Capítulo Noveno del Título Tercero, denominada "Del levantamiento de acta por reconocimiento de identidad de género" que comprende los artículos 665 Bis, 665 Ter y 665 Quáter. |
| 20 de octubre de 2021 | Decreto No. 129 XVI Legislatura | **ÚNICO.** Se reforma el párrafo primero y se adicionan los párrafos tercero y cuarto al artículo 2842. |
| 22 de octubre de 2021 | Decreto No. 145 XVI Legislatura | **ÚNICO.** Se reforma el párrafo primero del artículo 825 Bis, el párrafo primero del artículo 825 Quáter y el párrafo primero así como la fracción I del artículo 829. |
| 12 de noviembre de 2021 | Decreto No. 156 XVI Legislatura | **SEGUNDO. S**e adiciona la fracción IX del artículo 429. |
| 24 de noviembre de 2021 | Decreto No. 157 XVI Legislatura | **ÚNICO.** Se reforma la fracción II del artículo 2687. |
| 23 de marzo de 2022 | Decreto No. 212 XVI Legislatura | **ÚNICO.** SE REFORMAN: La fracción II del artículo 799; la fracción VII, el inciso c) de la fracción VIII y el párrafo último del artículo 814; el párrafo primero y las fracciones II y IV del artículo 815; la fracción I del artículo 816; los artículos 914 y 990; el párrafo primero y las fracciones IV y V del artículo 990 Bis; el párrafo primero y las fracciones VI y VII del artículo 994 Bis; el artículo 997; el artículo 997 Bis; los párrafos segundo y tercero del artículo 1024 Bis; SE ADICIONAN: El último párrafo del artículo 815, el último párrafo del artículo 816; el artículo 836 Bis; la fracción VIII del artículo 994 Bis; un cuarto párrafo, recorriendo en su orden el último párrafo del artículo 1024 Bis. |
| 07 de septiembre de 2022 | Decreto No. 264 XVI Legislatura | **SEGUNDO.** SE REFORMAN: El artículo 717, el artículo 813, la fracción I, la fracción VIII y el último párrafo del artículo 814, la fracción I del artículo 815, el último párrafo del artículo 819, la fracción III del artículo 855, el primer párrafo del artículo 983 Bis, el primer y último párrafo del artículo 983 Ter, el artículo 983 Quáter, el artículo 983 Quintus, la fracción II del artículo 990 Bis, el artículo 998, el primer párrafo del artículo 999, la fracción IV del artículo 1090, la fracción III del artículo 1091, la fracción XII del artículo 1262; y SE ADICIONAN: la fracción V del artículo 1018 Bis, el artículo 1019 Quater. |
| 07 de septiembre de 2022 | Decreto No. 266 XVI Legislatura | **ÚNICO:** Se reforma la fracción I del artículo 2807. |

## CÓDIGO CIVIL PARA EL ESTADO DE QUINTANA ROO

| | | |
|---|---|---|
| **12 de septiembre de 2022** | **Decreto No. 277 XVI Legislatura** | **SEGUNDO. Se derogan:** Los artículos 928, 929, 930, 931, 932, 933, 934, 935, 936, 937, 938, 939, 940, 941, 942, 943, 944, 945, 946, 947, 948, 949, 950, 951, 952, 953, 954, 955, 956, 957, 958, 959 y 960; **se adiciona:** un párrafo segundo a la fracción IV del artículo 1018 bis. |
| **31 de mayo de 2023** | **Decreto No. 062 XVII Legislatura** | **ÚNICO.** SE REFORMAN: el párrafo segundo del artículo 1; las fracciones I y II del artículo 518; los artículos 519, 529, 530, 531, 532, 533, 534 y 538; el párrafo primero y las fracciones II, IV, VI y VIII del artículo 639; el párrafo primero, la fracción I y el último párrafo del artículo 680; el artículo 681; las fracciones I y II del artículo 682; los artículos 697, 703, 725, 726 y 756; el párrafo primero y las fracciones I, II y III del artículo 799; la fracción IV, la fracción VII, el inciso c) de la fracción VIII y el párrafo segundo del artículo 814; el artículo 815; el artículo 816; el párrafo segundo del artículo 825 Quáter; el artículo 828; el párrafo primero del artículo 845; los artículos 849 Bis, 857, 866 y 881; los párrafo primero y segundo del artículo 891; los artículos 904, 910 y 913; el párrafo segundo del artículo 914; las fracciones II, III, IV, V y VI del artículo 919; los artículos 974, 976, 977 y 978; la denominación del Título Tercero "De la Niñez" correspondiente al LIBRO TERCERO DE LA SEGUNDA PARTE ESPECIAL "Del Derecho de Familia", para denominarse "De la Niñez y la Adolescencia"; los artículos 984, 986, 987, 988 y 990; el párrafo primero del artículo 990 Bis; los artículos 995, 996, 997, 997 Bis, 999 Bis, 1000, 1002, 1003, 1011 y 1014; la fracción II del artículo 1018; los artículos 1022, 1024 y 1024 Bis; las fracciones I y III del artículo 1025; los artículos 1042, 1058 y 1059; la denominación del CAPÍTULO TERCERO "De la Tutela Legítima de los Menores" del TÍTULO QUINTO "De la Tutela" correspondiente al LIBRO TERCERO DE LA SEGUNDA PARTE ESPECIAL "Del Derecho de Familia", para denominarse "De la Tutela Legítima de las niñas, niños y adolescentes"; los artículos 1067, 1068, 1069, 1070, 1071, 1072, 1073, 1074, 1077, 1080, 1082, 1083, 1084 y 1085; las fracciones I, II, IV, V y VI del artículo 1087; los artículos 1089, 1091, 1103, 1105, 1118, 1119, 1120, 1132, 1135, 1188, 1190, 1202 y 1206; las fracciones I y II del artículo 1252; el párrafo segundo del artículo 1534 y el artículo 1578; SE ADICIONAN: las fracciones I, II, III y IV al artículo 845; el artículo 866 Bis; el artículo 890 Bis; y las fracciones I, II, III, IV, V, VI, VII y VIII al artículo 1534. |