IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROBERT RYAN JOHNSON, as Executor and Trustee of the Estate of Terrence Blair Hunter,<br><br>     Plaintiff,<br><br>v.<br><br>STANDARD REGISTRAR & TRANSFER COMPANY, INC.,<br><br>     Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS AND MOTION FOR SANCTIONS**<br><br>Case No. 2:22-cv-00591-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

Before the court are a motion to dismiss and a motion for sanctions filed by Defendant Standard Registrar & Transfer Company, Inc. ("SRTC") against Plaintiff Robert Ryan Johnson ("Johnson"), the executor and trustee of the Estate of Terrence Blair Hunter ("Hunter"). ECF Nos. 5 and 9. This case arises from Johnson's claim that SRTC transferred millions of the Hunter Estate's shares of Rainforest Resources, Inc. ("RR") stock after Hunter's death with no authority. SRTC seeks dismissal primarily on the basis that Johnson has no standing to sue, that this court lacks diversity jurisdiction over Johnson's claims, and that Johnson has failed to state a claim. It seeks sanctions on the basis that the filing of this suit was unreasonable and an attempt to engage in impermissible forum shopping. After considering the parties' written filings, the court DENIES SRTC's motion to dismiss and, consequently, its motion for sanctions.

## FACTUAL BACKGROUND

Johnson is allegedly the executor of Hunter's Estate. Although Johnson lived in Canada and Hunter lived in Mexico, the two were close friends. In August 2019, Hunter traveled from Mexico to Canada to die with medical assistance after two years of illness. "Medically assisted

death" is illegal in Mexico but legal in Canada. On September 1, 2019, Hunter executed a last will and testament that appointed Johnson as the executor and beneficiary of his estate. ECF No. 2-1. Two days later he died as planned. Nearly a year after Hunter's death, Johnson traveled to Mexico and had Hunter's will published by a notary. ECF No. 2-2.

After Hunter's passing, Johnson claims to have discovered unauthorized stock transfers registered by SRTC. These transfers included 630,000 shares of RR stock that left Hunter's control without authorization in August and September of 2019. In total, more than 15 million shares of RR stock owned by Hunter were allegedly transferred by SRTC to unnamed individuals without authorization between May 2016 and September 2019. According to Johnson, SRTC refused to provide any information about these transfers despite his Mexican probate documentation.

On July 1, 2021, Johnson filed a complaint against SRTC in Utah's Third District.[1] *See Johnson v. Standard Registrar & Transfer*, Case No. 210903485 ML (Utah Dist. Ct.); ECF No. 14-1. Soon thereafter, SRTC filed a motion to dismiss for lack of jurisdiction. Judge Barry Lawrence issued an order denying this motion because, based on the allegations in the complaint, "Mr. Johnson [was] the executor of the Estate." *Id.* at 3. Nevertheless, the order also directed Johnson to pay a $5,000 cash bond and provide additional reasonable documentation, such as a court order from either Mexico or Canada, to prove his authority as executor of the will. *Id.* Ultimately, Johnson did not post bond or offer any evidence supporting his authority as executor. As a result, Judge Lawrence dismissed the case without prejudice on November 10, 2021. *Id.* at 4.

---

[1] Plaintiff did not attach the docket for this case to his complaint. But courts may take judicial notice of other courts' dockets so long as they are in the public record. *See, e.g.*, *State Farm Mutual Automobile Insurance Co. v. Boellstorff*, 540 F.3d 1223, 1226 no. 7 (10th Cir. 2008). Thus, throughout this memorandum decision the court references docket entries in Plaintiff's cases in Utah courts and elsewhere.

On October 26, 2021, Johnson obtained a Canadian court's grant of authority to administer Hunter's Estate. ECF No. 2-3. However, this grant only applied to property located in British Columbia. *Id.* Johnson then also brought a probate action in Utah. Upon consideration of this application, the Utah court informally probated Hunter's will and appointed Johnson the personal representative of the Estate on November 22, 2021. ECF No. 2-4. As part of the Utah probate action, Johnson subpoenaed SRTC for any records with information regarding the transfer of Hunter's stock. ECF No. 5 at 5. SRTC allegedly objected to this subpoena and Johnson never pursued it. *Id.* at 5-6.

On September 12, 2022, Johnson sued SRTC in this court for unlawfully transferring securities, negligence, gross negligence, breach of fiduciary duties, trespass to chattels and conversion, and unjust enrichment. ECF No. 2. SRTC moved to dismiss these claims under Rules 12(b)(1) and 12(b)(6) for failure to state a claim, failure to meet the $75,000 amount in controversy requirement, and lack of standing. ECF No. 5. It also moved for sanctions. ECF No. 9. On June 8, 2023, the court requested additional briefing on the issue of Plaintiff's standing. ECF No. 18. Both parties responded to this request with new arguments. ECF Nos. 19 and 20. The court now addresses Defendant's motions.

## DISCUSSION

### I.      MOTION TO DISMISS

Defendant primarily argues that the court should dismiss this case because of lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Specifically, SRTC contends that Johnson's claim does not meet the amount in controversy requirement for diversity jurisdiction and that Johnson lacks standing because he is not the legitimate executor of Hunter's Estate. SRTC also moves for the court to dismiss this suit due to Johnson's failure to state a claim. Fed. R. Civ. P. 12(b)(6). Specifically, it argues that Plaintiff's allegations do not meet Federal Rule of Civil

Procedure 9(b)'s heightened pleading standards. Finally, in the event that the court does not dismiss this case entirely, SRTC requests that Plaintiff be ordered to post a cash costs bond of $25,000. The court addresses each issue in turn.

### A. SUBJECT MATTER JURISDICTION

#### 1. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), the burden of establishing subject-matter jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To establish jurisdiction, a plaintiff "must 'allege in [its] pleading the facts essential to show jurisdiction' and 'must support [those facts] by competent proof.'" *U.S. ex Rel. Precision Co. v. Koch Indus.*, 971 F.2d 548, 551 (10th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "Where a party attacks the factual basis for subject matter jurisdiction, the court does not presume the truthfulness of factual allegations in the complaint." *La Resolana Architects, P.A. v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1198 (10th Cir. 2005) (citation and quotation omitted). Instead, it has "wide discretion to allow . . . other documents, and [may order] a limited evidentiary hearing to resolve disputed jurisdictional facts." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

#### 2. Amount in Controversy

Plaintiff brings suit in federal court on the basis of diversity jurisdiction. Under 28 U.S.C § 1332(a), federal district courts have jurisdiction over cases when there is complete diversity of citizenship between opposing parties and "where the matter in controversy exceeds the sum or value of $75,000." It is uncontested that there is complete diversity of citizenship between the parties—Plaintiff is a foreign citizen of Canada and Defendant is a citizen of Utah—but Defendant claims that the court lacks subject-matter jurisdiction because the amount in controversy is less than $75,000.

"The rule governing dismissal for want of jurisdiction in federal court is that, unless the law provides otherwise, the amount claimed by the plaintiff controls if the claim is apparently made in good faith." *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000) (citing *St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). For a court to dismiss a claim under the amount in controversy requirement, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* "The burden is on the party asserting jurisdiction to show it is not a legal certainty that the claim is less than the jurisdictional amount." *Id.* (citing *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994)). Allegations in the complaint alone are typically enough to make this showing. "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1272 (10th Cir. 1998) (quoting *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973)).

Johnson has pled sufficient facts in his complaint to establish that the amount in controversy is likely more than $75,000. Plaintiff's claim against SRTC is predicated on the allegation that between May of 2016 and September 2019 SRTC transferred more than 15 million shares of Hunter's stock in RR without Hunter's authorization. Additionally, Plaintiff alleges that in September and August of 2019, after Hunter was admitted to the Canadian hospital where he eventually died, SRTC transferred 630,000 shares of RR stock without authorization.[2] Plaintiff seeks damages for the transfer of all these shares. On the face of Plaintiff's allegations alone, the court cannot determine whether the value of the transferred stock meets the amount in controversy

---

[2] It is not clear from the pleadings whether these shares were transferred as part of the 15 million previously discussed or, instead, constituted a separate batch of transfers.

requirement. If RR stock was worth less than a penny per share at the time of the transfer, Plaintiff's damages would be close to zero. But the fact that Johnson failed to include the price of the transferred stock in his pleadings does not mean the court must dismiss his case for lack of jurisdiction. It is a well-recognized principle that district courts "may take judicial notice of published stock prices without converting a motion to dismiss into a motion for summary judgment." *Greenhouse v. MCG Capital Corp.*, 392 F.3d 650, 655 n.4 (4th Cir.2004) (citing *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 167 n.8 (2d Cir. 2000).[3] Here, RR's stock price was published. Thus, the court may take judicial notice of the fact that RR stock maintained a value around or above $1 per share from May 2016 to September 2019. This price indicates that Johnson's damages could be well over the $75,000 amount in controversy requirement.[4] Therefore, it is not a "legal certainty that the claim is really for less than the jurisdictional amount" and Plaintiff can, for now, establish diversity jurisdiction. *Adams*, 225 F.3d at 1183.[5]

### 3. Standing/Capacity

Defendant also urges the court to find that it lacks jurisdiction to hear this case by alleging that Johnson lacks standing because he is not the legal executor of Hunter's Estate. To support this

---

[3] On a motion to dismiss for lack of jurisdiction, the court may take evidence when the facts are in dispute. *Holt*, 46 F.3d at 1003.

[4] Even if Johnson's claim were limited to the transfer of 630,000 shares, their total value at the time of the alleged transfer would have been well over $75,000.

[5] The court notes that Defendant attempts to draw parallels between this case and several other cases in which courts found a plaintiff's claim did not meet the amount in controversy requirement. *See, e.g.*, *Smith v. World Fin. Network Bank*, No. 2:17-CV-002, 2017 WL 480415 (S.D. Ohio Feb. 6, 2017) (dealing with facts substantiating a $120 claim); *McDonald v. Nationwide Title Clearing, Inc.*, 661 F. App'x 518 (10th Cir. 2016) (holding that no monetary damages were alleged); *Just Us Realtors, LLC v. Nudge, LLC*, 2019 WL 2526731 (D. Utah Jun. 19, 2019) (finding that the pleaded facts only contained a claim for $51,000); *Phelps Oil & Gas, LLC v. Noble Energy, Inc.*, 5 F.4th 1122 (10th Cir. 2021) (finding that the absolute maximum plaintiff could recover in the case was less than $1,000). The court has reviewed these cases and determined that they all lack relevance to the issues at hand.

contention, SRTC argues that the state court's dismissal of Johnson's initial case bars him from claiming that he is the Estate's lawful executor. Additionally, SRTC asserts that none of the documents establishing Johnson's right to represent Hunter's Estate are legitimate or legally binding.

As an initial matter, it appears that the parties have confused the concepts of *standing* to sue, which "involves [a] determination [of] whether the plaintiff can show an injury in fact traceable to the conduct of the defendant," *Firestone v. Galbreath*, 976 F.2d 279, 283 (6th Cir.1992) (citing *Allen v. Wright*, 468 U.S. 737 (1984)), and *capacity* to sue, which is "a party's personal right to litigate in a federal court[,]" *id.* (quoting 6A Charles A. Wright Et Al., Federal Practice & Procedure § 1542 (1990)). Defendants' standing argument is actually best categorized as a contestation of Plaintiff's capacity. *See Guinn v. Great W. Cas. Co.*, No. CIV–09–1198–D, 2010 WL 4363784 (W.D.Okla. Oct. 27, 2010); *Payne v. McKune*, No. 06–3010–JWL, 2007 WL 1019193 (D. Kan. April 4, 2007). This mistake is surprisingly common and arises from the incorrect assumption that *the executor* of an estate is the real party at interest rather than *the estate itself. See, e.g.*, *Hamilton v. Rogers Cnty. Bd. of Cnty. Comm'rs*, No. 14-CV-0754-CVE-TLW, 2015 WL 1528912, at *3 (N.D. Okla. Apr. 3, 2015). Because Hunter's Estate is alleged to "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision," it undoubtedly has standing to sue. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Though Defendant has not fully articulated the argument that Plaintiff lacks capacity to sue, this court will charitably examine SRTC's motion as a capacity challenge. *See, e.g.*, *Hamilton*, 2015 WL 1528912, at *3 (converting a defendant's standing argument to a capacity argument). Federal Rule of Civil Procedure 17 defines a party's capacity to sue and be sued in federal district

court. The Rule provides that the capacity of an individual acting as a representative or estate executor is governed by the law of the state where the district court is located. Fed. R. Civ. P. 17(b)(3). In Utah, "[a] domiciliary foreign personal representative who has complied with Section 75-4-204 may exercise as to assets in this state all powers of a local personal representative and may maintain actions and proceedings in this state subject to any conditions imposed upon nonresident parties generally." Utah Code Ann. § 75-4-205. A local personal representative in Utah "has the same standing to sue and be sued in the courts of this state and courts of any other jurisdiction as his decedent had immediately prior to death." Utah Code Ann. § 75-3-703(3). Thus, if Johnson can show that he has complied with § 75-4-204, he will have the capacity to sue in Hunter's place.

Utah Code Ann. § 75-4-204 states that "[i]f no local administration or application or petition therefor is pending in this state, a domiciliary foreign personal representative may file with a court in this state in a county in which property belonging to the decedent is located, authenticated copies of his appointment and of any official bond he has given." Here, it appears as though Johnson has complied with the statute's dictate. According to the Utah state court order attached to the complaint in this matter, Johnson filed authenticated copies of his appointment as the Hunter Estate's executor with the Third District court. ECF No. 2-4. Based on this filing, that court found that no local personal representative had been appointed for Hunter's Estate in Utah, that Johnson was the Estate's domiciliary personal representative, and that the posting of a bond was not required. *Id*. On the basis of those findings, the court appointed Johnson personal representative of Hunter's Estate in Utah. *Id*. at 4. Ultimately, because Johnson complied with Utah Code § 75-4-204 and was named the Hunter Estate's personal representative, he has capacity to sue under Federal Rule of Civil Procedure 17.

Still, the court must respond to SRTC's two arguments against standing (now capacity). First, SRTC contends that Johnson lacks standing because a state court held that he lacked standing. But SRTC's argument is not supported by the language of the Utah court's order. Rather than hold that Plaintiff lacked standing to sue, the Third District court actually denied SRTC's motion to dismiss for lack of jurisdiction. The court's order stated in relevant part:

> 1. . . . Defendant has failed to show that under the Rule 12 standard, it is entitled to a dismissal of any of the plaintiff's claims as a matter of law. . . . [B]ased on the allegations of the Complaint, Mr. Johnson is the executor of the Estate and thus, if true, has standing to bring this claim. . . .

ECF No. 5-2 at 2. Still, SRTC points out that the state court order did not explicitly state that Johnson was the Estate's executor. Indeed, the court ordered Johnson to supply additional proof that he was the Estate's executor to satisfy the court of its jurisdiction. On this issue, the order provides in relevant part:

> 3. The Court imposes the following ORDER upon the plaintiff, in order to demonstrate that the plaintiff has the appropriate power and authority to legally act on behalf of the Estate and bring these claims. . . . Plaintiff must file a brief with the Court supporting Mr. Johnson's power and authority to act on behalf of the Estate. Ideally, that would include an Order from a Court (in Mexico or Canada) providing the basis for that authority.

ECF No. 5-2 at 2. Johnson never complied with Judge Lawrence's order to supply more information about his authority to act, but his case was not dismissed for this reason. Rather, the court dismissed Johnson's complaint without prejudice because his attorney failed to post a bond. ECF No. 9-3. There is simply nothing to indicate that Judge Lawrence ever found Johnson was not the executor.

Second, SRTC contests the legitimacy and legal force of Johnson's documents establishing his representation of Hunter's Estate. But this court does not have the authority to determine whether Johnson's Mexican or Canadian probate documents are legitimate. This determination

must be made by a state court following state law. As the Supreme Court has explained, "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate." *Marshall v. Marshall*, 547 U.S. 293, 296 (2006). Determining the identity of an Estate's executor clearly falls within the probate exception because it is essential to estate administration. *Hassanati ex rel. Said v. Int'l Lease Fin. Corp.*, 643 F. App'x 620, 622 (9th Cir. 2016). This court has been presented with an order from a state court finding that Johnson is the Hunter Estate's executor. ECF No. 2-4. It may not second guess this ruling and substitute its own judgment. *Id*.

Even if this court *could* independently determine whether Plaintiff's probate documents were legitimate and legally binding, now would not be the proper juncture to do so. "Rule 17's requirements are not jurisdictional, and a motion to dismiss based on lack of capacity to sue and be sued is properly analyzed pursuant to Rule 12(b)(6)." *McClellan v. Bd. of Cnty. Comm'rs of Tulsa Cnty.*, 261 F.R.D. 595, 599 n. 6 (N.D. Okla. 2009) (citations omitted). Therefore, instead of applying the 12(b)(1) evidentiary standard, the court must "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). Under the Rule 12(b)(6) standard, this court must accept Johnson's pleading that he is the executor of Johnson's Estate.

In sum, Johnson can establish that he has both standing and capacity to sue under the Rule 12(b)(1) and 12(b)(6) standards. As a result, the court denies SRTC's motion to dismiss for lack of jurisdiction.

## B. FAILURE TO STATE A CLAIM

Defendant argues that the Plaintiff's claims should be dismissed under Rule 12(b)(6), which provides that a court may dismiss a complaint if the complaint fails "to state a claim upon

which relief can be granted."[6] SRTC specifically contends that Johnson's pleadings are too vague to meet the heightened pleading standard in fraud cases required by Federal Rule of Civil Procedure 9(b). The court is not convinced by Defendant's reasoning.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a motion to dismiss for failure to state a claim, a court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett*, 706 F.3d at 1235. A court may only dismiss a complaint for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, in cases involving fraud, Rule 9(b) imposes heightened pleading requirements. The Rule states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In practical terms, the Tenth Circuit has determined that "[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud, and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *U.S. ex rel. Lacy v. New Horizons Inc.*, 348 F. App'x 421, 424 (10th Cir. 2009). The purpose of Rule 9(b) is "to ensure that the complaint provides the minimum degree of detail necessary to begin a competent defense." *Fulghum v. Embarq Corp.*, 785 F.3d 395, 416 (10th Cir. 2015)

---

[6] To be clear, SRTC only develops this argument in its reply brief. The court will analyze it, but it bears mentioning that "[i]t is well settled in this circuit that the court need not consider arguments or issues first raised in a reply brief." *Martinez v. Kansas*, Civil No. 05-3415-MLB, 2006 WL 3350653 at *2 (D. Kan. Nov. 17, 2006).

SRTC's motion is predicated on the false assumption that each of Plaintiff's claims are covered by Rule 9(b). In fact, none of them are. Plaintiff's stated causes of action—transferring securities, negligence, gross negligence, breach of fiduciary duties, trespass to chattels and conversion, and unjust enrichment—do not include fraud. Nor do the facts of this case indicate that Plaintiff artfully pleaded causes of action other than fraud in order to avoid the requirements of Rule 9(b). The Tenth Circuit has defined fraud as the "knowing misrepresentation or knowing concealment of a material fact made to induce another to act to his or her detriment." *Flores-Molina v. Sessions*, 850 F.3d 1150, 1164 (10th Cir. 2017). If one is to believe the complaint, SRTC did not need to make any misrepresentations to illegally transfer Hunter's stock because it was legitimately granted control of these shares and could simply move them of its own volition without misrepresentation or inducement. Thus, there are not facts pled under which SRTC could be held liable for fraud. In sum, the higher pleading standard required by 9(b) does not apply to this case.

Even though Rule 9(b) is inapplicable, SRTC could still have argued that Johnson did not allege facts that are sufficient to establish any of his claims under the standard set out by *Iqbal*. 556 U.S. at 678. But SRTC did not make this argument. This would have required explaining the elements of Plaintiff's claims—something SRTC failed to do. Because SRTC did not assert with any particularity that Plaintiff did not sufficiently state any of his claimed causes of action, the court will not rule on this potential issue.

The court will not dismiss Johnson's claims under Rule 12(b)(6).

## C. REQUEST FOR CASH COSTS BOND

In the event the court denied its motion to dismiss, SRTC moved for the court to require Johnson to post a cash bond of $25,000 to cover the expenses associated with discovery should he lose this case. Although no federal rule grants this court power to order such a bond, federal courts

in some circuits have assumed the power "to take reasonable measures to ensure that the costs will be paid," which includes the power to order a party to post a security bond. *Anderson v. Steers, Sullivan, McNamar & Rogers*, 998 F.2d 495, 496 (7th Cir. 1993). The Tenth Circuit is one of these circuits. It has held that "the matter of whether to require a pre-judgment cost bond in federal court is within the trial court's discretion." *Piallat v. Replogle*, 125 F.R.D. 165, 166 (D. Colo. 1989) (citing *Paramount Film Distributing Corp. v. Civic Center Theatre*, 333 F.2d 358 (10th Cir. 1964)).

District courts in this circuit generally consider three the factors in determining whether to grant a motion to require a cost bond. They include: "(1) the merits of plaintiffs' claims; (2) the ability or willingness of plaintiffs to pay any costs which might be assessed; and (3) substantial costs which might be incurred by defendant during preparation for trial." *Piallat* 125 F.R.D. at 166 (citing *Radoshevich v. Central Bank of Colorado Springs*, 117 F.R.D. 434 (D. Colo. 1987); *Soo Hardwoods, Inc. v. Universal Oil Products*, 493 F. Supp. 76, 77 (W.D. Mich. 1980)). This court will not depart from this practice and now analyzes the three factors in turn.

First, Defendant has failed to make a showing that Plaintiff's claims are meritless. The fact that each of Plaintiff's claims have survived Rule 12(b)(1) and 12(b)(6) is a positive sign that this case is not particularly frivolous. Of course, as additional evidence is revealed through discovery, the court may eventually reach a different conclusion. Defendant asserts that Plaintiff's suit is meritless because it was filed in bad faith. As evidence, he notes that Plaintiff has repeatedly advanced similar claims in state court. The problem with this argument is that Plaintiff has filed only two additional cases regarding this matter: the first is the state court action against SRTC that Judge Lawrence dismissed without prejudice and the second is the probate action that established

that Johnson was the executor of Hunter's Estate.[7] The court simply cannot find that Plaintiff's case lacks merit on this procedural posture.

Second, Defendant has demonstrated some likelihood that Plaintiff lacks the ability or willingness to pay any costs which might be assessed. While the court has no information about Johnson's financial resources, it is evident from the pleadings that he is not a U.S. citizen or resident. ECF No. 2 at 2. In *Gudmundsson v. Julies Aircraft Service, Inc.*, a court in the district of New Mexico found that the fact that a party was not a U.S. citizen and did not have assets in the country could make potential recovery of costs difficult. No. 03-1386 WJ/KBM, 2004 WL 7337837, at *5 (D.N.M. Aug. 23, 2004). As a result, it ordered a cost bond of $20,000. *Id*. But the large bond in *Gudmundsson* was not solely a result of a low likelihood of payment. It also arose from the large cost of litigating the case, which is the next factor. *Id*.

Third, Defendant has not demonstrated that it will incur significant taxable costs during preparation for trial. As an initial matter, the American Rule, "generally bars prevailing parties from recovering attorneys' fees in the absence of a statute or enforceable contract providing for such an award." *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758. 765 (10th Cir. 1997). Here, SRTC has identified no applicable fee shifting statute. This means that if SRTC prevails, they will only be able to recover costs.

The taxable costs in this case, at least as represented by SRTC, are not likely to be particularly high even though SRTC requests a $25,000 bond. As far as the court can tell, this case is not complex. At its core, it revolves around a simple determination of whether SRTC was authorized to transfer certain stocks allegedly belonging to Hunter's Estate. While the parties will

---

[7] Defendant makes additional arguments to support its assertion that Johnson brought a meritless suit in bad faith. These are discussed below in the court's discussion of SRTC's motion for sanctions. The court finds none of these arguments persuasive.

have to take depositions, the scope of possible issues these depositions will explore is restrained in comparison to a case like *Gundmundsson*, which delt with liability for a plane crash in Iceland. *See* 2004 WL 7337837, at *1-2.

Additionally, SRTC has not established that many of its stated expected expenses are taxable. SRTC seeks a bond for (1) the expense of recovering costs and fees from a litigant who resides in Canada and (2) travel to Canada and Mexico to locate and depose material witnesses. Neither of these expenses are taxable. In deciding the amount of a bond, federal courts look to federal law to determine which costs are taxable because issuing a cost bond is a procedural, not substantive, issue. *Gundmundsson*, 2004 WL 7337837, at *5 (citing *Boyd Rosene and Associates, Inc. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1120 (10th Cir. 1999)). Fed. Rule Civ. P. 54(d)(1) provides that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." The allowance of costs to a prevailing party is within the discretion of district courts. *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995). However, absent some other explicit statutory or contractual provision, the costs a court may award under Rule 54(d) are limited by statute. *See* 28 U.S.C. §§ 1821, 1920. Thus, should SRTC prevail, it would only be entitled to those costs available under §§ 1821 and 1920. Section 1920 states that a judge or clerk of any court of the United States may tax the following expenses as costs:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

SRTC's stated potential costs do not fall into any of these categories. There is no statutory authorization for this court to prospectively award costs based on expenses a defendant may have to pay in vindicating its rights for the payment of costs and fees. Without wading into Canadian law, it seems more appropriate that the court in which SRTC plans to vindicate its rights would order renumeration of such expenses. And there is no statutory authorization for this court to award travel expenses for SRTC's attorneys for international depositions. Indeed, in *Gundmundsson*, the court only found that it could award costs related to the *transcription* and *translation* of depositions. 2004 WL 7337837, at *6. It did not find that it could award travel costs. Ultimately, while SRTC may expend money on taxable costs for depositions during discovery, none of these costs are explained by Defendant in its briefing or unique enough to warrant a cost bond.

As an alternative to showing that it will incur significant taxable costs during preparation for trial, Defendant argues that a cost bond ought to be posted because there is high potential that the court will have to award attorney's fees based on Plaintiff's bad faith behavior in litigating this case. It contends that Johnson should be required to post a bond to cover this seemingly inevitable expense. While SRTC provides cites to several cases in the Southern District of New York where judges required the posting of a bond to protect a Defendant from vexatious behavior,[8] it has failed to establish that Johnson poses a high risk of this conduct. *See, e.g.*, *Bressler v. Liebman*, No. 96 CIV. 9310 (LAP), 1997 WL 466553, at *6-7 (S.D.N.Y. Aug. 14, 1997); *Tri-Star Pictures, Inc. v. Unger*, 32 F. Supp. 2d 144, 148 (S.D.N.Y. 1999), *aff'd*, 198 F.3d 235 (2d Cir. 1999). As already explained, Johnson has cleared the motion to dismiss stage of litigation and made an initial

---

[8] The court also notes that, unlike in the Southern and Eastern Districts of New York, there is no local rule in the District of Utah allowing for bonds at this point in the proceedings based on the bad faith behavior of a party. *See* U.S. Dist. Ct. Rules S. & E.D.N.Y., Civ. Rule 54.2 ("The Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate.").

showing that he has standing to sue as the Estate's executor. As will be explained below, Johnson has also convinced the court that his conduct in this case does not warrant sanctions.[9] In brief, the court is not convinced that Defendant will incur significant taxable costs during preparation for trial, nor that it is likely to owe Plaintiff attorney's fees due to any bad faith conduct.

Weighing these three factors, the court finds an order for a cost bond is not warranted. This case does not lack merit on its face, and while it could be difficult to force Johnson to pay costs and fees due to his Canadian residency, SRTC has not shown that it is likely to incur significant taxable pre-trial costs or be awarded attorney's fees. Thus, the court denies SRTC's request for the imposition of a cost bond requirement and the entirety of its motion to dismiss is denied.

## II.    MOTION FOR SANCTIONS

SRTC moves for the court to impose sanctions on Johnson and his counsel under Rule 11 and 28 U.S.C. § 1927, arguing such an action is warranted due to (1) the unreasonable and vexatious nature of Johnson's claim and (2) Johnson's illegal forum shopping. The court declines to award sanctions on either basis.

### A.  RULE 11

Federal Rule of Civil Procedure 11 provides that by "presenting to the court a pleading, written motion, or other paper," attorneys certify to the best of their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the filing meets the following conditions:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

---

[9] At least at this juncture.

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Essentially, Rule 11 requires that a "pleading be, to the best of the signer's knowledge, well grounded in fact, warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and . . . not interposed for any improper purpose." *Coffey v. Healthtrust, Inc.*, 1 F.3d 1101, 1104 (10th Cir. 1993). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction," meaning one "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(1), (4).

## 1.        Unreasonable and Vexatious Multiplication of Litigation

SRTC argues that sanctions are warranted because Johnson's suit is unreasonable and a vexatious multiplication of litigation. At this stage of proceedings, the court does not have cause to agree. SRTC provides several reasons for its conclusion that this lawsuit is ultimately a sham. First, it contends that Johnson lacks standing and that any attempt to assert standing directly contradicts Judge Lawrence's order to the contrary in state court. As already explained, Judge Lawrence never found that Johnson lacked standing. Additionally, since Judge Lawrence's decided to dismiss Plaintiff's case without prejudice due to his failure to pay a cost bond, Johnson has obtained a probate ruling from a Utah court confirming that he is the Hunter's Estate personal representative. ECF No. 2-4. The court cannot find that Johnson's suit is unreasonable based on a lack of standing because he *does* have standing.

SRTC also argues that the number of lawsuits Johnson has brought against it over the last year and a half establishes that Johnson is engaged in a pattern of harassment through multiplication of litigation. But this, too, is false. While Johnson has filed three cases in Utah during this time period, each can easily be explained. Johnson's first suit in Third District court is explained by Johnson's desire to vindicate his rights on behalf of Hunter's Estate. Judge Lawrence required Johnson to post a bond, and Johnson contends that, despite the fact he presented the money for this bond to his attorney, it was never posted. ECF No. 10-2; ECF No. 10-1 at 4, ¶ 22. Johnson's failure to post the bond resulted in the case's dismissal without prejudice. ECF No. 10-2. Upon hiring of new counsel, Johnson brought a second action in Third District court. ECF No. 10-1 at 4, ¶ 23. ECF No. 10-3. This action was a reasonable application for informal probate meant to establish that Johnson was the executor of Hunter's Estate. ECF No. 10-3. Upon application for a probate ruling, Judge Robert Faust issued an order for informal probate in Johnson's favor. *Id*. The final action is the present case. Once Johnson believed that he had established that he was the executor of Hunter's Estate in the state of Utah, it makes sense that he would re-file his first action for vindication of the Estate's financial rights. After all, Judge Lawrence never ruled on the merits of his case and only dismissed it without prejudice due to his attorney's failure to pay a bond. ECF No. 10-2. Because diversity jurisdiction exists, Plaintiff was within his rights to file either in state or federal court. He chose federal court. Ultimately, upon review of these facts, the court finds that none of Johnson's individual decisions to file were unreasonable or vexatious.

Next, SRTC adds gloss to its argument that Johnson is a serial litigator by asserting that he makes his living by suing stock transfer agents using forged signatures. The only evidence SRTC offers for this allegation is the sworn testimony of its own counsel and a citation to *Qubed Capital,*

*Ltd. And Quintus Eight Capital Ltd. v. Action Stock Transfer*, No. 2098465 (Utah Dist. Ct.),[10] a case where Johnson sued a company for similar conduct and SRTC's counsel represented the defendant. SRTC claims that during this case, Johnson hid information from the presiding judge. Johnson, on the other hand, claims that the lawsuit was settled in his favor after Defendant failed to produce evidence that it was not negligent.[11] ECF No. 10-1 at 5, ¶ 4. The court declines to deeply analyze the warring affidavits attempting to reveal the true nature of the parties' conduct in this prior case. The fact is that the only evidence of Johnson's potential for fraudulent behavior is Defense counsel's affidavit. The court cannot give this biased declaration any weight, especially when there are competing allegations that the case was settled in Johnson's favor.

Finally, SRTC claims that sanctions are warranted because Johnson requested $200 million in damages in his initial state court lawsuit. But parties overzealously estimate their damages routinely with little prejudice to their opponents. The fact that Johnson made an unrealistic request for damages in state court is not a clear sign that he filed his suit in bad faith. Moreover, in this suit's complaint, Plaintiff only indicates that his damages are greater than $75,000. ECF No. 2 at 9. As already explained, this is a reasonable estimate of the potential injury in this suit.

In sum, the court is not persuaded that Johnson's suit is unreasonable or vexatious. It therefore declines to award sanctions.

---

[10] Defendant does not provide any more identifying information about this case than what is included in this citation.

[11] Johnson also points out that the present case was inspired by his *success* in the *Action Stock Transfer* action. *Id*. at 3, ¶ 17.

## 2. Illegal Forum Shopping

SRTC also argues that sanctions are warranted because Johnson engaged in illegal forum shopping by moving his claim from state court to federal court. The court declines to find that Johnson's choice of court, even if strategic, was inappropriate.

So long as "federal jurisdiction 'arguably' exists, a party has not engaged in improper forum shopping" by choosing a federal forum over a state alternative. *C.R. Bard, Inc. v. AngioDynamics, Inc.*, No. 212CV00035RJSDAO, 2020 WL 6710423, at *10 (D. Utah Nov. 16, 2020) (citing *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1188 (10th Cir. 2015)). Here, the court has found that diversity jurisdiction exists, at least on the facts alleged. Thus, federal jurisdiction is proper. Even if Plaintiff had maintained simultaneous actions in state court and federal court for his claim against SRTC, this court would be unable to award sanctions. The Tenth Circuit has held that "[t]here is no impropriety simply in pursuing the same claim simultaneously in state and federal courts." *Id*. The general rule is that "'both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other,' . . . and even then, it is ordinarily the latter court that must decide the question of res judicata." *Id*. (quoting *Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964)) (citation omitted). In this case, no final judgment on the merits was obtained in the state case before its dismissal without prejudice. Therefore, Plaintiff is not precluded from choosing federal court over state court and his forum choice is not sanctionable.

### B. 28 U.S.C. § 1927

28 U.S.C. § 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the

excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

An award should be made under § 1927 "only in instances evidencing a 'serious and standard disregard for the orderly process of justice.'" *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1427 (10th Cir. 1990) (citing *Dreiling v. Peugeot Motors of America, Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985)). Sanctions are appropriate under § 1927 "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987). This is a higher standard than that required by Rule 11. Thus, because the court declines to sanction Johnson under Rule 11, it also declines to require him to pay fees, expenses, and costs under § 1927.

### C.  PLAINTIFF'S REQUEST FOR SANCTIONS

In his opposition to SRTC's motion for sanctions, Plaintiff claims that SRTC's representations in its motion are patently false and, as a result, sanctionable.[12] Specifically, he contends that SRTC grossly misrepresented Judge Lawrence's rulings to argue that a state court had decided that Johnson lacked standing to sue when Judge Lawrence had made no such ruling. The court declines to find this misrepresentation sanctionable because this District's local rules of practice provide that "[a] party may not make a motion . . . in a response or reply." DUCivR 7-1(3). If Plaintiff seeks sanctions against SRTC, he will have to do so by filing his own separate motion. *See* Fed. R. Civ. P. 11(c)(2).

---

[12] Plaintiff cites "Fed. R. Civ. P. 11(2)" for the proposition that a party who brings an improper Rule 11 motion bears the risk of paying the prevailing party's fees. But Rule 11 does not have a subsection (2). Perhaps Plaintiff intended to cite Fed. R. Civ. P. 11(c)(2), which indicates that "the court may award to the prevailing party [on a motion for sanctions] the reasonable expenses, including attorney's fees, incurred for the motion."

## CONCLUSION AND ORDER

For the above-stated reasons, the court DENIES Defendant's motion to dismiss, DENIES

Defendant's request for a cost bond, and DENIES Defendant's motion for sanctions.


DATED September 18, 2023

BY THE COURT

Jill N. Parrish
United States District Court Judge