MABEY & COOMBS, L.C.
J. Michael Coombs (Bar No. 3639)
Highland Ridge
4568 So. Highland Drive, Suite 290
Salt Lake City, UT  84117-4237
Telephone: (801) 467-2779
Email address:  jmcoombs77@gmail.com

*Attorneys for Defendant Standard Registrar &*
*Transfer Co., Inc.*

---

## IN AND BEFORE THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT RYAN JOHNSON, as Executor and Trustee of the Estate of Terrence Blair Hunter, | **ANSWER** |
| Plaintiff, | |
| vs. | Case No. 2:22-cv-591-JNP-DAO |
| STANDARD REGISTRAR & TRANSFER COMPANY, INC., a Utah corporation, | Judge Jill Parrish |
| Defendant. | |

Defendant Standard Registrar & Transfer Co., Inc. ("Defendant" or "SRTC"), a Utah

corporation, hereby answers, alleges, and affirmatively defends against Plaintiff Robert Ryan

Johnson's Complaint as follows:

### ANSWER

1.      SRTC denies the allegation in ¶ 1 of Plaintiff's Complaint in that the nature of

Plaintiff's claims and what the Complaint alleges or seeks speaks for itself.

2.      SRTC denies the allegations in ¶ 2 of Plaintiff's Complaint.

3.      SRTC admits that Plaintiff resides in Vancouver Canada but denies the remaining allegations, ¶ 3 of Plaintiff's Complaint.

4.      SRCT admits the allegations in ¶ 4 of Plaintiffs Complaint.

5.      SRTC denies the allegations in ¶ 5 of Plaintiff's Complaint.

6.      SRTC admits the allegations in ¶ 6 of the Complaint.

7.      SRTC denies the allegations in ¶'s 7-12, inclusive, of the Complaint.

8.      SRTC admits the allegations in ¶ 13 of the Complaint based on seeing what purports to be a copy of Hunter's death certificate.

9.      SRTC denies the allegations in ¶ 14 of Plaintiff's Complaint.

10.     Regarding ¶ 15, SRTC admits that Plaintiff obtained a British Columbia probate order related solely to property of the Estate located in British Columbia but denies that it has any relevance to this action or that it suffices as a valid "foreign appointment" under Chapter 4 of the Utah Probate Code.

11.     SRTC denies the allegations in ¶'s 16-22, inclusive, of the Complaint.

12.     SRTC admits that requests for documents were made as alleged in ¶'s 23, 25, 27, 29, and 30 of the Complaint and that it refused to provide the same as alleged in ¶'s 24, 26, 28, and 30 of the Complaint and further, denies that it was under any legal duty or obligation to provide the requested information.

13.     Paragraph 31 of the Complaint incorporates previous allegations and therefore, by reference, SRTC incorporates its responses to the applicable previous allegations.

14.     SRTC denies the allegations in ¶'s 32 and 33 of the Complaint.

15.     Paragraph 34 of the Complaint incorporates previous allegations and therefore, by reference, SRTC incorporates its responses to the applicable previous allegations.

16.     SRTC denies the allegations in ¶'s 35-38, inclusive, of the Complaint.

17.     Paragraph 39 of the Complaint incorporates previous allegations and therefore, by reference, SRTC incorporates its responses to the applicable previous allegations.

18.      SRTC denies the allegations in ¶'s 40-43, inclusive, of the Complaint.

19.     Paragraph 44 of the Complaint incorporates previous allegations and therefore, by reference, SRTC incorporates its responses to the applicable previous allegations.

20.     SRTC denies the allegations in ¶'s 45-47, inclusive, of the Complaint.

21.     Paragraph 48 of the Complaint incorporates previous allegations and therefore, by reference, SRTC incorporates its responses to the applicable previous allegations.

22.     SRTC denies the allegations in ¶'s 49-54, inclusive, of the Complaint.

23.     Paragraph 55 of the Complaint incorporates previous allegations and therefore, by reference, SRTC incorporates its responses to the applicable previous allegations.

24.     SRTC denies the allegations in ¶'s 56-58, inclusive, of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each and every claim for relief stated therein fail to state a claim against defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate and complete defense, SRTC affirmatively alleges that Plaintiff's claims against it are barred by the equitable principles of unjust enrichment and unclean hands.

## THIRD AFFIRMATIVE DEFENSE

As a separate and complete defense, SRTC affirmatively alleges that no act or omission of SRTC was the proximate cause, the legal cause, or the cause in fact of any damages or injuries of which Plaintiff complains.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and complete defense, SRTC affirmatively alleges that Plaintiff's alleged damages and injuries, if any, and any are expressly denied, were proximately caused or contributed to by the fault of others, including Plaintiff, that SRTC did not and could not control thus either barring any recovery or reducing any recovery accordingly.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim because Plaintiff has failed to comply with Canadian, Mexican, and Utah Probate law and therefore lacks standing or "capacity" to bring this action.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his failure to bring in individuals including but not limited to persons Schaefer and Tismer as indispensable parties under Rule 19 and the case law thereunder, persons who allegedly fraudulently received Estate Property but whom Plaintiff fails to make claims against.  These persons and others are the individuals who have allegedly damaged the Hunter Estate according to Plaintiff's Complaint, not SRTC.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in that Plaintiff has failed to allege or provide proof that Hunter owned the shares subject of the Complaint or that he paid valuable consideration for them.

4

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in that the alleged personal representative of the Estate, Mr. Johnson, was an affiliate, promoter of, and corporate insider of Rainbow Resources, Inc. ("RRI") and was intimately involved with Hunter in the transfer of RRI shares going back to 2012.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by principles of international law, including any and all treaties by and among or involving Canada, the United States, and Mexico.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in that SRTC was not negligent, grossly negligent, or otherwise at fault.  SRTC acted reasonably at all times, including but not limited to reasonably relying on notarized signatures of Hunter.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in that SRTC has complied with its professional duties and obligations and set forth in Article 8 of the Utah Uniform Commercial Code.

### TWELVETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in that SRTC did not owe a fiduciary duty to Plaintiff or Hunter.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed in that, on information and belief, Johnson has unclean hands and acted *in pari delicto* with others responsible for that of which Plaintiff complains.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for attorney's fees and costs in his Prayer for Relief is barred under the American Rule, which only authorizes attorney's fees if Plaintiff is suing under a statute that provides for the same or there is an agreement between the parties providing for such. Neither condition exists here.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in that Judge Lawrence's decision of September 20, 2021 represents the Law of the Case and Plaintiff failed to comply with that decision.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff claims are barred by the statute of limitations, including but not limited to, section §78B-2-305, laches, estoppel, waiver and ratification; moreover, no basis exists to toll the running of the statute of limitations in this case.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and complete affirmative defense, to the extent that discovery reveals facts giving rise to additional affirmative defenses, SRTC reserves the right to bring such defenses as they are made known.

**WHEREFORE**, SRTC prays for judgment as follows:

1. That Plaintiff take nothing by way of his or its Complaint;

2. That Plaintiff be "no caused" on each of his or its six claims for relief;

3. That Plaintiff's claim for attorney's fees and costs be denied under the American Rule;

4. That Plaintiff's claim for prejudgment interest be denied because no amount due and owing can be calculated from a date certain; and

5.   For such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this <u>2nd</u> day of October, 2023.

MABEY & COOMBS, L.C.


<u>/s  J. Michael Coombs</u>
J. Michael Coombs
*Attorneys for Defendant Standard*
*Registrar & Transfer Co., Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this <u>2nd</u> day of October, 2023, I caused a true and correct copy of the foregoing to be served on those identified below via email as per the court's electronic filing system:

*Andrew G. Deiss*
*David Ferguson*
*Corey Riley*
*DEISS LAW, P.C.*
*10 West 100 South, Suite 700*
*Salt Lake City, Utah 84101*
*deiss@deisslaw.com*
*dferguson@deisslaw.com*
*criley@deisslaw.com*

*/s/ J. Michael Coombs*
*J. Michael Coombs*