Exhibit "B"

**Valerga LLP**
Brody Valerga (11789)
650 W Fine Drive
South Salt Lake, UT 84119
(801) 893-3635
brody@valergalawyers.com
Attorney for Plaintiff

IN THE THIRD JUDICIAL DISTRICT COURT, STATE OF UTAH
SALT LAKE COUNTY, SALT LAKE CITY DEPARTMENT

| | |
|---|---|
| ROBERT RYAN JOHNSON, as Executor and Trustee of the Estate of Terrence Blair Hunter, <br><br> Plaintiff, <br> vs. <br><br> STANDARD REGISTRAR & TRANSFER COMPANY, INC., a Utah corporation; KURT SCHAEFER, an individual, aka, KURT WINDLIN-MATHIS; MICHAEL TISMER, an individual; DOES 1-10. <br><br> Defendant. | **COMPLAINT** <br><br><br> Civil No <br><br> Judge <br><br> This is a Tier 3 case. |

Plaintiff, ROBERT RYAN JOHNSON, as Executor and Trustee of the Estate of Terrence Blair Hunter, complains against Defendants STANDARD REGISTRAR & TRANSFER COMPANY, INC., a Utah corporation; KURT SCHAEFER, an individual, aka, KURT WINDLIN-MATHIS; MICHAEL TISMER, an individual; DOES 1-10.as follows:

**PARTIES AND JURISDICTION**

1) Plaintiff ROBERT RYAN JOHNSON, Executor and Trustee of the Estate of Terrence Blair Hunter, is a Canadian citizen and resides in Vancouver, British Columbia, Canada.

2)      Defendant STANDARD REGISTRAR & TRANSFER COMPANY, INC. (hereafter "SRTC") is Utah corporation, with its principal place of business in Salt Lake City, Utah. SRTC is a stock transfer agent that is registered with the Securities Exchange Commission of the United States (hereafter "SEC") and is subject to state and federal regulation as such.

3)      Defendant KURT SCHAEFER, aka KURT WINDLIN-MATHIS, (hereafter "Schaefer") is a Swiss citizen whose whereabouts are unknown.

4)      Defendant MICHAEL TISMER, (hereafter "Tismer") is a German citizen whose whereabouts are unknown.

5)      The events and occurrences that are the subject of this complaint took place in the State of Utah. According to UCA 78B-3-306, Venue and Jurisdiction are appropriate in this Court.

## BACKGROUND

6)      Robert Ryan Johnson is the Executor and Trustee of the Estate of Terrence Blair Hunter. Terrence Blair Hunter ("Terry") died on September 3, 2019, in Richmond, British Columbia, Canada. Terry was 72 years of age.

7)      Terry passed away after a long battle with chronic obstructive pulmonary disease (COPD). COPD is a chronic, progressive lung disease that is not curable.

8)      Schaefer is believed to be involved in criminal activity, including an international Ponzi scheme, and is believed to have fraudulently obtained many of the shares of Terry's estate. Schaefer is believed to have known Terry for approximately ten years and knew of his debilitative physical and mental state.

9) Michael Tismer is a convicted criminal who is believed to have fraudulently obtained many of the shares of Terry's estate. Tismer is believed to have known Terry for approximately ten years and knew of his debilitative physical and mental state.

10) Because of his deteriorating health, Terry elected to give Robert Ryan Johnson power of attorney on August 1st, 2017, so that Robert could handle his affairs.

11) Terry was an open and trusting person and thus the perpetrators of the fraud, Schaefer and Tismer, knew that Terry had no wife, children or next of kin. Schaefer and Tismer were criminally minded individuals that decided to seize this opportunity to prey on Terry as the COPD cut off oxygen going to his brain, making it very difficult for him to think clearly or make even simple decisions. The perpetrators figured that, since Terry had no blood related next of kin, nobody would come looking for his assets after he passed and they would get away with their fraud.

12) Terry owned – directly and indirectly, through several companies or trusts, a total of 15,010,041 common shares of Rainforest Resources, Inc ("RRIF") stock.

13) RRIF is a publicly traded company involved in mining and/or cultivating natural resources including rainforests.

14) All but 37 of the 15,010,041 common shares of RRIF stock owned by Terry have been fraudulently transferred away to Schaefer and Tismer, or to companies or people they control.

15) SRTC has acted and still is acting as the SEC registered transfer agent of the common shares of RRIF stock owned by Terry and his companies.

16) SRTC has been negligent in allowing the shares to be fraudulently transferred away from Terry and his estate by Tismer and Schaefer, relying on easily detectible forged and defective stock powers.

17) Robert Ryan Johnson has repeatedly requested that SRTC provide information and documentation regarding the transfer of Terry's common shares of RRIF stock (and those held by his companies or trusts) to the Estate, but the requests have been denied and SRTC has refused to provide the requested information in violation of state and federal law 17 CFR § 240.17Ad-2.

## FACTUAL ALLEGATIONS

18) On October 30, 2019, counsel for Robert Ryan Johnson sent a written request to SRTC for information regarding the shares held by Terry. SRTC has refused to provide the information requested. See attached Exhbit 1.

19) Two months later, on December 15, 2020, counsel for Robert Ryan Johnson sent another formal, written letter requesting, among other things, information on the RRIF shares owned by Terry, shareholder lists, transfer logs, and communications between Terry Hunter and SRTC. SRTC has refused to provide the information requested. See attached Exhibit 2.

20) Robert Ryan Johnson, as Executor and Trustee of Terry's estate, steps into his shoes and is entitled to information as an account holder with SRTC.

21) Upon information and belief, SRTC has negligently allowed the following transfers of Terry shares based on accepting forged and deficient stock powers:

a) On May 31, 2016, 10,004 common shares of RRIF stock owned by Terry's company Whitehall Trust were illegally transferred to SKM, a company controlled by Schaefer.

b) On June 29, 2016, 13,700,000 common shares of RRIF stock owned by Terry's company Whitehall Trust were transferred to a group of companies all associated with Schaeffer.

c) On July 20, 2016, 550,000 common shares of RRIF stock owned by Terry's company Tropical II Ventures LTD, were transferred to Schaefer.

d) On Nov 30, 2016, 20,000 common shares of RRIF stock shares (with stock certificate #2224) were transferred from Terry's personal name to an unknown recipient.

e) On September 21, 2017, 70,000 common shares of RRIF stock (with stock certificate #2233) were transferred from Terry's personal name to an unknown recipient.

f) On June 21, 2019, 20,000 common shares of RRIF stock were transferred from Terry's personal name to an unknown recipient.

g) On July 02, 2019, 10,000 common shares of RRIF stock were transferred from Tropical to Stephanie McNeil, Tismer's daughter.

h) On Aug 21, 2019, 90,000 common shares of RRIF stock were transferred from Terry's personal name to Astutia, a company controlled by Tismer.

    i)    Aug 21, 2019, 540,000 common shares of RRIF stock were transferred from Tropical to to Astutia, a company controlled by Tismer.

### First Cause of Action
(Violation of Utah Code Ann. 70A-8-404 against SRTC)

22)    Plaintiff here incorporates paragraphs 1 through 21 as though set forth in full.

23)    SRTC wrongfully transferred Plaintiff's common shares in RRIF stock pursuant to an ineffective indorsement or instruction, in violation of Section 70A-8-404.

24)    SRTC refuses to make Plaintiff whole as required by Utah law.

25)    As a direct result of SRTC's conduct, Plaintiff was damaged in an amount of at least $200,000,000.

### Second Cause of Action
(Violation of Utah Code Ann. 70A-8-407 against SRTC)

26)    Plaintiff here incorporates paragraphs 1 through 25 as though set forth in full.

27)    SRTC wrongfully transferred Plaintiff's common shares of RRIF stock pursuant to an ineffective indorsement or instruction, thereby violating Section 70A-8-407.

28)    SRTC refuses to make Plaintiff whole as required by Utah law.

29)    As a direct result of SRTC's conduct, Plaintiff was damaged in an amount of at least $200,000,000.

### Third Cause of Action
(Breach of Fiduciary Duty against SRTC)

30) Plaintiff here incorporates paragraphs 1 through 29 as though set forth in full.

31) Plaintiff reasonably relied on SRTC to provide transfer agent services and to adhere to industry standards for security of indorsements and/or transfer instructions.  Because of the nature of stock certificates, ownership, and transfers, consumers such as Plaintiff must place special trust in and reliance on transfer agents, such as SRTC. SRTC voluntarily assumed this role of special trust, and knew or should have known that Plaintiff relied on SRTC as its fiduciary for stock transfer matters.

32) SRTC failed to adhere to industry standards, instead accepting unreliable and easily detectable forged or altered documents.

33) SRTC breached its fiduciary duties in making the transfers.

34) SRTC breached its fiduciary duties by refusing to provide information to Plaintiff in a timely manner.

35) As a direct result of SRTC's conduct, Plaintiff was damaged in an amount of at least $200,000,000.

### Fourth Cause of Action
(Breach of Contract against SRTC)

36) Plaintiff here incorporates paragraphs 1 through 35 as though set forth in full.

37) SRTC promised and agreed not to transfer Plaintiff's stock except when specifically directed to do so by Plaintiff. SRTC also promised and agreed to adhere to at least industry standards for security and reliability of any purported instructions or signatures with respect to Plaintiff's stock.

38) SRTC promised to provide information to Plaintiff as a shareholder in RRIF.

39) SRTC breached those promises in making the transfers and by not providing information in a timely manner.

40) As a direct result of SRTC's conduct, Plaintiff was damaged in an amount of at least $200,000,000.

**PRAYER**

Wherefore, Plaintiff asks that the Court enter judgment in their favor and against Defendants as follows:

1. For damages in an amount to be proven at trial, but at least $200,000,000;

2. For punitive damages;

3. For pre-judgment and post judgment interest;

3. For costs and attorney fees to the extent provided or permitted by law; and

4. Such other and further relief as the Court may deem just and proper in the circumstances.

Dated July 1, 2021.

/s/Brody Valerga
Brody Valerga
Attorney for Plaintiff

EXHIBIT 1

**NURANEY LAW GROUP**
PERSONALIZED LEGAL SERVICES

**BY E-MAIL**

Standard Transfer Company
440 East 400 South Suite 200
Salt Lake City, Utah
84111

**AND:**

Branden T. Burningham, Esq.
2150 South 1300 East, Suite 500
Salt Lake City, Utah
84106

**Attn: brandy@standardregistrar.com**
**amy@standardregistrar.com**
**btb@burninglaw.com**

Reply to:    Arif Nuraney*
Direct Line:    778-997-1104
E-mail:   arif@nuraneylawgroup.com

* Personal Law Corporation

October 30, 2019

**Re:   Terrence Hunter ("Mr. Hunter or the "Deceased") and mechanism of transfer of interest to Robert Johnson ("Mr. Johnson") from Standard Transfer Company (the "Company")**

My name is Arif S. Nuraney of the Nuraney Law Group and we act on behalf of Mr. Robert Johnson.

On or about September 3, 2019, Mr. Terrence Hunter died and named Mr. Johnson has his sole executor and beneficiary.

It is our understanding that Mr. Hunter has shares being held by a transfer agent at the Company.

Mr. Johnson spoke to Amy (last name unknown) at the Company who indicated that they would need to see proof of Probate from British Columbia, Canada before releasing anything to Mr. Johnson.



Arif Nuraney Law Corporation | 108-970 Burrard Street Vancouver, B.C. V6Z 2R4
778 997 1104   arif@nuraneylawgroup.com



Can you please confirm the following:

1. If Mr. Johnson is required to file for Probate here in British Columbia in order to have the Deceased's interest held by the Company passed to him;

    a. If so, please provide us with book entry statements for Terrence Hunter, Proventure Capital, Whitehall Trust, Tropical II Ventures, and Dunsmuir Capital inclusive of ALL of the classes of RRIF shares (common, preferred, etc.)

2. If anything else is required (documents or otherwise) by the Company in order to expedite and finalize the transfer of all classes of RRIF shares directly or corporately owned by Mr. Hunter.

My client has instructed us that he has made efforts to try and contact you with no success.

In the interest of time, please feel free to email me at arif@nuraneylawgroup.com or you can call me on my direct line at 1-778-997-1104 by **Friday, November 1, 2019** (the "Deadline")

My client reserves to right to escalate this matter with his lawyer in Utah if our office has not received a response by the Deadline.

Yours truly,

**ARIF NURANEY LAW CORPORATION**



Per: Arif S. Nuraney
ASN/asn



EXHIBIT 2



John L. Dicks II

Akerman LLP
401 E. Jackson Street
Suite 1700
Tampa, FL 33602-5250

D: 813 209 5065
T: 813 223 7333
F: 813 223 2837
john.dicks@akerman.com

December 15, 2020

**VIA CERTIFIED MAIL/
RETURN RECEIPT REQUESTED**
Standard Registrar & Transfer
440 East 400 South, Suite 200
Salt Lake City, UT 84111

**VIA CERTIFIED MAIL/
RETURN RECEIPT REQUESTED**
Rainforest Resources, Inc.
936 SW 1st Ave.
Unit 299
Miami, FL 33130

Re: **Robert Ryan Johnson, Executor and Trustee of the Estate of Terrence Blair Hunter**

To Whom it May Concern:

Akerman LLP represents Robert Ryan Johnson, the duly-appointed, notarized, and authorized executor of the Estate of Terrence Blair Hunter.

As you know, Mr. Hunter died on September 3, 2019.[1] At the time of his death, Mr. Hunter owned – directly and indirectly, perhaps through several companies or trusts[2] – a significant number of shares in Rainforest Resources, Inc. Those shares are now assets of Mr. Hunter's Estate, so they must be turned over to my client.

In addition, Mr. Hunter and at least one of his companies or trusts (Tropical II Ventures Ltd.) were owed a significant amount of money at the time of his death, according to Rainforest Resources, Inc.'s books. We believe that the debt is now owed to Mr. Hunter's Estate.

As I understand things, Mr. Johnson has repeatedly requested that each of you turn over Mr. Hunter's shares (and those held by Mr. Hunter's companies or trusts) to the Estate, but you have largely ignored his requests. He has also requested certain information from each of you, but you have refused to give him anything that he needs to do his executorial duties. If there is a legitimate reason for your failure to cooperate with Mr. Johnson, please explain it. Otherwise – and regardless – I look forward to your cooperating with me.

---

[1] Mr. Johnson sent copies of the Will, Death Certificate, and other pertinent information to you over a year ago.
[2] to wit: ProVenture Capital, Whitehall Trust, Tropical II Ventures Ltd., and Dunsmuir Capital Corporation.

akerman.com
55714685;1

Page 2
December 15, 2020

To that end, please turn over all shares that are or were owned by Mr. Hunter or his companies or trusts to Mr. Johnson and deliver the following information to me within 10 days:

- A complete list of all Rainforest Resources, Inc. stock owned by Terrence Blair Hunter, or any of his companies or trusts, since January 1, 2017[3];

- A complete list of all Rainforest Resources, Inc. stock owned by Terrence Blair Hunter, or any of his companies or trusts, on September 3, 2019;

- Copies of all certificates of Rainforest Resources, Inc. stock owned by Terrence Blair Hunter, or any of his companies or trusts, on September 3, 2019;

- A transfer log for all Rainforest Resources, Inc. stock ever owned by Terrence Blair Hunter, or any of his companies or trusts, between January 1, 2017 and the present;

- Quarterly shareholder lists for Rainforest Resources, Inc. stock, for each quarter since January 1, 2017 (showing all stockholders and the amount of stock that each holds);

- An itemized list of all debts owed to Mr. Hunter, or his companies or trusts, by Rainforest Resources, Inc.;

- Any and all communications between you and any person regarding the stock owned by Terrence Blair Hunter, or any of his companies or trusts, at any point since August 1, 2019.[4]

Absent full cooperation, we may be forced to take legal action. If there are any fees or costs associated with the transfers, please prepare an invoice and send it to me.

Sincerely,

John L. Dicks II

CC:   cp@rainforestresourcesinc.com; Bhamilton@secruitieslawyer101.com; btb@burninglaw.com; john@dolkartlaw.com; amy@standardregistrar.com; foxnilsson@gmail.com; wellington96@aol.com

---

[3] To be more specific, this might include one or more book entry statements for Mr. Hunter, Proventure Capital, Whitehall Trust, Tropical II Ventures, and Dunsmuir Capital – all of which were requested on October 21, 2019.

[4] It probably goes without saying, but in addition to delivering these documents to me, you should be preserving all documents and electronically stored information regarding Mr. Hunter, his companies, or Mr. Johnson; in case we have to litigate the issues arising from your refusal to cooperate with Mr. Johnson.

55714685;1