IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT RYAN JOHNSON, et al.,<br><br>Plaintiffs,<br>v.<br><br>STANDARD REGISTRAR AND TRANSFER, *a Utah corporation*, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS**<br><br>Case No. 2:22-cv-00591-AMA-DBP<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Dustin B. Pead |

This matter is presently before the Court on Defendant Standard Registrar and Transfer's ("SRTC") Motion to Dismiss Plaintiffs' Amended Complaint ("Motion").[1] The Motion is fully briefed.[2] The Court did not hear oral argument. For the reasons set forth below, the Court denies SRTC's Motion.

## BACKGROUND

The following factual background is taken from Plaintiffs' Amended Complaint ("Complaint").[3] Plaintiff Robert Ryan Johnson is the executor and representative of the Estate of Terrance Blair Hunter.[4] Mr. Johnson and Mr. Hunter were close friends at the time of Mr. Hunter's passing on September 3, 2019, following a years-long illness. After Mr. Hunter's death, as Mr. Johnson was managing Mr. Hunter's estate in preparation for probate proceedings,

---

[1] *See* ECF No. 32.
[2] *See* ECF Nos. 43 & 45.
[3] ECF No. 31.
[4] In addition to Mr. Johnson, "Plaintiffs" include Tropical II Ventures Ltd., and, purportedly, the Whitehall Trust, though its trustee has apparently declined to join this action. SRTC's Motion does not challenge Whitehall's ability to participate in this suit through a beneficiary, rather than its trustee.

Mr. Johnson discovered a series of allegedly unauthorized transfers of stock of a company called Rainforest Resources, which stock Mr. Hunter or the other Plaintiffs owned. The transfers occurred between 2016 and 2019 and amount to over 15,000,000 shares. SRTC acted as transfer agent for these transfers. Plaintiffs allege they did not authorize the transfers, were unaware of the transfers at the time they occurred, and did not benefit financially from the transfers.

Mr. Johnson, on behalf of the Estate, requested information from SRTC about these transfers but SRTC did not provide any. Rainforest Resources also communicated with SRTC, asking it to provide information to Mr. Johnson and the Estate, but to no avail. When Plaintiffs finally obtained records of the transfers through discovery in this case, they learned the transfer documents lack medallion signature guarantees[5] and Whitehall's trustee indicated certain of his purported signatures on documents produced by SRTC are forgeries.

## DISCUSSION

The Court denies SRTC's Motion because the matters raised are premature. Under Federal Rule of Civil Procedure 12(b)(6), a claim is subject to dismissal if the plaintiff's complaint fails to "state a claim upon which relief can be granted." In construing a complaint, the Court assumes the truth of any well-pleaded facts and draws all reasonable inferences in the light most favorable to the plaintiff. *See Leverington v. City of Colo. Springs*, 643 F.3d 719, 723

---

[5] This presumably refers to one of the three signature guarantee programs intended to comply with the SEC's rules governing signature guarantees for securities transfers. *See* 17 C.F.R. § 240.17Ad-15; *see also* 28 Modern Securities Transfers § 13:5 (4th ed.) (identifying the Securities Transfer Agents Medallion Program, Stock Exchange Medallion Program, and Medallion Signature Program as three compliant signature guarantors).

(10th Cir. 2011). To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). With this standard in mind, the Court turns to SRTC's arguments.

### I. The Court denies SRTC's Motion because it is premature, implicating facts outside the Complaint

SRTC contends: (a) Plaintiffs claims are barred by the statute of limitations, (b) claims two through five are preempted by Utah's Uniform Commercial Code ("UCC"), or (c) claims two through five are deficient in alleging certain elements of Plaintiffs' claims. These arguments will be addressed in turn.

#### a. Statute of Limitations

First, the Court denies SRTC's Motion insofar as it asserts Plaintiffs' claims are barred by the applicable statute of limitations because the allegations in the Complaint support Plaintiffs' assertion that the limitations period should be equitably tolled. The parties appear to agree that the shortest applicable statute of limitations is a three-year limit imposed by the UCC.[6] "While a statute of limitations ordinarily begins to run upon the completion of a cause of action, the equitable discovery rule may nonetheless operate to toll the limitations period until the time at which a party discovered or reasonably should have discovered the facts forming the basis for

---

[6] *See* ECF No. 32 at 6; ECF No. 43 at 9. Plaintiffs contend Utah's six-year statute of limitations applies because their cause of action is founded upon an instrument in writing. Yet Plaintiffs do not cite the governing standard, and Utah precedent casts some doubt on their assertion. *See, e.g.*, *Lilley v. JP Morgan Chase*, 2013 UT App 285, ¶ 13, 317 P.3d 470, 474 (indicating liability is considered "founded upon an instrument in writing . . . if the fact of liability arises or is assumed or imposed from the instrument itself, or its recitals"). Here, Plaintiffs bring statutory and tort claims, rather than any request to enforce a written instrument.

3

the cause of action." *Ottens v. McNeil*, 2010 UT App 237, ¶ 57, 239 P.3d 308, 326 (cleaned up). To invoke the equitable-discovery rule, Plaintiffs must show that they "did not know and could not reasonably have discovered the facts underlying the cause of action in time to commence an action" timely. *Id.* If Plaintiffs make that showing, the equitable-discovery rule may toll the statute of limitations if (1) Plaintiffs did not "become aware of the cause of action 'because of the defendant's concealment or misleading conduct,'" or "(2) 'where the case presents exceptional circumstances and the application of the general rule would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action." *Russell Packard Dev., Inc. v. Carson*, 2005 UT 14, ¶ 25, 108 P.3d 741, 747.

    Here, Plaintiffs allege facts sufficient to invoke equitable tolling. Plaintiffs allege they did not know, nor should they have known, of the unauthorized stock transfers until sometime "[A]fter Hunter's passing," which occurred on September 3, 2019. Also, Plaintiffs allege SRTC concealed information from them by refusing to provide Plaintiffs with information about the transfer despite requests from Plaintiffs and instruction to do so from the issuer of the stock.[7]

    SRTC responds by contending Plaintiffs must have known of their cause of action more than three years prior to filing this action on September 12, 2022. Yet SRTC points to no fact alleged in the Complaint that could show Plaintiffs had knowledge of the allegedly improper transfers. Rather, SRTC points to a September 30 email attached to its Motion.[8] Yet, even assuming this email constituted evidence of Plaintiffs' knowledge of the claims in this action, the

---

[7] ECF No. 31 at 4, 6–7.
[8] ECF No. 45 at 6 & Ex. A.

email was sent September 30, 2019, less than three years before the instant action was filed.[9] Accordingly, the determinative "question of fact" about Plaintiffs knowledge cannot be resolved at the present stage. *Ottens v. McNeil*, 2010 UT App 237, ¶ 59, 239 P.3d 308, 327. Rather, the parties need to engage in discovery to determine what Plaintiffs knew and when.

Also, SRTC does not respond to Plaintiffs' argument that SRTC concealed information. Rather, SRTC contends no "exceptional circumstances" exist, which does not appear to be the subject of Plaintiffs' opposition to the Motion. Accordingly, Plaintiffs' contention that SRTC concealed information is unchallenged for purposes of the Motion.

### b. UCC preemption of claims two through five

Next, the Court declines to find the UCC preempts Plaintiffs' common-law claims because the current record lacks factual detail that might assist in determining whether, and to what extent, the UCC preempts any of Plaintiffs' claims. As an initial matter, neither party cites any controlling law that answers whether the UCC, specifically Utah Code § 70A-8-404, preempts Plaintiffs common-law claims under the circumstances of this case. Nor do the parties provide a governing standard for the Court to follow in determining preemption under Utah Code § 70A-8-404. Instead, the authorities cited deal with other provisions of the UCC, or come from outside Utah and the Tenth Circuit. To the extent these cases reveal any universal principle, it is that determining preemption varies depending on the particular facts of a given case. Such a discussion will benefit from a more fulsome factual record. *See, e.g., Abbasid, Inc. v. First Nat'l Bank of Santa Fe*, No. CV-09-00347 JP/LFG, 2010 WL 11509104, at *2 (D.N.M. Feb. 10, 2010)

---

[9] Also, the Court could not consider this material unless it converted the Motion into a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

(evaluating UCC preemption, under New Mexico law, on summary judgment). The facts related to SRTC's knowledge of, and action related to, the challenged transfers are not yet fully developed. The Court declines to analyze the preemption issue in the absence of these facts, known largely only to SRTC. To the extent the preemption issue recurs in the future, the parties will do well to closely analyze the UCC and any binding authority from Utah's appellate courts as well as the Tenth Circuit. If this does not yield an answer, the parties should offer compelling reasons for this Court to follow the example provided in any persuasive authorities, beyond basic recitation of cases. The parties should also consider whether the preemption question needs to be certified to the Utah Supreme Court.

### c.  Failure to allege required elements of claims two through five

Third, and finally, the Court declines to dismiss the common-law claims on the asserted basis of failure to plead necessary elements because SRTC's arguments fall into two categories. First, several arguments duplicate its arguments regarding UCC preemption, which the Court addressed previously. Second, other arguments rely on facts not alleged in the Complaint, which are premature. For example, as to negligence and gross negligence, SRTC contends the UCC preempts these claims and that it complied with its duties because "stock transfer agents routinely rely on signature guarantors in transferring stock."[10] The quoted assertion is contrary to the allegations in the Complaint, which assert SRTC failed to adhere to industry standards. Similarly, as to the conversion and trespass to chattels claim, SRTC poses a number of questions, faults Plaintiffs for not taking measures to protect themselves sooner, and contends SRTC

---

[10] ECF No. 32 at 18.

complied with the UCC's requirements.[11] Nowhere does SRTC describe any failure on the part of Plaintiffs to plead facts to support an element of conversion or trespass to chattels. Finally, with respect to the unjust enrichment claim, the Complaint does not allege the existence of an agreement, at all.

Based on the foregoing, the Court denies SRTC's Motion.

## ORDER

Having considered the parties' briefs and the relevant law, the Court DENIES SRTC's Motions to Dismiss (ECF No. 32).

Dated this 20th day of September 2024.

By the Court:

Ann Marie McIff Allen
United States District Judge

---

[11] ECF No. 32 at 19–21.