# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **ROBERT RYAN JOHNSON, as Executor and Representative of the Estate of Terrence Blair Hunter, WHITEHALL TRUST, a Bahamian private trust company, and TROPICAL II VENTURES LTD.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**STANDARD REGISTRAR & TRANSFER COMPANY, INC., a Utah Corporation, THE DEPOSITORY TRUST COMPANY, and CEDE AND COMPANY,**<br><br>Defendants. | **RULING & ORDER DENYING PLAINTIFFS' SHORT FORM DISCOVERY MOTION**<br><br>Case No. 2:22-cv-00591<br><br>United States District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Dustin B. Pead |

This matter is referred to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Currently before the court is Plaintiff Robert Ryan Johnson, Whitehall Trust and Tropical II Ventures Limited's (collectively "Plaintiffs") Short Form Discovery Motion ("Motion") to Compel Defendant Standard Registrar & Transfer Company ("Standard Registrar"), The Depository Trust Company ("Depository Trust") and Cede and Company ("Cede") (collectively "Defendants") to respond to Plaintiffs' Request for Production 8, Request for Production 21 and Request for Production 22 (referred to as "disputed discovery matters").[2]

---

[1] ECF No. 13, Order Referring Case.

[2] ECF No. 81, Plaintiffs' Short Form Discovery Motion.

## DISPUTES

This discovery dispute is framed by conflicting interpretations and an absence of meaningful communication between the parties. First, Plaintiffs certify they met and conferred with Defendants to address the disputed discovery matters on January 22 and January 23, 2025.[3] However, while Defendants agree they spoke with Plaintiffs on January 23 to discuss the existence of a formal agreement between Standard Registrar and Depository Trust (i.e. Request for Production 22), Defendants indicate Plaintiffs did not raise concerns about any other disputed discovery matters at that time.

Next, Plaintiffs assert Standard Registrar "has produced only 5 pages documenting transfers of approximately 3 % of the shares."[4] Defendants, on the other hand, contend Standard Register has produced "nearly 600 documents in this case, not 5."[5]

Finally, and perhaps the issue at the crux of this Motion, is Plaintiffs' claim that Defendants have not provided any written contracts between the individual Defendants.[6] Plaintiffs reason because no contracts were provided, Defendants must be improperly withholding information. Defendants counter they "have no other documents to produce" and argue they do "not have a copy of any formal agreement" between Standard Registrar and Depository Trust.

---

[3] ECF No. 81 at 4.

[4] *Id.* at 3.

[5] ECF No. 83 at 2.

[6] ECF No. 81 at 3.

**RULING & ORDER**

Given the divergent viewpoints, sending the case back to the parties for more fulsome compliance with Rule 37-1 seems unproductive.[7] That said, the court cannot order the production of documents that Defendants assert do not exist. Under these circumstances, it is this court's practice to request Defendants to file a Declaration indicating they do not have, within their possession, custody or control, any documents responsive to Plaintiffs' disputed discovery matters.[8] Accordingly, the court ORDERS as follows:

Plaintiffs' Motion for Short Form Discovery is **DENIED**.[9]

No later than **March 21, 2025**, Defendants' shall file a Declaration on the court docket indicating they do not have in their possession, custody or control, any documents that are responsive to Plaintiffs' disputed discovery requests.

---

[7] DUCivR 37-1. Local Rule 37-1 governs short form discovery disputes and requires the parties to make "reasonable efforts to resolve a discovery dispute . . . before seeking court assistance . . . At a minimum, reasonable efforts must include a prompt written communication sent to the opposing party:

  (A) identifying the discovery disclosure or request at issue, the response, and specifying why the response or objection is inadequate; and

  (B) requesting to meet and confer, either in person or by telephone, and include suggested dates and times . . . Importantly, any motion filed must "include a certification that states (i) the parties made reasonable efforts to reach agreement on the disputed matters; (ii) the date, time, and method of the reasonable efforts; and (iii) the names of all participating parties or attorneys".

[8] The parties are reminded of their continuing obligation of supplementation with respect to the discovery of documents responsive to a party's existing discovery requests. *See* Fed. R. Civ. P. 26(e).

[9] ECF No. 81.

Dated this 11th day of March 2025.

                                          BY THE COURT:

                                          _____

                                          Dustin B. Pead
                                          U.S. District Magistrate Judge