IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT RYAN JOHNSON, as executor and representative of the Estate of Terrence Blair Hunter, et al.,<br><br>Plaintiffs,<br>v.<br><br>STANDARD REGISTRAR AND TRANSFER, *a Utah corporation*, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER:**<br><br>**FINDING MOOT DEFENDANTS' MOTION TO DISMISS, AND**<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**<br><br>Case No. 2:22-cv-00591-AMA-DBP<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Dustin B. Pead |

This matter is presently before the Court on Defendants The Depository Trust Company ("DTC") and Cede & Co.'s ("Cede") Motion to Dismiss ("Motion").[1] The Motion is fully briefed.[2] The Court did not hear oral argument. For the reasons set forth below, the Court finds DTC and Cede's Motion is moot because Plaintiffs have not alleged facts sufficient to establish this Court enjoys subject-matter jurisdiction over this matter. Accordingly, the Court will order Plaintiffs to show cause why this action should not be dismissed for lack of subject-matter jurisdiction.

---

[1] *See* ECF No. 75.
[2] *See* ECF Nos. 80 & 82.

## BACKGROUND

The First Amended Complaint contains the following allegations regarding the parties in this matter:

- Plaintiff Johnson is [a] Canadian citizen who resides in Vancouver, British Columbia, Canada. Plaintiff is the executor of the Estate.
- Plaintiff Whitehall is a Bahamian private trust company. Hunter was the beneficiary of and established the Whitehall.
- Plaintiff Tropical is a Bahamian corporation or similar business entity.
- SRTC [Standard Register and Transfer] is a transfer agent and a Utah corporation based in Salt Lake City, Utah.
- DTC is a registrar of the subject shares and a foreign corporation based in New York, New York.
- Cede processes transactions for DTC and/or is a registrar of the subject shares and is a New York partnership based in New York, New York.
  . . .
- Johnson is domiciled in British Columbia, Canada.
- The Estate of Terrence Hunter is, for purposes of federal actions, domiciled in Mexico where Hunter was a resident when he died.
- SRTC is incorporated in Utah and has its principal place of business in Salt Lake County, Utah.
- DTC is a foreign corporation and has its principal place of business in New York, New York.
- Cede is a foreign partnership and has its principal place of business in New York, New York.[3]

## DISCUSSION

As courts of limited jurisdiction, federal district courts have a responsibility to ensure they have subject-matter jurisdiction in every case. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see, e.g., Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992) (noting the Tenth Circuit's "responsibility to ensure even sua sponte that [court] ha[s] subject matter jurisdiction before

---

[3] First Amd. Compl. ¶¶ 3–9, ECF No. 31.

considering a case"). Plaintiffs allege the Court enjoys diversity jurisdiction in this matter, in which Plaintiffs allege exclusively state-law causes of action. The Court cannot adequately evaluate whether it might exercise jurisdiction because Plaintiffs have not alleged the facts necessary to make this determination with regard to each individual and corporation relevant to a diversity-jurisdiction analysis. In short, Plaintiffs must disclose whether each relevant individual has United States citizenship and also identify the domicile or citizenship of each relevant individual and corporation at the time this action was initiated. The Court will discuss specific issues that appear relevant below.

I. **While Plaintiffs must allege all facts necessary to establish the existence of diversity jurisdiction, they should pay particular attention to certain issues**

To summarize the deficiencies in the allegations in the First Amended Complaint, Plaintiffs have failed to: specify, as of the date this action was filed, (1) whether any relevant individual had United States citizenship in addition to citizenship or domicile in other countries; (2) whether Whitehall and Tropical are trusts, corporations, or some other form of artificial entity; and (3) allege facts to establish whether each relevant individual (both of the Plaintiff entities and Cede, a partnership) were United States citizens and also their domicile, again at the time the action was filed. The Court will highlight specific issues that appear potentially relevant to Whitehall, Tropical, DTC, and Cede, in the lettered subsections below.

   a. **Whitehall**

Plaintiffs allege, "Whitehall is a Bahamian private trust company." It is unclear from this description exactly what type of entity is before the Court. Assuming this is a "business" trust, bringing suit as an entity, its citizenship is determined by examining the citizenship of its "members," which includes all individuals holding a beneficial interest. *See Americold Realty*

*Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 382 (2016). If it is a traditional trust, the trustees' citizenship is relevant. *Id.* at 383. In either event, the factual allegations in the First Amended Complaint lack any indication of the U.S. citizenship of any potentially relevant individual.

    **b. Tropical**

Similar to Whitehall, Plaintiffs must take care to properly identify exactly what type of entity Tropical actually is. Plaintiffs insufficiently allege that Tropical "is a Bahamian corporation or similar business entity."[4] As the Tenth Circuit has explained, "an entity's citizenship for purposes of diversity depends not on the entity's unique features or whether state law makes the entity more like a corporation than an unincorporated association." *Mgmt. Nominees, Inc. v. Alderney Invs., LLC*, 813 F.3d 1321, 1324 (10th Cir. 2016). "Rather, only those entities that are 'corporations, in the *traditional understanding* of that word, will be treated as a person for purposes of diversity jurisdiction.'" *Id.* (italics original). Accordingly, Plaintiffs must respond and identify whether Tropical is a corporation in the traditional understanding of that word or whether it is an unincorporated entity. In either event, Plaintiffs must respond setting forth all facts necessary for the Court to determine Topical's citizenship for diversity purposes, including, if necessary, the citizenship and domicile of any relevant individuals.

    **c. DTC**

Next, Plaintiffs allege DTC is "a foreign corporation and has its principal place of business in New York, New York."[5] "For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located." *Grynberg v. Kinder*

---

[4] First Amd. Compl. ¶ 5.
[5] *Id.* ¶ 9.a.v.

4

*Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).  While Plaintiffs allege DTC's principal place of business, they do not identify its state of incorporation.

**d.  Cede**

Finally, Plaintiffs identify Cede as a partnership but fail to allege any information that might identify, let alone establish the citizenship and domicile of, any of Cede's partners.  As a partnership, Cede's "citizenship is determined by the citizenship of each of its partners, both general and limited."  *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, No. 24-8010, 2025 WL 2178059, at *3 (10th Cir. Aug. 1, 2025) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)).  Further, Plaintiffs are reminded that "if any member of an unincorporated entity is itself an unincorporated entity, then the plaintiff must identify that unincorporated entity's members and those members' citizenship, tracing through however many layers necessary to reach either a corporation or a natural person."  *ADA Carbon Sols.* at *1.  Again, as to Cede, Plaintiffs must respond setting forth all facts necessary for the Court to identify all partners of Cede and determine their citizenship and domicile for diversity purposes.

## ORDER

Based on the foregoing, it is hereby:

ORDERED that DTC and Cede's Motion to Dismiss (ECF No. 75) is MOOT because Plaintiffs' claims in the First Amended Complaint do not indicate the Court enjoys subject-matter jurisdiction over this dispute; and

FURTHER ORDERED that Plaintiffs respond to the Court within 14 days: (1) identifying each individual and corporation relevant to diversity jurisdiction, (2) disclosing whether each relevant individual has United States citizenship, and (3) disclosing the domicile or

citizenship of each relevant individual and corporation at the time this action was initiated.

Failure to adequately respond to this order may result in dismissal of this action.

Dated this 4th day of September 2025.

By the Court:

Ann Marie McIff Allen
United States District Judge