IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT RYAN JOHNSON, as executor and representative of the Estate of Terrence Blair Hunter, et al.,<br><br>Plaintiffs,<br>v.<br><br>STANDARD REGISTRAR AND TRANSFER, *a Utah corporation*, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER:**<br><br>**ADDRESSING ORDER TO SHOW CAUSE, AND**<br><br>**DENYING REQUEST FOR RULE 16 CONFERENCE**<br><br>Case No. 2:22-cv-00591-AMA-DBP<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Dustin B. Pead |

This matter is presently before the Court to rule on Plaintiffs' Request for Rule 16 Conference ("Request").[1] The Court will also address an Order to Show Cause the Court previously issued.[2] Defendants The Depository Trust Company ("DTC") and Cede & Co. ("Cede") oppose the Request.[3] Plaintiffs filed a reply.[4] The Court did not hear oral argument. For the reasons set forth below, the Court resolves the order to show cause and denies the Request.

---

[1] ECF No. 113.
[2] ECF No. 104.
[3] *See* ECF No. 114.
[4] *See* ECF Nos. 80 & 82.

## BACKGROUND

On May 24, 2024, Plaintiffs filed their Amended Complaint, which added new Plaintiffs, Whitehall Trust and Tropical II Ventures, Ltd., and new Defendants, Cede and DTC.[5] Plaintiffs' Motion to Amend was unopposed.[6]

On June 7, 2024, Defendant Standard Register and Transfer ("SRTC"), the only Defendant who had been served, filed a motion to dismiss.[7] On July 5, 2024, Plaintiff requested, and received, an extension to respond to the motion to dismiss.[8]

On September 20, 2024, the Court entered an order denying the SRTC motion to dismiss.[9] The same day, the Court issued an Order to Show Cause for Plaintiffs' failure to prosecute, because they had not attempted to serve Defendants Cede and DTC, who had been added to the case in the Amended Complaint.[10]

On September 30, 2024, Plaintiffs requested their deadline to serve be extended for 90 days because they identified a need for assistance from additional counsel, who joined in July 2024, they had been engaging in discussion with SRTC regarding insurance coverage, and they had been discussing "discovery matters" and "case scheduling" with SRTC.[11] The Court

---

[5] ECF No. 31.
[6] *See* ECF No. 29.
[7] ECF No. 32.
[8] ECF Nos. 34. Plaintiff filed two additional motions, both seeking single-day extensions. *See* ECF Nos. 38, 40.
[9] ECF No. 50.
[10] ECF No. 51.
[11] ECF No. 53.

extended the service deadline until October 31, 2024.[12]  October 30, 2024, Plaintiffs filed their executed summonses for Cede and DTC.[13]

After the Court granted a stipulated extension of the deadline for Cede and DTC to respond, those Defendants filed a motion to dismiss on December 13, 2024.[14]  Pursuant to the Court's order on a stipulated motion, briefing was complete on February 28, 2025.[15]

Plaintiffs and SRTC completed briefing on a discovery dispute on March 7, 2025, which the Court disposed of by order on March 11.[16]  The parties moved for clarification on March 17, which the Court provided via orders entered on March 18.[17]

On March 26, 2025, someone purporting to be a party in this case sent an email to the undersigned's chambers, which when described by chambers staff, suggested the communication might constitute an improper ex parte communication.[18]  Rather than review that communication, the Court notified all parties that the communication had been screened by staff, not reviewed by the Court, and that "[i]f any party wishes to bring any matter to the Court's attention, counsel may do so by making an appropriate filing on the public docket."[19]

On April 16 and April 25, 2025, Plaintiffs' attorneys began to withdraw.[20]  Also on April 25, Plaintiff Robert Ryan Johnson and Plaintiffs' counsel jointly filed a document styled as a

---

[12] ECF No. 54.
[13] ECF Nos. 61–60.
[14] ECF No. 75; *see* ECF No. 67.
[15] ECF No. 82; *see* ECF No. 79.
[16] *See* ECF Nos. 81, 83, 84.
[17] ECF Nos. 85–87.
[18] *See* ECF No. 90.
[19] *Id.*
[20] ECF Nos. 90–92.

"Notice of Limited Appearance Pro Se."[21]  The Court converted that filing to a motion to withdraw, and held a hearing on that motion on May 30, 2025.[22]  After discussing with counsel, the Court denied the motion without prejudice and reinstated counsel who had withdrawn inadvertently.[23]

On June 19, 2025, Cede and DTC moved to stay discovery pending resolution of their motion to dismiss, which motion was granted on June 30.[24]  On July 17, 2025, Plaintiff moved for leave to file a Supplemental Brief regarding Cede and DTC's pending motion to dismiss.[25]  The Court denied this by docket text order on July 22.[26]

In reviewing the Amended Complaint in the context of DTC and Cede's motion to dismiss, it became apparent that Plaintiffs' factual allegations failed to establish the Court had diversity jurisdiction over the entire dispute set forth in the Amended Complaint.  Consequently, on September 4, 2025, the Court issued an order denying Cede and DTC's pending motion to dismiss as moot and ordering Plaintiffs to supply information related to the citizenship of the parties.[27]  Plaintiffs responded on September 18 and again on October 2.[28]  On October 1, Cede and DTC filed a disclosure pursuant to Rule 7.1, which indicated it had partners in New York, New Jersey, and Florida.[29]  While Cede and DTC's filing was helpful to the jurisdiction

---

[21] ECF No. 93.
[22] *See* ECF Nos. 93, 96.
[23] *Id.*
[24] ECF Nos. 98–100.
[25] ECF No. 101.
[26] ECF No. 103.
[27] ECF No. 104.
[28] ECF Nos. 105, 108.
[29] ECF No. 107.

question, the Court issued an order on October 6 to supplement the disclosure.[30] Cede and DTC timely complied.[31] Plaintiffs then filed a second supplemental response to the Order to Show Cause on October 21, 2025.

On December 19, 2025, Plaintiffs filed the instant Request, seeking a conference pursuant to Rule 16 where the Order to Show Cause "and other matters may be discussed . . . ."[32] Cede and DTC opposed the Request, asking the Court instead to address the merits of their motion to dismiss,[33] which the Court had earlier denied as moot.[34] Finally, on January 7, 2026, Plaintiffs' filed a reply.[35] With this background in mind, the Court turns to its Order to Show Cause and Plaintiffs' Request.

## DISCUSSION

To review, the Court, exercising its independent duty to ensure it has jurisdiction, entered the Order to Show Cause on September 4, 2025, requiring Plaintiff to supply information about the Court's jurisdiction.[36] Responding to Plaintiffs' request to resolve such an order is a delicate matter. The Court has not issued, and has no present intention to issue, a further supplemental order for Plaintiff to provide jurisdictional facts to stave off sua sponte dismissal. Nonetheless, as the "party invoking diversity jurisdiction" Plaintiffs "bear[] the burden of proving its existence by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Accordingly, while the Court makes no further inquiry at this time, it remains Plaintiffs'

---

[30] ECF No. 110.
[31] ECF No. 111.
[32] ECF No. 113.
[33] ECF No. 114.
[34] *See* ECF No. 104.
[35] ECF No. 115.
[36] ECF No. 110.

burden to establish jurisdiction at all stages of this case, which, as the Court previously pointed out, the Amended Complaint fails to do.

Turning to the Request, which largely raises questions about the status of Plaintiffs' Amended Complaint and Cede and DTC's motion to dismiss, Plaintiffs are correct that the Court denied Cede and DTC's motion to dismiss.[37] Yet the Court did so because that Motion was moot given "Plaintiffs have not alleged facts sufficient to establish this Court enjoys subject-matter jurisdiction over this matter."[38] Thus, the primary deficiency in the case is the lack of an adequate complaint on file. Given Plaintiffs' burden to show that the Court enjoys subject-matter jurisdiction, they must now amend their complaint to properly allege facts that demonstrate this Court has subject-matter jurisdiction over this matter.[39] The Court does not seek to impose some technical formality here. Rather, ensuring pleadings properly set forth causes of action (including a basis for the Court's jurisdiction) helps when, as in this case, a new judge is assigned mid-stream.[40] The Court can then rely on a single source for information about the jurisdictional basis, rather than digging around in various filings. *See United States v. Garcia*, 74 F.4th 1073, 1093 n.9 (10th Cir. 2023). It also helps when cases are appealed.

Finally, given this Order clarifies the "status" of this case, the Court declines to hold at a Rule 16 conference at this time. Plaintiffs, the parties seeking relief from the Court, have a responsibility to move their case forward. If they need a new schedule, they might confer with

---

[37] ECF No. 104.
[38] *Id.* at 1.
[39] Plaintiffs are authorized by this order to amend their jurisdictional allegations only. Any further amendment is not permitted absent a separate adequate motion from Plaintiffs. Once a new amended complaint is filed, Defendants must respond, by refiling a motion to dismiss or otherwise, by the response deadline provided in Rule 15(a)(3).
[40] *See* ECF No. 27.

opposing counsel as to a sensible approach. They should direct any request to adjust the previous scheduling order, stipulated or otherwise, to the assigned Magistrate Judge.

## **ORDER**

Based on the foregoing, it is hereby:

ORDERED that the Court's Order to Show Cause is considered RESOLVED (ECF No. 104), although this order should not be construed, in any way, as relieving Plaintiffs of their burden to establish the Court's subject-matter jurisdiction at each stage of this proceeding; and

It is FURTHER ORDERED that Plaintiffs' Request for Rule 16 Conference is DENIED (ECF No. 113).

Dated this 24th day of February 2026.

By the Court:

Ann Marie McIff Allen
United States District Judge