IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT RYAN JOHNSON, *as Executor and Representative of the Estate of Terrence Blair Hunter*, et al.,<br><br>    Plaintiffs,<br>  v.<br><br>STANDARD REGISTRAR AND TRANSFER, *a Utah corporation*, et al.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Case No. 2:22-cv-00591-AMA-DBP<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Dustin B. Pead |

This matter is presently before the Court sua sponte to dismiss for lack of subject-matter jurisdiction or, in the alternative, failure to prosecute. As previously noted by the Court, Plaintiffs have not alleged facts in the Amended Complaint that are sufficient to establish that this Court enjoys subject-matter jurisdiction over this matter.[1] Although the parties provided some additional information in an attempt to rectify that deficiency, Plaintiffs did not amend their pleadings, despite the Court inviting amendment.[2] Likewise, Plaintiffs have not otherwise offered evidence that diversity jurisdiction exists in this matter. This failure is compounded by Plaintiffs' decision to terminate their relationship with prior counsel. Despite an order to obtain new counsel or face dismissal–and the Court providing additional extensions of the deadline to obtain counsel–Plaintiffs, all artificial entities, have not obtained new counsel to represent them. Accordingly, this matter will be dismissed for the reasons set forth in the Court's prior orders

---

[1] ECF No. 104.
[2] *See* ECF No. 116.

regarding subject-matter jurisdiction and the need for counsel, and the additional reasons stated below.

## BACKGROUND

The details of this case have been set forth extensively in other orders and will not be belabored here.  This action is brought by the Estate of Terrance Blair Hunter,[3] Tropical II Ventures Ltd. ("Tropical"), "a Bahamian corporation or similar business entity,"[4] and Whitehall Trust ("Whitehall"), "a Bahamian private trust company."[5]  The allegations center on allegedly unauthorized transfers of stock of a company called Rainforest Resources, which stock was owned by some combination of Mr. Hunter, Tropical, and Whitehall. The transfers at issue occurred on various dates spanning the years from 2016 until 2019.

## DISCUSSION

For the reasons set forth below, the Court will dismiss this action without prejudice.

I. **The deficiencies in Plaintiffs' factual allegations regarding diversity jurisdiction remain, including those related to the composition and membership of Whitehall and Tropical**

Plaintiffs have not pled or proved facts sufficient to establish the existence of diversity jurisdiction.  As the Court earlier noted,[6] as the "party invoking diversity jurisdiction" Plaintiffs "bear[] the burden of proving its existence by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).  And "the primary deficiency in th[is] case is

---

[3] Amd. Compl. at 1, ECF No. 31.  Mr. Hunter allegedly passed away on September 3, 2019, following a years-long illness.

[4] *Id.* ¶ 5.

[5] *Id.* ¶ 4.  Whitehall's trustee has apparently declined to participate in this action.  *See id.* ¶ 42.

[6] *See* ECF No. 116 at 5.

the lack of an adequate complaint on file."[7]  To date, Plaintiffs have not provided sufficient factual material, by factual allegation in a complaint, or otherwise, to show that the Court enjoys diversity jurisdiction over this matter.  The outstanding deficiencies include failure to identify what type of entities are Whitehall and Tropical, and the failure to set forth the facts necessary to evaluate the citizenship of such entities.

Although various conclusory statements have been made about Whitehall being a "non-business trust,"[8] there has been no factual allegation or other discussion of the legally relevant features of that trust.[9]  *See Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 382 (2016).  Similarly, although Plaintiff suggests that Tropical is a "Bahamian limited company"[10] that should be treated as a traditional corporation, the allegations are equivocal, referring to it as a "corporation or similar business entity."[11]  While corporations and limited liability companies (and other artificial entities) might be similar in many respects, the method for determining the citizenship of corporations varies considerably from the manner for determining the citizenship of other artificial entities.  *Compare Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located."), *with ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1300 (10th Cir. 2025) (an "unincorporated entity takes the citizenship of all its members" and "if any member of an

---

[7] ECF No. 115 at 6.

[8] ECF No. 105 at 2.

[9] Likewise, Plaintiffs have been reticent to explain the reasons why "[d]espite being notified of the unauthorized transfers of shares of Whitehall, [Whitehall's trustee] has declined to pursue a claim at this time."  Amd. Compl. ¶ 41; *see id.* ¶ 40.

[10] ECF No. 105 at 2–3.

[11] Amd. Compl. ¶ 5.

3

unincorporated entity is itself an unincorporated entity, then the plaintiff must identify that unincorporated entity's members and those members' citizenship, tracing through however many layers necessary to reach either a corporation or a natural person."). Whether Tropical is a true corporation or some other artificial entity, the Amended Complaint does not allege the facts necessary to evaluate its citizenship, such as Tropical's principal place of business or the citizenship of its members.

Given these open questions about Whitehall and Tropical, Plaintiffs have failed to establish that the Court enjoys diversity jurisdiction over this matter. Additionally, as discussed below, Plaintiffs are now without counsel who might be able to help them correct these deficiencies.

## II. As previously indicated, the Plaintiffs, who are entities, may not proceed without counsel

As noted in the Court's earlier "Order on Motions to Withdraw Plaintiffs' Counsel,"[12] the entity Plaintiffs may not proceed without counsel. To review the applicable law, the Court's local rules state, in pertinent part: "A corporation, partnership, or other artificial entity must be represented by an attorney who is admitted under DUCivR 83-1.1." D.U. Civ. R. 83-1.3(c)(2). This reflects the Supreme Court's statement that "the law for the better part of two centuries," has required "that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993); *see also Osborn v. Bank of U.S.*, 22 U.S. 738, 830 (1824) ("A corporation . . . can appear only by attorney"). Further, "the rationale for that rule applies equally to all artificial entities."

---

[12] ECF No. 126.

*Rowland* at 202.  When a trustee attempted to represent a trust the District of Wyoming, that court noted, "courts have uniformly held that a non-attorney trustee may not represent a trust in federal court." *United States v. Lain*, No. 17-CV-113, 2018 WL 8244912, at *2 (D. Wyo. Dec. 28, 2018).  Likewise, the Eleventh Circuit has held, in an unpublished case, that "a non-lawyer administrator c[an]not proceed *pro se* on behalf of an estate." *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 929 (11th Cir. 2012).  Here, no attorney has filed a notice of appearance on behalf of any of the entity Plaintiffs despite the Court's April 20, 2026 order for the entities to obtain counsel.[13]  The Court also entered an order sua sponte on June 25, which stayed the case an additional 21 days to allow Plaintiffs "a final opportunity to obtain counsel as outlined in the Court's prior order."[14]  That order expressly warned that a failure to obtain counsel could lead to sanctions, "including dismissal."[15]  Finally, on July 16, 2026, Mr. Johnson filed a request for additional time for the entities to obtain counsel.[16]  The Court noted that Plaintiffs had already been allowed nearly three months to obtain counsel, but nonetheless granted the extension.[17]  At the same time, the Court also warned Plaintiffs that "if counsel does not appear by July 30, this matter may be dismissed without further notice from the Court."[18]  No counsel has appeared on behalf of any of the Plaintiffs.  Accordingly, Plaintiffs are now unable to proceed and, consequently, unable to comply with the Court's earlier orders requiring them to allege or

---

[13] *See* ECF No. 126.
[14] ECF No. 136.
[15] *Id.*
[16] ECF No. 137.
[17] ECF No. 139.
[18] *Id.*

establish facts necessary to support diversity jurisdiction.  As a result, this action will be dismissed.

### III.   Mr. Johnson asserts no claims in his personal capacity and may not represent the entity Plaintiffs

Mr. Johnson has since made a request for counsel to be appointed to him pursuant to 28 U.S.C. § 1915, as a "natural person."[19]  Yet, according to the Complaint, Mr. Johnson does not assert any personal interest in the shares at issue in this case because those shares were owned by Mr. Hunter, Whitehall, and Tropical at the time of challenged transfers.[20]  Consequently, he has made no claim in this case in his individual capacity as a natural person.  Thus, his request for counsel to represent him in that capacity is moot because all Plaintiffs in this matter are entities.

### a.   Even assuming Mr. Johnson's request for counsel is not moot, the Court would deny it on the merits

While defendants in criminal cases have a constitutional right to representation by an attorney, *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44, "[t]here is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Appointment of counsel in civil cases is left to the court's discretion. *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).  As Mr. Johnson indicates, indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request an attorney to represent any person unable to afford counsel."  The applicant has the burden to convince the court his claim has enough merit to warrant the appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).  When deciding whether to appoint counsel, the

---

[19] ECF No. 141 at 3.

[20] Mr. Hunter allegedly died on September 3, 2019.  Amd. Compl. ¶ 17.

court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

Considering these factors, the Court finds appointment of counsel is unwarranted here. First, Mr. Johnson does not address, let alone establish, the merits of any claim he might have in his individual capacity. Rather, his motion appears to be an improper attempt to obtain counsel for the entity Plaintiffs. Mr. Johnson asserts that he "does not ask the Court to appoint counsel for the entity co-plaintiffs."[21] Yet he asserts that "counsel appointed to represent M[r. Johnson] would be well positioned, once engaged, to undertake the representation of the entity coplaintiffs as well."[22] Mr. Johnson may not bootstrap the merits of his individual claims to those of the entity Plaintiffs.[23] Nor may he use § 1915 to obtain counsel for the entity Plaintiffs. Next, Mr. Johnson points to various other matters in which he asserts he has acted as whistleblower or provided "tips" to the U.S. Securities and Exchange Commission.[24] These other matters have no bearing on the merits of this action.

Next, as to the factual and legal nature of the claims and Mr. Johnson's ability, Mr. Johnson has demonstrated an adequate ability to convey his individual position to the Court. He has marshalled facts and pointed to appropriate authority in various filings. Thus, the nature of this matter and Mr. Johnson's ability do not warrant the appointment of counsel here. While all

---

[21] ECF No. 141 at 3.
[22] *Id.*
[23] *See id.* at 4 (referring to the Court declining to dismiss the entity Plaintiffs' claims).
[24] *See id.* at 4–5.

federal litigation, including this matter, involves a degree of complexity, appointment of counsel in civil matters is far from routine and Mr. Johnson has not offered sufficient justification here.

### b. Mr. Johnson cannot represent the entity Plaintiffs

Mr. Johnson has previously suggested that other jurisdictions have allowed the sole beneficiary of an estate with no creditors to represent the estate.[25]  The Court need not consider whether it might adopt this rule for two reasons.  First, Mr. Johnson has offered no evidence that the estate lacks creditors.  Rather, he offers only documents indicating he was appointed as executor or personal representative of the estate.[26]  Second, the pleadings in the Amended Complaint, and the documents appended to that pleading, indicate that both Whitehall Trust and Tropical II Ventures Ltd. had an interest in the shares at issue in this case.[27]  Even assuming Mr. Johnson could persuade this Court to allow him to represent the estate, he offers no authority that might allow him to represent the other entities.  While Mr. Johnson claims he is a beneficiary of Whitehall, he offers no legal basis on which he might represent that entity.[28]  Likewise, Mr. Johnson does not offer any basis on which he might represent the interests of Plaintiff Tropical.[29]  These entities' citizenship, for diversity purposes, has not been identified.  Without counsel, there is no way for them to communicate information about their citizenship to the Court.[30]

---

[25] *See* ECF No. 125.

[26] *See, e.g.*, ECF No. 2, Ex. B, C, & D.

[27] *See* Amd. Compl. ¶¶ 1–2.

[28] The Amended Complaint alleges that someone other than Mr. Johnson is the trustee of Whitehall and that trustee has declined to pursue any claims.  Specifically, the Amended Complaint alleges that, "[d]espite being notified of the unauthorized transfers of shares of Whitehall, [Whitehall's trustee] has declined to pursue a claim at this time."  Amd. Compl. ¶ 41; *see id.* ¶ 40.

[29] *See* ECF No. 133 at 5.

[30] This is not to mention the difficulties posed by these entities asserting potentially competing claims to the subject shares.

Accordingly, this matter must be dismissed without prejudice for lack of subject-matter jurisdiction.

### **ORDER**

Based on the foregoing, the Court,

FINDS MOOT Mr. Johnsons' Expedited Motion to Hold the ECF No. 136 Deadline in Abeyance Pending Ruling on Motion for Appointment of Pro Bono Counsel;

FINDS MOOT Mr. Johnson's Motion for Appointment of Pro Bono Counsel; and

DISMISSES this action without prejudice.  Let judgment be entered accordingly.

Dated this 31st day of July 2026.

By the Court:

Ann Marie McIff Allen
United States District Judge

9